IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHAWN BEARDSLEY,

    Defendant.

## ORDER OF DETENTION

    This matter was before the Court for arraignment, discovery and detention hearing on June 11, 2014.  Assistant United States Attorney Zachary Phillips represented the government, and Elisa Moran represented the Defendant.  The Defendant did not contest detention.

    The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant at future Court proceedings, and by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of the community, based on the attached findings.

    IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility in or near Denver, Colorado separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 11th day of June, 2014.

                              By the Court:

                              S/Michael E. Hegarty
                              Michael E. Hegarty
                              United States Magistrate Judge

United States v. Shawn Beardsley
Case No. 14-cr-00231-WJM

FINDINGS OF FACT, CONCLUSIONS OF LAW, and
REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)   [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)   the weight of the evidence against the person;

(3)   the history and characteristics of the person, including –

   (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the Court's file, the Pretrial Services Report, and

1

the comments of counsel at the hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Indictment which has issued in this case charges Defendant with violations of 21 U.S.C. §§ 846; 841(a)(1); 841(b)(i)(B)(ii)(II); 841(b)(1)(B)(iii); 841(b)(1)(C); 843(b); and 843(d), to wit: Knowingly and intentionally conspiring to possess with intent to distribute, and possession with intent to distribute, various amounts of cocaine, cocaine base, heroin, and methamphetamine, as well as use of interstate communications to facilitate a drug crime. The rebuttable presumption of detention applies here.

Second, I note that in light of the Indictment in this case, probable cause exists to sustain the charges identified against Defendant.

Third, Defendant presents a risk of nonappearance because (1) he is actively addicted to methamphetamine as his last reported use was on June 5, 2014; (2) the Defendant has three felony and nine misdemeanor convictions, as well as at least one pending felony and one pending misdemeanor case; (3) the Defendant has used nine aliases, one alias DOB, and five alias SSNs; (4) the Defendant has failed to appear for court on at least 26 occasions; (5) the Defendant reported that he was self-employed, as a subcontractor, from 2005 until approximately four months ago; (6) the Defendant has a pending felony charge in Arapahoe County District Court Case No. 12CR1481 and a pending misdemeanor charge in Arapahoe County Court Case No. 14T4260; and (7) a methamphetamine lab was found at the residence at which the Defendant has been residing for the past seven years. The Defendant's mother indicated that the Defendant would not be able to reside at her residence or her mother's residence. The probation officer was unable to reach the Defendant's girlfriend to determine if he could reside with her and their child.

Fourth, Defendant presents a risk to the community because (1) the Defendant has three adult felony convictions and nine adult misdemeanor convictions; (2) the Defendant is actively addicted to methamphetamine; (3) the Defendant has three felony convictions, all of which involved possession of illicit substances; (4) at the time the Defendant was arrested, he was actively addicted to methamphetamine. Shortly before his arrest, an individual left the defendant's residence with 2.4 pounds of methamphetamine. At the time of his arrest, firearms and a methamphetamine lab were located in the defendant's residence while he was residing there with his roommate, fiancé, and eight month old daughter; and (5) the Defendant has multiple convictions for possession of illicit substances and for driving while ability impaired.

As a result, after considering all of these factors, I cannot find that the presumption of detention has been overcome and, therefore, conclude there is a preponderance of the evidence that no condition or combination of conditions for release will reasonably assure the Defendant's appearance for future Court proceedings, and clear and convincing evidence that no condition or combination of conditions for release will reasonably assure safety of the community.