IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

TRAVIS EDWARDS,

      Defendant.

---

## ORDER OF DETENTION

---

This matter was before the Court for arraignment, discovery and detention hearing on June 11, 2014.  Assistant United States Attorney Zachary Phillips represented the government, and Forrest Lewis represented the Defendant.  The Defendant did not contest detention.

The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant at future Court proceedings, and by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of the community, based on the attached findings.

IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility in or near Denver, Colorado separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 11th day of June, 2014.

By the Court:

 S/Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

United States v. Travis Edwards
Case No. 14-cr-00231-WJM

FINDINGS OF FACT, CONCLUSIONS OF LAW, and
REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)     [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

        (A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)     whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the Court's file, the Pretrial Services Report, and

1

the comments of counsel at the hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Indictment which has issued in this case charges Defendant with violations of 21 U.S.C. §§ 846; 841(a)(1); 841(b)(i)(B)(ii)(II); 841(b)(1)(B)(iii); 841(b)(1)(C); 843(b); and 843(d), to wit: Knowingly and intentionally conspiring to possess with intent to distribute, and possession with intent to distribute, various amounts of cocaine, cocaine base, heroin, and methamphetamine, as well as use of interstate communications to facilitate a drug crime.  The rebuttable presumption of detention applies here.

Second, I note that in light of the Indictment in this case, probable cause exists to sustain the charges identified against Defendant.

Third, Defendant presents a risk of nonappearance because (1) the Defendant was on supervised release, United States District Court, District of Colorado, Case No. 95CR00184, when he was arrested for Theft From Person and Theft $300-$750. The Defendant also currently on state probation in Denver District Court, Case No. 12CR2075, and on bond in Adams County District Court, Case No. 13CR3560; (2) the Defendant failed to comply with supervised release, United States District Court, District of Colorado, Case No. 95CR00184, and was unsuccessfully terminated on October 17, 2013. The Defendant is currently on state probation in Denver District Court, Case No. 12CR2075, and on bond in Adams County District Court, Case No. 13CR3560; (3) the Defendant has a pending charge for Felony Menacing - Real/Simulated Weapon, and Assault 3, Adams County Court, Case No. 13CR3560; and (4) the Defendant has one misdemeanor convictions and six felony convictions.

Fourth, Defendant presents a risk to the community because (1) the nature of the alleged instance offenses; (2) the Defendant has prior arrests for Robbery, Murder, and Assault; (3) the Defendant failed to comply with supervised release, United States District Court, District of Colorado, Case No. 95CR00184, and was unsuccessfully terminated on October 17, 2013. The defendant is currently on state probation in Denver District Court, Case No. 12CR2075, and on bond in Adams County District Court, Case No. 13CR3560; (4) the Defendant was on supervised release, United States District Court, District of Colorado, Case No. 95CR00184, when he was arrested for Theft From Person and Theft $300-$750. The Defendant is currently on state probation in Denver District Court, Case No. 12CR2075, and on bond in Adams County District Court, Case No. 13CR3560; (5) the Defendant has a pending charge for Felony Menacing - Real/Simulated Weapon, Adams County Court, Case No. 13CR3560; (6) the Defendant has four prior arrests, which includes three convictions for illicit drug charges; (7) the Defendant has a Mandatory Protection Order was granted with an expiration date of December 19, 2015; and (8) the Defendant has one misdemeanor conviction and six felony convictions.

As a result, after considering all of these factors, I cannot find that the presumption of detention has been overcome and, therefore, conclude there is a preponderance of the evidence that no condition or combination of conditions for release will reasonably assure the Defendant's appearance for future Court proceedings, and clear and convincing evidence that no condition or

2

combination of conditions for release will reasonably assure safety of the community.