IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROBERT PAINTER,

      Defendant.

## ORDER OF DETENTION

      This matter was before the Court for arraignment, discovery and detention hearing on June 11, 2014.  Assistant United States Attorney Zachary Phillips represented the government, and Patrick Burke represented the Defendant.  The Defendant did not contest detention.

      The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant at future Court proceedings, and by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of the community, based on the attached findings.

      IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility in or near Denver, Colorado separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

      IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

      IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 11th day of June, 2014.

                                                          By the Court:

                                                          S/Michael E. Hegarty
                                                          Michael E. Hegarty
                                                          United States Magistrate Judge

United States v. Robert Painter
Case No. 14-cr-00231-WJM

## FINDINGS OF FACT, CONCLUSIONS OF LAW, and REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

 (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

 (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the Court's file, the Pretrial Services Report, and

the comments of counsel at the hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Indictment which has issued in this case charges Defendant with violations of 21 U.S.C. §§ 846; 841(a)(1); 841(b)(i)(B)(ii)(II); 841(b)(1)(B)(iii); 841(b)(1)(C); 843(b); 843(d); 860; and 18 U.S.C. § 2, to wit: Knowingly and intentionally conspiring to possess with intent to distribute, and possession with intent to distribute, various amounts of cocaine, cocaine base, heroin, and methamphetamine, as well as use of interstate communications to facilitate a drug crime, and commission of a drug crime in the vicinity of a school. The rebuttable presumption of detention applies here.

Second, I note that in light of the Indictment in this case, probable cause exists to sustain the charges identified against Defendant.

Third, Defendant presents a risk of nonappearance because (1) of the defendant's self-admitted recent illicit drug use; (2) the Defendant has five failures to comply which resulted in revocation of his probation on three occasions; (3) the Defendant has nine failures to appear, five failures to comply, and three failures to pay, which all resulted in the issuance of warrants; (4) records from NCIC reflect that the Defendant has used at least six alias names, three alias dates of birth, and four Social Security numbers; and (5) the Defendant has ten misdemeanor convictions and three felony convictions. This is not a good record of compliance with court orders, particularly when a presumption of detention exists.

Fourth, Defendant presents a risk to the community because (1) of the nature of the alleged instance offenses; (2) of the Defendant's self-admitted recent illicit drug use; (3) the defendant has two arrests for Battery-Domestic Violence, Las Vegas Justice Court, Case No. C245785A, and Assault, General Sessions Division of Denver County Court, Case No. 12GS918973; (4) the Defendant has an arrest for Battery-Domestic Violence, Las Vegas Justice Court, Case No. C245785A; (5) the Defendant has four prior arrests, which include two convictions involving drugs; (6) the Defendant has a prior arrest for Carrying a Prohibited Weapon; and (7) the Defendant has ten misdemeanor convictions and three felony convictions. Although the worst of these convictions occurred in the more distant past, this is too significant a criminal record to overcome the presumption of detention in this case.

As a result, after considering all of these factors, I cannot find that the presumption of detention has been overcome and, therefore, conclude there is a preponderance of the evidence that no condition or combination of conditions for release will reasonably assure the Defendant's appearance for future Court proceedings, and clear and convincing evidence that no condition or combination of conditions for release will reasonably assure safety of the community.