IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SIMEON RAMIREZ,

    Defendant.

---

## ORDER OF DETENTION

---

    This matter was before the Court for arraignment, discovery and detention hearing on June 11, 2014.  Assistant United States Attorney Zachary Phillips represented the government, and Philip Ogden represented the Defendant.  The Defendant contested detention.

    The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant at future Court proceedings, and by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of the community, based on the attached findings.

    IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility in or near Denver, Colorado separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 11th day of June, 2014.

By the Court:

S/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

United States v. Simeon Ramirez
Case No. 14-cr-00231-WJM

FINDINGS OF FACT, CONCLUSIONS OF LAW, and
REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the Court's file, the Pretrial Services Report, and

1

the comments of counsel at the hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Indictment which has issued in this case charges Defendant with violations of 21 U.S.C. §§ 846; 841(a)(1); 841(b)(1)(B)(ii)(II); 841(b)(1)(B)(iii); 841(b)(1)(C); 843(b); 843(d); 860; and 18 U.S.C. § 2, to wit: Knowingly and intentionally conspiring to possess with intent to distribute, and possession with intent to distribute, various amounts of cocaine, cocaine base, heroin, and methamphetamine, as well as use of interstate communications to facilitate a drug crime, and drug activity in the vicinity of a school.  The rebuttable presumption of detention applies here.

Second, I note that in light of the Indictment in this case, probable cause exists to sustain the charges identified against Defendant.

Third, Defendant presents a risk of nonappearance because (1) the Defendant self-reported being a daily marijuana user; (2) Denver Police Department records reflect the Defendant has used at least two alias names; (3) the Defendant has one failure to pay, and four failures to appear, which resulted in the issuance of a warrant; (4) the Defendant's deferred sentence was revoked in El Paso County Court Case No. 1995T475; (5) JABS records reflect that the Defendant was born in Mexico and is a citizen of that country; (6) the Defendant has sustained convictions for: Refused Order of Officer, False Information, and False Reporting to Authorities (misdemeanor); (7) Denver District Court Case No. 1995CR5030 reflects the Defendant was deported on March 12, 1997; and (8) BICE has lodged a detainer against the Defendant. Defendant is facing a potential lifetime exclusion from the United States and would have great incentive to avoid prosecution to stay with his wife and four children.

Fourth, Defendant presents a risk to the community because (1) the Defendant is charged in a multi-count drug conspiracy; (2) the Defendant has sustained a prior felony conviction in Denver District Court Case No. 1995CR 5030 for Possession/Sale of Schedule I or II Controlled Substance and Manufacture/Distribution/ Sale of Marihuana; (3) the Defendant self-reported being a daily marijuana user; and (4) the Defendant's deferred sentence was revoked in El Paso County Court Case No. 1995T475.  In my opinion, Defendant's prior criminal history is too significant to overcome the presumption of detention.  Moreover, he has committed some of these crimes while having to legal right to even be present in the United States.

As a result, after considering all of these factors, I cannot find that the presumption of detention has been overcome and, therefore, conclude there is a preponderance of the evidence that no condition or combination of conditions for release will reasonably assure the Defendant's appearance for future Court proceedings, and clear and convincing evidence that no condition or combination of conditions for release will reasonably assure safety of the community.