IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 14-CR-00231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONDRAI FISHER,
a/ka/ Abudul Halim Aswad Ali,
a/k/a Don Blas,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on June 16, 2014. The court has taken judicial notice of the court's file and the pretrial services report.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case.  In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report

and the entire court file, and have considered the proffer submitted by defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment as follows:

**COUNT ONE** – Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii)(II), 841(b)(1)(B)(iii), 841(b)(1)(C), and 846: On or about and between June 1, 2013, and June 4, 2014, both dates being approximate and inclusive, did knowingly and intentionally conspire to distribute and possess with the intent to distribute, one or more of the following controlled substances: (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base; (3) less than 100 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance; (4) less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance.

**COUNT FORTY-ONE:** Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2 – On or about January 28, 2014, did knowingly and intentionally distribute and possess with the intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**COUNTS FORTY-TWO AND FORTY-THREE:** Title 21, United States Code, Sections 843(b) and 843(d) – did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

**Notice of Forfeiture**

Second, I find that Defendant possesses a valid Colorado driver's license. Defendant has used two alias names in the past.  Defendant has suffered four prior failures to appear resulting in a warrants being issued.

Third, Defendant has suffered a convictions for Theft (misdemeanor), False Information, Criminal Attempt to Distribute a Controlled Substance Schedule II (felony), DUS, DUR (twice convicted), Operating Vehicle Without Insurance, Possession of Marijuana (misdemeanor) and Careless Driving.  Defendant was previously placed on deferred judgment and sentences for Unlawful Possession of a Controlled Substance Schedule II (felony) and Habitual Offender Driving on Revoked License.  Defendant has traveled outside of the United States to St. Thomas, Virgin Islands on two separate occasions and to Ghana, Africa.  His last trip to St. Thomas was in July 2013.  Defendant reported no significant assets.  Defendant has self-reported use of marijuana a month ago.  In addition, Defendant self-reported use of Methamphetamine five months ago and cocaine seven month ago.  Defendant has had his probation revoked once in the past. Defendant is a flight risk.

In light of these facts and the defendant's immigration status, I find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant.  Accordingly, I order that the defendant be detained without bond.

Done this 16th day of June 2014.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge