IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. RICKY GARRISON,
   a/k/a "G,"
2. JAMES TILLMON,
   a/k/a "Black,"
   a/k/a "Kevin Garner,"
3. CHRISTOPHER MARTINEZ,
   a/k/a "Little C,"
4. FRANCISCO AGUILAR,
5. SIMEON RAMIREZ,
6. CHRISTOPHER VIGIL,
7. TRAVIS EDWARDS,
8. DONDRAI FISHER,
   a/k/a "Abdul Halim Aswad Ali,"
   a/k/a "Don Blas,"
9. ARCHIE POOLE,
10. LUIS RAMIREZ,
    a/k/a "Julian,"
11. MELVIN TURNER,
    a/k/a "Mellow,"
12. SHAWN BEARDSLEY,
13. SIDNEY TAYLOR,
14. GREGORY WILLIAMS,
15. ROBERT PAINTER, and
16. LATOYA WIMBUSH,

      Defendants.

---

GOVERNMENT MOTION TO DESIGNATE CASE AS COMPLEX
PURSUANT TO 18 U.S.C. § 3161 (h)(7)(B)(ii)

---

NOW COMES THE UNITED STATES OF AMERICA, John F. Walsh, United States Attorney, by Zachary H. Phillips, Assistant United States Attorney, and requests that this Court

hold a hearing to determine whether the above-captioned case should be designated as complex, pursuant to Title 18 U.S.C. § 3161 (h)(7)(B)(ii).

In support of this motion, the Government states the following:

1. The Government asserts that, under 18 U.S.C. § 3161 (h)(7)(B)(ii), the nature of this prosecution would make it unreasonable to expect adequate preparation for pre-trial proceedings and for the trial itself within the time limits established by this statute. The Government's argument is based on the following:

2. This investigation involved approximately 7 months of Title III, Court authorized interceptions of wire communications occurring on 13 different phones. There are an estimated 48,248 call records which will be part of the discovery in this case just stemming from the wiretaps alone.

3. During the course of the investigation, more than 5,500 of those calls were deemed to be pertinent calls involving criminal activity.

4. Because much of the evidence in this indictment arose as a result of the wiretaps, the Defendants will need full discovery of all of this information in order to prepare for pre-trial motions such as the motion to suppress the wiretaps. Clearly, the Defendants will require a substantial amount of time to review the material and to prepare their motions.

5. During the course of the investigation, there were approximately three different stationary pole cameras used. These cameras resulted in the recordings of hundreds and possibly thousands of hours of recordings of surveillance. In addition, there were hundreds of tolls records gathered. All of these means of gathering information generate document production which will be a component of the discovery in this case.

6. Presently the Government is aware that there are 3 partial days of Grand Jury testimony which will be provided as part of discovery.

7. Due to the number of defendants and the vast amount of discovery, including numerous tape recordings of conversations of the Defendants, reports, surveillance logs, and wiretap documents, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by Title 18 United States Code, Section 3161. The indictment charges sixteen of the Defendants with knowingly and intentionally conspiring to distribute and possess with the intent to distribute, one or more of the following controlled substances: (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base; (3) less than 100 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance; and (4) less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance.

8. Additionally, there were search warrants served at six different locations that were executed during the course of the investigation in the State of Colorado, as well as in California. During the execution of these warrants, evidence was seized. The Government further anticipates that there will be pre-trial litigation regarding the admissibility of this evidence.

9. With respect to other pre-trial litigation, the Government would anticipate (1) discovery motions, (2) motions attacking the face of the indictment, (3) motions to suppress the wiretaps, (4) motions to suppress physical evidence, (5) motions to suppress statements,

(6) motions relating to the admissibility of evidence under Rules 404(b), 608, and 609 of the Federal Rules of Criminal Procedure, and (7) motions relating to admissibility of co-conspirator statements.   The Government further believes that the defense will require additional time to adequately investigate these issues, to prepare their motions, and to litigate these motions prior to trial.

      10.     Given the number of defendants, the amount of discovery to be reviewed, and the complexity of the charges, the Government believes that the ends of justice will be served by the Court entering a complex case designation under 18 U.S.C. § 3161(h)(7)(B)(ii) and continuing the 70-day trial deadline to a date acceptable to all parties.   Such a continuance outweighs the best interests of the public and the Defendants in a speedy trial.

      11.     Assistant U.S. Attorney Zachary Phillips has contacted all of the attorneys representing Defendants in this case in the past several days.   All of the attorneys have no objection or take no position at this time regarding this motion.   Two of the Defendants were arrested out of the State and District of Colorado and have yet to appear in court in the District of Colorado.   Two of the Defendants remain at-large and have yet to be arrested.

      Wherefore, the Government respectfully requests that the Court hold a hearing on the Government's Motion for a Complexity Designation and declare the case complex under Title 18, United States Code, Section 3161.

Respectfully submitted this 18th day of June, 2014.

                        JOHN F. WALSH
                        United States Attorney


BY:    *s/Zachary Phillips*
           ZACHARY PHILLIPS
           Assistant United States Attorney
           U.S. Attorney's Office
           1225 17th St., Suite 700
           Denver, CO. 80202
           Telephone (303) 454-0118
           Fax (303) 454-0401
           e-mail:   zachary.phillips@usdoj.gov
           Attorney for the Government

CERTIFICATE OF SERVICE

      I hereby certify that on this 18th day of June, 2014, I electronically filed the foregoing GOVERNMENT MOTION TO DESIGNATE CASE AS COMPLEX PURSUANT TO 18 U.S.C. § 3161 (h)(7)(B)(ii) using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                                *s/Maggie E. Grenvik*
                                                Maggie E. Grenvik
                                                Legal Assistant
                                                U.S. Attorney's Office
                                                1225 17th St., Suite 700
                                                Denver, CO   80202
                                                Telephone:   (303) 454-0100
                                                Fax:   (303) 454-0401
                                                e-mail:   maggie.grenvik@usdoj.gov