IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RICKY GARRISON,
    a/k/a "G,"
2. JAMES TILLMON,
    a/k/a "Black,"
    a/k/a "Kevin Garner,"
3. CHRISTOPHER MARTINEZ,
    a/k/a "Little C,"
4. FRANCISCO AGUILAR,
5. SIMEON RAMIREZ,
6. CHRISTOPHER VIGIL,
7. TRAVIS EDWARDS,
8. DONDRAI FISHER,
    a/k/a "Abdul Halim Aswad Ali,"
    a/k/a "Don Blas,"
9. ARCHIE POOLE,
10. LUIS RAMIREZ,
    a/k/a "Julian,"
11. MELVIN TURNER,
    a/k/a "Mellow,"
12. SHAWN BEARDSLEY,
13. SIDNEY TAYLOR,
14. GREGORY WILLIAMS,
15. ROBERT PAINTER, and
16. LATOYA WIMBUSH,

    Defendants.

---

MOTION FOR PROTECTIVE ORDER REGARDING *JENCKS* ACT MATERIAL
RULE 26.2 AND RULE 16 MATERIAL

---

THE UNITED STATES OF AMERICA, by United States Attorney John F. Walsh, through the undersigned Assistant U.S. Attorney, hereby respectfully enters the Government's

Motion for an order, pursuant to Fed. R. Crim. P. 16(d), Rule 26.2, and the All Writs Act at Title 28 U.S.C. § 1651, protecting 18 U.S.C. § 3500 *Jencks* Act material, Rule 26.2, Rule 49.1, and Rule 16 material disclosed in the above-referenced case from unauthorized circulation, publication and duplication (Motion). As grounds therefor, the Government states and represents to the Court as follows:

1. The Government respectfully asks the Court to take judicial notice of the contents of its own file in this case. Government counsel respectfully advises the Court that the Government has requested to know if the defense attorneys in this case as of today's date oppose the proposed protective order. Ten of the defense attorneys have indicated the proposed order is not opposed at this time, one defense attorney needs time to confer with his client, and at the time of the filing of this motion, two defense attorneys had not yet responded.

2. The Government has developed or acquired, and may in the future develop or acquire, documentary material (the media by means of which *Jencks* Act, Rule 26.2, and Rule 16 material may be disclosed may include electronically formatted audio files, video files, images, documents, and pictures) concerning persons who may be defendants or witnesses, or who may become witnesses in this case. Examples of such material would include photographic records of a person who may become a witness and NCIC records and other records including personal identifying information of one or more persons who may become a witness. *Jencks* Act material would also include some reports detailing the statements of one or more witnesses, potentially including statements or reports of statements reflecting debriefing with law enforcement investigators. Such statements would be subject to disclosure at the time of trial, if the witness(es) concerned were called to testify, pursuant to the *Jencks* Act, at Title 18 U.S.C. § 3500,

and Fed. R. Crim. P. 26.2. *See also United States v. Ruiz*, 536 U.S. 622, 631-32 (2002) (upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial).

3. Although pretrial disclosure of *Jencks* Act material and Rule 26.2 material is not required by Fed. R. Crim. P. 16, the disclosure of some such material before trial may facilitate the resolution of the present case by trial or by plea agreement. In order to expedite the progress of this case, the Government asks the Court for a protective order imposing some limitations on the control of certain documents to serve the purposes of the *Jencks* Act at Title 18 U.S.C. § 3500, Rule 26.2, Rule 1, Rule 49.1, Rule 16 and *Ruiz*. The valid public policy purposes served by the *Jencks* Act include permitting the Government to develop an investigation without the premature disclosure of information concerning the direction of the investigation and the protection of witness information from abuse.

