## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Criminal Action No. 14-cr-0231-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    **RICKY GARRISON,**
2.    **JAMES TILLMON,**
3.    **CHRISTOPHER MARTÍNEZ,**
4.    **FRANCISCO AGUILAR,**
5.    **SIMEON RAMIREZ,**
6.    **CHRISTOPHER VIGIL,**
7.    **TRAVIS EDWARDS,**
8.    **DONDRAI FISHER,**
9.    **ARCHIE POOLE,**
10.   **LOUIS RAMIREZ,**
11.   **MELVIN TURNER,**
12.   **SHAWN BEARDSLEY,**
13.   **SIDNEY TAYLOR**
14.   **GREGORY WILLIAMS,**
15.   **ROBERT PAINTER, and**
16.   **LATOYA WIMBUSH**

      Defendants.

---

## ORDER GRANTING IN PART THE GOVERNMENT'S MOTION
## TO DESIGNATE CASE AS COMPLEX

---

This matter is before the Court on the Government's Unopposed Motion to Designate Case as Complex Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) (the "Motion"). (ECF No. 125.)  The Government's Motion requests a hearing in order to designate this case complex and as a result determine the appropriate number of days that should be excluded from the speedy trial calculations.  For the following reasons, the Motion is

GRANTED IN PART.  That portion of the Government's Motion seeking a hearing is DENIED as the Court FINDS the case complex based on the submitted papers.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings."  *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999).  It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(9).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"  *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> . . . .
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied.  *Hill*, 197 F.3d at 441.  First, the Court must consider the following factors listed in

2

§ 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate

> preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(7)(B)(i)-(iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; *see also* 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441. "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not

retroactive[.]'"  *Id.* (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir. 1989)).

The Government's Motion is unopposed by all of the Defendants except the two Defendants who were arrested out of the State and District of Colorado and have yet to appear in Court.  (*See* ECF No. 125 ¶ 11.)  The Government's Motion describes the various factors that it believes necessitate the complexity determination (*see id.* ¶¶ 2-10), and the Court adopts and incorporates those facts herein.

This case is the result of an Indictment following Court-authorized wire and electronic interceptions on thirteen different telephones over approximately a seven month period of time.  There are more than 48,000 call records, of which approximately 5,500 have been determined to be pertinent calls involving criminal activity.  Due to the length of the investigation resulting in the Indictment, discovery consists of voluminous amounts of data which includes hundreds of recordings of surveillance and toll records, in addition to the call records, all of which will require a substantial amount of defense counsel's time to review and analyze.  Search warrants were executed at six different locations including in the state of California.  During the execution of these warrants evidence was seized and statements were made, and it is anticipated that pre-trial litigation will include a determination of the admissibility of this evidence.

As discovery has only recently begun to be provided to Defendants, defense counsel needs a reasonable amount of additional time to review this voluminous discovery material and prepare for potential pre-trial motions and trial.  Based on the foregoing, the Court finds this case to be complex under 18 U.S.C. § 3161(h)(7)(B)(ii), and therefore GRANTS the Government's Motion and will exclude 210 days from the

4

Speedy Trial Act for these purposes.

The Court relied on the professional experience and judgment of counsel in fashioning a reasonable pretrial scheduling order.  Additionally, the Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010)*; United States v. Larson*, 627 F.3d 1198, (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007).

Nevertheless, based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by Defendants, despite due diligence, for pre-trial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  The Court has considered the necessary factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1)     Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2)     Even considering due diligence, failure to grant the motion would deny counsel for Defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3)     An additional **210 days** should be excluded from the computation of the

5

speedy trial time; and

(4)     The ends of justice served by granting the motion outweigh the best

interests of the public and Defendants in a speedy trial within the meaning

of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1)     The Government's Motion to Designate Case as Complex (ECF No. 125),

filed June 18, 2014, is GRANTED IN PART; this case is declared complex

within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii);

(2)     **All days between today and February 2, 2015 shall be excluded from

the Speedy Trial Clock**;

(3)     The Final Trial Preparation Conference currently set for August 12, 2014,

and the Jury Trial set to commence on August 18, 2014, are hereby

**VACATED;** and

(4)     A Status Conference is hereby SET for **January 20, 2015 at 4:15 p.m.** in

Courtroom A801.  At this Status Conference the parties shall be prepared

to make a record regarding any necessary further ends of justice

continuance, the setting of staggered deadlines for pretrial motions and

expert disclosures, as well as resetting the Final Trial Preparation

Conference and Jury Trial in this matter.

Dated this 7th day of July, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge