IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **RICKY GARRISON**,
2. JAMES TILLMON,
3. CHRISTOPHER MARTINEZ,
4. FRANCISCO AGUILAR,
5. SIMEON RAMIREZ,
6. CHRISTOPHER VIGIL,
7. TRAVIS EDWARDS,
8. DONDRAI FISHER,
9. ARCHIE POOLE,
10. LUIS RAMIREZ,
11. MELVIN TURNER,
12. SHAWN BEARDSLEY,
13. SIDNEY TAYLOR,
14. GREGORY WILLIAMS,
15. ROBERT PAINTER, and
16. LATOYA WIMBUSH,
    Defendants.

---

### DEFENDANT GARRISON'S MOTION TO REOPEN DETENTION HEARING OR IN THE ALTERNATIVE FOR RECONSIDERATION OF DETENTION ORDER DATED JUNE 4, 2014 (DOC. 9)

---

    COMES NOW, the undersigned, on behalf of Ricky Garrison, and pursuant to 18 U.S.C. §3145 (b) and 18 U.S. Code § 3142 (f), moves the Honorable United States Magistrate Judge Michael E. Hegarty to reopen the detention hearing or, in the alternative, to reconsider his Order of Detention dated June 4, 2014 (Doc. 9). As grounds therefore, it is stated as follows:

    1)    The defendant has now been in custody at the Jefferson County Jail since

May 28, 2014.

    2)    In issuing its Order of Detention, the court found that Mr. Garrison would be a risk of danger to the community because the Court found that if released, Mr. Garrison would possess a firearm.  The Court specifically found, "I just see it as a risk. I see it as Mr. Garrison believes he needs to have a gun, and I believe on this record if I released him he would have a gun, and that's dangerous, for obvious reasons, so the order will be custody."  See transcript of 6/4/2014 detention hearing (Docket # 196), pps. 16-17.  The Court did not make a finding that the defendant was a flight risk.  It is this conclusion that the undersigned asks the court to reconsider or reopen.

    3)    There was no testimony offered at the detention hearing and the government relied solely upon the court file and the pretrial services report. Id. at p. 3. The government relied on the following factual allegations to seek detention based on a danger to the community:

        a)    Two prior gun charges, occurring in 2001 (when Mr. Garrison was 17 years old) and in 2009. *Id.*   The pretrial services report indicates the weapons charges were dismissed for the 2001 case.

        b)    Two prior drug charges in 2006 and 2011. *Id.*   The pretrial services report indicates the 2006 case was a misdemeanor charge of drug abuse and the 2011 case was dismissed.

        c)    An arrest for "intimidating witness, a 2010 charge, showing his danger to the community." *Id*.  The pretrial services report indicates this charge was dismissed.

        d)    That the defendant had been shot at twice. *Id.*

      e)      The government also relied on a matter, not within the four corners of the pretrial services report. "I'd also note to the Court that the defendant's drug charge in 2011 lists as dismissed. It's my understanding that that is in fact correct; however, I can also tell the Court that it's my understanding that that charge was dismissed, as one of the witnesses in the case, a material witness for the government -- or for the state charges was murdered prior to trial, and at this point here's been at least enough probable cause to order the defendant to supply his DNA as part of that investigation, so obviously he is a suspect, or at least being considered in that case." *Id.* at p. 4.

      f)      That Mr. Garrison had possessed two firearms in relation to the instant case. *Id.* at p. 3. The government also relied on evidence not contained within the complaint (Docket #1) nor in the pretrial services report that a witness who rented the home indicated all the items at the home, including the guns found at the home, were items possessed by Mr. Garrison. *Id*. at p. 5.

    4)      In a pretrial detention hearing, the government's burden is to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985); see also *United States v. Arena*, 894 F. Supp. 580, 585-86 (N.D.N.Y. 1995) (citing *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). When the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community, we believe that, consistent with the Due Process Clause, a court may disable the arrestee from executing that threat. *United States v. Salerno*, 481 U.S. 739, 751 (U.S. 1987). In addition, a defendant has the right

to cross-examine the witnesses who appear at the hearing.  18 USCS § 3142 (f).

5) 18 U.S. Code § 3142 (f), states "The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

