IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT PAINTER,

    Defendant.

---

### ORDER ON DEFENDANT PAINTER'S MOTION FOR RECONSIDERATION OF DETENTION ORDER DATED JUNE 11, 2014

---

**Michael E. Hegarty, United States Magistrate Judge**.

Defendant requests release on bond in a motion filed on June 27, 2014 (docket #165). The Court initially held a hearing concerning detention for Mr. Painter on June 11, 2014. At that time I ordered detention based on both risk of flight and risk to the community. The U.S. Attorney's Office requested detention, and the U.S. Probation Office recommended detention. The Defendant contested detention, which I erroneously did not note in my June 11, 2014 Order on Detention (docket #103). The charges against the Defendant carry a presumption of detention.

I listened to the oral argument on detention that occurred on June 11, 2014, with Mr. Phillips representing the government and Mr. Burke representing the Defendant. That discussion was almost identical to the oral argument held in this case on July 18, 2014 on this motion. At both proceedings, Mr. Burke referenced the need for counseling and medical evaluation; Defendant's ongoing receipt of Social Security Disability benefits; his limited involvement (one or two dates) in the allegations of the Indictment; Mr. Burke's desire for an effective attorney-client relationship,

which is difficult to accomplish considering Defendant's current detention in Jefferson County, Colorado; the fact that this case will likely "drag on" for some time; the Defendant's commitment to, effectively, a zero tolerance policy (*i.e.*, Defendant holds the key to the jail in his hand); and Defendant's need for medical treatment.  At both proceedings, Mr. Phillips referenced his belief that Defendant had a much more involved role in the drug conspiracy in this case than what is represented in the Indictment (which was pleaded as a matter of prosecutorial discretion in terms of breadth of Defendant's involvement) and that, if need be, a Superceding Indictment would be forthcoming; and that Defendant has a very lengthy criminal record both in terms of number of arrests and number and seriousness of convictions (which Mr. Burke countered with argument concerning the relative aged status of most of his criminal record).  In addition, at the latter hearing on July 18, Mr. Burke stated his belief that not enough emphasis had been placed on the fact that Defendant's poor criminal history is mostly in the fairly distant past; he has support of his common law wife and daughter (although there was some disagreement between government and defense counsel whether Defendant and his wife were still together); that the U.S. Probation Office can effectively monitor his release status.

      Therefore, I am presented with no new material facts or law justifying reconsideration of Defendant's detention.  Nothing has changed with regard to the facts supporting my original order of detention in this case.  I greatly sympathize with Defendant's desire to better health care and a more effective attorney-client relationship, but absent an allegation that Defendant is being denied his constitutional rights, the Courts have little authority to influence the conditions of Defendant's detention once the factors of 18 U.S.C. § 3142 have been met.  I do not believe Mr. Burke placed on the record any factual basis that Defendant's incarceration in Jefferson County rose to that level

of interference. In light of the presumption of detention in this case, which is a creature of statutory law and not a court-created doctrine, a criminal record of the nature that Defendant has, albeit not remarkable for recent activity, is too significant to overcome the presumption.

Therefore, Defendant Painter's Motion for Reconsideration of Detention Order Dated June 11, 2014 [filed June 27, 2014; docket #165]is **denied**. Defendant shall remain under presentence detention.

SO ORDERED.

DATED and ENTERED this 21st day of July, 2014, in Denver, Colorado.

By the Court:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge