IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya

Case No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

10.    LUIS RAMIERZ,

Defendant.

_____

## ORDER OF DETENTION
_____

THIS MATTER came before me for a detention hearing on July 23, 2014.   The government requested detention in this case.   The defendant did not contest the request for detention.   I have considered the Pretrial Services report, evidence and testimony presented at that hearing and the arguments and statements of counsel.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community.   18 U.S.C. § 3142(b).   The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense proscribed by the Controlled Substances Act which carries with it a penalty of ten years or more, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the

appearance of the person as required and the safety of the community.   Title 18 U.S.C. § 3142(e).

The defendant has been charged under Title 21 U.S.C. §§ 841(a)(1) distribution and possession

with intent to distribute cocaine, heroin, cocaine base and methamphetamine.   The controlled

substance offense carries a possible penalty of not less than five years imprisonment and up to

forty years imprisonment.   The indictment returned in this case establishes probable cause that the

defendant committed the charged crime has been established.

The presumption favoring detention can be rebutted; however, even if rebutted, the

congressionally mandated presumption remains a factor to consider in assessing whether there is

any condition or combination of conditions will reasonably assure the appearance of the defendant

as required and the safety of the community.

The Bail Reform Act establishes the following factors to be considered in determining

whether there are conditions of release that will reasonably assure the appearance of the defendant

and the safety of the community:

> (1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2)    the weight of the evidence against the person;
>
> (3)    the history and characteristics of the person including–
>
>> (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or

> > completion of sentence for an offense under Federal,
> > State, or local law; and
>
> > (4)    the nature and seriousness of the danger to any person or the
> > community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the rebuttable presumption of the Act has been triggered.   I find that the defendant has not presented evidence to rebut the presumption and therefore the presumption stands unrebutted.   Further the pretrial services report establishes further grounds for detention including a lengthy criminal history evidencing 15 failures to appear and three other pending cases.

I therefore find by a preponderance of the evidence that defendant is a risk of flight and by clear and convincing evidence that defendant is a danger to the community if released on conditions of bond.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

Dated this 23d day of July, 2014.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge