IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**1.**     **RICKY GARRISON,**
          **a/k/a "G,"**
2.     JAMES TILLMON,
          a/k/a "Black,"
          a/k/a "Kevin Garner,"
3.     CHRISTOPHER MARTINEZ,
          a/k/a "Little C,"
4.     FRANCISCO AGUILAR,
5.     SIMEON RAMIREZ,
6.     CHRISTOPHER VIGIL,
7.     TRAVIS EDWARDS,
8.     DONDRAI FISHER,
          a/k/a "Abdul Halim Aswad Ali,"
          a/k/a "Don Blas,"
9.     ARCHIE POOLE,
10.    LUIS RAMIREZ,
          a/k/a "Julian,"
11.    MELVIN TURNER,
          a/k/a "Mellow,"
12.    SHAWN BEARDSLEY,
13.    SIDNEY TAYLOR,
14.    GREGORY WILLIAMS,
15.    ROBERT PAINTER, and
16.    LATOYA WIMBUSH,

     Defendants.

---

**GOVERNMENT RESPONSE TO DEFENDANT GARRISON'S MOTION TO REOPEN
DETENTION HEARING OR IN THE ALTERNATIVE FOR RECONSIDERATION OF
DETETNTION ORDER DATED JUNE 4, 2014 (DOC. 201)**

---

NOW COMES THE UNITED STATES OF AMERICA, John F. Walsh, United States Attorney, by Zachary H. Phillips, Assistant United States Attorney, and requests that this Court deny defendant's request to reopen the detention hearing or in the alternative make further findings that the defendant continue to be detained as previously ordered.

I.     Judicial History:

On May 27, 2014, in Criminal Case No. 14-mj-01077-BNB, the defendant was charged by complaint for Possession of a Firearm by a Convicted Felon, Title 18 U.S.C. § 922(g).   On June 6, 2014, a detention hearing was held and this Court found the defendant should be detained.

On June 9, 2014, the defendant appeared and was advised as to the indictment in the present case.   The defendant is charged with numerous counts.   The defendant is charged with One Count of Conspiracy to Distribute Controlled Substance, Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II), 841 (b)(1)(B)(iii), and 846.   Additionally, the defendant is charged with 23 separate counts of Possession with Intent to Distribute a Controlled Substance, Title 21 U.S.C. 841(a)(1).   Six of the Possession with Intent to Distribute a Controlled Substance counts were found by the Grand Jury to have been committed within 1,000 feet of a school.   Further, the defendant has been charged with more than 20 counts of Use of a Communication Device, Title 21 U.S.C. §§ 843(b) and 843(d).   Additionally, the defendant has been charged with one count of Traveling in Interstate Commerce for the Purpose of Prostitution, Title 18 U.S.C. § 2421.   Finally, the defendant was also charged with Possession of a Firearm by a Convicted Felon, Title 18 U.S.C. § 922(g), the charge which the defendant first appeared and which the Court initially found the defendant be detained.

2

II.    <u>Legal Argument</u>:

Title 18 U.S.C. § 3142(g) delineates those factors the judicial officer shall consider in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

      1.    <u>The Defendant's Motion Should be Denied Based on the Nature and Circumstances of the Offense Charged</u>:

The defendant is charged in this case in a substantial multi-drug distribution conspiracy. The nature of the conspiracy, the scale of the conspiracy, the amount of the narcotics being distributed, and the defendant's involvement in the conspiracy are considerable.   The possible sentence in the case triggers the statutory presumption of detention.   "Under section 3142(e), upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community."   *United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991).

      2.    <u>The Defendant's Motion Should be Denied Based on the Weight of the Evidence Against the Defendant</u>:

The weight of the evidence against the Defendant and supporting the drug conspiracy is substantial.   Cooperating defendants and sources have identified and indicated the Defendant's role in the conspiracy.   The Defendant states that he is innocent.   The Government respectfully disagrees and states that the evidence supports a finding of guilt.   The Defendant was intercepted on Court-authorized wiretaps actively arranging and participating in numerous narcotics

transactions.   He was also intercepted discussing his participation in the prostitution of women. Further, he was intercepted discussing his possession of firearms.   Law enforcement surveillance corroborates the wiretap interceptions.

