IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cr-00231-WJM-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICKY GARRISON,

    Defendant.

**ORDER ON DEFENDANT GARRISON'S MOTION TO REOPEN DETENTION HEARING OR IN THE ALTERNATIVE FOR RECONSIDERATION OF DETENTION ORDER DATED JUNE 4, 2014**

Defendant requests release on bond in a motion filed June 27, 2014 (docket #201). The Court initially held a hearing concerning detention for Mr. Garrison on June 4, 2014. At that time I ordered detention based on risk to the community. The U.S. Attorney's Office requested detention, and the U.S. Probation Office recommended detention. Also at that time, the Defendant was charged by criminal complaint with a single violation of 18 U.S.C. § 922(g)(1), Possession of a Firearm by a Convicted Felon. Since then, Defendant has been charged in an Indictment with that count along with additional counts of Conspiracy to Distribute a Controlled Substance (one count); Possession with Intent to Distribute a Controlled Substance (23 counts); Use of a Communication Device in Furtherance of a Drug Crime (20 counts); and Traveling in Interstate Commerce for the Purpose of Prostitution (one count). Many charges against the Defendant carry a presumption of detention.

In his Motion, Defendant first points out aspects of the Government's proffer of evidence at the detention hearing that makes such evidence less significant. Specifically, some of the charges

that the Government pointed out in the record were ultimately dismissed. Other evidence the Government proffered was not contained in the Criminal Complaint or the Pretrial Services Report. Still other evidence (specifically, an alleged finding of probable cause to suspect the Defendant murdered a witness to a criminal case, in Aurora, Colorado) is "misleading" because the state standard requires only a finding that there is probable cause a crime has been committed. Finally, Defendant complains that some of the evidence was proffered by the Assistant U.S. Attorney (there were no witnesses at the hearing) and, thus, was not subject to cross examination.

As noted by the Government, a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(f).

First, there is certainly precedent for the Government to proceed by proffer at a detention hearing. *E.g., United States v. Pasciuti*, 1992 WL 51482, at \*5 (1st Cir. Mar. 19, 1992) ("Courts have concluded that district courts have much discretion in determining whether a bail hearing shall be conducted by proffer or live testimony and have rejected the contention that either the constitution or § 3142(f) necessarily requires that live witnesses be produced at detention hearings.") (citing cases); *United States v. Coonan*, 826 F.2d 1180, 1186 (2d Cir. 1987) ("[S]tatements of undercover police officers and associates of Coonan, even when presented through the proffer of the assistant United States attorney, provided sufficient basis to find that Coonan had in the past threatened witnesses and presents a serious risk of doing so again."); *United States v. Brunette*, 839 F. Supp. 2d 449, 453 (D. Mass. 2012) ("Although the statute, 18 U.S.C. § 3142(f), allows the defendant to 'present information by proffer or otherwise,' there is no provision permitting the

2

Government to do the same but neither is there a prohibition against the Government going this route."); *In re Rojas*, 859 F. Supp. 2d 203, 204 (D. Mass. 2012) ('proffers' are explicitly allowed for defendants in detention hearings by statute, see 18 U.S.C. Section 3142(f), and for the government in such hearings by local practice). It is the standard practice in this District to permit proffers of evidence by either side. Defendant's argument in this regard goes to the weight of the evidence, not the permissibility of its receipt by the Court.

Second, I have scoured precedent concerning detention hearings before U.S. Magistrate Judges, and it is replete with decisions relying upon *both* arrests and convictions. I believe an extensive arrest record has some relevance when combined with a significant conviction history, as here.

Third, and most important, I do not believe Defendant has met the legal standard of Section 3142(f) for reopening the detention hearing. The only new information I have is that Defendant has been charged with numerous additional serious crimes. Nothing the Defendant has presented constitutes "information . . .that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of detention.

Therefore, I am presented with no new material facts or law justifying reconsideration of Defendant's detention. Nothing has changed in Defendant's favor with regard to the facts supporting my original order of detention in this case. In light of the presumption of detention in this case, which is a creature of statutory law and not a court-created doctrine, the criminal record of the nature possessed by the Defendant is too significant to overcome the presumption.

Therefore, Defendant Garrison's Motion to Reopen Detention Hearing or in the Alternative for Reconsideration of Detention Order Dates June 4, 2014 is **denied**. Defendant shall remain under

presentence detention.

SO ORDERED.

DATED and ENTERED this 7th day of August, 2014, in Denver, Colorado.

By the Court:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

4