IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **RICKY GARRISON**,
2. JAMES TILLMON,
3. CHRISTOPHER MARTINEZ,
4. FRANCISCO AGUILAR,
5. SIMEON RAMIREZ,
6. CHRISTOPHER VIGIL,
7. TRAVIS EDWARDS,
8. DONDRAI FISHER,
9. ARCHIE POOLE,
10. LUIS RAMIREZ,
11. MELVIN TURNER,
12. SHAWN BEARDSLEY,
13. SIDNEY TAYLOR,
14. GREGORY WILLIAMS,
15. ROBERT PAINTER, and
16. LATOYA WIMBUSH,
    Defendants.

---

**DEFENDANT RICKY GARRISON'S REQUEST FOR THE APPOINTMENT OF ADDITIONAL CJA COUNSEL: MITCHELL BAKER, ESQ.**

---

    COMES NOW, the undersigned, on behalf of Ricky Garrison, and moves this Honorable Court for the appointment of Mitchell Baker, Esq. as additional CJA counsel for Mr. Garrison's defense and as grounds therefore informs the Court as follows:

### ***OVERVIEW OF THE CASE***

    The complexity of this matter has been previously spelled out in several restricted and public pleadings filed by the parties. Examples of such restricted

pleadings include various CJA requests made by Mr. Garrison for essential support and expert services. See e.g. Doc. Nos. 64 and 76.  The Court granted both of those requests, recognizing their need in this case. See Orders in Doc. Nos. 151 and 184.

The government also filed a public pleading requesting that this case be declared complex.  See Doc. No. 125.  The Court granted the complexity motion in part.  See Doc. No. 188.  In both the complexity motion and the court's order it was noted that the case involved at least 13 federal wiretap(s) and several state wiretaps and that there were an estimated 48,248 call records of which 5,500 are deemed to be pertinent calls involving criminal activity.

The defendant is named in 52 of the 70 counts in the indictment.  The wiretap application strongly suggests that the government's investigation goes beyond an investigation of drug activities.  Confidential informants were utilized in this investigation seeking to connect Mr. Garrison with the murder of another informant used by Aurora Police Department in a drug distribution case against Mr. Garrison.  Counsel has become aware that government agents in this case have been conducting an interstate investigation into Mr. Garrison's possible role in the death of the informant.

The government also filed a motion for a protective order concerning the possible danger to witnesses.  See Doc. No. 185.  The Court granted that motion.  See Doc. No. 186.

## ***COUNSEL'S OTHER PROFESSIONAL COMMITMENT***

After undersigned counsel accepted appointment in this case, the Colorado Supreme Court rendered its decision in the case of *People. v. Owens*, 330 P.3d 1027, (Colo. July 30, 2014), a case that had been pending for 17 months.  Mr. Owens is one

of three men on Colorado's death row and the undersigned counsel is court appointed lead counsel for Mr. Owens.  After announcement of the *Owens* decision the Colorado district court set post-conviction hearings throughout the remainder of 2014 and continuing until May 2015.  The schedule of these hearings generally consist of two weeks of hearings followed by a two week period of no hearings to allow for preparation for the subsequent two week period.  This two week on - two week off schedule will continue until May 2015 at which point the court will render a decision in 30 days.  After that decision is rendered there is an automatic appeal regardless of whether relief is granted or not, with opening briefs due in 180 days for which the undersigned will also be lead counsel.  This appellate briefing would be due by the end of 2015.

As a result of this other important commitment the undersigned fears he will be unavailable for some of the court appearances scheduled in this case, will not be available to Mr. Garrison at all times that he will need counsel and may not be able to afford Mr. Garrison the representation he deserves.

### THE REQUESTED APPOINTMENT OF MITCHELL BAKER, ESQ.

The undersigned has had the pleasure of knowing Mr. Baker for thirty years. Mr. Baker, in short, is one of Colorado's best federal criminal defense lawyers and for many years has been an active member of our CJA panel and serves on the CJA Committee. Mr. Baker's experience in handling narcotics cases involving wiretaps is unsurpassed by any attorney on the CJA panel.

The undersigned has taken the liberty to ask Mr. Baker if he would accept an appointment if the Court found it was appropriate to appoint co-counsel and Mr. Baker has indicated he would accept appointment.  Mr. Baker is ready, willing, and able to

accept this appointment if approved by the Court. His appointment would not delay or interfere with the progress of this case since pretrial proceedings are in their infancy stages enabling Mr. Baker adequate time to review the discovery, familiarize himself with the nuances and complexities of this case, and be prepared to participate in the next stages of this matter.

Given the complexities of this case, the unusual additional potential exposure that Mr. Garrison faces and the extraordinary commitment that the Colorado courts have imposed on counsel, the appointment of co-counsel is respectfully requested.

## *POSITION OF THE GOVERNMENT*

The government has authorized the undersigned to represent that they do not object to the granting of this motion.


Respectfully submitted,


s/James A. Castle
James A. Castle
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
f: (303) 329-5500

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2014, I electronically filed the foregoing **DEFENDANT RICKY GARRISON'S REQUEST FOR THE APPOINTMENT OF ADDITIONAL CJA COUNSEL: MITCHELL BAKER, ESQ.** using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/James A. Castle
James A. Castle