IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  14-CR-00231-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JAMES TILLMON,

      Defendant.

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS FOR ORDER OF DETENTION

---

      This matter was before the court for detention hearing on December 11, 2014.  The court has taken judicial notice of the court's file and the pretrial services memorandum dated December 9, 2014.  The defendant is not contesting detention.  The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

      The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

      (1)     [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)    the weight of the evidence against the person;

(3)    the history and characteristics of the person, including –

    (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Investigation Memorandum dated December 9, 2014 and the entire court file. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First , I find that the defendant has been charged in the Indictment as follows:

**Count 1:** Title 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II), (b)(1)(B)(iii), (b)(1)(C) and 846 - Did Knowingly and Intentionally Conspire to Distribute and Possess with Intent to Distribute One or More of the Following Controlled Substances: (1) More than 500 Grams but Less than 5 Kilograms of a Mixture or Substance Containing a Detectable Amount of Cocaine, a Schedule II Controlled Substance; (2) More than 28 Grams but Less than 280 Grams of a Mixture or Substance Which Contains Cocaine Base; (3) Less than 100 Grams of a Mixture or Substance Containing a Detectable Amount of Heroin, a Schedule I Controlled Substance; (4) Less than 50 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, its Salts, Isomers, and Salts of its Isomers, a Schedule II Controlled Substance.

**Count 17:** Title 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860 and Title 18 U.S.C. § 2 - On or about November 29, 2013, Did Knowingly and Intentionally Distribute and Possess with the Intent to Distribute less than 500 Grams of a Mixture of Substance Containing a Detectable Amount of Cocaine, a Schedule II Controlled Substance; Within 1,0000 Feet of the Real Property Comprising Wyatt-Edison Charter Academy, a Public Elementary School; and did Knowingly and Intentionally Aid, Abet, Counsel, Command, Induce, or Procure the Same.

**Counts 18, 25, 40, 42, 43:** Title 21 U.S.C. §§ 843(b) and 843(d) - Knowingly or Intentionally Use a Communications Device, Specifically a Telephone, in Committing, or in Causing or Facilitating the Commission of a Felony.

**Count 24:** Title 21 U.S.C. § 841(a)(1), (b)(1)(C) and Title 18 U.S.C. § 2 - On or about December 31, 2013, Did Knowingly and Intentionally Distribute and Possess With the

Intent to Distribute Less Than 50 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, A Schedule II Controlled Substance, and Did Knowingly and Intentionally Aid, Abet, Counsel, Command, Induce or Procure the Same.

**Count 39:** Title 21 U.S.C. § 841(a)(1), (b)(1)(C) and Title 18 U.S.C. § 2: On or about January 9, 2014, Did Knowingly and Intentionally Distribute and Possess with the Intent to Distribute Less Than 50 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance, and Did Knowingly and Intentionally Aid, Abet, Counsel, Command, Induce or Procure the Same.

**Count 41:** Title 21 U.S.C. § 841(a)(1), (b)(1)(C) and Title 18 U.S.C. § 2: On or about January 28, 2014, Did Knowingly and Intentionally Distribute and Possess with the Intent to Distribute less than 50 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance, and Did Knowingly and Intentionally Aid, Abet, Counsel, Command, Induce or Procure the Same.

**Count 44:** Title 21 U.S.C. § 841(a)(1), (b)(1)(C) and Title 18 U.S.C. § 2: On or about January 28, 2014, Did Knowingly and Intentionally Distribute and Possess with the Intent to Distribute less than 50 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance, and Did Knowingly and Intentionally Aid, Abet, Counsel, Command, Induce or Procure the Same.

Second, I find that probable cause exists that the defendant committed the charged offenses based upon the Indictment.

Third, I find that on October 17, 2014, the defendant pled guilty to Vehicular Homicide – Reckless Driving, in Denver County District Court, Case No. 12CR5598, and he pled guilty to Attempted Escape in Denver District Court, Case No. 2012CR10298. On the same date, the defendant was sentenced to eight years in the Colorado Department of Corrections (CDOC) with 3 years mandatory parole in Case No. 12CR5598, and he was sentenced to 6 years CDOC with 2 years mandatory parole in Case No. 12CR10298. These sentences were ordered to be served concurrently. The defendant's estimated parole eligibility date is May 2017. The defendant's estimated mandatory release date is August 3, 2021.

I further find, by a preponderance of evidence, that there is no condition or combination of conditions of release will reasonably assure the appearance of the defendant. Accordingly, I order defendant detained without bond.

Done this 11th day of December 2014.

BY THE COURT

S/Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge