**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 14-cr-0231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **RICKY GARRISON,**
2. **JAMES TILLMON,**
3. **CHRISTOPHER MARTINEZ,**
4. **FRANCISCO AGUILAR,**
5. **SIMEON RAMIREZ,**
6. **CHRISTOPHER VIGIL,**
7. **TRAVIS EDWARDS,**
8. DONDRAI FISHER,
9. **ARCHIE POOLE,**
10. **LUIS RAMIREZ,**
11. **MELVIN TURNER,**
12. **SHAWN BEARDSLEY,**
13. SIDNEY TAYLOR,
14. **GREGORY WILLIAMS,**
15. **ROBERT PAINTER,**
16. **LATOYA WIMBUSH,**

    Defendants.

---

**ORDER GRANTING ENDS-OF-JUSTICE CONTINUANCE AND
SETTING DEADLINES FOR REMAINDER OF CASE**

---

On January 20, 2015, the Court held a status conference regarding the progress of this action. (ECF No. 359.) At the hearing, counsel for Defendants Tillmon and Garrison made an oral motion for an additional ends-of-justice continuance ("Motion") of

135 days[1], which was not opposed by any of the other Defendants or the Government. The Court granted the Motion on the record, and informed the parties that it would issue an order setting forth the basis for such continuance.  (*Id.*)  This Order shall set forth such rationale.

At the hearing, defense counsel informed the Court that all discovery has been disclosed by the Government, but that defense counsel was still working through reviewing the materials themselves and with their clients.[2]  Counsel represented that they would need additional time to investigate a number of issues that arose from the discovery produced, and that such investigation needed to occur before they would be in a position to file motions.  Counsel stated that they anticipated filing a variety of pretrial motions.  Additionally, Defendant Tillmon's counsel noted that his client was only arrested and had been appointed about a month ago, which was about six months after the rest of the attorneys.  Given this late appointment, Defendant Tillmon's attorney stated that the requested continuance is sufficient but necessary to allow him time to review all of the discovery and consult with his client.

The Court finds that Defendants have shown that their interest in having adequate time to review discovery, prepare motions, and prepare for trial outweighs the public's interest in a speedy trial.  The Court also finds that the public's interest in a speedy trial will not be subverted by granting the requested sixty day continuance and, therefore, an ends-of-justice continuance is warranted pursuant to 18 U.S.C.

---

[1]  Counsel originally requested a 90-day continuance, but it was later amended to 135 days.  Neither the Government nor any of the other Defendants opposed a continuance of either length.

[2]  The Court has previously found that the volume of discovery in this case makes it complex for purposes of 18 U.S.C. § 3161(h)(7)(B)(iv).  (ECF No. 188.)

§ 3161(h)(7)(B)(iv).  As the Court ordered at the hearing, all days between January 20, 2015 and June 4, 2015 are excluded from the Speedy Trial clock.

The Court is mindful of the fact that most of the Defendants in this case currently detained, and that this militates against any unnecessary delays.  Accordingly, rather than continue to set status conferences to keep apprised of this case, the Court will set the schedule for the remainder of this action, including trial.

For the reasons set forth above, the Court hereby ORDERS as follows:

1. Defendants' oral motion for an ends-of-justice continuance is GRANTED;
2. All days between January 20, 2015 and June 4, 2015 are EXCLUDED from the Speedy Trial clock pursuant to Section 3161(h)(7)(B)(iv); and
3. The Court hereby SETS the following schedule for the remainder of the case:
   a. All discovery motions and motions regarding the Indictment shall be filed by June 1, 2015.  The Government shall respond not later than July 1, 2015.
   b. All suppression motions—including wiretap suppression motions (four corners and non-four corners)—shall be filed by July 15, 2015.  The Government shall respond by August 14, 2015.
   c. All motions to sever and motions pursuant to Federal Rule of Evidence 801(d)(2)(e) shall be filed by September 1, 2015.  The Government's response shall be due October 1, 2015.
   d. A three-week jury trial shall commence on November 30, 2015 at 8:30

a.m. in Courtroom A801.[3]  The Final Trial Preparation Conference will be held at 2:00 p.m. on November 20, 2015.

Dated this 22nd day of January, 2015.

BY THE COURT:

William J. Martinez
United States District Judge

---

[3]  This trial date presumes that motions will be filed in accordance with the above time frame, and which would toll the Speedy Trial clock pursuant to Section 3161(h)(1)(D).  If any deadline should pass without any motions filed, the Court will have to re-examine the Speedy Trial clock and may reset the trial *sua sponte* to an earlier date to ensure that no Defendant's right to a speedy trial is violated.