IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER MARTINEZ,

    Defendant.

## ORDER OF DETENTION

    This matter was before the Court for an arraignment, discovery and detention hearing on April 10, 2015. Assistant United States Attorney Brad Giles represented the government, and Lisa Moses represented the Defendant. The Defendant did not contest detention.

    The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant at future Court proceedings, and by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of the community, based on the attached findings.

    IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility in or near Denver, Colorado separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 10th day of April, 2015, in Denver, Colorado.

By the Court:

S/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

United States v. Christopher Martinez
Case No. 14-cr-00231-WJM

## FINDINGS OF FACT, CONCLUSIONS OF LAW, and
## REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the Court's file, the Pretrial Services Report, and the comments of counsel at the hearing. Weighing the statutory factors set forth in the Bail Reform Act,

1

I find the following:

First, the Indictment which has issued in this case charges Defendant with violations of 21 U.S.C. §§ 846; 841(a)(1); 841(b)(1)(B)(ii)(II); 841(b)(1)(B)(iii); 841(b)(1)(C); 843(b); 843(d); 860; and 18 U.S.C. § 2, to wit: Knowingly and intentionally conspiring to possess with intent to distribute, and possession with intent to distribute, various amounts of cocaine, cocaine base, heroin, and methamphetamine, as well as use of interstate communications to facilitate a drug crime, and drug activity in the vicinity of a school. The rebuttable presumption of detention applies here.

Second, I note that in light of the Indictment in this case, probable cause exists to sustain the charges identified against Defendant.

Third, Defendant presents a risk of nonappearance because (1) of the nature of the alleged instant offense. In addition, according to the arresting FBI Special Agent, the Defendant made statements while in custody that he took a vacation to New York and Philadelphia after knowing a warrant was out for his arrest. The Defendant also made statements to Pre-trial Services that since the "execution of the warrant in June" he has lived with friends and moved from house to house; (2) the Defendant reported that his mother lives in Arizona, his wife is in the Arapahoe County Jail, he does not have a fixed address, he is unemployed, and he reported that he does not have any property or financial ties; (3) of the Defendant's self-reported weekly marijuana use. In addition, the Defendant has two convictions for alcohol related offenses; (4) the Defendant has used at least one alias name, one alias date of birth, and one alias social security number; (5) the Defendant has eight instances of failure to appear, all of which resulted in the issuance of a warrant; (6) the Defendant has been unemployed since October 2013; (7) the Defendant has pending charges of First Degree Murder in Arapahoe County District Court, Case No. 15CR907; (8) the Defendant has an active warrant for First Degree Murder in Arapahoe County, Colorado; (9) the Defendant has at least eight instances of failure to pay or comply with court orders; (10) according to the LexisNexis database, the Defendant has several motor vehicle assets which he did not report; (11) the Defendant does not have a fixed residence; and (12) the Defendant has one juvenile misdemeanor adjudication, six adult misdemeanor convictions, and o one adult felony conviction.

Fourth, Defendant presents a risk to the community because (1) of the nature of the alleged instant offense which alleges possession, distribution, and conspiracy to distribute Schedule I and II Controlled Substances; (2) the Defendant uses marijuana at least twice weekly; (3) the Defendant has one conviction for Negligent Homicide and he has an active warrant in Arapahoe County, Colorado for First Degree Murder; (4) the Defendant has at least eight instances of failure to comply with court orders; (5) of the Defendant's history of gang associations as reported by Ms. Martinez; and (6) the Defendant has one juvenile misdemeanor adjudication, six adult misdemeanor convictions, and one adult felony conviction for Negligent Homicide. In addition, the defendant has pending a First Degree Murder case in Arapahoe County.

As a result, after considering all of these factors, I cannot find that the presumption of detention has been overcome and, therefore, conclude there is a preponderance of the evidence that

no condition or combination of conditions for release will reasonably assure the Defendant's appearance for future Court proceedings, and clear and convincing evidence that no condition or combination of conditions for release will reasonably assure safety of the community.