IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

13.    SIDNEY TAYLOR

    Defendant.

## DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT

Come now the Defendant, Sidney Taylor, by and through his attorney of record, John Mosby, and respectfully files the following Objections to the April 2, 2015 Presentence Report.

### First Objection

Defendant objects to the Presentence Report's recommendation for a career-offender enhancement, which the government agreed it would refrain from requesting, if applicable.

The "Rule 11(c)(1)(B) 5K1.1 Plea Agreement, Cooperation Agreement and Stipulation of Facts" state, in pertinent parts;

> "In consideration of this plea and the Court's acceptance of the plea guilty, the government agrees to refrain from filing a request for an enhancement of sentence in this case pursuant to the provisions of Title 21 U.S.C. Section 851, *if applicable*. All remaining charges in the Indictment will be dismissed at the time of sentencing." (Id., p. 2)(Emphasis added).

1

When the Government offered Defendant its proposed agreement, it was aware of Defendant's criminal history, yet nevertheless agreed "to refrain from filing a request for an enhancement of the sentence in this case…". The Presentence Report is silent with regard to this term of the government's agreement. Defendant is entitled to the benefits of the agreement, which the government offered and he accepted.

Upon receipt of the Presentence Report, which if followed would alter the terms of the plea agreement, Defendant's attorney requested the government's position from the AUSA who signed the Agreement. After waiting a week without a response, this attorney requested a continuance of the sentencing date. Accordingly, this attorney reserves the right to supplement his first objection to the Presentence Report upon receipt of government's promised position.

### Second Objection

Defendant objects to the following PSR statement; "The defendant received cocaine from codefendant Ricky Garrison for the purpose of personal use **and distribution**." (PSR No. 108, p. 20) (Emphasis added).

The parties' Stipulation of Fact states, "During the course of the conspiracy the defendant received cocaine base on numerous occasions from RICKY GARRISON *for the defendant and the defendant's family's use*." (Plea Agreement at p. 9)(Emphasis added). This stipulation was critical to Defendant's entering into the Plea Agreement.

2

The stipulated fact is that: the cocaine received by defendant from Ricky Garrison was used "*for the defendant and the defendant's family's use.*" Defendant objects to the Presentence Report changing a stipulated fact.

### Third Objection

Defendant objects to the Presentence Report statement that; "The instant offense constitutes the defendant's fourth felony conviction." (No. 109, p. 20).

The Presentence Report reflects only <u>two</u> prior convictions. According to the Presentence Report Defendant pled guilty to a felony on June 16, 1998 (PSR #50) and again pled guilty to a felony on September 14, 1998. (PSR #48).

Respectfully submitted,

s/ John Mosby
John Mosby
Attorney for Defendant
621 17th Street, Ste. 2445
Denver, CO 80293
303.623.1355

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of April 2015, I electronically filed, via the Court ECF system, the foregoing document entitled, Defendant's Objections to Presentence Report was duly served via electronic filing upon:

<u>Via ECF email:</u>

Gary R. Kruck
Senior United States Probation Officer

<u>Via ECF email:</u>

Zachary Phillips
Assistant United States Attorney

**Hand-Delivered to the Defendant:**

Sidney Taylor

                                                s/ <u>John Mosby</u>
                                                John Mosby