IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-0213-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RICKY GARRISON,
2. JAMES TILLMON,
**3. CHRISTOPHER MARTINEZ**
4. FRANCISCO AGUILAR,
5. SIMEON RAMIREZ,
6. CHRISTOPHER VIGIL,
7. TRAVIS EDWARDS,
8. DONDRAI FISHER,
9. ARCHIE POOLE,
10. LOUIS RMAIREZ,
11. MELVIN TURNER,
12. SHAWN BEARDSLEY,
13. SIDNEY TAYLOR,
14. GREGORY WILLIAMS,
15. ROBERT PAINTER, and
16. LATOYA WIMBUSH

    Defendants.

---

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE 150 DAYS FROM THE SPEEDY TRIAL ACT COMPUTATIONS**

---

Christopher Martinez, by and through undersigned counsel, respectfully moves this Court for an Order excluding 150 days from the speedy trial time limitations, vacating current deadlines and the trial date for Mr. Martinez. In support of this motion, Mr. Martinez states as follows:

**I.    Procedural Background**

1.    On June 4, 2014, Mr. Martinez was charged with Count 1 – Conspiracy,

pursuant to 21 U.S.C. § 841(a)(1), 841(b)(1)(B(ii)(II), 841(b)(1)(C), and 846; Count 26 – Possession with Intent to Distribute less than 50 grams, within 1000 feet of a public school, pursuant to 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 860 and 18 U.S.C. § 2, and Counts 28, 30, 63, 64, 65, 66, 68 and 69 Use of a Communication Device in committing or in causing or facilitating the commission of a felony, pursuant to 21 U.S.C. § 843(b) and 843(d).

2. On April 10, 2015, Mr. Martinez was arraigned and entered a plea of not guilty.

## II.  Standard for Continuances

1. 18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(B)(I) provides that a factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

2. In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted."  *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)).  The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See*

*id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

    3.    In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. See *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider:

> (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. See id. No single factor is determinative. *See id.*

### III.    Argument

    1.    This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(8) and *West*. Accordingly, Mr. Martinez requests that this Court continue the trial, vacate current deadlines as to him, and exclude 150 days from the speedy trial calculations.

    A.    This case satisfies the requirements of 18 U.S.C. § 3161(h)(8).

    2.    To date, the discovery provided by the government is voluminous, including numerous wiretaps, surveillance videos and other evidence. The Court previously declared that this case is complex (Doc. 188).

    3.    Based upon information obtained through the preliminary hearing and through the initial review of the discovery, the government has relied upon at least one confidential informant. The government has asserted a privilege of non-disclosure with respect to the identity of the confidential informant. If the case goes to trial, the defense will need to research and potentially file a motion to compel the identity of the confidential informant. See generally *Roviaro v. United States*, 353 U.S. 53 (1957). If that motion is

granted, the defense will need to conduct an investigation into the background of the informant.

4. In addition to the factual investigation, this case presents complicated legal issues. For example, the discovery indicates that government officials used GPS monitoring devices on various automobiles. The use of such monitoring devices is relatively new and raises complicated legal issues. See generally *United States v. Jones*, 132 S. Ct. 945 (2011) (holding that the installation of such devices constitutes a search, but leaving open several issues, including: (1) whether a warrant is required to conduct such searches and (2) whether a warrant is sufficient to overcome the Fourth Amendment intrusion). The defense will need to research these issues and potentially litigate a motion to suppress related to this GPS data.

5. In addition, the discovery indicates that the government obtained search warrants for vehicles and a residence. Research will need to be conducted into those warrants and, if appropriate, the defense may need to file a motion to suppress evidence obtained from those warrants.

6. Because of the complex factual and legal issues involved, and considering the volume of discovery that must be reviewed, the defense cannot be expected to prepare an adequate defense within the currently established time limits. Potential witnesses from other states may need to be found, interviewed and background. This investigation, coupled with the other factual investigation described above, will take time and cannot be completed within the current deadlines. Failure to grant a continuance of the trial date may force Mr. Martinez to go to trial before an adequate defense can be prepared.

7. As a result, failure to grant a continuance could result in a miscarriage of justice, see 18 U.S.C. § 3161(h)(8)(B)(I), and deny counsel for Mr. Martinez the

reasonable time necessary for the effective preparation of this case taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(8)(B)(iv).

8. In contrast to the harm caused by maintaining the current time limits, granting a continuance will not harm the interests of the public and the defendant in a speedy trial. Mr. Martinez requests a continuance to allow him to investigate the case and prepare a defense. Undersigned counsel has conferred with Assistant United States Attorney Zachary Phillips and he does not oppose this motion. Thus, given that there is no opposition to this motion, it is doubtful that granting the continuance will cause any harm to anybody's interest in a speedy trial. Consequently, the ends of justice served by the delay outweigh the best interests of the public and the defendant in a speedy trial, and the Court should grant the requested continuance.

B. The West factors support a continuance of the trial date.

9. The West factors likewise support a continuance of the trial date. First, counsel for Mr. Martinez has been diligent in pursuing Mr. Martinez's defense. Counsel has discussed the case with the government, met with Mr. Martinez, and begun to review the discovery of the case. Counsel has also begun preliminary research into potential motions issues.

10. Second, the continuance, if granted, will accomplish the purpose underlying the request for a continuance. Mr. Martinez requests a continuance so that the defense will have sufficient time to investigate the case, research the legal issues surrounding the case, file any necessary pretrial motions, and properly defend against the allegations. Thus, by granting the continuance, this Court will satisfy the second West factor.

11. Third, the inconvenience to the opposing party, the witnesses and the Court will be minimal. As set forth above, the government does not oppose this motion. Moreover, because the trial date has only recently been set, last minute scheduling

changes need not be made.

12. Finally, the need for the continuance is great. Until the entire discovery has been reviewed, and the necessary investigation has been completed, counsel cannot effectively prepare pretrial motions and defend against the pending charges. As set forth above, given the complex factual and legal issues involved in the case, Mr. Martinez needs additional time to defend against the pending charges.

WHEREFORE, the defense respectfully requests that this Court issue an Order excluding 150 days from the speedy trial time limitations, vacating current deadlines and the trial date as to Mr. Martinez.

Filed this 14th Day of May, 2015

Respectfully Submitted,
/s/ Lisa Fine Moses
Lisa Fine Moses
Attorney for the Defendant,
Christopher Martinez

### CERTIFICATE OF SERVICE

I hereby certify that on this 14th Day of May, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Assistant United States Attorney
Zachary Hugh Phillips
Zachary.Phillips@usdoj.gov,

/s/ Jessica Hosler
Paralegal
LFM Defense