### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-0231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

8.    DONDRAI FISHER
    a/k/a "Abdul Halim Aswad Ali,"

    Defendant.

---

### MOTION FOR NON-GUIDELINE SENTENCE OR VARIANCE

---

    COMES NOW Defendant Dondrai Fisher, aka Abdul Halim Aswad Ali (hereinafter Mr. Ali), through counsel Lynn Pierce and moves this Court to impose a sentence of 13 months and in support of this motion, Mr. Ali says:

#### INTRODUCTION

    On February 25, 2015, Mr. Ali pleaded guilty to Count Forty-one of the Indictment charging a violation to distribute and possess with the intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2. According to the Presentence Investigation Report, Mr. Ali's offense level is 17 with an advisory guideline range of 27-33 months. In the plea agreement, the government stated its intention to recommend that the Court depart from the applicable guideline range and impose a sentence of a 35% reduction from the

guideline range followed by a term of supervised release.  If the Court finds that the Pre-sentence Investigation Report is accurate and finds a sentence of 27 months is warranted, a 35% reduction would result in a sentence of 17.55 months.  Mr. Ali has served approximately 13 months pre-sentence confinement to date.  Mr. Ali submits that a sentence of 13 months is greater than necessary to meet the goals of sentencing set out in 18 U.S.C. § 3553.

A VARIANCE PURSUANT TO 18 U.S.C. § 3553(a) IS WARRANTED

While the advisory guideline range is 27-33 months, there are numerous sentencing factors articulated in 18 U.S.C. Section 3553(a) which warrant a downward variance from the guideline sentence.   A lower guideline range with a sentence of 13 months would be fair in consideration of the nature and circumstances of the offense and the history and characteristics of Mr. Ali pursuant to 18 U.S.C. § 3553(a)(1).

FACTORS THAT MAY WARRANT A NON-GUIDELINE SENTENCE

<u>Factors to be considered in imposing a sentence, pursuant to 18 U.S.C. § 3553(a)</u>

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). The court, in determining the particular sentence to be imposed, shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. In addition, 18 U.S.C. § 3553(a) requires that the sentence: (a) reflects the seriousness of the offenses, promotes respect for the law, and provides just punishment for the offense; (b) affords adequate deterrence to criminal conduct; (c) protects the public from further crimes of the defendant; and (d) provides the defendant with needed educational or vocational

2

training, medical care, or other correctional treatment in the most effective manner. Finally, the sentence imposed must consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

Mr. Ali believes the following factors should be considered, pursuant to 18 U.S.C. § 3553(a):

<u>Nature and Circumstances of Offense and History and Characteristics of Mr. Ali</u>

The offense in the instant case involved the possession with the intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine. Mr. Ali does not contest the seriousness of the offense. However, Mr. Ali contends his history and characteristics warrant a sentence lower than 17.55 months and believes that a sentence of 13 months is warranted.

At the time of the instant offense Mr. Ali had become involved in the use of drugs and chose to take part in obtaining the same for himself and an associate. However, at all times Mr. Ali has proven to be a devoted son, brother and father. He assisted in caring for his terminally ill father before his father died in 2009. He then took over the family limousine business. He has also been an accomplished musician, obtained a recording contract and performed in numerous venues including Africa. He was written up in Westword (See attached article) and the Denver Post as a promising local talent.

While in the Jail in Douglas County, Mr. Ali has run bible studies and a reading/book club called the "Power Hour". His stoic and positive attitude while incarcerated has been an inspiration to both inmates and many guards.

<u>Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant</u>

A sentence of 13 months is sufficient to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A)).  Finally, the lesser guideline sentence of 13 months would afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B)) and protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

WHEREFORE, Mr. Ali moves for variance or a non-guideline sentence of 13 months incarceration and for any such further relief as the Court deems appropriate under the circumstances.

Dated this 22nd day of June, 2015.

BUTLER, LANDRUM & PIERCE, P.C.

*/s/ Lynn A. Pierce*
Lynn A. Pierce #18953
720 Kipling Street, Suite 201
Lakewood, CO  80215
(303) 232-3888
lpierce.blp@comcast.net
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2015, a true and correct copy of the foregoing was filed via ECF, with a copy to go to all interested parties.

s/ Lynn Pierce