IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.
1. RICKY GARRISON,
2. JAMES TILLMON,
3. CHRISTOPHER MARTINEZ
4. FRANCISCO AGUILAR,
**5. SIMEON RAMIREZ,**
6. CHRISTOPHER VIGIL,
7. TRAVIS EDWARDS,
8. DONDRAI FISHER,
9. ARCHIE POOLE,
10. LUIS RAMIREZ,
11. MELVIN TURNER,
12. SHAWN BEARDSLEY,
13. SIDNEY TAYLOR,
14. GREGORY WILLIAMS,
15. ROBERT PAINTER, and
16. LATOYA WIMBUSH

    Defendants.

---

**DEFENDANT SIMEON RAMIREZ (1) UNOPPOSED JOINT MOTION TO CONTINUE MOTIONS DEADLINES AND TRIAL DATE AND (2) STIPULATION REGARDING EXCLUSION OF TIME IN THE INTEREST OF JUSTICE PURSUANT TO 18 U.S.C. § 3161(h)(7)(A)**

---

    Defendant Simeon Ramirez, through undersigned counsel, respectfully requests that this Court continue the trial date and motions deadlines in this matter to allow his counsel to prepare effectively. In this respect, undersigned counsel was appointed on April 22, 2015 approximately 10 months after counsel for the other accused.

1

Undersigned counsel must review voluminous discovery in this case and prepare pre-trial motions pursuant to this Court's Order [Docket 476].[1] Mr. Ramirez bases his motion on the following facts:

1. Co-Defendant, Christopher Martinez filed a Motion to Exclude 150 Day from the Speedy Trial Act (Doc. #434). Mr. Martinez filed a corresponding Motion for Extension of Time to file motions (Doc. #435). This Court granted Mr. Martinez' Motion to Exclude 150 days, excluding June 4, 2015 through November 1, 2015 from the Speedy Trial Clock (Doc. #450). This Court Order also reset related deadlines. The first motion deadline is currently July 13, 2015 (Doc. # 476).

2. Undersigned counsel was appointed by this Court on April 22, 2015 (Doc.#422) and received discovery on May 11, 2015. Since being appointed, undersigned counsel has been diligent in organizing and reviewing discovery in order to identify necessary individual and joint motions. In order to do so, undersigned counsel undertaking defense tasks which were not completed by prior counsel. Most importantly, undersigned counsel is presently organizing discovery to determine what discovery is missing and what discovery must be requested from the government under Federal Rule 16 or Due Process.

3. For these reasons, undersigned counsel is compelled to request a continuance of all deadlines of 180 days in order to review discovery before being able to inform the Court regarding the necessary motions.

4. This Court has previously been apprised of the voluminous discovery involved in this case, as well as the complexity as it relates to the number of parties and

---

[1] Herein referenced as Doc. #

the alleged transactions[2]. Undersigned counsel finds herself in a position of making an effort to play catch up.

## LAW AND ARGUMENT

1. The Speedy Trial Act (the "Act") mandates that trial in a criminal defendant's case commence seventy days from the date of the defendant's initial appearance or indictment. 18 U.S.C. § 3161(c)(1) (2008). *See also Bloate v. United States*, 559 U.S. 196, 203 (2010).

2. However, Section 3161(h) of the Act excludes certain delays from the 70-day calculation. *Bloate*, 559 U.S. at 203. A court may grant a defendant's request for a continuance based upon its findings that the ends of justice served by such action outweigh the public's and the defendant's interest in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

3. The factors that a judge shall consider when determining whether to grant an ends of justice continuance include, but are not limited to: i) whether the failure to grant the continuance would result in a miscarriage of justice, ii) whether the case is so unusual due to the number of defendants that it is unreasonable to expect adequate pretrial proceedings to commence within the time limits of the Act, or iii) failure to grant the continuance would deny counsel for the defendant the reasonable time necessary for effective preparation and accounting for the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B).

4. Undersigned counsel has not had sufficient time to adequately review the

---

[2] The Court has previously found that the volume of discovery in this case makes it complex for purposes of 18 U.S.C. § 3161(h)(7)(B)(iv). (ECF No. 188.)

discovery produced on May 11, 2015 so that it may be included in or be the subject of a pretrial motion.

5. Presently, certain undersigned counselors anticipate filing motions that include a Title III challenge. However, the outstanding review of discovery pertaining to the interception of wire and electronic communications prevents counsel from filing a complete challenge to the applications and affidavits.

6. The ends of justice in allowing all parties to adequately draft motions, prepare for a motions hearing(s), and prepare for pretrial and trial proceedings are best served by excluding the time requested herein from speedy trial calculations. Undersigned counsel submits that it needs such time and a continuance to adequately review any additional discovery the Government might provide, fully investigate based upon the new discovery, interview and prepare witnesses (in addition to other necessary preparations for trial), and therefore prevent a miscarriage of justice.

7. Undersigned counsel has not communicated with the government as to the specific filing of this defendant's motion but would note the government did not object to Martinez's request of 160 day request to exclude . The government's outlined deadlines based on Defendant's Martinez counsel's request.[3] With that said, undersigned counsel cannot readily accept any concrete deadlines for the reasons outlined above, but is in agreement that a continuance well into December for the filing of the first round of Discovery motions is reasonable and just for all these Defendants.

---

[3] a) All discovery motions and motions regarding the Indictment shall be filed by November 27, 2015.
b) All suppression motions—including wiretap suppression motions (four corners and non-four corners)—shall be filed by December 30, 2015.
c) All motions to sever and motions pursuant to Federal Rule of Evidence 801(d)(2)(e) shall be filed by March 10, 2016.

Therefore, Defendants requests that this Court exclude an additional 180 days from the court's ruling on this motion from speedy trial computation in order to allow undersigned counsel as well as co-defendant counsel a reasonable amount of time to appropriately prepare for their clients' defense.

Finally, undersigned respectfully requests that this Honorable Court conduct a status conference as soon as convenient to the Court and counsel's calendars as to allow counsel to adequately address any concerns the Court may have regarding this request for a continuance and the details of what the continuance entails.

**WHEREFORE**, Defendants respectfully requests that this Honorable Court enter an order to vacate, continue and reset the presently set motions deadline and trial dates in the instant case, to set a status conference, and exclude 180 days from ruling on this motion from the speedy trial computation pursuant to 18 U.S.C. § 3161(h)(7)(A).

Dated this 2nd day of July, 2015.

                                                    Respectfully submitted,

                                                    s/Lisa Monet Wayne
                                                    LISA MONET WAYNE
                                                    Attorney for Defendant Simeon Ramirez

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of July, 2015, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

s/Lisa M.Wayne
Lisa M. Wayne