IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **RICKY GARRISON**,
2. JAMES TILLMON,
3. CHRISTOPHER MARTINEZ,
4. FRANCISCO AGUILAR,
5. SIMEON RAMIREZ,
6. CHRISTOPHER VIGIL,
7. TRAVIS EDWARDS,
8. DONDRAI FISHER,
9. ARCHIE POOLE,
10. LUIS RAMIREZ,
11. MELVIN TURNER,
12. SHAWN BEARDSLEY,
13. SIDNEY TAYLOR,
14. GREGORY WILLIAMS,
15. ROBERT PAINTER, and
16. LATOYA WIMBUSH,
    Defendants.

---

### DEFENDANT GARRISON'S UNOPPOSED MOTION TO WAIVE 25 PAGE LIMIT FOR THE DEFENDANT'S MOTION FOR CASE SPECIFIC DISCOVERY REGARDING TITLE III INTERCEPTIONS

---

COMES NOW, the undersigned, on behalf of Ricky Garrison, and moves the court for an order waiving the recently imposed limit of 25 pages for the wiretap discovery motion and extending the page limit to 75 pages. As grounds therefore, it is stated as follows:

**1.** The defense previously filed a motion to exceed the Court's 15 page limit for all motions. The defense failed, however, to ask for a specific new page amount.

This was due in large part to the ongoing drafting process and the ongoing discussions with the government to try and reach agreements on the many legal and factual issues that are present in this case.

2.     On October 5, 2015 the Court granted the request and imposed a new 25 page limit which the defense is now asking the Court to expand to 75 pages.

3.     The eleven (11) separate wiretap applications involving thirteen (13) target telephones, three (3) amended applications and three (3) independent extensions[1] in this case amounting to seventeen (17) separate applications totaling 2458 pages of factual averments based, in part, on material which has been disclosed and, in part, on material or information which has not been produced.  The applications do not set forth legal precedents but are merely allegations of fact.

4.     The defense discovery request will need to address legal standards as well as factual matters.  The defense request herein is to expand the motion addressing wiretap disclosures to 75 pages which would amount to roughly 3% of the number of pages the government used to set forth only the facts of their extraordinary requests for their wiretaps.

5.     The defense is also attempting to accommodate the wishes of numerous defense counsel.  The defense wants to report that it has agreement among all defense counsel on the wiretap discovery motion in order to avoid numerous overlapping discovery motions which combined would exceed the 75 pages now requested.  The defense is also planning on filing one discovery motion for all seventeen (17)

---

[1] Many of the wiretap applications also contained a request to extend a previous application on a different phone.  Those extension requests are not counted as separate applications for the purposes of this request.

applications instead of 17 separate motions for discovery.

6. Defense counsel believes they are legally required to set forth with particularity in the motion the factual basis for the discovery requests as well as the specific materials being requested. The defense believes this is prudent as it would allow the government and the Court to thoughtfully consider the requests.

7. Wiretap discovery motions are almost always quite complex as the defense needs to present to the court unique discovery issues and law regarding wiretap applications along with a sufficient factual basis for the request. The discovery motion will need to be directed to various law enforcement agencies, to address various issues of possible suppression (eg. necessity, *Franks v. Delaware* issues, identification of the target organization and possible subterfuge arguments), and set forth with particularity the defense theory of suppression as applied to the facts as known to the defense. In this instance it will also reveal what defense investigation has shown as it relates to the discovery issues the court will need to address.

8. The undersigned have a certain amount of experience in the area of wiretap discovery motions. A review of discovery motions and orders in other cases in the district demonstrates that the motions for discovery in wiretap cases exceed the 25 page limit to wit:

a) In the case of *United States v. Dunn*, Case No. 03CR275N, the defense motions for discovery, which were drafted by the undersigned, exceeded 50 pages, it was not stricken as being excessive and it was granted in part. The sole issue in that case was necessity.

      b) In a similar Title III case before Judge Krieger in *United States v. Valle Sierra*, et al., 06-cr-00431-MSK, Doc # 331, the motion for discovery amounted to 30 pages but the prosecution in that case also stipulated to the legal standards which apply. In this case the government has not stipulated as of yet to the legal standards. In that case various co-defendants filed separate motions for specific discovery as well. Again, the sole issue was necessity.

      c) Again in *United States v. Maya-Hernandez*, 08-cr-00209-MSK, at Doc #149, the motion for discovery amounted to 35 pages and again no briefing was done on the legal standards as the government and the defense agreed to the governing standards and the sole issue was necessity.

      d) *In United States v. Perez-Mendoza*, 08-cr-00161-EWN at Doc. #'s 263 and 339, the defense motions for discovery totaled 51 pages, with a 110 page appendix detailing the facts the defense was relying upon in making their discovery requests. In that case the total of 161 pages addressed both necessity and whether a target organization had been sufficiently identified.

**9.** In none of the above cases were the discovery motions filed on behalf of multiple codefendants. As indicated above the discovery motion in this case will address four issues (none of the above referenced cases addressed more than two issues):

      a) Necessity;

      b) *Franks v. Delaware*, 438 U.S. 154 (1978) issues

      c) The description and identification of the target organization; and

      d) Whether the investigation was actually conducted to investigate a

non-enumerated offense.

    **10.** The Tenth Circuit has stated that district courts should be flexible in the use of page limits for motions. *Timmerman v. U. S. Bank, N.A.,* 483 F.3d 1106, 1112, (10th Cir. Colo. 2007).

Respectfully submitted,

s/James A. Castle
James A. Castle
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
f: (303) 329-5500

s/Mitchell Baker_____
Mitchell Baker
1543 Champa Street, Suite 400
Denver, CO  80202
(303) 592 - 7353
mitchbaker@estreet.com

(MITCH NEEDS TO ADD HIS SIGNATURE LINE AND ADDRESS)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October, 2015, I electronically filed the foregoing **DEFENDANT GARRISON'S UNOPPOSED MOTION TO WAIVE 15 PAGE LIMIT FOR THE DEFENDANT'S MOTION FOR CASE SPECIFIC DISCOVERY REGARDING TITLE III INTERCEPTIONS** using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/James A. Castle
James A. Castle