IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal case No. 14-cr-00231-WJM-01

UNITED STATES OF AMERICA,
                              Plaintiff,

v.

1. **RICKY GARRISON**,
2. JAMES TILLMON,
3. CHRISTOPHER MARTINEZ,
4. FRANCISCO AGUILAR,
5. SIMEON RAMIREZ,
6. CHRISTOPHER VIGIL,
7. TRAVIS EDWARDS,
8. DONDRAI FISHER,
9. ARCHIE POOLE,
10. LUIS RAMIREZ,
11. MELVIN TURNER,
12. SHAWN BEARDSLEY,
13. SIDNEY TAYLOR,
14. GREGORY WILLIAMS,
15. ROBERT PAINTER, and
16. LATOYA WIMBUSH,
                              Defendants.

_____

## MOTION FOR DISCOVERY CONCERNING POTENTIAL EXPERTS
_____

The Defendant Ricky Garrison, by and through his attorney, moves for an order

requiring the production of discovery of the following information concerning expert

witnesses to be used by the government:

**1.**        The names, addresses and qualifications of all witnesses from whom the

prosecution intends to elicit expert opinion testimony at trial.  At this time the defense

1

believes the government will potentially offer experts in the field of regarding the modus operandi and tools of the trade of drug organizations, gangs, GPS monitoring, voice identification and wiretap monitoring.  The prosecution may also be intending on offering experts in fields as yet unknown.

**2.**     The defense also requests any reports and statements made by such experts and a summary of the anticipated expert testimony which shall include a statement of the subject matter of the testimony, the opinion or inference the expert witness will render, and a description of the factual basis for any opinion or reference.

**3.**     The defense also requests discovery of the underlying facts and data upon which the expert's opinions rest.  FRE 705 indicates, "The expert may in any event be required to disclose the underlying facts and data [upon which the expert has based his or her opinion] on cross-examination."  The 1972 Committee Comments to FRE 705 state, "If the objection is made that leaving it to the cross-examiner to bring out the supporting data is essentially unfair, the answer is that he is under no compulsion to bring out any facts or data except those unfavorable to the opinion.  The answer assumes that the cross-examiner has the advance knowledge which is essential for effective cross-examination, . . .,.  These safeguards are reinforced by the discretionary power of the judge to require preliminary disclosure in any event."

The 1993 Committee Comments to FRE 705 also state, "If a serious question is raised under Rule 702 or 703 as to the admissibility of expert testimony, disclosure of the underlying facts or data on which opinions are based may, of course, be needed by the court before deciding whether, and to what extent, the person should be allowed to

testify.  This rule does not preclude such an inquiry."

**4.**      In this case the prosecution may be offering expert testimony from experts in fields in which the Tenth Circuit has already accepted the expert testimony as being sufficiently reliable.  In other instances the prosecution may be offering expert testimony from experts in fields in which the Tenth Circuit has not already accepted the expert testimony as being sufficiently reliable.  For these two categories it would appear that the timing of expert disclosure should differ given the possibility of a challenge pursuant to *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 1119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999) and *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

**5.**      With respect to case agents being called as experts the Tenth Circuit has adopted the Second Circuit's approach:

> The Second Circuit found that the use of a case agent as an expert increases the likelihood that inadmissible and prejudicial testimony will be proffered, in particular, when the expert goes beyond his expertise and summarizes his beliefs about the defendant's conduct based upon his knowledge of the case. Id. at 53-54. In such circumstances, the risk of prejudice is three-fold: (1) the jury may infer the agent's opinion testimony about the defendant's activity is based on knowledge of the defendant beyond the evidence at trial, (2) the defendant's ability to cross-examine the expert/fact witness may be inhibited because a failed attempt to impeach the witness as an expert may effectively bolster his credibility as a fact witness, and (3) the expert may stray from the scope of his expertise and act as a summary witness which usurps the role of the jury and creates jury confusion as to whether the witness is relying on his general experience and reliable methodology or improperly on what he has learned of the case. Despite these risks, however, the Second Circuit did not categorically prohibit the use of case agents as experts. Rather, it cautioned trial courts to vigilantly ensure a case agent's expert testimony is reliable and its probativeness is not substantially outweighed by its prejudicial effect.

*United States v. Mendoza*, 236 Fed. Appx. 371, 384 (10th Cir. N.M. 2007) (internal

citations omitted).  This type of expert testimony is likely to be the subject of an

objection.

6.      Proposed expert testimony may also give rise to a motion in limine more

properly brought and considered prior to trial.  For example, often the government's

"expert" will attempt to testify to information based only upon the internal facts of the

case at hand.  "When an expert's bailiwick is only 'internal expertise' of the investigation

at hand and the expert does no more than 'disgorge . . . factual knowledge to the jury,'

the expert is 'no longer aiding the jury in its factfinding [but is] instructing the jury on the

existence of the facts needed to satisfy the elements of the charged offense.  *United*

*States v. Garcia*, 793 F.3d 1194, 1213 (10th Cir. Kan. 2015)(citing and quoting *United*

*States v. Mejia*, 545 F.3d 179 (2d Cir. N.Y. 2008).

7.      This Court's practice standards state:

> Expert witness disclosures pursuant to Fed. R. Crim. P. 16 shall be made
> not later than 14 days prior to the Final Trial Preparation Conference, and
> any challenges to such experts shall be made not later than 7 days prior to
> said Conference. Disclosures regarding rebuttal expert witnesses shall be
> made not later than 7 days prior to the Final Trial Preparation Conference,
> and any challenges to such rebuttal experts shall be made not later than
> the day prior to said Conference.

Practice Standards, IX, E.

8.      Under the Court's practice standards the Final Trial Preparation

Conference will take place 7 days prior to trial. Practice Standards, IV, B. If followed the

practice standards the defense would have only 7 days after the prosecution's expert

disclosures to endorse its own expert and that would be 14 days prior to trial.  Seven days is not sufficient to locate an expert, obtain funding for such an expert, produce information for the expert to review, obtain an opinion and produce disclosures to the prosecution and two weeks is not sufficient lead time for a defense expert to prepare and attend trial.  Such a schedule also does not allow for sufficient time for a *Daubert/Kumho* hearing and any concomitant ruling.  Most experts are booked months ahead.

**9.**      The defense suggests a twofold approach.  For all experts in fields in which the Tenth Circuit has not already found such expertise to be reliable the defense suggests prosecution endorsement and disclosures occur 60 days prior to trial with the defense given 30 days to endorse counter experts and provide its disclosures.  For all experts in fields in which the Tenth Circuit has already found such expertise to be reliable the defense suggests prosecution endorsement and disclosures occur 30 days prior to trial with the defense given 15 days to endorse counter experts and provide its disclosures.

**10.**      All other co-defendants are joining in this motion.

DATED this 9th day of October, 2015.

Respectfully submitted,


s/James A. Castle
James A. Castle
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
f: (303) 329-5500

s/Mitchell Baker
Mitchell Baker
Attorney for Ricky Garrison
1543 Champa, Suite 400
Denver, CO 80202
303.592.7353
mitchbaker@estreet.com

## CERTIFICATE OF SERVICE


I hereby certify that on this 9th day of October, 2015, I electronically filed the foregoing motion using the CM/ECF system which will send notification of such filing to all counsel of record in this case.


s/James A. Castle
Jam