IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal case No. 14-cr-00231-WJM-01

UNITED STATES OF AMERICA,

        Plaintiff

v.

**1. RICKY GARRISON,**
2. JAMES TILLMON,
3. CHRISTOPHER MARTINEZ,
4. FRANCISCO AGUILAR,
5. SIMEON RAMIREZ,
6. CHRISTOPHER VIGIL,
7. TRAVIS EDWARDS,
8. DONDRAI FISHER,
9. ARCHIE POOLE,
10. LUIS RAMIREZ,
11. MELVIN TURNER,
12. SHAWN BEARDSLEY,
13. SIDNEY TAYLOR,
14. GREGORY WILLIAMS,
15. ROBERT PAINTER, and
16. LATOYA WIMBUSH**,**

        Defendants.

## MOTION FOR TIMELY DISCOVERY OF *GIGLIO* MATERIALS

Mr. Garrison, joined by all co-defendants, moves pursuant to Rule 16 F.R. Crim.P., *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), move this Court for an order directing the Government to make inquiry and disclose in a timely fashion all of the information described below:

The defense requests disclosure of all materials and information pertaining to any witness or informant the government intends to present at trial that is within its possession as outlined below. Although the defense believes

1

there is ample case law which would require such disclosure there is no mandate for the timing of such disclosure nor is their universal agreement as to what constitutes discoverable materials. It is with that uncertainty that this motion is filed.

This request extends to individuals who cooperated during the investigation of this case, any indicted codefendants who have made agreements with the government to and any individual whose statements the government intends on offering as an exception or exclusion to the hearsay rule.[1] This request extends to those materials in the custody and control of the prosecutor and members of his staff and any others who have participated in the investigation and evaluation of the above-entitled case and who either report to or with reference to this particular case, have reported to the Government, or the existence of which is known or by the exercise of due diligence could be made known to the above-described persons.

The information requested is as follows:

**1.**     NAME AND LAST KNOWN ADDRESS. The defense seeks the last known address of any witness.[1] See, *United States v. Mapue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witness ineffective assistance of counsel); *United States v.*

---

[1] For the purpose of this motion the term "witness" refers to any non-law enforcement individual who the prosecution intends on calling as a witness at trial or whose statement they are seeking to admit under an exclusion or exception to the hearsay rule.

*Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses); *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

    2.    GUILTY VERDICTS, JUVENILE ADJUDICATION OR OTHER BAD ACTS, This request includes but is not limited to relevant docket numbers and jurisdiction of pending cases and probation or pre-sentence reports of any witness. F.R.E. 609. See, *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *United States v. Chavez-Vernaza*, (9th Cir., May 5, 1988). Discovery extends to production of "rap sheets", *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980); *United States v. Leichtfuss*, 331 F.Supp. 723, 736 (N.D. Ill. 1971); see, *United States v. Alvarez-Lopez*, 559 F.2d 1155 (9th Cir. 1977), and includes evidence that a prospective witness is under investigation by federal, state or local authorities for criminal conduct. *United States v. Chitty*, 760 F.2d 425, 428 (2nd Cir. 1985). F.R.E. 608(b), in some instances, allows cross-examination of witnesses as to specific instances of misconduct, even though such behavior did not result in a felony conviction or arrest. Acts which involve deceit, fraud or false statements, or impeaches the witness' truthfulness, or shows motive, intent, knowledge, common scheme or plan etc., are subject to disclosure. See, F.R.E. 404(b); McCormick, *Evidence*, Sec. 40 at 78-80 (2nd Ed. 1972); *United States v. Alvarez-Lopez*, 559 F.2d 1155 (9th Cir. 1977); See also, *United States v. Hibler*, 463 F.2d 455, 460 (9th Cir. 1972).

