IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal case No. 14-cr-00231-WJM-01

UNITED STATES OF AMERICA,
                Plaintiff,

v.

1. **RICKY GARRISON**,
2. JAMES TILLMON,
3. CHRISTOPHER MARTINEZ,
4. FRANCISCO AGUILAR,
5. SIMEON RAMIREZ,
6. CHRISTOPHER VIGIL,
7. TRAVIS EDWARDS,
8. DONDRAI FISHER,
9. ARCHIE POOLE,
10. LUIS RAMIREZ,
11. MELVIN TURNER,
12. SHAWN BEARDSLEY,
13. SIDNEY TAYLOR,
14. GREGORY WILLIAMS,
15. ROBERT PAINTER, and
16. LATOYA WIMBUSH,
                Defendants.

_____

**MOTION FOR NOTICE OF FRE 404(B), 405, 406, 608 AND RES GESTAE EVIDENCE**
_____

      The Defendant, Ricky Garrison, and all remaining co-defendants, respectfully requests this Court to direct the government to disclose to the Defendant at least 60 days prior to trial any evidence of the below listed types that it intends to introduce against the Defendant. As grounds for said motion it is stated as follows:

      **1.**     FRE rule 404 authorizes the potential admission of other crimes, or bad

1

act evidence that is not included in the indictment if it relates to certain evidential concepts. FRE 405 authorizes the potential admission of evidence of specific instances of a defendant's conduct not included in the indictment if such matters relate to an essential element of a charge or claim. FRE 406 authorizes the potential admission of the defendant's habits which may be based on acts not charged in the indictment. FRE 608 authorizes the potential admission of opinion or reputation evidence concerning the defendant's character for truthfulness which again may be based on acts not charged in the indictment. The Tenth Circuit has approved using *res gestae* evidence "when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of the crime on trial by proving its immediate context or the *res gestae*." *United States v. Kimball,* 73 F.3d 269, 272 (10th Cir. 1995). Again, *res gestae* evidence need not be set forth in the indictment. It is proper to conduct a hearing and make rulings on the admissibility of *res gestae* evidence prior to trial. See eg. *United States v. Webb*, 2013 U.S. Dist. LEXIS 160012, 2013 WL 5966135 (D. Kan. Nov. 8, 2013)

    **2.**    FRE 404 (b) requires advance notification of the government's proposed use of any other crimes, wrongs, or acts. FRE (b)(2)(A). This notice requirement evidences a desire that surprise not rule the day and that a party have an opportunity to fairly address or challenge the proposed evidence. There does not appear to be a rational distinction in requiring notice of FRE 404 (b) evidence and not requiring advance notice of FRE 405, 406, 608 and *res gestae* evidence.

    **3.**    The standard discovery conference memorandum, which applies to all

cases, provides for 21 days notice for FRE 404(b) evidence. This case, however, is much more complex and the potential other acts evidence against the defendants include murder, witness intimidation, armed robberies, prostitution etc.. Because of the complexity of the case, the need to investigate other bad acts, and the defendant's need to fully and fairly address such evidence, it is requested that the government notify the defense if it intends to introduce any of the above referenced types of evidence at least 60 days prior to trial.

    **4.**    One of the basic premises of the due process clause of the Fourteenth Amendment is the concept of notice and an opportunity to be heard. The defendant should be entitled to no less notice for acts not charged than it is entitled for charged acts if such uncharged acts will form a part of the quilt being woven for conviction. In addition, the defense may be entitled to suppress the evidence if it was illegally obtained or does not meet the standard for relevance under FRE 403. Depending on the type of evidence the defense may need to file discovery requests, issue subpoenas *duces tecum*, interview and subpoena witnesses, move for severance, etc., all of which takes considerable time and may require a continuance if not enough time is allotted to meet the evidence.

    **5.**    Finally, because all of the above types of evidence carry the potential to have a spill over effect concerning the character of an accused the defense may wish to proffer and propound *voir dire* questions on the impact of such character evidence and may wish to adjust trial strategy based on the potential admission of the evidence. This is all the more complex in a co-defendant case. Such decisions should not be made at

the last minute and in a haphazard manner.

DATED this 9th day of October, 2015.

Respectfully submitted,

s/James A. Castle
James A. Castle
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
f: (303) 329-5500

Mitchell Baker
Attorney for Ricky Garrison
1543 Champa, Suite 400
Denver, CO 80202
303.592.7353
mitchbaker@estreet.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2015, I electronically filed the foregoing **MOTION FOR EARLY DISCLOSURE OF JENCKS, *BRADY* AND *GIGLIO* MATERIAL AND IMMEDIATE DISCLOSURE OF ALL *BRADY* AND *GIGLIO* MATERIALS WHICH RELATE TO PRE-TRIAL MOTIONS ISSUES** using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                              s/James A. Castle
                                              Jam