IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM-14

UNITED STATES OF AMERICA,

    Plaintiff,

v.

14.    GREGORY WILLIAMS,

    Defendant.

---

**RULE 11(c)(1)(B) 5K1.1 PLEA AGREEMENT,
COOPERATION AGREEMENT AND STIPULATION OF FACTS**

---

The United States of America (the government), by and through Zachary Phillips, Assistant United States Attorney for the District of Colorado, and the defendant, Gregory Williams, personally and by counsel, Peter D. Menges, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

The defendant agrees to plead guilty to Count Two of the Indictment charging on or about November 16, 2013, within the State and District of Colorado, the defendants, RICKY GARRISON and GREGORY WILLIAMS, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid,

1



abet, counsel, command, induce or procure the same. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

The defendant further agrees he will admit the forfeiture allegations in the Indictment and confess forfeiture to all items the government has in its possession to which the defendant could make any claim.

In consideration of this plea and the Court's acceptance of the plea of guilty, the government agrees to refrain from filing a request for an enhancement of sentence in this case pursuant to the provisions of Title 21 U.S.C. Section 851, if applicable. All remaining charges in the Indictment will be dismissed at the time of sentencing.

The defendant agrees to timely file a notice of disposition, request a change of plea hearing date, and to withhold or withdraw any pretrial motions in this case. In return, the government agrees to request that the defendant receive a two-level decrease for timely acceptance of responsibility pursuant to United States Sentencing Guideline Section 3E1.1(a).

The defendant agrees to provide truthful, complete and accurate information, and agrees to cooperate fully with the government. Deliberate falsehoods or misinformation provided during his cooperation with the government would be grounds for rescission of this Plea Agreement as well as possible further prosecution for perjury or false statements. This cooperation will include, but is not limited to, the following:

    a.    The defendant agrees to be fully debriefed, and to attend all meetings at which his presence is requested, concerning his participation in and knowledge of all criminal activities.

b.    The defendant agrees to furnish to the government all documents and other material that may be relevant to the investigation and that are in the defendant's possession or control.

c.    The defendant agrees not to reveal his cooperation, or any information derived therefrom, to any third party without notifying the government.

d.    The defendant agrees to testify fully and truthfully at any proceeding in the District of Colorado or elsewhere as requested by the government.

e.    The defendant agrees that he will at all times give complete, truthful and accurate information and testimony and that he will fully and truthfully disclose all information with respect to the activities of himself and others concerning all matters about which the government inquires.

f.    The defendant consents to postponements of his sentencing, as requested by the government and as approved by the Court. Should the defendant be required to provide testimony at a time subsequent to his sentencing in this case and should the defendant fail, at a later date, to comply with the obligation to testify, the government could seek to re-charge him on any and all counts which were dismissed as part of this Plea Agreement.

In further consideration of this plea, if the United States Attorney's Office for the District of Colorado determines, in its sole discretion, that the defendant has cooperated fully, provided substantial assistance to law enforcement authorities and otherwise complied with the terms of this agreement, the government, at the time of sentencing, will file a motion with the sentencing Court pursuant to Section 5K1.1 of the Sentencing Guidelines, provided the defendant continues to truthfully cooperate and does not retract or otherwise recant the information supplied. This motion will permit the Court, in its discretion, to impose a sentence below the applicable Sentencing Guidelines range.

It is understood that the government's determination of whether the defendant has cooperated fully and provided substantial assistance, and the government's assessment of the

3

value, truthfulness, completeness and accuracy of the cooperation, are within the government's sole discretion. Moreover, the defendant shall not be entitled to withdraw his plea if the government determines that he has not fully cooperated and elects not to file the above described motion. The defendant's full cooperation, in the form of testimony, if required, has not yet been completed; however, in consideration of this proposed cooperation, and pursuant to Section 5K1.1 of the Sentencing Guidelines, the government states its intention to recommend that the Court depart from the applicable guideline range and impose a sentence two offense levels below the applicable guideline range followed by a term of supervised release. The nature and extent of the defendant's cooperation, as well as the final requested departure, will be disclosed in relation to the 5K1.1 motion or will be disclosed at time of sentencing. The parties understand and agree that the decision of whether to file such a 5K1.1 motion is entirely within the discretion of the government.

The parties recognize that any departure requested by the government will be a recommendation to the Court and that the ultimate question of whether a departure is to be granted and the amount of that departure will rest solely within the discretion of the sentencing Court.

The defendant also acknowledges that he will not be able to withdraw his guilty plea in the event the Court elects not to grant any downward departure request made by the government or rejects the amount of the departure requested by the government.

The defendant also agrees that he shall assist the government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge

have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be subject to forfeiture. Additionally, the defendant agrees to identify to the best of his ability as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to the Government upon request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property, and to testify truthfully at any hearing as requested by the government.

The defendant also admits the corresponding forfeiture allegation of the Indictment and agrees to forfeit to the United States pursuant to Title 21 United States Code, Section 853, any and all interest he may have in any property constituting or derived from any proceeds obtained directly or indirectly from the commission of the offenses alleged in Counts One through Fifty-nine and Counts Sixty-one through Sixty-nine of the Indictment. Further, should any family member, associate, or acquaintance attempt to contest any such property, the defendant agrees to provide necessary information to the government regarding any such claim to the best of his ability, and to testify in any related forfeiture action, regarding any such claim to the best of his ability.

