IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**COURT EXHIBIT 1**
14-cr-00231

Criminal Action No. 14-cr-00231-WJM-3

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3.    CHRISTOPHER MARTINEZ,

    Defendant.

---

**RULE 11(c)(1)(A) PLEA AGREEMENT
AND STIPULATION OF FACTS**

---

The United States of America (the government), by and through Zachary Phillips, Assistant United States Attorney for the District of Colorado, and the defendant, Christopher Martinez, personally and by counsel, Lisa F. Moses, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

**I.   AGREEMENT**

The defendant agrees to plead guilty to Count One of the Indictment charging on or about and between June 1, 2013, and June 4, 2014, both dates being approximate and inclusive, within the State and District of Colorado and elsewhere, the defendants:

    RICKY GARRISON,
    JAMES TILLMON,
    CHRISTOPHER MARTINEZ,
    FRANCISCO AGUILAR,
    SIMEON RAMIREZ,
    CHRISTOPHER VIGIL,

1

      TRAVIS EDWARDS,
      DONDRAI FISHER,
      ARCHIE POOLE,
      LUIS RAMIREZ,
      MELVIN TURNER,
      SHAWN BEARDSLEY,
      SIDNEY TAYLOR,
      GREGORY WILLIAMS,
      ROBERT PAINTER,
      LATOYA WIMBUSH,

and others both known and unknown to the Grand Jury, did knowingly and intentionally conspire to distribute and possess with the intent to distribute, one or more of the following controlled substances: (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base; (3) less than 100 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance; (4) less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance. All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii)(II), 841(b)(1)(B)(iii), 841(b)(1)(C), and 846.

      The defendant further agrees he will admit the forfeiture allegations in the Indictment and confess forfeiture to all items the government has in its possession to which the defendant could make any claim.

      In consideration of this plea and the Court's acceptance of the plea of guilty, the government agrees to refrain from filing a request for an enhancement of sentence in this case pursuant to the provisions of Title 21 U.S.C. Section 851, if applicable. All remaining charges in

the Indictment will be dismissed at the time of sentencing.

The defendant agrees to timely file a notice of disposition, request a change of plea hearing date, and to withhold or withdraw any pretrial motions in this case. In return, the government agrees to request that the defendant receive a three-level decrease for timely acceptance of responsibility pursuant to United States Sentencing Guideline Section 3E1.1(b).

The defendant also admits the corresponding forfeiture allegation of the Indictment and agrees to forfeit to the United States pursuant to Title 21 United States Code, Section 853, any and all interest he may have in any property constituting or derived from any proceeds obtained directly or indirectly from the commission of the offenses alleged in Counts One through Fifty-nine and Counts Sixty-one through Sixty-nine of the Indictment. Further, should any family member, associate, or acquaintance attempt to contest any such property, the defendant agrees to provide necessary information to the government regarding any such claim to the best of his ability, and to testify in any related forfeiture action, regarding any such claim to the best of his ability.

The defendant also knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to forfeited assets. Finally, the defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings brought against said assets, and the defendant agrees to waive any appeal for the forfeiture. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct.

The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence imposed is above the maximum penalty provided in the statute(s) of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the total offense level is higher than 26 and imposes a sentence above the sentencing guideline range calculated for that total offense level and imposes a sentence above the sentencing guideline range calculated for that total offense level. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742.

The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

## II. ELEMENTS OF THE OFFENSE(S)

The elements of the charge in Count One of the Indictment, which the government must prove beyond a reasonable doubt if this matter goes to trial and to which the defendant must admit if the defendant is to enter a plea of guilty, are as follows:

    a.    two or more persons agreed to violate the federal drug laws;

    b.    the defendants knew the essential objective of the conspiracy;

    c.    the defendant knowingly and voluntarily involved himself in the conspiracy; and

    d.    there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

    e.    the overall scope of the conspiracy involved one or more of the following controlled substances: (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base; (3) less than 100 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance; (4) less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of Title 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) is: not less than 5 years imprisonment; not more than 40 years imprisonment; not

5

more than $5,000,000 fine, or both; not less than 4 years supervised release; and $100 special assessment fee. There is no restitution.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

### IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

### V.   STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which

6

are relevant to the Court's guideline computations, to other 18 U.S.C. §3553 factors, or to the Court's overall sentencing decision.

