IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RICKY GARRISON,

    Defendant.

---

GOVERNMENT RESPONSE TO DEFENDANT'S MOTION
FOR TIMELY DISCOVERY OF *GIGLIO* MATERIALS
(Doc. No. 614)

---

COMES NOW THE UNITED STATES OF AMERICA, John F. Walsh, United States Attorney, by Zachary H. Phillips, Assistant United States Attorney, and responds to Defendant's Motion for Timely Discovery of *Giglio* materials.

In support of its response, the Government states the following:

Defendant requests disclosure of all materials and information pertaining to any witness or informant the Government intends to present at trial that is within its possession.

The Government states that it is mindful of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), their progeny, and Section I(B) of the Discovery Order. To comply with those obligations, the Government has provided extensive discovery in this matter and will continue to do so as required by constitutional dictates and its continuing duty to disclose pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

To the extent Defendant requests items not required to be produced pursuant to *Brady, Giglio* or the Discovery Order, the Government objects to the motion as overly broad and unduly burdensome. *See United States v. Davis*, 752 F.2d 963 (5th Cir. 1985) (the court is simply not required to ensure access to all Government material in order that Defendant might be able to find something exculpatory for his case).

At this time, the Government is not aware of any *Giglio* material applicable to any potential law enforcement witnesses. If the Government becomes aware of any such material, it will do its best to disclose such material as required under *Giglio* and by the Discovery Order.

The Government has not yet determined which, if any, co-defendants or confidential informants may be called to testify as witnesses at trial. For any cooperating defendant or confidential informant, the Government will provide current criminal histories, judgments and convictions, plea agreements and any other information that would be relevant to their impeachment.

In addition to general requests, the Defendant specifically requests the name and last known address of any witness. The Government is not required to provide such detailed information to defendants prior to trial. *U.S. v. Pelliere*, 897 F.Supp. 515 (D. Kansas 1995) (before trial in a non-capital case, a defendant has no right to even a list of potential witnesses, let alone their addresses, phone numbers and place of employment). *See also, U.S. v. Nevels*, 490 F.3d 800 (10th Cir. 2007) (Government was under no legal obligation to disclose witness identity prior to trial); *United States v. Ashley*, No. 06-2258, 2008 WL 1766868, at **4 (10th Cir. Apr. 18, 2008) (due process clause does not require the Government to disclose before trial the names of its witnesses just so the defense can have sufficient time to investigate their backgrounds for impeachment information) (citing *Weatherford v. Bursey*, 429 U.S. 545 (1977)).

Defendant also specifically requests access to internal law enforcement files in order to ascertain whether they contain information of an impeaching nature. Disclosing the contents of such files requires a foundation and not mere speculation that they contain information of potential significance. *United States v. Quinn,* 123 F.3d 1415 (11th Cir. 1997) (Government was not required to produce personnel files of testifying officers for impeachment purposes without any showing by Defendant that files would contain material evidence); *see also, United States v. Driscoll*, 970 F.2d 1472 (6th Cir. 1992), *cert. denied,* 506 U.S. 1083 (1993) (upholding Government's refusal to disclose testifying officers' personnel files based only on Defendant's speculation that files contained information important to his case) (quoting *United States v. Andrus*, 775 F.2d 825 (7th Cir. 1985)); *United States v. Pitt,* 717 F.2d 1334 (11th Cir. 1983), *cert. denied,* 465 U.S. 1068 (1984) (Defendant failed to demonstrate that contents of an FBI agent's file contained material evidence).

Based on the foregoing, the Government requests that the Defendant's motion be denied.

Dated this 9th day of November, 2015.

          Respectfully submitted,

          John F. Walsh
          United States Attorney

By *s/Zachary Phillips*
    ZACHARY PHILLIPS
    Assistant United States Attorney
    U.S. Attorney's Office
    1225 17th St., Suite 700
    Denver, CO 80202
    Telephone (303) 454-0118
    Fax (303) 454-0401
    e-mail:   zachary.phillips@usdoj.gov
    Attorney for the Government

CERTIFICATE OF SERVICE

       I hereby certify that on this 9th day of November, 2015, I electronically filed the foregoing **GOVERNMENT RESPONSE TO DEFENDANT'S MOTION FOR TIMELY DISCOVERY OF *GIGLIO* MATERIALS (Doc. No. 614)** using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                    *s/Maggie E. Grenvik*
                                    Maggie E. Grenvik
                                    Legal Assistant