IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Criminal Case No. 14-cr-00231-WJM-1**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**1.    RICKY GARRISON,**

    **Defendant.**

---

**GOVERNMENT'S RESPONSE TO DEFENDANT GARRISON'S MOTION
OBJECTING TO MISJOINDER OF COUNTS OR IN THE
ALTERNATIVE TO SEVER COUNTS
(Doc. No. 617)**

---

The United States of America, by John F. Walsh, United States Attorney for the District of Colorado and through the undersigned Assistant United States Attorney, hereby respectfully files the Government's Response to Defendant Garrison's Motion Objecting to Misjoinder of Counts or in the Alternative to Sever Counts (Doc. No. 617) and states the Defendant's motion should be denied and the Government states as follows:

Joinder of multiple counts in a single trial where a defendant is charged with being a felon in possession of a firearm in addition to substantive crimes has been consistently upheld by the Tenth Circuit. *See United States v. Jones*, 213 F.3d 1253, 1260-61 (10th Cir. 2000) (felon in possession and robbery); *United States v. Cox*, 934 F.2d 1114, 1119-20 (10th Cir. 1991) (felon in possession and drugs). Further, under Rule 8(a) of the Federal Rules of Criminal Procedure, offenses are properly joined if "the offenses charged . . . are of the same or similar character or

are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Here, as in *Jones* and *Cox*, the Defendant's felon in possession of a firearm counts and the numerous drug counts are of the same or similar character and are based on the same act and transactions. Further, the Mann Act violation is also of similar character and is part of a common scheme and is based on the same act or transaction as the drug charges and the felon in possession of a firearm charges. At trial, it is anticipated that the Government will present recordings from Title III intercepts where the Defendant discusses guns, prostitution and/or narcotics in the same calls. The Government will establish that the Defendant subsidized his drug trade with funds from his prostitution activities, as well as used drug proceeds to further his prostitution activities. The two illegal activities were parts of a common scheme and were intertwined during the course of the investigation and should be tried together.

The Defendant's motion should be denied.

Respectfully submitted this 9th day of November, 2015.

        JOHN F. WALSH
        United States Attorney

By:  *s/Zachary Phillips*
     ZACHARY PHILLIPS
     Assistant United States Attorney
     U.S. Attorney's Office
     1225 17th St., Suite 700
     Denver, CO 80202
     Telephone:  (303) 454-0118
     Fax:  (303) 454-0401
     e-mail:  zachary.phillips@usdoj.gov
     Attorney for the Government

CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of November, 2015, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT GARRISON'S MOTION OBJECTING TO MISJOINDER OF COUNTS OR IN THE ALTERNATIVE TO SEVER COUNTS (Doc. No. 617)** using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

      *s/Maggie E. Grenvik*
      Maggie E. Grenvik
      Legal Assistant