IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM-1-5

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     RICKY GARRISON,
5.     SIMEON RAMIREZ.

      Defendants.

_____

GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTIONS
FOR DISCOVERY CONCERNING CONFIDENTIAL SOURCES
(Doc. Nos. 615 and 621)
_____

      The United States of America, by John F. Walsh, United States Attorney for the District of Colorado and through the undersigned Assistant United States Attorney, hereby respectfully files the Government's Response to Defendants' Motions for Discovery Concerning Confidential Sources (Doc. Nos. 615 and 621) as follows:

      The Defendants' Motions should be denied. The Defendants are asking for production of the identity, address and other information regarding the confidential informants used in this case. The Defendants cite *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Kyles v. Whitley*, 514 U.S. 419, 433 (1995); and *Roviaro v. United States*, 353 U.S. 60-61, 1 L. Ed. 2d 639 (1957) to support their motions.

      Defendants frequently express an interest in ferreting out persons who may be assisting law enforcement. Ferreting out sources of information generally is contrary to the public policy

interest served by encouraging persons to assist law enforcement, which was explicitly recognized and given weight in *Roviaro*.

The law is settled; the Government has a privilege of refusing to disclose the identity of its informants at trial. *McCray v. Illinois*, 386 U.S. 300 (1967); *Roviaro v. United States*, 353 U.S. 53 (1957). The rationale underlying this privilege was expressed in *Roviaro, supra,* at 59:

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

The privilege, however, is not an absolute one, and where the "disclosure of an informant's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro* at 60. The *Roviaro* court, however, explicitly declined to establish any fixed rule requiring disclosure:

> The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the significance of the informant's testimony, and other relevant factors.

*Id.* at 62.

In *Roviaro*, the defendant and the confidential informant had been alone together in the passenger compartment of the vehicle where the alleged drug transaction took place. The conversation between the defendant and the confidential informant was ambiguous, and the

Government was attempting to convict the defendant at trial on the basis of testimony from an agent who overheard, but could not see, the transaction.

The Government understands its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). *Giglio* material, of course, would not apply in a case where the Government does not call a confidential informant. *United States v. Green*, 178 F.3d 1099, 1109 (10th Cir. 1999).

Under established case law, the United States need not disclose the identities of confidential informants prior to trial. *United States v. Ruiz*, 536 U.S. 622, 629 (2002)("There is no general constitutional right to discovery in a criminal case."); *Roviaro v. United States*, 353 U.S. 53 (1957). Trial in this matter is set for April 11, 2016. Such disclosure at this point is inconsistent with the practices and principles which have controlled the disclosure of information about confidential informants since *Roviaro.* Under the *Roviaro* criteria for disclosure, a defendant must describe how the informant was a direct participant in an incident described in the Indictment and set forth the evidentiary significance of the testimony he ostensibly seeks to adduce from any confidential informant regarding any such specific incident. However, the Government has a privilege to refuse to disclose the identity of its informants, even at trial. *McCray v. Illinois*, 386 U.S. 300 (1967), and the United States, at this time, is asserting such privilege until 30 days before trial or pursuant to other Court order.

Once the *Roviaro* privilege is asserted, the burden of showing the necessity for making a disclosure is on the defendant. The Tenth Circuit consistently has held disclosure is not required where the information sought would be merely cumulative, or where the informant did not

participate in the illegal transaction. *United States v. Brantley*, 986 F.2d 379, 383 (10th Cir. 1993).

For each informant the Government intends on calling at trial or for whom they intend to elicit a hearsay statements or a statement described in Rule 801(d)(2)(C), (D) or (E), the Defendant requests all information as set forth in the paragraphs 1-11 of the concurrently filed "MOTION FOR TIMELY DISCOVERY OF GIGLIO MATERIALS." These requests simply go too far. They are overbroad, cumulative and should be denied.

> Courts that reverse a denial of a motion to disclose without in camera proceedings often indicate that the informant was the "only" person able to support the defense theory or contradict prosecution witnesses. *Roviaro*, 353 U.S. at 64, 77 S.Ct. 623; *United States v. Moralez*, 908 F.2d 565, 568 (10th Cir.1990); *Gaines v. Hess*, 662 F.2d 1364, 1368–69 (10th Cir.1981). By contrast, panels that uphold such denials generally find that the value of the informant to the defense is "speculative" or irrelevant. *United States v. Vincent*, 611 F.3d at 1251; *United States v. Gordon*, 173 F.3d 761, 767–68 (10th Cir.1999); *United States v. Mendoza–Salgado*, 964 F.2d 993, 1000–01 (10th Cir.1992).
>
> *United States v. Cruz*, 680 F.3d 1261, 1262-63 (10th Cir. 2012)

Here, as indicated in documents and recordings already disclosed to the Defendants in discovery, the Government's case is based on actions taken by police agents such as phone recordings, controlled purchases, surveillance, traffic stops, search warrants, etc. Accordingly, the United States respectfully declines to identify a person as a cooperating witness in open court or in public court documents until the case is closer to trial. Assuming that a confidential informant may be called as a witness at trial, the Government will disclose the identity, criminal history, and other pertinent information of any testifying confidential informant(s), subject to a protective order issued by the Court, no less than 30 days before the first day of trial.

Under *Ruiz*, 536 U.S. at 629, information pertinent to an informant witness would be a trial right rather than a pretrial discovery right. As stated above, in the event that the United States decides to call any informant or cooperating individual as a witness in this case, the United States will disclose the identity of that person to the Defendants no later than 30 days prior to trial or pursuant to other Court order. The United States will also timely disclose any materials required to be disclosed under *Brady, Giglio and Jencks*.

The Defendants state that they must have the identifying information regarding the confidential informants in order to prepare their defenses. From the discovery already produced, the Defendants should have no difficulty preparing for their defense.

WHEREFORE, the Government respectfully requests that this Court deny the Defendants' motions.

Dated this 9th day of November, 2015.

Respectfully submitted,

John F. Walsh
United States Attorney

By  *s/Zachary Phillips*
ZACHARY PHILLIPS
Assistant United States Attorney
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO 80202
Telephone (303) 454-0118
Fax (303) 454-0401
e-mail: zachary.phillips@usdoj.gov
Attorney for the Government

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2015, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY CONCERNING CONFIDENTIAL SOURCES (Doc. Nos. 615 and 621)** using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*s/Maggie E. Grenvik*
Maggie E. Grenvik
Legal Assistant