IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM-15

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**15.    ROBERT PAINTER,**

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT ROBERT PAINTER'S
MOTION TO DISMISS COUNT ONE
(Doc. No. 619)**

---

The United States of America, by John F. Walsh, United States Attorney for the District of Colorado and through the undersigned Assistant United States Attorney, hereby respectfully files the Government's Response to Defendant Robert Painter's Motion to Dismiss Count One (Doc. No. 619) and states the Defendant's motion should be denied and the Government states as follows:

**Factual Background**

On June 4, 2014, the Federal Grand Jury returned an indictment charging 16 Defendants with various counts in the 71-count indictment. The Defendant, Robert Painter, is named in a number of the charges. Namely, the Defendant is charged in Count One, conspiracy to distribute one or more of the following controlled substances: (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base; (3) less than 100 grams of a mixture or substance containing a

detectable amount of heroin, a Schedule I Controlled Substance; and (4) less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance.

The Defendant is also charged in Count Twenty-Six along with two co-Defendants, Ricky Garrison and Christopher Martinez, with knowingly and intentionally distribute and possess with the intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a), within 1000 feet of the real property comprising Aurora West College Preparatory Academy, a public secondary school; and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

The Defendant is also charged in Count Fifty-Three, again along with two co-Defendants, Ricky Garrison and Travis Edwards, with knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

The Defendant is also charged with five counts of knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

During the course of this investigation, the Defendant was an active participant in the conspiracy, as well as numerous substantive drug transactions. The Defendant was intercepted as early as November 17, 2013, in this investigation. The Defendant was a known participant in

drug transactions as early as November 29, 2013,[1] and active in the conspiracy until the time of indictment and arrest of the Defendant. During the course of the conspiracy, the Defendant was intercepted more than 150 times with more than 60 of those calls be deemed pertinent. These pertinent calls included 55 voice telephone calls and 11 text message between this Defendant and co-conspirators.

## Legal Argument

An indictment is deemed constitutionally sufficient if it contains the essential elements of the offense to be charges, sufficiently informs the defendant of what he must be prepared to defend against, and enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense. *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) *citing Russell v. United States*, 369 U.S. 749, 763-764 (1962). Generally the sufficiency of the Government's evidence to support a charge may not be challenged by a pre-trial motion. *Hall* at 1087. An indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits. *United States v. Meyers*, 95 F.3d 1475, 1484 (10th Cir. 1996), *cert. denied*, 118 S.Ct. 583 (1997).

An indictment charging a conspiracy count is sufficiently precise as to the time frame if the operative period of the conspiracy is set out. *United States v. Edmonson*, 962 F.2d 1535, 1541 (10th Cir. 1992). The term "on or about" has been considered sufficiently precise. *See id; United States v. Mitchell*, 765 F.2d 130 (10th Cir.), *cert. denied*, 474 U.S. 983 (1985).

---

[1] Although the Government chose to charge the Defendant for his conduct on two specific dates, it is anticipated that additional substantive charges will be presented to a Grand Jury prior to trial.

In order to prove a single conspiracy, the jury must determine "whether the alleged co-conspirators were united in a common unlawful goal or purpose. *United States v. Harrison*, 942 F.2d 751, 756 (10th Cir. 1991). Of principal concern in determining the existence of a single conspiracy is whether the conduct of the alleged co-conspirators, however, diverse and far-ranging, exhibits an interdependence. *United States. V. Powell*, 982 F.2d 1422, 1431 (10th Cir. 1992) *cert. denied*, 507 U.S. 946 (1993). Most narcotics networks involve loosely knit, vertically integrated combinations and separate transactions are not separate conspiracies as long as the activities were aimed at a common illicit goal. *Id*. Proof of an ongoing conspiracy involving the distribution of a controlled substance is, in an evidentiary sense, closely akin to a jigsaw puzzle. *United State v. Pilling*, 721 F.2d 286, 289 (10th Cir. 1983). In cases where significant amounts of drugs are being distributed, "each major buyer may be presumed to know that he is part of a wide-ranging venture, the success of which depends on the performance of others whose identity he may not even know." *Powell*, 982 F.2d at 1431.

It is not necessary for the co-conspirators to know each other or know the details of every event taking place. *United States v. Roberts*, 14 F.3d 502, 511 (10th Cir. 1993), *cert. denied*, 514 U.S. 1043 (1995). The fact that members of the conspiracy change, or there are lapses of time does not transform a single conspiracy into multiple conspiracies. *Id*. All that is necessary is that all the co-conspirators "participated in the same collective venture with the same goal in mind." *Id*.

A co-conspirator need not know of the existence or identity of the other members of the conspiracy or the full extent of the conspiracy. *United States v. Evans*, 970 F.2d 663, 669 (10th Cir. 1992) *cert. denied*, 507 U.S. 922 (1993). A turnover in personnel does not terminate a

conspiracy, as long as some interdependence continued.  *Powell*, at 1431.  Several persons may be parties to a single conspiracy even if they have never directly communicated with one another.  *United States v. Rangle Arreola*, 991 F.2d 1519, 1522 (10th Cir. 1993).  The question is whether they are aware of each other's participation in a general way and have a community of interest.  *Id*.

