**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal case No. 14-cr-00231-WJM - 10

UNITED STATES OF AMERICA,

        Plaintiff,

v.

10.   LUIS RAMIREZ

        Defendant.

---

**DEFENDANT LUIS RAMIREZ' MOTION FOR VARIANCE TO BASE OFFENSE LEVEL AND SENTENCING RANGE PURSUANT TO 18 U.S.C. § 3553**

---

    Defendant, Luis Ramirez, through counsel, Adam Tucker, hereby respectfully moves this Honorable Court to consider a variance to the base offense level as well as the sentencing range as proposed. Mr. Ramirez reserves the right to present further arguments at the Sentencing hearing in support of this issue.

    Based upon the mitigation delineated below, Defendant respectfully requests that this Court depart from the Presentence Report Recommendations ("PIR") of 12 for a base offense level and accept a reduced base offense level and a reduced Criminal History Level of V. The PIR identifies the Total Offense Level, based upon reductions for acceptance of responsibility, of **10** and a Criminal History Category Level of **V.**

    The October 30, 2015 Presentence Investigation Report ("PIR") appropriately identifies Defendant's guilty plea to Count 67 of the Indictment[1], *Knowingly and Intentionally Distribute and Possess With the Intent to Distribute Less than 500 Grams*

*of a Mixture of a Substance Containing a Detectable Amount of Cocaine, a Schedule II Controlled Substance and Aid and Abet the Same, in violation of 21 U.S.C. §841(a)(1) and (b)(*1)(C) and 18 U.S.C. §2.* In the Plea Agreement, [**Doc. No. 547**], the Government agreed to recommend that this Court depart from applicable guideline range and impose a sentence of 25% reduction from the guideline followed by a term of supervised release, based upon the Defendant's full cooperation.

## INTRODUCTION

Pursuant to 18 U.S.C. § 3553(a), a sentencing court is charged with the task of imposing a sentence, "sufficient but not greater than necessary," to accomplish the goals of sentencing Even prior to *United States* v. *Booker,* 125 S.Ct. 738 (2004), the Supreme Court, in defining the purpose of guideline departures, stated that "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify the crime and punishment to ensue." *Koon,* 518 U.S. at 113, 116 S.Ct. 2035.

In deciding whether the facts of a particular case warrant departure, sentencing courts should look to all the factors that potentially make a case atypical. *United States* v. *Collins,* 122 F.3d 1297, 1301-2 (10th Cir. 1997). If the special factor is an encouraged factor under the Guidelines, the court is authorized to depart if the applicable Guideline does not already take it into account. If the special factor is a discouraged factor, or an encouraged factor already taken into account by the applicable Guideline, the court

---

[1] By its Motion to Dismiss filed November 19, 2015 **[Doc. No. 690]**, the Government is seeking to dismiss all remaining counts in the Indictment against this Defendant.

should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If a factor is unmentioned in the Guidelines, the court must decide whether it is sufficient to take the case *out* of the Guideline's heartland. *Id.* at 1302.

Since the Supreme Court's decision in *United States* v. *Booker,* 125 S.Ct. 738 (2004), the guidelines are considered only as one factor in arriving at a reasonable sentence. Reasonableness should be defined in terms of how a given sentence satisfies the goals articulated in the still valid provisions of the Sentencing Reform Act in 18 US.C. § 3553. In examining 21 U.S.C. § 841(a)(1) and (b)(1)(A) as well as 18 U.S.C. § 201.1, the Court is directed to examine the "nature and circumstances of the offense". In *Booker*, id. the Supreme Court stated that Courts should base punishment upon the real conduct that underlies the crime of conviction Pursuant to 18 U.S.C. § 3553, the Court must look at various factors when sentencing a defendant. These factors include, but are not limited to, Defendant's remorse and acceptance of responsibility.

## FACTORS TO CONSIDER IN MITIGATION

The Government has agreed to recommend that Defendant receive full credit for acceptance of responsibility pursuant to USSG §3E1.1. Defendant requests that the Court consider the following mitigation in its sentencing of this Defendant.

<u>No Gang Affiliations.</u>

There is no indication that Mr. Ramirez has any known gang associations.

<u>Age, Education and Family:</u>

Mr. Ramirez is currently 26 years old.  He has not spent a great deal of his adult life incarcerated.  He is the father of three young children and would like to be a part of

3

their lives. During the time of his release on bond, Mr. Ramirez has re-established himself in his childrens' lives and fully intends to obtain gainful employment to offer them both financial and emotional support.

<u>No Conduct Issues:</u>

While in custody during the completion of his state sentence, Mr. Ramirez had no conduct issues.

<u>Cooperation with Governmental Agencies</u>

Mr. Ramirez has been fully cooperative with the U.S. Government; such that the Government has sought a downward departure for this Defendant's total offense level.

A sentence within the lower end of the sentencing range proposed in the Plea Agreement will ensure that the community is safe, the law is respected and the individual is punished.

Finally, the Court may "depart from the applicable guideline range based on a combination of two or more offender characteristics or other circumstances, none of which independently is sufficient to provide a basis for departure, only if (1) such offender characteristics or other circumstances, taken together, make the case an exceptional one; and (2) each such offender characteristic or other circumstance is - (A) present to a substantial degree; and (B) identified in the guidelines as a permissible ground for departure, even if such offender characteristic or other circumstance is not ordinarily relevant to a determination of whether a departure is warranted." The Court should also examine the "history and characteristics" of the defendant. 18 D.S.C. § 3553(a)(2). Mr. Ramirez is an individual that warrants a non-guideline sentence based upon the factors within 18 U.S.C. § 3553.

**WHEREFORE**, Defendant respectfully requests that the Court adopt Defendant's arguments, reduce his Base Offense Level to an appropriate level, adopt the remaining sentencing options of reductions, and allow sentencing at a reduced appropriate offense level. Mr. Ramirez reserves the right to present further arguments at the Sentencing hearing in support of this issue.

Dated this 19th day of November, 2015.

Respectfully Submitted,

*slAdam M. Tucker*_____
ADAM M. TUCKER
Attorney for the Defendant Luis Ramirez
1600 Broadway #1200
Denver CO 80202
Telephone: 720-355-2522
Adamtuckerlaw@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2015 a true and correct copy of the foregoing **DEFENDANT LUIS RAMIREZ' MOTION FOR VARIANCE TO BASE OFFENSE LEVEL AND SENTENCING RANGE PURSUANT TO 18 U.S.C. § 3553** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

*s/Adam M. Tucker*_____