IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM-02

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

1.    RICKY GARRISON,
2.    **JAMES TILLMON,"**
3.    CHRISTOPHER MARTINEZ,
4.    FRANCISCO AGUILAR,,
5.    SIMEON RAMIREZ,,
6.    CHRISTOPHER VIGIL,
7.    TRAVIS EDWARDS,
8.    DONDRAI FISHER,
9.    ARCHIE POOLE,
10.  LUIS RAMIREZ,
11.  MELVIN TURNER,
12.  SHAWN BEARDSLEY,
13.  SIDNEY TAYLOR,
14.  GREGORY WILLIAMS,
15.  ROBERT PAINTER, and
16.  LATOYA WIMBUSH,

        Defendants.

---

**DEFENDANT JAMES TILLMON'S
OBJECTIONS, CORRECTIONS AND ADDITIONS TO THE
*PRESENTENCE INVESTIGATION REPORT* (Doc. # 686)**

---

THE DEFENDANT, JAMES TILLMON, by and through his attorney, Clifford J. Barnard, hereby submits the following objections, corrections and additions to the *Presentence Investigation Report* (Doc. # 686) ("PSIR"):

1. Page 4,[1] ¶ 2 of the PSIR lists some but not all of the material terms of the parties' plea agreement.

***Addition***: An additional, pertinent and material term of the plea agreement is as follows: "It is also agreed by the parties that, because the drug quantity attributable to Mr. Tillmon is less than the quantity necessary to trigger the mandatory minimum, Mr. Tillmon is eligible for and can be given a sentence below the 5-year mandatory minimum sentence." Doc. 580, Tillmon *Rule 11(c)(1(A) Plea Agreement and Stipulation of Facts*, at 9.

2. Page 5, ¶ 4 of the PSIR lists a number of disciplinary actions that have been taken against Mr. Tillmon while incarcerated at the Douglas County Detention Center.

***Addition***: Mr. Tillmon adds that, during the 3 1/2 months that he was incarcerated at the GEO immigration detention facility prior to being transferred to Douglas County and for the time that he was incarcerated in the Colorado Department of Corrections beforel he was writted into federal custody for this case, he did not receive any write-ups.

3. Page 8, ¶ 17 of the PSIR states: "Tillman [sic] in turn distributed methamphetamine to defendants Fisher and Painter."

***Correction***: This should state: "Tillmon in turn distributed methamphetamine to defendants Fisher and Poole." Mr. Tillmon had nothing to do with co-defendant Painter and did not even know him.

---

[1] The page numbers refer to the numbering set forth at the bottom of the pages of the *Presentence Investigation Report* itself (as opposed to the numbering in the ECF header of Document 686; there is a one page difference between the two because of the cover page at the front of the PSIR).

4.     Page 8, ¶ 20 of the PSIR states: "Tillman [sic] purchased methamphetamine from Garrison and sold it to Fisher and Painter."

***Correction***: This should state: "Tillmon purchased methamphetamine from Garrison and sold it to Fisher and Poole." Again, Mr. Tillmon had nothing to do with co-defendant Painter and did not even know him.

5.     Page 8, ¶ 20 of the PSIR states: "Tillmon typically purchased 1 to 2 ounces of methamphetamine weekly from codefendant Garrison when Tillmon was in Colorado."

***Objection***:   Mr. Tillmon objects to this statement as inaccurate and unsupported by the record.

6.     Page 14, ¶ 62 of the PSIR states, in describing in part some of the facts of the vehicular homicide case, that: "The following day, an individual called to report that her vehicle had been damaged. The vehicle damage was consistent with the collision the prior day. The individual advised that she allowed her cousin, who was later identified as the defendant, to use her vehicle the previous day. The defendant was later arrested and charged in the offense."

***Addition***:    Mr. Tillmon adds that he himself went to the Police Station and surrendered; he was then arrested.

7.     Page 15, ¶ 63 of the PSIR states only what the added Information and Motion to Add Count Two charged with regard to the Attempted Escape conviction.

***Addition***:    Mr. Tillmon adds that he believes that the factual basis for this attempted escape was that, after he was arrested on December 6, 2012, he then did not completely comply with the conditions of his probation regarding his whereabouts

-3-

monitored by his ankle monitor since he was in custody.

8. Page 18, ¶ 84 of the PSIR states that Mr. Tillmon has a "'Trap Life' [tattoo] on his left forearm (which refers to getting in trouble and being in jail as part of his life); ..."

***Correction***: This should state that Mr. Tillmon has "'Trap Life" on his left forearm (which refers to being stuck or trapped in life and not being able to move forward); ..."

9. Page 20, ¶ 99 of the PSIR states: "**Guideline Provisions:** Based upon a total offense level of 17 and a criminal history category of VI, the guideline imprisonment range is 51 months to 63 months. However, the statutorily authorized minimum sentence of five years is greater than the minimum of the guideline range; therefore, the guideline range is 60 months to 63 months. USSG §5G1.1(c)(2)."

