IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal case No. 14-cr-00231-WJM-01

UNITED STATES OF AMERICA,
                Plaintiff,

v.

1. **RICKY GARRISON**,
2. JAMES TILLMON,
3. CHRISTOPHER MARTINEZ,
4. FRANCISCO AGUILAR,
5. SIMEON RAMIREZ,
6. CHRISTOPHER VIGIL,
7. TRAVIS EDWARDS,
8. DONDRAI FISHER,
9. ARCHIE POOLE,
10. LUIS RAMIREZ,
11. MELVIN TURNER,
12. SHAWN BEARDSLEY,
13. SIDNEY TAYLOR,
14. GREGORY WILLIAMS,
15. ROBERT PAINTER, and
16. LATOYA WIMBUSH,
                Defendants.

_____

**RESPONSE TO MOTION TO MODIFY JENKS (SIC) ACT FOR CONFLICT OF INTEREST**
_____

      Counsel for Ricky Garrison, James A. Castle, responds to the defendant's pro se motion as follows:

      1.    On December 2, 2015 Mr. Garrison filed a pros se motion titled "Motion to Modify Je<u>n</u>ks Act for Conflict of Interest." ECF No. 705.

      2.    On December 3, 2015 the Court ordered the undersigned and the

1

government to file a response to the motion. ECF No. 707.

3. Although Mr. Garrison's motion is styled as a motion regarding a conflict of interest and for a modification of the Jencks Act it appears to be a request for a paper copy of discovery to be provided to Mr. Garrison on the grounds that he has had inadequate access to the discovery. Mr. Garrison correctly notes that at the Federal Detention Center where he has been incarcerated, his discovery is maintained by prison officials on discs that can be reviewed by inmates on the prisons computers. His complaints are based on limited access to computer time at the Federal Detention Center (FDC) to review the discovery and his belief that other defendants have gained access to the discovery in paper form.

4. In addition to Mr. Garrison's access on the prison computers, the undersigned has had his paralegal spend numerous hours with Mr. Garrison so he could review discovery outside the hours allotted by the FDC. Both Mr. Baker and the undersigned have also gone through relevant portions of discovery with Mr. Garrison.

5. The government filed a motion requesting a protective order to prevent the dissemination of paper copies of discovery. ECF No. 185. The Garrison defense team did not object to the government's motion based, in part, on the government's representation that there would be some pre-trial release of Jencks Act material. ECF No. 185, para.3.[1] The Court granted the government's motion and entered a protective order. ECF No. 186.

---

[1] The government has now indicated that, "Statements and reports of witnesses will be provided as part of discovery after said witnesses have testified on direct examination in the trial of the case." ECF No. 678, p. 12.

**6.** The undersigned and Mr. Baker have become aware that other defendants have had access to paper copies of discovery. Pursuant to the existing protective order, the undersigned has indeed not provided paper copies of discovery to Mr. Garrison. The undersigned agrees with Mr. Garrison that there is an element of unfairness when, as a result of his counsel's adherence to court orders, he has had less access to the discovery than other defendants.

**7.** The undersigned cannot address why he has not previously filed a motion for relief from the protective order without a waiver of the work product and attorney-client privileges by Mr. Garrison.

DATED this 9th day of December, 2015.

Respectfully submitted,

s/James A. Castle
James A. Castle
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
f: (303) 329-5500

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2015, I electronically filed the foregoing motion using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

                                                       s/James A. Castle
                                                       James A. Castle