IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cr-00231-WJM

UNITED STATES OF AMERICA

    Plaintiff,

v.

LUIS RAMIREZ

    Defendant.

## ORDER OF DETENTION

    THIS MATTER came before the Court for a detention hearing on December 22, 2015. Present were the following: Zachary Phillips, Assistant United States Attorney, Adam Tucker, counsel for the defendant, and the defendant. The Court carefully considered the entire court file and the comments of counsel and the defendant.

    The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, based upon the attached findings.

    IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 22nd day of December, 2015.

          By the Court:

          s/Craig B. Shaffer
          Craig B. Shaffer
          United States Magistrate Judge

United States v. Luis Ramirez
Case Number 14-cr-00231-WJM

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

     This matter comes before the court on a Petition for Action on Conditions of Pretrial Release. A judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is

> (A) probable cause to believe that the person has committed a Federal, State or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that –

> (A) based on the facts set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release

*See* 18 U.S.C. § 3148(b).

     The Bail Reform Act, 18. U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)    the weight of the evidence against the person;

(3)    the history and characteristics of the person, including –

>    (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>    (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal,

      or completion of sentence for an offense under Federal, State or local law; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

  In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report submitted on July 21, 2014, the entire court file, and the comments of defense counsel and his client during the hearing on December 22, 2015.  I specifically note that defendant advised the court that he was not opposing the government's request for detention and revocation of pretrial release.

  Weighing the statutory factors set forth at 18 U.S.C. § 3148(b) and 18 U.S.C, § 3142(g), I conclude that there is probable cause to believe that the person has committed a Federal, State or local crime while on release.  The Petition alleges that the defendant was arrested by the Aurora Police Department on December 13, 2015 and charged with careless driving, driving under the influence, hit and run, fleeing, driving on a revoked license and violation of a protective order.  Each of these offenses represent a violation of state law.  In the absence of any contrary evidence, this court will presume that these charges are supported by probable cause.

  Weighing all of the information presently available to the court, I find that the defendant is unlikely to abide by all conditions of release. In particular, I note that the 2014 Pretrial Services Reports indicates that the defendant has engaged in criminal behavior in the past of a similar nature to the charges stemming from his most recent arrest.  For example, the defendant pled guilty to driving without a valid license in 2009 and pled guilty to riving after revocation in two separate cases in 2013.  In one of the later cases, the defendant also admitted to violating his probation in 2014.  In 2011 and 2012, the defendant was charged with driving under restraint based upon a prior alcohol related incident.  At this time, I must conclude that the defendant is either unwilling or unable to comply with all conditions of pretrial release.  Accordingly, the court will grant the Petition, revoke the defendant's conditions of pretrial release, and order that he be held in custody pending further proceedings in this case.