# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:14-cr-00231-WJM-15

UNITED STATES OF AMERICA,
    Plaintiff,
v.

1. RICKY GARRISON,
2. JAMES TILLMON,
3. CHRISTOPHER MARTINEZ,
4. FRANCISCO AGUILAR,
5. SIMEON RAMIREZ,
6. CHRISTOPHER VIGIL,
7. TRAVIS EDWARDS,
8. DONDRAI FISHER,
9. ARCHIE POOLE,
10. LUIS RAMIREZ,
11. MELVIN TURNER,
12. SHAWN BEARDSLEY,
13. SIDNEY TAYLOR,
14. GREGORY WILLIAMS,
**15. ROBERT PAINTER**, and
16. LATOYA WIMBUSH
    Defendants.

## ROBERT PAINTER'S MOTION TO SUPPRESS WIRETAP EVIDENCE

COMES NOW, Robert Painter, by and through his undersigned counsel, and moves to suppress the wiretap evidence in this case.

## I. BACKGROUND

The indictment charges 71 counts of controlled substance violations against 16 defendants. Mr. Painter, the 15th defendant is charged in 7 counts plus the conspiracy count. Trial is set to begin April 11, 2016.

Most of the defendants have entered into plea agreements with the prosecution. Five defendants have not yet done so: Number 1 Ricky Garrison; Number 4 Francisco Aguilar;

1

Number 9 Archie Poole; Number 11 Melvin Turner; and Number 15 Mr. Painter. Upon information and belief, Mr. Aguilar, Mr. Poole, and Mr. Turner may be in the process of negotiating plea agreements with the prosecution. As the Court is aware, the status of Mr. Garrison's representation is currently being litigated. Accordingly, at this point, Mr. Painter is the lone active defendant.[1]

Before Mr. Garrison's first set of lawyers withdrew, they moved for wiretap-related discovery. By order dated December 3, 2015 (Doc. 706), the Court denied their motion without prejudice.

The prosecution obtained 13 wiretap orders when investigating this case. The first order tapped Target Telephone 1 ("TT1"), which was a phone used by one Francisco Ramirez.[2] About three weeks later, the TT1 wiretap order was used as a basis to obtain the second wiretap order, and so on in cumulative fashion for subsequent wiretap orders. Accordingly, this motion addresses the TT1 order as the starting point for all the wiretap evidence.

## II. FACIAL CHALLENGE

As discussed on page 8 of Doc. 706, a facial wiretap challenge argues that the information before the judge who issued the wiretap order was, in reality, insufficient to justify the wiretap order. This motion incorporates the legal authority and principles discussed in that portion of Doc. 706.

> **A. The application is ostensibly addressed to the Gangster Disciples gang as a "tight-knit" Target Organization, but the supporting affidavit shows the real**

---

[1] Mr. Painter has been incarcerated for approximately 20 months already. As alleged in the prosecution's wiretap application affidavits, he was a "drug customer" of Mr. Garrison. *See* DF_MGTF_WT_000271; DF_MGTF_WT_000433. (The wiretap application documents were submitted to the Court on December 3, 2015. *See* Doc. 701. This motion cites to those documents in the shortened form of "WT" and Bates number.)

[2] Mr. Ramirez later became a defendant in related case 14-cr-00230-WJM.

    **target was people unrelated to the Gangster Disciples who were providing drugs to Duke Surenos' gang member Francisco Ramirez.**

  The TT1 application identified the "Target Organization" for the wiretap as the Gangster Disciples gang. WT 000002 ¶2. The application purports to seek an order to obtain more information about the alleged criminal activities of the Gangster Disciples as the Target Organization. WT 000095. Accordingly, the wiretap order which granted the application named the Gangster Disciples as the Target Organization for the wiretap. WT 000100 ¶a.

  The October 2013 affidavit in support of the application described the Gangster Disciples as an African-American street gang engaged in drug trafficking and related violent crimes. The Gangster Disciples had originated in Chicago but spread to other places including Colorado. WT 000027 ¶¶15-16. The TT1 wiretap was sought as part of an investigation of crimes allegedly committed by the Gangster Disciples in Colorado. WT 000028 ¶19. The avowed purpose of the TT1 wiretap was to further the investigation of those crimes. WT 000028 ¶19; WT 000098 (Conclusion).[3] The wiretap was needed in part because "the Gangster Disciples and their associates are a tight knit organization." WT 000080 ¶143.

---

[3] The Gangster Disciples had been investigated in Colorado in 2012, but when the TT1 application was submitted, the Affiant alleged that no link had been drawn between the 2012 investigation and the 2013 investigation for which the TT1 wiretap was sought. WT 000027 ¶¶17-18. Similarly, the Affiant stated that no link had been drawn between the 2013 investigation for which the TT1 wiretap was sought and allegations that Gangster Disciples sold heroin in Denver's Civic Center Park. WT 000031 ¶30.

The TT1 affidavit identified seven specific people as alleged "members and/or associates of the Gangster Disciples." WT 000023 ¶7(a). (Mr. Painter is not one of them. He does not appear in the TT1 affidavit.)

The first of those seven people was the aforementioned Francisco Ramirez. WT 000023 ¶7(a). As the user of the targeted telephone, Mr. Ramirez was the focus of the affidavit when viewed as a whole.[4] But Mr. Ramirez was not a Gangster Disciple. Rather, as expressly averred in the TT1 supporting affidavit itself, he was a known member of the Duke Surenos gang. WT 000030 ¶25; WT 000073 ¶130.

