# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:14-cr-00231-WJM-15

UNITED STATES OF AMERICA,
        Plaintiff,

v.

1.  RICKY GARRISON,
2.  JAMES TILLMON,
3.  CHRISTOPHER MARTINEZ,
4.  FRANCISCO AGUILAR,
5.  SIMEON RAMIREZ,
6.  CHRISTOPHER VIGIL,
7.  TRAVIS EDWARDS,
8.  DONDRAI FISHER,
9.  ARCHIE POOLE,
10.  LUIS RAMIREZ,
11.  MELVIN TURNER,
12.  SHAWN BEARDSLEY,
13.  SIDNEY TAYLOR,
14.  GREGORY WILLIAMS,
**15.  ROBERT PAINTER**, and
16.  LATOYA WIMBUSH
        Defendants.

---

## ROBERT PAINTER'S MOTION FOR PRETRIAL DETERMINATION OF ALLEGED CO-CONSPIRATORS' STATEMENTS PURSUANT TO F.R.E. 801(d)(2)(E)

---

COMES NOW, Robert Painter, by and through undersigned counsel, and, consistent with

the Court's statements regarding *James* proffers in the Order on Procedures, p. 4, ¶(8)(b) (Doc.

99), respectfully moves the Court for a pretrial determination of the admissibility of alleged co-

conspirators' statements under F.R.E. 801(d)(2)(E).[1]

---

[1] In the Court's Amended Order Resetting Trial Date and Related Deadlines (Doc. 517), the Court
ordered all discovery motions and Motions regarding the Indictment to be filed by October 9, 2015.  They
were so filed.  The government was ordered to file responses by October 26.  The government requested
an extension in which to file their responses to defendants' various discovery motions (Doc. 646) and
filed the responses on November 9, 2015.  The Court's December 3, 2015 order recognized that discovery

## STATEMENT OF THE CASE

Defendant Painter requests that the government be ordered to disclose each of the

statements which it intends to offer at trial pursuant to F. R. E. 801(d)(2)(E).

## LAW AND ARGUMENT

A.  The Government's Burden Under Rule 801(d)(2)(E)

Pursuant to F.R.E. 801(d)(2)(E), a statement of one co-conspirator is admissible against

another co-conspirator when the government can demonstrate "by a preponderance of the

evidence that:  (1) a conspiracy existed; (2) the declarant and the defendant were members of the

conspiracy; and (3) the hearsay statements were made in the course and in furtherance of the

---

requests may be appropriate for a *Franks* challenge.  The Court held that "the defendant must offer a specific, articulable basis for believing that the Government possesses particular evidence or information, not otherwise available to the defendant, that would support a claim that a warrant affiant intentionally or recklessly misstated or omitted material information in the relevant warrant application(s)."  Doc. 706, at p. 16.  The Court further held that if a defendant "can formulate much more specific, supported, and focused requests for information the Government is likely to have and which would potentially support a *Franks* challenge, Garrison should request such information from the Government and, if the Government refuses to produce it, may file a new, tailored discovery motion on these limited grounds."  Doc. 706, at p. 17.  As suggested by the Court, prior counsel for Mr. Garrison, who were responsible for any wiretap litigation, then met at least twice with Assistant U.S. Attorney Zachary Phillips in an effort to resolve wiretap discovery issues.  They certainly did not construe the Court's December 3, 2015 Order as being the functional equivalent of closing the hearing on those disputed issues; disputed discovery issues were not set for hearing; rather, they were the subject of considerable discussion between the prosecutor and the defense.  To be sure, the undersigned had no idea that the Court might consider its December 3, 2015 Order (Doc. 706) to be the functional equivalent of closing the hearing on discovery issues, as reflected in CJA Motion (Doc. 790) filed on February 16, 2016.

The Court has now stated that the December 3, 2015 Order closed any hearing on disputed discovery issues.  The Court has now further stated that suppression motions were therefore due on February 1, 2016, 60 days after December 3.  (Doc. 836)  Again, the undersigned had no idea that the Court might consider the December 3, 2015 Order to close the hearing on discovery issues, thereby barring the filing of suppression motions after February 1, 2016.

In any event, paragraph 7 of the Amended Order Resetting Trial Date and Related Deadlines (Doc. 517) states that "All motions to sever and motions pursuant to Federal Rules of Evidence 801(d)(2)(e) should be filed 60 days after the hearing on suppression motion(s), if there is one, or 60 days after the Court's ruling on any such motion in the event no hearing is held."  While Robert Painter's Motion for Pretrial Determination of Alleged Co-Conspirators' Statements Pursuant to F.R.E. 801(d)(2)(E) seemingly could be filed 60 days from yesterday, it is being filed today, March 8, 2016, in an abundance of caution and given the April 11 trial date.

conspiracy."  *See e.g., United States. v. Lopez-Guiterrez*, 83 F.3d 1235, 1242 (10th Cir. 1996);

*United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995); *United States v. Urena*, 27 F.3d

1487, 1490 (10th Cir. 1994); *United States v. Doran*, 882 F.2d 1511, 1525 (10th Cir. 1989).

In order to demonstrate that Mr. Painter, his co-defendants and any alleged unindicted co-

conspirators were members of a conspiracy, the government must prove:  (1) agreement with

another person to violate the law; (2) knowledge of the essential objective of the conspiracy; (3)

knowing and voluntary involvement; and (4) that there was interdependence among the alleged

co-conspirators*.  United States v. Chavis*, 461 F.3d 1201, 1208 (10th Cir. 2006)*.  These facts

must be established for each individual declarant.  *See, e.g., United States v. Evans*, 970 F.2d

663, 673 (10th Cir. 1992) ("[I]t is . . . essential to determine what kind of agreement or

understanding existed as to each defendant.").

