# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,
        Plaintiff,

v.

#1 RICKY GARRISON,
        Defendants.

---

## UNOPPOSED MOTION TO CONTINUE TRIAL SETTING AND ENDS OF JUSTICE EXCLUSION REQUEST OF 180 DAYS AND REQUEST TO RESET ALL MOTIONS DEADLINES

---

COMES NOW, Ricky Garrison, Defendant, by and through counsel, and hereby requests the Court to continue his trial setting, exclude one hundred eighty (180) days from the Speedy Trial computation/clock, and to reset all deadlines for motions for the defendants proceeding to trial. In support of this motion, Mr. Garrison states the following:

### GENERAL ALLEGATIONS

1. The Government does not oppose the requests contained in this motion; co-defendant, Mr. Painter, by and through counsel, does not oppose the requests contained in this motion.

1

2. Defendant is charged in a multi-count Indictment. Defendant is charged with 54 counts. Defendant's case has, at present, been on-going for almost two years.

3. Counsel is recently appointed. The CJA Form 20 has a date of February 17, 2016 as the date of counsel's appointment. This appointment followed the discharge of Mr. Garrison's previous attorney(s). Mr. Garrison's previous attorney was first appointed on June 9, 2014 (Doc. #46).

4. On February 25, 2016, after meeting with Mr. Garrison, counsel was discharged from representing defendant. Accordingly, on February 26, 2016, counsel filed a Motion For Substitution of Counsel. This Motion was heard by The Honorable Magistrate Wang on March 7, 2016 and an Order was issued on March 9, 2016. The Order denied Mr. Garrison's request for new counsel.

5. The Court, on July 7, 2014 (Doc. #188), declared the case complex. The Court's Order, Doc. #188, is hereby incorporated by reference. One pertinent aspect of the Court's Order, Doc. #188, is the fact that the Court noted that discovery is voluminous.

6. The current docket has 845 entries. Many of these entries represent substantive motions.

7. Counsel does not have discovery.

8. Counsel does not have a copy of prior counsel's file due to the issue of defense counsel being discharged by Mr. Garrison. Now that the issue of whether or not counsel is relieved has been determined by the Court, counsel will obtain both discovery and a copy of prior counsel's file. This task, however, will take a few days.

9. At present, defendant and counsel have only met once, on February 25, 2016. That meeting lasted two hours, however, the meeting was not substantive in nature.

10. There is a plea offer that has been extended to Mr. Garrison.  While there is a plea offer, counsel is not able to ascertain the merits of the proposed plea offer for reasons outlined further.

Legal Basis for Motion to Continue

11.    The Speedy Trial Act of 1974 (Act) allows for a continuance at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge grants such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

12.    No such period of delay resulting from a continuance granted by the court in accordance with paragraph (7) shall be excludable unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id*.

13.  The factors Defendant is seeking this continuance pursuant to the sections found in 18 U.S.C. § 3161(h)(7)(i),(ii) and (iv) :

   **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to    make a continuation of such proceeding impossible, or result in a miscarriage of justice.

   **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or

law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

**(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id*. § 3161(h)(7)(B)(i),(ii) and (iv).

14.   "A moving party must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. A record consisting of only short, conclusory statements lacking in detail is insufficient.  For example, it is insufficient to merely state that counsel is new and thus needs more time to adequately prepare for trial or that counsel or witnesses will be out of town in the weeks preceding trial and therefore more time is needed to prepare for trial.  Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough." *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) citing *United State v. Williams*, 511 F.3d 1044, 1058 (10th Cir. 2007) and *United States v. Gonzales*, 137 F.3d 1431, 1434-35 (10th Cir. 1998).

15.   The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and counsel's conduct must be sufficient so as not to undermined the proper

4

functioning of the adversarial process so that the trial process can be relied on as having produced a just result. See *Strickland v. Washington*, 466 U.S. 668 (1984).

## Analysis

16. Counsel was recently appointed to represent Mr. Garrison in a multi-count Indictment. Defendant is facing a maximum sentence of twenty years if he is convicted of the offenses charged. The maximum penalty imposed, however, could be well in excess of twenty years if the Court, at sentencing, were to determine that the sentences should be consecutive instead of concurrent. Regardless, twenty years is an enormous prison sentence.

