## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM-16

UNITED STATES OF AMERICA,

      Plaintiff,

v.

16.      LATOYA WIMBUSH,

      Defendant.

---

### RULE 11(c)(1)(B) PLEA AGREEMENT AND STIPULATION OF FACTS

---

The United States of America (the government), by and through Zachary Phillips, Assistant United States Attorney for the District of Colorado, and the defendant, Latoya Wimbush, personally and by counsel, Thomas Ward, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I.    AGREEMENT

The defendant agrees to plead guilty to Count Forty-five of the Indictment charging the defendant did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code section 841(a); and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

1



The defendant also admits the corresponding forfeiture in the Indictment and agrees to forfeit to the United States pursuant to Title 21 United States Code, Section 853, any and all interest she may have in any property constituting or derived from any proceeds obtained directly or indirectly from the commission of the offenses alleged in Counts One through Fifty-nine and Counts Sixty-one through Sixty-nine of the Indictment. Further, should any family member, associate, or acquaintance attempt to contest any such property, the defendant agrees to provide necessary information to the government regarding any such claim to the best of her ability, and to testify in any related forfeiture action, regarding any such claim to the best of his ability.

In consideration of this plea and the Court's acceptance of the plea of guilty, the government agrees to refrain from filing a request for an enhancement of sentence in this case pursuant to the provisions of Title 21 U.S.C. Section 851, if applicable. All remaining charges in the Indictment will be dismissed at the time of sentencing.

The defendant agrees to timely file a notice of disposition, request a change of plea hearing date, and to withhold or withdraw any pretrial motions in this case.  In return, the government agrees to request that the defendant receive a two-level decrease for timely acceptance of responsibility pursuant to United States Sentencing Guideline Section 3E1.1(b).

The defendant also agrees that she shall assist the government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to her knowledge have accumulated as a result of illegal activities.  Such assistance will involve an agreement on

2

defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be subject to forfeiture.   Additionally, the defendant agrees to identify to the best of her ability as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to the Government upon request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property, and to testify truthfully at any hearing as requested by the government.

The defendant also knowingly and voluntarily agrees to waive any claim or defense she may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to forfeited assets.   Finally, the defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings brought against said assets, and the defendant agrees to waive any appeal for the forfeiture.   The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct.

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 10; or (3) the government appeals the sentence imposed.   If

3

any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

At the time of sentencing, the Government will recommend a sentence to probation.

## II.  ELEMENTS OF THE OFFENSE(S)

The elements of the charge in Count Forty-five of the Indictment, which the government must prove beyond a reasonable doubt if this matter goes to trial and to which the defendant must admit if the defendant is to enter a plea of guilty, are as follows:

    a.    The defendant knowingly or intentionally possessed a controlled substance, to wit: cocaine;

    b.    The substance was in fact a controlled substance;

    c.    The defendant possessed the substance with the intent to distribute it;

4

d.    The amount of the cocaine base was less than 500 grams of a mixture or substance containing a detectable amount of cocaine;

Aiding and Abetting

a.    Someone else committed the charged crime; and

b.    The defendant intentionally associated herself in some way with the crime and intentionally participated in it as she would in something she wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

### III.   STATUTORY PENALTIES

The maximum statutory penalty for a violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(C) is: not more than 20 years imprisonment; not more than $1,000,000 fine, or both; not less than 3 years supervised release; and $100 special assessment fee.   There is no restitution.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

### IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.    If the defendant is an alien, the conviction may cause the defendant to be deported or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

### V.   STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below.   Because the Court must, as

5

part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. §3553 factors, or to the Court's overall sentencing decision.

The parties agree as follows:

*The investigation underlying the conspiracy charged in Count One of the Indictment began on or about June 1, 2013, through on or about June 4, 2014.   The government's evidence at trial would include recordings of the defendant obtained through court authorized wiretaps, cocaine, cocaine base, heroin, methamphetamine and other evidence of drug trafficking seized from the defendant or other defendants, testimony of investigators regarding surveillance of the defendant and other investigative findings, and the testimony of cooperating co-defendants.*

*During the course of the conspiracy the defendant received cocaine base on numerous occasions from RICKY GARRISON.*

*During the course of the conspiracy, the defendant and co-defendant RICKY GARRISON would communicate for the purpose of illegal drug transactions between the defendant and RICKY*

6

GARRISON.   On November 16, 2013, the defendant and RICKY GARRISON had numerous phone calls which discussed RICKY GARRISON supplying the defendant with cocaine.

Further, and specifically in relation to Count Forty-five, on February 26, 2014, the defendant and RICKY GARRISON again had numerous phone calls in order to arrange for RICKY GARRISON to supply the defendant with 1.75 grams of cocaine.   In fact, on February 26, 2014, RICKY GARRISON supplied the defendant with 1.75 grams of cocaine.

The defendant used some of the cocaine received from RICKY GARRISON as well as redistributed some of the cocaine.

For purposes of relevant conduct the defendant stipulates pursuant to USSG § 1B1.3(a)(1)(B) that the total drug quantity for which she is accountable is less than 50 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

## VI.    ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by

the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A.     Pursuant to section 1B1.3, the base offense level is **12** computed on less than 50 grams of a mixture or substance containing a detectable amount of cocaine.

B.     Assuming that the defendant timely filed a notice of disposition and withheld or withdrew any pretrial motions in this case, the defendant should receive a two-level downward adjustment for timely acceptance of responsibility.   The resulting offense level is **10**.

C.     The parties understand that the stipulation regarding criminal history of the defendant is tentative, and that the defendant is in a better position to know the relevant facts than is the government.   The criminal history category is more completely and accurately determined by the Probation Department, and additional facts regarding the criminal history can greatly affect the final guideline range.   Nevertheless, the parties believe that the defendant's Criminal History Category is I.

E.     The career offender/career livelihood adjustments do not apply.

F.     The advisory guideline range resulting from these calculations is 6 to 12 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 6 months (bottom of Category I) to 30 months (top of Category VI).   The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the count of conviction.

G.     Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $ 2,000 to $ 20,000, plus applicable interest and penalties.

H.     Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not less than 3 years.

I.     Pursuant to guideline § 5E1.3, there is a special assessment fee of $100.

## VII.   ENTIRE AGREEMENT

The parties believe the advisory sentencing range resulting from the proposed plea agreement is appropriately calculated because all relevant conduct is disclosed, the sentencing guidelines take into account all pertinent guidelines sentencing factors with respect to this

defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement.  There are no other promises, agreements, side agreements, terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 3/3/16

Latoya Wambush
Defendant

Date: 3/3/16

Thomas Ward
Attorney for Defendant

Date: 3/14/16

Zachary Phillips
Assistant U.S. Attorney

9