IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM-15

UNITED STATES OF AMERICA,

Plaintiff,

v.

15.    ROBERT PAINTER,

          Defendant.

---

GOVERNMENT'S RESPONSE TO ROBERT PAINTER'S MOTION FOR PRETRIAL
DETERMINATION OF ALLEGED CO-CONSPIRATORS' STATEMENTS
PURSUANT TO F.R.E. 801(d)(2)(E)
(DOC. NO. 839)

---

COMES NOW, the United States of America, by John F. Walsh, United States Attorney for the District of Colorado, and through Zachary Phillips, Assistant United States Attorney, responds to Robert Painter's Motion for Pretrial Determination of Alleged Co-conspirators' Statements Pursuant to F.R.E. 801(d)(2)(E) (Doc. No. 839).

**Background and Judicial Posture**

Presently, this case is set for trial to commence on April 11, 2016.  There are four remaining Defendants.  Those Defendants are:  Ricky Garrison, Francisco Aguilar, Archie Poole, and Robert Painter.

Ricky Garrison has recently been appointed new counsel.  Counsel for Mr. Garrison has filed an Unopposed Motion to Continue Trial Setting and Ends of Justice Exclusion Request of 180 Days and Request to Reset All Motions Deadlines (Doc. No. 847).  The Government does

not oppose Defendant's motion and maintains that the ends of justice require a granting of the motion.

Francisco Aguilar, according to defense Motion to Withdraw as Counsel (Doc. No. 856), has chosen to hire private counsel for his representation.  This motion is pending before the Court and has been referred to Duty Magistrate Judge Michael Hegarty (Doc. No. 857). Francisco Aguilar has also indicated that he does not oppose Defendant Ricky Garrison's Unopposed Motion to Continue Trial Setting and Ends of Justice Exclusion Request of 180 Days and Request to Reset All Motions Deadlines (Doc. No. 847).   As a defendant has a right to counsel of his choosing, the Government does not oppose the Defendant hiring private counsel. However, as indicated in the Defendant's response to Ricky Garrison's Unopposed Motion to Continue Trial Setting and Ends of Justice Exclusion Request of 180 Days and Request to Reset All Motions Deadlines (Doc. No. 847), such a decision necessitates a continuance of the presently set trial.

Archie Poole has been ordered to file a response to Ricky Garrison's Unopposed Motion to Continue Trial Setting and Ends of Justice Exclusion Request of 180 Days and Request to Reset All Motions Deadlines (Doc. No. 847) and Robert Painter's Motion for Clarification of His Trial Date and Associated Deadlines in light of Co-defendant Ricky Garrison's Unopposed Motion to Continue Trial Setting and Ends of Justice Exclusion Request of 180 Days and Request to Reset All Motions Deadlines (Doc. No. 848).  The Government has been in contact with defense counsel for Defendant Archie Poole on a regular basis.  However, as of the filing of this motion, counsel for Mr. Poole has been unable to inform the Government of Mr. Poole's position regarding the pending motions.

Robert Painter has joined in Ricky Garrison's Unopposed Motion to Continue Trial Setting and Ends of Justice Exclusion Request of 180 Days and Request to Reset All Motions Deadlines (Doc. No. 847) and filed his own Motion for Clarification of His Trial Date and Associated Deadlines, In Light of Co-defendant Ricky Garrison's Unopposed Motion to Continue Trial Setting and Ends of Justice Exclusion Request of 180 Days and Request to Reset All Motions Deadlines (Doc. No. 848). The Government has spoken with Mr. Painter's counsel and it is the position of both Mr. Painter's counsel, as well as the Government, that Mr. Painter proceed to trial at the same time as the remaining Defendants.

The Government believes that the remaining Defendants be tried at the same time in a joint trial. The evidence and witnesses in this case will be largely the same against each of the Defendants. Each of the remaining Defendants is charged with a conspiracy count that includes all of the other remaining Defendants. Although none of the remaining Defendants has requested a separation from one another and the implications of their conspiracy at trial, such an issue should be addressed. The trial court is not necessarily obligated to permit separation:

> A conspiracy is like a train. When a party knowingly steps aboard,
>
> he is part of the crew, and assumes conspirator's responsibility for
>
> the existing freight - or conduct - regardless of whether he is aware
>
> of just what it is composed.

*United States v. Baines*, 812 F.2d 41, 42 (1st Cir. 1987).

Further, "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Such trials play a vital role in the criminal justice system. *Id.* Pursuant to 8(b), joinder of multiple defendants is proper

whenever there is a common thread between the actions charged against them. *United States v. Saget*, 991 F.2d 702, 707 (11th Cir.), cert. denied, 510 U.S. 950 (1993). Rule 8(b) does not require each defendant to have participated in all of the counts, but it does require each defendant to have participated in the same series of acts or transactions. *United States v. Grey Bear*, 863 F.2d 572, 575 (8th Cir.1988).

Rule 14 of the Federal Rules of Criminal Procedure confers discretion on the trial court to grant a severance. When defendants properly are joined under Rule 8(b), a severance under Rule 14 should only be granted if there is a serious risk that being tried jointly will compromise a specific right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro*, 506 U.S. at 539.

However, severance is *not* required even if prejudice is shown. *Id.* (emphasis added). The type of relief to be granted, if any, is left to the court's discretion. *United States v. Sarracino*, 340 F.3d 1148, 1165 (10th Cir. 2003). The decision whether to grant or deny severance is within the sound discretion of the trial court and will not be disturbed on appeal unless there is a "strong showing of prejudice." *United States v. Evans*, 970 F.2d 663, 675 (10th Cir. 1992), cert. denied, 507 U.S. 922 (1993).

