# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,
        Plaintiff,

v.

#1 RICKY GARRISON,
        Defendants.

## MOTION TO RECONSIDER MOTIONS FILINGS AND TRIAL DATE

COMES NOW, Ricky Garrison, Defendant, by and through counsel, and hereby requests the Court to reconsider its Order denying Mr. Garrison the ability to file motion's to suppress, including wire tap suppression motions, as well as the Order setting trial on September 26, 2106.  In support of this motion, Mr. Garrison states the following:

### GENERAL ALLEGATIONS

1. Defendant is charged in a multi-count Indictment.   Defendant is charged with 54 counts.  Defendant's case has, at present, been on-going for almost two years.

1

2. Mr. Garrison's previous attorney was first appointed on June 9, 2014 (Doc. #46). Counsel for Mr. Garrison worked on his case from June 9, 2014 until his discharge, February 4, 2016 (Doc.#783).[1]

3. Mr. Garrison's attorneys filed their respective Motions to Withdraw on February 3, 2016 (Doc. #779 and #780).

4. No hearing was granted by the Court on the two Motions to Withdraw, instead, the Court granted the Motions on February 4, 2106 (Doc. 783).

5. The Motions to Withdraw included the following information:

> **1.** Irreconcilable differences have arisen between counsel and the defendant sufficient that it is ethically necessary that the undersigned move to withdraw as counsel. Counsel cannot provide additional information to the Court without violating the rules of professional conduct. See D.C.COLO.L AttyR 5 (b).
>
> **2.** Mr. Garrison has been informed of this request but it is unknown whether he objects to the withdrawal.
>
> **3.** Mr. Garrison has been advised that if withdrawal is authorized he is personally responsible for complying with all court orders and time limitations established by applicable statutes and rules.
>
> …
>
> **6.** The undersigned are the first set of counsel appointed to represent Mr. Garrison. As such there is no reason to believe that the same ethical dilemma faced by the undersigned will re-occur. In addition, although there is a current trial date, that date may need to be moved due to the filing of wiretap and other motions. Prior to circumstances arising which necessitated the filing of this motion, it was anticipated by the defense and the government that a joint or unopposed motion would be filed requesting vacation of the current trial date and new scheduling orders. The undersigned would have filed such motions at this time but once a conflict

---

[1] Mr. Garrison had two CJA appointed counsel: James Castle and Mitchell Baker. Both Mr. Castle and Mr. Baker were discharged on February 4, 2016.

arises counsel believed it best to bring this matter to the attention of the Court. When either an actual or potential conflict arises, defense counsel has a duty to promptly advise the defendant and the court of its nature and possible consequences. *Holloway v. Arkansas*, 435 U.S. 475, 485-87 (1978).

Doc. # 780, ¶ 1,2,3, and 6.

6. The Motion to Withdraw (Doc. #780) fails to indicate the basis of the irreconcilable differences. The Motion to Withdraw indicates that Mr. Garrison has been notified that he is to comply with all court dates and orders and time limitations, however, none are included in the Motion. The Motion to Withdraw assumes that new scheduling orders would be issued and that a joint motion would be filed by the defense and the government, and further indicates that counsel would have filed such motions but for the alleged irreconcilable differences. *Id.* at ¶ 6.

7. The Court, on July 7, 2014 (Doc. #188), declared the case complex. The Court's Order, Doc. #188, is hereby incorporated by reference. One pertinent aspect of the Court's Order, Doc. #188, is the fact that the Court noted that discovery is voluminous.

8. Co-Defendant Painter (Def. #15) filed a Motion to Suppress (Doc. #835) on March 7, 2016. This motion sought to suppress the wiretaps. The Court, on March 7, 2016 issued an Order stating:

**Full docket text for document 836:**
ORDER as to **Robert Painter (15)**: Before the Court is Defendant Painter's [835] Motion to Suppress Wiretap Evidence ("Motion"). The Court previously ordered that all suppression motions, including wiretap suppression motions, must be filed 60 days after the hearing on any disputed discovery issues. (ECF No. [517] at 3.) The Court resolved discovery motions by Order dated December 3, 2015. (*See* ECF No. [706].) Although no *in-court* hearing was held on those discovery motions, the Court's resolution by order was the functional equivalent of closing the

3

> hearing on those disputed discovery issues. Accordingly, suppression motions were due 60 days later, *i.e.*, February 1, 2016. Defendant Painter's Motion was filed over a month after that deadline, and is therefore DENIED as untimely. SO ORDERED by Judge William J. Martinez on 03/07/2016. Text Only Entry (wjmlc1, )

Doc. #836

Thus, the Court denied Mr. Painter's Order; it also affirmatively stated that the deadline for filing suppression motions was February 1, 2016.

