# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,
          Plaintiff,

v.

#1 RICKY GARRISON,
          Defendants.

## MOTION TO RECONSIDER DOC #898

COMES NOW, Ricky Garrison, Defendant, by and through counsel, and hereby requests the Court to reconsider its Order (Doc. #898) moving the motions to suppress hearings deadlines and the trial date. In support of this motion, Mr. Garrison states the following:

1. Defendant was told that discovery issues were going to be addressed in October, November, December, and through January of 2015 and 2016. He was told this by his prior CJA attorneys. Defendant was told that the wiretap motion was in preparation and that such information would assist his wiretap suppression motion(s). This information was provided to defendant as he was intent on litigating the wiretap issues.

2. Defendant was told by his previous lawyers that the government was going to turn over additional needed discovery that would aid and assist in the wiretap motions.

3. At no time did defendant ever authorize his attorneys to accept a deal/plea bargain.

1

4. At no time did defendant ever tell his attorneys he didn't want to file the wiretap suppression motions, nor that he wasn't intent on taking his case to trial.

5. In January, defendant's prior attorneys started discussing pleas with him, defendant never authorized a plea and no Notice of Disposition was ever filed. The fact that plea discussions occurred does not relieve defense counsel from their trial preparation and/or motions preparation. Rather, as required by the Supreme Court, in *Lafler* and *Frye,* defendants have a right to effective representation during plea bargaining, and that counsel has a duty to timely and effectively communicate all plea offers to the client. See Lafler v. Cooper, 132 S. Ct. 1376 (2012) and Missouri v. Frye, 132 S. Ct. 1399 (2012). This duty does not, in any manner, relieve counsel from their other duties of ethical representation.

6. On February 4, 2016 Mr. Garrison's two CJA appointed counsel were let off his case without a hearing. Mr. Garrison did not want, nor did he consent, to his lawyers being discharged, nor was he notified that they were getting off the case as the first notice he had of their intent to be discharged was after they were discharged.

7. Mr. Garrison wanted his CJA appointed lawyers to remain on his case as they had spent multiple months preparing the case for trial, including reviewing discovery, and preparing to file substantive motions, including motions attacking the wiretaps. In addition, the lawyers had conducted investigations on the case in furtherance of Mr. Garrison's defense.

8. Defendant was never given an opportunity to contest the discharge of his prior two lawyers. If he had been given this opportunity, he would have contested their request to

withdraw. Mr. Garrison would have affirmatively stated to the Court that he did not want his lawyers discharged and that he was satisfied with their representation. In fact, Mr. Garrison stated as much during his hearing before the Honorable Magistrate Judge Wang on March 7, 2016. But, so that the record is abundantly clear, Mr. Garrison did not want his prior two CJA appointed attorneys to withdraw from his case and to cease representing him, and he requests a hearing, as stated below, to address this issue.

9. As a result of Mr. Garrison's two lawyers being allowed to withdraw, through no fault of his own, Mr. Garrison is now put in the position of having a new lawyer assigned to his case who has not had sufficient time to review the discovery in this case, and further, is being disallowed sufficient time to review the discovery and get up-to-speed on the case in order to effectively represent the defendant.

10. The discharge of Mr. Garrison's two prior lawyers, at such a late date in his case, and the appointment of his new lawyer, with the denial of sufficient time to get Mr. Garrison's new lawyer up-to-speed, has resulted in a complete denial of counsel at a critical stage of the trial. The appointment of new counsel does not cure this issue without new counsel being provided proper time to prepare for trial, investigate the case, prepare motions, and properly represent defendant during the plea stage of the trial.

11. When a complete denial of counsel at a critical stage is shown, there is often no need to show prejudice, and the resulting trial is presumed to be unfair. *See Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984); *Smith v. Anderson,* 689 F.2d 59, 65 (6th Cir. 1982). In many instances in which a defendant was denied counsel at a critical stage, prejudice is so likely that a case-by-case inquiry

3

into prejudice is not necessary. *Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067.  This has been outlined by the 10th Circuit:

> Some Sixth Amendment right to counsel violations are amenable to harmless error analysis, while others are not.  In *Satterwhite v. Texas*, the Supreme Court explained that Sixth Amendment structural error exists when "the deprivation of the right to counsel affect[s]-and contaminate[s]- the entire criminal proceeding."  486 U.S. 249, 257, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988);  see also *Penson*, 488 U.S. at 88-89, 109 S.Ct. 346 (complete denial of counsel on appeal);  *Holloway v. Arkansas*, 435 U.S. 475, 490-91, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) (conflict of interest in representation throughout entire proceeding);  *White v. Maryland*, 373 U.S. 59, 60, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) (absence of counsel from preliminary hearing where guilty plea was later admitted at trial);  *Gideon v. Wainwright*, 372 U.S. 335, 345, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (total deprivation of counsel throughout entire proceeding);  *Hamilton v. Alabama*, 368 U.S. 52, 55, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) (absence of counsel from arraignment where defenses not asserted were irretrievably lost).

