IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

District Court No. 14-cr-00231-WJM-4

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RICKY GARRISON,
4. **FRANCISCO AGUILAR**,
9. ARCHIE POOLE. and
15. ROBERT PAINTER,

    Defendants.

## FRANCISCO AGUILAR'S MOTION TO SUPRESS STATEMENT

The defendant, Francisco Aguilar, by and through counsel, Scott Poland of Poland and Wheeler, P.C., moves to suppress as evidence in this proceeding, any and all statements obtained from the defendant by law enforcement officers and to suppress any and all evidence obtained as a result. As grounds for this motion, defendant states as follows:

### STATEMENT OF FACTS

1. Upon information and belief, at the time of Mr. Aguilar's arrest in this case he was interrogated by law enforcement agents and is alleged to have made incriminating statements...

### LEGAL ARGUMENT

2. There was no probable cause for the arrest or Mr. Aguilar. The statements made by the defendant were not obtained pursuant to a lawful contact, detention, or arrest of the defendant and, therefore, are the suppressible "fruit" of an unlawful contact, detention and arrest. *Kaupp v.*

*Texas*, 538 U.S. 626, 123 S.Ct. 1843, 155 L.Ed 2d 814 (2003); *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).

    3.  Any statements elicited from the defendant were not voluntarily made.  The statements elicited from the defendant were the result of coercive police conduct and were not voluntary under the totality of the circumstances, including the condition of the defendant, the circumstances of the interrogation, and the conduct of the police in questioning the defendant.  *Colorado v. Connelly*, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986);

    4.  The statements were not made after a full, proper, and timely advisement of constitutional, statutory, and procedural rights.  In view of all the circumstances surrounding the encounter with the police, a reasonable person in the defendant's position would believe that he was not free to leave and was in police custody.  *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966);  Further, the statements were not volunteered but were responses to police interrogation or its functional equivalent.  *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); or were otherwise deliberately elicited, *Fellers v. United States*, 124 S.Ct. 1019, 157 L.Ed.2d 1016 (2004).  Thus the questioning of the defendant was custodial and required the police to give *Miranda* warnings and obtain a waiver of those rights prior to questioning the defendant.  The defendant was not adequately warned of his *Miranda* rights and did not make a voluntary, knowing, and intelligent waiver of those rights prior to interrogation by the police.

    5.  The police deliberately elicited statements from the defendant without a voluntary, knowing, and intelligent waiver of the right to counsel and otherwise obtained statements in violation of the defendant's right to counsel.  *Maine v. Moulton*, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed 2d 481 (1985).

6. Defendant asks the court to suppress as "fruits" of the unlawfully obtained statements any evidence obtained by the police as a result of the unlawfully obtained statements.

7. If the Court should perceive no constitutional violation of Mr. Aguilar's rights, the defense would move in limine to exclude any and all of the statements on the grounds that the meaning of the statements are confusing and unclear and they might have significant prejudicial impact while lacking a probative value.

WHEREFORE, the defendant asks for an Order suppressing, as incriminatory evidence, the above-referenced statements and all evidence which is a direct or indirect "fruit" of such statements, all pursuant to the Fourth Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Colorado Constitution Article II, Sections 7, 16, 18 and 25; C.R.S. § 16-2-112; and other rights under the Colorado Revised Statutes, the Colorado Rules of Criminal Procedure, and the Colorado and federal constitutions, in such case made and provided.

Respectfully submitted this __13th_____ day of May, 2016

s/ Scott Poland_____
Scott Poland
Poland and Wheeler, P.C
215 South Wadsworth Blvd., #500
Lakewood, Colorado 80226
Telephone: (303) 969-8300
Fax: (303) 986-4857
E-Mail: scottpoland@qwestoffice.net

ATTORNEY FOR DEFENDANT
FRANCISCO AGUILAR

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 13, 2016, I electronically filed the foregoing Motion to Suppress Intercepted Wire Communications with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                                               _s/Scott Poland_____
                                                               Scott Poland