IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal case No. 14-cr-00231-WJM -10

UNITED STATES OF AMERICA,

        Plaintiff,

v.

10.   LUIS RAMIREZ

        Defendant.

## DEFENDANT LUIS RAMIREZ' UNOPPOSED MOTION TO REVOKE DETENTION ORDER AND TO SET REASONABLE BOND

COMES NOW Defendant, Luis Ramirez, through counsel, Adam Tucker, and respectfully moves this Honorable Court for the entry of an Order revoking the Detention Order previously entered by U.S. Magistrate Craig B. Shaffer on December 22, 2015 [**Doc No. 739**], and request setting of a reasonable bond with appropriate conditions herein, pursuant to 18 U.S.C. §§ 3142, 3145 and Fed.R. Crim. Pro. 46.  As grounds therefore, Defendant states as follows:

### STATEMENT OF THE CASE

1.    On September 1, 2015, this Court accepted Defendant Ramirez' Plea of Guilty to Count 67 of the Indictment and accepted the Plea Agreement offered by Defendant and all counsel [**Doc. No. 547**].

2.    The Court initially set sentencing in this matter for December 3, 2015 at 2:00 p.m.  The Government requested a continuance of this date, which was granted and re-set for April 27, 2015 at 4:15 p.m. The Court subsequently issued an order *sua*

*sponte* resetting sentencing of Mr. Ramirez for June 10, 2016 at 1:30 p.m. [**Doc. No. 913**]. On May 25, 2015, the Government filed an unopposed motion re-set sentencing in this matter until after the conclusion of a co-defendant's trial in September of 2016. [**Doc. No. 969**].

3.     In September, 2015, Defendant Ramirez filed a motion to revoke his initial detention order and to set bond, which was heard by this Court on September 11, 2015. The Court granted Defendant's request and set bond at $10,000 unsecured with restrictions.  **Docs. No. 572, 573 and 574: Courtroom Minutes, Bond and Order Setting Conditions of Release.**

4.     On December 14, 2015, a Petition for Violation of Pretrial Release relating to this Defendant was filed [**Doc. No. 723**] and an arrest warrant was issued against Mr. Ramirez. [**Doc. No. 724**].  Following a hearing on December 22, 2015, Mr. Ramirez did not contest his detention and this Court found that probable cause existed to detain Mr. Ramirez.  [**Doc. No. 737**]. An Order of Detention was entered on December 22, 2105.

5.     Defendant's offense level is 10, acknowledging that he should be entitled to a two-point downward adjustment for acceptance of responsibility.  On November 19, 2015, the Government filed a Motion for Downward Departure Pursuant to 5K1.1 as to this Defendant.   [**Doc. No. 692**]. The Plea Agreement indicates that the advisory guideline range for Defendant's plea could conceivably result in an incarceration range of six months to 30 months, with a statutory period of supervised release. Based upon the Plea Agreement, the parties agreed that Defendant would be required to serve 75% of his sentence which, if set at the high end of 27 months, would be 20.25 months.

6. At the time of the filing of this Motion, Defendant will have served 669 days of presentence confinement, or approximately 22.3 months.

7. Defendant and the Government have agreed that given these facts and Defendant's anticipated sentencing range, that he is entitled to the setting of a reasonable bond. The language in the Plea Agreement, while not specifically stating the amount of the anticipated bond, denotes that standard conditions would apply. The parties have agreed that a reasonable bond should be set pursuant to the Plea Agreement which was accepted by this Court.

## **ARGUMENT**

8. There have been no allegations of any activity or threatened activity designed to intimidate witnesses. Mr. Ramirez is non-violent in nature. He is not a threat to the community or to society. If once again released on bond, Mr. Ramirez will not attempt to flee the jurisdiction of this Court and will comply with each and every provision and condition of his release as set by this Court. This includes the surrender of his passport and GPS monitoring or monitored sobriety if necessary.

9. Mr. Ramirez will continue to reside at his residence if granted bond. His family is willing to assist him in making bond and ensuring future court appearances.

10. Mr. Ramirez' residence is suitable for home confinement with electronic monitoring. The family phone does have special features such as Caller ID and Call Waiting, which will be deactivated at this Court's instruction.

11. Mr. Ramirez will submit to random urinalysis monitoring.

12. In support of this application for reasonable bond, Mr. Ramirez relies on the Eighth Amendment of the United States Constitution, Rule 46 of the Fed.R.Crim.P

and the provisions of the Federal Bail Reform Act, 18 U.S.C. §§3142 and 3145.

13. The Government, through Assistant U.S. Attorney Zachary Phillips, has no objection to the setting of reasonable bond on behalf of Defendant Ramirez.

**WHEREFORE**, Defendant respectfully requests that the Court grant him an expeditious hearing on the requested relief and for such other relief as this Court deems just and equitable. Mr. Ramirez reserves the right to present further arguments at a hearing relating to the relief requested.

Dated this 26th day of May, 2016.

Respectfully Submitted,

*s/Adam M. Tucker*
ADAM M. TUCKER
Attorney for the Defendant Luis Ramirez
1600 Broadway #1200
Denver CO 80202
Telephone: 720-355-2522
Adam@tucker.legal

### CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2016, a true and correct copy of the foregoing **DEFENDANT LUIS RAMIREZ' UNOPPOSED MOTION TO REVOKE DETENTION ORDER AND TO SET REASONABLE BOND** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

*s/Jeanne Z. Moore*
For Adam M. Tucker