# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,
        Plaintiff,

v.

#1 RICKY GARRISON,
        Defendants.

## MOTION PURSUANT TO F.R.E. 801 (d)(2)(E)

COMES NOW, Ricky Garrison, by and through undersigned counsel, and, consistent with the Court's statements regarding *James* proffers in the Order on Procedures, p. 4, ¶(8)(b) (Doc. 99), respectfully moves the Court for a pretrial determination of the admissibility of alleged co- conspirators' statements under F.R.E. 801(d)(2)(E).

## STATEMENT OF THE CASE

1. Defendant requests that the government be ordered to disclose each of the statements which it intends to offer at trial pursuant to F. R. E. 801(d)(2)(E).

## LAW AND ARGUMENT

A. The Government's Burden Under Rule 801(d)(2)(E)

2. Pursuant to F.R.E. 801(d)(2)(E), a statement of one co-conspirator is admissible against another co-conspirator when the government can demonstrate "by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarant and the

1

defendant were members of the conspiracy; and (3) the hearsay statements were made in the course and in furtherance of the conspiracy." *See e.g., United States. v. Lopez-Guiterrez,* 83 F.3d 1235, 1242 (10th Cir. 1996); *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995); *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994); *United States v. Doran*, 882 F.2d 1511, 1525 (10th Cir. 1989).

3. In order to demonstrate that Mr. Garrison, his co-defendants and any alleged unindicted co- conspirators were members of a conspiracy, the government must prove: (1) agreement with another person to violate the law; (2) knowledge of the essential objective of the conspiracy; (3) knowing and voluntary involvement; and (4) that there was interdependence among the alleged co-conspirators. *United States v. Chavis*, 461 F.3d 1201, 1208 (10th Cir. 2006). These facts must be established for each individual declarant. *See, e.g., United States v. Evans*, 970 F.2d 663, 673 (10th Cir. 1992) ("[I]t is . . . essential to determine what kind of agreement or understanding existed as to each defendant.").

4.  Once the government has proven the existence of and membership in a conspiracy, it must also prove that the statement it seeks to admit under Rule 801(d)(2)(E) was made "during the course of" and "in furtherance of" a conspiracy. This requirement is a "limitation on the admissibility of co-conspirators statements that is *meant to be taken seriously.*" *United States v. Perez*, 989 F.2d 1574, 1578 (10th Cir. 1993) (*en banc*) (emphasis added).

5. As the Tenth Circuit noted in *Perez*, "[i]n light of the [U.S. Supreme] Court's expressed concern that conspiracy prosecutions not be further broadened . . . a court must

carefully ascertain the nature and extent of the conspiracy in determining whether acts or statements can properly be viewed as made during its existence." *Id*. at 1579. By way of example, statements made by a declarant before he joined a conspiracy are, by definition, not made during a conspiracy. *Cf. id.* at 1577-78. Similarly, a statement made after a conspiracy has ended is not admissible under F.R.E. 801(d)(2)(E) because it is not made during the course of the conspiracy. *See Krulewitch v. United States*, 336 U.S. 440, 442-44 (1949).

6.  To prove a statement was made "in furtherance" of a conspiracy under F.R.E. 801(d)(2)(E), the government must show that the statement was "intended to promote the conspiratorial objectives" of the conspiracy. *United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986); *see United States v. Rascon*, 8 F.3d 1537, 1540 (10th Cir. 1993). "[S]tatements are not in furtherance of a conspiracy if they are mere narratives, that is statements relating to past events, even those connected with the operation of the conspiracy where the statements serves no immediate or future conspiratorial purpose." *Perez*, 989 F.2d at 1578. Statements are also not in furtherance of a conspiracy if they: (1) reflect preliminary business negotiations unrelated to the alleged conspiracy, *see United States v. Posner*, 764 F.2d 1535, 1538 (11th Cir. 1985) (holding that a co-conspirator's letter, containing preliminary appraisals of real estate, was not made in furtherance of a conspiracy to overvalue the real estate); (2) were made after the conspiracy ended, *see Silverstein*, 737 F.2d at 867; or (3) "simply implicate one co-conspirator in an attempt to shift the blame from another," *United States v. Blakely*, 960 F.2d 996, 998 (11th Cir. 1992).

### B. A Pretrial Determination of Admissibility Is Necessary

7. As implicated in Fed. R. Evid. 104(a), "[p]reliminary questions concerning the admissibility of evidence shall be determined by the court." Thus, the Tenth Circuit has recognized that the admissibility of co-conspirator declarations under F.R.E. 801(d)(2)(E) must be resolved preliminarily by the trial court. *See e.g., Lopez-Guiterrez,* 83 F.3d at 1242; *Urena,* 27 F.3d at 1491. In this respect, the Tenth Circuit has long expressed a "*strong preference*" that determinations of the admissibility of co-conspirator statements be made in advance of trial outside the presence of the jury. *See Id.*

8. A pretrial determination enables the Court to determine whether the government has met its burden under F.R.E. 801(d)(2)(E), while still protecting the defendant from the risk of undue prejudice that would result if the evidence "provisionally" offered by the government does not connect up to the alleged conspiracy at trial. *See e.g., Urena,* 27 F.3d at 1491; *James,* 590 F.2d at 581-582. By requiring the government to present—outside the presence of the jury—evidence corroborating the contents of the alleged co-conspirators' statements, such as evidence that a conspiracy existed, how each defendant entered the conspiracy, the identity of each co-conspirator whose statement will be used at trial, the witness through whom each statement will be offered, or how the statement was made in the course and in furtherance of the conspiracy, the Court avoids the risk of violating defendant's constitutional rights, as well as the costs associated with a mistrial. *See* 1997 Amendment to F.R.E. 801; *see also Hernandez*, 829 F.2d at 993.

9. The need for a pretrial determination as to whether or not statements fall under F.R.E. 801(d)(2)(E) is further heightened when, as in this case, the conspiracy charge, Count 1, is a global conspiracy charge and the defense contends that the evidence fails to support this charge and will, at a later date, move to dismiss Count one due to the fact that the evidence will, upon information and belief, indicate a fatal variance, or further, that the evidence only supports buyer-seller transactions.

## CONCLUSION

10. For the reasons set forth above, Mr. Garrison respectfully requests that the Court order the government to provide him with a list of any and all alleged co-conspirator statements that it intends to admit at trial as non-hearsay under Rule 801(d)(2)(E), together with the identity of the alleged co-conspirator who made the statement and when the statement was made, utilizing the forms appended to the Court's Revised Practice Standards.

WHEREFORE, Ricky Garrison requests a pretrial determination by the Court of the Co-Conspirators' Statements in this case.

DATED at Denver, Colorado this, 27th day of May 2016.

Respectfully submitted,

/s/Miller Leonard
14143 Denver West Pkwy., Suite 100
Golden, CO 80403
(720) 613-8783 Phone - Office
(303) 907-9516 Phone - Business Cell
(720) 613-8782 Fax
/s/Miller Leonard
Attorney for Defendant
CO Reg. # 41029
milller@themillerleonardlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2016, I electronically filed the foregoing Motion and that a copy was delivered to all parties allowed to receive this motion by the District of Colorado's ECF filing system.

6