IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM

United States of America,

    Plaintiff,

v.

16.    LATOYA WIMBUSH,

    Defendants.

_____

**MOTION FOR NON-GUIDELINE SENTENCE**
_____

Defendant, Latoya Wimbush, by and through undersigned counsel, respectfully moves this Court to impose a sentence other than that recommended by the advisory United States Sentencing Guidelines, stating the following grounds:

**I.    Introduction**

Ms. Wimbush comes before the Court for sentencing as the result of her guilty plea to Count Forty-Five of the Indictment, charging her with distribution and possession with intent to distribute less than 500 grams of cocaine in violation of 21 U.S.C. § 841(a). That offense carries a possible statutory penalty of not more than 20 years imprisonment, not more than $1,000,000 fine, or both. Ms. Wimbush respectfully requests that this Court sentence her to a term of probation without any associated term of home detention.

**II.    Sentencing Under 18 U.S.C. § 3553(a)**

The Court's sentencing decision in Ms. Wimbush's case is guided and governed by 18 U.S.C. § 3553, which directs that the Court should impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of that subsection. In making its determination, the court is specifically directed to consider both the nature and circumstances of the offense and the history and characteristics of the defendant, among other factors.

The sentencing guidelines promulgated by the United States Sentencing Commission are advisory. Rather than focusing solely on the calculated guideline range, courts must "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 128 S.Ct. 586, 596 (2007). The sentencing court should consider arguments that the guidelines should not apply on general policy grounds, case specific grounds, or any other factor that might render a particular sentence "reasonable". *Gall*, 128 S.Ct. at 596-97. In short, the court must "consider every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gall*, 128 S.Ct. at 598.

**A.     Guideline Computation**

The sentencing guidelines fulfill an important role in avoiding "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). As such, the sentencing court "should begin all sentencing proceedings by correctly calculating the applicable guidelines range." *Gall*, 128 S.Ct. 586 at 596. In so doing, the court "necessarily gives significant weight and consideration to the need to avoid unwanted disparities." *Id.*

In the present case Ms. Wimbush's guideline range is determined by §2D1.1 of the Sentencing Guidelines. The probation department calculates Ms. Wimbush's guideline range as follows:

a. The Base Offense Level is 12 pursuant to §2D1.1.

b. 2 levels are subtracted as the result of an Adjustment for Acceptance of Responsibility pursuant to §3E1.1(a).

c. The Total Offense Level is 10.

d. The Criminal History Category is II based upon 2 criminal history points.

e. A Total Offense Level 10 and Criminal History Category II results in a guideline range of **8-14 months** in **Zone B**.

Since the applicable guideline range is in Zone B of the Sentencing Table, the minimum term of 8 months may be satisfied by (1) a term of imprisonment; (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in USSG §5C1.1(e), provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in USSG §5C1.1(e). USSG §5C1.1(c).

**B.     Recommendation of Probation Department**

The probation department has recommended that the Court sentence Ms. Wimbush to a term of imprisonment of "time served" (Ms. Wimbush has served 6 days of presentence confinement), plus 3 years of Supervised Release. In addition to mandatory conditions of supervision, the Probation Department has recommended that

Ms. Wimbush be ordered to successfully complete a program of testing and/or treatment for substance abuse, to successfully complete a program of mental health treatment, including remaining compliant with any medications prescribed by her treating psychiatrist, and to be placed on home detention for a period of 8 months, to commence within 21 days of sentencing.  (*PSI*, Doc 932, pp. R-1 through R-4).

  **C.** **A Sentence to Probation without an Accompanying Term of is Sufficient But Not Greater Than Necessary to Achieve the Purposes of 18 U.S.C. § 3553(a)(2).**

The touchstone of sentencing is that the Court should impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. §3553(a)(2).  Review of those factors, as set forth below, compels the conclusion that a sentence to probation without an accompanying term of home detention would be sufficient but not greater than necessary to achieve the statutory objectives of sentencing.

  **III.** **Relevant § 3553(a) Factors Justifying a Sentence below the Advisory Guideline Range**

    **A.** **Nature and Circumstances of Offense**

Ms. Wimbush's involvement in this offense was undoubtedly about as minor as one will generally see in a federal prosecution. During the course of the conspiracy, Ms. Wimbush attempted to obtain cocaine from co-defendant Ricky Garrison on two occasions. On November 16, 2013, Ms. Wimbush engaged in several telephone conversations with Mr. Garrison in which she discussed purchasing a quantity of 3.5 grams of cocaine from Mr. Garrison. In an interview at the time of her arrest, Ms.

Wimbush indicated that Mr. Garrison met her at the planned location in the parking lot of a bar, but he did not have the cocaine with him and the transaction was not consummated. On February 26, 2014, Ms. Wimbush likewise was intercepted on several telephone calls arranging to purchase 1.75 grams of cocaine (a "teener") from Mr. Garrison. On that date, Ms. Wimbush did receive the 1.75 grams of cocaine, which was supplied by Mr. Garrison and delivered to her by Mr. Garrison's girlfriend.

