**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 14-cr-0231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **RICKY GARRISON,**

    Defendant.

---

**ORDER DENYING MOTION FOR LEAVE TO FILE *FRANKS* CHALLENGE**

---

Before the Court is Defendant Garrison's Motion for Leave to File a Motion to Suppress Pursuant to the Holdings in *Franks v. Delaware*. (ECF No. 1033.) Garrison seeks to file another motion challenging the wiretaps at issue in this case, but this time through a "non-four corners" or "sub- facial" challenge, as opposed to the facial challenge currently pending. (*See* ECF No. 939.)

On July 17, 2015, the Court ordered that "[a]ll suppression motions, including wiretap suppression motions (four corners and non-four corners), shall be filed 60 days after the hearing on discovery issues." (ECF No. 517 ¶ 5.) The Court resolved discovery motions on the papers, without an in-court hearing, on December 3, 2015 (*see* ECF No. 706), thus triggering the 60-day clock. No motion to suppress was filed within 60 days thereafter. However, solely in the interests of justice, the Court granted Garrison's motion to reopen that deadline. (*See* ECF No. 898, *vacating in part* ECF Nos. 836 & 887.) The Court set a new deadline of May 6, 2016. Garrison filed a facial

wiretap suppression motion before that deadline, but not a *Franks* motion.

Garrison says that he has been intending to file a *Franks* motion for some time, "and now, due to the revelation of the identity of CHS-1 [a particular confidential informant], defendant is able to proceed with such a motion." (ECF No. 1033 ¶ 3.) This is not a sufficient justification to *again* reopen the motion to suppress deadline. Garrison stated in October 2015 that he already knew CHS-1's identity. (*See* ECF No. 611 at 44 n.6 ("The defense has determined the identities of [CHS-1] and other informants based on a review of disclosures which were intended to cloak the identity of the informants but which inadvertently revealed their identities."); *see also* ECF No. 939 ¶ 40 ("As previously stated in Doc. #611, pg. 44, the defense has determined the identity of CHS-1.").) Garrison does not now explain how the Government's admission regarding CHS-1 enables him to file a motion he could not have filed long ago.

Accordingly, Garrison's Motion for Leave to File a Motion to Suppress Pursuant to the Holdings in *Franks v. Delaware* (ECF No. 1033) is DENIED.

Dated this 28th day of June, 2016.

BY THE COURT:

_____
William J. Martínez
United States District Judge