# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

#1 RICKY GARRISON,

    Defendant.

_____

**RICKY GARRISON'S RESPONSE TO GOVERNMENT'S JAMES PROFFER (DOC. No. 1038)**
_____

COMES NOW Ricky Garrison, by and through counsel, and hereby files the following Response to the Government's *James Proffer in Support of Admission of Co-Conspirator Statements Pursuant to Rule 801(d)(2) As It Relates to count One of the* Indictment (Doc. No. 1038).

## **INTRODUCTION**

Mr. Garrison previously requested that the United States be ordered to disclose each of the statements that it intends to offer at trial pursuant to F.R.E. 801(d)(2)(E). (See Doc. No. 981). The Court issued its Order (Doc. No.981) and directed the parties to the Court's *Order Resetting Trial Date and Related Deadlines* (Doc. No. 877). After an extension was granted to the United States and one given to the Defendant, the due date set for Mr. Garrison's objections, became

1

July 27, 2016.

## THE BASIS FOR MR. GARRISON'S OBJECTIONS

As stated in Mr. Garrison's *Motion Pursuant To F.R.E. 801 (d)(2)(E)*, a statement of one co-conspirator is admissible against another co-conspirator when the government can demonstrate "by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarant and the defendant were members of the conspiracy; and (3) the hearsay statements were made in the course of and in furtherance of the conspiracy." *See e.g., United States. v. Lopez-Guiterrez,* 83 F.3d 1235, 1242 (10th Cir. 1996); *United States v. Owens*, 70 F.3d 1118,1123 (10th Cir. 1995); *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994); *United States v. Doran*, 882 F.2d 1511, 1525 (10th Cir. 1989).

In order to demonstrate that Mr. Garrison, his co-defendants and any alleged unindicted co-conspirators were members of a conspiracy, the government must prove: (1) agreement with another person to violate the law; (2) knowledge of the essential objective of the conspiracy; (3) knowing and voluntary involvement; and (4) that there was interdependence among the alleged co-conspirators. *United States v. Chavis*, 461 F.3d 1201, 1208 (10th Cir. 2006).

With respect to whether there was a conspiracy, the Government's second element requires a showing that Mr. Garrison knew the scope and essential objectives of the alleged conspiracy. *United States v. Evans*, 970 F.2d 663 (10th Cir. 1992). In this case the alleged goal of the conspiracy appears to be that the goal was to have an enterprise that made money. (See proffer by United States, Doc. No. 1038, p. 5, where it states, "The Government will show that throughout

2

the course of the conspiracy, the Defendants acted together in order to distribute illegal narcotics in the Denver metro area in order to gain financial benefit.") However, the proffer is sparse and the evidence will be devoid of any actual money being gained by Mr. Garrison and more importantly there will be no evidence of a pecuniary goal. The United States has not proffered any evidence and it will not be able to show any evidence that Mr. Garrison obtained any money or actually possessed any drugs, let alone the quantity of controlled substances that they want to believe Mr. Garrison was involved. The quantities, the money, as well as the profit motive are all illusory. In short, there was no conspiracy and the United States will not be able to show a goal or objective. Similarly, the United States will not be able to show the third element, "knowing and voluntary involvement" in a conspiracy. Finally, the Government will not be able to show that there was interdependence. Interdependence means that the defendant's actions "facilitate the endeavors of other alleged coconspirators or facilitate the venture as a whole." *United States v. Evans*, 970 F.2d 663, 670 (10th Cir. 1992). In order to establish interdependence, the government must show that Mr. Garrison and the others "intended to act together for their shared mutual benefit within the scope of the conspiracy charged. *Id.,* at 671.

In Mr. Garrison's case the entire proffer is like the Government's case. It is made of conclusions. There are not sufficient facts to support these conclusions. The entire case is made up of inferences that are drawn from intercepted phone conversations. Pages one through five of the Proffer do not contain facts of what allegedly occurred. Every statement is conclusory. There is no detail included of

3

what was allegedly done by Mr. Garrison and others. Admission of evidence under Rule 801(d)(2)(E), is available, however, only if there is substantial evidence, independent of the statements at issue, that a conspiracy existed, that the co-conspirator declarant and defendant were members of the conspiracy, and that the statement was made during the course and in furtherance of the conspiracy. *United States v. Bucaro*, 801 F.2d 1230, 1232 (10th Cir. 1986). This standard has been articulated as less than

> Substantial, independent evidence has been described as more than a scintilla; it is evidence that a "reasonable mind would accept as adequate to support a conclusion." *Id.* (quoting, *United States v. Petersen,* 611 F.2d 1313, 1330 n.1 (10th Cir.1979), cert. denied, 447 U.S. 905). What must be proved by "substantial, independent evidence" is that a combination existed between third parties and the defendant. *Bucaro* at 1232. The Government has not and will not prove this, and for this reason the Court should not admit the statements proffered by the United States. The substantial independent evidence showing is limited to proving that there was a combination between Mr. Garrison and a third party or third parties and the circuit has applied the exception on less than substantial evidence. See. *United States v. Lopez-Gutierrez,* 83 F.3d 1235, 1242 (10th Cir. 1996)   Regardless, the conspiracy as a whole must be proved by a preponderance of the evidence in order for the co-conspirator hearsay exception to be available. *Bucaro, At 1232,* citing *United States v. Petersen,* 611 F.2d at 1330. This may be inferred through the use of circumstantial evidence. *Bucaro,* at 1232. However, as stated above, there is no evidence, just conclusions with respect to Mr. Garrison

4

and whether a conspiracy exists and whether he is a member.

## The Court Should Rule That the Statements Are Inadmissible. If the Court Is Unwilling to Do This, Based on the Pleadings then the Court Should Conduct a Pre-Trial Hearing

The defense is well aware that the Court is generally reluctant to hold a live hearing with testimony, when deciding whether to admit F.R.E. 801(d)(2)(E) statements. (Doc. No. 99, p.4). With that said, the facts averred in the United States' proffer are conclusory statements rather than factual aversions. Under these circumstances, the Court should either deny the statements in their entirety or hold an evidentiary hearing. The Tenth Circuit has held that the preferred order of proof in determining the admissibility of coconspirator statements is first for the district court to hold a James hearing. *United States v. Lopez-Gutierrez,* 83 F.3d 1235, 1242 (10th Cir. 1996)

## CONCLUSION

The court should either deny all of the proffered statements or in the alternative hold an evidentiary hearing. When the United States is unable to establish the admissibility of the statements at a pre-trial hearing, the Court should rule the objected to statements as inadmissible at that time.

DATED, this 27th day of July 2016.


Respectfully submitted,


s/ Sean M. McDermott
Sean M. McDermott
McDermott & McDermott LLP

5

1890 Gaylord Street
Denver, CO 80206
Phone: (303) 399-6037
Fax: (303) 322-3423

Miller Leonard
14143 Denver West Pkwy. Suite 100
Golden, CO 80403
(720) 613-8783 Phone
(303) 907-9516 Phone - Cell
(720) 613-8782 Fax
Attorney for Defendant
CO Reg. # 41029
milller@themillerleonardlawfirm.com

## CERTIFICATE OF SERVICE

     I hereby certify that on July 20, 2016, I electronically filed the foregoing **Pleading** and that a copy was delivered to all parties of record and designated to receive this motion by the District of Colorado's ECF filing system.

                        s/ Sean M. McDermott *for*
                        E. Noelle Bolefahr-Collins, Paralegal

                        for McDermott & McDermott, LLP