**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,
        Plaintiff,

v.

#1 RICKY GARRISON,
        Defendant.

---

UNOPPOSED MOTION TO CONTINUE TRIAL SETTING AND ENDS OF JUSTICE EXCLUSION REQUEST

---

COMES NOW, Ricky Garrison, Defendant, by and through counsel, and hereby requests the Court to continue his trial setting, and exclude another 180 from the Speedy Trial computation/clock.  In support of this motion, Mr. Garrison states the following:

GENERAL ALLEGATIONS

1.    The Government does not oppose the request to continue the trial setting.

2.    The Defendant, Ricky Garrison is charged in a multi-count Indictment.  Defendant is charged with 54 counts.  Defendant's case has, at present, been on-going for almost two years.

3.    Counsel was recently appointed.  The CJA Form 20 has a date of February 17, 2016 as the date of counsel, Miller Leonard's appointment. However, the beginning of representation was spent dealing with whether newly appointed counsel

would remain on the case.  This appointment followed the withdrawal of Mr. Garrison's previous attorneys. Part of the confusion, following Mr. Leonard's appointment was attributable to the fact, that Mr. Garrison did not fully understand why previous counsel had withdrawn.

4. Mr. Garrison's previous counsel was first appointed on June 9, 2014 (Doc. #46). Mr. Leonard was appointed in February of 2016.  Additionally, Mr. McDermott was appointed on May 27, 2016.  Mr. Garrison's newly appointed counsel have been dividing the work in order to prepare for trial.  This includes having Mr. McDermott visit Mr. Garrison on a more frequent basis to his proximity to Mr. Garrison's detention and dividing substantive motions and trial issues.  Counsel has also retained the services of a paralegal, Ms. Wendy Anderson, in an endeavor to prepare for trial. Mr. McDermott also has a paralegal who has been assisting him with case matters and has thus far done this, without Criminal Justice Act expenditures. This is all in an effort to be as prepared as possible to advocate on Mr. Garrison's behalf.

5. On February 25, 2016, after meeting with Mr. Garrison, counsel was discharged from representing defendant.  Accordingly, on February 26, 2016, counsel filed a Motion For Substitution of Counsel: This Motion was heard by The Honorable Magistrate Wang on March 7, 2016 and an Order was issued on March 9, 2016.  The Order denied Mr. Garrison's request for new counsel.  Counsel mentions this as it wasn't until after the hearing on the 9th that Mr. Leonard was able to begin working on the matter as prior to the ruling of the 9th, Mr. Leonard had been asked to be discharged.

6. These circumstances occurred in large part, because Mr. Garrison had liked and trusted his first set of lawyers. He did not fully understand why they were no longer going to represent him.

7. The delay from February 17, 2016 until March 7, 2016 merely exacerbated counsel's difficulty in preparing for a trial of this complexity that was previously set for September 26, 2016. Without this three-week delay, counsel would still be requesting the relief requested in this Motion.

8. The Court, on July 7, 2014 (Doc. #188), declared the case complex. The Court's Order, Doc. #188, is hereby incorporated by reference. One pertinent aspect of the Court's Order, Doc. #188, is the fact that the Court noted that discovery is voluminous.

9. Counsel, along with additional counsel Mr. McDermott, have been working diligently to prepare this case for trial. However, despite the best efforts of counsel, additional time is required.

10. Counsel has spent a tremendous amount of time attempting to get up-to-speed on this case, including attempting to understand the previous posture the case was in when prior counsel was discharged by the Court and new counsel was appointed. Complicating matters for newly appointed counsel was the need to meet filing deadlines regarding motions in this case. As a result, counsel started work on this case not from a beginning review of discovery, issue spotting, and then motions, but rather began by working in an effort to get a substantive motion on file: defendant's motion to suppress the wiretaps. Newly appointed counsel also spent time speaking

3

with prior counsel in order to understand the case since prior counsel had created a large file of work-product material.

11. Counsel also has spent a great deal of time getting to know Mr. Garrison and making sure that Mr. Garrison is aware of the status of the case and the issues that are present, including the compacted time frame for trial preparation. The need to get acquainted with Mr. Garrison cannot be understated as the basis of the attorney-client relationship is time. Counsel has used the time between appointment and the filing of this motion to work with Mr. Garrison in order to achieve a substantive attorney-client relationship.

12. At present, there are two important outstanding motions before the Court. These Motions include Mr. Garrison's Motion to Suppress the Wiretaps and the Government's James Proffer and Defendant's objections. Ruling on both motions are critical in order for the defense to properly prepare for trial: depending upon the rulings of the court, defendant's trial strategy may well be altered. Thus, at present, while counsel has developed a theory of defense, that theory is subject to change depending upon the rulings by the Court. Further, contained within defendant's Motion to Suppress the Wiretap were specific discovery requests. Those discovery requests, and the Court's rulings on these requests will also impact the defense trial strategy.

