# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 14-cr-231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **RICKY GARRISON, and**
9.    **ARCHIE POOLE,**

    Defendants.

## ORDER DENYING MOTION TO CONTINUE TRIAL

This matter comes before the Court on Defendant Garrison's Unopposed Motion to Continue Trial Setting and Ends of Justice Exclusion Request ("Motion to Continue"). (ECF No. 1059.) For the reasons explained below, the motion is denied.

This case was filed on June 4, 2014. On June 9, 2014, Garrison received a CJA-appointed attorney to represent him. (ECF No. 46.) On November 19, 2014, the Court granted Garrison's request for a second CJA-appointed attorney in light of the complexity of this case. (ECF Nos. 287, 288, 291.) Due to the various defendants' need to investigate, the late arrest of certain defendants (leading to the late appointment of certain defense counsel), and various other pretrial machinations, the Court granted a number of ends-of-justice continuances. (ECF Nos. 360, 451, 517.)

In early February 2016, Garrison's two appointed attorneys moved to withdraw on account of irreconcilable differences. (ECF No. 780.) The Court granted that motion. (ECF No. 783.) The Court then appointed Miller Leonard to represent

Garrison, and Mr. Leonard continues to represent Garrison today.  (ECF No. 806, 809.) Largely on account of Mr. Leonard's need to get up to speed on his client's case, the Court granted yet another ends-of-justice continuance.  (ECF No. 872.)  Having permitted that continuance, the Court, on March 24, 2016, entered an order resetting the trial date for September 26, 2016.  (ECF No. 877 ¶ E.)  In so doing, the Court explained that no further continuances would be granted:

> This case has been pending since June 4, 2014.  With the trial setting established by this Order, a verdict in this prosecution will not be rendered herein until **28 months** after the filing of the Grand Jury's Indictment with this Court.  Among other reasons, this case is in its current posture as a result of this Court having allowed numerous extensions of deadlines and having granted Ends of Justice continuances, all in an effort to allow the parties the time necessary to properly prepare for trial.  The Court's patience in this case has now been exhausted, and the undersigned will not permit trial in this case to be delayed any further.
>
> As a consequence, the four remaining Defendants, their counsel, as well as the Government, are hereby put on notice that **NO FURTHER EXTENSIONS OF THE MOTIONS BRIEFING SCHEDULE WILL BE GRANTED, AND THERE WILL BE NO FURTHER RESETTING OF THE FINAL TRIAL PREPARATION CONFERENCE AND JURY TRIAL DATES IN THIS CASE.**  Absent pretrial disposition(s) by the deadline set forth above, **this case WILL proceed to trial on Monday, September 26, 2016.**

(*Id.* ¶ G (emphasis in original).)  On April 6, 2016, the Court reiterated that September 26, 2016, was a non-negotiable trial setting: "The Court reaffirms its prior notice to all counsel and all remaining Defendants (ECF No. 877 at 3) that, absent pretrial disposition(s), **this case WILL proceed to trial on Monday, September 26, 2016**." (ECF No. 898 at 2 (emphasis in original).)

On May 27, 2016, Garrison moved for an additional CJA attorney, so that he would once again have two attorneys to assist in his case.  (ECF No. 982.)  Garrison explained that a new attorney (1) could "alleviate the time issues of visiting Mr. Garrison [in pretrial detention] as it doubles the amount of people available to see Mr. Garrison," (2) would "allow for a more rapid assessment and understanding of the case," and (3) would permit "preparation for trial and motions to be expedited."  (*Id.* ¶¶ 7–8.)  The Court granted that motion (ECF No. 986) and appointed Sean McDermott as co-counsel (ECF No. 988).

On August 19, 2016, Garrison filed the Motion to Continue that is at issue here.  (ECF No. 1059.)  The Motion claims that Messrs. Leonard and McDermott have "spent a tremendous amount of time attempting to get up-to-speed on this case," but, "despite the[ir] best efforts . . . additional time is required [to prepare for trial]."  (*Id.* ¶¶ 8, 9.)  However, Messrs. Leonard and McDermott nowhere explain what they have not yet accomplished, and *cannot* accomplish, by September 26.

Messrs. Leonard and McDermott *do* claim that their trial strategy will be affected by whatever this Court might rule on the outstanding Motion to Suppress Wiretap Evidence (ECF No. 939) and the outstanding Motion for *James* Hearing (ECF No. 981).  (ECF No. 1059 ¶ 12.)  The Court will begin issuing orders regarding these motions in the very near future.  However, attorneys are routinely required to make contingent plans, *e.g.*, Trial Strategy A if the motion is granted, Trial Strategy B if the motion is denied, etc.  The Motion to Continue does not explain why Messrs. Leonard and McDermott cannot develop such plans now, rather than waiting for the Court's rulings.

3

The same holds true for Messrs. Leonard and McDermott's concern about the Government's stated intent to file a superseding indictment, reportedly to add firearm-in-furtherance-of-a-drug-crime charges.  (*Id.* ¶ 13.)  If the Government indeed files the superseding indictment, Messrs. Leonard and McDermott say that their trial strategy will be "compromised" and they "will need to formulate a new trial strategy."  (*Id.*)  If so, they would be well-advised to begin planning that new strategy now.

By the trial date of September 26, Mr. Leonard will have been a part of this case for about seven months, and Mr. McDermott will have been a part of this case for about four months.  This may be less time than either of them is accustomed to when preparing for trial, but the fact remains that there are two of them, which is twice the number of court-appointed attorneys that most defendants receive.  In light of the number of defendants, documents, and issues involved, they have received sufficient time to prepare—indeed, in the aggregate, they have received the equivalent of eleven months to prepare.  This matter has been pending for twenty-seven months and it is well past time to bring it to trial.

Garrison's Unopposed Motion to Continue Trial Setting and Ends of Justice Exclusion Request (ECF No. 1059) is therefore DENIED.

Dated this 23rd day of August, 2016.

BY THE COURT:

_____
William J. Martínez
United States District Judge