IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,
          Plaintiff,

v.

#1 RICKY GARRISON,

  Defendants.

_____

**UNOPPOSED MOTION TO CONTINUE TRIAL AND ENDS OF JUSTICE CONTINUANCE DUE IN LARGE PART TO NEWLY DISCOVERED EVIDENCE**
_____

     COMES NOW, Ricky Garrison, Defendant, by and through counsel, and hereby requests the Court to continue his trial setting, and exclude another 180 from the Speedy Trial computation/clock. In support of this motion, Mr. Garrison states the following:

     Preliminarily, both the defense and the Government are requesting a hearing on this matter to apprise the Court of the newly discovered evidence. This includes the strong likelihood of (*Brady)* material that mandates disclosure See *Brady v. Maryland,* 373 U.S. 83 (1963) and (*Giglio)* material that also requires disclosure, See *Giglio v. United States,* 405 U.S. 150 (1972). The Government will not have the chance to review this material in time for Mr. Garrison's trial that is scheduled to commence on September 26, 2016. This is the focus of the Motion.

1

The defense is very mindful of the Court's previous order which stated that this trial would proceed, absent a disposition, on the scheduled trial date of September 26, 2016. (Document No. 1061). However, the newly discovered information or evidence, requires the filing of this Motion and renewed request to continue the trial date. The defense has conferred with United States as represented by Zachary Phillips and the United States intends to file a response within 24 hours of this filing.

## GENERAL ALLEGATIONS

1. The Government does not oppose the request to continue the trial setting.

2. Ricky Garrison incorporates by reference his previously filed *Unopposed Motion to Continue Jury Trial and Ends of Justice Continuance* (Doc. No.1059). While the reasons stated in that Motion still apply, counsel for Mr. Garrison wants to focus on new facts and evidence that have developed since the Court's denial of that Motion (Doc. No. 1061). Mr. Garrison apologizes in advance for any redundancy in the recitation of the facts or analysis between the two heretofore Motions to Continue.

3. Right before the Court issued (Doc. 1061) Ricky Garrison's counsel became aware of a civil complaint filed by a former F.B.I. Agent. This is captioned as 2016-cv-02106, *Marks v. Comey*. This complaint is attached as Exhibit 1. The complaint alleges sexual discrimination amongst members of the Metro Gang Task Force. Factual averments in this complaint include the failure to perform job duties by members of the Metro Gang Task Force. The alleged failure to perform duties and the fact that there are such allegations against a number of law enforcement agents who are listed witnesses in the above captioned matter is troubling, and it is the primary basis for this Motion.

4. Mr. Garrison's case is dependent on law enforcement testimony. There is hardly any physical evidence as seizures of drugs and any proceeds is sparse. The United States is going to rely on agent testimony, to decipher intercepted telephone calls and to testify regarding surveillance, and their investigation. Credibility of testifying agents, while always important, is especially critical in this particular case.

5. Counsel became aware of this civil complaint almost contemporaneous with the Court's Order found at Doc. No. 1061. Counsel was therefore unable to file a Supplement to its Motion to Continue Jury Trial found at Doc. No. 1059.

6. The defense conferred with the United States regarding its concerns, once the defense became aware of the complaint contained in Exhibit 1. On August 24, 2016 the United States filed its *Government's Notice To Court and Defendants* (Doc. No. 1066). This was one day after, the Court issued its August 23, 2016 order (Doc. No. 1061) denying Mr. Garrison's Motion to Continue the Trial.

