IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RICKY GARRISON,

    Defendant.

___

GOVERNMENT'S RESPONSE TO UNOPPOSED MOTION TO CONTINUE TRIAL
AND ENDS OF JUSTICE CONTINUANCE DUE IN LARGE PART TO NEWLY
DISCOVERED EVIDENCE
(DOC. NO. 1073)

___

NOW COMES THE UNITED STATES OF AMERICA, Robert C. Troyer, Acting United States Attorney, by Zachary H. Phillips, Assistant United States Attorney, and responds to defendant Ricky Garrison's Unopposed Motion to Continue Trial and Ends of Justice Continuance Due in Large Part to Newly Discovered Evidence (Doc. No. 1073).

The Government respectfully recognizes the Court's previous orders regarding the setting of this trial and the need to have this case proceed to trial. The Court ordered this case set for trial in an order dated March 24, 2016 (Doc. No. 877) and specifically noted, "NO FURTHER EXTENSIONS OF THE MOTIONS BRIEFING SCHEDULE WILL BE GRANTED, AND THERE WILL BE NO FURTHER RESETTING OF THE FINAL TRIAL PREPARATION CONFERENCE AND JURY TRIAL DATES IN THIS CASE." (Doc. No. 877, p. 2.) The Court re-emphasized this same position in the Court's Oder (Doc. No. 1061) denying the Defendant's earlier Motion to Continue (Doc. No. 1059). The Government has been preparing and continues

to prepare for trial and will be prepared for trial when this case proceeds to trial.[1] The Government was not aware of the newly discovered information prior to the filing of the civil suit, which is the main subject of the Defendant's motion. The Government informed the Court as well as the defendant as soon as practicable upon the Government's discovery of the civil suit.

There is certainly a need for this case to proceed to trial due to its age and numerous continuances. However, due to the very recently discovered information and the need for the information to be properly vetted or litigated, the Government does not oppose the Defendant's motion and believes it should be granted, as an ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial.[2]

## Procedural Background

On May 27, 2014, a Criminal Complaint was filed against Defendant Ricky Garrison (Doc. No. 1) and a warrant was issued (Doc. No. 1). Defendant Ricky Garrison had an initial appearance on May 28, 2014 (Doc. No. 4). On June 4, 2014, an Indictment was returned and unsealed charging the Defendants with numerous crimes and counts. If a complaint on which the Defendant has made an appearance in the district of prosecution is pending when the indictment is returned, the period begins with the filing (or unsealing) of the indictment. *United States v. Gardner*, 488 F.3d 700, 717 (6th Cir. 2007); *United States v. Moran*, 998 F.2d 1368, 1370 (6th Cir. 1993); *United States v. Mentz*, 840 F.2d 315, 325 (6th Cir. 1988); accord, e.g., *United States v.*

---

[1] The Government anticipates filing a Motion for Additional Time to comply with this Court's Practice Standards. Due to the civil suit which is the subject of the Defendant's motion before the court, the Government's witness list (which also affects the exhibit list) may be affected, as well as the presentation of certain evidence and exhibits. The Government has recognized the need for a concentrated effort by the United States Attorney's Office to be prepared for trial and as such has engaged numerous resources in order to prepare and file the necessary documents outlined in the Court's Practice Standards.

[2] See 18 U.S.C. § 3161(h)(7)(A).

*Lopez-Valenzuela*, 511 F.3d 487, 489 (5th Cir. 2007).  The Speedy trial clock started on June 4, 2014.

On June 9, 2014, attorney James A. Castle filed an Entry of Appearance as to Defendant Ricky Garrison (Doc. No. 45).

On June 18, 2014, the Government's Motion to Designate Case as Complex Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) (Doc. No. 125) was filed by the Government and tolled speedy trial clock.[3]  The Court ruled on the Government Motion to Designate Case as Complex Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) on July 7, 2014.  In the Order Granting in Part the Government's Motion to Designate Case as Complex (Doc. No. 188), the Court ordered 210 days be excluded from the speedy trial clock.  All days between July 7, 2014, and February 2, 2015 were excluded from the speedy trial clock.  As of July 7, 2014, 14 days of speedy had run.

On November 19, 2014, James A. Castle filed Defendant Ricky Garrison's Request for the Appointment of Additional CJA Counsel:  Mitchell Baker, Esq. (Doc. No. 287).  The Defendant's request was granted (Doc. No. 291).

On January 20, 2015, a status conference was held in this case (Doc. No. 359).  As the result of an Oral Motion and discussion between the Court and the Parties, the Court ordered an additional 135 days' speedy be excluded from the Speedy Trial Clock.  The Court Ordered all days between January 20, 2015, and June 4, 2015, be excluded from the Speedy Trial Clock.  As of January 20, 2015, 14 days of speedy had run.

On January 22, 2015, the Court issued Order Granting Ends-of-Justice Continuance and Setting Deadlines for Remainder of Case (Doc. No. 360).  As part of that Order, the Court Ordered the case set for trial commencing November 30, 2015.

---

[3]See 18 U.S.C. § 3161(h)(1)(D).

On April 10, 2015, Defendant Christopher Martinez made his initial appearance (Doc. No. 410).  On May 14, 2015, Defendant Christopher Martinez filed an Unopposed Motion for Extension of Time in Which to File Motions (Doc. No. 435).[4]  On May 22, 2015, the Court issued <u>Amended</u> Order Granting Defendant Christopher Martinez' Unopposed Motion to Exclude 160 Days from the Speedy Trial Act (Doc. No. 450).  In the Court's Order all days from June 4, 2015, to and including November 11, 2015, were excluded from the Speedy Trial Clock.  The Court then issued Order Setting Trial Date and Related Deadlines (Doc. No. 476) and set a trial date of January 11, 2016.

