**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 14-cr-231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **RICKY GARRISON,**

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEVER**

---

Before the Court is Defendant Ricky Garrison's Motion Objecting to Misjoinder of Counts or in the Alternative to Sever Counts. (ECF No. 617.) For the reasons explained below, the motion is granted to the extent that the Court will bifurcate the evidence and deliberation regarding the felon-in-possession charges asserted against Garrison. The motion is otherwise denied.

## I. JOINDER

Federal Rule of Criminal Procedure 8(a) permits the Government to "charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Whether counts have been properly joined under this Rule is a question of law. *United States v. Price*, 265 F.3d 1097, 1105 (10th Cir. 2001). "Rule 8 is construed broadly to allow liberal joinder to enhance the efficiency of the judicial

system." *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995).

Many circuits hold that propriety of joinder must be judged by the indictment alone. *See* 1A Federal Practice & Procedure § 143 n.30 (4th ed., Apr. 2016 update) (citing cases from the Third, Fifth, Sixth, Seventh, Eighth, and Ninth Circuits) ("*FPP*"). Other circuits allow district courts to consider more than the indictment, to a varying extent. *See id.* n.31 (citing cases from the Fourth, Eleventh, and D.C. Circuits). For example, the D.C. Circuit allows district courts to review the indictment and pretrial evidence offered by the Government. *United States v. Carson*, 455 F.3d 336, 372 (D.C. Cir. 2006). The Eleventh Circuit allows district courts to review "the face of the indictment" and "the government's representations before trial," with the caveat that relied-upon representations must be "borne out in the evidence presented during trial." *United States v. Hersh*, 297 F.3d 1233, 1241 n.10 (11th Cir. 2002). In other words, the correctness of the district court's joinder ruling can turn on developments that post-date the joinder ruling. The Fourth Circuit similarly reviews the district court's joinder decision "by examining the indictment and evidence presented at trial." *United States v. Cardwell*, 433 F.3d 378, 385 n.1 (4th Cir. 2005). The Fourth Circuit acknowledges the "tension" this creates with other circuits, but states that its own rule "has the benefit of a built-in type of harmlessness review; if . . . the evidence at trial reveals that [a sufficient] relationship exists [between charged defenses], it is difficult to see how the defendant could ever be prejudiced by the technical misjoinder." *Id.*

The parties have not cited this Court to any Tenth Circuit decision taking a position in this circuit split. However, Tenth Circuit opinions analyzing joinder show the

Tenth Circuit does not limit district courts to the face of the indictment. For example, in *United States v. Valentine*, 706 F.2d 282 (10th Cir. 1983), the court accepted the Government's arguments—apparently made for the first time on appeal—that the close physical proximity between guns and drugs found during a search warrant was "sufficient to indicate a common scheme or plan." *Id.* at 289 & n.5. And in *United States v. Price*, 265 F.3d 1097 (10th Cir. 2001), the court upheld joinder of drug and gun offenses based on "testimony at the pretrial hearing concerning how Defendant's possession of firearms was related to his drug trafficking." *Id.* at 1105.

Absent specific guidance from the Tenth Circuit, and particularly in light of *Valentine*, the Court finds that it may analyze a Rule 8(a) challenge by reviewing the indictment as well as representations made by the Government in briefing. This is consistent with the "pragmatic construction" usually given to Rule 8(a). 1A *FPP* § 143.

