# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,
        Plaintiff,

v.

#1 RICKY GARRISON,
        Defendants.

_____

## MOTION FOR *BRADY* AND *GIGLIO* INFORMATION
_____

COMES NOW, Ricky Garrison, Defendant, by and through counsel, and hereby requests the Court to issue an Order directing the Government to produce *Brady* and *Giglio* information concerning Agents and/or Officers of the Metro Gang Task Force (MGTF). In support of this motion, defendant states the following:

### GENERAL ALLEGATIONS

1. Ricky Garrison is charged, and set for trial, in a multi-count indictment. Mr. Garrison is facing multiple drug charges, two gun counts, and one count of facilitating prostitution.

2. The government's case against Mr. Garrison will rely, in large part, upon testimony of Agents and Officers of the Metro Gang Task Force (MGTF). In particular, the defense believes, upon information and belief, that the Agents and Officers of the MGTF who were

1

involved in this investigation will be called to testify about wiretap intercepts, visual and recorded surveillance, evidence seized from co-defendants, proffer sessions with co-defendants, as well as evidence seized during a search of a home where Mr. Garrison allegedly was staying.  In addition, the government may call Agents and Officers as witnesses to discuss drugs, drug use, use of weapons by those who use and/or sell drugs, as well as gangs and drugs.

3. The fact that the MGTF and its Officers and Agents will be called to testify is not disputed by the government.[1]

4. It is also without dispute that the credibility of the Officers and Agents of the MGTF will be a central aspect of both the government's case and the defendant's case.

5. On August 18, 2016, a civil suit, Case No. 16-cv-0216-WYD-MEH, was filed in the United States District Court, District of Colorado, against James Comey, Director of the Federal Bureau of Investigation.  This civil suit is attached as Exhibit 1.  The suit alleges misconduct by Agents and Officers of the MGTF during a period between January 2013 and November 2014.

6. The government, aware of the civil case, has begun the task of attempting to determine whether of not any of the documents related to the civil case, 16-cv-0216-WYD-MEH, contain information that falls under either the *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

7. The defense, having become aware of the civil complaint, has already undertaken a Freedom of Information Request directed to the Federal Bureau of Investigation seeking

---

[1] Page 6, Government's Response To Unopposed Request to Continue Trial and Ends of Justice Continuance Due to Newly Discovered Evidence, Doc. #1074.

documents related to the civil complaint, and the defense has conferred with the government, on multiple occasions, as to the time line of the review by the government of the information in the civil complaint.  At present, the defense has no timeline as to the Freedom of Information Request response.  At present, the defense has no timeline as to when the government will begin reviewing the information sought and requested, much less when the entire information will be reviewed.

8. In an effort to attempt to speed the process of the flow and review of information sought, defendant is seeking discovery from the Government of information outlined in this motion.  Prior to filing this motion, counsel for the defendant and the Government conferred.  Given the early stage of the information outlined in Agent Marks civil complaint, the Government does not have the information that is requested in this motion, nor can the Government aver as to whether the information exists, if the allegations are true, and if they are true, what action was taken regarding the allegations.

INFORMATION SOUGHT

9. Lt. Torpin, upon information and belief, worked as a member of the MGTF.  During his time on the MGTF, Agent Marks confided in Lt. Torpin about the substance of her allegations outlined in her civil complaint.  Lt.. Torpin provided detailed key card reports showing Agents Tobar, Sanin and Alexander were not coming to the office when they were scheduled, particularly on the weekends, and that was shown as their individual door codes were not being entered and were not on the log report.  Exhibit 1, pg.10, ¶ 58. According to Agent Marks's civil complaint, Lt. Torpin provided this information as a result

of the allegations made by Agent Marks, specifically that the male Agents did not like working with female Agents. *Id*. at pg. 9, ¶ 52. Afterwards, Lt. Torpin was removed from the MGTF and transferred back to the Aurora Police Department. *Id*. at pg. 14, ¶ 89.

10. The information outlined in ¶ 9 alleges that members of the MGTF were not working their jobs; the allegations, if true, outline that door codes and log reports prove Agent Marks' accusations.

11. Defendant, Ricky Garrison, is therefore seeking the log reports from the MGTF for the period of January 2013 to November 2014.

12. Defendant is seeking the door codes assigned to each Agent and Officer and employee of the MGTF during the period of January 2013 to November 2014.

13. Defendant is seeking the work assignments/schedules for each Agent and Officer and employee of the MGT for the period of January 2013 to November 2014.

14. Defendant is seeking any and all report, memorandum, and any documentation detailing why Lt. Torpin was removed from the MGTF, as well as whether or not Lt. Torpin's allegations that Agents were not showing up for their schedules was ever followed up on, and if so, what, if any, action was taken.

15. Defendant is seeking any and all information related to the allegations contained in this motion regarding any discipline handed out to any member of the MGTF for not working as scheduled.

ANALYSIS

16. Under *Brady*, the Government has a "duty to disclose material exculpatory evidence to the defendant." *United States v. Pedraza*, 27 F.3d 1515, 1527 (10th Cir. 1994). This includes information that is generally favorable to the defense or evidence that could be used to impeach witnesses. *United States v. Geames*, 427 F.3d 1333, 1336 (10th Cir. 2005). The material sought is certainly exculpatory: if the Agents and Officers were not performing their duties, as directed, scheduled, and according to policy, this is information that undercuts the Government's case and is material to the defendant's case.

17. In *Kyles* v. *Whitley* the Supreme Court stated that, "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *Strickler v. Greene*, 527 U.S. 263, 275 n.11 (1999); *Banks v. Dretke*, 540 U.S. 668 (2004); *Youngblood v. W. Virginia*, 547 U.S. 867, 870—71 (2006).   The information sought is clearly favorable to the defendant if true.

18. When evidence is impeachment evidence it is sometimes called *Giglio* material, after the Supreme Court case extending *Brady* to impeachment evidence. *Giglio v. United States,* 405 U.S. 150 (1972).   The evidence sought is clearly impeachment evidence, as it can be used against the Agents and Officers of the MGTF called to testify in this matter.

19.  The material/evidence sought by defendant is specific.  In prior responses to *Giglio* information, the Government has claimed that the defense is making requests that are overly broad and unduly burdensome.  This request is neither:  it is targeted, specific, and

material to the defense.

WHEREFORE, for the reasons stated herein, defendant requests the Court to Order disclosure of the information requested.  Defendant has no objection to a protective order on the material.

DATED at Denver, Colorado this, th day of September 2016.

        Respectfully submitted,

        /s/Miller Leonard
        14143 Denver West Pkwy., Suite 100
        Golden, CO 80403
        (720) 613-8783 Phone - Office
        (303) 907-9516 Phone - Business Cell
        (720) 613-8782 Fax
        /s/Miller Leonard
        Attorney for Defendant
        CO Reg. # 41029
        milller@themillerleonardlawfirm.com

        /s/ Sean McDermott
        McDermott Stuart & Ward LLP
        One Sherman Place
        140 East 19th Avenue, Suite 300
        Denver, CO 80203
        303-832-8888
        303-863-8888 (fax)
        smcdermott@mswdenver.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2016, I electronically filed the foregoing Motion and that a copy was delivered to all parties by the District of Colorado's ECF filing system.


/s/ Miller Leonard