IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CRIMINAL ACTION NO. 14-cr-00231-WJM

UNITED STATES OF AMERICA

       Plaintiff,

v.

**1.**     **RICKY GARRISON**,

       Defendant.

**DEFENDANT RICKY GARRISON'S MOTION TO PERMIT ACCUSED TO APPEAR IN CIVILIAN CLOTHING AND WITHOUT RESTRAINTS AT ALL PRE-TRIAL AND TRIAL PROCEEDINGS**

Mr. Ricky Garrison, through undersigned counsel, moves this Court for an order mitting him to appear at all in-court proceedings (including all pre-trial hearings and trial at which Defendant appears in Court) in civilian clothes instead of a prison uniform and without restraint by any means, including shackles or a stun belt. In addition, once trial begins, Defendant requests that measures be taken to ensure that the jurors never see him in restraints in or out of the courtroom.

If this Court is not inclined to grant the instant motion on the record as it now stands, Defendant requests an evidentiary hearing to adduce evidence on the question whether there is a particularized justification for restraining Defendant (or requiring Defendant to appear in prison clothes).

1

**MEMORANDUM IN SUPPORT**

The presumption of innocence is a basic component of the fundamental right to a fair trial.  See Coffin v. United States, 156 U.S. 432, 453 (1895).  "The presumption of innocence requires the garb of innocence, and regardless of the ultimate outcome, or the evidence awaiting presentation."  Kennedy v. Cardwell, 487 F.2d 101, 104 (6th Cir. 1973) (citation omitted).  "[E]very defendant is entitled to be brought before the court with the appearance, dignity, and self-respect of a free and innocent man [or woman]."  Id.

**1.    Appearing in Civilian Clothing**

Defendant is presently incarcerated and will likely remain so throughout the duration of the proceedings before this Court.  Unless the Court orders Defendant's custodians to permit a change into civilian clothing before Court appearances, the right to receive a fair trial will be impermissibly infringed upon.  If Defendant appears in prison clothing at any pre-trial proceeding covered by either television or print media, and is displayed to potential or actual jurors in prison clothing, they will naturally be led to doubt the presumption of innocence and Defendant's constitutional rights to a fair trial will be undermined.  In Estelle v. Williams, 425 U.S. 501 (1976), the Court emphasized that "the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment."  Id. at 504-05.  In addition, "compelling an accused to wear prison clothing furthers no essential state policy."  Id. at 505.  Finally, "compelling the accused to stand trial in prison garb operates usually against those who cannot post bail before trial."  Id. at 505.

Due to the nature of the charges in this case and the publicity the case may

generate, media coverage of the accused dressed in prison garb creates a great potential for harm. The harm is no less serious merely because the jury has yet to be empanelled. Requiring Defendant to wear prison garb at pre-trial proceedings furthers no compelling State interest; but it would violate the defendant's rights as recognized in <u>Estelle</u>.

**2.     Appearance Without Restraints**

Defendant contends that there are no facts specific to this case that would justify restraint in any manner during pretrial or trial proceedings – including by means of a stun belt, hand restraints, leg restraints, or other similar tools of confinement. "The Fifth and Fourteenth Amendments [of the United States Constitution] prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion that they are justified by a State interest specific to a particular trial." <u>Deck v. Missouri</u>, 544 U.S. 622, 629 (2005). "[G]iven their prejudicial effect, due process does not permit the use of visible restraints if the trial court has not taken account of the circumstances of the particular case." <u>Id.</u> at 632.

<u>Deck</u> recognized the serious concerns of a defendant at both the trial and penalty phases of trial. During the trial phase, the defendant has an interest in appearing free of restraints in order to preserve the presumption of innocence, due process rights, and effective assistance of counsel. However, should Defendant be found guilty at the trial phase, the interest remains because, "[a]lthough the jury is no longer deciding between guilt and innocence, it is deciding between life and death. That decision, given the 'severity' and 'finality' of the sanction, is no less important than the decision about guilt." <u>Id.</u>

The Federal and the State Constitutions guarantee a criminal defendant the right

to effective assistance of counsel.  U.S. Const. amends. VI, XIX; Ohio Const. art. I, § 10; Gideon v. Wainwright, 372 U.S. 335, 340-41, (1963).  "The use of physical restraints diminishes that right.  Shackles can interfere with the accused's 'ability to communicate' with his lawyer.  Indeed, they can interfere with a defendant's ability to participate in his own defense, say by freely choosing whether to take the witness stand on his own behalf." Deck, 544 U.S. at 631.

