**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 14-cr-231-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **RICKY GARRISON,**

    Defendant.

---

**ORDER GRANTING IN PART UNOPPOSED MOTION TO CONTINUE TRIAL AND ENDS OF JUSTICE CONTINUANCE DUE IN LARGE PART TO NEWLY DISCOVERED EVIDENCE**

---

This matter is before the Court on Defendant Garrison's Unopposed Motion to Continue Trial Setting and Ends of Justice Continuance Due in Large Part to Newly Discovered Evidence (the "Motion"). (ECF No. 1073). The Defendant's Motion requests a 180-day ends of justice continuance of the deadlines as set forth in the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and for a continuance of the trial date and deadline to file motions. Closely related to this motion is the Government's Unopposed Motion to Continue Trial, based on an unexpected death in AUSA Phillips's immediate family ("Motion to Continue"). (ECF No. 1093.) The Government requests that the current trial setting be vacated and joins Garrison's Motion. For the following reasons, the Government's Motion to Continue is GRANTED and Garrison's Motion is GRANTED IN PART.

    The Speedy Trial Act is "designed to protect a defendant's constitutional right to

a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999).  It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(8).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"  *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

> The Speedy Trial Act provides, in pertinent part:
>
> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied.  *Hill*, 197 F.3d at 441.  First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). The Court has discharged these duties.

3

The Defendant's Motion is unopposed, and therefore, the averments of fact in the Motion have been confessed by the Government. Thus, those foundational and predicate facts are deemed established, and the Court need not reiterate them here. The Defendant's Motion describes the various factors that they believe necessitate the exclusion of an additional 180 days in this case, and the Court adopts and incorporates those facts herein.

As noted, AUSA Phillips has experienced an unexpected death in his immediate family. Given the proximity of trial and the serious personal matters to which Mr. Phillips needs to attend, going forward with the trial as currently scheduled would be in profound disregard to the difficult grieving period AUSA Phillips and his family are now undergoing, and would otherwise not be in the interest of justice.

In addition, a new civil lawsuit has been filed that may have some effect on these proceedings. *See Danielle Marks v. James Comey*, Civil Action No. 16-cv-2106 (D. Colo., Aug. 18, 2016). The *Marks* lawsuit claims that certain members of the Metro Gang Task Force engaged in pervasive sexual harassment, creating a hostile work environment that led to the constructive discharge of the plaintiff, an FBI agent. The plaintiff also accuses certain co-workers of dereliction of duty with respect to wiretap investigations. The plaintiff's accusations largely take place within the timeframe that the Metro Gang Task force was developing a case against Garrison. Garrison therefore requests an opportunity to investigate these allegations further, if only to develop potential impeachment evidence against Government witnesses.

Garrison has made a minimally plausible argument that further investigation may uncover the sort of evidence he seeks. The Court finds, however, that an exclusion of

180 days is more than necessary under the circumstances and current posture of this case. Thus, the Court will grant an Ends of Justice continuance of 105 days, instead of the 180 days sought by the Defendant.

The Court relied on the professional experience and judgment of counsel in fashioning a reasonable pretrial scheduling order. Additionally, the Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010)*; United States v. Larson*,627 F.3d 1198, (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007)*.*

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by the Defendants, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B) (i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1)   Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i); and

(2)   Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) An additional **105 days** should be excluded from the computation of the speedy trial time; and

(4) Therefore, the ends of justice served by granting the motion outweighs the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1) Defendant Garrison's Motion to Continue Trial and ends of Justice Continuance Due in Large Part to Newly Discovered Evidence (ECF No. 1073) is GRANTED IN PART;

(2) **All days from September 20, 2016, to and including January 3, 2017, shall be excluded from the Speedy Trial Clock**;

(3) The 8-day Jury Trial set to commence on September 26, 2016 and the Final Trial Preparation Conference set for September 16, 2016 at 2:30 p.m. are hereby **VACATED**. The Court will enter a separate Order resetting the Trial date and related deadlines.

(4) The Government's Unopposed Motion to Continue Trial (ECF No. 1093) is GRANTED.

Dated this 12th day of September, 2016.

BY THE COURT:

William J. Martinez
United States District Judge