IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

15.    ROBERT PAINTER

        Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**
_____

COMES NOW the United States of America, by and through Acting United States Attorney Robert C. Troyer and Assistant United States Attorney Wayne Campbell, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure, and moves this Court to enter a Preliminary Order of Forfeiture, forfeiting $3,500.00 in lieu of the 2004 Toyota 4-Runner SR5, VIN JTEZU14R748017522.

In support, the United States sets forth the following:

**I.**    **Procedural Background**

1.    On June 4, 2014, the United States charged defendant Robert Painter by Indictment with conspiracy, possession with the intent to distribute a quantity of a substance containing cocaine, possession with the intent to distribute quantity of a substance containing methamphetamine, and the use of a communication facility to facilitate the acts in furtherance of a drug trafficking crime in Counts One, Twenty-Six,

1

Twenty-Seven, Twenty-Nine, and Fifty-three through Fifty-Five, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), 843(b) and (d), and 846.  (Doc. 10).  The Indictment also included a Forfeiture Allegation giving notice that the United States would seek forfeiture of all property constituting or derived from proceeds obtained as a result of the offenses, and all property used or intended to be used to commit or facilitate the commission of the offenses set forth in the Indictment.

     2.     In the First Bill of Particulars, the United States also sought forfeiture, pursuant 21 U.S.C. § 853 of any and all property constituting or derived from any proceeds obtained, directly or indirectly, as a result of Counts One through Fifty-Nine, and Sixty-One through Sixty-Nine, including the following property:

        a.     2004 Toyota 4-Runner SR5, VIN JTEZU14R748017522;

        b.     2004 Yamaha, VIN JYA2WEE024A088431;

        c.     $5,155.34 seized from Chase Bank Account # 135808860 held in the name of Ricky Garrison; and

        d.     2010 Mitsubishi Galant ES, VIN 4A32B3FFXAE012061. (Doc. 251).

     3.     On March 15, 2016, the United States and defendant Robert Painter entered into a Consent Agreement wherein defendant Robert Painter agreed to pay to the United States $3,500.00 in lieu of forfeiture of the subject 2004 Toyota 4-Runner SR5, VIN JTEZU14R748017522 and consented to the forfeiture of all funds paid to the United States in lieu of the vehicle.

     4.     On June 17, 2016, the United States and defendant Robert Painter entered into a Plea Agreement. (Doc. 1023).  The Plea Agreement provides, *inter alia*, that the defendant agreed to plead guilty to Count Fifty-Three of the Indictment,

charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and admitted to the forfeiture allegation in the Indictment and confess forfeiture to all items the government has in its possession. The defendant further agrees to forfeit to the United States any and all interest he may have in any property constituting or derived from any proceeds obtained directly or indirectly from the commission of the offenses alleged in Counts One through Fifty-Nine, and Sixty-One through Sixty-Nine pursuant to 21 U.S.C. § 853. The Court accepted defendant Robert Painter's plea of guilty on June 17, 2016.

## II.     Legal Argument

5.     Pursuant to 21 U.S.C. § 853, the Court shall order criminal forfeiture of property constituting, or derived from, proceeds obtained directly or indirectly and property used or intended to be used, in any manner or part to commit or facilitate the commission of a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

6.     Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 21 U.S.C. § 853 as soon as practicable after a plea of guilty. Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A).

7.     Pursuant to Federal Rule of Criminal Procedure 32.2(e)(1), the government may also file a motion to amend an existing order of forfeiture at any time to include property that is subject to forfeiture under the existing order, but was located and identified after the order was entered, or is substitute property.

8.     It is mandatory that the Preliminary Order of Forfeiture is entered

3

"sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B); *see also United States v. Schwartz*, 503 Fed. App'x 443, 447 (6th Cir. 2012) (unpublished) (finding it was error to fail to enter a preliminary order of forfeiture and stating that it must be entered before sentencing).

9. As set forth in the Plea Agreement, the defendant and United States agree that the requisite nexus exists between the property and the offense to which defendant Robert Painter has pleaded guilty. Accordingly, the defendant's interest in the $3,500.00 in lieu of the subject 2004 Toyota 4-Runner SR5, VIN JTEZU14R748017522 is subject to forfeiture to the United States pursuant to pursuant to 21 U.S.C. § 853.

10. A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture. In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

DATED this 3rd day of November, 2016.

5

                      Respectfully submitted,

                      ROBERT C. TROYER
                      Acting United States Attorney

By:    s/ *Wayne Campbell*
         Wayne Campbell
         Assistant U.S. Attorney
         U.S. Attorney's Office
         1225 Seventeenth Street, Ste. 700
         Denver, Colorado 80202
         Telephone: (303) 454-0100
         E-mail: wayne.campbell@usdoj.gov
         *Attorney for the United States*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 3rd day of November, 2016, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

                      s/ *Michelle Lockman*
                      FSA Records Examiner
                      Office of the U.S. Attorney