# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,
        Plaintiff,

v.

#1 RICKY GARRISON,
        Defendants.

_____

### MOTION FOR FED. R. CRIM. P. 16(a)(1)(E)(i) INFORAMTION, OR IN THE ALTERNATIVE, *BRADY* AND *GIGLIO* INFORMATION
_____

COMES NOW, Ricky Garrison, Defendant, by and through counsel, and hereby requests the Court to issue an Order directing the Government to produce Fed. R. Crim. P. 16(a)(1)(E)(i) information, or in the alternative, *Brady* and *Giglio* information concerning Agents and/or Officers of the Metro Gang Task Force (MGTF).  In support of this motion, defendant states the following:

## GENERAL ALLEGATIONS

1. Ricky Garrison is charged, and set for trial, in a multi-count indictment.  Mr. Garrison is facing multiple drug charges, two gun counts, and one count of facilitating prostitution.

1

2. The government's case against Mr. Garrison will rely, in large part, upon testimony of Agents and Officers of the Metro Gang Task Force (MGTF).  In particular, the defense believes, upon information and belief, that the Agents and Officers of the MGTF who were involved in this investigation will be called to testify about wiretap intercepts, visual and recorded surveillance, evidence seized from co-defendants, proffer sessions with co-defendants, as well as evidence seized during a search of a home where Mr. Garrison allegedly was staying.  In addition, the government may call Agents and Officers as witnesses to discuss drugs, drug use, use of weapons by those who use and/or sell drugs, as well as gangs and drugs.

3. The fact that the MGTF and its Officers and Agents will be called to testify is not disputed by the government.[1]

4. It is also without dispute that the credibility of the Officers and Agents of the MGTF will be a central aspect of both the government's case and the defendant's case.

5. On August 18, 2016, a civil suit, Case No. 16-cv-0216-WYD-MEH, was filed in the United States District Court, District of Colorado, against James Comey, Director of the Federal Bureau of Investigation.  This civil suit is attached as Exhibit 1 and 2 (Agent Marks filed an Amended Complaint which is Exhibit 2).  The suit alleges misconduct by Agents and Officers of the MGTF during a period between January 2013 and November 2014.

6. The government, aware of the civil case, has begun the task of attempting to determine whether of not any of the documents related to the civil case, 16-cv-0216-

---

[1] Page 6, Government's Response To Unopposed Request to Continue Trial and Ends of Justice Continuance Due to Newly Discovered Evidence, Doc. #1074.

WYD-MEH, contain information that falls under either the *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).  To date, no such material, other than that ordered subject to the Court's Order, Doc. #1103, has been produced.

7. The defense, having become aware of the civil complaint, has already undertaken a Freedom of Information Request directed to the Federal Bureau of Investigation seeking documents related to the civil complaint, and the defense has conferred with the government, on multiple occasions, as to the time line of the review by the government of the information in the civil complaint.  At present, the defense has no timeline as to the Freedom of Information Request response.  At present, the defense does not know if the government has identified *Brady or Giglio* material.

8. In an effort to attempt to speed the process of the flow and review of information sought, defendant is seeking discovery from the Government of information outlined in this motion.  Prior to filing this motion, counsel for the defendant specifically requested to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, or copies or portions of any of these that relate to any formal or informal investigation conducted by the FBI into Agent Mark's complaints.  The defense further explained or limited its request knowing that the Court had indicated that it thought that the defense was looking to obtain information concerning the allegations of sexual abuse. The defense is not interested in such allegations. Instead, the defense is focusing on the fact that it appears that the FBI, upon being notified by Agent Marks of issues involving failure of MGTF employees/Agents to attend work and assist in investigations or case duties, failed to conduct any investigation.

## INFORMATION SOUGHT

9.  Defendant is requesting an Order allowing his legal team to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, or copies or portions of any of these that relate to: any formal or informal investigation conducted by the FBI into Agent Mark's complaints and any subsequent report or memorandum generated as the result of any such investigation into Agent Mark's complaints. The defense is requesting material related to Agent Mark's complaint/allegations that her colleagues on the MGTF were not attending work as scheduled or assist in investigations. Thus, the scope of the defendant's request is limited to the portions of Agent Mark's complaint that involve the professional duties and obligations of the Agents instead of any investigation into the allegations of sexual harassment.

