IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RICKY GARRISON,

    Defendant.

_____

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR FED. R. CRIM. P. 16(a)(1)(E)(i) INFORAMTION [SIC], OR IN THE ALTERNATIVE, *BRADY* AND *GIGLIO* INFORMATION (ECF No. 1167)**
_____

THE UNITED STATES OF AMERICA, by Acting United States Attorney Robert C. Troyer, through Assistant United States Attorney Bryan David Fields, respectfully requests that the Court deny the defendant's Motion for Fed. R. Crim. P. 16(a)(1)(E)(i) Inforamtion [sic], or in the Alternative, *Brady* and *Giglio* Information, ECF No. 1167 (hereinafter "the Discovery Motion"), for the reasons set forth below.

## BACKGROUND

On August 24, 2016 the government filed a Notice to Court and Defendants describing a civil suit filed in the United States District Court for the District of Colorado. Govt.'s Notice to Ct. and Defs., ECF No. 1066 (referencing *Marks v. Comey*, 16-cv-02106-WYD-MEH (the "Civil Suit")). The complaint in that case alleges that members of the Metro Gang Task Force ("MGTF") sexually harassed and retaliated against the plaintiff in violation of Title VII of the Civil Rights Act of 1964. The notice explained that the government is mindful of its obligations under *Brady* and *Giglio* and that it would

actively work with the defendant to provide any relevant material through the normal discovery channels.  *Id.* at 3.

On September 7, 2016 the defendant filed a motion asking the Court to issue Rule 17 Subpoenas to, among other entities, the Federal Bureau of Investigation, seeking, among other things, any investigative files related to the Civil Suit.  Motion for Rule 17(c) Subpoenas in Forma Pauperis, ECF No. 1087.  The Court denied that motion on September 22, 2016.  Order Denying Mot. For Rule 17(c) Subpoena in Forma Pauperis But Granting Limited Alternative Relief Pursuant to Rule 16, ECF No. 1103 (hereinafter, the "September 22, 2016 Order").  However, the Court noted that counsel for Garrison had "narrowed his focus" regarding the materials being sought, quoting counsel's comments at a Status Conference:

> What I'm looking at are the allegations that these agents did not show up to work as assigned; failed to show up on weekend; failed to assist Agent Marks with her duties and her investigation; that they indicated that they were on duty but the log sheets for the key cards show otherwise.

September 22, 2016 Order at 9.  Viewing the matter "very generously," the Court went on to explain that documents tending to show that MGTF agents were or were not on duty during the relevant time period would be "minimally material to preparing the defense . . . because it may at least assist in impeachment to the extent an officer testified to certain surveillance but work records show that the officer was not on duty at that time."  *Id.* at 10 (internal quotations and citation omitted).  It therefore ordered the government to produce such documents, to the extent they existed, by November 15, 2016.  The government responded on November 11, 2016 with a production to defense counsel comprising agent time sheets.

2

The defendant filed the Discovery Motion on December 29, 2016. The Discovery Motion asks for "reports of investigation made by the F.B.I into Agent Mark[s]'s Allegations," and "that the government be required to state affirmatively if no such investigation was conducted by the F.B.I. into Agent Mark[s]'s complaints." Discovery Motion at 5, 6. The Court ordered the government to respond on or before January 4, 2016 and then, for good cause, granted the government an extension of time requiring a response on or before January 9, 2016 at 12:00 p.m. This is that response.

## ARGUMENT

The defendant's motion should be denied because (1) the government has complied and will continue to comply with its *Brady* and *Giglio* obligations, (2) the motion simply repackages earlier, denied, requests for discovery regarding information in agent personnel files that constitute an illegitimate "fishing expedition" that is not authorized by Rule 16.

A decision to deny the defendant's motion would be given deference and overturned on appeal only for an abuse of discretion. *United States v. Evans*, 542 F.2d 805, 809 (10th Cir. 1976) ("The scope of discovery under Rule 16 is within the discretion of the trial judge and is not reviewable absent abuse.").

**I.   The Government Has, and Will Continue, to Meet its *Brady* and *Giglio* obligations.**

The Discovery Motion asks, once again, for the government to provide *Brady* or *Giglio* information relating to allegations that the MGTF agents "were not performing their duties, as directly, scheduled and according to policy." Discovery Motion at 5. Nothing has changed since the government last responded to a motion from the

defendant seeking *Brady* or *Giglio* information.   *See* Gov't Resp. to Def.'s Mot. for Timely Discovery of *Giglio* Materials, ECF No. 671; Gov't Resp. to Def. Ricky Garrison's Mot. For *Brady* and *Giglio* Information, ECF No. 1088.   The United States Attorney's Office for the District of Colorado, after making formal inquiries to the FBI Denver Field Division, is not in the possession of any undisclosed *Brady* or *Giglio* material related to allegations that MGTF agents were not performing their duties.   The government is aware of its continuing obligations under *Brady* and *Giglio* and, if it becomes aware of any such material, it will fulfill those obligations.

