**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 14-cr-231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **RICKY GARRISON,**

    Defendant.

---

### ORDER DENYING GARRISON'S DISCOVERY MOTION

---

Before the Court is Garrison's "Motion for Fed. R. Crim. P. 16(a)(1)(E)(i) Inforamtion [*sic*], or in the Alternative, *Brady* and *Giglio* Information" ("Discovery Motion").  (ECF No. 1167.)  For the reasons explained below, this Motion is denied.

First, there is no basis in this Court's Order Resetting Trial Date and Related Deadlines (ECF No. 1096) for the Discovery Motion.  The time for discovery-related motions as long since passed, and this Discovery Motion is not "based on information learned through discovery or disclosures related to the [*Marks* Lawsuit]."  (*Id*. at 1.)

Second, even if the Discovery Motion were appropriate at this stage, Garrison fails to explain the relevance of what he requests.  The Court already ordered the Government to provide "documents tending to show whether Metro Gang agents were or were not on duty during the Gangster Disciples investigation, and if on duty, their location and tasks accomplished."  (ECF No. 1103 at 10.)  Garrison now requests

    any formal or informal investigation conducted by the FBI
    into Agent Mark's [*sic*] complaints and any subsequent

> report or memorandum generated as the result of any such investigation into Agent Mark's [*sic*] complaints. The defense is requesting material related to agent Agent Mark's [*sic*] complaints/allegations that her colleagues [at Metro Gang] were not attending work as scheduled or assist [*sic*] in investigations.

(ECF No. 1167 ¶ 9.) The Court views this as an impermissible "fishing expedition." Garrison already has information regarding whether and when the Metro Gang agents were on duty. Internal investigations regarding that same topic add nothing to whatever impeachment value he sees in the duty logs. If an agent was not on duty at any relevant moment, Garrison has the information needed to point that out. If Garrison wishes to prove that an agent missed important evidence (such as Garrison allegedly withdrawing from the conspiracy), he may present a defense case as bolstered by whatever he has learned from the duty logs. But the Court cannot imagine, nor does Garrison explain, what internal investigation reports would add to any of this.

Finally, the Government reaffirms its commitment to disclosing *Brady* and *Giglio* information, and represents that it has gleaned no such information from the *Marks* Lawsuit. (ECF No. 1172 at 3–4.)

For all of these reasons, Garrison's Discovery Motion (ECF No. 1167) is DENIED.

Dated this 11th day of January, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge