IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CRIMINAL ACTION NO. 14-cr-00231-WJM

UNITED STATES OF AMERICA

    Plaintiff,

v.

**1.**   **RICKY GARRISON**,

    Defendant.

---

### DEFENDANT RICKY GARRISON'S MOTION *IN LIMINE*

---

Mr. Ricky Garrison, through undersigned counsel, hereby files the following *in limine* requests.

#### Defendant's Alleged Gang Ties

1. Defendant requests the Court issue an Order prohibiting any witness from making reference to the alleged gang affiliation of defendant Garrison. The defendant is alleged, in Wiretap Applications and Grand Jury testimony, as well as statements made by cooperating co-defendants, to be a member of the Gangster Disciples. Defendant disputes that he was a member or is a member of the Gangster Disciples. For purpose of this motion, however, any such reference would prejudice the defendant's right to a fair trial.

Any testimony that defendant is a part of the Gangster Disciples is needlessly confusing, misleading, and unfairly prejudicial. Generally, relevant evidence is

1

admissible at trial. Fed. R. Evid. 402. Fed. R. Evid. 403, however, permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Unfair prejudice must do more than simply harm a defendant's case. *United States v. Irving*, 665 F.3d 1184, 1213-14 (10th Cir. 2011). Virtually all relevant evidence is prejudicial to one side or the other. Evidence becomes unfairly prejudicial, however, when it "makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *Id*. (alterations omitted) (internal quotation marks omitted). But even where unfair prejudice is found, "it must substantially outweigh the probative value of the evidence in order to be excluded under Rule 403." *Id*. at 1214 (emphasis omitted).

The defense is aware that the 10th Circuit has allowed evidence of prior gang affiliation in certain cases. *See, e.g., United States v. Brown*, 200 F.3d 700, 708 (10th Cir. 1999) (allowing gang-affiliation evidence as evidence of conspiracy); *United States v. Sloan*, 65 F.3d 149, 151 (10th Cir. 1995) (permitting use of "gang activity" evidence "to prove the existence of a conspiracy and to show the basis of the relationship between the defendant and witnesses who participated in the drug distribution operation"); *United States v. Robinson*, 978 F.2d 1554, 1564 (10th Cir. 1992) (affirming admission of gang-expert testimony because "associational evidence may be directly relevant on the

issues of formation, agreement and purpose of a conspiracy"); *United States v. Silverstein*, 737 F.2d 864, 866 (10th Cir. 1984) (allowing gang-affiliation testimony when defendant was affiliated with Aryan Brotherhood).  However, this case is distinguishable as the Government has not outlined any correlation between the defendant's alleged gang membership and the charged conspiracy.  In fact, in the section captioned, "The Factual Background of the Case" (Doc. #1038), the Government never makes any mention of the defendant's alleged gang affiliation as a basis of the conspiracy.

In appropriate circumstances, evidence of gang affiliation and gang activity may, of course, be admitted to prove a conspiracy or to "'show the basis of the relationship between the defendant and witnesses.'" *United States v. Brown*, 200 F.3d 700, 708 (10th Cir. 1999) (quoting *United States v. Sloan*, 65 F.3d 149, 151 (10th Cir. 1995)); *see also United States v. Robinson*, 978 F.2d 1554, 1562 (10th Cir. 1992) (stating that "associational evidence may be directly relevant on the issues of formation, agreement and purpose of a conspiracy").  Again, the Government did not allege such a basis of relationship in Doc. #1038 wherein the Government outlined for the Court the factual background of the case.  As such, any testimony about defendant's alleged gang ties is in clear violation of Federal Rule of Evidence 403.

### Allegations Defendant is a Murder Suspect and Involved in Robberies

2.  During the course of pleadings, as well as wiretap intercepts, and during cooperating codefendant proffer statements, reference is made about defendant being a suspect in a state murder investigation and that defendant is engaged in robberies.  These

references occur both in Wiretap Applications as well as intercepted phone calls and, as mentioned, codefendant proffer statements.  Any reference to the defendant being a suspect in a state murder investigation, or involved in robberies, is needlessly confusing, misleading, and unfairly prejudicial.

Generally, relevant evidence is admissible at trial. Fed. R. Evid. 402. Fed. R. Evid. 403, however, permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In regards to this particular *in limine* request, any mention of the defendant being a murder suspect, or involved in robberies, is not relevant to any of the charges the defendant is facing.  Further, any mention of the defendant being a murder suspect, or involved in robberies, would violate Fed. R. Evid. 403 in that any such mention would undoubtedly "mak[e] a conviction more likely because it [will] provoke[e] an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged."  *United States v. Irving*, 665 F.3d 1184, 1213-14 (10th Cir. 2011).

