IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    RICKY GARRISON,

      Defendant.

_____

RESPONSE TO DEFENDANT RICKY GARRISON'S MOTION *IN LIMINE*
(Doc No. 1194)
_____

The United States of America, by Acting United States Attorney Robert C. Troyer, through the undersigned Assistant United States Attorneys, hereby respectfully responds to the defendant's Motion *in Limine*.

### Defendant's Alleged Gang Ties

The government has no intention of introducing evidence of the defendant's gang affiliation.  The government will instruct its witnesses to not refer to the defendant's gang affiliation during testimony.  The only way this evidence will be introduced is if the defense opens the door.  If the government believes that this has occurred, and that the defendant's gang affiliation is in some way relevant, the government will raise this issue outside of the presence of the jury.

### Allegations Defendant is a Murder Suspect and Involved in Robberies

The government has no intention of introducing evidence of the defendant's suspected involvement in a state homicide or robberies.  The government will instruct its

witnesses to not refer to the defendant's suspected involvement in these crimes during testimony.  The only way this evidence will be introduced is if the defense opens the door.  If the government believes that this has occurred, and that the defendant's suspected involvement in a homicide or robberies is in some way relevant, the government will raise this issue outside of the presence of the jury.

### Preliminary Drug Test Results and Insufficient Residue to Test on Scales Seized

The government intends to introduce evidence pertaining to two scales which the government contends were located in the defendant's area of the home searched.  The government intends to introduce evidence that these scales contained a white, powdery substance which is consistent with cocaine.  This testimony is admissible pursuant to Fed. R. Evid. 701 and the government will lay the appropriate foundation for this testimony.  *See United States v. Garcia*, 994 F.2d 1499, 1506-07 (10th Cir. 1993) ("In order for a lay opinion to be 'rationally based on the perception of the witness,' the witness must have 'firsthand knowledge' of the events which he is testifying.") (internal citations omitted).  The government witness's testimony will be rationally based on his own perceptions and this testimony will be helpful in determining an issue of fact.  Moreover, this testimony will be corroborated by direct and circumstantial evidence.  The jury will be able to assess the credibility of each witness and will determine what weight, if any, to give this testimony.

### Expert Disclosures

The Grand Jury returned a superseding indictment on January 26, 2017, which resulted in the government taking a closer review of its firearm evidence in this case.  As a result, the government realized that it failed to provide expert notice as to Count

Forty-Seven, charging a violation of 18 U.S.C. § 922(g)(1), Possession of a Firearm In and Affecting Interstate Commerce. In order to establish the interstate nexus of the crime, the government would call an ATF agent to testify that the firearm traveled in and thereby affected interstate commerce.

The government by no means deliberately ignored the Court's deadline and, at all times, the government has sought to comply with this Court's directives. The omission was not one of neglect, but mere oversight. The government respectfully requests that this Court allow the attached expert notice and for the noticed witness to testify as to the interstate nexus. Although defense did not receive this information until January 26, 2017, the government in no way was holding this information back or attempting to put defense at a disadvantage. In fact, the defendant has known about this charge and information since the initial indictment. Additionally, the Government has refrained from adding the additional count of 21 U.S.C. section 924(c) at the request of current counsel so that they could properly advise their client. Counsel had been put on notice regarding this information within days of their representing this defendant.

## Christopher Vigil Proffer Statement

The government does not intend to elicit testimony from Mr. Vigil regarding the 2004 meeting of the defendant. The government does intend to elicit testimony from Mr. Vigil regarding the 2012 meeting of the defendant and drug dealing. Such testimony is admissible as *res gestae* evidence of the charged conspiracy.

Evidence of other crimes should not be suppressed when those facts come in as *res gestae* – "as part and parcel of the proof of the offense [ ] charged in the indictment."

*United States v. Gano*, 560 F.2d 990, 93 (10th Cir. 1977).   To exclude relevant evidence under Fed. R. Evid. 403 is "an extraordinary remedy and should be used sparingly." *United States v. Smalls,* 605 F.3d 765, 787 (10th Cir. 2010).   Rule 403 counsels that the court should exclude relevant evidence only if "its probative value is *substantially* outweighed by a danger of ... unfair prejudice...." Fed. R. Evid. 403 (emphasis added).   "[I]t is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter [under Rule 403]." *United States v. Pettigrew,* 468 F.3d 626, 638 (10th Cir. 2006). Because the probative value of this evidence in establishing how the conspiracy began and the existence of the conspiracy charged in the superseding indictment outweighs any possible prejudice in allowing its introduction, its introduction does not violate Rule 403.

      Here, although the charged conspiracy begins June 1, 2013, it is part and parcel of the case and relationship between the defendant Ricky Garrison, and Christopher Vigil that their drug relationship began in 2012 and developed over time up to and including the time during the charged conspiracy.  In order for the jury to understand the relationship between Christopher Vigil and the defendant is it only natural that the government be allowed to elicit this information from Mr. Vigil as part of his testimony.

Respectfully submitted this 7th day of February, 2017.

        Respectfully Submitted,

        ROBERT C. TROYER
        ACTING UNITED STATES ATTORNEY
        DISTRICT OF COLORADO

By:   *s/Zachary Phillips*
        ZACHARY PHILLIPS
        Assistant United States Attorney
        1225 17th St., Suite 700
        Denver, CO 80202
        Telephone: (303) 454-0118
        Fax: (303) 454-0401
        e-mail: zachary.phillips@usdoj.gov
        Attorney for the Government

By:   *s/Celeste Rangel*
        CELESTE RANGEL
        Assistant United States Attorney
        U.S. Attorney's Office
        1225 17th Street, Suite 700
        Denver, CO 80202
        Telephone: (303) 454-0215
        Fax: (303) 454–0401
        e-mail: Celeste.rangel@usdoj.gov
        Attorney for the Government

CERTIFICATE OF SERVICE

    I hereby certify that on this 7th day of February, 2017, I electronically filed the foregoing RESPONSE TO DEFENDANT RICKY GARRISON'S MOTION *IN LIMINE* using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                            *s/Maggie E. Grenvik*
                            Maggie E. Grenvik
                            Legal Assistant