**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     RICKY GARRISON,

      Defendant.

---

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS – STIPULATED**

---

     The United States of America (Government) by Acting United States Attorney Robert C. Troyer, and the undersigned Assistant United States Attorneys, respectfully submit the following proposed jury instructions.   Counsel for the Government has discussed the proposed jury instructions with defense counsel Miller Leonard and Sean McDermott, and there are no objections to the proposed jury instructions.

Respectfully submitted this 7th day of February, 2017.

Respectfully Submitted,

ROBERT C. TROYER
ACTING UNITED STATES ATTORNEY
DISTRICT OF COLORADO

By:   *s/Zachary Phillips*
ZACHARY PHILLIPS
Assistant United States Attorney
1225 17th St., Suite 700
Denver, CO 80202
Telephone:   (303) 454-0118
Fax:   (303) 454-0401
e-mail:   zachary.phillips@usdoj.gov
Attorney for the Government

By:   *s/Celeste Rangel*
CELESTE RANGEL
Assistant United States Attorney
U.S. Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0215
Fax: (303) 454–0401
e-mail: Celeste.rangel@usdoj.gov
Attorney for the Government

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of February, 2017, I electronically filed the foregoing **GOVERNMENT=S PROPOSED JURY INSTRUCTIONS – STIPULATED** using the CM/ECF system which will send notification of such filing to all counsel of record in this case.


*s/Maggie E. Grenvik*
Maggie E. Grenvik
Legal Assistant

## JURY INSTRUCTIONS

**GOVERNMENT'S INSTRUCTION NO.**

**1.01**

**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by Assistant United States Attorneys Zachary Phillips and Celeste Rangel.   The Defendant, Ricky Garrison, is represented by Miller Leonard and Sean McDermott.

The indictment charges the defendant with conspiracy to distribute and possess with intent to distribute (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base; (3) less than 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance.

Further, Ricky Garrison is charged with 12 counts of distribution and possession with intent to distribute less than 500 grams of a mixture or substance containing a

4

detectable amount cocaine, a schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command induce or procure the same.

Also, Ricky Garrison is charged with 5 counts of distribution and possession with intent to distribute less than 500 grams of a mixture or substance containing a detectable amount cocaine, a schedule II controlled substance, within 1000 feet of the real property of a public school and did knowingly and intentionally aid, abet, counsel, command induce or procure the same.

Ricky Garrison is also charged with 4 counts of distribution and possession with intent to distribute less than 28 grams of a mixture or substance containing cocaine base, a schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

Further, Ricky Garrison is charged with one count of distribution and possession with intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a schedule II substance, within 1000 feet of the real property of a public school, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

Ricky Garrison is charged with one count of traveling in interstate commerce for the purpose of an individual to engage in prostitution or any sexual activity which any person can be charged with a criminal offense.

Additionally, Ricky Garrison is charged with carrying a firearm during and in relation to a drug trafficking crime.

Also, Ricky Garrison is charged with 22 counts of using a communication facility, the telephone, in committing   and causing or facilitating a drug felony.

The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of guilt or anything else. The defendant has plead not guilty and is presumed innocent.   The defendant may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, the defendant may make an opening statement. [Change if the defendant reserves his statement until later or omit if the defendant has decided not to make an opening statement.]

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendant may [make an opening statement and] present evidence, but he is not

required to do so. I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt. If a defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer or to an answer by a witness. This simply means that the lawyer or party is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys or parties about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

7

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

[The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.]

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

[Insert Instruction 1.02 here if material on note-taking by jurors is desired.]

[Insert discussion of the elements of the offense here if they are to be set out for the jury in the preliminary instruction.]

[Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.]

During the course of the trial, you should not talk with any witness, or with the defendants, or with any of the lawyers at all. In addition, during the course of the trial

you should not talk about the trial with anyone else. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information on your own that you think might be helpful. Do not engage in any outside reading on this case, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Mr. Phillips, you may present the opening statement for the government.

10th Circuit Pattern Jury Instructions, No. 1.01 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**1.03**

**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case–for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

10th Circuit Pattern Jury Instructions, No. 1.03 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**1.04**

**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts. But in determining what actually happened–that is, in reaching your decision as to the facts–it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

10th Circuit Pattern Jury Instructions, No. 1.04 (2011).

