IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

HONORABLE WILLIAM J. MARTINEZ

Case No. **14-cr-00231-WJM-9**

UNITED STATES OF AMERICA, Plaintiff

v.

ARCHIE POOLE, Defendant.

---

**MOTION FOR NON GUIDELINE SENTENCE PURSUANT TO TITLE 18,**

**UNITED STATES CODE, SECTION 3553**

---

**COMES NOW**, Ronald J. Hahn, attorney at law, on behalf of Archie Poole, and hereby presents this Motion For Non Guideline Sentence Pursuant to 18 U.S.C. § 3553.

The Plea Agreement in this matter contemplated an offense Level of 12 and a criminal history category VI which results in a guideline range of 30-37 months. The probation department calculation confirms this guideline range and recommends a sentence of 30 months to run consecutive to Mr. Poole's 130 months sentence in case 14-cr-00203-WJM-01 which was imposed on January 8. 2015. Mr. Poole request a sentence below this guideline range.

## **DISCRETIONARY SENTENCING UNDER *BOOKER***

The Court should examine the history and characteristics of the Defendant. 18 U.S.C. 3553(a)(2). In fashioning a sentence, the Court is instructed under 18 U.S.C. 3553(a)(2) to create a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant and provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. This requires the Court to balance the needs of society with the needs of the individual.

Since the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2004), the guidelines are considered only as one factor in arriving at a reasonable sentence. Reasonableness should be defined in terms of how a given sentence satisfies the goals articulated in the still valid provisions of the Sentencing Reform Act in 18 U.S.C. 3553. In examining 18 U.S.C. 3553(a) the Court is directed to examine the nature and circumstances of the offense. In *Booker*, id. the Supreme Court stated that Courts should base punishment upon real conduct that underlies the crime of conviction. In determining the minimally sufficient sentences, § 3553(a) further directs sentencing courts to consider the following factors:

1) "the nature and circumstances of the offense and the history and characteristics of the defendant" § 3553(a)(1);

2) "the kinds of sentences available" § 3553(a)(3);

3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct § 3553(a)(6); and

4) "the need to provide restitution to any victims of the offense. "§ 3553(a)(7).

The directives of *Booker* and § 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in *Booker*, rejecting mandatory guidelines sentences based on judicial fact-finding, and the remedial majority in *Booker*, directing courts to consider all of the § 3553(a) factors, many of which the guidelines either reject or ignore." *United States v. Ranum*, 353 F. Supp. 2d 984,985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.).

As another district court has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in Booker. "*United States v Jaber,* 362 F. Supp. 2d 365, (D. Mass. 2005) (Gertner, J.). See also *United States v Ameline,* 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in

determining an appropriate individualized sentence"), reh'g en banc granted, 401 F.3d 1007 (9th Cir. 2005).

*Booker* was further interpreted in *Rita v. United States*, 127 S.Ct. 2456 (2007) and *Gall v. United States*, 218 S.Ct.586 (2007). In *Rita*, the Supreme Court directed judges "to 'impose a sentence sufficient, but not greater than necessary, to comply with the basic aims of sentencing" in § 3553(a), *Rita* at 2463 (2007), which include the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to create adequate deterrence; to protect the pubic from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2).

*Gall*, which refined the holding in *Rita*, which in turn refined *Booker*, held that a sentencing judge, when imposing a sentence, is first required to correctly calculate the sentencing guideline, which is to be considered the starting point of any sentencing analysis. In *Gall*, Justice Stevens goes on to state that the sentencing guidelines are not the only consideration to determine a reasonable sentence. "The guidelines are not mandatory, and thus the range of choice dictated by the facts of the case is significantly broadened. "*Gall*, 128 S.Ct. at 602. *Gall* requires that in addition to considering the Guidelines, the "district judge should… consider all of the 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guideline range is reasonable. He

must make an individualized assessment based on the facts presented." *Gall*, at 596-97.  Section 3553(a)(1) also gives sentencing courts "a broad command to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'"  *Gall*, 128 S.Ct. 596 n.6.  A court may issue a below-Guideline sentence even in the absence of extraordinary circumstances.  *Gall* at 595.  If the sentencing Judge makes an outside the guideline sentence, the Judge must then consider the extent of the variance and make sure it is supported by the facts of the case.

The following cases are illustrative of the proposition that the guidelines proposed a guide to consider in addition to all other factors and characteristics of the defendant in determining the appropriate sentence.  See *United States v. White*, 551 F.3d 381. 386 (6th Cir. 2008) (all guidelines); *United States v. Seval,* slip op., 2008 WL 4376826 (2d Cir. Sept. 25, 2008) (fast track); *United States v. Liddell*, 543 F.3d 877 (7th Cir. 2008) (career offender);  *United States v. Vanvliet,* 542 F.3d 259 (1st Cir. 2008) (computer enhancement under § 2G1.3); *United States v. Tankersley,* 537 F.3d 1100 (9th Cir. 2008) (all guidelines); *United States v. Jones,* 531 F.3d 163 (2d Cir. 2008) (all guidelines); *United States v. Boardman,* 528 F .3d 86, 87 (1st Cir. 2008) (career offender); *United States v. Rodriguez,* 527 F .3d 221 (1st Cir. 2008) (fast track); *United States v. Martin,* 520 F .3d 87-96 (1st Cir. 2008) (career offender); *United States v. Barsumyan,* 517 F.3d 1154, 1158-59 (9th Cir. 2008) (all guidelines); *United States v. Sanchez,* 517 F. 3d  651, 662-65 (2d Cir. 2008) (career offender); *United States v. Beiermann,* __F. Supp. 2d __, 2009 WL 467628 (N.D. Iowa Feb. 24, 2009); *United*

*States v. Thomas*, __F. Supp. 2d__, 2008 WL 188037 (E.D. Wis Jan. 24, 2009) (all drug guidelines);  *United States v. Moreland*, 568 F. Supp. 2d 674 (S.D. W. Va. 2008) (career offender).

