# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No.   14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RICKY GARRISON,

    Defendant.

---

## GOVERNMENT'S OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTIONS

---

The United States of America (Government) by Acting United States Attorney Robert C. Troyer, and the undersigned Assistant United States Attorneys, respectfully submits the following objections to the defendant's proposed jury instructions. The Government's instructions are listed in **bold and italics** within the defendant's proposed instruction.

Respectfully submitted this 7th day of February, 2017.

                Respectfully Submitted,

                ROBERT C. TROYER
                ACTING UNITED STATES ATTORNEY
                DISTRICT OF COLORADO

By:    *s/Zachary Phillips*
        ZACHARY PHILLIPS
        Assistant United States Attorney
        1225 17th St., Suite 700
        Denver, CO 80202
        Telephone:  (303) 454-0118
        Fax:  (303) 454-0401
        e-mail:  zachary.phillips@usdoj.gov
        Attorney for the Government

By:  *s/Celeste Rangel*
CELESTE RANGEL
Assistant United States Attorney
U.S. Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0215
Fax: (303) 454–0401
e-mail: Celeste.rangel@usdoj.gov
Attorney for the Government

CERTIFICATE OF SERVICE

    I hereby certify that on this 7th day of February, 2017, I electronically filed the foregoing **GOVERNMENT'S OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTIONS** using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                            *s/Maggie E. Grenvik*
                                            Maggie E. Grenvik
                                            Legal Assistant

## INSTRUCTION NO. ___

## BUYER-SELLER RELATIONSHIP

A buyer-seller relationship between a defendant and another person, standing alone, cannot support a conviction for conspiracy. The fact that a defendant may have bought [specify controlled substance] from another person or sold [specify controlled substance] to another person is not sufficient without more to establish that the defendant was a member of the charged conspiracy. Instead, a conviction for conspiracy requires proof of an agreement to commit a crime beyond that of the mere sale.

In considering whether the evidence supports the existence of a conspiracy or the existence of a buyer-seller relationship, you should consider all the evidence, including the following factors:

1. whether the sales were made on credit or consignment;
2. the frequency of the sales;
3. the quantity of the sales;
4. the level of trust demonstrated between the buyer and the seller, including the use of codes;
5. the length of time during which the sales were ongoing;
6. whether the transactions were standardized;
7. whether the parties advised each other on the conduct of the other's business;
8. whether the buyer assisted the seller by looking for other customers;

9. and whether the parties agreed to warn each other of potential threats from competitors or law enforcement.

These are merely a list of relevant factors to aid you in analyzing the evidence; the presence or absence of any single factor is not determinative.

*The government objects to this proposed instruction. The Tenth Circuit Pattern Jury Instructions, specifically jury instruction number 2.87, clearly defines the crime of conspiracy and the necessary relationship between the co-conspirators.*

*Further, this instruction comes from the Ninth Circuit which has differing elements for the crime of conspiracy than the Tenth Circuit.  The Ninth Circuit Pattern Jury Instruction, number 9.19 CONTROLLED SUBSTANCE—CONSPIRACY TO DISTRIBUTE OR MANUFACTURE (21 U.S.C. §§ 841(a) and 846), has but two elements.*

*First: beginning on or about [date] and ending on or about [date], there was an agreement between two or more persons to [[distribute] [manufacture]] [specify controlled substance]; and*
*Second , the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.*

*The Tenth Circuit Pattern Jury Instruction, number 2.87, has twice as many elements and reads:*

*First: two or more persons agreed to violate the federal drug laws;*
*Second: the defendant knew the essential objective of the conspiracy;*
*Third: the defendant knowingly and voluntarily involved himself in the conspiracy;*
*Fourth: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.*

*The government believes the Tenth Circuit Pattern Jury Instruction properly states the law for the Tenth Circuit and as such, this instruction should not be given to the jury as it may cause confusion or conflicts in the legal charging of the jury.*

9.19A <u>Pattern Jury Instructions, Criminal Cases</u>, Ninth Circuit, (20__15?); Controlled Substance – Conspiracy to Distribute or Manufacture; *see also United States v. Moe,* 781 F.3d 1120 (9th Cir. 2015) (buyer-seller instruction not required when jury instructions as a whole accurately inform jury that conspiracy cannot be found based solely on sale of drugs from one party to another. However, buyer-seller instruction might assist jury in working through fact-intensive determinations and, in certain circumstances, buyer-seller instruction might be required).  "To show a conspiracy, the government must show not only that [the seller] gave drugs to other people knowing that they would further distribute them, but also that he had an agreement with these individuals to so further distribute the drugs." *United States v. Lennick,*18 F.3d 814, 819 *(9th Cir. 1994).*

**INSTRUCTION NO. \_\_\_**

**Presumption of Innocence, Burden of Proof,
and Reasonable Doubt**

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt, as there are very few things in this world that we know with absolute certainty. The test is one of reasonable doubt. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. A "reasonable doubt" is a doubt based upon common sense after careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important

of his or her own affairs. Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of each and every offense charged in the indictment, you must find him not guilty of the offenses. If the jury views the evidence in the case as reasonably permitting either of two conclusions - one of not guilty, the other of guilt - the jury must, of course, adopt the conclusion of not guilty. If the inference of guilt is stronger than the inference of not guilty but not strong enough to be beyond a reasonable doubt, then the jury must acquit.

*The Government objects to the proposed defense instruction as since the decision in <u>United States v. Clifton</u>, 406 F.3d 1173 (10th Cir. 2005) the 10th Circuit Pattern Jury Instructions has published a 2011 edition which " . . .instructions have been modified in light of case decisions." 10th Circuit Pattern Instructions, p. vii (2011).  The Government believes that defense instruction is repetitive as all areas of law proposed in the instruction are currently stated in the Government's proposed jury instructions as taken from the 10th Circuit Pattern Jury Instructions (2011).*

*United States v. Nicholas Brooks Race,* 11-cr-00130-WYD.

**INSTRUCTION NO. __**

**STATEMENTS ADMITTED BUT NOT FOR THE TRUTH**

Certain statements have been admitted to you to give context to statements made by the defendant. Their only purpose is to help explain the defendant's statements. These statements are not evidence or proof of any facts. Thus, you may not consider the portions of the statements listed below as proof of the matter asserted.

The following statements have been admitted to help explain the defendant's evidence:

1.

2.

3.

4.

*The Government objects to this proposed instruction. The Tenth Circuit Pattern Jury Instructions already contain pattern jury instructions regarding a defendant's statements. Further, this instruction varies greatly from Pattern Jury Instruction 1.41. Jury Instruction 1.41 reads as follows:*

*SUMMARIES AND CHARTS*
*Not Received in Evidence*

*Certain charts and summaries have been shown to you to help explain the evidence in this case. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts.*

*This instruction lacks legal foundation and the government objects to its submission.*

Modeled after 1.41 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011).