**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 14-cr-231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **RICKY GARRISON,**

    Defendant.

## ORDER ON DEFENDANT'S MOTION *IN LIMINE*

Before the Court is Defendant Ricky Garrison's Motion *in Limine*. (ECF No. 1194.) For the reasons stated below, Garrison's Motion is granted in part and denied in part, and the Court also reserves ruling in part.

### I. ANALYSIS

#### A. Alleged Gang Ties

Garrison requests that the Court exclude all evidence that Garrison may have been associated with the Gangster Disciples organization. (*Id*. at 1–3.) The Government responds that it "has no intention of introducing evidence of the defendant's gang affiliation." (ECF No. 1200 at 1.) The Court therefore denies this portion of the Motion *in Limine* as moot.

#### B. Allegations of Suspected Other Crimes

Garrison requests that the Court exclude any reference that he is "a suspect in a state murder investigation and that [he was] engaged in robberies." (ECF No. 1194 at

3–4.) The Government again responds that it "has no intention of introducing evidence of the defendant's suspected involvement in a state homicide or robberies." (ECF No. 1200 at 1–2.) The Court therefore denies this portion of the Motion *in Limine* as moot.

## C.   Testing of Alleged Drug Residue

Garrison claims that a number of scales were seized from the residence where Government agents arrested Garrison, and that the Government intends to attribute those scales to Garrison. Garrison further claims that laboratory testing of one scale returned a "preliminary analysis" indicating cocaine residue, but there was insufficient residue on any of the other scales to perform such tests. Garrison argues that these analyses would require expert testimony to introduce at trial. Garrison therefore argues that they should be excluded as unreliable under Federal Rule of Evidence 702, and also that they should be excluded because the Government has disclosed no expert to testify regarding them. (ECF No. 1194 at 4–8.)

The Government responds that it "intends to introduce evidence pertaining to two scales," and that the scales "contained a white, powdery substance which is consistent with cocaine." (ECF No. 1200 at 2.) The Government intends to introduce this evidence through a witness with personal knowledge (presumably a Government agent who seized the scales). (*Id*.) The implication of the Government's argument is that it does not intend to introduce evidence of the residue tests. Given that, this portion of Garrison's Motion *in Limine* is denied as moot. The Court makes no ruling, however, on any objection Garrison may have to the non-expert testimony that the Government intends to elicit with respect to these scales.

**D.     Expert Disclosures**

Garrison argues that "any and all expert witnesses" should be excluded because the Government failed to disclose any expert witness by the Court-established deadline of December 23, 2016.  (ECF No. 1194 at 8.)  The Government admits its failure to do so but argues that "[t]he omission was not one of neglect, but mere oversight."  (ECF No. 1200 and 3.)  The Government further argues that there would be no prejudice to Garrison if the Court permits belated disclosure because the (apparently) single matter on which expert testimony is needed is whether Garrison possessed a firearm that traveled in interstate commerce, which is an element of Count 47 of the Superseding Indictment (ECF No. 1182)—and Count 47 has been a part of this case from the beginning (as Count 70 of the original indictment, ECF No. 10).

The Court is unsure of the difference between an omission of "neglect" and an omission of "mere oversight."  Moreover, the Government's observation that the relevant count has been in this case from the beginning cuts against the Government in these circumstances.

The Government has long known that it will need to disclose an expert, and has had several deadlines for doing so.  The undersigned's practice standards have long establish that expert disclosures must be made no later than fourteen days before the Final Trial Preparation Conference.  *See* WJM Revised Practice Standard IX.E.  Consistent with that, on June 18, 2014, the Court specifically ordered that expert disclosures would be made no later than fourteen days prior to the Final Trial Preparation Conference.  (ECF No. 122 ¶ C.)  That Final Trial Preparation Conference was then set for August 12, 2014 (*id*. ¶ F), thus making expert disclosures due on July

29, 2014.  That trial setting was vacated when the Court declared this case complex.  (*See* ECF No. 188 at 6.)  By order dated January 22, 2015, the Court reset the Final Trial Preparation Conference to November 20, 2015 (ECF No. 360 at 3–4), thus establishing an expert disclosure deadline of November 6, 2015.  After a subsequent ends-of-justice continuance (ECF No. 450), the Court set the Final Trial Preparation Conference for January 4, 2016 (ECF No. 476 ¶ E), thus establishing an expert disclosure deadline of December 21, 2015.  The Court later reset the Final Trial Preparation Conference yet again, this time for April 1, 2016 (ECF No. 517 at 4), thus establishing an expert disclosure deadline of March 18, 2016.

