# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,
           Plaintiff,

v.

#1 RICKY GARRISON,
           Defendant.

___

### DEFENDANT RICKY GARRISON'S OBJECTIONS TO THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS
_____

      Mr. Garrison, by and through counsel, respectfully submits the attached objections to the Government's proposed jury instructions. Mr. Garrison lists these objections is bold and italics.

      DATED this 9th day of February 2017.

                              Respectfully submitted,

                        By:   <u>s/ Sean M. McDermott</u>
                              Sean M. McDermott
                              McDermott Stuart & Ward LLP
                              140 E. 19th Avenue, Ste., 300
                              Denver, CO 80203
                              Phone: (303) 832-8888
                              Fax:    (303) 863.8888

       By: s/ Miller Leonard
         Miller Leonard
         14143 Denver West Pkwy., Suite 100
         Golden, CO 80403
         (720) 613-8783 Phone
         (303) 907-9516 Phone - Cell
         (720) 613-8782 Fax
         Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2017, I electronically filed the foregoing and that a copy was delivered to all parties allowed to receive this motion by the District of Colorado's ECF filing system.

s/ Sean McDermott
Sean McDermott

**GOVERNMENT'S INSTRUCTION NO.**

**1.05**

**PRESUMPTION OF INNOCENCE BURDEN OF PROOF REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty

*The Defendant Ricky Garrison objects to this instruction. The "firmly convinced" language is weak and it understates the importance of reasonable doubt. Trial Judges in this district regularly give the instruction or at least a similar instruction for reasonable doubt that the Defense has tendered. The defense has cited, United States v. Nicholas Brooks Race, 11-cr-00130-WYD. The defense can*

*locate and supplement other District Court cases that use this language or similar language.*

## GOVERNMENT'S INSTRUCTION NO.

## 1.37

## KNOWINGLY DELIBERATE IGNORANCE

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the presence of methamphetamine, unless the defendant did not actually believe there was methamphetamine present.

***The Defendant Ricky Garrison objects to this instruction. There is no evidence of deliberate ignorance in this case. The Comment to 1.37, 10th Circuit Pattern Jury Instructions (2011) reads:***

> The deliberate ignorance instruction in general was discouraged, it may be given "when the presents evidence that the defendant purposely contrived to avoid learning all of the facts in order to have a defense in the event of prosecution." *United States v. Delreal-Ordones*, 213 F.3d 1263, 1268 (10th Cir. 2000) (internal quotation marks omitted). *See also United States v. McConnel*, 464 F.3d 1152, 1159 (10th Cir. 2006), *cert. denied* 127 S. Ct. 2085 (2007) (deliberate ignorance instruction only appropriate in rare circumstances). Where warranted, the instruction may be given. *United States v. Baz*, 442 F.3d 1269, 1271-72 (2006). If given, a similar deliberate ignorance instruction was approved as the preferred language in *Delreal-Ordones*. *Id.* at 1267; *see also United States v. Glick*, 710 F.2d 639, 643 (10th Cir. 1983). "The purpose of the instruction is to alert the jury that the act of avoidance could be motivated by sufficient guilty knowledge to satisfy the knowing element of the crime."

*Delreal-Ordones*, 213 F.3d at 1268-69 (quotation marks and brackets omitted). "The district court need not insist upon direct evidence of conscious avoidance of a fact before tendering a deliberate ignorance instruction. To establish a defendant's 'deliberate ignorance,' the is entitled to rely on and the benefit of the favorable inferences to be drawn therefrom." *Id.* at 1268 (citation omitted).

**The Defendant Ricky Garrison has not tendered a different instruction, because based on the facts of this case and the above comment, the correct instruction is no instruction.**

GOVERNMENT'S INSTRUCTION NO.

2.45

USING/CARRYING A FIREARM DURING COMMISSION OF A DRUG TRAFFICKING CRIME

18 U.S.C. § 924(c)(1)

The defendant is charged in count Forty-eight with a violation of 18 U.S.C. section 924(c)(1).

This law makes it a crime to use or carry a firearm during and in relation to any drug trafficking crime for which a person may be prosecuted in a court of the United States.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant committed the crime of distribute and possess with intent to distribute a controlled substance as charged in the indictment. You are instructed that distribute and possess with intent to distribute a controlled substance is a drug trafficking crime;

*Second*: the defendant used or carried a firearm;

*Third*: during and in relation to distribute and possess with intent to distribute a controlled substance.

The phrase "during and in relation to" means that the firearm played an integral part in the underlying crime, that it had a role in, facilitated (i.e., made easier), or had the potential of facilitating the underlying crime.

A defendant knowingly "uses" a firearm when it (1) is readily accessible and (2) is actively employed during and in relation to the underlying crime.

A defendant knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control and (2) transports or moves the firearm from one place to another.

In determining whether the defendant knowingly carried a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm to the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence. The government must prove a direct connection between the defendant's carrying of the firearm and the underlying crime but the crime need not be the sole reason the defendant carried the firearm.

***The Defendant Ricky Garrison objects to this instruction. Count 48 charges Mr. Garrison by stating, "On or about May 23, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON knowingly <u>used and carried</u> a firearm during and in relation to a drug trafficking crime for which he could be***

*prosecuted in a court of the United States… " The correct Instruction for the use and carry provision of 18 USC 924(c)*

**is 2.45** *10th Circuit Pattern Jury Instructions (2011) and not 2.45.1 of these pattern instructions. In relevant part, the use note for 2.45.1 states that, "This instruction applies when the indictment charges "possession" of a firearm "in furtherance of" a drug trafficking crime or crime of violence. It must not be used when the indictment charges <u>using or carrying a firearm</u> "during and in relation to" a drug trafficking crime or a crime of violence. United States v. Avery, 295 F.3d 1158, 1172-77 (10th Cir. 2002). Instead, use*

*Instruction 2.45."*

## GOVERNMENT'S INSTRUCTION NO.
## TO . . . DISTRIBUTE- DEFINED

The term to . . . distribute, as used in these instructions, means to deliver or to transfer [attempt to deliver or to transfer] possession or control of something from one person to another.

The term to . . . distribute. includes the sale of something by one person to another.

*The Defendant Ricky Garrison objects to this instruction. Language regarding Distribution is already given in Instruction 2.85, which is not objected to. There is no reason to add this instruction. To do so, unfairly highlights the term "distribute."*

## GOVERNMENT'S INSTRUCTION NO.
## WITH INTENT TO DISTRIBUTE - DEFINED

To possess with intent to distribute simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

It does not matter whether the defendant knew the substance was methamphetamine.  It is sufficient that the defendant knew it was some kind of prohibited drug.

*__The Defendant Ricky Garrison objects to this instruction. Language regarding Distribution is already given in Instruction 2.85, which is not objected to. There is no reason to add this instruction. To do so, unfairly highlights the term "distribute."__*

## GOVERNMENT'S INSTRUCTION NO.

## DELIBERATIONS

Upon retiring to your jury room to being your deliberations, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

The verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view toward reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are the judges - judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of Court may be considered. Nothing I have said or done during the course of this trial is intended in any way, to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

Forms of verdict have been prepared for your convenience. You will take the forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have the foreperson write your verdict, date and sign each form, and then return with your verdict to the Courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well

15

as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching on the merits of the case. Bear in mind also that you are never to reveal to any person - not even the Court - how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

***The Defendant Ricky Garrison objects to this instruction. It is modeled after, after 10th Circuit Pattern Jury Instructions, No. 1.23 (2011). The defense asks that the actual 1.23 be given.***