**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     RICKY GARRISON,

        Defendant.

---

**AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTIONS – DISPUTED**

---

The United States of America (Government) by Acting United States Attorney Robert C. Troyer, and the undersigned Assistant United States Attorneys, respectfully submits the following amended proposed jury instructions.  The instructions have been amended to include numbering.  Counsel for the Government has discussed the proposed jury instructions with defense counsel Miller Leonard and Sean McDermott and defense will be filing an objection to these instructions.

Respectfully submitted this 13th day of February, 2017.

        Respectfully Submitted,

        ROBERT C. TROYER
        ACTING UNITED STATES ATTORNEY
        DISTRICT OF COLORADO

By:   *s/Zachary Phillips*
      ZACHARY PHILLIPS
      Assistant United States Attorney
      1225 17th St., Suite 700
      Denver, CO 80202
      Telephone: (303) 454-0118
      Fax: (303) 454-0401
      e-mail: zachary.phillips@usdoj.gov
      Attorney for the Government

By:   *s/Celeste Rangel*
      CELESTE RANGEL
      Assistant United States Attorney
      U.S. Attorney's Office
      1225 17th Street, Suite 700
      Denver, CO 80202
      Telephone: (303) 454-0215
      Fax: (303) 454–0401
      e-mail: Celeste.rangel@usdoj.gov
      Attorney for the Government

CERTIFICATE OF SERVICE

   I hereby certify that on this 13th day of February, 2017, I electronically filed the foregoing **AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTIONS – DISPUTED** using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

             *s/Maggie E. Grenvik*
             Maggie E. Grenvik
             Legal Assistant

**PLAINTIFF'S INSTRUCTION 1**

**GOVERNMENT'S INSTRUCTION NO.**

**1.05**

**PRESUMPTION OF INNOCENCE—BURDEN OF PROOF—REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

10th Circuit Pattern Jury Instructions, No. 1.05 (2011).

**PLAINTIFF'S INSTRUCTION 2**

**GOVERNMENT'S INSTRUCTION NO. 1.37**

**KNOWINGLY—DELIBERATE IGNORANCE**

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the presence of methamphetamine, unless the defendant did not actually believe there was methamphetamine present.

10th Circuit Pattern Jury Instructions, No. 1.37 (2011).

## PLAINTIFF'S INSTRUCTION 3

## GOVERNMENT'S INSTRUCTION NO. 2.45.1

## POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME
## 18 U.S.C. § 924(c)(1)

The defendant is charged in count Forty-eight with a violation of 18 U.S.C. section 924(c)(1).

This law makes it a crime to possess a firearm in furtherance of a drug trafficking crime.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant committed the crime of conspiracy to distribute and possess with intent to distribute a controlled substance as charged in count one of the indictment, which is a drug trafficking crime;

*Second*: the defendant possessed a firearm in furtherance of this crime.

The term "firearm" means any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense. Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help in determining

whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. the status of the possession (legitimate or illegal);

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8. proximity to drugs or drug profits.

10th Circuit Pattern Jury Instructions, No. 2.45.1 (2011).

**PLAINTIFF'S INSTRUCTION 4**

**GOVERNMENT'S INSTRUCTION NO.**

**"TO . . . DISTRIBUTE" - DEFINED**

The term "to . . . distribute", as used in these instructions, means to deliver or to transfer [attempt to deliver or to transfer] possession or control of something from one person to another.

The term "to . . . distribute" includes the sale of something by one person to another.

Devitt, Blackmar and O'Malley, <u>Federal Jury Practice and Instructions</u>, Fourth Edition, Volume II, 1990, § 54.04

**PLAINTIFF'S INSTRUCTION 5**

**GOVERNMENT'S INSTRUCTION NO.**

**"WITH INTENT TO DISTRIBUTE" - DEFINED**

To possess with intent to distribute simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

It does not matter whether the defendant knew the substance was methamphetamine. It is sufficient that the defendant knew it was some kind of prohibited drug.

See United States v. Johnson, 130 F.3d 1420, 1428 (10th Cir. 1997), cert. denied, 525 U.S. 829 (1998); see also Pattern Jury Instructions, Fifth Circuit, Instr. No.2.87 (West 2001); and Federal Jury Instructions, Seventh Circuit, p. 379 (West 1999).

**PLAINTIFF'S INSTRUCTION 6**

**GOVERNMENT'S INSTRUCTION NO.**

**DELIBERATIONS**

Upon retiring to your jury room to being your deliberations, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in Court.

The verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view toward reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are the judges - judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of Court may be considered. Nothing I have said or done during the course of this trial is intended in any way, to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

Forms of verdict have been prepared for your convenience. You will take the forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have the foreperson write your verdict, date and sign each form, and then return with your verdict to the Courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any

11

member of the jury on any subject touching on the merits of the case.

Bear in mind also that you are never to reveal to any person - not even the Court - how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

Modeled after 10th Circuit Pattern Jury Instructions, No. 1.23 (2011).