CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. VS. LUIS RAMIREZ                                                                 DKT. NO. 1:14CR00231-10

**PETITION FOR WARRANT OF OFFENDER UNDER SUPERVISION**

COMES NOW, Troy Ruplinger, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Luis Ramirez, who was placed on supervision by the Honorable William J. Martinez, sitting in the United States District Court in Denver, Colorado, on October 20, 2016.  The defendant was sentenced to Time Served and 3 years supervised release for an offense of Knowingly and Intentionally Distribute and Possess With the Intent to Distribute Less Than 500 Grams of a Mixture or Substance Containing a Detectable Amount of Cocaine, a Schedule II Controlled Substance, and Did Knowingly and Intentionally Aid, Abet, Counsel, Command, Induce, or Procure the Same in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.  Supervision commenced on October 20, 2016, and is set to expire on October 19, 2019.  As noted in the judgment [Document 1126], the Court ordered mandatory, special and standard conditions of supervision.  Additionally, on November 2, 2016, the defendant's conditions were modified [Document 1139].  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED**

On or about January 31, 2017, the defendant was directed to report to the probation officer at 10:00 am on February 2, 2017, and he failed to so report, which constitutes a Grade C violation of supervised release.

On January 31, 2017, I left a business card on the defendant's front door instructing him to report on the above listed date and time.  The defendant failed to report and made no attempts to contact me.  Before this, I attempted to contact the defendant several times on his personal phone as well as his work phone with no success.

2. **FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED**

On or about February 2, 2017, the defendant was directed to report to the probation officer at 2:00 pm on February 16, 2017, and he failed to so report, which constitutes a Grade C violation of supervised release.

On February 2, 2017, I mailed a letter to the defendant's given address instructing him to report on the above listed date and time.  The defendant failed to report and made no attempts to contact me.  I have communicated with the defendant's employer who stated that he hasn't heard from him since approximately February 7, 2017.  His current whereabouts are unknown.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about October 25, 2016, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On October 25, 2016, I requested a urine sample from the defendant at his residence. The defendant tested positive for cocaine on that day. The defendant admitted to me that on October 25, 2016, he was at a bar with some coworkers where he touched a bag with cocaine in it and used cocaine on that same occasion.

4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about January 26, 2017, the defendant used or administered a controlled substance, cocaine and amphetamines, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On January 26, 2017, the defendant submitted a urine specimen at Independence House East which yielded positive results for cocaine and amphetamines.

5. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Independence House East, the testing and treatment program in which the probation officer directed him to participate, on December 4, 2016, January 13, January 29, January 30, February 2 and February 7, 2017. This constitutes a Grade C violation of supervised release.

Written notification was received from Independence House East noting that the defendant had failed to provide random urine specimens for the purpose of substance abuse testing on December 4, 2016, January 13, January 29, January 30, February 2 and February 7, 2017, as directed.

6. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep counseling appointments at Independence House North, the testing and treatment program in which the probation officer directed him to participate, on January 31, February 7 and February 14, 2017. This constitutes a Grade C violation of supervised release.

Written notification was received from Independence House North noting that the defendant had failed to attend his cognitive behavioral treatment sessions on January 31, February 7 and February 14, 2017, as required.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant. The defendant continues to use illicit drugs despite efforts to

intervene his noncompliant behavior.  At the beginning of the defendant's term of supervised release he began his cocaine use.  The defendant is currently being investigated by the Aurora Colorado Police Department for instigating and leaving the scene of a 4 car accident as well as felon in possession of a firearm as there was a loaded Glock model 27 in driver's side door panel of the vehicle the defendant was alleged to be driving, no charges have been filed as of yet.  The defendant has been provided every opportunity to succeed on supervised release and chose to engage in this noncompliant behavior.  Further, the defendant has absconded from supervision and his current whereabouts are unknown; thus, a voluntary court appearance by summons is impractical.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violation(s) of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Troy Ruplinger*
Troy Ruplinger
United States Probation Officer
Place:   Denver
Date:    February 22, 2017

*s/Gary W. Phillips*
Gary W. Phillips
Supervisory United States Probation Officer
Place:   Denver
Date:    February 22, 2017

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e).  Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation.  The defendant's criminal history is a Category V, thus the advisory guideline range for revocation is 7 to 13 months.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of flight and danger to the community.  The defendant has an extensive criminal history, consisting of numerous felonies, with varying patterns of criminal behavior beginning at the age of 13.  In addition, he presents a risk of non-appearance based upon his willful choice to abscond from supervision; he also has a history of failing to appear for court appearances, thus it cannot be guaranteed that he would appear for any future court appearances.  Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.