IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.  14-cr-00231-WJM-13

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**13.  SIDNEY TAYLOR,**

  Defendant,

_____

**MOTION FOR BELOW GUIDELINES SENTENCE OR FOR A VARIANT SENTENCE**
_____

    Comes Now Sidney Taylor, by and through counsel and respectfully moves this Honorable Court for a below guidelines sentence or For a Variant Sentence.  Defendant, as grounds therefore, would state the following:

    1.    Defendant incorporates his objections to the Presentence Report.  *Doc 419.*

    2.    On June 6, Defendant  Taylor was arrested for the offenses at issue. Approximately 13 days later,  Mr. Taylor meet with the Government  to  provide a proffer   and to take full responsibility for  his criminal conduct.

    3.    Defendant was the first individual in this case to file a notice of disposition. (Doc. 266).

    4.    In October 2014, Defendant and the government entered into a Plea Agreement.

    5.    In the plea agreement in this case, *(Doc 282)* the government agreed as follows:

> "In consideration of this plea and the Court's acceptance of the plea of guilty, the government agrees to refrain from filing a request for an enhancement of sentence in this case pursuant to the provisions of Title 21 U.S.C. Section 851, if applicable…." (Id).

6. The parties agreed in the plea agreement that Mr. Taylor would plead guilty to count 12 of the indictment and all other counts would be dismissed. *(Doc. 282, p. 1).*

7. The plea agreement also stated that "[t]he advisory guideline range resulting from these calculations is 37 to 46 months."

8. At the time of the filing of the plea agreement, the government was fully aware of Mr. Taylor's prior criminal history and agreed not to seek an enhancement of the sentence "if applicable."

9. Mr. Taylor has fully complied with the terms of his plea agreement. He seeks a sentence consistent with his plea agreement - notwithstanding the Probation Office's Presentence Recommendation.

10. In support of his request for a non-guideline or variant sentence, Defendant notes the Probation Report's Sentencing Recommendation states in footnote , that the "Probation Office will not object to a downward departure."

11. Section 3553(a) requires the sentencing court to consider, among other things, whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public from further crimes of the defendant. *United States v. Chavez*, 723 F.3d 1226, 1232 (10th Cir. 2013).

12. The evidence in this case reflects that Defendant purchased and used cocaine for himself and members of his family. Defendant has consistently stated to the Government, as

well as testifying before this Court, that he acquired the drugs in this case for the personal use for himself and his family.

13. While the Probation Officer states that; "It makes no difference whether the defendant was distributing the drug to random members of the community, or to his family" Defendant, for sentencing purposes, would state that there is no evidence that Defendant was a dealer or sold cocaine to anyone.

14. As will be more fully articulated at sentencing, the requirements of Section 3553(a) will be fully served by the Court giving a variant sentence that is consistent with the parties' Plea Agreement.

Wherefore the Defendant moves this Court to impose a sentence that is consistent with the Plea Agreement, and/or a sentence below the guideline range or for a variant sentence.

Respectfully submitted,

s/John Mosby
John Mosby
621 17th Street, Suite 2445
Denver, Colorado 80293
(303) 623-1355
Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on this March 1, 2017, a true and correct copy of the foregoing was served via the Court's ECF system to:

Zachary Phillips,
Assistant U.S. Attorney

Hand-delivered:

Sidney Taylor

                      <u>s/John Mosby</u>