# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Criminal Case No. 14-cr-231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **RICKY GARRISON,**

    Defendant.

*Final Set of Instructs Read to Jury on 27 Feb 2017 9:52 Am WJM*

---

## JURY INSTRUCTIONS

---

## PART I: GENERAL INSTRUCTIONS & EVIDENTIARY CONSIDERATIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about the burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use

in the jury room, so you need not take notes.[1]

---

[1] Stipulated Instruction 1.03, ECF No. 1207 at 10.

## JURORS' DUTIES

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.[2]

---

[2] Stipulated Instruction 1.04, ECF No. 1207 at 11.

## PRESUMPTION OF INNOCENCE—BURDEN OF PROOF—REASONABLE DOUBT

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.[3]

---

[3] Government's Disputed Instruction 1, ECF No. 1232 at 4.

4

## EVIDENCE—DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers or parties agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the witnesses' answers are evidence. My legal rulings are not evidence. And my comments and questions are not evidence. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers or parties wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.[4]

---

[4] Stipulated Instruction 1.06, ECF No. 1207 at 12.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.[5]

---

[5] Stipulated Instruction 1.07, ECF No. 1207 at 13.

6

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions:

- Did the witness impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome in this case?

- Did the witness have any relationship with either the government or the defense?

- Did the witness seem to have a good memory?

- Did the witness clearly see or hear the things about which he/she testified?

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from the testimony of other witnesses?

When weighing the conflicting testimony, you should consider whether the

discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.[6]

---

[6] Stipulated Instruction 1.08, ECF No. 1207 at 14–15.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

You have heard the testimony of Francisco Aguilar. You have also heard that, before this trial, he made statements that may be different from his testimony here in court. These earlier statements were brought to your attention only to help you decide how believable this witness's testimony was in this trial. You cannot use these statements as proof of anything else. You can only use them as one way of evaluating Mr. Aguilar's testimony here in court.[7]

---

[7] Stipulated Instruction 1.10, ECF No. 1207 at 16.

## IMPEACHMENT BY PRIOR CONVICTION

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years. A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any prior felony conviction that was used to impeach a witness.[8]

---

[8] Stipulated Instruction 1.12, ECF No. 1207 at 17.

10

## ACCOMPLICE—CO-DEFENDANT—PLEA AGREEMENT

The government called, as some of their witnesses, alleged accomplices who were named as a co-defendants in the indictment. The government has entered into a plea agreement with the co-defendants, providing for the dismissal of some charges and a recommendation of a lesser sentence than the co defendants would otherwise likely receive. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a guilty plea to the offense charged is not evidence of the guilt of any other person.[9]

---

[9] Stipulated Instruction 1.15, ECF No. 1207 at 19.

## WITNESS'S USE OF ADDICTIVE DRUGS

The testimony of an admitted drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs. Gregory Williams, Sidney Taylor, Robert Painter, and Christopher Vigil may each be considered an abuser of drugs. You must determine whether the testimony of ~~that~~ *Those* witness ~~has~~ *as have* been affected by the use of drugs or the need for drugs.[10]

---

[10] Stipulated Instruction 1.16, ECF No. 1207 at 20.

12

## <u>ON OR ABOUT</u>

You will note that the indictment charges that the crime was committed on or about certain dates. The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near these dates.[11]

---

[11] Stipulated Instruction 1.18, ECF No. 1207 at 21.

13

## CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment. It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.[12]

---

[12] Stipulated Instruction 1.19, ECF No. 1207 at 22.

14

### CAUTION—PUNISHMENT

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.[13]

---

[13] Stipulated Instruction 1.20, ECF No. 1207 at 23.

## ACTUAL OR CONSTRUCTIVE POSSESSION

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over an object or thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has the power at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

More than one person can be in possession of an object if each knows of its presence and has the power to control it.

A defendant has joint possession of an object when two or more persons share actual or constructive possession of it. However, merely being present with others who have possession of the object does not constitute possession.[14]

---

[14] Stipulated Instruction 1.31, ECF No. 1207 at 24.

## CONJUNCTIVE—DISJUNCTIVE

Some counts of the indictment may accuse a defendant of violating the same statute in more than one way. In other words, the indictment may allege that the statute in question was violated by various acts which are in the indictment joined by the conjunctive "and," while the statute and the elements of the offense are stated in the disjunctive, using the word "or." In these instances, it is sufficient for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the acts charged. In order for you to return a guilty verdict, however, all twelve of you must agree that the same act has been proven.[15]

---

[15] Stipulated Instruction at ECF No. 1207 at 24.

17

## CAUTIONARY INSTRUCTION REGARDING

## TRANSCRIPTS OF RECORDED CONVERSATIONS

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations. Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.[16]

---

[16] Stipulated Instruction 1.40, ECF No. 1207 at 26.

18

## LIMITING INSTRUCTION—CERTAIN RECORDED CONVERSATIONS

Certain statements have been admitted to you to give context to statements made by the defendant. The purpose of the unknown male statements in the government's exhibits 108 and 109 is to help explain the defendant's statements. The statements of the unknown male speaker are not evidence or proof of any facts. Thus, you may not consider the portions of the unknown male speaker's statement(s) in the government's exhibits 108 and 109 as proof of the matter asserted. However, you may consider the defendant's statement(s) as proof of the matter asserted.

## PART II: ELEMENTS OF CRIMES CHARGED

### AID AND ABET

Some counts of the indictment also charge a violation of Title 18 of the United States Code, section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*, someone else committed the charged crime, and

*Second*, the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.[17]

---

[17] Stipulated Instruction 2.06, ECF No. 1207 at 27.

## UNLAWFUL USE OF COMMUNICATIONS FACILITY

The defendant Ricky Garrison is charged in Counts Four, Five, Seven, Eight, Eleven, Thirteen, Fifteen, Sixteen, Twenty-two, Twenty-three, Twenty-four, Twenty-five, Twenty-six, Thirty, Thirty-one, Thirty-nine, Forty, Forty-one, Forty-two, Forty-three, and Forty-four with a violation of Title 21 of the United States Code, section 843(b). This law makes it a crime to use a communication facility to commit, or facilitate the commission of, a felony drug offense. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*, the defendant knowingly used a telephone;

*Second*, the defendant, in doing so, acted with the intent to commit, cause, or facilitate the commission of a drug felony, namely, distribution and possession with intent to distribute a controlled substance; and

*Third*, the defendant so used the telephone on or about the same date as the drug felony.

To "facilitate the commission of a drug felony" means to make the commission of the drug felony easier or aid or assist in the commission of the offense.

You are instructed that distribution and possession with intent to distribute a controlled substance—namely, cocaine, cocaine base, or methamphetamine—is drug felony.[18]

---

[18] Stipulated Instruction 2.26, ECF No. 1207 at 28, as modified during the charging conference on February 24, 2017 and subsequent discussions.

## CONTROLLED SUBSTANCES—CONSPIRACY

The defendant is charged in Count One with a violation of Title 21 of the United States Code, section 846. This law makes it a crime for anyone to conspire with someone else to violate federal laws pertaining to controlled substances. In this case, the defendant is charged with conspiracy to distribute and possess with the intent to distribute, one or more of the following controlled substances: (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base; (3) less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*, two or more persons agreed to violate the federal drug laws;

*Second*, the defendant knew the essential objective of the conspiracy;

*Third*, the defendant knowingly and voluntarily involved himself in the conspiracy;

*Fourth*, the amount of the controlled substance was (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base; (3) less than 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine; and

22

*Fifth*, there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

### Conspiracy—Agreement

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member. Once a person becomes a member of a conspiracy, he is held legally responsible for the acts of the other members done in furtherance of the conspiracy, even though he was not present or aware that the acts were being committed.

Mere similarity of conduct among various persons, and the fact they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.

The evidence in the case need not show that the members entered into any express or formal agreement. Nor is it necessary that the evidence show that the members stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished. In order to establish proof that a conspiracy existed, the evidence must show beyond a reasonable doubt that the members in some way or manner, or through some contrivance, expressly or impliedly came to a mutual understanding to try to accomplish a common and unlawful plan.

## Evidence

The evidence in the case need not establish that all the means or methods set forth in the indictment were agreed upon to carry out the alleged conspiracy; nor that all means or methods, which were agreed upon, were actually used or put into operation; nor that all of the persons charged to have been members of the alleged conspiracy were members. Rather, the evidence in the case must establish beyond a reasonable doubt that the alleged conspiracy was knowingly formed; and that one or more of the means or methods described in the indictment were agreed upon to be used, in an effort to effect or accomplish some object or purpose of the conspiracy, as charged in the indictment; and that two or more persons, including the defendant, were knowingly members of the conspiracy.

## Membership in Conspiracy

If you conclude from the evidence beyond a reasonable doubt that a conspiracy as charged did exist, then you must next determine whether the defendant was a member of that conspiracy; that is, whether the defendant participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives. In determining whether the defendant was/were a member of the conspiracy, the jury must consider only his acts and statements. The defendant cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed, and that he was one of its members.

## Interdependence

To be a member of the conspiracy, the defendant need not know all of the other

members or all of the details of the conspiracy, nor the means by which the objects were to be accomplished. Each member of the conspiracy may perform separate and distinct acts. It is necessary, however, that for the defendant to be a member of the conspiracy, the government must prove beyond a reasonable doubt that he was aware of the common purpose and was a willing participant with the intent to advance the purposes of the conspiracy. In other words, while a defendant need not participate in all the acts or statements of the other members of the conspiracy to be bound by them, the acts or statements must be interdependent so that each member of the conspiracy depends upon the acts and statements of the other conspirators to make the conspiracy succeed.

## Extent of Participation

The extent of a defendant's participation in the conspiracy is not relevant to whether he is guilty or not guilty. A defendant may be convicted as a conspirator even though he plays a minor part in the conspiracy. His financial stake, if any, in the venture is a factor that may be considered in determining whether a conspiracy existed and whether the defendant was a member of it.[19]

---

[19] Stipulated Instruction 2.87, ECF No. 1207 at 30.

## CONTROLLED SUBSTANCES —POSSESSION WITH INTENT TO DISTRIBUTE

The defendant is charged in counts Two, Six, Ten, Twelve, Fourteen, Seventeen, Eighteen, Nineteen, Twenty-eight, Twenty-nine, Thirty-two, Thirty-three, Thirty-four, Thirty-six, Thirty-seven, Thirty-eight, and Forty-six, with a violation of Title 21 of the United States Code, section 841(a)(1). This law makes it a crime to possess a controlled substance with the intent to distribute it.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*, the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*, the substance was in fact cocaine;

*Third*, the defendant possessed the substance with the intent to distribute it; and

*Fourth*, the amount of the controlled substance possessed by the defendant was less than 500 grams of a mixture or substance containing a detectable amount of cocaine.

With respect to Counts Six, Twelve, Fourteen, Seventeen, and Twenty-nine, specifically, you must also be convinced that the government has proved a fifth fact beyond a reasonable doubt, namely, that the defendant possessed the controlled substance within 1000 feet of the real property of a public school.

Cocaine is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any

26

financial interest in the transaction.[20]

---

[20] Stipulated Instruction 2.85, ECF No. 1207 at 35.

## CONTROLLED SUBSTANCES —POSSESSION WITH INTENT TO DISTRIBUTE

The defendant is also charged in counts Three, Nine, Twenty, and Twenty-seven with a violation of Title 21 of the United States Code, section 841(a)(1).

To find the defendant guilty of these counts, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*, the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*, the substance was in fact cocaine base;

*Third*, the defendant possessed the substance with the intent to distribute it; and

*Fourth*, the amount of the controlled substance possessed by the defendant was less than 28 grams of a mixture or substance containing cocaine base.

Cocaine base is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.[21]

---

[21] Stipulated Instruction 2.85, ECF No. 1207 at 37.

28

## CONTROLLED SUBSTANCES —POSSESSION WITH INTENT TO DISTRIBUTE

The defendant is also charged in Count Twenty-one with a violation of Title 21 of the United States Code, section 841(a)(1).

*this count WJM*

To find the defendant guilty of ~~discount~~ you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*, the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*, the substance was in fact methamphetamine;

*Third*, the defendant possessed the substance with the intent to distribute it;

*Fourth*, the amount of the controlled substance possessed by the defendant was less than 28 grams of a mixture or substance containing a detectable amount of methamphetamine; and

*Fifth*, the defendant possessed the controlled substance within 1000 feet of the real property of a public school.

Methamphetamine is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.[22]

---

[22] Stipulated Instruction 2.85, ECF No. 1207 at 38.

29

### TRANSPORTATION FOR PROSTITUTION/SEXUAL ACTIVITY—ELEMENTS

Count Forty-five of the indictment charges the defendant with transportation for prostitution in violation of Title 18 of the United States Code, section 2421. In order for you to find the defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly transported an individual in interstate commerce; and

*Second*, at the time of transportation, the defendant intended that the individual would engage in prostitution for which an individual could have been charged with a criminal offense.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to this charge, then you should find the defendant not guilty of this charge.

"Prostitution" means knowingly engaging in or offering to engage in a sexual act in exchange for money or other valuable consideration.[23]

---

[23] Patterned after 7th Circuit Jury Instruction, 2011, as stipulated to by the parties on February 24, 2017.

## PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.[24]

---

[24] Stipulated Instruction at ECF No. 1207 at 43.

## PART III: DELIBERATION AND JURY FORM

That concludes the part of my instructions explaining the law that applies in this case. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

### DUTY TO DELIBERATE

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if

convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

The Court has prepared a Verdict Form for your convenience. It reads as follows:

**[Explain the Verdict Form]**

After you have deliberated and consulted with each other, the foreperson will write the unanimous answer of the jury in response to each question on the Verdict Form. At the conclusion of your deliberations, the foreperson should date and sign the Verdict Form.

Only one copy of this Verdict Form will be provided to you. If you make an error on the Form, please tell the bailiff. The bailiff will destroy the erroneous form and a blank form will be provided.[25]

---

[25] 10th Cir. Pattern Instruction 1.23 (modified per WJM standard practice).

## COMMUNICATION WITH THE COURT

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom *so WJM* that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.[26]

_____

[26] 10th Cir. Pattern Instruction 1.44.

## PART IV: THE INDICTMENT

The Indictment reads in relevant part, as follows:


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     RICKY GARRISON,
      a/k/a "G,"

     Defendant.

---

**SUPERSEDING INDICTMENT**
**CHARGING STATUTES**
18 U.S.C. § 2
18 U.S.C. § 2421
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)(ii)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 843(b)
21 U.S.C. § 843(d)
21 U.S.C. § 846
21 U.S.C. § 860

---

## COUNT ONE

On or about and between June 1, 2013, and June 4, 2014, both dates being approximate and inclusive, within the State and District of Colorado and elsewhere, the defendants:

RICKY GARRISON,
J.T.,
C.M.,
F.A.,
S.R.,
C.V.,
T.E.,
D.F.,
A.P.,
L.R.,
M.T.,
S.B.,
S.T.,
G.W.,
R.P.,
L.W.,

and others both known and unknown to the Grand Jury, did knowingly and intentionally conspire

to distribute and possess with the intent to distribute, one or more of the following controlled

substances: (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing

a detectable amount of cocaine, a Schedule II Controlled Substance; (2) more than 28 grams but less

than 280 grams of a mixture or substance which contains cocaine base; (3) less than 50 grams of a

mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and

salts of its isomers, a Schedule II Controlled Substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 21 U.S.C. §

841(b)(1)(B)(ii), 841(b)(1)(C), and 846.

## COUNT TWO

On or about November 16, 2013, within the State and District of Colorado, the defendant,

RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to

distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine,

a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT THREE

On or about November 16, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 28 grams of a mixture or substance containing cocaine base, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT FOUR

On or about November 16, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FIVE

On or about November 16, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title

21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT SIX

On or about November 22, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code section 841(a) within 1000 feet of the real property comprising Aurora West College Preparatory Academy, a public secondary school; and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860; and Title 18, United States Code, Section 2.

## COUNT SEVEN

On or about November 22, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT EIGHT

On or about November 22, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title

21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT NINE

On or about November 23, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 28 grams of a mixture or substance containing cocaine base, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TEN

On or about November 23, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT ELEVEN

On or about November 23, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title

21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT TWELVE

On or about November 29, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code section 841(a) within 1000 feet of the real property comprising Wyatt-Edison  Charter Academy, a public elementary school; and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860; and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

On or about November 29, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FOURTEEN

On or about November 29, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine,

a Schedule II controlled substance, in violation of Title 21, United States Code section 841(a) within 1000 feet of the real property comprising Wyatt-Edison Charter Academy, a public elementary school; and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860; and Title 18, United States Code, Section 2.

## COUNT FIFTEEN

On or about November 29, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT SIXTEEN

On or about November 29, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT SEVENTEEN

On or about December 7, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine,

a Schedule II controlled substance, in violation of Title 21, United States Code section 841(a) within 1000 feet of the real property comprising Aurora West College Preparatory Academy, a public secondary school; and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860; and Title 18, United States Code, Section 2.

### COUNT EIGHTEEN

On or about December 10, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT NINETEEN

On or about December 10, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWENTY

On or about December 11, 2013, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 28 grams of a mixture or substance containing cocaine base, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWENTY-ONE

On or about January 5, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code section 841(a) within 1000 feet of the real property comprising Aurora West College Preparatory Academy, a public secondary school; and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860; and Title 18, United States Code, Section 2.

## COUNT TWENTY-TWO

On or about January 5, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title

43

21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT TWENTY-THREE

On or about January 5, 2014, within the State and District of Colorado, the defendants, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT TWENTY-FOUR

On or about January 5, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT TWENTY-FIVE

On or about January 5, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT TWENTY-SIX

On or about January 5, 2014, within the State and District of Colorado, the defendant,

RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

### COUNT TWENTY-SEVEN

On or about January 6, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 28 grams of a mixture or substance containing cocaine base, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT TWENTY-EIGHT

On or about January 6, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT TWENTY-NINE

On or about January 9, 2014, within the State and District of Colorado, the defendant,

RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code section 841(a) within 1000 feet of the real property comprising Aurora West College Preparatory Academy, a public secondary school; and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860; and Title 18, United States Code, Section 2.

## COUNT THIRTY

On or about January 9, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT THIRTY-ONE

On or about January 9, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT THIRTY-TWO

On or about January 28, 2014, within the State and District of Colorado, the defendant,

RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT THIRTY-THREE

On or about February 26, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

### COUNT THIRTY-FOUR

On or about February 26, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT THIRTY-SIX

On or about February 28, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT THIRTY-SEVEN

On or about March 1, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THIRTY-EIGHT

On or about March 2, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT THIRTY-NINE

On or about March 2, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

### COUNT FORTY

On or about March 2, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

### COUNT FORTY-ONE

On or about March 2, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

### COUNT FORTY-TWO

On or about March 2, 2014, within the State and District of Colorado, the defendant, RICKY

GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FORTY-THREE

On or about March 2, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FORTY-FOUR

On or about March 2, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FORTY-FIVE

On or about March 17, 2014, the defendant, RICKY GARRISON, did knowingly travel in interstate commerce the purpose of the travel was for the individual to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense.

All in violation of Title 18, United States Code, Section 2421.

## COUNT FORTY-SIX

On or about March 26, 2014, within the State and District of Colorado, the defendant, RICKY GARRISON, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.