IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,
        Plaintiff,

v.

#1 RICKY GARRISON,
        Defendant.

_____

MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, OR IN THE ALTERNATIVE,
MOTION FOR NEW TRIAL PURSUANT TO RULE 33
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE
_____

COMES NOW, Ricky Garrison, Defendant, by and through counsel, and hereby moves the court to dismiss the charges against him, or in the alternative, grant him a new trial. In support of this motion, defendant states the following:

Legal Standard

After the government closes its evidence, or after the close of all the evidence, the court, on the defendant's motion, must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. FED. R. CRIM. P. 29.

1

Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.  FED. R. CRIM. P. 33(a).

### The Government's Evidence at Trial Failed to Prove a Global Conspiracy and As a Result There Was a Variance Between the Superseding Indictment and the Evidence Presented at Trial

The Government failed to prove a global conspiracy as alleged in Count 1 of the Superseding Indictment.  To prove a conspiracy, the government must prove four elements: (1) that two or more people agreed to violate the law; (2) that the defendant knew at least the conspiracy's essential objectives; (3) that the defendant knowingly became a part of the conspiracy; and (4) that the coconspirators were interdependent. *United States v. Sells*, 477 F.3d 1226, 1235 (10th Cir. 2007).   Defendant, for purposes of this motion, attacks the fourth element: interdependence.

Count 1 alleged that Mr. Garrison conspired with fifteen (15) other individuals.  These fifteen (15) individuals are listed by their initials, but for the purpose of this motion, defendant will name each codefendant:

1. James Tillmon (J.T.)
2. Christopher Martinez (C.M.)
3. Francisco Aguilar (F.A.)
4. Simeon Ramirez (S.R.)
5. Christopher Vigil (C.V.)
6. Travis Edwards (T.E.)
7. Donrai Fisher (D.F.)
8. Archie Poole (A.P.)

9. Luis Ramirez (L.R.)

10. Melvin Turner (M.T.)

11. Shawn Beardsley (S.B.)

12. Sidney Taylor (S.T.)

13. Gregory Williams (G.W.)

14. Robert Painter (R.P.)

15. Latoya Wimbush (L.W.)

While Count 1 was plead listing the fifteen (15) codefendants as alleged members of the conspiracy, the evidence introduced by the government, during trial, failed to prove this global conspiracy. Thus, the government's evidence varied from the charge as plead in Count 1. As a result of this variance, defendant challenges the sufficiency of the evidence to support that each defendant was a member of the same conspiracy.

The 10th Circuit "treat[s] a conspiracy variance claim as an attack on the sufficiency of the evidence supporting the jury's finding that each defendant was a member of the same conspiracy." *United States v. Carnagie*, 533 F.3d 1231, 1237 (10th Cir. 2008) (quoting *United States v. Griffin*, 493 F.3d 856, 862 (7th Cir. 2007). Of particular importance here is whether the coconspirators were interdependent. Interdependence requires that a defendant's actions "facilitate the endeavors of other alleged coconspirators or facilitate the venture as a whole." *United States v. Carnagie*, 533 F.3d 1231,1238 (10th Cir. 2008) *United States v. Evans*, 970 F.2d 663, 670 (10th Cir.1992) (quotation and alterations omitted). "What is needed is proof that [the coconspirators] intended to act together for their shared mutual benefit within the scope

of the conspiracy charged." *United States v. Carnagie,* 533 F.3d at 1238 quoting *United States v. Evans,* 970 F.2d 663 at 671.

A common unlawful goal is not enough to establish interdependence. "What is required is a shared, single criminal objective, not just similar or parallel objectives between similarly situated people." *Carnagie,* 533 F.3d at 1239 and *Evans,* 970 F.2d at 671, "[E]ach coconspirator's actions must facilitate the endeavors of other alleged coconspirators or facilitate the venture as a whole." *Id*. Of principal concern is whether the activities of alleged co-conspirators in one aspect of the charged scheme, Count 1, were necessary or advantageous to the success of the activities of co-conspirators in another aspect of the charged scheme, or the success of the venture as a whole. The different groups engaged in similar transactions for similar reasons, but there was no showing of mutual dependence between them. *Carnagie,* 533 F.3d at 1240.

In Mr. Garrison's case, the evidence established that there were people in the Denver Metro area who may have sold cocaine. However, they did not act in a mutually beneficial manner; they were not acting together in an interdependent nature. To the contrary, the evidence showed that if anything, there was competition rather than cooperation amongst the identified people: the evidence, viewed in the light most favorable to the government, showed Mr. Garrison buying drugs from individuals who were unconnected, and then selling those drugs to other individuals, who were unconnected.

The prohibition against variances is intended to protect the fairness of the defendant's trial. *See generally* Wayne R. LaFave et al., 5 Crim. Proc. § 19.6(b) (3d ed.

4

2014) (discussing the origin of the prohibition against variances from *Berger v. United States*, 295 U.S. 78 (1935), and the policy justifications for the rule).    This prohibition exists because a variance defense depends upon the evidence actually presented by the government at trial, and so it cannot be formally raised before the close of the government's case.  Thus, while defense counsel might become aware of a potential variance, either through discovery, the filing of motions, or by reading the Indictment,  no such indication was given in this case.  The government itself indicated, clearly and unequivocally, that "the members of the conspiracy in Count One were Ricky Garrison, James Tillmon, Christopher Martinez, Francisco Aguilar, Simeon Ramirez, Christopher Vigil, Travis Edwards, Dondrai Fisher, Archie Poole, Luis Ramirez, Melvin Turner, Shawn Beardsley, Sidney Taylor, Gregory Williams, Robert Painter, Latoya Wimbush, and others not charged."  *Doc. #1038*, Government's James Proffer.

The 10th Circuit explained in *United States v. Harrison* that "[a] defendant's substantial rights are not prejudiced merely because the 'defendant is convicted upon evidence which tends to show a narrower scheme than that contained in the indictment, provided that the narrower scheme is fully included within the indictment.'" 942 F.2d 751, 758 (10th Cir. 1991) (quoting *United States v. Mobile Materials*, 881 F.2d 866, 874 (10th Cir. 1989)); *see also Carnagie*, 533 F.3d at 1241. However, a variance can be prejudicial by either failing to put the defendant on sufficient notice of the charges against him, *United States v. Windrix*, 405 F.3d 1146, 1154 (10th Cir. 2005), or by causing the jury to determine the defendant's guilt by relying on evidence presented against other defendants who were involved in separate conspiracies (the so-called "spillover effect"),

5

*Edwards*, 69 F.3d at 433. When deciding whether a prejudicial guilt-spillover occurred, the court must consider (1) whether the separate conspiracies affected the jury's ability to evaluate each defendant's individual actions, (2) whether the variance caused the jury to misuse evidence, and (3) the strength of the evidence underlying the conviction. *Carnagie*, 533 F.3d at 1241.

The jury was confused by <u>the</u> variance.  This caused them to have distinct difficulty evaluating each defendant's individual actions.  This is most easily seen by the fact that the jury returned a conviction as to the non-mandatory drug amounts for the conspiracy charge, as plead in Count 1, but acquitted the defendant on each and every substantive distribution count.  The variance further caused the jury to misuse evidence as the government, both in its opening and closing, referenced guns, yet the government failed to support the 924(c) count with any evidence – leaving the jury to ask the court during deliberations if there were any firearm charges.

The variance also suffered from a lack of strength in terms of the evidence that underlies the conviction:  while Count 1 alleged 15 individuals were involved in the conspiracy, the government's evidence fails to support such a conclusion.  The government, however, continued to use the lack of evidence to support Count 1:  the government repeatedly used Exhibit 124, a demonstrative exhibit, to attempt to show the global nature of the conspiracy.  And, much like the firearm issue, this also confused the jury, which asked for a copy of Exhibit 124 during their deliberations, and indicates that the jury misused evidence in making a finding of guilt as to Count 1.

<u>The Variance Failed to Put Mr. Garrison on Notice</u>

A variance between the indictment and the proof is only reversible error, however, if it is prejudicial — that is, if it "affects `the substantial rights of the accused.'" *United States v. Carnagie,* 533 F.3d at 1240; *United States v. Edwards*, 69 F.3d 419, 433 (10th Cir.1995); *Berger v. United States*, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314 (1935)). A variance can prejudice a defendant's Sixth Amendment right to notice of the charges against him if he "could not have anticipated from the allegations in the indictment what the evidence would be at trial." *Carnagie,* 533 F.3d at 1241; *United States v. Stoner,* 98 F.3d 527, 536 (10th Cir.1996). In this case the defense could not fairly anticipate what the evidence would be at trial. The defense was left to guess at how the named codefendants would or would not be utilized at trial. Furthermore, Mr. Garrison was charged with a count pursuant to 18 U.S.C. § 924(c) that was only dismissed at the close of evidence. Despite continuous objections, the Defense was left to guess as to how this charge was going be proven. This added to the confusion created by the inclusion of a large conspiracy that was at odds with the evidence presented.

The government, for all intents and purposes, acted as if they were going to prove one, global conspiracy.  Exhibit 124, although demonstrative only, is a pictorial example of the government's theory.  In Exhibit 124, the government has Mr. Garrison's picture at the center.  Surrounding Mr. Garrison are the co-defendants.  Connecting Mr. Garrison and the co-defendants are arrows.  The government used Exhibit 124 as an aid to demonstrate to the jury their theory of the case: the nature and extent of the alleged global conspiracy.  But, the evidence did not support this global conspiracy.

7

The government advanced their theory of a global conspiracy in both the Indictment and the Superseding Indictment. The continuation of the global conspiracy in the Superseding Indictment is further evidence the defendant "could not have anticipated from the allegations in the indictment what the evidence would be at trial." *Carnagie,* 533 F.3d at 1241; *United States v. Stoner,* 98 F.3d 527, 536 (10th Cir.1996). Count 1 of the Superseding Indictment and Count 1 of the Indictment are the same, except that the government removed heroin as an alleged drug distributed. Otherwise, the charge is the same, and defendant, accordingly, anticipated that the government would put forth evidence to support their global conspiracy. Instead, the government failed to support their global conspiracy and used the allegation of a global conspiracy to create prejudice that affected defendant's right to a fair trial, as well as his right to notice of the charge against him, as guaranteed by the Sixth Amendment. The lack of notice is exacerbated by the fact that the Superseding Indictment was filed on January 26, 2017, which was a mere 26 days before trial was to commence, and Mr. Garrison was not arraigned on the Superseding Indictment until February 10, 2017, eleven days prior to trial. Generally speaking, a Defendant is given at least 30 days to prepare for trial after the Defendant has appeared with the Defendant's lawyer following the issuance of an indictment. See 18 U.S.C. § 3161(c)(2).

WHEREFORE, Defendant requests the Court to grant his Motion pursuant FED. R. CRIM. P. 29 and dismiss Count 1 or, in the alternative, grant his Motion pursuant to FED. R. CRIM. P. 33 and grant him a new trial.

DATED at Denver, Colorado this, 15th day of March 2017.

Respectfully submitted,

*/s/ Miller Leonard*
Miller Leonard, Esq., #41029
14143 Denver West Parkway, Suite 100
Golden, CO 80403
Ph:    (720) 613-8783
Cell:   (303) 907-9516
Fax:   (720) 613-8782
Email:  Miller@themillerleonardlawfirm.com
ON BEHALF OF DEFENDANT GARRISON


/s/ Sean McDermott
McDermott Stuart & Ward LLP
One Sherman Place
140 East 19th Avenue, Suite 300
Denver, CO 80203
303-832-8888
303-863-8888 (fax)
smcdermott@mswdenver.com


## CERTIFICATE OF SERVICE

I hereby certify that, I electronically filed the Motion using the CM/ECF system that will send notification of such filing to all counsel of record in this case.

/s/ Miller Leonard
Miller Leonard

9