IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RICKY GARRISON,

    Defendant.

## UNITED STATES' SENTENCING STATEMENT

The United States, through its representatives Zachary Phillips and Celeste Rangel, Assistant United States Attorneys for the District of Colorado, hereby submits this sentencing statement pursuant to D.C. Colo. LCrR 32.1 and U.S.S.G § 6A1.2 of the Sentencing Guidelines. The United States reserves the right to file an appropriate statement in response to the Pre-Sentence report (PSR) pursuant to U.S.S.G § 6A1.3(a).

## **STATEMENT OF THE CASE**

On March 2, 2017, after a trial, the jury found the defendant guilty of Count One, conspiracy to possess and possession with intent to distribute cocaine, cocaine base and methamphetamine. Additionally, the jury found the defendant guilty of 19 counts of using a communication device during the commission of a felony drug offense. The maximum statutory penalty for the offense of conviction is not more than 20 years imprisonment; not more than a $1,000,000.00 fine, or both; not less than 3 years supervised release; and a $100.00 special assessment fee.

**STATEMENT OF FACTS**

The conspiracy charged in count one was charged from on or about and between June 1, 2013, and June 4, 2014. During the course of the conspiracy, the defendant as well as the other charged defendant and uncharged co-conspirators, were involved in the drug conspiracy which the defendant was convicted.

During the course of the conspiracy, the defendant was receiving multi-ounce quantities of cocaine and methamphetamine from multiple sources.  The defendant's main source of methamphetamine was Christopher Martinez.  The defendant had multiple sources of supply for his cocaine business.  These sources of supply included Travis Edwards, Simeon Ramirez, Francisco Aguilar, Christopher Vigil and James Tillmon.  The defendant would receive the cocaine and redistribute it in either powder or base form in exchange for money.  The defendant would also redistribute the methamphetamine in exchange for money as well.

The defendant was essentially the "hub" of a traditional "hub and spoke" conspiracy.  The defendant had the following relationship with those directly tied to him as part of the conspiracy:

Simeon Ramirez -   Simeon Ramirez was a source of cocaine for the defendant. During testimony at the trial, Simeon Ramirez advised he supplied the defendant with 9 ounces of cocaine during the course of the conspiracy.  For purposes of relevant conduct pursuant to USSG § 1B1.3(a)(1)(B) the total drug quantity for which the defendant is accountable is 9 ounces (252 grams).

Francisco Aguilar -  Francisco Aguilar was a source of supply for cocaine for the defendant.  At trial, Francisco Aguilar estimated he supplied the defendant with between

20 and 23 ounces of cocaine during the course of the conspiracy. For purposes of relevant conduct pursuant to USSG § 1B1.3(a)(1)(B) the total drug quantity for which the defendant is accountable is between 20 (560 grams) and 23 ounces (644 grams) of cocaine.

Christopher Vigil -   Christopher Vigil was yet another source of cocaine supply for the defendant. At trial, Mr. Vigil estimated that he would supply the defendant with between one to two ounces of cocaine twice weekly. He testified that the defendant was sporadic in purchasing cocaine during the course of the conspiracy. However, he estimated that the defendant would buy cocaine from him at least four times a month. Christopher Vigil testified that he sold the defendant between one and two ounces of cocaine on at least 15 occasions. For purposes of relevant conduct pursuant to USSG § 1B1.3(a)(1)(B) the total drug quantity for which the defendant is accountable is at least 15 ounces (420 grams) and as much as 30 ounces (840 grams) of cocaine.

Travis Edwards -   Travis Edwards was an additional source of cocaine supply for the defendant. Although Travis Edwards did not testify in the trial of the defendant, for sentencing purposes, Travis Edwards was responsible for supplying the defendant with 28.35 grams of cocaine during the course of the conspiracy. For purposes of relevant conduct pursuant to USSG § 1B1.3(a)(1)(B) the total drug quantity for which the defendant is accountable is at least 28.35 grams of cocaine.

James Tillmon alternated between being a source of supply to the defendant and receiving cocaine from the defendant during the course of the conspiracy. Mr. Tillmon pled guilty to the conspiracy. At Mr. Tillmon's sentencing, the Court found that Mr. Tillmon was responsible for 33.06 grams of methamphetamine and 31.5 grams of

3

cocaine. Further, the Court specifically found that Ricky Garrison supplied 3.5 grams of cocaine base to Mr. Tillmon. Additionally, during the course of the trial, the court specifically heard telephone calls where the defendant arranged for Mr. Tillmon to receive one ounce of powder cocaine. For purposes of relevant conduct pursuant to USSG § 1B1.3(a)(1)(B) the total drug quantity for which the defendant is accountable is at least 3.5 grams of cocaine base and 28 grams of cocaine.

Christopher Martinez was a source of supply of methamphetamine for the defendant. Mr. Martinez pled guilty to the conspiracy. In his plea agreement, Mr. Martinez specifically admitted to supplying the defendant with 7 grams of methamphetamine on January 5, 2014. For purposes of relevant conduct pursuant to USSG § 1B1.3(a)(1)(B) the total drug quantity for which the defendant is accountable is 7 grams of methamphetamine.

Gregory Williams -   Gregory Williams testified that he received cocaine and cocaine base from the defendant twice a week during the course of the conspiracy. Gregory Williams testified that when he purchased illegal drugs from the defendant it would include 7 grams of cocaine and 3.5 grams of cocaine base. For purposes of relevant conduct pursuant to USSG § 1B1.3(a)(1)(B) the total drug quantity for which the defendant is accountable is 364 grams of cocaine (based on once a week purchase) or 728 grams of cocaine (based on twice a week purchase); as well as 182 grams of cocaine base (based on once a week purchase) or 364 grams of cocaine base (based on twice a week purchase).

Sidney Taylor -    Sidney Taylor testified that he received cocaine and cocaine base from Ricky Garrison between 1 – 3 times a week for the months of October and

November 2013. Sidney Taylor testified that he would purchase 1.75 grams of cocaine and 1.75 grams of cocaine base when he purchased illegal drug from the defendant. Sidney Taylor testified that he continued to purchase illegal drugs from the defendant during the course of the conspiracy; however, he testified that the defendant was unreliable. For purposes of relevant conduct pursuant to USSG § 1B1.3(a)(1)(B) the total drug quantity for which the defendant is accountable is at least 14 grams of cocaine (based on once a week purchase) and 14 grams of cocaine base (based on once a week purchase) and as much as 42 grams of cocaine (based on three times a week purchase) and 42 grams of cocaine base (based on three times a week purchase) during the months of October and November 2013.

Latoya Wimbush was a cocaine customer of Ricky Garrison. In her plea agreement, Ms. Wimbush stipulated to 1.75 grams of cocaine and 1.75 grams of cocaine base as relevant conduct.

Robert Painter -    Robert Painter purchased cocaine, cocaine base as well as methamphetamine from the defendant during the course of the conspiracy. At trial, Robert Painter testified he purchased cocaine from the defendant 4 -5 times a month and he would purchase between 1.75 grams or 3.5 grams and sometimes as much as 7 grams. Additionally, Robert Painter specifically testified the largest purchase he had with the defendant was 28 grams of cocaine base from the defendant on one occasion. Further, Robert Painter testified that on January 5, 2014 he purchased 7 grams of methamphetamine from the defendant. For purposes of relevant conduct pursuant to USSG § 1B1.3(a)(1)(B) the total drug quantity for which the defendant is accountable is at least 91 grams of cocaine  (based on 1.75 grams per purchase) or as much as

5

364 grams of cocaine (based on 7 grams per purchase).  Additionally, for purposes of relevant conduct pursuant to USSG § 1B1.3(a)(1)(B) the total drug quantity for which the defendant is accountable is 28 grams of cocaine base and 7 grams of methamphetamine.

### SUMMARY OF USSG § 1B1.3(a)(1)(B) ACCOUNTABILITY

| Sources: | At least | As much as |
|---|---|---|
| Simeon Ramirez | 252 g cocaine | 252 g cocaine |
| Francisco Aguilar | 560 g cocaine | 644 g cocaine |
| Christopher Vigil | 420 g cocaine | 840 g cocaine |
| Travis Edwards | 28.3 g base | 28.3 g base |
| James Tillmon | 3.5 g base | 3.5 g base |
| Christopher Martinez | 7 g methamphetamine | 7 g methamphetamine |
| | | |
| Totals: | 1.232 kilograms' cocaine | 1.736 kilograms' cocaine |
| | 31.8 g base | 31.8 g base |
| | 7 g methamphetamine | 7 g methamphetamine |

| Customers: | At least | As much as |
|---|---|---|
| Greg Williams | 264 g cocaine | 728 g cocaine |
| | 182 g base | 364 g base |
| Sidney Taylor | 14 g cocaine | 42 g cocaine |
| | 14 g base | 42 g base |
| Latoya Wimbush | 1.75 g cocaine | 1.75 g cocaine |
| | 1.75 g base | 1.75 g base |
| Robert Painter | 91 g cocaine | 364 g cocaine |
| | 28 g base | 28 g base |
| | 7 g methamphetamine | 7 g methamphetamine |

| Totals: | 370.75 g cocaine | 1.135 kilograms' cocaine |
|---|---|---|
|  | 225.75 g base | 435.75 g base |
|  | 7 g methamphetamine | 7 g methamphetamine |

### Drug Quantity Conversion:

**Purchases from sources**:

<u>At least:</u>

| 1,232 g of cocaine | x | 200 g marijuana | = | 246.400 kilograms |
|---|---|---|---|---|
| 31.8 g base | x | 3,571 g marijuana | = | 113.557 kilograms |
| 7 g methamphetamine | x | 2 KG marijuana | = | 14 kilograms |
| Total: |  |  |  | 373.957 kilograms |

<u>As much as:</u>

| 1,736 g cocaine | x | 200 g marijuana | = | 347.200 kilograms |
|---|---|---|---|---|
| 31.8 g base | x | 3,571 g marijuana | = | 113.557 kilograms |
| 7 g methamphetamine | x | 2 kilo marijuana | = | 14 kilograms |
| Total: |  |  |  | 474.757 kilograms |

**Redistributed:**

At least:

| 370.75 g cocaine | x | 200 g marijuana | = | 74.150 kilograms |
|---|---|---|---|---|
| 225.75 g base | x | 3,571 g marijuana | = | 806,153.25 kilograms |
| 7 g methamphetamine | x | 2 kilo marijuana | = | 14 kilograms |
| Total: |  |  |  | 806,241.14 kilograms |

As much as:

| 1,135 g cocaine | x | 200 g marijuana | = | 227 kilograms |
|---|---|---|---|---|
| 435.75 g base | x | 3,571 g marijuana | = | 1,556,063.25 kilograms |
| 7 g methamphetamine | x | 2 kilo marijuana | = | 14 kilograms |
| Total: |  |  |  | 1,556,304.25 kilograms |

The evidence at trial clearly established that the defendant was involved in the purchase of at least 1.232 kilograms of cocaine.  It is then clear that he redistributed

that amount in both cocaine and cocaine base.  The evidence at trial clearly establishes the defendant produced and then redistributed at least 225 grams of cocaine base and as much as 435 grams of cocaine base.   For purposes of relevant conduct pursuant to U.S.S.G. § 1B1.3(a)(1)(B), the total drug quantity for which the defendant is accountable is at least 373.957 kilograms of marijuana (converted) and as much as 1,556,304.25 kilograms' marijuana (converted).

## ESTIMATED GUIDELINE RANGE

The United States provides this estimation of the applicable guideline range solely to assist the Probation Officer in the preparation of the PSR.  The below computation is only an estimation, and is not intended to bind the probation officer or the Court.  The United States understands that the final guideline calculation will be made by the Court.  The United States reserves the right to argue for additional applicable guideline enhancements, not outlined below, if they are discovered by government counsel prior to the imposition of a sentence in this case.

The United States believes the 2016 Guidelines Manual is applicable in this case.

     A.    Pursuant to U.S.S.G. § 1B1.3, the base offense level is 38 computed on greater than 90,000 kilograms of marijuana (based on drug conversion).

     B.    Pursuant to 2D1.1(b)(1) there is a 2-point increase for dangerous weapon. The resulting offense level is 40.

     C.    Pursuant to 2D1.1(b)(12) the defendant maintained a premise for the purpose of manufacturing or distributing a controlled substance and is subject to a 2 point increase.  The resulting offense level is 42.

D.  The defendant has not accepted responsibility under U.S.S.G. § 3E1.1(b). Therefore, the resulting offense level remains a 42.

E.  The Government has tentatively computed the defendant's criminal history at Criminal History Category IV (possibly V).  The United States understands that the criminal history computation will be conducted independently by Probation and finally determined by the Court.  Based upon the estimated offense level and the tentative criminal history calculation, the government estimates a guideline range of 360 to life imprisonment.  Pursuant to U.S.S.G. §5E1.2, assuming the estimated offense level above, the fine range for this offense would be $50,000.00 to $500,000.00, plus applicable interest and penalties.  Per U.S.S.G. § 5D1.2, the term of supervised release following imprisonment shall be at least 5 years.

## UNITED STATES' SENTENCING RECOMMENDATION

The Government reserves the right to make its sentencing recommendation until after the preparation and review of the PSR.

Dated this 24th day of March, 2017.

        Respectfully submitted,

        ROBERT C. TROYER
        Acting United States Attorney

By:   *s/Zachary Phillips*
        Zachary Phillips
        Celeste Rangel
        Assistant United States Attorneys
        U.S. Attorney's Office
        1225 17th St., Suite 700
        Denver, CO 80202
        Telephone:  (303) 454-0100
        Fax:  (303) 454-0402
        e-mail:  zachary.phillips@usdoj.gov
        Attorneys for the Government

CERTIFICATE OF SERVICE

  I hereby certify that on this 24th day of March, 2017, I electronically filed the foregoing **UNITED STATES' SENTENCING STATEMENT** using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

              *s/Maggie E. Grenvik*
              Maggie E. Grenvik
              Legal Assistant