IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cr-00231–WJM-11

UNITED STATES OF AMERICA,

    Plaintiff,

v.

11.  MELVIN TURNER,

    Defendant.

_____

**DEFENDANT'S OBJECTIONS AND CORRECTIONS TO
PRESENTENCE INVESTIGATION REPORT**
_____

MELVIN TURNER, by appointed counsel, pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure and D.C.Colo.LCrR 32.1, submits the following Objections and Corrections to the Presentence Investigation Report ("PSIR") [Doc. # 997] disclosed to the parties on June 3, 2016:

OBJECTIONS

1.    ¶ 39 on page 8 recommends a Chapter 4 career offender adjustment to an offense level 32. The available criminal history records for this defendant do not sustain this adjustment. This paragraph should be removed from the offense level calculations. The adjusted offense level should remain at 12 as stated in ¶38.

1

2. ¶ 41 recommends an additional 1-point adjustment for acceptance of responsibility pursuant to USSG §3E1.1(b). However, this adjustment does not apply if the adjusted offense level is below level 16.

3. ¶ 42 should state the total offense level as 10 after applying the foregoing objections.

4. ¶ 48 shows a conviction for <u>Unlawful Possession of a Controlled Substance with Intent to Deliver</u>, based upon automated records available to the probation officer. However, this conviction was not shown on the automated records available to government counsel and defense counsel at the time the plea agreement was negotiated and the guilty plea was received. The defense obtained photocopies of the official paper file for this case from the Clerk of the Circuit Court of Cook County. These actual official records have been provided to AUSA Zachary Phillips and Probation Officer Gary Kruck. The official record does not establish, by a preponderance of the evidence, a drug trafficking offense conviction. The attached memorandum provides a detailed analysis of the official court records.

Accordingly, 3 criminal history points should apply for a felony conviction and a 3-year prison sentence, but the offense of conviction should be changed to only <u>Unlawful Possession of a Controlled Substance</u>.

5. The defense agrees that the criminal history score is 9 and the criminal history

category is IV as stated in ¶ 51 & ¶ 52.

6.   ¶ 53 should be removed because Mr. Turner is not a career offender.

7.   ¶ 93 should state: Based upon a total offense level of 10 and a criminal history category of IV, the guideline range of imprisonment is 15 – 21 months.

## CORRECTIONS

1.   Mr. Turner has moved back to Colorado from Fort Worth, Texas. His current address is Apartment H-18, 1885 South Quebec Way, Denver, Colorado 80231. The legal address information on page 2 should be corrected. Also, ¶ 4 on page 4 should be updated to reflect that pretrial supervision is again with the District of Colorado Probation Office.

Respectfully submitted,

ROBERT S. BERGER, P.C.

s/ Robert S. Berger
Robert S. Berger
P.O. Box 201088
Denver, Colorado  80220-7088
Telephone: (303) 436-1596
robberger@qwestoffice.net

3

CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on April 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record:

and I hereby certify that I have mailed or served the foregoing to the following non CM/ECF participants:

Melvin Turner

/s/ Robert S. Berger
Robert S. Berger
PO Box 201088
Denver, Colorado  80220
Telephone: (303) 436-1596
robberger@qwestoffice.net

4