IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cr-00231–WJM-11

UNITED STATES OF AMERICA,

    Plaintiff,

v.

11. MELVIN TURNER,

    Defendant.

_____

MEMORANDUM IN SUPPORT OF OBJECTIONS TO PSIR
_____

Melvin Turner, by appointed counsel, submits this memorandum in support of his objections to the PSIR [Doc. # 997] disclosed to the parties on June 3, 2016:

The issue here is the proper characterization of the conviction in the Circuit Court of Cook County, Illinois Case Number 99CR1646101. This conviction is discussed in ¶ 48 of the PSIR. Mr. Turner was convicted and sentenced in another case that occurred in the same time frame. Circuit Court of Cook County, Illinois Case Number 99C44060401 is discussed in ¶ 47 of the PSIR. The probation officer relied upon "automated records" for the information in ¶¶ 47 & 48. He has provided printed copies of those "automated records" to defense counsel.

The parties were surprised by PSIR ¶ 48. Mr. Turner recalls the plea bargain

settling both cases required a guilty plea to only one drug trafficking offense and an agreed combined prison sentence of 8 years. The "automated records" provided by the government in discovery did not reveal drug trafficking convictions in both cases. As a result, the plea agreement negotiated by the parties specifically states: The career offender/career livelihood adjustments do not apply. [#910, p 10] The defense employed an investigator to resolve the discrepancy by obtaining the actual records of these two cases directly from the records clerk of the Circuit Court of Cook County.

The records clerk retrieved the actual paper files from the storage facility and photocopied every page in the files and the cover of the file folders. The clerk also printed the electronic docket entries from the Circuit Court computer records. These electronic docket entries have the same information as the "automated records" obtained by the probation officer, although in a somewhat different format. The defense has forwarded these actual records to AUSA Zachary Phillips and Probation Officer Gary Kruck. The following narrative is distilled from these records.

Mr. Turner was arrested on March 12, 1999 for drug possession and delivery offenses. This arrest became Case No. 99C44060401. He was released on a $5000 bond after posting $500 cash. He employed private attorney Noreen V. Love to represent him. Mr. Turner was arrested again on June 14, 1999 for drug possession

and delivery offenses. This arrest became Case No. 99CR1646101. Bail was set at $75,000. Mr. Turner did not make bail for this arrest and the $5000 bond in the first case was revoked. He remained in custody through the completion of his prison sentences. Noreen Love represented him in this case as well. This case included a co-defendant, Derrick Sangster. Papers and docket entries pertaining to him are included in the records of 99CR1646101 obtained from the clerk. It appears that some of the written and digital docket entries for Mr. Sangster may have been entered under Mr. Turner's name.

    Mr. Turner had court appearances for both cases before the same judge on 8/17/99, 9/22/99, and 10/22/99. Each case was continued by agreement on each of those dates. On 11/19/99 he appeared with his attorney before Judge Frank DeBoni. He entered a guilty plea in Case No. 99C44060401 to delivery of a controlled substance (a drug trafficking offense) and was sentenced to a prison term of 5 years. Four papers are in this case file pertaining to this court date:

1. Jury waiver form signed by Melvin Turner;

2. Waiver of Pre-Sentence Report form signed by Melvin Turner;

3. Acknowledgement of appellate rights signed by Melvin Turner and;

4. Sentencing order signed by Judge DeBoni.

Also, on this date Judge DeBoni signed an order continuing 99CR1646101 to

12/20/99. The case was further continued to 1/21/00, 2/28/00, and 3/14/00.

Mr. Turner appeared with his attorney on March 29, 2000 in 99CR1646101. The papers in the file show the co-defendant also appearing on this date. It appears Mr. Sangster may have had a trial to the court on this day because one of the papers is a jury waiver form signed by Derrick Sangster on 3/29/2000 and his attorney filed motions for a new trial on 4/7/00 and 4/12/00. The papers in the file and the computer record provide contradictory evidence of what happened with Mr. Turner on this day. The docket shows a *finding* of guilty on counts 2 and 3 by Judge Nello P. Gamberdino. The term *finding* implies a trial as opposed to a guilty plea. However, there is no jury waiver form and no written motion for new trial in the file. There are also none of the papers associated with a guilty plea as in the first case. The docket also shows Judge Gamberdino ordering a Pre-Trial Investigation and a Pre-Sentence Investigation on 3/29/00. Two papers in the file pertain to Mr. Turner. One is a setting order signed by Judge Golniewicz at 9:30 a.m. on 3/29/00 setting the case for 4/10/00. The other is a Notice of Investigation Order, ordering the probation department to do a social investigation of Mr. Turner by 4/10/00. The order shows the charge as PCS/I. Judge Golniewicz signed this order on 3/29/00.

The computer docket for 4/10/00 shows Judge Nello P. Gamberdino imposing a 3-year prison term consecutive to the sentence in 99C44060401. Handwritten notes

on the file jacket show the same sentence for counts 2 & 3. A document entitled Notification of Felony Final Disposition shows Judge Golniewicz imposing a 3-year DOC sentence upon a guilty plea for DCS. Another document entitled Order of Sentence and Commitment to Illinois Department of Corrections shows the same sentence for the offenses of DCS and PCS. Judge Golniewicz also signed this document.

The contradictions and discrepancies in these records make it impossible to know what happened with Mr. Turner in his brief appearance in court on March 29, 2000. There is no evidence of a constitutionally sufficient guilty plea and there is certainly no evidence that any sort of trial occurred. Left unanswered by these records is why, on November 19, 1999, he would negotiate a plea bargain with immediate sentencing in just one case, but continue to contest the other case. The preponderance of the evidence does not support the conclusion that Mr. Turner suffered a drug trafficking conviction in Case No. 99CR1646101 as stated in ¶ 48 of the preliminary PSIR.

Respectfully submitted,

ROBERT S. BERGER, P.C.

s/ Robert S. Berger
Robert S. Berger
P.O. Box 201088

5

Denver, Colorado  80220-7088
Telephone: (303) 436-1596
FAX: 1-866-811-7712
robberger@qwestoffice.net

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on April 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record:

and I hereby certify that I have mailed or served the foregoing to the following non CM/ECF participants:

MELVIN TURNER


/s/ Robert S. Berger
Robert S. Berger
PO Box 201088
Denver, Colorado  80220
Telephone: (303) 436-1596
robberger@qwestoffice.net