1030

1    IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF COLORADO
2
     Criminal Action No. 14-cr-0231-WJM-1
3
     UNITED STATES OF AMERICA,
4
         Plaintiff,
5
     vs.
6
     RICKY GARRISON,
7
         Defendant.
8    ------------------------------------------------------------
9
                   REPORTER'S TRANSCRIPT
10                 (Jury Trial - Day 6)
                      VOLUME VII
11   ------------------------------------------------------------
12       Proceedings before the HONORABLE WILLIAM J. MARTINEZ,
13   Judge, United States District Court for the District of
14   Colorado, commencing at 8:49 a.m., on the 28th day of
15   February, 2017, in Courtroom A801, United States
16   Courthouse, Denver, Colorado.
17
                        APPEARANCES
18
         ZACHARY H. PHILLIPS and CELESTE B. RANGEL, Assistant
19   U.S. Attorney, 1801 California Street, Suite 1600, Denver,
     Colorado 80202, appearing for the plaintiff.
20
         MILLER M. LEONARD, Miller Leonard, P.C. 14143 Denver
21   West Parkway, Suite 100, Golden, Colorado 80401 and
         SEAN M. McDERMOTT, McDermott Stuart & Ward, LLP, One
22   Sherman Place, 140 East 19th Avenue, Suite 300, Denver,
     Colorado 80203, appearing for the defendant.
23
24                MARY J. GEORGE, FCRR, CRR, RMR
               901 19th Street, Denver, Colorado 80294
25        Proceedings Reported by Mechanical Stenography
                Transcription Produced via Computer

1       P R O C E E D I N G S

2           (Call to order of the court outside the presence of

3   the jury at 8:49 a.m.)

4           THE COURT:  All right.  The record will reflect

5   that the counsel for the Government as well as the

6   Government's case agent is present, the defendant is

7   present in the courtroom, as well as his counsel.

8           Are we ready to bring in the jury?

9           MR. PHILLIPS:  Yes, Your Honor.

10          MR. LEONARD:  Yes, Your Honor.  Thank you.

11          THE COURT:  All right.  Let's bring them in.

12          (Jury was present at 8:52 a.m.)

13          THE COURT:  Welcome back, ladies and gentlemen of

14   the jury, to day 6 of our jury trial.

15          The record will reflect that all 12 jurors are

16   present and accounted for.  We're going to send you back in

17   a moment to resume your deliberations.

18          Mr. Durdy, it's apparent from the message or the

19   questions we've been receiving that you are the foreperson.

20   I understand there were technical difficulties with the

21   laptop yesterday playing the CDs.  Has that all been

22   resolved?

23          JURY FOREPERSON:  Yes, I believe it has been.

24          THE COURT:  All right.  Very well.  The jury is

25   sent back to the deliberation room to continue

1    deliberations.   Thank you.

2         (Jury left the proceedings at 8:53 a.m.)

3         THE COURT:   I realize that yesterday I neglected

4    to tell all of you that it's my practice to ask counsel to

5    remain within 15 minutes of the courthouse.   I don't know

6    if it makes a difference.   I didn't mention that yesterday,

7    but that will hold for today.   So within 15 minutes so we

8    can get to their questions or the verdict as soon as they

9    get it to us.

10        All right.   We will be in recess.

11        (Recess at 8:54 a.m.)

12        (In open court outside the presence of the jury at

13   9:46 a.m.)

14        THE COURT:   All right.   The record will reflect

15   that the Government's counsel is present, along with the

16   case agent; the defendant is present in the courtroom,

17   along with his lawyers.

18        Two more questions from the jury.   First one, a

19   note to the Court:   We, the jury, have a question.   Is

20   there any charge regarding the firearms, question mark.

21   Dated today, February 28th, 2017, at 9:32, signed by the

22   foreperson, Mr. Durdy.

23        Second question:   Note to the Court:   We, the

24   jury, have a question.   We would like a dictionary.   I

25   guess that's not a question, it's a request.   Dated, again,

1    today, February 28th, 2017, at 9:25, signed by the

2    foreperson.

3         Let's start with the dictionary one.  It's sort of

4    the same thing we discussed yesterday.  It's my practice if

5    the parties agree to it, they stipulate to it, I'll give

6    the jury a dictionary.  If they don't, then they won't get

7    it.

8         So what's the Government's position?

9         MR. PHILLIPS:  Your Honor, we have talked.  I know

10   that defense counsel wouldn't stipulate to it and I don't

11   think giving the jury a dictionary is appropriate; however,

12   going back to yesterday's question, I think the Court could

13   still instruct them what detectable:

14        Is from an Oxford dictionary.  And we do have that

15   definition for the Court.  Defense counsel hit on that

16   exact topic throughout their case as well, especially

17   during their closing, and hasn't expressed any type of

18   prejudice that it would be towards the jury to have that

19   word defined for them.

20        THE COURT:  All right.  So who's going to address

21   this?  Mr. Leonard.  So first of all, you don't stipulate

22   to a dictionary going back?

23        MR. LEONARD:  No, Your Honor.

24        THE COURT:  And have you changed your mind at all

25   about your position with respect to the definition for the

1    word "detectable"?

2         MR. LEONARD:  No, we have not.  And I don't know

3    if you need me to go --

4         THE COURT:  You stand on your prior argument?

5         MR. LEONARD:  We do.

6         THE COURT:  All right.  Well, based on that, I'm

7    not going to change my ruling yesterday.  And so the

8    response to this request is, I'll say something:

9    Unfortunately, the Court cannot provide the jury with a

10   dictionary.

11        Does the Government have any objection to that

12   response?

13        MR. PHILLIPS:  Your Honor, the other thing I would

14   request is that maybe the Court add something in there, see

15   if they're still hung up on the same word:  If there's any

16   particular words from the jury instructions you wish

17   defined, please share those with the Court.

18        THE COURT:  Well, I think that's -- that's not

19   going to lead us anywhere if we have defense counsel that's

20   going to fight you on the defining any word.  They're going

21   to come back with, can you define "the" and I don't know

22   that Mr. Leonard would agree to let me give them a

23   definition.  So --

24        MR. PHILLIPS:  And, of course, definitions aren't

25   up to defense counsel, they're up to Your Honor.

1    THE COURT:  I know, I know, but my position is

2    that unless there's a stipulation from counsel, I'm not

3    going to allow it.  I think there is -- there is some merit

4    to the point that had "detectable" -- the definition of the

5    word been at issue during the trial or raised during

6    argument, that counsel may have approached his argument

7    differently regarding that word.  And so I'm very wary and

8    cautious about changing what the jury has before them

9    midstream, in the middle of their deliberations, unless

10   there's a stipulation.

11   So you're not getting any -- let me get that -- I

12   believe I characterized it correctly, or accurately:  The

13   defendant is not going to stipulate to the definition of

14   any word?

15   MR. LEONARD:  That's correct, Your Honor.

16   THE COURT:  All right.  Okay.  Does the -- I'll go

17   back to my question to the Government.  Does the Government

18   have any objection to this answer to this request?

19   MR. PHILLIPS:  Not as far as what we've just

20   requested.

21   THE COURT:  Okay.  Does the defendant have any

22   objection?

23   MR. LEONARD:  No, Your Honor.

24   THE COURT:  All right.  All right.  The second one

25   I think is just an easy response.  No.  Do either counsel

1    feel we should add anything else?

2              MR. PHILLIPS:  No, that's fine.

3              THE COURT:  Okay.  Mr. Leonard?

4              MR. LEONARD:  I think that's the appropriate

5    answer.

6              THE COURT:  Okay.  Obviously what's happening is

7    they're confused because there are firearms that are

8    exhibits, we've referenced them, they know it, and they're

9    not seeing any firearm count in the -- so probably we

10   should have -- I should have asked you whether we would --

11   the Government would withdraw the firearms as exhibits

12   because your firearm charge isn't in there anymore.

13             But -- so that's my view is that's why they are

14   confused and why they're asking this question, but they'll

15   just have to deal with their confusion.

16             Okay.  No.  All right.

17             We'll be in recess until we have any further

18   questions or a verdict from the jury.

19        (Proceedings concluded at 9:53 a.m.)

20

21

22                  *     *     *     *     *

23                  REPORTER'S CERTIFICATE

24

25        I certify that the foregoing is a correct transcript

1037

1   from the record of proceedings in the above-entitled

2   matter.

3        Dated at Denver, Colorado, this 16th day of May, 2017.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25