1    IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF COLORADO
2
     Criminal Action No. 14-cr-0231-WJM-1
3
     UNITED STATES OF AMERICA,
4
     Plaintiff,
5
     vs.
6
     RICKY GARRISON,
7
     Defendant.
8    ------------------------------------------------------------
9
                    REPORTER'S TRANSCRIPT
10                   (Jury Trial - Day 8)
                       VOLUME IX
11   ------------------------------------------------------------
12        Proceedings before the HONORABLE WILLIAM J. MARTINEZ,
13   Judge, United States District Court for the District of
14   Colorado, commencing at 8:50 a.m., on the 2d day of March,
15   2017, in Courtroom A801, United States Courthouse, Denver,
16   Colorado.
17
                          APPEARANCES
18
          ZACHARY H. PHILLIPS and CELESTE B. RANGEL, Assistant
19   U.S. Attorney, 1801 California Street, Suite 1600, Denver,
     Colorado 80202, appearing for the plaintiff.
20
          MILLER M. LEONARD, Miller Leonard, P.C. 14143 Denver
21   West Parkway, Suite 100, Golden, Colorado 80401 and
          SEAN M. McDERMOTT, McDermott Stuart & Ward, LLP, One
22   Sherman Place, 140 East 19th Avenue, Suite 300, Denver,
     Colorado 80203, appearing for the defendant.
23
24             MARY J. GEORGE, FCRR, CRR, RMR
           901 19th Street, Denver, Colorado 80294
25         Proceedings Reported by Mechanical Stenography
              Transcription Produced via Computer

1    P R O C E E D I N G S

2         (Call to order of the court outside the presence of

3    the jury at 8:50 a.m.)

4         THE COURT:  All right.  We're back on the record.

5    The record will reflect that the attorneys for the

6    Government are present, as is one of the Government's

7    agents.  The record will also reflect that the attorneys

8    for the defendant, as well as the defendant, are present in

9    the courtroom.

10        All right.  Let's bring in the jury.

11        (Jury was present at 8:51 a.m.)

12        THE COURT:  Good morning, ladies and gentlemen of

13   the jury.  Welcome back to day 8 of our jury trial.

14        The record will reflect that all 12 persons of the

15   jury are present and accounted for and in the courtroom.

16   We'll now let you return to the jury room to continue your

17   deliberations.

18        (Jury left the courtroom.)

19        THE COURT:  All right.  We will be in recess until

20   we have another question from the jury or a verdict.

21        (Recess 8:54 a.m.)

22        (In open court outside the presence of the jury at

23   10:58 a.m.)

24        THE COURT:  All right.  We're back on the record.

25   The record will reflect that the lawyers for the Government

1    and the Government's agent are present in the courtroom;

2    the defendant is present in the courtroom, along with his

3    attorneys.

4            I have received another note from the jury.  It

5    states:  We, the jury, have a question:  We have been

6    unable to come to a unanimous decision on one of the

7    counts.  We have deliberated on this particular count

8    yesterday from three to four hours and today two hours.  We

9    are stuck.  What's the next step?

10           Dated today, March 2d, 2017.  There's no time

11   noted on there.  Signed by the foreperson.

12           I have distributed to -- I've had distributed to

13   counsel some *Allen* charges alternatives, but we don't

14   necessarily have to go there yet.  I want input from

15   counsel as to what counsel believes -- or how counsel

16   believes this question should be responded to.

17           If counsel believes that we are at the point of an

18   *Allen* charge, then I'll take argument from counsel as to

19   which of these two model *Allen* charges we should use.

20           I'll hear from the Government first.

21           MR. PHILLIPS:  Your Honor, we believe that we are

22   to the point of an *Allen* charge.  I mean, this jury has

23   been unique in the sense that they have been out a long

24   time now.  With that said, they appear to be fine and, you

25   know, you don't see the tears and so forth that you

1    sometimes see --

2            THE COURT:  Right.

3            MR. PHILLIPS:  -- with juries.  Because of that,

4    we believe that we are at an *Allen* point, although, quite

5    frankly, in discussing this, we almost kind of said, Well,

6    geez, even if he reads the *Allen*, it may be worth the

7    Court's time after reading the *Allen* to say, is this really

8    going to help you?  Because they have been out so long.

9            And we'd have no objection to the model 1.42 Tenth

10   Circuit jury instruction, which is, I guess, your model

11   charge No. 2.

12           THE COURT:  Okay.  And what exactly did you mean,

13   Is this going to help you?

14           MR. PHILLIPS:  Meaning, after reading this

15   instruction to them, to say, Hey, we're going to send you

16   back, but to actually maybe ask the foreperson -- you know,

17   because by the look of their note, they've been stuck on

18   this particular count for anywhere between five and six

19   hours, which is a long time already, and I think they are a

20   very conscientious jury.  They've shown that themselves.

21           THE COURT:  Well, wouldn't me reading the *Allen*

22   charge and then asking immediately thereafter, Well, is

23   this going to do any -- make a difference, wouldn't I be

24   taking away whatever effect it could have on the jury?

25   Just, you know, sucking the air out of the balloon right

1  after I've blown it up?

2       MR. PHILLIPS:  That may, Your Honor, given that

3  fact.  And -- so maybe -- we would not object to, and we

4  think it's probably time, for -- not probably, it is time

5  for the modified *Allen* 1.42.

6       THE COURT:  Okay.  So your Government's preference

7  is the Tenth Circuit pattern instruction -- *Allen*

8  instruction, the model 2 in my memo here?

9       MR. PHILLIPS:  We would agree with that.  I think

10  it's the safest way.

11       THE COURT:  All right.  I'll hear from the

12  defendant.

13       MR. McDERMOTT:  Your Honor, actually, after

14  reviewing these, we agree.  We would prefer the Tenth

15  pattern modified *Allen*.

16       With respect to the suggestion that Mr. Phillips

17  made, as he was making it to us, we -- we don't necessarily

18  disagree, and I guess this is kind of a question as much of

19  an answer:  Would there be any utility in asking the

20  foreperson, to get a sense of where they are, before the

21  modified *Allen* is read to them?

22       THE COURT:  And --

23       MR. McDERMOTT:  And the only reason -- I'm sorry,

24  Judge, I cut you off.

25       THE COURT:  Go ahead.

1    MR. McDERMOTT:  The only reason I said that is I

2  do agree with Mr. Phillips, you noticed their demeanor

3  during their deliberations, it appears that they have been

4  very thoughtful and respectful to each other's opinions.

5  They're, as Mr. Phillips said, not in tears, they have

6  taken everything very seriously.

7    THE COURT:  Right.

8    MR. McDERMOTT:  And I'm fine with the modified

9  *Allen*.  I just wonder if maybe an inquiry before it's given

10  may have some utility.  And I'm happy to stay here as long

11  as we need to stay here.

12    THE COURT:  Here's my concern about an inquiry.

13  We can't -- we can't predict, and we can't put the

14  toothpaste back in the tube in terms of whatever --

15  whatever comes out of Mr. Durdy's mouth.  Something may

16  come out that we don't -- we shouldn't -- or don't want to

17  hear --

18    MR. McDERMOTT:  Okay.

19    THE COURT:  And recall my instruction where I have

20  instructed them not to tell -- give us any sense of how

21  they're voting or which count it is.  I'm -- I'm concerned

22  about doing that.  I'm also -- I'm also concerned about the

23  mixed messages we would be giving the jury if we give them

24  an *Allen* charge and then say, Oh, but do you think it's

25  going to make any difference anyway?

1     My major question -- my main concern here was, do

2     the parties agree we're at the point to give an *Allen*

3     charge?  And it sounds like you both agree.  And I agree,

4     too -- I mean, we're into our fourth day; if this isn't the

5     point, then when is, right?

6     Secondly, does everybody agree -- actually just

7     read it -- have the jury come out and read it as opposed to

8     printing it out and giving it to them?  I think if we did

9     the latter, I very, very quickly, like three minutes worth

10    of reviewing some cases I had on this, one of the big

11    issues on appeal with *Allen* charges is if it's excessively

12    coercive of the jury -- and I don't think we want to go

13    down that road -- and if it's sitting there in written form

14    staring at them, one of you -- you know, you may argue

15    that, you know, as this -- to have it in front of them --

16    are we agreed that we would just bring them out and I read

17    it?

18    MR. PHILLIPS:  I believe that is the best

19    practice.

20    THE COURT:  Yeah, I think so, too.  Do you agree?

21    MR. McDERMOTT:  The defense is okay with that,

22    too, Your Honor.

23    THE COURT:  All right.  The other -- because

24    here's another point in terms of, at least, not trying.  I

25    will -- I'm not at a point that I'm going to say it's going

1   to be futile to give it to them -- give them this charge.

2   But I don't want to be in a situation where I don't give it

3   to them, or -- where I give it to them and don't give them

4   an opportunity to make an honest effort to see if they can

5   resolve their difference -- their difference.  If they

6   can't, they can't.

7            And then obviously folks need to be thinking about

8   what happens to the next -- when we get the next note that

9   says, We still can't do it, you know.

10           I know some judges have done -- have read an *Allen*

11  charge twice.  I don't know that I want to do that.  But

12  start thinking about where we're going to be if we have to

13  deal with this again a second time.

14           Anything else that counsel think we need to talk

15  about before I bring them back in and read them the

16  modified *Allen* charge?

17           MR. PHILLIPS:  Nothing on behalf of the

18  Government.  Thank you, Your Honor.

19           THE COURT:  All right.  For the defendant?

20           MR. McDERMOTT:  I -- just a question, Your

21  Honor.

22           THE COURT:  Yeah.

23           MR. McDERMOTT:  And I have no idea how long they

24  will be.  If we go into the lunch hour, are they going to

25  work and deliberate through lunch or are they going to take

1    a break?

2         THE COURT:   They've asked -- they requested lunch

3    at 11:30.   So they will be work -- we will bring them out

4    here, lunch will come in a few minutes, they will work

5    through lunch as they have in prior days.

6         MR. McDERMOTT:   Okay.

7         THE COURT:   I think we have to leave to their

8    judgment as to whether they feel that they just really are

9    totally past and there's nothing left to be done.

10        MR. McDERMOTT:   Okay.   Mine was purely

11   informational so that we can plan our --

12        THE COURT:   Oh, I see what you're saying.   I got

13   it, got it, got it.   I think we can safely assume

14   they'll -- their impasse will remain at least through

15   lunch, right, so they eat their lunch.   And then we'll see

16   what happens after that in terms of how quickly they

17   conclude that there's no -- there's nothing to be changed.

18        All right.   So, Deb, let's -- why don't we get the

19   bailiff to have all 12 jurors come back in.

20        I want to make perfectly clear on the record, you

21   both are in agreement that I will read model charge No. 2;

22   is that correct?

23        MR. PHILLIPS:   Yes, Your Honor.

24        THE COURT:   Okay.   The defendant?

25        MR. McDERMOTT:   Yes, Your Honor.

1    THE COURT:  Okay.

2         (Jury was present at 11:10 a.m.)

3         THE COURT:  All right, ladies and gentlemen of the

4    jury, I assume you're all familiar with the note that your

5    foreperson has delivered to me.

6         We -- I've had an occasion to discuss your note

7    with the lawyers and I -- what I'm going to do now is I'm

8    going to read another instruction to you.  You're not going

9    to get it in writing back in -- to take back in the room

10   with you.  So you'll only hear it once orally from me now,

11   so pay careful attention to this.  And this is being

12   given -- this is generally the procedure the law requires

13   when we get a note of the type that we've received from

14   you.  All right?

15        Members of the jury, I am going to ask that you

16   return to the jury room and deliberate further.  I realize

17   that you are having some difficulty reaching a unanimous

18   agreement, but that is not unusual.  Sometimes, after

19   further discussion, jurors are able to work out their

20   differences and agree.

21        This is an important case.  If you should fail to

22   agree upon a verdict, the case is left open and must be

23   tried again.  Obviously, another trial would require the

24   parties to make another large investment of time and

25   effort, and there is no reason to believe that the case can

1    be tried again by either side better or more exhaustively

2    than it has been tried before you.

3              You are reminded that the defendant is presumed

4    innocent and that the Government, not the defendant, has

5    the burden of proof, and it must prove the defendant guilty

6    beyond a reasonable doubt.

7              Those of you who believe that the Government has

8    proved the defendant guilty beyond a reasonable doubt

9    should stop and ask yourself -- ask yourselves if the

10   evidence is really convincing enough, given that other

11   members of the jury are not convinced.  And those of you

12   who believe that the Government has not proved the

13   defendant guilty beyond a reasonable doubt should stop and

14   ask yourselves if the doubt you have is a reasonable one,

15   given that other members of the jury do not share your

16   doubt.  In short, every individual juror should reconsider

17   his or her views.

18             It is your duty, as jurors, to consult with one

19   another and deliberate with a view towards reaching an

20   agreement, if you can do so without violence to individual

21   judgment.

22             Each of you must decide the case for yourself, but

23   do so only after an impartial consideration of the evidence

24   with your fellow jurors.

25             In the course of your deliberations, do not

1   hesitate to re-examine your own views and change your

2   opinion if you are convinced it is erroneous, but do not

3   surrender your honest conviction as to the weight or effect

4   of evidence solely base -- solely because of the opinion of

5   your fellow jurors for the mere purpose of returning a

6   verdict.

7        What I have just said is not meant to rush or

8   pressure you into agreeing on a verdict.  Take as much time

9   as you need to discuss things.  There is no hurry. I will

10  ask you now that you retire once again and continue your

11  deliberations with these additional comments in mind to be

12  applied, of course, in conjunction with all of the other

13  instructions I have previously given to you.

14        And that it's my understanding that you're going

15  to be getting lunch in about 15 minutes.

16        All right.  You are now released to return back to

17  the room to continue your deliberations.

18       (Jury left the courtroom at 11:14 a.m.)

19        THE COURT:  Okay.  We will be in recess until we

20  get another question or a verdict from the jury.

21       (Recess at 11:15 a.m.)

22                    AFTERNOON SESSION

23       (In open court outside the presence of the jury at

24  1:17 p.m.)

25        THE COURT:  All right.  Since we were last

1    together, I've called one of my colleagues on the bench.

2    Mr. Hawkins has been very busy doing research to try to get

3    a handle on what is obviously a very unusual situation and

4    how we should approach it and deal with it from here

5    forward.  And I believe Mr. Hawkins has already briefly

6    summarized what we believe the case law and Rule 31(b)(2)

7    speaks to and directs us to do.

8         So it's my view that if the jury chooses to, it

9    can return a partial verdict on all counts other than the

10   count that it's deadlocked on.  The rule is pretty clear,

11   but our circuits don't want to leave a very clear rule

12   unmuddled, so, of course, they weigh in with some other

13   points that we have to deal with.  And apparently the issue

14   is -- or what it comes down to is I can't direct them to

15   return a partial verdict, that is entirely their decision

16   whether they want to return a partial verdict at all.  And

17   if they do want to return a partial verdict, whether they

18   tell us they're at an impasse and stop deliberating on the

19   remaining count or that they choose to continue to

20   deliberate on the count that they're deadlocked on after

21   returning their partial verdict.

22        So we put together this supplemental jury

23   instruction that you have before you.  And I wanted to get

24   counsel's input on this.  This has -- this is the annotated

25   one.  This is difficult enough that I'm not -- I don't plan

1    to just read it to them, I'm going to give them copies of

2    it as well, an unannotated copy, of this instruction.  But

3    I don't plan to do that until we get another note from

4    them.

5         But I called you back here now because they must

6    be getting tired and I didn't want to get a note from them

7    and then have this discussion while they're waiting for us

8    to figure out what we're going to do next.

9         So I wanted us to have this discussion first, get

10   our viewpoints, make our record, put on your objections, if

11   you have any, hammer out what will be the instruction we're

12   going to give them when they come back -- because either

13   they're going to come back and they've worked out their

14   differences and they've got a verdict on all counts, in

15   which case all of this will have been academic, but not

16   time wasted, because the next time it comes around I'll

17   know exactly how to deal with this.

18        But assuming they come back and say, Judge, we're

19   still deadlocked, on whichever count it is that they're

20   deadlocked on, I wanted to be ready to -- with an

21   instruction that tells them exactly what they can do.

22        I have, actually, once I have looked at this

23   again, a couple of tiny edits, Brian, that I wanted to make

24   that I want counsel to consider when they're making their

25   comments and their record.

1    I -- think on the second page, the second line, we

2   should be consistent and have opening and close parens

3   around "s" and "counts."  And then the last sentence, I

4   propose that we insert the words, "if you choose not to

5   return a partial verdict at all, please send me a note

6   stating this as much."

7    Because I want it to be clear in their mind they

8   have the choice -- because that's what the cases say in our

9   research -- and if you have different research, I'll give

10  you a moment to make your record -- but like I said, the

11  first choice is return a partial verdict or not.

12    If they choose the first option, to return a

13  partial verdict, they have two choices within that first

14  choice:  to return the partial verdict and tell us they are

15  at an impasse and would prefer not to continue deliberating

16  the deadlocked count, or return a partial verdict and they

17  choose to continue to deadlock -- to deliberate on the

18  deadlock count.

19    What is clear from the cases, and what we wanted

20  to reflect here, is that if they choose the second option,

21  that when they go back into that room, the counts that

22  are -- that were dealt with and accounted for in the

23  partial verdict are off the table.  They don't -- they no

24  longer continue to deliberate on the counts that are

25  reflected in the partial verdict; they only go back to

1    deliberate as to the deadlocked count.

2        With the -- on the first option, I -- we put in

3    this clause, which I may not necessarily do -- I don't want

4    it -- I'll tell counsel now, and the parties, that if they

5    choose option No. 1, theoretically I could still send them

6    back to continue to deliberate the deadlocked count, but

7    I'm not going to do that.  But I didn't want to tell them

8    specifically, "I'm not going to tell you to go back," but I

9    wanted to leave it -- while I'm leaving it open-ended, that

10   they understand that I'm probably not going to send them

11   back if they choose the first option.

12       But if they choose the second option of -- that

13   are within the returning of a partial verdict, the initial

14   choice, the second option they'll know they're going back

15   only if they choose to and only as to the deadlocked count.

16       All right.  I've said my peace for now.  Let me

17   hear from the Government.

18       MR. PHILLIPS:  Your Honor, we agree with the

19   Government -- or with the Court's plans.  It's been a long

20   week.

21       THE COURT:  Yes.

22       MR. PHILLIPS:  I think this instruction reads

23   well.  And we made the notes that the Court noted.  We

24   would say that we would like to thank Brian Hawkins for all

25   he's done for the past several days on this case, and he's

1    been very helpful, and this looks like a great

2    instruction.

3            THE COURT:  He has been.  I'll echo that.

4            So you have no objection to this instruction?

5            MR. PHILLIPS:  No objection.  No objection to the

6    plan the Court just laid out.

7            THE COURT:  Okay.  Can I hear from the defendant?

8            MR. LEONARD:  Your Honor, we don't have an

9    objection to the instruction.  We would like -- with a

10   caveat, we would like to read the cases.  I'm quite certain

11   the cases are as they're stated, but I am not familiar with

12   those cases right away and if we would have any difference,

13   we would notify the Court immediately.  But the -- it looks

14   good to us.

15           THE COURT:  What if we do this:  What if you

16   contingently state that you have no objection --

17           MR. LEONARD:  That's just fine, Your Honor.

18           THE COURT:  -- subject to you having an objection

19   before we get a note from the jury based on your review of

20   the case law?

21           MR. LEONARD:  That is stated better -- that's how

22   I should have stated it and we agree.

23           THE COURT:  Okay.  And do you agree with my -- the

24   oral edits that I proposed?

25           MR. LEONARD:  We do.

1    THE COURT:  All right.  So we will make the oral

2    edits I proposed.  We'll bring back out to you an annotated

3    copy of the instruction -- a nonannotated copy.  We'll have

4    12 copies of the unannotated instruction ready to take back

5    to the deliberation room and ready as soon as we get some

6    kind of note from the jury.

7    All right.  We'll be in recess until then.

8    (Recess at 1:27 p.m.)

9    (In open court outside the presence of the jury at

10   4:20 p.m.)

11   THE COURT:  All right.  The record will reflect

12   that the attorneys for the Government and one of the

13   Government's agents is present in the courtroom; the

14   defendant is present in the courtroom, as are his

15   attorneys.

16   At 4:02 this afternoon, March 2d, 2017, I received

17   the following note:  We, the jury, have reached a verdict.

18   Signed by Mr. Durdy, the foreperson.

19   All right.  Let's bring in the jury.

20   (Jury was present at 4:22 p.m.)

21   THE COURT:  All right.  Welcome back, ladies and

22   gentlemen of the jury.  I've been informed by a note from

23   the foreperson of the jury that you have reached a verdict

24   in this case.

25   Mr. Durdy, will you please rise.  And let me ask

1    you, has the jury reached a unanimous verdict in this case?

2              THE FOREPERSON:  Yes, Your Honor, we have.

3              THE COURT:  Okay.  And have you, as the jury

4    foreperson, signed and dated the verdict form?

5              THE FOREPERSON:  Yes, Your Honor, I have.

6              THE COURT:  All right.  Will you please hand the

7    verdict form to the bailiff who will hand it to me.

8              Okay.  I will now read the verdict.

9              In the matter of criminal case No. 14 cr 231-WJM,

10   United States of America versus, plaintiff, versus

11   defendant No. 1, Ricky Garrison, defendant.

12             Verdict form.  Count 1:  We, the jury, upon our

13   oaths, unanimously find the defendant, Ricky Garrison, as

14   to conspiracy to distribute and possess with the intent to

15   distribute a mixture and substance containing a detectable

16   amount of cocaine, cocaine base, or methamphetamine:

17   Guilty.

18             If you find the defendant not guilty of conspiracy

19   to distribute and possess with the intent to distribute a

20   mixture and substance containing a detectable amount of

21   cocaine, cocaine base, or methamphetamine, please skip

22   Questions 1A through 3A and proceed to the next question.

23             If you find the defendant guilty of conspiracy to

24   distribute and possess with intent to distribute a mixture

25   and substance containing a detectable amount of cocaine,

1    cocaine base, or methamphetamine, please answer the

2    following questions.

3          Question 1A:  We, the jury, upon our oaths,

4    unanimously find the defendant, Ricky Garrison, as to

5    conspiracy to distribute and possess with intent to

6    distribute at least 500 grams but less than 5 kilograms of

7    a mixture or substance containing a detectable amount of

8    cocaine:  Not guilty.

9          Question 1B:  I'll read the whole form.  If your

10   answer to Question No. 1A is guilty, please skip to

11   Question 1B and proceed to Question 2.  If your answer to

12   Question No. 1A is not guilty, please answer the following

13   question.

14         The jury then appropriately went to answer

15   Question 1B.  We, the jury, upon our oaths, unanimously

16   find the defendant, Ricky Garrison, as to conspiracy to

17   distribute and possess with intent to distribute a quantity

18   less than 500 grams of a mixture or substance containing a

19   detectable amount of cocaine:  Guilty.

20         Question 2A:  We the jury, upon our oaths,

21   unanimously find the defendant, Ricky Garrison, as to

22   conspiracy to distribute and possess with intent to

23   distribute more than 28 grams but less than 280 grams of a

24   mixture or substance containing a detectable amount of

25   cocaine base:  Not guilty.

1    If your answer to Question 2A is guilty, please

2    skip to Question 2B and proceed to Question 3.  If your

3    answer to Question 2A is not guilty, please answer the

4    following question.

5    The jury then appropriately went to Question 2B:

6    We, the jury, upon our oaths, unanimously find the

7    defendant, Ricky Garrison, as to conspiracy to distribute

8    and possess with intent to distribute less than 28 grams of

9    a mixture or substance containing a detectable amount of

10   cocaine base:  Guilty.

11   Question 3A:  We, the jury, upon our oaths

12   unanimously find the defendant, Ricky Garrison, as to

13   conspiracy to distribute and possess with intent to

14   distribute less than 500 grams of a mixture or substance

15   containing a detectable amount of methamphetamine:  Guilty.

16   Count 2:  We, the jury, upon our oaths,

17   unanimously find the defendant Ricky Garrison, in Count 2:

18   Not guilty.

19   Count 3:  We, the jury, upon our oaths,

20   unanimously find the defendant, Ricky Garrison, in Count 3:

21   Not guilty.

22   Count 4:  We, the jury, upon our oaths,

23   unanimously find the defendant, Ricky Garrison, in Count 4:

24   Guilty.

25   Count 5:  We, the jury, upon our oaths,

1    unanimously find the defendant, Ricky Garrison, in Count 5:

2    Guilty.

3            Count 6:  We, the jury, upon our oaths,

4    unanimously find the defendant, Ricky Garrison, in Count 6:

5    Not guilty.

6            Count 7:  We, the jury, upon our oaths,

7    unanimously find the defendant, Ricky Garrison, in Count 7:

8    Guilty.

9            Count 8:  We, the jury, upon our oaths,

10   unanimously find the defendant, Ricky Garrison, in Count 8:

11   Guilty.

12           Count 9:  We, the jury, upon our oaths,

13   unanimously find the defendant, Ricky Garrison, in Count 9:

14   Not guilty.

15           Count 10:  We, the jury, upon our oaths,

16   unanimously find the defendant, Ricky Garrison, in Count

17   10:  Not guilty.

18           Count 11:  We, the jury, upon our oaths,

19   unanimously find the defendant, Ricky Garrison, in Count

20   11:  Guilty.

21           Count 12:  We, the jury, upon our oaths,

22   unanimously find the defendant, Ricky Garrison, in Count

23   12:  Not guilty.

24           Count 13:  We, the jury, upon our oaths,

25   unanimously find the defendant, Ricky Garrison, in count

1    13:  Guilty.

2            Count 14:  We, the jury, upon our oaths,

3    unanimously find the defendant, Ricky Garrison, in Count

4    14:  Not guilty.

5            Count 15:  We, the jury, upon our oaths

6    unanimously find the defendant, Ricky Garrison, in Count

7    15:  Guilty.

8            Count 16:  We, the jury, upon our oaths,

9    unanimously find the defendant, Ricky Garrison, in Count

10   16:  Guilty.

11           Count 17:  We, the jury, upon our oaths,

12   unanimously find the defendant, Ricky Garrison, in Count

13   17:  Not guilty.

14           Count 18:  We, the jury, upon our oaths,

15   unanimously find the defendant, Ricky Garrison, in Count

16   18:  Not guilty.

17           Count 19:  We, the jury, upon our oaths,

18   unanimously find the defendant, Ricky Garrison, in Count

19   19:  Not guilty.

20           Count 20:  We, the jury, upon our oaths,

21   unanimously find the defendant, Ricky Garrison, in Count

22   20:  Not guilty.

23           Count 21:  We, the jury, upon our oaths,

24   unanimously find the defendant, Ricky Garrison, in Count

25   21:  Not guilty.

1    Count 22:  We, the jury, upon our oaths,

2    unanimously find the defendant, Ricky Garrison, in Count

3    22:  Guilty.

4    Count 23:  We, the jury, upon our oaths,

5    unanimously find the defendant, Ricky Garrison, in Count

6    23:  Guilty.

7    Count 24:  We, the jury, upon our oaths,

8    unanimously find the defendant, Ricky Garrison, in Count

9    24:  Guilty.

10   Count 25:  We, the jury, upon our oaths,

11   unanimously find the defendant, Ricky Garrison, in Count

12   25:  Guilty.

13   Count 26:  We, the jury, upon our oaths,

14   unanimously find the defendant, Ricky Garrison, in Count

15   26:  Guilty.

16   Count 27:  We, the jury, upon our oaths,

17   unanimously find the defendant, Ricky Garrison, in Count

18   27:  Not guilty.

19   Count 28:  We, the jury, upon our oaths,

20   unanimously find the defendant, Ricky Garrison, in Count

21   28:  Not guilty.

22   Count 29:  We, the jury, upon our oaths,

23   unanimously find the defendant, Ricky Garrison, in Count

24   29:  Not guilty.

25   Count 30:  We, the jury, upon our oaths,

1    unanimously find the defendant, Ricky Garrison, in Count

2    30:  Guilty.

3           Count 31:  We, the jury, upon our oaths,

4    unanimously find the defendant, Ricky Garrison, in Count

5    31:  Guilty.

6           Count 32:  We, the jury, upon our oaths,

7    unanimously find the defendant, Ricky Garrison, in Count

8    32:  Not guilty.

9           Count 33:  We, the jury, upon our oaths,

10   unanimously find the defendant, Ricky Garrison, in Count

11   33:  Not guilty.

12          Count 34:  We, the jury, upon our oaths,

13   unanimously find the defendant, Ricky Garrison, in Count

14   34:  Not guilty.

15          Count 36:  We, the jury, upon our oaths,

16   unanimously find the defendant, Ricky Garrison, in Count

17   36:  Not guilty.

18          Count 37:  We, the jury, upon our oaths,

19   unanimously find the defendant, Ricky Garrison, in Count

20   37:  Not guilty.

21          Count 38:  We, the jury, upon our oaths,

22   unanimously find the defendant, Ricky Garrison, in Count

23   38:  Not guilty.

24          Count 39:  We, the jury, upon our oaths,

25   unanimously find the defendant, Ricky Garrison, in Count

1070

1    39:  Guilty.

2           Count 40:  We, the jury, upon our oaths,

3    unanimously find the defendant, Ricky Garrison, in Count

4    40:  Guilty.

5           Count 41:  We, the jury, upon our oaths,

6    unanimously find the defendant, Ricky Garrison, in Count

7    41:  Guilty.

8           Count 42:  We, the jury, upon our oaths,

9    unanimously find the defendant, Ricky Garrison, in Count

10   42:  Guilty.

11          Count 43:  We, the jury, upon our oaths,

12   unanimously find the defendant, Ricky Garrison, in Count

13   43:  Not guilty.

14          Count 44:  We, the jury, upon our oaths,

15   unanimously find the defendant, Ricky Garrison, in Count

16   44:  Not guilty.

17          Count 45:  We, the jury, upon our oaths,

18   unanimously find the defendant, Ricky Garrison, in Count

19   45:  Not guilty.

20          Count 46:  We, the jury, upon our oaths,

21   unanimously find the defendant, Ricky Garrison, in Count

22   46:  Not guilty.

23          The form is dated today, March 2d, 2017; time,

24   4:02 p.m.; signed by the jury foreperson, Mr. Durdy.

25          Is there a request by the Government for me to

1    poll the jury?

2         MR. PHILLIPS:  No, Your Honor.  Thank you.

3         THE COURT:  All right.  Is there a request from

4    the defendant for me to poll the jury?

5         MR. LEONARD:  No, Your Honor.

6         THE COURT:  All right.  Thank you.

7         All right, ladies and gentlemen, you have now

8    completed your duties as jurors in this case and you are

9    discharged with the considerable thanks of the Court.  The

10   parties, the lawyers, and I appreciate greatly your time,

11   your efforts, and your service that you have provided to us

12   in these past eight days on the jury.  You have earned our

13   significant thanks and appreciation for your contribution

14   that you have made over the course of these last eight days

15   to promoting and sustaining our system of justice in this

16   case.

17        I hope you're not in too much of a hurry to leave

18   us because I ask, for those of you who can, to stay in the

19   jury deliberation room for a few more minutes as I would

20   like to join you, along with my law clerk, Mr. Hawkins, I

21   want to give you the Court's certificate of appreciation

22   for your service in this trial, and to chat with you for a

23   few moments about your experience in this case.

24        You're now probably wondering whether you can talk

25   about this case with anyone now that you're done.  I should

1  tell you that the local rules of this court prohibit the

2  parties in this case from speaking with you.  I have,

3  however, given the lawyers in this case permission to speak

4  with those of you who wish to speak with them.  And for

5  those of you who wish to speak to the lawyers after I'm

6  done meeting with you and giving you your certificates, and

7  it's entirely up to you, you may come back into the

8  courtroom and chat with the lawyers, give them your

9  feedback about this trial.

10         The discussion with the lawyers will only take

11  place in this courtroom after you're done in the

12  deliberation room with me.  And once you leave the

13  courtroom, the lawyers are prohibited from trying to

14  contact you again after that.

15         Apart from that, you may talk with anyone about

16  your service to the extent that you wish.  And it's

17  entirely up to you and it's entirely your decision.

18         You may talk with others as much or as little as

19  you like about your deliberations or the facts that

20  influenced your decision.  If anyone persists in trying to

21  speak with you over your objection and that you don't want

22  to speak with someone and someone, for some reason, wants

23  to speak with you and persists and wishes to speak with

24  you, please contact us -- contact Ms. Hansen, she'll let me

25  know, and I'll make sure that something is done about that.

1     All right.  The jury is now discharged.

2          (Jury left the courtroom at 4:37 p.m.)

3          THE COURT:  All right.  Please have a seat.  The

4     defendant is referred to the United States Probation Office

5     for preparation of a presentence investigation report.  The

6     probation office shall conduct a presentence investigation

7     and submit a presentence investigation report to me as

8     required by Rule 32.

9          Counsel, you should take out your calendars and

10    we'll set a sentencing hearing.  I'm looking at Wednesday,

11    June 14 at 9:30 a.m.  Does that work for the Government?

12         MR. PHILLIPS:  Yes, Your Honor.  Thank you.

13         THE COURT:  All right.  Does that work for the

14    defendant?

15         MR. LEONARD:  Your Honor, Mr. McDermott has a

16    trial that week in -- if we could pick another day, we

17    would appreciate it.

18         THE COURT:  All right.  All right.  I'm looking at

19    Friday, June 30th, at 9:30.  Does that work for the

20    Government?

21         MR. PHILLIPS:  Yes, Your Honor.

22         THE COURT:  Does that work for the defendant?

23         MR. LEONARD:  It does, Your Honor.  Thank you.

24         THE COURT:  All right.  Sentencing hearing is

25    hereby set for Friday, June 30th, 2017, at 9:30 a.m.

1    So I know the lawyers wanted to speak with the
2    jurors because you asked for leave to do so.  After the
3    length of time they have been out, I don't know how many of
4    them are going to have the energy to come back out here,
5    but one thing I do want to tell you is you should probably
6    count on it being at least 30 minutes before they come out
7    here.
8    I had a trial once where the lawyers waited 10 or
9    15 minutes, and the jurors had come out, and they left.
10   And the jurors came out here to speak with the lawyers and
11   the lawyers were all gone, if you could believe that.  So
12   if you want to speak with the jurors, stick around.
13   All right.  Is there anything further from the
14   Government at this time?
15   MR. PHILLIPS:  No.  Thank you, Your Honor.
16   THE COURT:  All right.  Anything further from the
17   defendant?
18   MR. LEONARD:  Briefly, Your Honor.  Just I do this
19   as a matter of custom.  Mr. Garrison does not wish to speak
20   with the probation department unless his lawyers are
21   present and has invoked his right to remain silent.  We'll
22   contact -- or we'll be available to contact the probation
23   officer to make sure we coordinate their schedules to meet
24   with them at the GEO facility for the interview of our
25   client.

1075

1    THE COURT:  Yeah.  That's perfectly fine.  Just

2  let the probation officer know.  And I think that's

3  probably more frequently the case than not, what you just

4  described.

5    MR. LEONARD:  I think it is, I just -- I make a

6  record of it, just to be --

7    THE COURT:  Yeah.  And given that we're scheduling

8  the sentencing hearing fairly far out as compared to other

9  sentencing hearings I'm doing now, I'm setting other

10  sentencing hearings in mid-May right now, so you'll have

11  plenty of time to coordinate that with the probation

12  officer.

13    Beyond that, is there anything further from the

14  defendant?

15    MR. LEONARD:  No.  Thank you, Your Honor.

16    THE COURT:  All right.  Okay.  The defendant's

17  remanded to the custody of the United States Marshal, and

18  this trial's concluded.

19    (Proceedings concluded at 4:42 p.m.)

20

21    *    *    *    *    *

22    REPORTER'S CERTIFICATE

23

24    I certify that the foregoing is a correct transcript

25  from the record of proceedings in the above-entitled

1076

1    matter.

2         Dated at Denver, Colorado, this 17th day of May, 2017.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25