**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**


Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,
                    Plaintiff,

v.


#1 RICKY GARRISON,
                    Defendant.

_____


## Defendant's Presentence Report Objections

_____


COMES NOW, Ricky Garrison, Defendant, by and through counsel, and hereby files the following objections to the Presentence Report prepared by the United States Probation Office for the District of Colorado.


1.   Defendant objects to the characterization on page 1 of the PSR wherein it intimates that the defendant was found guilty of Count 1 of the Superseding Indictment as charged.  Mr. Garrison was not found guilty of Count 1 of the Superseding Indictment, rather, he was found guilty of the lesser-included, non-mandatory minimum charge and the PSR should be changed to reflect this fact. First, by changing the offense to the actual finding of guilt, the PSR will

accurately reflect the jury verdict. Perhaps more importantly, as the PSR will be conveyed to the Bureau of Prisons, it is necessary that the document not misrepresent the charge that Mr. Garrison was, in fact, found guilty of by a jury. Mr. Garrison was not found guilty of any mandatory minimum charge and the PSR should make this fact clear.

2.  Defendant objects to page 2 wherein it indicates that Mr. Garrison was arrested on May 28, 2014. Mr. Garrison was arrested on May 23, 2014. Mr. Garrison was arrested and taken into custody during the execution of a search warrant on May 23, 2014.

3.  Paragraph 1, pg. 4, again, mistakenly indicates that Mr. Garrison was convicted of the mandatory minimum drug amounts as found in the Superseding Indictment. He was not convicted of the mandatory minimum drug amounts in Count 1. The jury specifically rejected the mandatory minimum drug amounts argued by the government.

4.  Defendant objects to any characterization of the offense conduct as outlined in ¶'s 5 through 58. Defendant acknowledges that within the offense conduct section of the report there is a section outlining the defendant's sentencing arguments as previously filed, however, the purpose of those arguments was to respond to the government's Sentencing Statement. Defendant, therefore, objects to any characterization of the offense conduct that prescribes guilt and asserts his innocence to all charges pending the outcome of his appellate rights. Further, paragraphs 5 through 58 misstate the scope of the alleged conspiracy;

paragraphs 5 through 58 misstate the amount of alleged drugs transacted; these paragraphs misstate the testimony received during the trial.

5.  Defendant objects to ¶ 7, pg. 6 wherein it relates the alleged relationship between Mr. Garrison and Mr. Martinez. These facts were not established at trial.   This paragraph asserts that Mr. Martinez was the main supplier of methamphetamine for Mr. Garrison, again, a factual assertion not established at trial. The Government also never presented evidence of Mr. Edwards or Mr. Tillmon having dealings with Mr. Garrison.

6.  Defendant objects to the facts contained in ¶'s 12,13, and 14 on pg. 7.  None of these codefendants testified as to the facts alleged in these paragraphs.

7.  Defendant objects to the facts as outlined in ¶ 16, pgs. 7-8. The defendant does not believe that these alleged facts were proven at trial.  Mr. Taylor was not a credible witness. It is impossible to base any drug quantity estimates based upon his testimony, or for that matter, any of the co-defendant's testimony.

8.  Defendant objects to the facts contained in ¶ 36, pg. 12.  The jury acquitted Mr. Garrison of each and every distribution charge.  Further, there is no evidence that that Mr. Garrison "typically distributes to Tillmon", nor did Mr. Tillmon or Ms. Wimbush even testify at the trial.  There is also no evidence, nor testimony, that Mr. Tillmon distributed to Mr. Painter.  Finally, this paragraph asserts that Mr. Garrison was distributing marijuana in Michigan. However, there was no evidence presented on this matter, no finding of guilt as to this allegation, nor was this even charged.

9.  Defendant objects to ¶ 35, page 13 in its entirety. Furthermore, the implication behind this paragraph is unfairly prejudicial.

10. Defendant objects to ¶ 37, pg. 12. Everything in this paragraph is unfounded.

11. Defendant objects to ¶ 39, pg. 13.  The facts alleged in this paragraph were not presented at trial; no evidence supports the contentions contained in this paragraph.

12. Defendant objects to ¶ 40, pg. 13.  The facts alleged in this paragraph were not presented at trial; no evidence supports the contentions contained in this paragraph.

13. Defendant objects to ¶ 41, pg. 13.  The facts alleged in this paragraph were not presented at trial; no evidence supports the contentions contained in this paragraph.

14. Defendant objects to ¶ 43, pg. 13.  Crack cocaine was also seized at Mr. Vigil's residence along with firearms.  Mr. Vigil did not see his sentence enhanced due to the firearm(s).

15. Defendant object to ¶ 44, pg. 13.  There is no evidence to support the facts alleged in this paragraph.

16. Defendant objects to ¶ 46, pg. 13.  The facts alleged in these paragraphs were not presented at trial; no evidence supports the contentions contained in these paragraphs.  Mr. Poole did not testify and there are no facts that demonstrate that Mr. Poole and Mr. Garrison even had a relationship.

17. Defendant objects to ¶ 47, pg. 13-14.  The facts alleged in this paragraph were not presented at trial; no evidence supports the contentions contained in this

paragraph.  Mr. Ramirez did not testify and there are no facts that demonstrate that Mr. Ramirez and Mr. Garrison even had a relationship.

18. Defendant objects to ¶ 48 and 49, pg. 14.  The facts alleged in this paragraph were not presented at trial; no evidence supports the contentions contained in this paragraph.  Mr. Beardsley and Mr. Turner did not testify and there are no facts that demonstrate that Mr. Garrison had a relationship with either individual.

19. Defendant objects to the conclusion found in ¶ 58, pg. 15 wherein the defendant is denied two (2) points for acceptance of responsibility pursuant to U.S.S.G. §3E1.1.  The government, having overcharged this case, gave the defendant only one choice: go to trial.  Thus, Mr. Garrison has preserved constitutional and statutory challenges to wiretap evidence, including material omission to the Court regarding one of the confidential informers, and he has, by going to trial, vindicated his position that the government position was an overreach.  The trial result vindicated the defendant's contention that the case was overcharged.

   a.  U.S.S.G. §3E1.1.  App. Note 2 specifically addresses when a Defendant may still receive the reduction for acceptance of responsibility after going to trial.

   This may occur, for example where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g. to make constitutional challenges to a statute or a challenge to the applicability of a statue to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

   U.S.S.G. §3E1.1., App. Note 2.

   b. Defendant contends that this application note applies to his case due to the fact that the government charged conduct that was not

attributable to the defendant.   In so doing, the government gave the defendant no choice but to take his case to trial.

20. Defendant objects to ¶ 60, pg. 15.   Again, the PSR misstates Count 1 and indicates that Mr. Garrison was convicted of a mandatory minimum charge.

21. Defendant objects to the base offense level calculation contained in ¶ 63, pg. 15.   The highest base level offense possible is offense level 22 due to the findings made by the jury.   Defendant asserts that there is insufficient evidence before the Court to make a finding of a base level offense of 30.

22. Defendant objects to ¶ 68 and ¶ 71, pg. 16.   The defendant contends that his total offense level is 20.

23. Defendant objects to ¶ 73, pg. 18.   Defendant asserts that he was not convicted of a felony.   He was convicted of a misdemeanor.   Thus, no points should be attributed to this conviction.

24. Defendant objects to ¶ 74, pg. 18.   He was not convicted of this event.   No points should be assigned.

25. Defendant objects to ¶ 74 and 76, pgs. 18 and 19.   The defendant contends that each of these convictions are subject to U.S.S.G. §4A1.2(c)(2) in that they are local ordinance violations and that zero (0) points should be assessed for these convictions.

26. Defendant objects to ¶ 76, pg. 19.   There was no jail assigned to this conviction.

27. Defendant objects to ¶ 80, pg. 20.   He was not placed on probation.   He never went to court on this matter as the entire matter was handled through the mail.

28. Defendant objects to ¶ 87, pg. 22.  He was arrested on May 23, 2014.  He had finished his probation obligation of 24 hours of community service.

29. Defendant objects to ¶ 90 and 92, pg. 23.  Defendant contends that his subtotal criminal history score is 5 and his total criminal history score is 7.  Defendant contends that his total criminal history score establishes a criminal history category of IV.

30. Defendant contends that he is subject to U.S.S.G.§ 4A1.3(b) that allows for a downward departure of his criminal history category.  Defendant notes that none of his prior convictions are violent in nature and the criminal sentence that he was serving was for DWAI.  The DWAI conviction assesses an additional two (2) points to the defendant's criminal history.  Defendant asserts that he should be assessed as having a criminal history category of III.

31. Defendant objects to ¶ 130, pg. 28.  Defendant asserts that his total offense level is 20 and his criminal history category should be III.   The resulting guideline imprisonment range for offense level 20 with a criminal history category III is 41 to 51 months.  This calculation is based upon the adjusted offense level starting at level 22 that is the highest drug amounts allowable under the jury verdict.

32. Defendant objects to his being characterized as a gang member on page R-4 and anyplace else in the pre-sentence report.   There was no evidence put forward to support such a contention.

33. Defendant objects to special conditions of supervised released as found in ¶'s 1,2,3, and 4 on pgs. R-2 and 3.  Defendant objects to these proposed conditions for the following reasons:

   a.  The proposed conditions violate 18 U.S.C. ¶ 3553(d) in that the proposed conditions are a greater deprivation of his liberty than is reasonably necessary.

   b.  The conditions are not reasonably related to the factors set forth in 18 U.S.C.§ 3553.

   c.  Mr. Garrison is indigent.  Any conditions mandating that she pay the costs associated with treatment are unduly burdensome and constitute an unreasonable hardship to him.

   d.  The requests contained in these paragraphs amount to impermissible delegations.  "Article III's grant of authority over cases and controversies to the courts limits the courts' ability to delegate federal judicial power to non-Article III persons or entities (citing *United States v. Pruden*, 398 F.3d 241, 250 (3d Cir. 2005)))." *U.S. v. Mike*, 632 F.3d 686, 692 (10th Cir. 2011). "For instance, Article III prohibits a judge from delegating the duty of imposing the defendant's punishment to the probation officer. *See, e.g., United States v. Kent*, 209 F.3d 1073, 1078 (8th Cir. 2000). " *U.S. v. Mike*, 632 F.3d 686, 695 (10th Cir. 2011).

Wherefore, for the reasons stated herein, defendant requests the Court uphold his objections to the PSR.

8

DATED at Denver, Colorado this 9th day of June 2017.

Respectfully submitted,

*/s/ Miller Leonard*
Miller Leonard, Esq., #41029
14143 Denver West Parkway, Suite 100
Golden, CO 80403
Ph:     (720) 613-8783
Cell:   (303) 907-9516
Fax:    (720) 613-8782
Email:  Miller@themillerleonardlawfirm.com
ON BEHALF OF DEFENDANT GARRISON


/s/ Sean McDermott
McDermott Stuart & Ward LLP
One Sherman Place
140 East 19th Avenue, Suite 300
Denver, CO 80203
303-832-8888
303-863-8888 (fax)
smcdermott@mswdenver.com


## CERTIFICATE OF SERVICE,

I hereby certify that on the 9th day of June, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in the case.


Miller Leonard