IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RICKY GARRISON,

    Defendant.

---

GOVERNMENT RESPONSE TO DEFENDANT'S PRESENTENCE REPORT OBJECTIONS
(DOC. NO. 1352)

---

THE UNITED STATES OF AMERICA, by Acting United States Attorney Robert C. Troyer, through the undersigned Assistant U.S. Attorney, hereby respond to the Defendant's Presentence Report Objections (Doc. No. 1352).

For ease, the Government will respond to each of the Defendant's objections by using the same paragraph number as used by the Defendant in Doc. No. 1352.

1.    The Government contends that the Defendant was found guilty of the Conspiracy count alleged in Count One; however, the jury did not find an amount that requires a mandatory minimum sentence.

2.    The Government agrees the Defendant was arrested on May 23, 2014.

3.    The Government contends that the Defendant was found guilty of the Conspiracy count alleged in Count One; however, the jury did not find an amount that requires a mandatory minimum sentence.

4. The Defendant's objection in paragraph 4 is overly broad and lacks specificity which would allow a thorough and complete response. However, the Government believes the outlined conduct as described by United States Senior Probation Officer Gary Kruck is fair and accurate in paragraphs 5 – 58 of the presentence report. The Defendant's objection should be denied.

5. The Government contends that Mr. Martinez was the Defendant's main supplier of methamphetamine as discovered by investigating agents and officers during the course of the conspiracy. This sentencing Court can consider evidence and facts not presented at trial in order to sentence the Defendant. This Court can take judicial notice of the defendant's complete file in determining a sentence. The Defendant here (and many places throughout Defendant's Presentence Report Objection) argues that certain facts or evidence were either not presented at trial or were not found by the jury at trial. Such an assertion is legally incorrect. In determining a sentence, Title 18 U.S.C. § 3553(a) lays out numerous factors the court is to consider prior to imposing a sentence. Many of these factors are of such a nature that they would never be presented or admitted at a trial. Further, the Court may consider additional facts where the court finds those facts proven by a preponderance of the evidence, a burden much lower than a jury finding of beyond a reasonable doubt. *See United States v. Booker*, 125 S.Ct. 738 (2005). The Defendant's objection should be denied.

6. The Defendant's objection is misguided. A Court is not merely limited to what a witness may testify to at trial. A court can consider evidence and facts not presented at trial. A court must consider the factors outlined in 18 U.S.C. § 3553(a) as well as facts the court finds proven by a preponderance of the evidence. The Defendant's objection should be denied.

7. A court is not limited to facts proven to a jury beyond a reasonable doubt. The burden for sentencing purposes is a preponderance of the evidence. A court must consider the factors outlined in 18 U.S.C. § 3553(a) as well as facts the court finds proven by a preponderance of the evidence. The Defendant's objection should be denied.

8. A court is not limited to facts proven to a jury beyond a reasonable doubt. The burden for sentencing purposes is a preponderance of the evidence. A court must consider the factors outlined in 18 U.S.C. § 3553(a) as well as facts the court finds proven by a preponderance of the evidence. The Court's file and the discovery available to probation and the Court establishes these facts by a preponderance of the evidence. The Defendant's objection should be denied.

9. The information in paragraph 35 on page 12 are true and accurate. The Defendant's objection should be denied.

10. The information in paragraph 37 on page 12 are true and accurate. The Defendant's objection should be denied.

11. The information in paragraph 39 on page 12 are true and accurate and were established by a preponderance of the evidence. The Defendant's objection should be denied.

12. The information in paragraph 40 on page 13 are true and accurate. The Defendant's objection should be denied.

13. The information in paragraph 41 on page 13 are true and accurate. The Defendant's objection should be denied.

14. The information in paragraph 43 on page 13 are true and accurate. The Defendant's objection should be denied.

15. The information in paragraph 44 on page 13 are true and accurate. The Defendant's objection should be denied.

16. The information in paragraph 46 on page 13 are true and accurate. The Defendant's objection should be denied.

17. The information in paragraph 47 on pages 13-14 are true and accurate. The Defendant's objection should be denied.

18. The information in paragraphs 48 and 49 on page 14 are true and accurate. The Defendant's objection should be denied.

19. This objection should be denied. The Defendant has made no showing of acceptance of responsibility. The Court has no evidence to determine that the "defendant has accepted responsibility . . . based primarily upon pre-trail statements and conduct." U.S.S.G. § 3E1.1 App. Note 2. This footnote does not apply to the Defendant. It is only where a "defendant clearly demonstrates acceptance of responsibility for his offense" that a defendant qualifies for acceptance of responsibility under U.S.S.G. U.S.S.G. § 3E1.1(a). Here, the Defendant has not demonstrated in any way an acceptance of responsibility. This objection should be denied.

20. The Government contends that the Defendant was found guilty of the Conspiracy count alleged in Count One; however, the jury did not find an amount that requires a mandatory minimum sentence.

21. The evidence available to the Court clearly establishes by a preponderance of the evidence that the Defendant is at least an offense level 30 and the Defendant's objection should be denied.

22. The evidence available to the Court clearly establishes by a preponderance of the evidence that the Defendant is at least an offense level 30 and the Defendant's objection should be denied.

23. The evidence and available criminal history as well as NCIC for the Defendant establishes the Defendant's conviction discussed in paragraph 73 on page 18. The Defendant's objection offers no evidence to contradict this finding and the Defendant's objection should be denied.

24. The evidence and available criminal history as well as NCIC for the Defendant establishes the Defendant's conviction discussed in paragraph 74 on page 18. The Defendant's objection offers no evidence to contradict this finding and the Defendant's objection should be denied.

25. The evidence and available criminal history as well as NCIC for the Defendant establishes the Defendant's conviction discussed in paragraphs 74 and 76 on page 18. The Defendant's objection offers no evidence to contradict this finding and the Defendant's objection should be denied.

26. In determining points for criminal history calculation, U.S.S.G. § 4A1.1(c) instructs to "add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection." Although there was no jail assigned to this conviction, it still counts as 1 point under U.S.S.G. § 4A1.1. Imposition of jail is not a requirement under this subsection. The Defendant's objection should be denied.

27. The evidence and available criminal history as well as NCIC for the Defendant establishes the Defendant's conviction discussed in paragraph 80 on page 20. The Defendant's

objection offers no evidence to contradict this finding and the Defendant's objection should be denied.

28. The evidence and available criminal history as well as NCIC for the Defendant establishes the Defendant's conviction discussed in paragraph 87. Further, the evidence regarding the offense clearly shows the Defendant was on probation at the time of his arrest as well as during the course of the conspiracy. The Defendant's objection offers no evidence to contradict this finding and the Defendant's objection should be denied.

29. The Defendant's criminal history category is properly calculated by probation as established in the presentence report. Defendant's objection should be denied.

30. The Government objects to the Defendant's request for a downward departure.

31. The Probation Department has properly calculated the Defendant's criminal history and the Defendant's objection should be denied.

32. The discovery and evidence available to the court establishes that the Defendant is a gang member. The Defendant's objection should be denied.

33. The Government agrees with USPO Gary Kruck's proposed special conditions and believe the Defendant should be subject to these special conditions.

Respectfully submitted this 19th day of June, 2017.

                                        ROBERT C. TROYER
                                      United States Attorney

By:  *s/Zachary Phillips*
      ZACHARY PHILLIPS
      Assistant United States Attorney
      U.S. Attorney's Office
      1801 California St., Suite 1600
      Denver, CO 80202
      Telephone:   (303) 454-0118
      Fax:   (303) 454-0401
      e-mail:   zachary.phillips@usdoj.gov
      Attorney for the Government

CERTIFICATE OF SERVICE

       I hereby certify that on this 19th day of June, 2017, I electronically filed the foregoing GOVERNMENT RESPONSE TO DEFENDANT'S PRESENTENCE REPORT OBJECTIONS (DOC. NO. 1352) using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

       *s/Maggie E. Grenvik*
       Maggie E. Grenvik
       Legal Assistant