**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RICKY GARRISON,

    Defendant.

## RESPONSE TO DEFENDANT'S MOTION TO STRIKE [ECF #1371]

The United States, through its representatives Zachary Phillips and Celeste Rangel, Assistant United States Attorneys for the District of Colorado, hereby responds to the defendant's Motion to Strike.  For the following reasons, the government respectfully requests that the defendant's motion be denied.

The defendant is scheduled to be sentenced on June 30, 2017.  On June 19, 2017, the defendant filed a motion for a variant sentence [ECF #1362].  On June 23, 2017, the government filed a response in opposition to the motion for a variant sentence [ECF #1370].  On June 27, 2017, the defendant filed a motion to strike parts of the government's response to the motion for a variant sentence [ECF #1371].  The defendant argues that this Court should not consider arguments put forth in the government's response pertaining to the investigation into an Adams County homicide of a cooperator against the defendant, of which he is considered a suspect, and the Northern District of Georgia's indictment of several Gangster's Disciples, about which the government believes the defendant has information.  The defendant also moves to

strike any reference to the defendant's refusal to cooperate in this case or the Northern District of Georgia's case.

This Court should consider the information put forth in the government's response and deny the defendant's motion for a variant sentence. "[N]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Title 18, United States Code, § 3661. It is well established law that a sentencing court should, in sentencing an individual offender, be allowed to consider not only the actions underlying the crime of conviction, but the offender's history and personal characteristics, in order to fashion a justice sentence. *See, e.g.*, *Pepper v. United States*, 562 U.S. 476, 487-88 (2011) ("Consistent with this principle, we have observed that 'both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge should exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law.'") (quoting *Williams v. New York*, 337 U.S. 241, 246 (1949)); *United States v. Shepherd*, 739 F.2d 510, 515 (10th Cir. 1984) (The sentencing judge may properly consider uncorroborated hearsay evidence that the defendant has had an opportunity to rebut or explain.); United *States v. Beaulieu*, 893 F.2d 1177, 1179 (10th Cir. 1990) ("no constitutional, statutory, or procedural rule" barred the sentencing court from considering testimony from a separate trial at sentencing); USSG § 6A1.3.

The Federal Rules of Evidence do not apply to sentencing.  Fed. R. Evid. 1101(d)(3).  Therefore, "*any* information may be considered, so long as it has 'sufficient indicia of reliability to supports its probable accuracy.'"  *Beaulieu*, 893 F.2d at 1180 (quoting *United States v. Marshall*, 519 F.Supp. 751 (D.C.Wis. 1981), *aff'd* 719 F.2d 887 (7th Cir.1983) (emphasis added).  Courts should not consider unreliable allegations.  *Id.* (citing *United States v. Weston*, 448 F.2d 626 (9th Cir. 1971)).  The Court determines the reliability of the information and the defendant does not have an absolute right to confront witnesses before a court can consider the information provided.  *Id.*

A defendant must be given "adequate notice of an opportunity to rebut or explain information that is used against him" in order to ensure that he is not sentenced on the basis of "misinformation of a constitutional magnitude."  *Id.* (internal citations omitted). "As it pertains to hearsay information, due process requires that the information used have 'some minimal indicium of reliability beyond mere allegations.'"  *Id.* (quoting *United States v. Sunrhodes*, 831 F.2d 1537, 1542 (10th Cir. 1987).

The defendant seeks to strike this Court's consideration of an ongoing investigation of the defendant into his involvement in a homicide of a cooperator against the defendant.  The defendant has not been charged in the homicide case.  The relevancy of this information as it pertains to sentencing is not whether or not the defendant actually committed the crime, but rather, as articulated in the government's response, the fact that the cooperating defendants in this case *believe* that the defendant was involved in the murder of a cooperator and yet they still cooperated against him.  The point of this information is that the defendant seeks the same

sentence as cooperating defendants who took responsibility for their actions and testified against the defendant, despite their beliefs as to his dangerousness and the risk their cooperation posed to their safety and lives.  This is absolutely appropriate information for this Court to consider in determining whether or not to grant the defendant's motion for a variant sentence.

Moreover, the fact that the defendant has been the subject of an ongoing investigation provides sufficient indicia of reliability to the cooperators' beliefs.  This is more than just rumors spread throughout the jails or on the streets; this is information law enforcement is actively pursuing, though, again, the defendant has not been charged for any homicide.  The cooperators' beliefs are appropriate information for this Court to consider at sentencing.

As to the government's belief that the defendant has knowledge of the Northern District of Georgia's prosecution of Gangster Disciples, the relevancy of this information is to distinguish the defendant from the cooperators in this case.  This information does not contain any information delineated in Fed. R. Evid. 410, but is based on the defendant's known membership in the Gangster Disciples gang and information provided by the Northern District of Georgia's prosecution team.  The defendant seeks to benefit from cooperation he has not provided by asking for the same sentence as cooperating co-defendants.  The information relating to the indictment of Gangster Disciples is provided for that reason only and can be properly considered by this Court at sentencing.

For the reasons provided above, the defendant's Motion to Strike should be denied and the Court should consider the information provided by the government at the sentencing on June 30, 2017.

Dated this 28th day of June, 2017.

Respectfully submitted,

                ROBERT C. TROYER
                Acting United States Attorney

BY:   s/ Zachary Phillips
       Assistant United States Attorney
       Zachary.Phillips@usdoj.gov

       s/ Celeste Rangel
       Assistant United States Attorney
       Celeste.Rangel@usdoj.gov

       United States Attorney's Office
       District of Colorado
       1801 California St, Suite 1600
       Denver, CO 80202
       Telephone (303) 454-0100
       Fax (303) 454-0405
       Attorneys for the Government

## **CERTIFICATE OF SERVICE**

I certify that on this 28th day of June, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case

By: *s/Diana Brown*
     Legal Assistant
     United States Attorney's Office