IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,
        Plaintiff,

v.

#1 RICKY GARRISON,
        Defendant.

_____

**Unopposed Motion to Continue Sentencing;
Defendant's Request for Discovery [1]**

_____

COMES NOW, Ricky Garrison, Defendant, by and through counsel, and hereby files this Unopposed Motion to Continue his sentencing hearing schedule for June 30, 2017. Defendant further requests that the Court order the government to produce discovery as to the issue outlined in this motion. In support of this motion, defendant states the following:

1. The government filed a response to defendant's request for a non-guideline sentence (Doc. #1370).

---

[1] The Motion to Continue is unopposed; the Request for Discovery is subject to the position outlined by the parties in ¶ 23.

1

2. Within the government's response, the government alluded to unsubstantiated allegations concerning the defendant, namely that Mr. Garrison is the subject of a murder investigation, that he has information concerning an Atlanta federal RICO indictment, and that many of the cooperating codefendants are scared of Mr. Garrison.

3. Defendant moved to strike any and all allegations as asserted in Doc. #1370, pgs. 3-7.  The basis for the defendant's motion was that the allegations are unsupported, unsubstantiated, and lacks any indicia of reliability.  Further, the defense has not been provided any discovery regarding the alleged murder, cooperating codefendant's fear, or RICO charges, and, as a result, cannot properly defend such allegations.

4. The defense further asserted in Doc. #1371, ¶ 4, that F.R.E. 410 prohibits the introduction of any of the plea negotiations contemplated by the defense and the government and moves to strike any reference to such negotiations from Doc. #1370.

5. The government filed a Response to the Defendant's Motion to Strike, Doc. #1375.  The government asserted in Doc. #1375 three pertinent matters:
    a. The defendant is the subject of an on-going Adams County murder investigation;
    b. The cooperating codefendants believe that the defendant is dangerous because they believe that the defendant was involved in the Adams County murder;

    c. The defendant is a known member of the Gangster Disciples. The government buttresses their argument that the defendant is a member of the Gangster Disciples based upon information provided by the Northern District of Georgia's prosecution team.

### The Defense is Not Prepared to Refute the Government's Allegations

6. The defense is not prepared to refute the government's allegations as outlined in ¶ 5. The Sentencing Statement filed by the government did not contain the allegations as outlined in ¶ 5. Further, the PSR does not contain the allegations outlined in the PSR with the exception of a lone allegation of Mr. Garrison being a member of the Gangster Disciples on pg. 13, ¶ 37 of Doc. #1367. Nor does the government's Sentencing Statement or the PSR, Doc. #1367, assert that the cooperating codefendants are scared of Mr. Garrison because they believe he participated in the Adams County murder.

7. The defense believed, based upon an apparent misunderstanding, that Mr. Garrison was no longer a subject or target of the Adams County murder investigation.

8. The defense has no information, other than the government's assertions, that the cooperating codefendants are scared of Mr. Garrison because they believe that he participated in the Adams County murder.

9. The defense has no information that Mr. Garrison is a member of the Gangster Disciples except for the scant information that is contained in this case, which the defendant denies.

10. The defense has no information from the government concerning the on-going R.I.C.O. case out of the Northern District of Georgia.

11. The defense specifically objects to and does not concede the following:

    a. That Mr. Garrison participated in the Adams County Murder, either directly or as a conspirator;

    b. The cooperating codefendants are scared of Mr. Garrison because they believe that he participated in the Adams County murder;

    c. Mr. Garrison is a member of the Gangster Disciples.

12. The defense objects that the assertions of the government constitute sufficient indicia of reliability to support the probability of its accuracy. In fact, the defense, as stated above, specifically denies the allegations made by the government.

13. The defense filed its Motion to Strike promptly in order to allow all parties to understand its position. The government, arguing to allow the allegations to be considered at sentencing, prompts the defense to file this motion, unless, of course, the court grants the defendant's Motion to Strike.

## Argument

14. Even in the post-*Booker* advisory Guideline system, the Supreme Court expects each defendant's sentence to be subject to "thorough adversarial testing,"

including notice and meaningful opportunity to be heard.  *See Rita v. United States*, 551 U.S. 351, (citing *Burns v. United States*, 501 U.S. 129, 136 (1991)(due process requires the right to a full, formal, adversarial-style hearing before any person can be deprived of liberty of property.))  At present, without a continuance, defendant will be denied the right to both an adversarial hearing and due process, as the defendant needs additional time and information to contest the allegations asserted by the government.

15. Due process protects the right of a defendant to be sentenced on accurate information.  *See United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

16. At present, while the Supreme Court has yet to apply *Crawford* to sentencing hearings, the defense asserts that the Sixth Amendment right to confrontation exists and, in particular, in the post-*Booker* era, it does.  *See, e.g., United States v. Katzopoulos*, 437 F.3d 569, 575-6 (6th Cir. 2006)(noting that "[c]ourts have questioned the continuing validity of allowing testimonial hearsay at sentencing post-*Crawford* and post-*Booker*.")

17. Defendant further objects to the introduction of the allegations made by the government as such information is hearsay and does not have the requisite indicia of reliability required by the Due Process Clause.  *See United States v. Martinez*, 413 F.3d 239, 244 (2d. Cir. 2005)(citing cases for the proposition that the Due Process Clause requires some indicia of reliability for hearsay statements at sentencing.)

18. Defendant requires a continuance of his sentencing in order to preserve his right to effective counsel as guaranteed by the Sixth Amendment, his right to due process and fundamental fairness, as well as right to a proper, adversarial sentencing hearing.

### Request

19. Defendant requests a continuance of his sentencing hearing in order to prepare to meet the allegations made by the government: the defense needs time to conduct its own, independent investigation.

20. Defendant requests the Court order the government to produce any and all information and reports regarding the defendant's:

    a. Alleged involvement in the Adams County murder;

    b. The allegation that the cooperating codefendants are scared of Mr. Garrison due to his alleged involvement in the Adams County murder;

    c. Any information, either from the Northern District of Georgia, or otherwise, regarding the allegation that Mr. Garrison is a member of the Gangster Disciples.

21. The defense has conferred with the government regarding this motion. The government expressed a desire to proceed to sentencing; however, the government ultimately does not object to this continuance as the government recognizes that sentencing is a vital and important date for the defendant. Because of the importance of sentencing for the defendant and the

fact the defendant is detained, the government does not object to this continuance.

22. The defendant is in custody; there is no listed victim in this case; no party is prejudiced by a continuation of sentencing.

23. The defense has conferred with the government and the defense and government agree that if the continuance is granted, the parties should confer as to the requests for discovery and report to the Court at a date given by the Court regarding the outcome of such conference.

Wherefore, for the reasons stated herein, defendant requests the Court continue his June 30, 2017, sentencing hearing, and further, to Order the government and the defense to confer as to the discovery material requested and to report to the Court, by a date given by the Court, as to the outcome of the discovery conference between the parties.

DATED at Denver, Colorado this, 28th day of June 2017.

Respectfully submitted,

*/s/ Miller Leonard*
Miller Leonard, Esq., #41029
14143 Denver West Parkway, Suite 100
Golden, CO 80403
Ph:   (720) 613-8783
Cell:  (303) 907-9516
Fax:  (720) 613-8782
Email:  Miller@themillerleonardlawfirm.com
ON BEHALF OF DEFENDANT GARRISON


/s/ Sean McDermott
McDermott Stuart & Ward LLP
One Sherman Place
140 East 19th Avenue, Suite 300
Denver, CO 80203
303-832-8888
303-863-8888 (fax)
smcdermott@mswdenver.com


**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of June, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in the case.


Miller Leonard