# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,
                    Plaintiff,

v.

#1 RICKY GARRISON,
                    Defendants.

―――――――――――――――――――――――――――――――――――――――――

### DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

―――――――――――――――――――――――――――――――――――――――――

Ricky Garrison, by and through undersigned counsel, hereby requests the Court order his release from custody pending sentencing.   In support of this motion, Mr. Garrison states the following:

1.    On March 2, 2017, after a trial, the jury found Mr. Garrison guilty of Count One, conspiracy to possess and possession with intent to distribute cocaine, cocaine base and methamphetamine. The jury found Mr. Garrison not guilty of the mandatory minimum count as charged and submitted to the jury in Count One. In finding him not guilty of the mandatory minimum portion of Count One, the jury rejected a crucial aspect of the government's theory of the case: the amount of drugs transacted. In addition to

1

finding Mr. Garrison guilty of Count One, the jury found him guilty of 19 counts of using a communication device during the commission of a felony drug offense.

The jury found Mr. Garrison not guilty of all substantive charged distribution counts.  Mr. Garrison was also found not guilty of the alleged Mann Act violation.

The government, during the Rule 29 hearing, dismissed one count alleging a violation of 18 U.S.C. § 924(c) that had been added by the filing of the superseding indictment. The government, prior to trial, dismissed the one count alleging a violation of 18 U.S.C. § 922(g). Thus, the government while indicting the defendant on two firearms charges was unable to submit either charge to the jury and was forced to dismiss them before submission to the jury: one prior to trial and one at the Rule 29 hearing.

2.      Mr. Garrison has been incarcerated since the inception of this case having been arrested on May 28, 2014, and he remains incarcerating pending sentencing.   He is incarcerated pending sentencing at the Aurora Ice Contract Detention Center run by the GEO Group, which is a privately run prison.

3.      Mr. Garrison has indicated to the Court that he will request a sentence of time served at his sentencing hearing.  *See* Doc. #1362.

4.      Originally, Mr. Garrison was set for sentencing on June 30, 2017, and now he is set for sentencing on February 8, 2018.  Sentencing was continued at the request of the defendant to allow him to address the allegations raised by the government in the Government's Response to Defendant's Request for a Non-Guideline Sentence  (Doc. #1370).   Mr. Garrison denied the allegations by the government and does not believe

that these allegations suffice to demonstrate that he is either a flight risk or a danger to the community.

5.      Mr. Garrison is requesting that the Court release him pending sentence, with the conditions of an ankle monitor and half-way house residence.

<u>Legal Standard</u>

6.      A judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence be detained unless the judicial office finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of another person or the community if released.  *See* 18 U.S.§ 3143(a)(1).

7.      A judicial office determining whether or not to release a person found guilty of an offense and awaiting imposition of sentence is to apply the legal standards set forth in 18 U.S.C. § 3142(b) or (c) and must determine if such a person release pursuant to §3142(b) or (c) is not likely to flee or pose a danger to the safety of another person or the community, if released.  *See* 18 U.S.§ 3143(a)(1). To secure release after a guilty verdict, a defendant must rebut the presumption of detention with clear and convincing evidence that he is not a flight risk or a danger to any person or the community. See § 3143(a)(1) (imposing a "clear and convincing evidence" standard); Fed. R. Crim. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.").

<u>Argument</u>

8.      Mr. Garrison poses neither a risk to flee nor a danger to the safety of another person or the community if he is released pending sentencing.

9.      During Mr. Garrison's detention hearing, the court did not focus on the issue of flight as a basis for detention, rather the court focused on the issue of firearms and danger to community.   *See* Doc. #196, pgs. 16 and 17, Transcript of June 4, 2014, hearing before United States Magistrate Judge Kathleen Tafoya.

10.    Mr. Garrison was not convicted of any firearms charges.  He was convicted of a non-mandatory minimum drug conspiracy charge and 19 counts of using a communication device during the commission of a felony drug offense. These convictions do not point to Mr. Garrison being a danger to the community nor do they point to him being a flight risk.

11.    Mr. Garrison is requesting that he be released pursuant to 18 U.S.§ 3142(c). Specifically, he is requesting that he be released to a half-way house and that he be subject to an ankle monitor.

12.    Mr. Garrison has been detained in this case since its inception.  During that time period he has attended all court appearances; he has conducted himself in a professional manner; he has actively participated in his defense.  His conduct while in custody has been respectful.  He is neither a flight risk nor a danger to the community and the only argument to the contrary that can be made by the government is hearsay that lacks any indicia of reliability.

In fact, one of the key government arguments as to the danger and flight risk of Mr. Garrison is outlined in the Government's Response to Defendant's Request for a Non-Guideline Sentence (Doc. #1370). The government contends that Mr. Garrison is a suspect in an unsolved Adams County homicide. The homicide remains uncharged and the government has not provided any evidence to the Court connecting Mr. Garrison to this unsolved crime.

The Adams County homicide was addressed by the Court during the detention hearing on June 4, 2014. The Court seemed to give no credence to this line of argument as the Court agreed with defense counsel that if there was probable cause to arrest Mr. Garrison for the homicide it would have occurred. *See* Doc. #196, pg. 7, Transcript of June 4, 2014, hearing before United States Magistrate Judge Kathleen Tafoya. The defense reasserts that if there was probable cause to suspect Mr. Garrison's involvement in the homicide, he would be charged. He is not charged because there is neither probable cause nor reasonable suspicion.

The government also contends that Mr. Garrison is a member of a gang. This, too, was alleged in the Government's Response to Defendant's Request for a Non-Guideline Sentence (Doc. #1370). This allegation is disputed by Mr. Garrison. However, even assuming Mr. Garrison has some gang affiliation, Christopher Vigil who was known by the government to be a member of the East Side Oldies gang as well as having a firearm in his home while arrested was sentenced to 16 months in prison with an RDAP recommendation. *See* Inv. 1305, 1307, 1309, 1311, 1313, 1315, 1315, 1317 and 1337; Doc. #1380, Judgment for Christopher Vigil. Mr. Garrison, who has been

5

incarcerated since May 28, 2014, has been in custody far longer than 16 months.  And, while the government will point to Mr. Vigil's cooperation as a basis for his sentence, as the Court will recall, Mr. Vigil made anything but a good witness for the government and his 'cooperation' was marked by repeated violations of his pretrial release.

13.    Mr. Garrison is eager to obtain employment if released and intends, upon release, to pursuing a trade in the construction industry.   Mr. Garrison is a highly intelligent and capable individual and his continued incarceration at the GEO facility means that he is unable to attend any classes or trade courses.

14.    Mr. Garrison is motivated to pursue a trade if released. He is intent upon obtaining employment in order to assist his mother and daughter and his cousin who is seriously ill.[1] The fact that Mr. Garrison is motivated to obtain trade skills is demonstrative of his desire to avoid being a recidivist statistic.  For instance, *More Than a Job: Final Results from the Evaluation of the Center for Employment Opportunities (CEO) Transitional Jobs Program* found that individuals who were employed (as part of this program) were less likely to commit new crimes and the program as a whole reduced recidivism.   *See More Than a Job, Final Results from the Evaluation of the Center for Employment Opportunities (CEO) Transitional Jobs Program ,OPRE Report 2011-18, January 2012,* Office of Planning, Research and Evaluation (OPRE)

---

[1] Mr. Garrison is intent upon getting training for a job that he can use to help his mother and family, upon release.  Mr. Garrison is focused upon taking care of his mother who has lupus. Doc. #1367, pg. 24, ¶ 95.  He is also focused on helping his daughter and the rest of his family.  This is a positive view and outlook and indicates that Mr. Garrison has goals and aspirations and responsibilities he knows he needs to attend to upon release.  Mr. Garrison is particularly worried about his mother living in Flint, alone, and with her medical issues.

Administration for Children and Families, U.S. Department of Health and Human Services.

15.     Mr. Garrison wants to take positive steps that will make him a productive member of society. Mr. Garrison's request for release, pending sentencing, is his attempt to show to the Court, prior to sentencing, that he can find a job, stay clear of any criminal activity, and become a positive influence for his family and friends.

Wherefore, for the reasons stated herein, Mr. Garrison request the Court grant his pre-sentencing release pursuant to the terms and conditions outlined in this request.

Respectfully submitted and    DATED at Denver, Colorado this 21st day of November 2017.

Respectfully submitted,

/s/ Miller Leonard
14143 Denver West Pkwy., Suite 100
Golden, CO 80403
(720) 613-8783 Phone - Office
Attorney for Defendant
CO Reg. # 41029
millermleonard@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2017, I electronically filed the foregoing Motion and that a copy was delivered to all parties allowed to receive this motion by the District of Colorado's ECF filing system.

/s/ Miller Leonard