4. The Government is concerned with precluding the unwarranted publication of information about persons assisting law enforcement, to include the possible publication or distribution of a photograph or addresses, dates of birth, or Social Security information concerning a person or persons cooperating with law enforcement by means of the internet or any other means of publication or distribution outside of the official use of material for purposes directly related to the orderly development of this case. The publication of documentary material in the past has been known, upon occasion, to produce an inflammatory reaction among persons involved in a culture of criminal activity. The Government has discovered that "seeing it in writing" may result in a negative and sometimes destructive reaction on the part of certain individuals directed at persons believed to be Government informants, Government witnesses, or persons otherwise cooperating with law enforcement. The unregulated circulation of such documents, files or

3

photographs would not serve the public interest. The general public availability of a photograph, for example, of a person accused of assisting law enforcement may increase the level of risk for such a person by enabling strangers to identify such a person. Similarly, specific personal identifying information normally contained in an NCIC/CCIC report or other records might result in some form of identity theft or some other form of abuse unless the uses of such records are regulated by protective order.

5. In order to reduce the complications that may flow from pretrial disclosure of *Jencks* Act material, Rule 26.2 information, and certain Rule 16 material, the Government respectfully asks the Court for an order limiting the circulation of *Jencks* Act material and Rule 26.2 material or information, such as witness statements or reports of witness statements, and Rule 16 material, including any photographs, video files, audio files and personal identifying information such as NCIC/CCIC reports, dates of birth, home addresses, or Social Security information released before trial by the Government.

6. The Government respectfully asks the Court to limit the use of such material by the defense to pretrial preparations and official judicial proceedings specifically involving the pending criminal case of the above-named Defendants in the United States District Court for the District of Colorado, to include any appeal. The Government does not object to a named Defendant being permitted to read or review the *Jencks* Act, Rule 26.2, and Rule16 material; however, the Government requests that sensitive *Jencks* Act material and Rule 26.2 material, and personal identifying information of witnesses, to include witness statements or reports of debriefings, statements by witnesses or persons assisting law enforcement, and any pictures of such persons, shall remain at all times in the positive control of the Attorneys for the Defendants or a member of

the defense attorney's confidential staff, a professional defense investigator working with the defense attorney, or a confidential assistant employed by the defense attorney. In the event that the Defendants remain in custody of the U.S. Marshal pending the outcome of his case, the Government requests authorization to coordinate with the U.S. Marshal and the defense so that the Defendants may have access to electronically stored information in a read-only format under the control and supervision of the responsible custodial representative of the U.S. Marshal. Such *Jencks* Act material, audio files, video files and photographs of persons should not be entrusted to the exclusive custody and control of the Defendants. Similarly, the Government asks the Court to direct that custody of records showing personal identifying information of witnesses disclosed to the defense, such as any NCIC/CCIC reports relating to witnesses, be maintained in the same way.

7.   It is further requested that, at the conclusion of the case, the described *Jencks* Act material, NCIC/CCIC reports, and any photographs may be properly disposed of or may be returned to the United States Attorney's Office.

8.   The Government believes the defense will understand the basis for the Government's concerns and does not anticipate confusion regarding the status of documents disclosed before trial. The Government proposes that, if the parties cannot agree as to whether some specific document falls within the proposed protective order or should be exempt from the protective order, the Defendants or the Government will bring the issue regarding specific documents to the Court for the Court's further consideration.

Respectfully submitted this 3rd day of July, 2014.

                JOHN F. WALSH
                United States Attorney


BY:   *s/Zachary Phillips*
        ZACHARY PHILLIPS
        Assistant United States Attorney
        U.S. Attorney's Office
        1225 17th St., Suite 700
        Denver, CO. 80202
        Telephone (303) 454-0118
        Fax (303) 454-0401
        e-mail:   zachary.phillips@usdoj.gov
        Attorney for the Government

CERTIFICATE OF SERVICE

      I hereby certify that on this 3rd day of July, 2014, I electronically filed the foregoing MOTION FOR PROTECTIVE ORDER REGARDING *JENCKS* ACT MATERIAL RULE 26.2 AND RULE 16 MATERIAL using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

      *s/Maggie E. Grenvik*
      Maggie E. Grenvik
      Legal Assistant
      U.S. Attorney's Office
      1225 17th St., Suite 700
      Denver, CO   80202
      Telephone:   (303) 454-0100
      Fax:   (303) 454-0401
      e-mail:   maggie.grenvik@usdoj.gov