6) When a defendant moves for release on bail following pretrial detention, the court must consider three factors: "(1) the length of the pretrial detention; (2) the extent to which the prosecution is responsible for the delay of the trial; and (3) the strength of the evidence upon which the pretrial detention was based." *United States v. Roseto*, 1995 WL 350815 (S.D.N.Y., June 9, 1995)(Memorandum Decision)(citing *United States v. Millan*, 4 F.3d 1038, 1043 (2d Cir. 1993)(citations omitted)).  Regarding the length of pretrial detention, there is no doubt that the longer the pretrial detention the more likely the denial of due process. Typically, this factor weighs in favor of the moving defendant. See, e.g., *United States v. Gonzales-Claudio*, 806 F.2d 334, 341 (2d Cir. 1986)("detention that has lasted for fourteen months and, without speculation, is scheduled to last considerably longer, points strongly to a denial of due process"). This factor by itself, however, is not determinative of a defendant's bail application. See *Millan*, 4 F.3d at 1044 (pretrial detention period of 30-31 months a factor in defendant's favor but not dispositive); see also *United States v. Melendez-Carrion,* 820 F.2d 56 (2d Cir. 1987)(pretrial detention period of 19 months did not violate defendant's due process rights).  Regarding the reason or "responsibility" for delay factor, the court will consider

information relating to pretrial events such as motions for continuance, discovery disputes, complexity of the case, plea discussions, and other matters relating to the progress (or lack thereof) of the case. See, e.g., *Roseto*.

7)   A review of the pretrial services report reflects a single weapons conviction in 2009.

8)   The government, in its argument for a dangerousness finding, relied primarily on a dismissed intimidation charge and a finding of probable cause to suspect the defendant had murdered a witness in Aurora, Colorado.  The government indicated a finding of probable cause accompanied the order to obtain the defendant's DNA.  This statement of a finding of probable cause is misleading.

9)   Colo. R. Crim. P. 41.1 states in pertinent part:

Basis for Order. An order [for non-testimonial identification procedures] shall issue only on an affidavit or affidavits sworn to or affirmed before the judge, or by the procedures set forth in Crim. P. 41(c)(3), and establishing the following grounds for the order:

(a) That there is probable cause to believe that an offense has been committed;

(b) That there are reasonable grounds, not amounting to probable cause to arrest, to suspect that the person named or described in the affidavit committed the offense; and

(c) That the results of specific nontestimonial identification procedures will be of material aid in determining whether the person named in the affidavit committed the offense.

10)   The Colorado rule specifically does not require a finding of probable cause

that the defendant committed the crime.  In fact once probable cause exists to arrest, this rule is inapplicable. *People v. Harris*, 729 P.2d 1000 (Colo. App. 1986), aff'd, 762 P.2d 651 (Colo. 1988), cert. denied, 488 U.S. 985, 109 S. Ct. 541, 102 L. Ed. 2d 572 (1988); *People v. Davis*, 669 P.2d 130, 134 (Colo. 1983).  While it is correct that probable cause must be found, the probable cause finding is merely that a crime was committed.

11)   The defendant also seeks to contest the evidence apparently proffered by the government, which was absent from its limited paper record consisting of the court file and pretrial services report, which was not subject to cross-examination by the defendant.  Specifically, both the evidence concerning the possession of firearms in this case reflected in para. 4(f) above, and the evidence concerning the allegations of a witness murder in para. 4(e) above, were not subject to cross-examination.

12)   Neither the Tenth Circuit or the U.S. Supreme Court have ruled on whether confrontation or cross examination is required in a detention hearing pursuant to *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).  Whether or not the constitution requires confrontation, it is undeniable that the Bail Reform Act does provide for cross-examination.  To allow the government to bypass the statutory right of cross-examination through the use of unsworn proffers would appear to be in contradiction to the statute and the considerations set forth in *United States v. Solano*, supra.

13)   Hearsay in detention hearings is generally admissible, despite the right to cross-examine. *U.S. v. Acevedo-Ramos*, 755 F.2d 203 (1st Cir. 1985); *U.S. v. Delker*, 757 F.2d 1390 (3d Cir. 1985); and U.S. v. Fortna, 769 F.2d 243 (5th Cir. 1985). The

Third Circuit has held, however, that the judicial officer has discretion to require, in an appropriate case, that the testimony of a witness be presented in person, rather than by hearsay evidence. *U.S. v. Accetturo*, 783 F.2d 382 (3d Cir. 1986). The First and Second Circuits reached similar conclusions. *Acevedo-Ramos*, 755 F.2d at 207–08; *U.S. v. Martir*, 782 F.2d 1141 (2d Cir. 1986).

14) This case is now set for a status hearing for January 20, 2015. It is likely that detention will be lengthy. The defendant would concede that there is no evidence that delay in this case was caused by the government as opposed to the complexity of the case.

15) The defendant seeks to reopen the detention hearing or in the alternative to reconsider its order of detention in order to contest the finding of dangerousness. In addition, the defendant seeks to produce testimony in opposition to the government's proffers and the weight of the evidence against him. 18 U.S. Code § 3142 (g) (2).

Respectfully submitted,

s/James A. Castle
James A. Castle
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
f: (303) 329-5500

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2014, I electronically filed the foregoing **DEFENDANT GARRISON'S MOTION TO REOPEN DETENTION HEARING OR IN THE ALTERNATIVE FOR RECONSIDERATION OF DETENTION ORDER DATED JUNE 4, 2014 (DOC. 9)** using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                                s/James A. Castle
                                                James A. Castle