       3.      <u>The Defendant's Motion Should be Denied Based on the History and Characteristics of the Defendant</u>:

       A.      The Defendant has limited ties to the community.   The defendant is originally from Flint, Michigan.   Although, according to the defendant's criminal history, it appears the defendant has been in Colorado since 2008, the defendant was intercepted on the wiretap discussing his desire to move back to Flint, Michigan.   Further, the defendant has been arrested in the State of Georgia since his initial arrest in Colorado.   Of even greater concern regarding the defendant's character is the defendant's criminal history.   The defendant's criminal history, as compiled by the United States Probation Department, which this Court took judicial notice in the initial detention hearing, contains numerous arrests.   The criminal history contains 23 separate entries with arrests in less than 12 years.   The defendant's arrests include:

        Assaulting/resisting/obstructing (felony) Police Officer
        Drug abuse
        Damage to property
        Public indecency
        Assault/battery and simple assault
        Witness intimidation
        Harassment
        Third Degree assault
        False imprisonment
        Protection order violation
        Distribution of a controlled substance
        Driving while ability impaired,
        as well as two previous weapons offenses.

The defendant also has prior arrests for violations of probation (3) and a failure to appear in April of last year (2013).

B.      At the time of the defendant's arrest, he was on probation.

4.      <u>The Defendant's Motion Should be Denied Based on the Nature and Seriousness of the Danger to Persons and the Community that Would be Posed by this Defendant's Release</u>:

This defendant is a danger to the community, as he has previously been charged with a serious drug crime which was dismissed because a material witness in the case was murdered. DNA from the defendant has been collected by law enforcement based on reasonable grounds[1] that the defendant committed the murder of the material witness.   The defendant's lengthy criminal history including assault charges and weapons charges further illustrates the danger to the community.   As the court wisely noted, "I just see it as a risk.   I see it as Mr. Garrison believes he needs to have a gun, and I believe on this record if I released him he would have a gun, and that's dangerous, for obvious reasons, so the order will be custody."   Detention hearing transcript (Doc 196).

III.    <u>There Are No New Factors Warranting a Reopening of Detention Hearing or in the Alternative for Reconsideration of Detention</u>:

The Bail Reform Act provides that the District Court may at any time amend an order of detention to impose additional or different conditions of release.   18 U.S.C. § 3142(c)(3). However, absent a clear error of law, a detention order should not be amended unless the underlying factual circumstances have changed in some significant way.   *United States v. Rouleau*, 673 F. Supp. 57, 59 (D. Mass 1987); *United States v. Ishraiteh*, 59 F.Supp. 2d 160 (D. Mass. 1999).

---

[1] The Government concedes that Colo. R. Crim. P. 41.1 requires a finding of reasonable grounds as opposed to probable cause that the defendant committed the crime.

In the present case, this Court determined that no condition or combination of conditions could reasonably assure the safety of the community or any other person.   The Government believes the detention of the Defendant was correct, not a clear error of law, and that the underlying factual circumstances have not changed.

The Defendant has not presented any new evidence which shows a change of condition or change in the status of the case.   Absent persuasive new evidence, this Court's finding should not be reversed and the Motion to Reopen Detention Hearing or in the Alternative for Reconsideration of Detention should be denied.

WHEREFORE, the Government requests this Court deny defendant's motion.

Respectfully submitted this 1st day of August, 2014.

JOHN F. WALSH
United States Attorney


By:   *s/Zachary Phillips*_____
ZACHARY PHILLIPS
Assistant United States Attorney
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO. 80202
Telephone (303) 454-0118
Fax (303) 454-0401
e-mail:   zachary.phillips@usdoj.gov
Attorney for the Government

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2014, I electronically filed the foregoing using GOVERNMENT RESPONSE TO DEFENDANT GARRISON'S MOTION TO REOPEN DETENTION HEARING OR IN THE ALTERNATIVE FOR RECONSIDERATION OF DETETNTION ORDER DATED JUNE 4, 2014 (DOC. 201) the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*s/Maggie E. Grenvik*
Maggie E. Grenvik
Legal Assistant
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO   80202
Telephone:   (303) 454-0100
Fax:   (303) 454-0401
e-mail:   maggie.grenvik@usdoj.gov

7