    3.    CONSIDERATION. Promises of consideration whether express or implied, including but not limited to eligibility for receipt of any portion of the value of assets seized from the witness to or on behalf of a witness or his family

3

expected or hoped for by the witness, including leniency, favorable treatment or recommendations with respect to any pending or potential criminal, civil, tax court, administrative or other matter, or payments of money, fee or rewards to the witness must be disclosed. *United States v. Shaffer*, 789 F.2d 682 (9th Cir. 1986); *United States v. Gerard*, 491 F.2d 1300 (9th Cir. 1974); *United States v. Pope*, 529 F.2d 112 (9th Cir. 1976). This includes advice concerning any contemplated prosecution, or possible plea bargain, even if no bargain was made. *Brown v. Duggen*, 831 F.2d 1547, 1558 (11th Cir. 1986)(evidence that witness sought plea bargain is to be disclosed, even if no deal struck); *Haber v. Wainwright*, 765 F.2d 1520, 1524 (11th Cir. 1985).

The defense is also seeking disclosure of promises or other inducement to cooperate and testify against the defendant. The duty to disclose such information is an affirmative one. *Giglio v. United States*, 405 U.S. 150 (1972).

The prosecution must exercise due diligence to determine what consideration its witnesses have received or expect to receive and to disclose this information. This includes the total compensation or benefits paid to or expected by each witness and the source thereof; see, e.g., *United States v. Leja*, 568 F.2d 493 (6th Cir. 1977); *United States v. Partin*, 493 F.2d 750, 757-60 (5th Cir. 1974), *cert. denied*, 434 U.S. 903 (1977); any beneficial treatment in tax, e.g. 21 U.S.C. Sec. 7122 and 7623, or administrative matters, e.g., *United States v. Wolfson*, 437 F.2d 862, 874-75 (2d Cir. 1970); any business assistance, e.g., *Azbill v. Pogue*, 534 F.2d 195 (9th Cir. 1976); grants of immunity, e.g. *United States v. Dillard*, 419 F.Supp. 1000 (N.D. Ill. 1976); relief from forfeiture, e.g.,

4

*Untied States v. Parness*, 408 F.Supp. 440, 444-45 (S.D.N.Y. 1975); assistance in posting bond, e.g. *United States v. Garza* 575 F.2d 298, 301-02 (5th Cir. 1978); placement in protective custody, e.g. *United States v. Librach*, 520 F.2d 550 (9th Cir. 1975), cert. denied, 429 U.S. 939 (1976); special treatment while in custody, e.g, *Chavis v. North Carolina*, 637 F.2d 213, 225-26 (4th Cir. 1980); benefits associated with witness' status as an informer, e.g. *United States v. Disston*, 582 F.2d 1108 (7th Cir. 1978); *United States v. Mele*, 462 F.2d 918 (2d Cir. 1972).

    4.    BIAS, MOTIVE OR INTEREST. The prosecution must disclose known sources of a witness's bias, motive or interest. *Pennsylvania v. Ritchie*, 480 U. S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988). The constitutional right to cross-examination of one's accusers for such bias and motive would be hollow indeed if the Government possesses such information concerning its own witnesses and does not disclose it. *Davis v. Alaska*, 415 U.S. 308, 315 (1974); *United States v. Ray*, 731 F.2d 1361, 1364 (9th Cir. 1984); *Chipman v. Mercer*, 628 F.2d 528 (9th Cir. 1980); *Patterson v. McCarthy*, 581 F.2d 220 (9th Cir. 1978). This includes information of any or ongoing investigations in which any witness was or is involved as an informant, confidential or otherwise, witness or provider of information. *United States v. Shaffer*, 789 F.2d 682, 689 (9th Cir. 1986).

    5.    THREATS. Any threats expressed or implied, direct or indirect, whether coercively made or directed against any witness in the form of criminal prosecutions, investigations, or potential prosecutions pending. If during plea

5

agreement discussions with a cooperating witness, *Brady* material is revealed, the prosecution must disclose it. *United States v. Dupuy*, 760 F.2d 1492 (9th Cir. 1975). A defendant is entitled to be advised of any matter which might cause a witness to color his testimony in favor of the Government out of fear or interest is self-preservation. See, e.g., *United States v. Sutton*, 542 F.2d 1239 (4th Cir. 1976) (error not to disclose threat by F.B.I. agent to prosecute witness which was intended to induce witness' cooperation); *Barnard v. United States*, 342 F.2d 309, 314-17 (9th Cir. 1975)(error to preclude full exposure of events surrounding the bringing of an additional charge.

      Evidence of a witness's wrongdoing, even though not amounting to a felony conviction or involving elements of moral turpitude or bad character, may nonetheless be introduced when relevant to show the bias or self-interest of the witness. See, e.g. *United States v. Alvarez-Lopez*, 559 F.2d 1155 (9th Cir. 1977); *Green v. Wainwright*, 634 F.2d 272 (5th Cir 1981). This request includes information concerning the witness' vulnerability to prosecution, parole or probation revocation, or other sanction. In *United States v. Bonnanno*, 430 F.2d 1060 (2d Cir. 1970), cert. denied, 400 U.S. 964 (1971), the court condemned the Government's failure to disclose an outstanding indictment against a witness since the pendency of the charge would have shown "possible motivation of the witness to testify favorably for the Government." Id., at 1062. See, also, *United States v. Padgent,* 432 F.2d 701 (2d Cir. 1970). See, also, *United States v. Crumley*, 565 F.2d 945-50 (5th Cir. 1978); *United States v. Gerard*, 491 F.2d 1300, 1304 (9th Cir. 1974).

6

**6.** PRIOR TESTIMONY. The existence and identification of each occasion on which a witness has testified before any court, grand jury, or other tribunal body or made other statements must be disclosed so defendant can order transcripts of testimony for use in cross-examination, or investigate sources or extrinsic impeachment. C.R.E. 801 (d)(1) and 806. If the Government has information which may lead to proof of prior inconsistent statements or other evidence helpful to defendant, fundamental fairness requires that it be turned over to the defense without further delay. See, *Davis v. Hayd*, 479 F.2d 446 (5th Cir. 1973).

**7.** INTERNAL LAW ENFORCEMENT FILES. Any and all impeaching information contained in any federal and local Government files (or computer information) maintained concerning the witness. If a Government employee is a prosecution witness, the defendant is entitled to have access to his or her Government personnel file to ascertain whether there is information within which could be of an impeaching nature. *United States v. Duetsch*, 475 F.2d 55, 57-58 (5th Cir. 1973) quoted in *United States v. Cadet*, supra, at 1467. In *United States v. Morell*, 524 F.2d 550, 552-55 (2d Cir. 1975), the Court of Appeals held that the defense was entitled to impeachment information in the confidential file of an informant witness. See also, *United States v. Beekman*, 155 F.2d 580 (2d Cir. 1946).

**8.** COMPETENCY. Information which impeaches a witness' competency and his capacity and opportunity to observe, remember, recall and narrate as well as his character for veracity, partiality and evidence of "basic

mental trouble" can not be suppressed and must be disclosed. *Wilman v. Powell*, 293 F.2d 605, 606 (5th Cir. 1961); *Powell v. Wiman*, 287 F.2d 275, 278-79 (5th Cir. 1961). See generally, *United States v. Partin*, 493 F.2d 750, 762-64 (5th Cir. 1974).

    **9.**    FALSE OR INCONSISTENT STATEMENTS.  False or erroneous statements, whether under oath or penalty of perjury, or evidence that any witness does not have a good reputation in the community for honesty are discoverable, see, *United States v. Stifler*, 851 F.2d 1197 (9th Cir. 1988), or any evidence of contradictory or inconsistent statements with regard to this case or any statement showing of bias or motive to fabricate. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Hibler*, 463 F.2d 455 (9th Cir. 1972). Specifically included in this request are statements made by any witness which contradicts a statement made by any other witness as such are conflicting and can be used to cast doubt on the credibility of one or both witnesses.

    **10.**    POLYGRAPH TESTS. Oral and written results of any polygraph test administered to any witness whether by the prosecution or the F.B.I. for the witness protection program.  Defendant also asks for evidence of any refusals by the witness to take a polygraph test.  *Carger v. Rafferty*, 826 F.2d 1299 (3rd Cir. 1987).

    **11.**    OTHER.  All information within the possession of the Government or in computer files to which the Government has access concerning:

(a) Whether the witness has a Naddis number, and, if so, the reasons for assigning that number including all documentation and information supporting or leading to the assignment of that number:

(b) Suspected involvement in illegal activities;

(c) Known or believed associates in illegal activity;

(d) Whether that person has provided information to the Government or had aided law enforcement in the past;

(e) All instances of illegal acts, misinformation, lies, or failure to disclose the full truth since cooperating with the Government;

(f) Any individual(s) or group(s) about which the witness is not required to testify and / or give information or who / which stand to benefit from the witness' agreement with the Government;

(g) Whether the witness is required to testify in this case;

(h) Whether the witness' cooperation is limited to this case;

(i) Any rules, procedures, conditions, directions, etc., provided to the witness to guide him/her in serving as a person cooperating with the Government and any instance of violations or suspected violations thereof;

(j) Any psychiatric requests and/or examinations or evidence of mental health treatment or counseling regarding the witness:

(k) Any and all records of evaluation, counseling, treatment of the witness for substance abuse or other mental health conditions;

(l) Any instances of discipline or psychological or psychiatric report or incident reports while incarcerated;

9

(m)  Any evidence that the witness constituted a security risk while incarcerated;

(n)  The number of transfers between institution of the witness while in custody and the reason therefor;

(o)  All records of complaints lodged by or on behalf of the witness while incarcerated and records indicating any disciplinary action, placement in security cell or isolation, belief that the witness might be a security risk and or transfers and the reasons therefore while incarcerated;

(p)  Information and data provided and action thereon if the witness has applied for acceptance into any witness protection program.

(q)  Any reduction, modification in or special terms of sentence for the witness attributed to the witness' cooperation with the Government;

(r)  Any sentence, reduction or modification of sentence which does not conform to the law in existence at the time of the sentence reduction, along with all information regarding unreported meeting between the sentencing, modifying judge and the Government or the witness;

(s)  Any and all correspondence or other communication between the sentencing, modifying or reducing judge and the Government and or witness regarding the sentence, modification or reduction;

(t)  Information regarding instances of use and controlled substance and or use by the witness of prescription drugs;

(u) Any opinion or reputation evidence referring to, or any specific instance of conduct probative of the character of any witness for untruthfulness. C.R.E. 608(a), (b);

(v) Any and all efforts of the investigation agents, officers, and or any other police or prosecutorial officials or agents to verify and of the information provided by any inmate witness or other informer, and any other individual who has provided or is providing testimony against defendant herein;

(w) For each informant who provided information used in any application for search or seizure warrants, the date the information was promised, the specific indicia of reliability, to whom it was provided, the reasons and circumstance under which it was promised, whether the informant requested his / her identity to be withheld, and all documents reflecting the information provided;

(x) Whether any witness / information is no longer living or unavailable to the Government;

(y) All investigative or intelligence reports referring to the witness or any confidential informant;

(z) Records or all visits by other witnesses, cooperating individuals or law enforcement officers while incarcerated, before and after sentencing;

(aa) Any and all information that the witness has recanted their statement or indicated that they were not willing to testify

11

consistent with the statement made inculpating a defendant; and

(bb) Any indication that a witness, after cooperating with the government, went back and cooperated with any defendant or target of the criminal investigation.

(cc) If any informant or witness is in the United States as a non-citizen or pursuant to asylum or a visa the entire A-File, any form I-485 application to Register Permanent Residence or Adjust Status; any lawful permanent resident card and all records pertaining to obtaining or being denied such a card; any forms, orders, or other documentation pertaining to expedited removal.

WHEREFORE, the defense requests the Court order the government to comply with disocvery requests, as outlined above, as soon as practicable.

s/James A. Castle
James A. Castle
Attorney at Law
1544 Race St.
Denver, CO 80206
(303) 675-0500
f: (303) 329-5500

s/Mitchell Baker
Mitchell Baker
1543 Champa Street, Suite 400
Denver, CO  80202
(303) 592 - 7353
mitchbaker@estreet.com

_____

      CERTIFICATE OF SERVICE
_____

I hereby certify that on this 9th day of Otcober, 2015, I served a true and correct copy of the foregoing motion to all parties via U.S. Court ECF filing.

S/James A. Castle