The defendant also knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to forfeited assets. Finally, the defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification

of any judicial or administrative forfeiture proceedings brought against said assets, and the defendant agrees to waive any appeal for the forfeiture. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct.

The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence imposed is above the maximum penalty provided in the statute(s) of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the total offense level is higher than 10 and imposes a sentence above the sentencing guideline range calculated for that total offense level and imposes a sentence above the sentencing guideline range calculated for that total offense level. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742.

The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a

claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

## II.  ELEMENTS OF THE OFFENSE(S)

The elements of the charge in Count Two of the Indictment, which the government must prove beyond a reasonable doubt if this matter goes to trial and to which the defendant must admit if the defendant is to enter a plea of guilty, are as follows:

a. The defendant knowingly or intentionally possessed a controlled substance, to wit: cocaine;

b. The substance was in fact a controlled substance;

c. The defendant possessed the substance with the intent to distribute it;

d. The amount of the cocaine was less than 500 grams of a mixture or substance containing a detectable amount of cocaine.

Aiding and Abetting

a. Someone else committed the charged crime; and

b. The defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

## III.  STATUTORY PENALTIES

The maximum statutory penalty for a violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(C) is: not more than 20 years imprisonment; not more than $1,000,000 fine, or both; not less than 3 years supervised release; and $100 special assessment fee. There is no restitution.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

### V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. §3553 factors, or to the Court's overall sentencing decision.

8

The parties agree as follows:

The investigation underlying the conspiracy charged in Count One of the Indictment began on or about June 1, 2013, through on or about June 4, 2014. The government's evidence at trial would include recordings of the defendant obtained through court authorized wiretaps, cocaine, cocaine base, heroin, methamphetamine and other evidence of drug trafficking seized from the defendant or other defendants, testimony of investigators regarding surveillance of the defendant and other investigative findings, and the testimony of cooperating co-defendants.

The facts related to Count Two of the indictment are that on November 16, 2013, the defendant and RICKY GARRISON had numerous phone calls which discussed RICKY GARRISON supplying the defendant with cocaine and cocaine base. As a result of those phone calls, RICKY GARRISON supplied the defendant with cocaine on November 16, 2013.

During the course of the conspiracy, the defendant was supplied with approximately a quarter ounce of cocaine (a "quay") twice a week from co-defendant RICKY GARRISON. Garrison charged the defendant $300 for a quarter ounce of cocaine. Additionally, the defendant would occasionally receive cocaine base from RICKY GARRISON.

The relevant conduct of the defendant would include 9 grams of cocaine from November 16, 2013, and 1.7 grams of cocaine base from November 16, 2013.

In determining relevant conduct, the drug equivalency table USSG §2D1.1(D) is used and the following amounts are relevant:

9 grams of cocaine is equivalent to 1.8 kilograms of marijuana, and

1.7 grams of cocaine base is equivalent to 6.07 kilograms of marijuana.

*The total drug equivalency for which the defendant is accountable is 7.87 kilograms of marijuana.*

*For purposes of relevant conduct the defendant stipulates pursuant to USSG § 1B1.3(a)(1)(B) that the total drug quantity for which he is accountable is at least 5 kilograms but less than 10 kilograms of marijuana.*

## VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

    A.    Pursuant to section 1B1.3 and section 2D1.1, the base offense level is **12** computed on greater than 5 kilograms of marijuana but less than 10 kilograms of marijuana.

    B.    Assuming that the defendant timely filed a notice of disposition and withheld or withdrew any pretrial motions in this case, the defendant should receive a two-level downward adjustment for timely acceptance of responsibility. The resulting offense level is **10**.

    C.    The parties understand that the stipulation regarding criminal history of the defendant is tentative, and that the defendant is in a better position to know the relevant facts than is the government. The criminal history category is more completely and accurately determined by the Probation Department, and additional facts regarding the criminal history can greatly affect the final guideline range. Nevertheless, the parties believe that the defendant's Criminal History Category is I.

D.  The career offender/career livelihood adjustments do not apply.

E.  The advisory guideline range resulting from these calculations is 6 to 12 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 6 months (bottom of Category I) to 30 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the count of conviction.

F.  Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $ 2,000 to $ 20,000, plus applicable interest and penalties.

G.  Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not less than 3 years.

H.  Pursuant to guideline § 5E1.3, there is a special assessment fee of $100.

## VII.   ENTIRE AGREEMENT

The parties believe the advisory sentencing range resulting from the proposed plea agreement is appropriately calculated because all relevant conduct is disclosed, the sentencing guidelines take into account all pertinent guidelines sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement. There are no other promises, agreements, side agreements, terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 9/23/15

_____
Gregory Williams
Defendant

Date: 9/23/15

_____
Peter D. Menges
Attorney for Defendant

Date: 11/4/15

_____
Zachary Phillips
Assistant U.S. Attorney

12