The parties agree as follows:

*The investigation underlying the conspiracy charged in Count One of the Indictment began on or about June 1, 2013, through on or about June 4, 2014. The government's evidence at trial would include recordings of the defendant obtained through court authorized wiretaps, cocaine, cocaine base, heroin, methamphetamine and other evidence of drug trafficking seized from the defendant or other defendants, testimony of investigators regarding surveillance of the defendant and other investigative findings, and the testimony of cooperating co-defendants.*

*During the course of the conspiracy the defendant supplied cocaine and/or methamphetamine and/or heroin to other members of the conspiracy to include: Ricky Garrison, Melvin Turner, Shawn Beardsley, Luis Ramirez, as well as others.*

*An example of a specific drug transaction took place on January 5, 2014. On January 5, 2014, co-defendants Robert Painter and Ricky Garrison had telephone conversations regarding Robert Painters' need to obtain methamphetamine. Ricky Garrison then contacted the defendant and arranged for the defendant to deliver a quarter ounce (approximately 7 grams) of methamphetamine to Ricky Garrison. Ricky Garrison then delivered the methamphetamine to Robert Painter for further distribution.*

*Additionally, on April 11, 2014, the defendant supplied co-defendant Shawn Beardsley with 6.45 grams of heroin. The defendant accomplished this drug transaction by having co-defendant Melvin Turner deliver the heroin to Shawn Beardsley.*

7

*On April 16, 2014, the defendant supplied 4.1 grams of cocaine to co-defendant Luis Ramirez so that Luis Ramirez could further distribute the cocaine.*

*During the course of the conspiracy, the defendant supplied at least 9 ounces (255 grams) of methamphetamine and 5 ounces (142 grams) of heroin to Luis Ramirez.*

*For purposes of relevant conduct the defendant stipulates pursuant to USSG § 1B1.3(a)(1)(B) that the total drug quantity for which he is accountable is at least 4.1 grams of cocaine, 148.65 grams of heroin, and 255 grams of methamphetamine. According to the Drug Equivalency Tables, USSG § 2D1.1(D), these quantities would be equivalent to the following:*

  a. *4.1 Grams of cocaine is equivalent to 820 grams of marijuana,*

  b. *148.65 grams of heroin is equivalent to 148.65 kilograms of marijuana,*

  c. *255 grams of methamphetamine is equivalent to 510 kilograms of marijuana,*

  d. *The total drug equivalency would be at least 659.47 kilograms of marijuana;*

*the total drug quantity for which he is accountable is at least 400 kilograms but less than 700 kilograms of marijuana.*

## VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by

the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

      A.      Pursuant to section 1B1.3, the base offense level is **26** computed on greater than 700 kilograms but less than 1000 kilograms of marijuana.

      B.      Assuming that the defendant timely filed a notice of disposition and withheld or withdrew any pretrial motions in this case, the defendant should receive a three-level downward adjustment for timely acceptance of responsibility. The resulting offense level is **23**.

      C.      The parties understand that the stipulation regarding criminal history of the defendant is tentative, and that the defendant is in a better position to know the relevant facts than is the government. The criminal history category is more completely and accurately determined by the Probation Department, and additional facts regarding the criminal history can greatly affect the final guideline range. Nevertheless, the parties believe that the defendant's Criminal History Category could be as high as III.

      D.      The career offender/career livelihood adjustments do not apply.

      E.      The advisory guideline range resulting from these calculations is 57 to 71 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 46 months (bottom of Category I) to 115 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the count of conviction.

      F.      Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $ 10,000 to $ 100,000, plus applicable interest and penalties.

      G.      Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not less than 4 years.

      H.      Pursuant to guideline § 5E1.3, there is a special assessment fee of $100.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. The Government and the Defendant will be joining in a request for a 60 month sentence to be imposed.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 11-6-15

Christopher Martinez
Defendant

Date: 11/6/15

Lisa F. Moses
Attorney for Defendant

Date: 11/6/15

Zachary Phillips
Assistant U.S. Attorney