Dismissal of the indictment is not ordinarily the appropriate remedy where the evidence shows multiple conspiracies despite the fact that indictment charges only one.  *United States v. Bowline*, 593 F.2d 944, 947 (10th Cir. 1979).  Whether evidence establishes a single conspiracy or multiple conspiracies is a question of fact to be decided by a jury.  *United States v. Roberts*, 14 F.3d at 510; *United States v. Powell*, 982 F.2d at 1431.  Accordingly, this issue is one best left until the end of trial when specific instructions can be drafted, if necessary, to direct the jury to convict or acquit only on the evidence presented going to a particular offense.  *See United States v. Kimberlin*, 781 F.2d 1247, 1250 (7th Cir. 1985), cert. denied, 479 U.S. 938 (1986).

Robert Painter's arguments regarding Count One are baseless.  The Defendant was an active participant of the common plan and scheme and shared in the interdependence of the conspiracy with the other named co-conspirators.  The two substantive counts the Defendant is charged in illustrate the conspiracy and the interdependence between the co-conspirators.  In this, as in most drug conspiracies, the co-conspirators share a need to obtain illegal narcotics in order resale those narcotics as a way to make money.

The facts leading to Count Twenty-Six in the indictment show that on January 5, 2014, the Defendant and Ricky Garrison had numerous phone calls.  During the course of those phone calls, they discussed the ability of Ricky Garrison to supply the Defendant with

methamphetamine. The Defendant agreed and expressed his desire to purchase methamphetamine from Ricky Garrison. As a result, Ricky Garrison had to contact his source of supply, in this instance that source of supply was Christopher Martinez, in order to obtain the methamphetamine to supply the Defendant with the methamphetamine. The investigation shows that in fact Ricky Garrison obtained the methamphetamine from Christopher Martinez and then Ricky Garrison supplied the methamphetamine to the Defendant in order for the Defendant to redistribute the methamphetamine. This is a classic example of a drug conspiracy in that each co-conspirator is dependent on another co-conspirator as the drugs flow from supplier to re-distributor throughout the conspiracy.

The facts surrounding Count Fifty-Three are similar to the facts in Count Twenty-Six. However, the difference being the type of drug and the source of supply. Just as in Count Twenty-Six, Count Fifty-Three is surrounded by a number of phone calls between the Defendant and co-conspirator Ricky Garrison. On March 2, 2014, the Defendant and Ricky Garrison exchanged phone calls in order to arrange for Ricky Garrison to supply the Defendant with cocaine. The facts and evidence will establish that on January 2, 2014, Ricky Garrison supplied the Defendant with cocaine. Additionally, the facts will show that prior to supplying the Defendant with the cocaine, Ricky Garrison obtained the cocaine from Travis Edwards.

The facts between these two drug transactions are very similar. Essentially, the main difference between the two transactions is that one involved methamphetamine and the other involved cocaine. And a clearer conspiracy would be hard to find than what is charged here. What the evidence will establish is that a narcotic dealer, here the Defendant, is dependent on his source of supply. Here, the Defendant's source of supply is co-Defendant Ricky Garrison. The

Case No. 1:14-cr-00231-WJM   Document 677   filed 11/09/15   USDC Colorado   pg 7 of 8

interdependence is further illustrated by the fact that Ricky Garrison is dependent on two separate sources of supply in order to meet the demands of the Defendant.  Ricky Garrison is dependent on Christopher Martinez for the supply of methamphetamine and on Travis Edwards for the supply of cocaine.  All of the parties involved in these two drug transactions, and the conspiracy, are dependent upon one another in order to be able sale illegal narcotics as a way to make money.  Without each active party in this conspiracy, the objectives of the conspiracy would not have been met.[2]

For the reasons stated above and the relevant legal basis, the Defendant's motion should be denied.

Dated this 9th day of November, 2015.

                Respectfully submitted,

                John F. Walsh
                United States Attorney

By   *s/Zachary Phillips*
       ZACHARY PHILLIPS
       Assistant United States Attorney
       U.S. Attorney's Office
       1225 17th St., Suite 700
       Denver, CO 80202
       Telephone (303) 454-0118
       Fax (303) 454-0401
       e-mail:  zachary.phillips@usdoj.gov
       Attorney for the Government

---

[2] Co-Defendant Christopher Martinez has plead guilty to the conspiracy (Count One) in this case and the Defendant is part of the stipulated factual basis as part of that guilty plea (Doc. No. 668).

7

CERTIFICATE OF SERVICE

       I hereby certify that on this 9th day of November, 2015, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT ROBERT PAINTER'S MOTION TO DISMISS COUNT ONE (Doc. No. 619)** using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                               *s/Maggie E. Grenvik*
                                               Maggie E. Grenvik
                                               Legal Assistant