***Objection***: Mr. Tillmon objects to this guidelines range calculation; his sentencing guidelines range should be "51 months to 63 months." As the parties stated in their plea agreement, "[t]t is also agreed by the parties that, because the drug quantity attributable to Mr. Tillmon is less than the quantity necessary to trigger the mandatory minimum, Mr. Tillmon is eligible for and can be given a sentence below the 5-year mandatory minimum sentence." Doc. 580, Tillmon *Rule 11(c)(1(A) Plea Agreement and Stipulation of Facts*, at 9. This conclusion was supported in the plea agreement by the footnote which stated: "*See United States v. Biglow*, — Fed.Appx. —, 2015 WL 3559216, *1 (10th Cir. 2015) in which the Tenth Circuit stated: The district court imposed that five-year mandatory minimum after Biglow's conviction under § 846 for being part of a conspiracy that, as a whole, wished to distribute 500 grams or more of cocaine. On appeal, we vacated the sentence and remanded for resentencing. We explained that the 'quantity of drugs attributable to a

defendant at sentencing is not necessarily the same as the amount involved in the conspiracy as a whole,' and that Biglow's punishment had to correspond to particularized findings regarding the contraband for which he was personally 'accountable.' [*United States v.*] *Biglow I*, 554 F. Appx. [679] at 684–85 [(10th Cir.2014)]." Doc. 580, Tillmon *Rule 11(c)(1(A) Plea Agreement and Stipulation of Facts*, at 5, n.1.

10. Page R-1 of the PSIR states that the sentencing guidelines range is: "60 months - 63 months."

**Objection**: Mr. Tillmon objects to this guidelines range for the reasons stated above; his sentencing guidelines range should be "51 months to 63 months."

11. Page R-1 of the PSIR states that Probation recommends that Mr. Tillmon's sentence be: "63 months, consecutive to any state sentence he is currently serving in Case No. 12CR5598."

**Objection**: Mr. Tillmon objects to both of these recommendations and requests a below-guidelines sentence to be run concurrent to his state sentence in Case No. 12CR5598. U.S.S.G. § 5G1.3(a) states: "If the instant offense was committed while the defendant was serving a term of imprisonment ... or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." The conspiracy to which Mr. Tillmon plead guilty in this federal case occurred "on or about and between June 1, 2013 and June 4, 2014 ..." Mr. Tillmon did not plead guilty or get sentenced in the Colorado state Case No. 12CR5598 until October 17, 2014. Therefore, Section (a) of § 5G1.3 does not apply to him.

§ 5G1.3(d) states: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Thus, it is in the discretion of this Court to determine whether to sentence Mr. Tillmon "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment" in his Colorado state Case No. 12CR5598 and Mr. Tillmon requests that these sentences be imposed to run concurrently to one another.

12. Page R-3 of the PSIR recommends that the special conditions of supervised release include the following condition: "The defendant shall participate in an approved program for domestic violence."

***Objection***: Mr. Tillmon objects to this recommended special condition of supervised release; none of his convictions are for domestic violence and his drug conspiracy conviction has nothing to do with domestic violence.

DATED this 30th day of November, 2015.

Respectfully submitted,

*s/Clifford J. Barnard*

Clifford J. Barnard
Attorney for Defendant Tillmon
4450 Arapahoe Avenue, Suite 100
Boulder, Colorado 80303
Telephone: (303) 546-7947
Facsimile: (303) 444-6349
Email: *cliffbarnard@earthlink.net*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of November, 2015, I electronically filed the foregoing *Defendant James Tillmon's Objections, Corrections and Additions to the Presentence Investigation Report (Doc. # 686)* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| A.U.S.A. Zachary Phillips | zachary.phillips@usdoj.gov |
| A.U.S.A. Wayne Campbell | wayne.campbell@usdoj.gov |
| Mitchell Baker | mitchbaker@estreet.com |
| James Castle | Jcastlelaw@aol.com |
| Leslee Barnicle | barniclelaw@aol.com |
| Philip W. Ogden | phil@coloradospringslaw.net |
| Andres Guevara | andres@guevaracoloradolaw.com |
| Forrest W. Lewis | flewispc@aol.com |
| Lynn Anne Pierce | lpierce.blp@comcast.net |
| David L. Owern, Jr. | davidowen@lodopc.com |
| Adam Michael Tucker | adamtuckerlaw@gmail.com |
| Robert Berger | robberger@qwestoffice.net |
| Elisa Julie Moran | Elisaatty@aol.com |
| John Mosby | john_mosby@msn.com |
| Peter Menges | pmenges@mengeslaw.com |
| Patrick J. Burke | Patrick-J-Burke@msn.com |
| Thomas Ward | tward@wardlawdenver.com |

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

James Tillmon                                          *Via U.S. mail*

                                                                    *s/Clifford J. Barnard*

                                                                    _____
                                                                    Clifford J. Barnard
                                                                    Attorney for Defendant Tillmon