The affidavit alleged that Mr. Ramirez was a drug supplier for Mr. Garrison, and that Mr. Garrison was a "suspected" member of the Gangster Disciples. WT 000021 ¶6(a); WT 000032 ¶31; WT 000034 ¶38; WT 000073 ¶130. The affidavit also alleged that Mr. Ramirez and Mr. Garrison were engaged in joint activity to obtain drugs. WT 000033 ¶¶34-36; WT 000052 ¶83. The affidavit does not indicate that the Duke Surenos gang was running a joint operation with the Gangster Disciples; the affidavit indicates that Mr. Ramirez and Mr. Garrison sometimes worked with each other to the apparent mutual advantage of their individual drug-dealing activities.

Moreover, the TT1 affidavit did not allege that five of the remaining six individually identified "members and/or associates of the Gangster Disciples" – Jesus Molina-Villarreal, Salvador Marruffo, Javier Segura-Cisneros, an unknown drug courier

---

[4] *See*, *e.g.*, WT 000021 ¶6(a) (Mr. Ramirez is the person who used the targeted phone); WT 000025-26 ¶¶11-12 (Mr. Ramirez was the named interceptee for wiretap orders obtained in 2012, in an unrelated investigation called Operation Red Dawn which did not include Mr. Garrison, *see* WT 000091-2 ¶¶168-169); WT 000035-44, ¶¶40-68 (describing undercover officer's drug purchase from Mr. Ramirez, and related circumstances); WT 000045 ¶¶69-70 (describing Mr. Ramirez's use of telephones for dealing drugs); WT 000045-50, ¶¶71-81 (describing additional controlled purchases from Mr. Ramirez).

for Mr. Molina-Villarreal,[5] and Glen Walls – were members or associates of the Gangster Disciples. WT 000022-23. As far as the specific averments in the affidavit showed, those people were independent drug suppliers to Ramirez (except that two of those five people were couriers for one of the suppliers), and they had no association with the Gangster Disciples. WT 000022-23; WT 000032 ¶¶32-33; WT 000052-53 ¶¶84-85; WT 000059 ¶96.

That leaves Ricky Garrison. The affidavit repeatedly refers to him as a "suspected" member of the Gangster Disciples. WT 000021 ¶6(a); WT 000028 ¶20; WT 000034 ¶38; WT 000073 ¶130. However, the government's investigation indicates that Mr. Garrison became estranged from the Gangster Disciples about the same time as, or shortly after, the TT1 application was filed in late-October 2013.[6]

Review of the prior cited portions of the affidavit, and of the affidavit as a whole, shows that the affidavit does not describe an investigation into a "tight-knit" Gangster Disciples "Target Organization." Rather, the investigation revealed by the substantive allegations in the affidavit was a rather free-wheeling investigation into the individual drug-related activities of Mr. Ramirez and Mr. Garrison, with a focus on Mr. Ramirez's drug sources. Because Mr. Ramirez was a Duke Sureno, and his sources had no apparent connection with the Gangster Disciples,

---

[5] This person was subsequently identified as Ivan Dominguez-Quezada. Mr. Dominguez-Quezada is also a defendant in two cases: 14-cr-230 and 15-cr-272. Mr. Dominguez-Quezada is the only active defendant in 14-cr-230; the other defendants in that case reached plea agreements. It appears that Mr. Dominguez-Quezada is presently trying to terminate the services of his court-appointed lawyer in both 14-cr-230 and 15-cr-272.

[6] The affidavit alleges that Mr. Garrison and/or Mr. Ramirez had contacts in January and August 2013 with a "documented Gangster Disciple" named Shauntay Craig and a "suspected" Gangster Disciple named Quentin Williams. WT 000030-31 ¶¶25-28; WT 000056-57 ¶91; WT000058 ¶95.

5

tapping Mr. Ramirez's phone moved the investigation further away from the Gangster Disciples. Accordingly, the wiretap order fails on its face as an order against the Gangster Disciples as the purported Target Organization. The order improperly approved what amounted to a fishing expedition into random drug sources for Mr. Ramirez.

WHEREFORE, Robert Painter moves to suppress the wiretap evidence.

Dated: March 7, 2016

Respectfully submitted,

*s/ Patrick J. Burke*
Patrick J. Burke
Patrick J. Burke, P.C.
999 18th Street, Suite 2055
Denver, Colorado 80202
303-825-3050
303-825-2992 fax
Patrick-J-Burke@msn.com

Dean Neuwirth
Dean Neuwirth P.C.
950 S Cherry St, #300
Denver, Colorado 80246
303-329-9222
dean.neuwirth@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2016, I electronically filed the foregoing **ROBERT PAINTER'S MOTION TO SUPPRESS WIRETAP EVIDENCE** with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following**:**

Zachary Phillips, Zachary.phillips@usdoj.gov
*Assistant United States Attorneys*

Miller Leonard, millermleonard@gmail.com
Leslee Anne Barnicle, barniclelaw@aol.com
Ronald Hahn, rhahn3677@hotmail.com
Robert Seldis Berger, robberger@qwestoffice.net

*s/ Jennifer J. Feldman*

6