Once the government has proven the existence of and membership in a conspiracy, it

must also prove that the statement it seeks to admit under Rule 801(d)(2)(E) was made "during

the course of" and "in furtherance of" a conspiracy.  This requirement is a "limitation on the

admissibility of co-conspirators statements that is *meant to be taken seriously*."  *United States v.

Perez*, 989 F.2d 1574, 1578 (10th Cir. 1993) (*en banc*) (emphasis added).

As the Tenth Circuit noted in *Perez*, "[i]n light of the [U.S. Supreme] Court's expressed

concern that conspiracy prosecutions not be further broadened . . . a court must carefully

ascertain the nature and extent of the conspiracy in determining whether acts or statements can

properly be viewed as made during its existence."  *Id*. at 1579.  By way of example, statements

made by a declarant before he joined a conspiracy are, by definition, not made during a

conspiracy.  *Cf. id.* at 1577-78.  Similarly, a statement made after a conspiracy has ended is not

admissible under F.R.E. 801(d)(2)(E) because it is not made during the course of the conspiracy. *See Krulewitch v. United States*, 336 U.S. 440, 442-44 (1949).

To prove a statement was made "in furtherance" of a conspiracy under F.R.E. 801(d)(2)(E), the government must show that the statement was "intended to promote the conspiratorial objectives" of the conspiracy. *United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986); *see United States v. Rascon*, 8 F.3d 1537, 1540 (10th Cir. 1993). "[S]tatements are not in furtherance of a conspiracy if they are mere narratives, that is statements relating to past events, even those connected with the operation of the conspiracy where the statements serves no immediate or future conspiratorial purpose." *Perez*, 989 F.2d at 1578. Statements are also not in furtherance of a conspiracy if they: (1) reflect preliminary business negotiations unrelated to the alleged conspiracy, *see United States v. Posner*, 764 F.2d 1535, 1538 (11th Cir. 1985) (holding that a co-conspirator's letter, containing preliminary appraisals of real estate, was not made in furtherance of a conspiracy to overvalue the real estate); (2) were made after the conspiracy ended, *see Silverstein*, 737 F.2d at 867; or (3) "simply implicate one co-conspirator in an attempt to shift the blame from another," *United States v. Blakely*, 960 F.2d 996, 998 (11th Cir. 1992).

B.     A Pretrial Determination of Admissibility Is Necessary

As implicated in Fed. R. Evid. 104(a), "[p]reliminary questions concerning the admissibility of evidence shall be determined by the court." Thus, the Tenth Circuit has recognized that the admissibility of co-conspirator declarations under F.R.E. 801(d)(2)(E) must be resolved preliminarily by the trial court. *See e.g., Lopez-Guiterrez,* 83 F.3d at 1242; *Urena,* 27 F.3d at 1491. In this respect, the Tenth Circuit has long expressed a "*strong preference*" that determinations of the admissibility of co-conspirator statements be made in advance of trial outside the presence of the jury. *See Id.*

A pretrial determination enables the Court to determine whether the government has met its burden under F.R.E. 801(d)(2)(E), while still protecting the defendant from the risk of undue prejudice that would result if the evidence "provisionally" offered by the government does not connect up to the alleged conspiracy at trial.  *See e.g., Urena,* 27 F.3d at 1491; *James,* 590 F.2d at 581-582.  By requiring the government to present—outside the presence of the jury—evidence corroborating the contents of the alleged co-conspirators' statements, such as evidence that a conspiracy existed, how each defendant entered the conspiracy, the identity of each co-conspirator whose statement will be used at trial, the witness through whom each statement will be offered, or how the statement was made in the course and in furtherance of the conspiracy, the Court avoids the risk of violating defendant's constitutional rights, as well as the costs associated with a mistrial.  *See* 1997 Amendment to F.R.E. 801; *see also Hernandez*, 829 F.2d at 993.

## CONCLUSION

For the reasons set forth above, Mr. Painter respectfully requests that the Court order the government to provide him with a list of any and all alleged co-conspirator statements that it intends to admit at trial as non-hearsay under Rule 801(d)(2)(E), together with the identity of the alleged co-conspirator who made the statement and when the statement was made, utilizing the forms appended to the Court's Revised Practice Standards.

WHEREFORE, Robert Painter requests a pretrial determination by the Court of the Co-Conspirators' Statements in this case.

Dated:  March 8, 2016

> Respectfully submitted,
>
> *s/ Patrick J. Burke*
> Patrick J. Burke

5

Patrick J. Burke, P.C.
999 18th Street, Suite 2055
Denver, Colorado 80202
303-825-3050
303-825-2992 fax
Patrick-J-Burke@msn.com

Dean Neuwirth
Dean Neuwirth P.C.
950 S Cherry St, #300
Denver, Colorado 80246
303-329-9222
dean.neuwirth@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

Zachary Phillips, Zachary.phillips@usdoj.gov
*Assistant United States Attorneys*

Miller Leonard, millermleonard@gmail.com
Leslee Anne Barnicle, barniclelaw@aol.com
Ronald Hahn, rhahn3677@hotmail.com
Robert Seldis Berger, robberger@qwestoffice.net

*s/ Jennifer J. Feldman*

6