17. Trial is set to commence on April 11, 2016 (Doc. #769). A Trial Preparation Conference is set for April 1, 2016 (Doc. #768). If trial were to commence on April 11, 2016, counsel for the defense would have 32/33 days in which to prepare for a trial. This period of time is inadequate to even review discovery, even if counsel were to drop all other cases and focus exclusively on this case. The discovery is voluminous as this excerpt from the Order declaring the case complex indicates:

> This case is the result of an Indictment following Court-authorized wire and electronic interceptions on thirteen different telephones over approximately a seven month period of time. There are more than 48,000 call records, of which approximately 5,500 have been determined to be pertinent calls involving criminal activity. Due to the length of the investigation resulting in the Indictment, discovery consists of voluminous

>amounts of data which includes hundreds of recordings of surveillance and toll records, in addition to the call records, all of which will require a substantial amount of defense counsel's time to review and analyze. Search warrants were executed at six different locations including in the state of California. During the execution of these warrants evidence was seized and statements were made, and it is anticipated that pre-trial litigation will include a determination of the admissibility of this evidence.

Doc. #188, pg. 4, ¶ 3.

18. In order to prepare for trial, counsel has an obligation to review the discovery in the case and to draft any pre-trial motions and jury instructions. This obligation requires counsel to review the facts/discovery in a case in order to counsel his or her client on the advantages of entering a plea of guilty or taking a case to trial. Further, counsel needs to review prior motions filed in this case, discuss the case with prior counsel, and formulate a motions and trial strategy. Additionally, this particular case involves wiretap interceptions of thousands of phone calls. *See* Doc. #188. Wiretaps pose an additional complexity to a case as counsel must review the individual phone calls and then determine if there are appropriate motions to be filed attacking the validity of the wiretaps. In fact, a review of the docket indicates that the wiretaps are the subject of litigation by co-defendant Painter. *See* Doc. #835.

19. Mr. Garrison is as entitled to effective assistance of counsel at the plea stage as he is at trial. *See Lafler v. Cooper, 132 S. Ct. 1376 (2012)* and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). The Supreme Court, in *Lafler* and *Frye,* affirmed that defendants have a right to effective representation during plea bargaining, and that counsel has a duty to

6

timely and effectively communicate all plea offers to the client. The issue facing counsel, and impacting Mr. Garrison, is that while there is a plea offer outstanding, counsel is in no position to evaluate the merits of the plea offer. Further, as the Court indicated, *Lafler* permits a defendant to allege in post-judgment proceedings that his attorney failed to provide adequate representation concerning a plea offer by the prosecution. *See Lafler v. Cooper, 132 S. Ct. 1376 (2012).* A successful *Lafler* claim will result in the judgment after trial being vacated, and the defendant being permitted to plead guilty pursuant to a previously made plea offer. *Id.* The only manner in which counsel can avoid such an issue is to have sufficient time to review the discovery, discuss the plea offer with Mr. Garrison, and conduct a thorough analysis of the proposed plea in terms as to whether the plea bargain is worth relinquishing Mr. Garrison's constitutional rights.

20. In practical terms, unless and until counsel has discovery, and sufficient time to digest the discovery, including formulating plea and trial strategies, the only information available to counsel is the Indictment, the docket and motions filed to court, as well as Mr. Garrison. And, while counsel anticipates obtaining both discovery and prior counsel's files in a timely fashion, there is not sufficient time for counsel to prepare for plea representation, much less trial.

21. The inability for counsel to digest the discovery prior to trial would prejudice Mr. Garrison by denying him counsel who is able to assess the charges against him with the facts in the possession of the Government. A critical aspect of the attorney-client relationship is the ability of counsel to apply his or her expertise to the facts being marshaled against the client. The ability to advise a client with specificity to each

charged count is predicated upon the ability of counsel to have sufficient time to discover, investigate, and conduct legal research in regards to each count alleged.  It would be impossible, given the volume of anticipated discovery, for counsel to perform his ethical duties in respect to the issues listed *supra*.  This would constitute such a degradation of the attorney-client relationship as to deny Mr. Garrison his 6th Amendment Constitutional right to effective assistance of counsel.

22. The fact that this case is a multi-defendant Indictment raises legal issues that are not found in a single defendant case.  For instance, there are potential *Bruton* and *James* issues .  Also, it is evident that some co-defendant's have agreed to cooperate with the Government, thus there is the distinct potential for *Giglio* motions.  Along with the cooperating charged co-defendants, a cursory review of the Indictment, discovery order, and plea petitions filed indicate that there are potential alleged co-conspirators who were not identified along with a confidential informant who is not, at present, identified by the Government.  In fact, the government has asserted the  privilege of non-disclosure of the identity of the confidential informant.  *See* Doc. #79, pg .*5, ¶ 9(D) (1).* These issues add to the complexity of the case in both factual and legal terms.

23. The ends of justice would not be served in forcing Mr. Garrison to trial on April 11, 2016.  The failure to grant a continuance to Mr. Garrison would be a miscarriage of justice because he would be proceeding to trial with counsel that is not prepared and unable to offer effective assistance of counsel, while the Government, to the contrary, would be proceeding to trial nearly two years after the case was filed by Indictment.  The result would be a trial of unequally prepared counsel, resulting in substantial

prejudice to Mr. Garrison such that his right to effective assistance of counsel, as mandated by the 6th Amendment, would be eviscerated.

24. Defendant will also address the potential issue of how this request impacts the other outstanding co-defendant, Mr. Painter. First, as indicated *supra*, Mr. Painter does not oppose the requests being made in this motion. In particular, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "Such trials play a vital role in the criminal justice system." *Id*. "Pursuant to 8(b), joinder of multiple defendants is proper whenever there is a common thread between the actions charged against them." *United States v. Saget*, 991 F.2d 702, 707 (11th Cir.) cert. denied, 510 U.S. 950 (1993). "Rule 8(b) by its own terms does not require each defendant to have participated in all of the counts, but it does require each defendant to have participated in the same series of acts or transactions." *United States v. Grey Bear*, 863 F.2d 572, 575 (8th Cir.1988). Thus, joinder is proper whenever there is a proper thread between the actions of the defendants which have resulted in the charges filed against them. *See United States v. Saget, 991 F.2d 702, 707 (11th Cir.) cert. denied, 510 U.S. 950 (1993).*

## PRAYER FOR RELIEF

25. Defendant requests the Court grant this Motion for the reasons listed *supra.*

26. Defendant requests one-hundred and eighty (180) days be excluded from the Speedy Trial clock. This request will allow counsel, acting with due diligence, the time

necessary to begin to digest the discovery in this case, meet with Mr. Garrison, review and evaluate the plea agreement, and begin the process of determining motion and trial strategies.

27. Defendant further requests that this case be set for a Status Conference in approximately one hundred and twenty (120) to one hundred fifty days (150) should the Court grant this Motion.

28. Defendant requests that all motions deadlines be vacated as to all defendants and that the Court delay fixing new motions deadlines until the Status Conference requested is held.  Defendant is making this request as the volume of discovery is such that it will require newly appointed counsel substantial time in order to determine what potential motions may be filed. Once potential motions are identified, it will require additional time to draft and perfect such motions.

29. This Motion is made in the interest of justice and does not vex or harass any party. Further, by granting this Motion, Mr. Garrison will have his right to effective assistance of counsel, as mandated by the 6th Amendment, protected.

WHEREFORE, Defendant requests the Court to grant his Motion for Continuance of Trial Setting and to vacate the current trial setting of April 11, 2016, vacate any current motions deadlines, as well as delaying the setting of motions deadlines until a Status Conference is conducted, and for all other relief requested herein.

DATED at Denver, Colorado this, 10th day of March 2016.

                                                Respectfully submitted,

                                                /s/Miller Leonard
                                                14143 Denver West Pkwy., Suite 100
                                                Golden, CO 80403
                                                (720) 613-8783 Phone - Office
                                                (303) 907-9516 Phone - Business Cell
                                                (720) 613-8782 Fax
                                                /s/Miller Leonard
                                                Attorney for Defendant
                                                CO Reg. # 41029
                                                milller@themillerleonardlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2016, I electronically filed the foregoing Motion and that a copy was delivered to all parties by the District of Colorado's ECF filing system.