[In] deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a joint trial of co-defendants against the expense and inconvenience of separate trials . . . Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the "spill-over effect" from the evidence that was overwhelming or more damaging against the co-defendant than that against the moving party is sufficient to warrant severance. *United States v. Hack*, 782 F.2d 862, 870 (10th Cir.), cert. denied, 476 U.S. 1184 (1976).

4

The Supreme Court has also indicated that "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. at 540. Any risk of prejudice may be cured with limiting instructions to the jury. *Id.*; *United States v. Emmons*, 24 F.3d 1210 (10th Cir. 1994). And, juries are presumed to follow their instructions. *Zafiro* at 540 citing Richardson v. Marsh, 481 U.S. 200, 211 (1987). *See United States v. Hardwell*, 80 F.3d 1471, 1486 (10th Cir. 1996) (prior crimes evidence admitted against one conspirator; jury was instructed; no spill-over prejudice).

None of the remaining Defendants has requested a severance of trial. Further, there has been no showing of prejudice by any of the Defendants if this case were to proceed to a single trial against all of the Defendants. Thus, the law, as well as interests of judicial efficiency and economy, compel the conclusion that the Defendants are properly joined in this case with the remaining Co-defendants.

### Co-conspirator Statements

The Defendant moves the Court to order the Government to produce any statements by any co-conspirator, co-defendant and/or accomplice. For the reasons set forth herein, the Government respectfully submits that this motion should be denied at this time or continued for a ruling at a later time.

First, co-conspirator statements are not discoverable under Rule 16, *United States v. Williams-Davis*, 90 F.3d 490, 513 (D.C.Cir.1996) (collecting cases). Notwithstanding this fact, the Government has provided Defendant with discovery in the form of telephone recordings and investigative reports. This material contains the majority of statements it will offer under Rule 801(d)(2)(E). The Government has negotiated with possible cooperating Defendants in this

case who might become witnesses against one or more of the named Defendants. The Government will disclose the identity of that person(s) and any additional statements from the Cooperating Defendant(s) to the Defendant no later than fourteen days prior to trial. The Defendant has received significant discovery in this matter.  The Defendant does not require additional work product from the Government to identify co-conspirator statements.

One way of addressing co-conspirator statements is by the Court provisionally admitting co-conspirators' statements "with the caveat that . . . the party offering [it] must prove the existence of the predicate conspiracy through trial testimony or other evidence." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir.1995).  Although the Tenth Circuit has expressed a "strong preference for James proceedings where the government relies on co-conspirator statements," *United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir.1998), a "defendant thus has no distinct right to a pretrial hearing with regard to the conspiracy determination." *United States v. Hernandez*, 829 F.2d 988, 994 (10th Cir.1987).  The district courts may provisionally admit such statements subject to proof at trial that connects up the statements to the predicate conspiracy elements.  *United States v. Powell*, 982 F.2d 1422, 1432 (10th Cir.1992). The decision of whether to hold a pre-trial hearing or to provisionally admit co-conspirator statements remains within the trial court's discretion based upon the particular configuration of the Government's evidence. *United States v. Roberts*, 14 F.3d 502, 514 (10th Cir. 1993).  There is no abuse of discretion in denying a pretrial *James* hearing when the pretrial hearing would be lengthy and would entail calling and recalling officers and witnesses in an elaborate and repetitive procedure. *Hernandez*, 829 F.2d at 994.

6

In this case, the Government anticipates that it will be able to establish the existence of the conspiracy and the Defendants' involvement in the conspiracy for purposes of Rule 801(d)(2)(E) through several of the first witnesses it will call at trial. Consequently, the Government submits that no need exists for a pre-trial *James* hearing. The Government believes that the most efficient approach to co-conspirator statements in this case is for the Court to exercise its discretion to provisionally admit co-conspirator statements subject to the Government connecting them up with the necessary foundation at trial.

The Government would request this Court to delay ruling and allow subsequent briefing on Defendant Robert Painter's Motion for Pretrial Determination of Alleged Co-conspirators' Statements Pursuant to F.R.E. 801(d)(2)(E) (Doc. No. 839) until a time after the Court's Ruling on Ricky Garrison's Unopposed Motion to Continue Trial Setting and Ends of Justice Exclusion Request of 180 Days and Request to Reset All Motions Deadlines (Doc. No. 847) and Robert Painter's Motion for Clarification of His Trial Date and Associated Deadlines, In Light of Co-defendant Ricky Garrison's Unopposed Motion to Continue Trial Setting and Ends of Justice Exclusion Request of 180 Days and Request to Reset All Motions Deadlines (Doc. No. 848). As stated above, the Government maintains that the Ends of Justice is best served by granting these motions. Further, as stated above, the Government would maintain and the law would encourage that the remaining Defendants be tried together in a joint trial.

Respectfully submitted this 15th day of March, 2016.

JOHN F. WALSH
United States Attorney


BY:      *s/Zachary Phillips*
         ZACHARY PHILLIPS
         Assistant United States Attorney
         U.S. Attorney's Office
         1225 17th St., Suite 700
         Denver, CO  80202
         Telephone:  (303) 454-0118
         Fax:  (303) 454-0401
         e-mail:  zachary.phillips@usdoj.gov
         Attorney for the Government

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of March, 2016, I electronically filed the foregoing GOVERNMENT'S RESPONSE TO ROBERT PAINTER'S MOTION FOR PRETRIAL DETERMINATION OF ALLEGED CO-CONSPIRATORS' STATEMENTS PURSUANT TO F.R.E. 801(d)(2)(E) (DOC. NO. 839) using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

<u>*s/Maggie E. Grenvik*</u>
Maggie E. Grenvik
Legal Assistant

9