9. The deadline that the Court indicated that suppression motions were due was two days prior to Mr. Garrison's prior counsel's Motion to Withdraw being filed.

10. A review of the docket indicates that there was no motion to extend deadlines prior to the Motion to Withdraw being filed.

11. After current counsel was appointed, an Ends of Justice motion was filed (Doc. #847).

12. The Ends of Justice Motion (Doc. #847) was unopposed by the government. It was also unopposed by Mr. Painter, codefendant #15. In the Ends of Justice Motion, Mr. Garrison requested the following:

    a. 180 exclusion of the Speedy Trial clock;

    b. A status conference to be set 12- -150 days from the date of the granting of the motion;

    c. That all motion deadlines be vacated as to all defendants and for the Court to delay fixing new motions deadlines until the Status Conference requested is held. Defendant is making this request as the volume of discovery is such that it will require newly appointed counsel substantial time in order to determine what potential motions may be filed. Once

4

potential motions are identified, it will require additional time to draft and perfect such motions.

Doc. #847, ¶ 26,27, and 28.

13.  The Ends of Justice motion also addressed the issue of wiretaps and wiretap motions.  *Id.* at ¶ 18.  In particular, the wiretaps were the subject of litigation by Mr. Garrison as prior counsel for Mr. Garrison had filed, and which are referenced in Doc. #836 by the Court.

14.  The Court granted, in part, Mr. Garrison's Ends of Justice request.  Doc. #877.  In granting the request, in part, the court did not grant Mr. Garrison the ability to file wiretap or suppression motions.  *Id.*.  The Court noted as follows:

> A. All motions to sever and motions pursuant to Federal Rule of Evidence 801(d)(2)(E) shall be filed on or before May 31, 2016. The Government shall respond to any such motion(s) on or before June 28, 2016.
>
> …
>
> G. This case has been pending since June 4, 2014. With the trial setting established by this Order, a verdict in this prosecution will not be rendered herein until 28 months after the filing of the Grand Jury's Indictment with this Court. Among other reasons, this case is in its current posture as a result of this Court having allowed numerous extensions of deadlines and having granted Ends of Justice continuances, all in an effort to allow the parties the time necessary to properly prepare for trial. The Court's patience in this case has now been exhausted, and the undersigned will not permit trial in this case to be delayed any further.

*Id.* at ¶ A and G.

Mr. Garrison, out of an abundance of caution, filed a Motion for Clarification. Doc. #886.  Mr. Garrison sought clarification as to whether or not he was allowed to file any other motion than a Rule 801(d)(2)(e) or motion *in limine*.  *Id.*  The Court affirmed defendant's understanding in its ruling.  Doc. #887.

5

15. The Wiretaps were also the subject of litigation by co-defendant Painter, who as indicated *supra,* filed a motion attacking the wiretaps (Doc. #835).  It is obvious that Mr. Painter believed his motion to be timely: there is no request to file out of time.

16. Mr. Garrison consistently advised his previous attorneys that he intended to litigate the wiretaps.  This fact is clear as Mr. Garrison's prior counsel noted in their Motions to Withdraw that they were actively litigating the wiretap issue and that but for their Motion to Withdraw they would have filed a joint request to reset the motions deadlines.  *See* Doc. #780 at ¶ 6.  Further, prior counsel was in the process of attempting to gather additional discovery from the government regarding the wiretaps, namely the 15 day reports and information on Operation Red Dawn.  The fact that prior counsel was attempting to gather additional discovery on the wiretaps is evidence that Mr. Garrison was intent upon litigating the wiretaps; it also buttresses the need for the Court to allow suppression motions, including wiretap suppression motion, to be filed at a future date as discovery is not yet complete.

17.  As the matter stands, the Court has allowed prior counsel, as noted in Doc. #877, numerous continuances to file motions and prepare for trial.  The Court, having allowed prior counsel to withdraw without conducting a hearing, now prejudices Mr. Garrison's right to a fair trial, due process, and effective assistance of counsel by foreclosing his ability to file motions to surpress, motions to suppress the wiretaps, and by setting the case for trial on September 26, 2016.  Simply put, the defendant is not at fault for the actions that lead to the numerous continuances and the subsequent withdraw of both of his attorneys.

## Argument

18. The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and counsel's conduct must be sufficient so as not to undermined the proper functioning of the adversarial process so that the trial process can be relied on as having produced a just result.  See  *Strickland v. Washington*, 466 U.S. 668 (1984).

19. Mr. Garrison is as entitled to effective assistance of counsel at the plea stage as he is at trial.  See *Lafler v. Cooper, 132 S. Ct. 1376 (2012)* and *Missouri v. Frye*, 132 S. Ct. 1399 (2012).  The Supreme Court, in *Lafler* and *Frye,* affirmed that defendants have a right to effective representation during plea bargaining, and that counsel has a duty to timely and effectively communicate all plea offers to the client. *Lafler* permits a defendant to allege in post-judgment proceedings that his attorney failed to provide adequate representation concerning a plea offer by the prosecution. *See Lafler v. Cooper, 132 S. Ct. 1376 (2012).*  A successful *Lafler* claim will result in the judgment after trial being vacated, and the defendant being permitted to plead guilty pursuant to a previously made plea offer.  *Id.*  The only manner in which counsel can avoid such an issue is to have sufficient time to review the discovery, discuss the plea offer with Mr. Garrison, and conduct a thorough analysis of the proposed plea in terms as to whether the plea bargain is worth relinquishing Mr. Garrison's constitutional rights.  However, having foreclosed the ability to file motions to suppress and motions to suppress the wiretap, Mr. Garrison is handicapped in his ability to evaluate any plea offer, and this handicap is through no fault of his own.

20. "Broad discretion must be granted trial courts on matters of continuances." *Morris v. Slappy*, 461 U.S. 1, 11 (1983); see also *United States v. Mendoza-Salgado*, 964 F.2d 993, 1016 (10th Cir. 1992). In determining whether a district court arbitrarily or unreasonably denied a motion for a continuance, the court examines:

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; (4) the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance.

*United States v. Wynne*, 993 F.2d 760, 767 (10th Cir. 1993).

21. In the matter before the Court, while a continuance was granted, in part, and the trial is now set on September 26, 2016, the request of Mr. Garrison was far greater than what was granted, as already outlined. Applying the four part test, it is apparent that: (1) Mr. Garrison promptly, by and through his newly appointed attorney, requested the relief outlined in ¶ 12 of this motion, and in Doc. #847, namely the opportunity to review discovery, prepare motions, prepare for trial, and to engage in plea discussions; (2) the granting of the full request, outlined in Doc. #847, would have accomplished the goals and purpose as expressed in the motion: Mr. Garrison's new counsel needs time to get prepared to adequately represent Mr. Garrison; (3) there is no inconvenience to opposing party, its witnesses, nor to the Court: the Ends of Justice Motion was unopposed; the Court allowed prior defense counsel to withdraw without holding a hearing, however, the Motions to Withdraw were specific in the need to reset scheduling orders; (4) Mr. Garrison, through no fault of his own, is being denied the ability to

contest the validity of the wiretaps and to file wiretap suppression motions as well as any suppression motion; the result is extremely prejudicial to Mr. Garrison as the entirety of the wiretap evidence is now likely to be admitted into evidence without any contest, thus pervading the entirety of his case and upcoming trial.

22. Under the Sixth Amendment, defendants in criminal proceedings are entitled to the assistance of counsel at all critical stages of the proceeding against them. *United States v. Wade,* 388 U.S. 218, 226, 87 S.Ct. 1926, 1931, 18 L.Ed.2d 1149 (1967). Critical stages can include those conducted "at or after the initiation of adversary criminal proceedings — whether by way of formal charge, preliminary hearing, indictment, information or arraignment." *Gilmore v. Armontrout,* 861 F.2d 1061, 1070 (8th Cir. 1988) (quoting *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972)), *cert. denied* 490 U.S. 1114, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989). Critical stages also can include steps in the proceedings in which the accused is confronted by the procedural system or the prosecutor or both, *United States v. Gouveia,* 467 U.S. 180, 189, 104 S.Ct. 2292, 2298, 81 L.Ed.2d 146 (1984), and where available defenses may be irretrievably lost. *Hamilton v. Alabama,* 368 U.S. 52, 54, 82 S.Ct. 157, 158, 7 L.Ed.2d 114 (1961).

23. When a complete denial of counsel at a critical stage is shown, there is often no need to show prejudice, and the resulting trial is presumed to be unfair. *See Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984); *Smith v. Anderson,* 689 F.2d 59, 65 (6th Cir. 1982). In many instances in which a defendant was denied counsel at a critical stage, prejudice is so likely that a case-by-case inquiry

into prejudice is not necessary. *Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067. This has been outlined by the 10th Circuit:

> Some Sixth Amendment right to counsel violations are amenable to harmless error analysis, while others are not. In *Satterwhite v. Texas*, the Supreme Court explained that Sixth Amendment structural error exists when "the deprivation of the right to counsel affect[s]-and contaminate[s]-the entire criminal proceeding." 486 U.S. 249, 257, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988); see also *Penson*, 488 U.S. at 88-89, 109 S.Ct. 346 (complete denial of counsel on appeal); *Holloway v. Arkansas*, 435 U.S. 475, 490-91, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) (conflict of interest in representation throughout entire proceeding); *White v. Maryland*, 373 U.S. 59, 60, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) (absence of counsel from preliminary hearing where guilty plea was later admitted at trial); *Gideon v. Wainwright*, 372 U.S. 335, 345, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (total deprivation of counsel throughout entire proceeding); *Hamilton v. Alabama*, 368 U.S. 52, 55, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) (absence of counsel from arraignment where defenses not asserted were irretrievably lost).

*United States v. Lott*, 433 F.3d 718, 723 (10th Cir. 2006)

24. In Mr. Garrison's case, the Court has disallowed Mr. Garrison the ability to file any Motions to Suppress as well as any Motions to Suppress the wiretaps. According to the Court's Order, Doc. #836, any such motions needed to be filed on or before February 1, 2016. No such motions were filed; no request to extend motions deadlines was made until the Ends of Justice Motion was filed, Doc. #847. Either one of two things occurred: prior counsel did not believe suppression motions were due on February 1, 2016, or prior counsel failed to file such motions by February 1, 2016 even though defendant was insistent upon such motions being filed. In either scenario, the failure to file suppression motions by the February 1, 2016 deadline is a deprivation of the right to counsel that affects the entire criminal proceeding as the wiretap evidence has not been

10

tested for admissibility/suppression, and as such, defendant has lost a crucial right that now contaminates his entire case.  But, as Mr. Garrison was appointed new counsel, and prior counsel was allowed to withdraw without filing both a motion to extend deadlines, this taint can be cured by allowing defendant's new counsel the opportunity to such motions.

## PRAYER FOR RELIEF

25. Defendant requests the Court vacate the current trial setting.

26. Defendant requests the Court that this case be set for a Status Conference in approximately one hundred and twenty (120) to one hundred fifty days (150) to allow new counsel to appropriately prepare for motions and trial.

27. Defendant requests that all motions deadlines be vacated, set aside, and held for naught and that the Court delay fixing new motions deadlines until the Status Conference requested is held.  Defendant is making this request as the volume of discovery is such that it will require newly appointed counsel substantial time in order to determine what potential motions may be filed. Once potential motions are identified, it will require additional time to draft and perfect such motions.  Further, it is abundantly evident from the record that the defendant is adamant on filing motions to suppress the wiretaps.

28. This Motion is made in the interest of justice and does not vex or harass any party. Further, by granting this Motion, Mr. Garrison will have his right to effective assistance of counsel, as mandated by the 6th Amendment, protected.

WHEREFORE, Defendant requests the Court to grant this Motion to Reconsider.

DATED at Denver, Colorado this, 5th day of April 2016.

    Respectfully submitted,

    /s/Miller Leonard
    14143 Denver West Pkwy., Suite 100
    Golden, CO 80403
    (720) 613-8783 Phone - Office
    (303) 907-9516 Phone - Business Cell
    (720) 613-8782 Fax
    /s/Miller Leonard
    Attorney for Defendant
    CO Reg. # 41029
    milller@themillerleonardlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2016, I electronically filed the foregoing Motion and that a copy was delivered to all parties by the District of Colorado's ECF filing system.