*United States v. Lott*, 433 F.3d 718, 723 (10th Cir. 2006).

12. However, in Mr. Garrison's case, prejudice is shown as prior counsel had numerous months to review discovery, investigate the case, prepare motions, and prepare for trial when they were discharged without a hearing on February 4, 2016 when trial was schedule for April of 2016.  After Mr. Garrison's prior two counsel were discharged, undersigned counsel immediately filed an Ends of Justice Motion (Doc. #847) requesting additional time to review the matter to render effective assistance of counsel.  The requests made in the Ends of Justice Motion are hereby incorporated by reference and included in this motion.  These requests were made in order to allow Mr. Garrison's newly appointed counsel the ability to be in the same position, in terms of understanding and preparation, as the prior two attorney's who were discharged without the consent of Mr. Garrison.

4

13. The Court has noted the following:

> G. This case has been pending since June 4, 2014. With the trial setting established by this Order, a verdict in this prosecution will not be rendered herein until 28 months after the filing of the Grand Jury's Indictment with this Court. Among other reasons, this case is in its current posture as a result of this Court having allowed numerous extensions of deadlines and having granted Ends of Justice continuances, all in an effort to allow the parties the time necessary to properly prepare for trial. The Court's patience in this case has now been exhausted, and the undersigned will not permit trial in this case to be delayed any further.

Doc. #877

Thus, the Court has already acknowledged that continuances were necessary to allow the parties the necessary time to properly prepare for trial. Now, having allowed Mr. Garrison's two prior attorneys to withdraw from the case, contrary to Mr. Garrison's desires, and without a hearing, Mr. Garrison's new counsel is denied the same, necessary time to properly prepare for trail. The result is that Mr. Garrison is being denied his right to effective assistance of counsel through no fault of his own.

14. Mr. Garrison's two prior lawyers were allowed 20 months to prepare for trial. As indicated in ¶ 13, this time was allowed by the Court. Then, with a trial set in April of 2016, both CJA counsel are allowed to withdraw on the basis of the representations of their Motion to Withdraw. *See* Doc. #780. After the motion was granted, the Ends of Justice Motion was filed Unopposed. *See* Doc. #847. This is significant as even the government agreed that Mr. Garrison was entitled to the request made in Doc. #847. Thus, at present, no party has objected to the requests made in Doc. #847, nor has any party cited any basis for why the requests made fall afoul of the law.

15.    Mr. Garrison should not be put in the position of having two prepared CJA appointed counsel discharged through no fault of his own.  Mr. Garrison has, through counsel, attempted to remedy the prejudice that now contaminates his case: he has requested time to allow his new lawyer to adequately prepare for trial and motions and plea representation; he has requested that his new counsel be allowed the same time to prepare as his former counsel.

WHEREFORE, Defendant requests the Court to grant this Motion to Reconsider and he further further requests a hearing before the Court to explain to the Court his position and so that Mr. Garrison can make a sufficient record before the Court about his desire to have retained Mr. Castle and Mr. Baker as his CJA appointed counsel.  Mr. Garrison also requests the Court grant the relief sought in his Unopposed Ends of Justice Motion (Doc. #847) and his Motion for Reconsideration (Doc. #897).

DATED at Denver, Colorado this, 7th day of April 2016.

        Respectfully submitted,

        /s/Miller Leonard
        14143 Denver West Pkwy., Suite 100
        Golden, CO 80403
        (720) 613-8783 Phone - Office
        (303) 907-9516 Phone - Business Cell
        (720) 613-8782 Fax
        /s/Miller Leonard
        Attorney for Defendant
        CO Reg. # 41029
        milller@themillerleonardlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2016, I electronically filed the foregoing Motion and that a copy was delivered to all parties by the District of Colorado's ECF filing system.