While Ms. Wimbush did intend to further distribute the cocaine by sharing or selling small amounts to friends, she was in no way engaged in street sales or sales of larger quantities that could be broken up and distributed further down the chain. The people who obtained cocaine from Ms. Wimbush were end users who in most cases were using the cocaine with Ms. Wimbush.

Finally, while it can be pointed out that the very low cocaine quantity has already been taking into consideration and resulted in a low base offense level, it is also true that Ms. Wimbush could have possessed 28 times the amount of cocaine she actually received (50g / 1.75g = 28.57) in this case and still have the same offense level.

### B.     History and Characteristics of the Defendant

Ms. Wimbush's 2 criminal history points place her in Criminal History Category II. Her one prior felony conviction came in 2004 when she was only 19 years old, and was for possession of less than one gram of cocaine, resulting in one criminal history point. Her other criminal history point comes from a case in which she was not even convicted. In 2013, Ms. Wimbush was charged with Driving While Ability Impaired. This case was settled with Ms. Wimbush entering a plea of guilty to DWAI pursuant to a deferred judgment agreement which she later successfully completed, resulting in a

complete dismissal of the case against her. The reason the deferred judgment was offered was because the BAC in the case was very low and extremely close to the statutory threshold for DWAI. Unfortunately, even though the case was dismissed, her guilty plea results in a criminal history point.

 Undoubtedly more illustrative of Ms. Wimbush's characteristics than her criminal history is her performance since being released pending charges in this case. As of the date of sentencing, Ms. Wimbush will have been pre-trial release supervision with restrictive bond conditions for 4 days shy of two calendar years. During this time, she has not had a single violation of any condition of her release. All urinalysis testing has been negative for all substances. She has maintained the same stable residence for more than 18 months, and stable employment throughout the two years of supervision. Further, Ms. Wimbush was ordered to get a mental health evaluation and complete any recommended treatment. She fully complied with this requirement, having an evaluation/assessment on June 13, 2014 and enrolling in treatment that focused on her dual substance abuse/mental health diagnosis. Ms. Wimbush was diagnosed with Major Depressive Disorder and Generalized Anxiety Disorder. Her recommended treatment involved weekly individual outpatient sessions. Treatment was ended around February, 2016, when she was deemed to have received maximum benefit and therefore successfully completed it.

 Finally, the court should take into consideration one large collateral consequence to this case that Ms. Wimbush has already experienced. In 2012, Ms. Wimbush agreed to take the responsibility of being the primary caregiver and custodial guardian for her aunt's daughter, Zi'auna Jackson, who was two years old at the time Ms. Wimbush

agreed to care for her. Shortly after being placed with Ms. Wimbush, Zi'auna was diagnosed with leukemia. Ms. Wimbush spent countless hours caring for Zi'auna, and taking her to her multitude of medical appointments and treatments. As the result of Ms. Wimbush being charged in this case, the Department of Human Services removed Zi'auna from Ms. Wimbush's home and placed her with Ms. Wimbush's cousin, where she now resides. Ms. Wimbush came to view Zi'auna as her own daughter, and to have her taken out of Ms. Wimbush's care was beyond devastating. Ms. Wimbush understands that her own involvement with drugs was the reason she failed Zi'auna and takes full responsibility, having learned an invaluable lesson about how her own behavior with drugs was able to tear apart her family unit.

**IV.     Conclusion**

The Court must impose a sentence that is sufficient but not greater than necessary to accomplish the objectives listed in 18 U.S.C. § 3553(a)(2). It would appear in this case that a term of home detention is unnecessary to achieve those objectives. Despite two criminal history points, Ms. Wimbush does not have an aggravated criminal history and her conduct in this case was very minor compared to the typical defendant. More importantly, Ms. Wimbush has been under supervision for nearly two years already and has complied with every condition that has been required of her. Ms. Wimbush has been nothing short of a model supervisee. Most of the things that the Court would want to achieve through a sentence of probation have already been accomplished in the form of successful completion of mental health and substance abuse treatment, abstinence from drugs and alcohol, and maintaining a stable residence and employment. It would seem that to impose a term of home detention, or

worse yet imprisonment, would only serve to disrupt Ms. Wimbush from the positive path she has adopted over the course of the past two years.

Respectfully Submitted,

The Ward Law Firm, P.C.

s/Thomas R. Ward
**Thomas R. Ward**
Attorney for Defendant
The Ward Law Firm, P.C.
955 Bannock Street, Suite 200
Denver, CO 80204
Tel. 303-393-1101
FAX  303-623-0714
tward@wardlawdenver.com

Dated:  May 31, 2016

## Certificate of Service

I hereby certify that on Tuesday, May 31, 2016, I electronically filed the foregoing **MOTION FOR NON-GUIDELINE SENTENCE** with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all opposing counsel of record.

s/Thomas R. Ward
Thomas R. Ward