13. The Government has advised counsel for the defendant that it is the intent of the Government to file a superseding indictment. The Government intends to add two counts of use of a firearm in furtherance of a drug crime. Counsel is not, at present, preparing their defense based upon addition charges. In fact, if the Government adds

the charges it is suggesting, defendant's trial strategy is compromised and the defense will need to formulate a new trial strategy.  The impact that these charges will have on the Defense's preparation of this case cannot be overstated.

<u>Legal Basis for Motion to Continue</u>

14. The Speedy Trial Act of 1974 (Act) allows for a continuance at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge grants such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

15. No such period of delay resulting from a continuance granted by the court in accordance with paragraph (7) shall be excludable unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id.*

16. The factors Defendant is seeking this continuance pursuant to the sections found in 18 U.S.C. § 3161(h)(7)(i),(ii) and (iv) :

**(i)** Whether the failure to grant such a continuance in the proceeding would be likely to      make a continuation of such proceeding impossible, or result in a miscarriage of justice.

**(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or

5

law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

**(iii)** Whether the failure to grant such a continuance in a case which, taken as a whole, is     not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id*. § 3161(h)(7)(B)(i),(ii) and (iv).

17.     "A moving party must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. A record consisting of only short, conclusory statements lacking in detail is insufficient.  For example, it is insufficient to merely state that counsel is new and thus needs more time to adequately prepare for trial or that counsel or witnesses will be out of town in the weeks preceding trial and therefore more time is needed to prepare for trial.   Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough." *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) citing *United State v. Williams*, 511 F.3d 1044, 1058 (10th Cir. 2007) and *United States v. Gonzales*, 137 F.3d 1431, 1434-35 (10th Cir. 1998).

18.    The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and counsel's conduct must be sufficient so as not to

6

undermined the proper functioning of the adversarial process so that the trial process can be relied on as having produced a just result.  *See  Strickland v. Washington*, 466 U.S. 668 (1984).

## Analysis

19.     Counsel was recently appointed to represent Mr. Garrison in a multi-count Indictment. Defendant is facing a maximum sentence of twenty years if he is convicted of the offenses charged.  The maximum penalty imposed, however, could be well in excess of twenty years if the Court, at sentencing, were to determine that the sentences should be consecutive instead of concurrent.  Regardless, twenty years is an enormous prison sentence.

20.     Trial is set to commence on September 26, 2016.  A Trial Preparation Conference is set for September 16, 2016. The discovery is voluminous as this excerpt from the Order declaring the case complex indicates:

> This case is the result of an Indictment following Court-authorized wire and electronic interceptions on thirteen different telephones over approximately a seven-month period of time. There are more than 48,000 call records, of which approximately 5,500 have been determined to be pertinent calls involving criminal activity. Due to the length of the investigation resulting in the Indictment, discovery consists of voluminous amounts of data which includes hundreds of recordings of surveillance and toll records, in addition to the call records, all of which will require a substantial amount of defense counsel's time to review and analyze. Search warrants were executed at six different locations including in the state of California. During the execution of these warrants evidence was seized and statements were made, and it is anticipated that pre-trial litigation will include a determination of the admissibility of this evidence.

Doc. #188, pg. 4, ¶ 3.

21. In order to prepare for trial, counsel has an obligation to review the discovery in the case and to draft any pre-trial motions and jury instructions. This obligation requires counsel to review the facts/discovery in a case in order to counsel his or her client on the advantages of entering a plea of guilty or taking a case to trial. Further, counsel needs to review prior motions filed in this case, discuss the case with prior counsel, and formulate a motions and trial strategy. While counsel is well through discovery, the fact remains that the size of this case, and the volume of discovery, is such that counsel is not ready for trial come September 26, 2016.

22. The inability for counsel to digest the discovery prior to trial would prejudice Mr. Garrison by denying him counsel who is able to assess the charges against him with the facts in the possession of the Government. A critical aspect of the attorney-client relationship is the ability of counsel to apply his or her expertise to the facts being marshaled against the client. The ability to advise a client with specificity to each charged count is predicated upon the ability of counsel to have sufficient time to discover, investigate, and conduct legal research in regards to each count alleged. It would be impossible, given the volume of anticipated discovery, for counsel to perform his ethical duties in respect to the issues listed *supra*. This would constitute such a degradation of the attorney-client relationship as to deny Mr. Garrison his 6th Amendment Constitutional right to effective assistance of counsel.

23. The fact that this case is a multi-defendant Indictment raises legal issues that are not found in a single defendant case. For instance, there are *James* issues which are outstanding and which may very well impact defendant's trial strategy.

Further, the outstanding discovery issues, particularly the issue involving CHS-1, are matters that the defense will need additional time to review if discovery is granted.

24. The ends of justice would not be served in forcing Mr. Garrison to trial on September 26, 2016. The failure to grant a continuance to Mr. Garrison would be a miscarriage of justice because he would be proceeding to trial with counsel that is not prepared and unable to offer effective assistance of counsel, while the Government, to the contrary, would be proceeding to trial nearly two years after the case was filed by Indictment. The result would be a trial of unequally prepared counsel, resulting in substantial prejudice to Mr. Garrison such that his right to effective assistance of counsel, as mandated by the 6th Amendment, would be eviscerated.

25. Prior counsel for Mr. Garrison had significantly more time to prepare their case prior to being allowed to withdraw from the case: roughly two years. In review of the file of prior counsel, it is apparent that they were able to start the case by first reviewing the discovery, then spotting legal and factual issues, developing motions for the case, and creating fact patterns for co-defendants. Prior counsel was allowed significant time to become prepared. Current counsel has not had sufficient time to become prepared and a continuance of the trial setting allows counsel the time to adequately prepare. In fact, the more that both counsel get involved in this case, the more apparent it is that more time is needed to properly defend this case. In reality, counsel have both, since appointment, been playing catch-up in order to become sufficiently acquainted with the case to begin defending the matter.

Further, the attorney-client relationship requires counsel to have a basic understanding of the facts and legal issues in order to counsel the client. The size and complexity of this case has put counsel at a significant disadvantage in terms of the attorney-client relationship: counsel undertook representation after two prior attorneys had spent almost two years on this case. The prior attorneys had an intimate knowledge of the case that was developed over the time frame they worked the case. Current counsel has yet to achieve this level of understanding of the case and is working diligently to catch up; however, given the upcoming events of Jencks material release, pretrial motions, trial strategy finalization, voir dire preparation, and the other details that occur just prior to trial, counsel is left in the position of defending the case without a thorough understanding of the issues, pitfalls, legal matters that are likely to come into play, as well as honing the trial strategy, which is, still, uncertain based on the issues raised in this motion.

The constrained time frame has also required counsel to triage the case: counsel has been forced to address issues while leaving others behind. This has been done in order to attempt to be ready for trial. But, even with triage of the case occurring, counsel needs additional time.

<u>PRAYER FOR RELIEF</u>

26.     Defendant requests the Court grant this Motion for the reasons listed *supra.*

27.     Mr. Garrison requests one-hundred and eighty (180) days be excluded from the Speedy Trial clock. This request will allow counsel, acting with due diligence,

the time necessary to begin to digest the discovery in this case, meet with Mr. Garrison, review and evaluate the plea agreement, and begin the process of determining motion and trial strategies.

28. Defendant further requests that this case be set for a Status Conference in approximately one hundred and twenty (120) to one hundred fifty days (150) should the Court grant this Motion.

29. Defendant requests that all motions deadlines be vacated as to all defendants and that the Court delay fixing new motions deadlines until the Status Conference requested is held. Defendant is making this request as the volume of discovery is such that counsel needs substantial further time in order to be properly prepared.

30. This Motion is made in the interest of justice and does not vex or harass any party. Further, by granting this Motion, Mr. Garrison will have his right to effective assistance of counsel, as mandated by the 6th Amendment, protected.

31. Counsel requests a hearing on this Motion so that they may fully answer any of the Court's questions with respect to the issues raised in this Motion,

WHEREFORE, Defendant requests the Court to grant his Motion for Continuance of Trial Setting and to vacate the current trial setting of April 11, 2016, vacate any current motions deadlines, as well as delaying the setting of motions deadlines until a Status Conference is conducted, and for all other relief requested herein.

DATED at Denver, Colorado this 19th day of August, 2016.

> Respectfully submitted,
> s/Miller Leonard
> 14143 Denver West Pkwy., Suite 100
> Golden, CO 80403
> (720) 613-8783 Phone - Office
> (303) 907-9516 Phone - Business Cell
> (720) 613-8782 Fax
> CO Reg. # 41029
> milller@themillerleonardlawfirm.com
>
>
> *s/ Sean M. McDermott*
> Sean M. McDermott, Atty. Reg. No. 30132
> MCDERMOTT STUART & WARD, LLP
> One Sherman Place
> 140 E. 19th Ave., 3rd Floor
> Denver, CO 80203
> Phone:      303-355-6789
> Fax:           303-863-8888
> Email:       smcdermott@mswdenver.com
>
> ***ATTORNEYS FOR DEFENDANT, RICKY GARRISON***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August, 2016, a true and accurate copy of the foregoing **UNOPPOSED MOTION TO CONTINUE TRIAL SETTING AND ENDS OF JUSTICE EXCLUSION REQUEST** was e-filed and e-served via CM-ECF Filing System, which will send an automatic notification of said filing to the attorneys of record.

*s/ E. Noelle Bolefahr-Collins*
E. Noelle Bolefahr-Collins, sr. paralegal
for MCDERMOTT STUART & WARD, LLP