7. Counsel for the defense and counsel for the Government are both aware of this complaint and counsel for the defense has requested that the Government obtain and review the personnel files of the Agents and Officers involved in order to determine if there is any *Brady* or *Giglio* information. Having discussed this complaint with the Government and the timeframe that will be required to obtain the information, counsel for the defense will be unable to review, let alone sufficiently review the information prior to trial. For instance, the defense is identifying which Agent and Officer's personnel files they need to subpoena for an *in camera* review. However, the enterprise is no small task. At present, the defense has identified the following names from the complaint (Exhibit 1) which appear in this criminal case:

3

a. Agent Aerts

b. Agent Tobar

c. Agent Wilcox

d. Agent Sanin

e. Agent Alexander

f. Agent Peterson

g. TFO Cooper

h. Agent Roberts

i. Agent Torpjn

j. Agent Johnson

k. Analyst Oftelie

l. Agent Fredericks

m. ASAC Rankin

n. SAC Ravanelle

o. Agent Marks

8. There is a need to attempt to obtain the report made to the F.B.I. Office of Professional Conduct. The defense has requested the Government to obtain this report. The defense will also be subpoenaing this report. Again, there will be insufficient time for the defense to analyze and evaluate this evidence prior to trial.

9. The defense has already made a Freedom of Information request from the F.B.I regarding the information contained in Exhibit 1. The Freedom of Information request is pending and the defense has no timeline as to when this request will be granted or denied.

4

The information sought by the defense as it relates to Exhibit 1 is evidence that the defense must explore in order to be effective. Exhibit 1 alleges *Brady* information in that it alleges that the F.B.I. and the Metro Gang Task Force was not conducting investigations and or duties when female officers were involved. It is crucial that the defense explore this information. Upon information and belief, Agent Aerts is the only other female officer on the task force. She is also a lead case Agent in this case.

10. The following is an example of such potential *Brady* information (the complaint contains many other examples):

> On more than 20 occasions, Special Agents Sanin, Tobar, and Alexander failed to attend their scheduled surveillance shifts for Ms. Marks's wiretap case. On at least 7 occasions, Ms. Marks asked SSA Wilcox where the agents were. On each occasion, SSA Wilcox would say that he would check in with them, and then he would reply that they were "unavailable." He never provided any more detail on their whereabouts.

Exhibit 1, ¶ 23.

11. The information sought by the defense as it relates to Exhibit 1 is evidence that the defense must explore in order to properly defend Mr. Garrison. The civil complaint alleges information that is *Giglio* in nature. The following is one such example:

> In mid-July 2014, Special Agent Tobar announced that he had requested a transfer to a different squad. On July 29, 2014, ASAC Rankin and SSA Wilcox stated that no one would be allowed to transfer out of MGTF and if anyone tried to "backdoor" him, the consequences would be grave.
>
> SSA Wilcox said that ASAC Rankin can be a "vindictive son of a bitch," and that he would surely follow through with his threats.

Exhbit 1,¶ 49-50.

5

12. The information contained in Exhibit 1 must be followed up by the defense. Failure to follow up the *Brady* material and *Giglio* material would result in defendant being denied effective assistance of counsel. In correspondence with the United States, both the defense and the United States are in agreement, that without a continuance, the United States could end up with a *Brady/Giglio* violation and the defense could end up with a valid 28 U.S.C. § 2255 complaint against defense counsel based on ineffective assistance of counsel.

13. Unfortunately, this information also implicates the prior requests for the defense to have more time to prepare for this case. For instance, at present, the defense has not been able to review every phone call intercepted by the Government and which is part of discovery. The allegations contained in Exhibit 1 further the need for this to be accomplished as the allegations in Exhibit 1 cover a wide time frame.

14. As stated in counsel's previous Motion to Continue, all things being equal, counsel was recently appointed. The CJA Form 20 has a date of February 17, 2016 as the date of counsel's appointment. Mr. McDermott was appointed on May 27, 2016. Mr. McDermott's appointment was after the initial request to have a second attorney assigned to the case, was initially denied. Mr. Garrison's newly appointed counsel have been dividing the work in order to prepare for trial. This includes having Mr. McDermott visit Mr. Garrison on a more frequent basis so that Mr. Leonard can tend other preparation. Counsel are also dividing substantive motions and trial preparation. Counsel has also retained the services of a paralegal, Ms. Wendy Anderson, to assist trial preparation.

15. The Court, on July 7, 2014 (Doc. #188), declared the case complex. The Court's Order, Doc. #188, is hereby incorporated by reference. One pertinent aspect of the Court's Order, Doc. #188, is the fact that the Court noted that discovery is voluminous.

16. Counsel, along with added counsel Mr. McDermott, have been working diligently to prepare this case for trial. However, despite the best efforts of counsel, additional time is required. Previous counsel, who are very respected, good, and able attorneys did have approximately 33 months to prepare the case. Additionally, for the reasons stated below current counsel has not had the full advantage of all of the time that it has had. Mr. Leonard did seek out the appointment of co-counsel before Mr. McDermott's May 27 appointment. This request was initially not granted. This was ostensibly for the very legitimate goal of the Court ensuring that CJA funds are used wisely. Should the Court, grant this Motion to Continue, counsel endeavors to ensure that funds and resources are used wisely. Counsel intends to be thorough but efficient. Counsel will not unnecessarily duplicate efforts.

17. Part of the advantage of being with a case from its inception, is that a defense lawyer not only gets to live with his or her case, but counsel can also regulate what he or she works on. Counsel can foreclose other work so that he or she may devote the time and resources to a complex case such as this. See Colorado Rule of Professional Conduct 1.3 [Cmt.2]. Following the May appointment of Mr. McDermott, Mr. McDermott intended to devote the bulk of the following months to primarily this case. However, in June of 2016, Mr. McDermott had a long time client who had attorney-client materials subpoenaed by a State District Attorney's Office. Additionally, attorney-client phone calls had been intercepted. The subpoenaed materials and intercepted phone calls involved a separate

attorney who is not affiliated with Mr. McDermott's law firm or previous law firm. As a result, Mr. McDermott had a duty to his client to protect the client's interests in a timely manner. This led to protracted litigation involving, the Jefferson County District Court and the Colorado Supreme Court. The case numbers involved in this litigation include 15 CR 002 Jefferson County 2016SA224, Colorado Supreme Court, and 16 CR 2807, Jefferson County. The dates of litigation spanned approximately June 27, 2016 through the present time as a bail hearing is for September 1, 2016. This severely curtailed the amount of time that Mr. McDermott planned to devote to Mr. Garrison's case. Unfortunately, the combined time that Mr. Leonard and Mr. McDermott have had to prepare the case, has been truncated. In particular, Mr. McDermott's time has been far more limited than he anticipated. While the other, separate litigation was not foreseeable, Mr. McDermott does apologize that the time that he allocated to devote to this case had to be spent elsewhere. With that said, even without the other occurrence, the new information being brought to the Court's attention in this Motion, would make a continuance necessary even if Mr. McDermott and Mr. Leonard had devoted their energy solely to this case.

18. Under the circumstances, despite its best efforts, counsel has not come close to digesting all written discovery in the case, let alone listening to pertinent phone calls or having another defense team member, listen to all pertinent calls.

19. As previously stated in Doc. No. 1059, the Government has advised counsel for the defendant that it is the intent of the Government to file a superseding indictment. The Government intends to add two counts of use of a firearm in furtherance of a drug crime.

20. In the amount of time that counsel has at its disposal, it cannot effectively prepare everything that needs to be prepared for trial. Counsel did not invite the additional questions regarding the case agents and it cannot ignore the potential *Giglio* and *Brady* issues that these questions present. This issue, standing by itself, should warrant caution and a continuance of the trial date.

## Legal Basis for Motion to Continue

21. The Speedy Trial Act of 1974 (Act) allows for a continuance at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge grants such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

22. No such period of delay resulting from a continuance granted by the court in accordance with paragraph (7) shall be excludable unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id.*

23. The factors Defendant is seeking this continuance pursuant to the sections found in 18 U.S.C. § 3161(h)(7)(i) (ii) and (iv) :

> **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to   make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate

9

preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

**(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is     not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.
*Id.* §  3161(h)(7)(B)(i),(ii) and (iv).

24.    "A moving party must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. A record consisting of only short, conclusory statements lacking in detail is insufficient.  For example, it is insufficient to merely state that counsel is new and thus needs more time to adequately prepare for trial or that counsel or witnesses will be out of town in the weeks preceding trial and therefore more time is needed to prepare for trial. Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough."  *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) citing *United State v. Williams*, 511 F.3d 1044, 1058 (10th Cir. 2007) and *United States v. Gonzales*, 137 F.3d 1431, 1434-35 (10th Cir. 1998).

25.    The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and counsel's conduct must be sufficient so as not to undermined the proper functioning of the adversarial process so that the trial process can be relied on as having produced a just result.  *See  Strickland v. Washington*, 466 U.S. 668 (1984).

Analysis

26. Counsel was appointed relatively recently to represent Mr. Garrison in a multi-count Indictment. Defendant is facing a maximum sentence of twenty years if he is

10

convicted of the offenses charged. The maximum penalty imposed, however, could be well in excess of twenty years if the Court, at sentencing, were to determine that the sentences should be consecutive instead of concurrent. Regardless, twenty years is an enormous prison sentence.

27. Trial is set to commence on September 26, 2016. A Trial Preparation Conference is set for September 16, 2016. The discovery is voluminous as this excerpt from the Order declaring the case complex indicates:

> This case is the result of an Indictment following Court-authorized wire and electronic interceptions on thirteen different telephones over approximately a seven month period of time. There are more than 48,000 call records, of which approximately 5,500 have been determined to be pertinent calls involving criminal activity. Due to the length of the investigation resulting in the Indictment, discovery consists of voluminous amounts of data which includes hundreds of recordings of surveillance and toll records, in addition to the call records, all of which will require a substantial amount of defense counsel's time to review and analyze. Search warrants were executed at six different locations including in the state of California. During the execution of these warrants evidence was seized and statements were made, and it is anticipated that pre-trial litigation will include a determination of the admissibility of this evidence.

Doc. #188, pg. 4, ¶ 3.

28. In order to prepare for trial, counsel has an obligation to review the discovery in the case and to draft any pre-trial motions and jury instructions. This obligation requires counsel to review the facts/discovery in a case in order to counsel his or her client on the advantages of entering a plea of guilty or taking a case to trial. Further, counsel needs to review prior motions filed in this case, discuss the case with prior counsel, and formulate a motions and trial strategy. While Mr. Leonard is well through discovery, the fact remains that the size of this case, and the volume of discovery, is such that counsel is not ready

for trial come September 26, 2016. Mr. Leonard recently discovered that he was not familiar with something that he believed had to be in the discovery.

29. As stated in its First Motion to Continue The Trial, (Doc. No. 1059) due to the size of this case and the way that representation began, counsel had to first prepare motions. The motions were complex and time intensive. Counsel had to prepare these motions without the benefit of understanding the case. After the motions were prepared and filed, counsel had to turn to understanding the case. This was accomplished by going through prior counsel's file which is voluminous and fact intensive. Then, counsel began to review the investigative reports and line sheets that pertain to Mr. Garrison. With the trial date approaching, counsel then had to make a decision: continue reviewing discovery, including all intercepted phone calls and all unread investigative reports, or begin planning a trial strategy. Counsel made the decision that they had to start preparing for trial, as well as deal with the *James* matters. In so doing, counsel has triaged the case due to the lack of time to prepare. This is prejudicial to the client, however, unless counsel began attempting to prepare for trial, the defendant would be left without any defense.

30. The inability for counsel to digest the discovery prior to trial prejudices Mr. Garrison by denying him counsel who is able to assess the charges against him with the facts in the possession of the Government. A critical aspect of the attorney-client relationship is the ability of counsel to apply his or her expertise to the facts being marshaled against the client. The ability to advise a client with specificity to each charged count is predicated upon the ability of counsel to have sufficient time to discover, investigate, and conduct legal research in regards to each count alleged. It would be impossible, given the volume of anticipated discovery, for counsel to perform his ethical

12

duties in respect to the issues listed *supra*. This would constitute such a degradation of the attorney-client relationship as to deny Mr. Garrison his 6th Amendment Constitutional right to effective assistance of counsel.

31. The fact that this case is a multi-defendant Indictment raises legal issues that are not found in a single defendant case. For instance, there are *James* issues which are outstanding and which may very well impact defendant's trial strategy. Further, the outstanding discovery issues, particularly the issue involving CHS-1, are matters that the defense will need additional time to review if discovery is granted. The discovery issue relating to CHS-1 is crucial to the defense strategy. The defense has repeatedly requested discovery related to CHS-1. The Government has continued to assert the *Rovario* privilege. Given that the Government has revealed the identity of CHS-1, the discovery, in the opinion of the defense, should be provided and/or ordered produced.

32. The ends of justice would not be served in forcing Mr. Garrison to trial on September 26, 2016. The failure to grant a continuance to Mr. Garrison would be a miscarriage of justice because he would be proceeding to trial with counsel that is not prepared and unable to offer effective assistance of counsel, while the Government, to the contrary, would be proceeding to trial nearly two years after the case was filed by Indictment. The result would be a trial of unequally prepared counsel, resulting in substantial prejudice to Mr. Garrison such that his right to effective assistance of counsel, as mandated by the 6th Amendment, would be eviscerated.

33. Previous counsel for Mr. Garrison, as well as every other co-defendant, had significantly more time to prepare their case. Current counsel has not had sufficient time to become prepared and a continuance of the trial setting allows counsel the time to

13

adequately prepare. In fact, the more that both counsel get involved in this case, the more apparent it is that more time is needed to properly defend this case.

34. The size and complexity of this given the upcoming events of Jencks material release, pretrial motions, trial strategy finalization, voir dire preparation, and the other details that occur just prior to trial, counsel is left in the position of defending the case without a thorough understanding of the issues, pitfalls, legal matters that are likely to come into play, as well as honing the trial strategy, which is, still, uncertain based on the issues raised in this motion.

35. The constrained time frame has also required counsel to triage the case: counsel has been forced to address issues while leaving others behind. This has been done in order to attempt to be ready for trial. But, even with triage of the case occurring, counsel needs additional time.

## PRAYER FOR RELIEF

36. Mr. Garrison requests the Court grant this Motion for the reasons listed *supra.*

37. Mr. Garrison, requests one-hundred and eighty (180) days be excluded from the Speedy Trial clock. This request will allow counsel, acting with due diligence, the time necessary to begin to digest the discovery in this case, meet with Mr. Garrison, review and evaluate the plea agreement, and begin the process of determining motion and trial strategies.

38. Mr. Garrison further requests that this case be set for a Status Conference in approximately one hundred and twenty (120) to one hundred fifty days (150) should the Court grant this Motion.

39. Defendant requests that all motions deadlines be vacated as to all defendants and that the Court delay fixing new motions deadlines until the Status Conference requested is held. Defendant is making this request as the volume of discovery is such that counsel needs substantial further time in order to be properly prepared.

40. This Motion is made in the interest of justice and does not vex or harass any party. Further, by granting this Motion, Mr. Garrison will have his right to effective assistance of counsel, as mandated by the 6th Amendment, protected.

WHEREFORE, Defendant requests the Court to grant his Motion for Continuance of Trial Setting and to vacate the current trial setting of September 26, 2016 vacate any current motions deadlines, as well as delaying the setting of motions deadlines until a Status Conference is conducted, and for all other relief requested herein.

DATED this, 31st day of August 2016.

Respectfully submitted,

s/ Sean M. McDermott
Sean M. McDermott
McDermott Stuart & Ward LLP
140 East Sherman Avenue, Suite 300
Denver, CO 80203
Phone: (303) 832-8888
Fax:    (303) 863-8888

/s/Miller Leonard
14143 Denver West Pkwy., Suite 100
Golden, CO 80403
(720) 613-8783 Phone - Office
(303) 907-9516 Phone - Business
Cell (720) 613-8782-Fax
/s/Miller Leonard
Attorney for Defendant
CO Reg. # 41029
milller@themillerleonardlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2016, I electronically filed the foregoing Motion and that a copy was delivered to all parties by the District of Colorado's ECF filing system.

s/Sean M. McDermott
Sean M. McDermott

16