On July 17, 2015, the Court issued an <u>Amended</u> Order Resetting Trial Date and Related Deadlines.  As part of the order, the Court set a trial date of April 11, 2016.

On February 3, 2016, Attorneys for Ricky Garrison filed a Motion to Withdraw as Counsel (Doc. No. 779) and later that same day an Amended Motion to Withdraw as Counsel (Doc. No. 780).  On February 4, 2016, the Court found counsel for Ricky Garrison had shown good cause to withdraw (Doc. No. 783).

Prior to the withdraw of attorneys James A. Castle and Mitch Baker, the Government was prepared to proceed to trial on April 11, 2016.  On March 24, 2016, the Court entered an order resetting the trial date for September 26, 2016 (Doc. No. 877).

On February 23, 2016, attorney Miller Leonard began his representation of Defendant Ricky Garrison.  On May 27, 2016, an *Ex Parte* Motion for Second CJA Attorney was filed by

---

[4] 18 U.S.C. § 3161(h)(3)(B) makes excludable from the Speedy Trial Clock any periods or delay resulting from the absence or unavailability of the defendant or an essential witness.  A defendant . . . shall be considered absent when his whereabouts are unknown . . . and he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence.

Ricky Garrison (Doc. No. 982) and Sean McDermott was appointed to assist in the representation of Ricky Garrison.

On August 18, 2016, Ricky Garrison filed Defendant Garrison's Unopposed Motion to Continue Trial Setting and Ends of Justice Exclusion Request ("Motion to Continue") (Doc. No. 1059).  The Government took the position of not opposing the motion after having conferred with defense counsel Miller Leonard and Sean McDermott, and discussed with them their need for further time to properly prepare the case for trial as well as offer sound legal advice to their client. This was not a "one time" conversation.  In fact, Assistant U.S. Attorney (AUSA) Phillips had discussed on numerous occasions with defense their ongoing work on the case.  As discussed in the Defendant's motion, the Government has intended to add charges against the Defendant.  The Government had not added the charges as a result of the need for defense to have a proper understanding of the case in order to properly advise their client of any potential plea in the case prior to the adding of the charges.

According to the Government's calculations, as of the filing of this motion, a possible 14 days (but as few as zero days as a result of the arrest of Christopher Martinez) of speedy trial clock have run.

### Newly Discovered Information

On August 18, 2016, a civil suit, Case No. 16-cv-02106- WYD-MEH, was filed in the United States District Court, District of Colorado, against JAMES COMEY, Director, Federal Bureau of Investigation.  The suit alleges misconduct of agents and officers who were, or are

5

presently, assigned to the Metro Gang Task Force (MGTF) from a period between January 2013, and November 2014. AUSA Zachary Phillips was not aware of the allegations alleged in the civil suit until the day of its filing.

The MGTF was the investigating agency which conducted the investigation which led to the charges in this pending case. The civil suit allegations of misconduct are during the time of this investigation. Many of the officers and agents named in the suit were involved in the underlying investigation. Many of the officers and agents mentioned in the civil suit will be called to testify at trial.

The Government[5] has begun receiving and collecting documents related to civil case number 16-cv-02106-WYD-MEH. As those documents become available they will be reviewed, as any documents in the custody of the Government, for all legal matters to include *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972) material.

The Government will respond to any specific motions or subpoenas for information which defense files with this Court as a result of the filing of the civil suit. Until such motion(s) are filed, the Government states that it is mindful of its obligations under *Brady* and *Giglio*, their progeny, and Section I(B) of the Discovery Order. The United States Attorney's Office for the District of Colorado has policies and procedures in place in order to comply with *Brady* and *Giglio*. The Government, as it does in every case, will continue to comply with its *Brady* and *Giglio* requirements as further documents or information become available.

---

[5]AUSA Zachary Phillips is lead counsel for the Government in the case before the Court. The United States Attorney's Office for the District of Colorado will also represent the Government in the civil suit. AUSA Zachary Phillips may not personally have access or review all the documents related to the civil case; however, the Office of the United States Attorney's Office, District of Colorado, will review the documents thoroughly.

Dated this 31st day of August, 2016.

                                      Respectfully submitted,

                                      Robert C. Troyer
                                      Acting United States Attorney


                            By    *s/Zachary Phillips*
                                      ZACHARY PHILLIPS
                                      Assistant United States Attorney
                                      U.S. Attorney's Office
                                      1225 17th St., Suite 700
                                      Denver, CO 80202
                                      Telephone (303) 454-0118
                                      Fax (303) 454-0401
                                      e-mail:  zachary.phillips@usdoj.gov
                                      Attorney for the Government

CERTIFICATE OF SERVICE

      I hereby certify that on this 31st day of August, 2016, I electronically filed the foregoing GOVERNMENT'S RESPONSE TO UNOPPOSED MOTION TO CONTINUE TRIAL AND ENDS OF JUSTICE CONTINUANCE DUE IN LARGE PART TO NEWLY DISCOVERED EVIDENCE (DOC. NO. 1073) using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                        *s/Maggie E. Grenvik*
                                        Maggie E. Grenvik
                                        Legal Assistant