In that light, the Court notes that the indictment alleges a drug conspiracy lasting from approximately June 1, 2013, to June 4, 2014. (ECF No. 10 at 2.) The non-conspiracy drug offenses alleged specifically against Garrison spanned from November 16, 2013, through March 26, 2014. (*Id.* at 3–22.) The interstate prostitution offense occurred on March 17, 2014. (*Id.* at 22.) The two felon-in-possession offenses occurred on May 23, 2014. (*Id.* at 25.) Considering all of these dates, the indictment shows that joinder was appropriate, as demonstrated by *United States v. Cox*, 934 F.2d 1114 (10th Cir. 1991). There, the Tenth Circuit approved joinder of drugs and weapons offenses "as part of a scheme or plan to possess and distribute drugs" because, among other reasons, "[p]olice seized the[] weapons [on] a date that falls within the time frame

3

of the drug conspiracy." *Id.* at 1119.  The same is true in Garrison's case.  *Cf. United States v. Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008) (endorsing the "presumption that, because of the close relationship between drug trafficking and firearms offenses, joinder of such offenses is ordinarily proper," which presumption can usually be overcome only by "a significant temporal disconnect between the alleged offenses").

Similarly, the prostitution offense occurred in this time frame, and *before* the last non-conspiracy drug offense alleged against Garrison.  Particularly in light of the liberal policy in favor of joinder, *Janus*, 48 F.3d at 1557, this is sufficient to conclude that drugs, guns, and prostitution were all "part[] of a common scheme or plan," Fed. R. Crim. P. 8(a).

Even if the foregoing was not enough to justify joinder, the Government's representations in briefing would provide sufficient additional support:

> At trial, it is anticipated that the Government will present recordings from Title III intercepts where the Defendant discusses guns, prostitution and/or narcotics in the same calls.  The Government will establish that the Defendant subsidized his drug trade with funds from his prostitution activities, as well as used drug proceeds to further his prostitution activities.  The two illegal activities were parts of a common scheme and were intertwined during the course of the investigation and should be tried together.

(ECF No. 673 at 2.)  Thus, the Court rejects Garrison's claim that Rule 8(a) does not permit the Government to join the drugs, weapons, and prostitution offenses in a single indictment.

## II.  SEVERANCE

"Even though counts are properly joined in an indictment, the trial court may

4

order a severance for trial under [Federal Rule of Criminal Procedure] 14 if the defendant, or the prosecution, is prejudiced thereby." *Valentine*, 706 F.2d at 289. The relevant portion of Rule 14 provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Severance is a matter within this Court's discretion. *Valentine*, 706 F.2d at 289–90.

Garrison argues that combining the drugs, weapons, and prostitution offenses creates a "danger that jurors will convict Mr. Garrison of the controlled substance charges in part because they believe him to be a convicted criminal who prostitutes women." (ECF No. 617 at 5.) The Government does not respond to this claim, instead focusing its entire response brief on the joinder issues already discussed. (*See generally* ECF No. 673.)

The Court is partially persuaded by Garrison's argument. Specifically, the Court agrees that hearing evidence regarding the felon-in-possession charges will, of necessity, inform the jury that Garrison is a felon; and that such information would be unduly prejudicial in the jury's consideration of the other charges. The Court finds, however, that no similar prejudice results from trying the drug and prostitution offenses together.

In light of the foregoing, the Court will bifurcate the trial. The drug and prostitution offenses will be tried first. After the jury returns a verdict on those offenses, the parties will immediately move on to their evidence regarding the felon-in-possession charges (Counts 70 and 71). The same jury will hear that evidence and deliberate on

the felon-in-possession charges.

Garrison remains free to propose limiting jury instructions to ameliorate any lingering prejudice that he perceives.  See *United States v. Jones*, 213 F.3d 1253, 1261 (10th Cir. 2000); *Valentine*, 706 F.2d at 290 n.7.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Garrison's Motion Objecting to Misjoinder of Counts or in the Alternative to Sever Counts (ECF No. 617) is GRANTED IN PART and DENIED IN PART as follows:

    a. The motion is GRANTED to the extent that the Court will bifurcate the evidence and deliberation regarding Counts 70 and 71, and

    b. The motion is otherwise DENIED.

2. At the Final Trial Preparation Conference set for September 16, 2016, the parties shall come prepared to discuss the logistics of the bifurcation ordered herein.

Dated this 2nd day of September, 2016.

BY THE COURT:

_____
William J. Martinez
United States District Judge