Defendant specifically asserts that there is no justification for restraining him by use of a stun belt.  Defendant anticipates that the State may contend that, unlike old-fashioned shackles, a stun belt does not run afoul of the edicts against restraining trial defendants without just cause.  However, any such contention made by the State fails because, like chains and shackles, a stun belt remains visible to the public and to jurors, and it restrains the defendant in part with psychological fear and anxiety that manifests itself in a defendant's demeanor in ways inimical to the constitutional rights at issue in Deck.

The decision to use restraints is committed to the discretion of the trial court.  But because their use is an "inherently prejudicial practice, restraints may be employed only as a "last resort," Holbrook v. Flynn, 475 U.S. 560, 568-69 (1986).  When exercising this discretion, the court *must* hold a hearing to determine whether such measures are necessary.  Id. at 569.  The trial court must make a finding justifying restraint that entails more than mere deference to the opinion of the law enforcement personnel charged with keeping the accused in custody. Woodwards v. Cardwell, 430 F.2d 978, 981-82 (6th Cir. 1970) (noting the "preferred and encouraged practice" of holding a hearing prior to restraining a defendant with handcuffs).

This Court must guard against heightened security precautions that make the accused look like a dangerous individual. If Defendant is convicted, then during the mitigation phase excessive security and/or restraints create the risk that jurors will consider "future dangerousness" when adjudicating the sentence, and that is an invalid (and hence unconstitutional) aggravating factor. See generally Stringer v. Black, 503 U.S. 222, 232 (1992) (finding it is constitutional error when an invalid aggravator is placed on "death's side of the scales"); O.R.C. § 2929.04. Moreover, excessive security would deprive Defendant of a possible mitigating factor: his likelihood of adjusting to incarceration. Skipper v. South Carolina, 476 U.S. 1, 4-5 (1986).

There is also a potential for substantial prejudice if Defendant is required to appear in restraints during the pre-trial proceedings. The harm is no less serious merely because the jury has yet to be empanelled. If Defendant appears in restraints during any pre-trial proceeding covered by television or print media, the viewing public, from which the jury will be selected, will be led to a presumption of Defendant's guilt. Moreover, the prospective jurors will likely infer that Defendant is restrained because he is dangerous.

Providing adequate and routine courtroom security serves as a reasonable alternative to restraining Defendant. Instead of utilizing restraints, this Court can simply employ security personnel to ensure order and decorum—on the assumption that the number of security persons does not in and of itself overwhelm Defendant's presumption of innocence. There has been no indication that more is needed.

For the above stated reasons, Defendant requests this Court allow him to appear in ordinary civilian clothes and without restraints at all in-court proceedings, and any

other time the media or jurors might view Defendant.

                                      Respectfully submitted,

                                      *s/Miller Leonard*
                                      Miller Leonard, Esq., #41029
                                      14143 Denver West Parkway, Suite 100
                                      Golden, CO 80403
                                      Ph:   (720) 613-8783
                                      Cell:  (303) 907-9516
                                      Fax:  (720) 613-8782
                                      Email:  Miller@themillerleonardlawfirm.com
                                      ON BEHALF OF DEFENDANT GARRISON


                                      /s/ Sean McDermott
                                      McDermott Stuart & Ward LLP
                                      One Sherman Place
                                      140 East 19th Avenue, Suite 300
                                      Denver, CO 80203
                                      303-832-8888
                                      303-863-8888 (fax)
                                      smcdermott@mswdenver.com


## CERTIFICATE OF SERVICE

I hereby certify that I have this 5th day of September, 2016, I electronically filed the foregoing **DEFENDANT RICKY GARRISON'S MOTION TO PERMIT ACCUSED TO APPEAR IN CIVILIAN CLOTHING AND WITHOUT RESTRAINTS AT ALL PRE-TRIAL AND TRIAL PROCEEDINGS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                                             *s/ Miller Leonard*
                                                                             Miller Leonard