9.  To date, the only information produced by the government regarding the complaints made by Agent Marks is time sheets/logs that were ordered produced by the Court following the last court hearing and in response to defendant's Rule 17 subpoenas.

## ANALYSIS

10.  Fed. R. Crim. P. 16(a)(1)(E)(i) provides:

> (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

4

  (i)  the item is material to preparing the defense;
  (ii) the government intends to use the item in its case-in-chief at trial; or
  (iii) the item was obtained from or belongs to the defendant.

11.  The Court, in Doc. #1103, ruled that:

> [I]t in the interest of justice to construe Garrison's Rule 17 Motion as a Rule 16(a)(1)(E) request to the Government to produce documents tending to show whether Metro Gang agents were or were not on duty during the Gangster Disciples investigation, and if on duty, their location and tasks accomplished. Viewed very generously, the Court finds that such data would be minimally "material to preparing the defense," Fed. R. Crim. P. 16(a)(1)(E)(i), because it may at least assist in impeachment to the extent an officer testifies to certain surveillance but work records show that the officer was not on duty at that time. There may be other uses for such information, such as implying that exculpatory evidence was missed—the Court makes no ruling at this time whether such an implication would be entirely speculative.

12.  The information sought by the defendant is indistinguishable from the information already ordered produced by the Court.  The only difference is that instead of time logs, the defendant is requesting the reports of the investigations made by the F.B.I. into Agent Mark's allegations.  Thus, as further outlined below, any such report, in addition to being subject to Fed. R. Crim. P. 16(a)(1)(E)(i), is also either *Brady* or *Giglio* in nature.

13. Under *Brady*, the Government has a "duty to disclose material exculpatory evidence to the defendant." *United States v. Pedraza*, 27 F.3d 1515, 1527 (10th Cir. 1994). This includes information that is generally favorable to the defense or evidence that could be used to impeach witnesses. *United States v. Geames*, 427 F.3d 1333, 1336 (10th Cir. 2005). The material sought is certainly exculpatory: if the Agents and Officers were not performing their duties, as directed, scheduled, and according to policy, this is information that undercuts the Government's case and is material to the

defendant's case.

14.  In *Kyles* v. *Whitley* the Supreme Court stated that, "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *Strickler v. Greene*, 527 U.S. 263, 275 n.11 (1999); *Banks v. Dretke*, 540 U.S. 668 (2004); *Youngblood v. W. Virginia*, 547 U.S. 867, 870—71 (2006).   The information sought is clearly favorable to the defendant if true.

15. When evidence is impeachment evidence it is sometimes called *Giglio* material, after the Supreme Court case extending *Brady* to impeachment evidence. *Giglio v. United States,* 405 U.S. 150 (1972).   The evidence sought is clearly impeachment evidence, as it can be used against the Agents and Officers of the MGTF called to testify in this matter.

16. The material/evidence sought by defendant is specific.  In prior responses to *Giglio* information, the Government has claimed that the defense is making requests that are overly broad and unduly burdensome.  This request is neither:  it is targeted, specific, and material to the defense.

17.  To the extent necessary, defendant has no objection to any such reports being first produced to the Court in order for the Court to ensure that the defense is provided information subject to this narrow request.

18.  The defendant also requests that the government be required to state affirmatively if no such investigation was conducted by the F.B.I. into Agent Mark's complaints.

WHEREFORE, for the reasons stated herein, defendant requests the Court to Order disclosure of the information requested.

DATED at Denver, Colorado this, 29th day of December 2016.

        Respectfully submitted,

        /s/Miller Leonard
        14143 Denver West Pkwy., Suite 100
        Golden, CO 80403
        (720) 613-8783 Phone - Office
        (303) 907-9516 Phone – Business Cell
        (720) 613-8782 Fax
        /s/Miller Leonard
        Attorney for Defendant
        CO Reg. # 41029

        milller@themillerleonardlawfirm.com

        /s/ Sean McDermott
        McDermott Stuart & Ward LLP
        One Sherman Place
        140 East 19th Avenue, Suite 300
        Denver, CO 80203
        303-832-8888
        303-863-8888 (fax)
        smcdermott@mswdenver.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2016, I electronically filed the foregoing Motion and that a copy was delivered to all parties by the District of Colorado's ECF filing system.

/s/ Miller Leonard