## II.     The Defendant's Request is an Illegitimate Fishing Expedition

The defendant states that the materials requested are "certainly exculpatory." But the certainty of this conclusion is undermined by a big "if":   according to the defendant, the materials are exculpatory "*if* the Agents and Officers were not performing their duties, as directed, scheduled, and according to policy."   The defendant's assertion that this qualification has been met is completely and absolutely speculative.   The sole basis for it seems to be the allegations in the Civil Suit, of which the defendant is already aware.   Those allegations are disputed by the parties, have not been proven, and will ultimately be resolved in a separate civil proceeding.[1]

---

1 The September 22, 2016 Order explained that information requested by the defendant might be "minimally material to preparing the defense . . . because it may at least assist in impeachment to the extent an officer testified to certain surveillance but work records show that the officer was not on duty at that time."   *Id.* at 10.   No work records show such an occurrence.   Moreover, the defendant has not claimed that there exists evidence that a surveillance officer reported surveillance that did not actually happen because that officer was shirking his or her duties.   For good reason.   There is no such evidence and any allegation that agents or officers manufactured surveillance on days when they were not on duty is scurrilous and false.   Indeed, the existence of

4

This kind of speculative casting about — assuming that evidence other than Marks's allegations *might* exist and that it *might* show an agent or officer did, or failed to do, something related to this investigation — is not condoned by the Federal Rules of Criminal Procedure.  Federal Rule of Criminal Procedure 16(a)(1)(E)(i) does not authorize a "blanket request to see the prosecution's file," and a defendant may not use the rule to engage in a "fishing expedition."  *United States v. Maranzino*, 860 F.2d 981, 985-86 (citing *Jencks v. United States*, 335 U.S. 657, 667 (1957)).

The defendant has previously sought access to agents' personnel files, first through the front door — a routine request for discovery, *see* Mot. for Timely Disc. Of *Giglio* Materials, 7, ECF No. 614 — and then, when that failed, through the back door — a request for subpoenas directed towards the FBI, *see* Motion for Rule 17(c) Subpoenas in Forma Pauperis, ECF No. 1087.  Now he seeks to climb in through the window.  Having been denied access to narrow identifiable, and specific items known to exist (information formally documented in a personnel file), he asks for access to a broad, undefined, and notional category of documents ("reports of investigations made by the FBI into Agent Mark[s's] allegations").  Indeed, the defendant admits the chimerical nature of his request when he goes on to request that the government "be required to state affirmatively if no such investigation was conducted by the FBI into

---

photographs and videos of surveillance showing the defendant meeting with coconspirators is evidence that surveillance did, in fact, take place.   Nor has the defendant ever explained or claimed how Marks's allegations bear on the truthfulness of wiretap intercepts, the testimony of cooperating coconspirators, or GPS surveillance records.   In short, as the Court has previously noted, a claim that officers did not perform duties that would have gathered *more* evidence against the defendant is immaterial and unhelpful.

Agent Mark[s's] complaints" — a candid admission that he does not currently know whether there are any responsive materials.

The government has made formal inquiries, through the proper channels, to determine whether any of the testifying agents' personnel files contain information material to the defense. They do not. The Court should deny the defendant's broad request for the same reason it denied the narrower ones:

> Garrison has no constitutional right to law enforcement witnesses' personnel files simply to see whether they contain potentially impeaching information. If the Government *knows* of such information, then *Giglio* of course requires its disclosure. But neither *Giglio* nor any other authority gives a defendant a right of access to all categories of information where impeaching material might exist. *Cf. United States v. Davis*, 752 F.2d 963, 976 (5th Cir. 1985) ("the court is simply not required to ensure access to all government material in order that [the defendant] might be able to find something exculpatory for his case.").

Order on Pending Mots. 19, ECF No. 706. *See also* September 22, 2016 Order 8 & n.1 (noting defendant's failure to explain how access to law enforcement officer's personnel file could have any bearing on investigation and, in footnote, distinguishing this case from others in which it the Court required disclosure).

## CONCLUSION

For all of the reasons set forth above, the defendant's motion should be denied.

Respectfully submitted this 9th day of January, 2017,

        ROBERT C. TROYER
        Acting United States Attorney


By:  *s/Bryan David Fields*
      BRYAN DAVID FIELDS
      Assistant United States Attorney
      1225 Seventeenth St., Suite 700
      Denver, Colorado 80202
      Telephone: (303) 454-0100
      e-mail: bryan.fields3@usdoj.gov

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify on this 9th day of January, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Maggie Grenvik*
Maggie Grenvik
Legal Assistant
U.S. Attorney's Office