### Preliminary Drug Test Results and Insufficient Residue to Test on Scales Seized

3.  Defendant was arrested during the execution of a search warrant at the home he is alleged to have been living at for a short period of time.  The home where the search warrant was executed was not owned, nor did the defendant rent it.  During the search

of the home, scales were found. The scales were sent for laboratory testing for drug residue. The result of the test was as that "preliminary analyses of the residue on item 19 (the scale) indicated the presence of cocaine on one scale. The quantity is not sufficient for further testing." DF MGTF INV 002512. There was insufficient residue on the other three to conduct tests. *Id.*

Defendant moves that the preliminary analysis of the residue found on the scale be excluded from the admission of evidence. Defendant further moves that no mention of the preliminary analyses of cocaine be allowed in any testimony. As for the scales with insufficient residue, defendant moves that no mention of the residue be admitted.

   a. Drug Analysis

The drug analysis is clearly expert testimony. The proponent of expert testimony bears the burden of showing that its proffered expert's testimony is admissible. *Ralston v. Smith Nephew Richards, Inc.*, 275 F.3d 965, 970 n. 4 (10th Cir. 2001). "Under Rule 702, the district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony." *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006). In determining whether expert testimony is admissible, the district court generally must first determine whether the expert is qualified "by knowledge, skill, experience, training, or education" to render an opinion. *See* Fed.R.Evid. 702. Second, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth

in *Daubert. Rodriguez-Felix*, 450 F.3d at 1123; see, *e.g., 103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006).

Reliability questions may concern the expert's data, method, or his application of the method to the data. *See Mitchell v. Gencorp Inc.*, 165 F.3d 778, 782 (10th Cir. 1999); *see also* Fed.R.Evid. 702 (noting that the testimony must be "based upon sufficient facts or data" as well as "the product of reliable principles and methods" and the expert must have "applied the principles and methods reliably to the facts of the case"). The party offering the expert "must show that the method employed by the expert . . . is scientifically sound and that the opinion is based on facts which satisfy Rule 702's reliability requirements." *Dodge*, 328 F.3d at 1222. "Under *Daubert*, any step that renders the expert's analysis unreliable . . . renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology." *Mitchell*, 165 F.3d at 782 (alteration in original) (internal quotation marks omitted). In making a reliability determination, "[g]enerally, the district court should focus on an expert's methodology rather than the conclusions it generates." *Dodge*, 328 F.3d at 1222.

A preliminary drug test is inherently unreliable. The fact that the quantity tested is not sufficient for further testing is significant: the government will not be able to satisfy the Fed. R. Evid. 702 predicate for admission of this preliminary analysis. Thus, the government cannot make the foundation for the admission of this preliminary analysis and it should be excluded from evidence.

Last, in terms of Fed. R. Evid. 702, the government did not designate any expert witnesses pursuant to the Court's scheduling Order.

  b. Insufficient residue

The other three scales seized had insufficient residue to test. The defendant moves that any mention of residue on these scales is irrelevant and prejudicial. The fact that residue was found on the scales does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In particular, the fact that residue was found on the scales, and that the residue was insufficient for testing, does not advance the issue of whether or not the scales were used for and in drug transactions.

The residue, if mentioned, is highly prejudicial. Any such mention of residue found on the scales would undoubtedly "mak[e] a conviction more likely because it [will] provoke[e] an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Irving*, 665 F.3d 1184, 1213-14 (10th Cir. 2011).

Further, the residue, without expert testimony, does not aid and assist the jury in its determination of the defendant's innocence or guilt. "Under Rule 702, the district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony."

*United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006).  In this instance, all the expert could testify to is that there was residue found that was insufficient for further testing.  Thus, such testimony does nothing to assist the jury in their determination of the facts of this case.

### Expert Disclosures

4. The Court ordered the government to disclose expert witnesses no later than December 23, 2016, pursuant to Fed. R. Crim. P. 16 (Doc. #1096).  No expert witnesses were disclosed prior to that date, or to date.  Defendant requests, as a result, the exclusion of any and all expert witnesses.

### Christopher Vigil Proffer Statement

5.  Mr. Vigil's proffer statement indicates that he first met Mr. Garrison in 2004, then later in 2012, and these statements include allegations of drug dealing[1].  Defendant moves that such references be excluded pursuant to Fed. R. Evid. 403[2].  These allegations are, further, prior to the government's allegation of the start of the conspiracy in June of 2013, and, as such, are barred by Fed. R. Evid. 402 as they are irrelevant.

---

1. Defendant Garrison denies that he either met Mr. Vigil in 2004 or 2012.
2. Defendant incorporates his previous arguments regarding F.R.E. 403 as if fully set forth in this paragraph.

WHEREFORE, for the reasons stated herein, defendant requests the Court grant his requests made in this motion and for the Court to enter Orders sufficient to achieve the requests contained herein.

Respectfully submitted,

*s/Miller Leonard*
Miller Leonard, Esq., #41029
14143 Denver West Parkway, Suite 100
Golden, CO 80403
Ph:   (720) 613-8783
Cell:  (303) 907-9516
Fax:  (720) 613-8782
Email:  Miller@themillerleonardlawfirm.com
ON BEHALF OF DEFENDANT GARRISON

/s/ Sean McDermott
McDermott Stuart & Ward LLP
One Sherman Place
140 East 19th Avenue, Suite 300
Denver, CO 80203
303-832-8888
303-863-8888 (fax)
smcdermott@mswdenver.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 3rd day of February, 2017, I electronically filed the foregoing **DEFENDANT RICKY GARRISON'S MOTION IN LIMINE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record

*s/ Miller Leonard*
Miller Leonard