11

**GOVERNMENT'S INSTRUCTION NO.**

**1.06**

**EVIDENCE—DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers or parties agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' or parties statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers or parties asked. I also ruled that you could not see some of the exhibits that the lawyers or parties wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

10th Circuit Pattern Jury Instructions, No. 1.06 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**1.07**

**EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

10th Circuit Pattern Jury Instructions, No. 1.07 (2011).

13

**GOVERNMENT'S INSTRUCTION NO.**

**1.08**

**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to

14

do with a material fact or with an unimportant detail. And you should keep in mind that innocent mis-recollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

10th Circuit Pattern Jury Instructions, No. 1.08 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**1.10**

**IMPEACHMENT BY PRIOR INCONSISTENCIES**

You have heard the testimony of [name of witness]. You have also heard that, before this trial, he made a statement that may be different from his testimony here in court. This earlier statement was brought to your attention only to help you decide how believable his testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

10th Circuit Pattern Jury Instructions, No. 1.10 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**1.12**

**IMPEACHMENT BY PRIOR CONVICTION**

**(Witness Other Than Defendant)**

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a [felony, that is, of a crime punishable by imprisonment for a term of years] or of a [crime of dishonesty or false statement]. A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any [prior felony conviction] [crime of dishonesty] that was used to impeach a witness.

10th Circuit Pattern Jury Instructions, No. 1.12 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**1.14**

**ACCOMPLICE—INFORMANT**

An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony of an informant alone, if believed by the jury, may be sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence. You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self-interest, by an agreement he has with the government, by his own interest in the outcome of the case, or by prejudice against the defendant. You should not convict a defendant based on unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.

10th Circuit Pattern Jury Instructions, No. 1.14 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**1.15**

**ACCOMPLICE—CO–DEFENDANT—PLEA AGREEMENT**

The government called as some of their witnesses alleged accomplices, who were named as a co-defendants in the indictment. The government has entered into a plea agreement with the co-defendants, providing for the dismissal of some charges and a recommendation of a lesser sentence than the co-defendants would otherwise likely receive. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a guilty plea to the offense charged is not evidence of the guilt of any other person.

10th Circuit Pattern Jury Instructions, No. 1.15 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**1.16**

**WITNESS'S USE OF ADDICTIVE DRUGS**

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs. [Witness' **name**,] may be considered to be an abuser of drugs. You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

10th Circuit Pattern Jury Instructions, No. 1.16 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**1.18**

**ON OR ABOUT**

You will note that the indictment charges that the crime was committed on or about certain dates. The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near these dates.

10th Circuit Pattern Jury Instructions, No. 1.18 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**1.19**

**CAUTION—CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment. It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

10th Circuit Pattern Jury Instructions, No. 1.19 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**1.20**

**CAUTION—PUNISHMENT**

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

10th Circuit Pattern Jury Instructions, No. 1.20 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**1.31**

**ACTUAL OR CONSTRUCTIVE POSSESSION**

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over an object or thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has the power at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

More than one person can be in possession of an object if each knows of its presence and has the power to control it.

A defendant has joint possession of an object when two or more persons share actual or constructive possession of it. However, merely being present with others who have possession of the object does not constitute possession.

10th Circuit Pattern Jury Instructions, No. 1.31 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**CONJUNCTIVE - DISJUNCTIVE**

Some counts of the indictment may accuse a defendant of violating the same statute in more than one way.   In other words, the indictment may allege that the statute in question was violated by various acts which are in the indictment joined by the conjunctive "and," while the statute and the elements of the offense are stated in the disjunctive, using the word "or."   In these instances, it is sufficient for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the acts charged.   In order for you to return a guilty verdict, however, all twelve of you must agree that the same act has been proven.

See United States v. Klein, 850 F.2d 404, 406 (8th Cir.), cert. denied, 488 U.S. 867 (1988).

**GOVERNMENT'S INSTRUCTION NO.**

**1.40**

**CAUTIONARY INSTRUCTION DURING TRIAL**

**TRANSCRIPT OF RECORDED CONVERSATION**

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations. Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between that you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

10th Circuit Pattern Jury Instructions, No. 1.40 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**2.06**

**AID AND ABET 18 U.S.C. § 2(A)**

Some counts of the indictment also charge a violation of 18 U.S.C. section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: someone else committed the charged crime, and

*Second*: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him. The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

10th Circuit Pattern Jury Instructions, No. 2.06 (2011).

GOVERNMENT'S INSTRUCTION NO.

2.26

**UNLAWFUL USE OF COMMUNICATIONS FACILITY**

The defendant Ricky Garrison is charged in Counts Four, Five, Seven, Eight, Eleven, Thirteen, Fifteen, Sixteen, Twenty-two, Twenty-three, Twenty-four, Twenty-five, Twenty-six, Thirty, Thirty-one, Thirty-five, Thirty-nine, Forty, Forty-one, Forty-two, Forty-three, and Forty-four with a violation of 21 U.S.C. Section 843(b). This law makes it a crime to use a communication facility to commit, or facilitate the commission of, a felony drug offense. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant knowingly used a telephone, and;

Second: the defendant, in doing so, acted with the intent to commit, cause or facilitate the commission of a drug felony, namely conspiracy to distribute and possess with the intent to distribute, one or more of the following controlled substances: (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base; (3) less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance.

You are instructed that conspiracy to distribute and possess with the intent to distribute, one or more of the following controlled substances: (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of

cocaine, a Schedule II Controlled Substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base; (3) less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance is a felony.

To "facilitate the commission of a drug felony" means to make the commission of the drug felony easier or aid or assist in the commission of the offense.

10th Circuit Pattern Jury Instructions, No. 2.86 (2011).
*United States v. Acosta-Gallardo*, 656 F.3d 1109 (10th Cir. 2011).

**GOVERNMENT'S INSTRUCTION NO.**

**2.87**

**CONTROLLED SUBSTANCES—CONSPIRACY 21 U.S.C. § 846**

The defendant is charged in Count One with a violation of 21 U.S.C. Section 846. This law makes it a crime for anyone to conspire with someone else to violate federal laws pertaining to controlled substances. In this case, the defendant is charged with conspiracy to distribute and possess with the intent to distribute, one or more of the following controlled substances: (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base;(3) less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: two or more persons agreed to violate the federal drug laws;

*Second*: the defendant knew the essential objective of the conspiracy;

*Third*: the defendant knowingly and voluntarily involved himself in the conspiracy;

*Fourth*: the amount of the controlled substance was (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base; (3) less than 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine,

*Fifth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

## Conspiracy—Agreement

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member. Once a person becomes a member of a conspiracy, he is held legally responsible for the acts of the other members done in furtherance of the conspiracy, even though he was not present or aware that the acts were being committed.

Mere similarity of conduct among various persons, and the fact they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.

The evidence in the case need not show that the members entered into any express or formal agreement. Nor is it necessary that the evidence show that the members stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished. In order to establish proof that a conspiracy existed, the evidence must show beyond a reasonable doubt that the members in some way or manner, or through some contrivance, expressly or impliedly came to a mutual understanding to try to accomplish a common and unlawful plan.

**Evidence**

The evidence in the case need not establish that all the means or methods set forth in the indictment were agreed upon to carry out the alleged conspiracy; nor that all means or methods, which were agreed upon, were actually used or put into operation; nor that all of the persons charged to have been members of the alleged conspiracy were members. Rather, the evidence in the case must establish beyond a reasonable doubt that the alleged conspiracy was knowingly formed; and that one or more of the means or methods described in the indictment were agreed upon to be used, in an effort to effect or accomplish some object or purpose of the conspiracy, as charged in the indictment; and that two or more persons, including the defendant, were knowingly members of the conspiracy.

**Membership in Conspiracy**

If you conclude from the evidence beyond a reasonable doubt that a conspiracy as charged did exist, then you must next determine whether the defendant was a member of that conspiracy; that is, whether the defendant participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives. In determining whether the defendant was/were a member of the conspiracy, the jury must consider only his acts and statements. The defendant cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed, and that he was one of its members.

## Interdependence

To be a member of the conspiracy, the defendant need not know all of the other members or all of the details of the conspiracy, nor the means by which the objects were to be accomplished. Each member of the conspiracy may perform separate and distinct acts. It is necessary, however, that for the defendant to be a member of the conspiracy, the government must prove beyond a reasonable doubt that he was aware of the common purpose and was a willing participant with the intent to advance the purposes of the conspiracy. In other words, while a defendant need not participate in all the acts or statements of the other members of the conspiracy to be bound by them, the acts or statements must be interdependent so that each member of the conspiracy depends upon the acts and statements of the other conspirators to make the conspiracy succeed.

## Extent of Participation

The extent of a defendant's participation in the conspiracy is not relevant to whether he is guilty or not guilty. A defendant may be convicted as a conspirator even though he plays a minor part in the conspiracy. His financial stake, if any, in the venture is a factor that may be considered in determining whether a conspiracy existed and whether the defendant was a member of it.

10th Circuit Pattern Jury Instructions, No. 2.87 (2011).

## GOVERNMENT'S INSTRUCTION NO.

## WITHDRAWAL FROM THE CONSPIRACY

To avoid responsibility for the results of the conspiracy beyond a certain point in time, the defendant bears the burden of showing withdrawal from the conspiracy once it has been shown that he participated in it.[1]   The defendant must show that he took affirmative action to defeat or disavow the purpose of the conspiracy at some point.[2] The mere arrest of one or more coconspirators does not necessarily terminate the conspiracy.[3]   To be effective, a withdrawal must be complete and permanent; a partial or temporary withdrawal is not enough.[4]

---

[1]See United States v. Fox, 902 F.2d 1508 (10th Cir.), cert. denied, 498 U.S. 874 (1990).

[2]United States v. Cherry, 217 F.3d 811, 817 (10th Cir. 2000).

[3]United States v. Melton, 131 F3d 1400, 1405 (10th Cir. 1997); see Cleaver v. United States, 238 F.2d 766, 769 (10th Cir. 1956).

[4]Adapted from Pattern Criminal Jury Instructions, Sixth Circuit (1991 Edition), § 3.11A.

GOVERNMENT'S INSTRUCTION NO.

**2.85**

**CONTROLLED SUBSTANCES - POSSESSION WITH INTENT TO DISTRIBUTE 21 U.S.C. § 841(A)(1)**

The defendant is charged in counts Two, Six, Ten, Twelve, Fourteen, Seventeen, Eighteen, Nineteen, Twenty-eight, Twenty-nine, Thirty-two, Thirty-three, Thirty-four, Thirty-six, Thirty-seven, Thirty-eight, Forty-six, with a violation of 21 U.S.C. section 841(a)(1).

This law makes it a crime to possess a controlled substance with the intent to distribute it.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*: the substance was in fact cocaine;

*Third*: the defendant possessed the substance with the intent to distribute it; and

*Fourth*: the amount of the controlled substance possessed by the defendant was less than 500 grams.

*[Five:* the defendant possessed the substance within 1000 feet of the real property of a public school. (where applicable)]

Cocaine is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

10th Circuit Pattern Jury Instructions, No. 2.85 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**2.85**

**CONTROLLED SUBSTANCES - POSSESSION WITH INTENT TO DISTRIBUTE 21 U.S.C. § 841(A)(1)**

The defendant is charged in counts Three, Nine, Twenty, and Twenty-seven with a violation of 21 U.S.C. section 841(a)(1).

This law makes it a crime to possess a controlled substance with the intent to distribute it.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*: the substance was in fact cocaine base;

*Third*: the defendant possessed the substance with the intent to distribute it; and

*Fourth*: the amount of the controlled substance possessed by the defendant was less than 28 grams of a mixture or substance containing cocaine base.

Cocaine base is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

10th Circuit Pattern Jury Instructions, No. 2.85 (2011).

37

## GOVERNMENT'S INSTRUCTION NO.

## 2.85

## CONTROLLED SUBSTANCES - POSSESSION WITH INTENT TO DISTRIBUTE 21 U.S.C. § 841(A)(1)

The defendant is charged in Twenty-one with a violation of 21 U.S.C. section 841(a)(1).

This law makes it a crime to possess a controlled substance with the intent to distribute it.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*: the substance was in fact methamphetamine;

*Third*: the defendant possessed the substance with the intent to distribute it; and

*Fourth*: the amount of the controlled substance possessed by the defendant was less than 28 grams of a mixture or substance containing methamphetamine.

Methamphetamine is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

10th Circuit Pattern Jury Instructions, No. 2.85 (2011).

38

**GOVERNMENT'S INSTRUCTION NO.**

**Mann Act**

Whoever knowingly transports any individual in interstate commerce with intent that individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempt to do so shall be guilty of an offense against the United States.   In order to sustain its burden of proof for the crime of transporting a person in interstate commerce for illegal sexual activity as charged, the government must prove the following:

*First:*   the defendant knowingly and willfully;

*Two:*   transported in interstate commerce an individual;

*Three:* for the purpose of prostitution.

In determining whether the defendant committed the act, you may consider whether the woman was a prostitute, that the defendant had knowledge of the woman being a prostitute, and that the defendant had had transported the woman knowingly and willfully in interstate commerce.

*U.S. v. Wheeler*, 444 F.2d 385 (10th cir. 1971).

39

**GOVERNMENT'S INSTRUCTION NO.**

**2.44**

**POSSESSION OF A FIREARM BY A CONVICTED FELON**
**18 U.S.C. § 922(g)(1)**

The defendant is charged in count Forty-seven with a violation of 18 U.S.C. section 922(g)(1).

This law makes it a crime for any person who has been previously convicted in any court of a felony to knowingly possess any firearm, in or affecting interstate [or foreign] commerce.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly possessed a firearm or ammunition;

*Second*: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition; and

*Third*: before the defendant possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another or from a foreign country to the United States.

10th Circuit Pattern Jury Instructions, No. 2.44 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**2.45**

**USING/CARRYING A FIREARM DURING COMMISSION OF A DRUG TRAFFICKING CRIME**
**18 U.S.C. § 924(c)(1)**

The defendant is charged in count Forty-eight with a violation of 18 U.S.C. section 924(c)(1).

This law makes it a crime to use or carry a firearm during and in relation to any drug trafficking crime for which a person may be prosecuted in a court of the United States.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant committed the crime of distribute and possess with intent to distribute a controlled substance as charged in the indictment. You are instructed that distribute and possess with intent to distribute a controlled substance is a drug trafficking crime;

*Second*: the defendant used or carried a firearm;

*Third*: during and in relation to distribute and possess with intent to distribute a controlled substance.

The phrase "during and in relation to" means that the firearm played an integral part in the underlying crime, that it had a role in, facilitated (i.e., made easier), or had the potential of facilitating the underlying crime.

41

A defendant knowingly "uses" a firearm when it (1) is readily accessible and (2) is actively employed during and in relation to the underlying crime.

A defendant knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control and (2) transports or moves the firearm from one place to another.

In determining whether the defendant knowingly carried a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm to the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence. The government must prove a direct connection between the defendant's carrying of the firearm and the underlying crime but the crime need not be the sole reason the defendant carried the firearm.

10th Circuit Pattern Jury Instructions, No. 2.45 (2011).

**GOVERNMENT'S INSTRUCTION NO.**

**PROOF OF KNOWLEDGE OR INTENT**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.   In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Fifth Edition, Vol. 1A, 2000, § 17.07

43

**GOVERNMENT'S INSTRUCTION NO.**

**THE INDICTMENT**

The Indictment reads in relevant part, as follows:


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    RICKY GARRISON,
    a/k/a "G,"

    Defendant.

---

**SUPERSEDING INDICTMENT**
**CHARGING STATUTES**
18 U.S.C. § 2
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 2421
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)(ii)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 843(b)
21 U.S.C. § 843(d)
21 U.S.C. § 846
21 U.S.C. § 860

---

**COUNT ONE**

On or about and between June 1, 2013, and June 4, 2014, both dates being approximate

44

and inclusive, within the State and District of Colorado and elsewhere, the defendants:

RICKY GARRISON,
J.T.,
C.M.,
F.A.,
S.R.,
C.V.,
T.E.,
D.F.,
A.P.,
L.R.,
M.T.,
S.B.,
S.T.,
G.W.,
R.P.,
L.W.,

and others both known and unknown to the Grand Jury, did knowingly and intentionally conspire to distribute and possess with the intent to distribute, one or more of the following controlled substances: (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base; (3) less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 21 U.S.C. § 841(b)(1)(B)(ii), 841(b)(1)(C), and 846.

## COUNT TWO

On or about November 16, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine,

a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT THREE

On or about November 16, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 28 grams of a mixture or substance containing cocaine base, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT FOUR

On or about November 16, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FIVE

On or about November 16, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

46

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT SIX

On or about November 22, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code section 841(a) within 1000 feet of the real property comprising Aurora West College Preparatory Academy, a public secondary school; and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860; and Title 18, United States Code, Section 2.

## COUNT SEVEN

On or about November 22, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT EIGHT

On or about November 22, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT NINE

On or about November 23, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 28 grams of a mixture or substance containing cocaine base, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TEN

On or about November 23, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT ELEVEN

On or about November 23, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

48

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT TWELVE

On or about November 29, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code section 841(a) within 1000 feet of the real property comprising Wyatt-Edison  Charter Academy, a public elementary school; and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860; and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

On or about November 29, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FOURTEEN

On or about November 29, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code section 841(a)

within 1000 feet of the real property comprising Wyatt-Edison Charter Academy, a public elementary school; and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860; and Title 18, United States Code, Section 2.

### COUNT FIFTEEN

On or about November 29, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

### COUNT SIXTEEN

On or about November 29, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

### COUNT SEVENTEEN

On or about December 7, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code section 841(a)

within 1000 feet of the real property comprising Aurora West College Preparatory Academy, a public secondary school; and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860; and Title 18, United States Code, Section 2.

## COUNT EIGHTEEN

On or about December 10, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT NINETEEN

On or about December 10, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWENTY

On or about December 11, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 28 grams of a mixture or substance containing cocaine base, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWENTY-ONE

On or about January 5, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code section 841(a) within 1000 feet of the real property comprising Aurora West College Preparatory Academy, a public secondary school; and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860; and Title 18, United States Code, Section 2.

## COUNT TWENTY-TWO

On or about January 5, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT TWENTY-THREE

On or about January 5, 2014, within the State and District of Colorado, the defendants, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT TWENTY-FOUR

On or about January 5, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT TWENTY-FIVE

On or about January 5, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT TWENTY-SIX

On or about January 5, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a

53

telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT TWENTY-SEVEN

On or about January 6, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 28 grams of a mixture or substance containing cocaine base, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWENTY-EIGHT

On or about January 6, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWENTY-NINE

On or about January 9, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to

54

distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code section 841(a) within 1000 feet of the real property comprising Aurora West College Preparatory Academy, a public secondary school; and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860; and Title 18, United States Code, Section 2.

### COUNT THIRTY

On or about January 9, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

### COUNT THIRTY-ONE

On or about January 9, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

### COUNT THIRTY-TWO

On or about January 28, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to

distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT THIRTY-THREE

On or about February 26, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THIRTY-FOUR

On or about February 26, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT THIRTY-FIVE

On or about January 9, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT THIRTY-SIX

On or about February 28, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT THIRTY-SEVEN

On or about March 1, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THIRTY-EIGHT

On or about March 2, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT THIRTY-NINE

On or about March 2, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FORTY

On or about March 2, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FORTY-ONE

On or about March 2, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a

58

telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FORTY-TWO

On or about March 2, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FORTY-THREE

On or about March 2, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FORTY-FOUR

On or about March 2, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

### COUNT FORTY-FIVE

On or about March 17, 2014, the defendant, RICKY GARRISON, did knowingly travel in interstate commerce the purpose of the travel was for the individual to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense.

All in violation of Title 18, United States Code, Section 2421.

### COUNT FORTY-SIX

On or about March 26, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

### COUNT FORTY-SEVEN

On or about May 23, 2014, in the State and District of Colorado, the defendant, RICKY GARRISON, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

### COUNT FORTY-EIGHT

On or about May 23, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON knowingly used and carried a firearm during and in relation to a drug trafficking crime for which he could be prosecuted in a court of the United States, specifically: distribute and

possess with the intent to distribute a Schedule II controlled substance, in violation to Title 21, United States Code, Section 841(a)(1) and (b)(1)(c).

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATION

The allegations contained in Counts One through Forty-four and Count Forty-six of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

Upon conviction of the violations alleged in Counts One through Forty-four and Count Forty-six of this Indictment involving violations of 21 U.S.C. §§   846, 841(a)(1), 841(b)(1)(C) and 21 U.S.C. § 843(b), the defendant, RICKY GARRISON, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853 any and all of the defendants' right, title and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense, and in all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including, but not limited to a money judgment in the amount of proceeds obtained by the conspiracy and by the defendants.

If any of the property as a result of any act or omission of the defendants:

a)   cannot be located upon the exercise of due diligence;
b)   has been transferred or sold to, or deposited with, a third party;
c)   has been placed beyond the jurisdiction of the Court;
d)   has been substantially diminished in value; or
e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

61

A TRUE BILL:

_____
GRAND JURY FOREPERSON


APPROVED:

ROBERT C. TROYER
Acting United States Attorney

BY:   _____
       ZACHARY PHILLIPS
       Assistant United States Attorney
       U.S. Attorney's Office
       1225 17th Street, Suite 700
       Denver, CO. 80202
       Telephone (303) 454-0118
       Fax (303) 454-0401
       Zachary.phillips@usdoj.gov
       Attorney For Government