### EFFECT OF PLEA AGREEMENT

Mr. Poole entered his plea pursuant a plea agreement which provided that based upon the factors outlined in the plea agreement that the government would recommend that the court depart from the applicable guideline range and impose a sentence of 27 to 33 months to run concurrent with the sentence imposed in the case number 14-cr-00203-WJM-1.

### A SENTENCE THAT IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO ACHIEVE THE PURPOSES OF 18 U.S.C. §3553(a).

The touchstone of sentencing in the federal system is that the Court should impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. §3553(a).  Careful review of those factors, as set forth below, suggests the conclusion that any sentence within or above the guidelines ranges would be greater than necessary to achieve the statutory objectives in sentencing.

### 1. RELEVANT §3553(a) FACTORS.

Mr. Poole does not dispute the statement of facts set forth in the Plea agreement.

**2. HISTORY AND CHARACTERISTICS OF THE DEFENDANT.**

A. The PSIR accurately sets forth Mr. Poole's upbringing and history. Although Mr. Poole loves his mother and describes his relationship with her as close and loving, he grew up in an environment without strong parental figures being readily available to help him through the trials and tribulation's of growing up in a less than nurturing world. Like many of the young men who grew up in such environments, he became involved in gangs and drug activity at a very young age, much to his detriment. It is a tragedy that his sister introduced him to drugs at the age of five (5).

As the PSIR sets forth Mr. Poole suffers from significant mental health issues. It is Mr. Poole's desire to participate in and receive appropriate mental health treatment when it becomes available. Mr. Poole also recognizes that he has serious substances abuse issues that once and for all he needs to address. Mr. Poole is hoping to get involved in drug treatment while serving his sentence to enable him to turn his back on his drug / alcohol use and spend his time constructively with his family, who are supporting him to the max.

**3. and 4.  THE NEED FOR THE SENTENCE TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT AND THE NEED FOR THE SENTENCE TO AFFORD ADEQUATE DETERENCE.**

Although Mr. Poole's criminal history is lengthy, it is important to note that none of his previous cases involved violence to other persons. Further Mr. Poole has cooperated with the government. Additionally the criminal conduct in this case overlaps with the conduct in case number 14-cr-00202-WJM-1. Although Counsel did not represent Mr. Poole at the time of plea or sentencing in that case, it would seem that it worked to Mr. Poole's detriment to resolve only one of two pending cases which existed at the time of Mr. Poole's previous plea.

Counsel has observed that a number of Mr. Poole's Co-Defendants in this case have received sentences of time served. Although Counsel doesn't know all of the circumstances in those cases, Counsel suggests that a sentence of time served for Mr. Poole, in light of all the circumstances in Mr. Poole's case, is not inappropriate and still respects all of the factors to
be considered in imposing an appropriate sentence. This statement is made knowing that Mr. Poole, who is now forty (40) years old, still has 105 months to serve on his present sentence.

If that is not a sentence that the Court considers reasonable and appropriate, if the Court imposes a 27 months concurrent sentence, it would honor the intention of the Plea Agreement in this case.

### 5. THE NEED FOR THE SENTENCE TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT.

Mr. Poole is at a crossroad in his life at the present time. Mr. Poole would be approaching fifty (50) years old when he is finished serving his present sentence. He would like to serve his sentence in this matter and turn down the road that leads to being a productive member of society and a loving and supportive husband and father. Consequently the public does not need to be protected from Mr. Poole.

## 6. THE NEED FOR THE SENTENCE TO PROVIDE THE DEFENDANT WITH EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE OR OTHER CORRECTIONAL TREATMENT.

Mr. Poole would greatly benefit from drug treatment and mental health counseling.

## 7. OTHER REASONS WHY A SENTENCE OUTSIDE THE RANGE RECOMMENDED BY THE ADVISORY SENTENCING GUIDELINES IS APPROPRIATE.

With the annual cost of incarceration being $31,976.00, it would seem that a sentence that is not concurrent is an additional burden on taxpayers.

## CONCLUSION

Based upon examination of all relevant factors, a sentence of time served, or in the alternative a sentence of 27 months concurrent would be sufficient to achieve the statutory sentencing objectives set forth at 18 U.S.C. § 3553(a). Mr. Poole respectfully requests that the Court sentence his to such a term.

DATED: 6th day of February, 2017.

                                      Respectfully submitted,
                                      s/Ronald J. Hahn
                                      Ronald J. Hahn
                                      333 W. Hampden Ave., Ste. 710
                                      Englewood, CO  80110
                                      Telephone #: 303-762-0445
                                      E-mail: rhahn3677@hotmail.com
                                      FAX Number:  303-806-8882
                                      Attorney for Defendant Archie Poole

### **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of February, 2017, a true and correct copy of the foregoing **MOTION FOR NON GUIDELINE SENTENCE PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3553** was filed with the Clerk of Court using the CM/ECF system.

                                                          s/Angie Diaz