Garrison's substitution of counsel required another ends-of-justice continuance (ECF No. 872), and the Court reset the Final Trial Preparation Conference for September 16, 2016 (ECF No. 877 ¶ C), thus establishing an expert disclosure deadline of September 2, 2016.  In this re-setting order, the Court specifically noted the expert disclosure deadline as established in WJM Revised Practice Standard IX.E.  (*Id*. ¶ F.)  The Government apparently allowed this September 2 deadline to pass without disclosing any expert.

Finally, the allegations in the "*Marks* Lawsuit" required one last ends-of-justice continuance, which the court granted on September 12, 2016.  (ECF No. 1095.)  The Court then reset the Final Trial Preparation Conference and the trial itself to the dates currently set, but this time the Court also set a specific, earlier-than-normal date for expert disclosures: December 23, 2016.  (ECF No. 1096 ¶ B.)

Thus, the Government has been under no less than six expert disclosure deadlines, and allowed not one but two deadlines to pass (September 2 and December

4

23, 2016) without making any disclosures.  The Court accordingly finds no reason to excuse the Government's tardiness.  In any event, to the extent lack of expert testimony will prevent the Government from making its case as to Count 47, the parties will still be going to trial on (coincidentally) forty-seven other counts.

This portion of Garrison's Motion *in Limine* is granted.  The Government is prohibited from presenting expert testimony.

### E. Christopher Vigil's Testimony

Garrison refers to a "proffer statement" from codefendant Christopher Vigil, from which Garrison infers that Vigil will testify "that he first met Mr. Garrison in 2004, then later in 2012, and [engaged in] drug dealing."  (ECF No. 1194 at 8.)  Garrison moves to exclude these expected portions of Vigil's testimony as irrelevant given that the conspiracy alleged here did not begin until June 2013.  (*Id.*)

The Government responds that it does not plan to elicit testimony from Vigil regarding any 2004 meeting with Garrison.  But the Government "does intend to elicit testimony from Mr. Vigil regarding the 2012 meeting of the defendant and drug dealing." (ECF No. 1200 at 3.)  The Government argues that such testimony "is admissible as *res gestae* evidence of the charged conspiracy."  (*Id.*)

The Court presumes the Government invokes *res gestae* in the broad sense of presenting the "complete story," to provide context and "illuminat[e] things like means, motive, preparation, plan, or intent."  1 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:33 (4th ed., May 2016 update) (internal quotation marks omitted). But, absent the proffer statement mentioned by Garrison (or a detailed synopsis), the

Court cannot evaluate whether Vigil's expected testimony regarding his interactions with Garrison in 2012 would fairly satisfy this standard. If, for example, Vigil testifies to drug dealing that is essentially no different from the sort of drug dealing alleged to have taken place beginning in June 2013, the Court has difficulty seeing any basis under Rule 403 for exclusion. On the other hand, if Vigil testifies to drug dealing in vastly different quantities, or involving violence, or other similar aggravating circumstances, Rule 403 may indeed be appropriate.

Given the uncertainty, the Court reserves ruling on this portion of Garrison's Motion *in Limine*. The Court further directs the Government to request a conference outside the presence of the jury before calling Vigil as a witness, so that the Court may inquire further regarding what Vigil plans to say about his interactions with Garrison in 2012.

## II.  CONCLUSION

For the reasons set forth above, Garrison's Motion *in Limine* (ECF No. 1194) is GRANTED IN PART and DENIED IN PART, and the Court RESERVES RULING IN PART, all as stated above.

Dated this 7th day of February, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge