## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.   14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    RICKY GARRISON,

      Defendant.

---

## RESPONSE TO DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

---

The United States, through its representatives Zachary Phillips and Celeste Rangel, Assistant United States Attorneys for the District of Colorado, hereby responds to the defendant's motion for release pending sentencing.  For the following reasons, the government respectfully requests that the defendant's motion be denied.

## PROCEDURAL BACKGROUND

On February 21, 2017, trial began on the Superseding Indictment [ECF # 1182], Counts 1-34, 35-46, and 48.  On February 24, 2017, the government moved to dismiss Count 48, as insufficient evidence had developed at trial to support that charge.  Later on February 24, 2017, the government rested its case-in-chief.  After the government rested its case, the defendant, both orally and in writing, moved for a judgment of acquittal on the charges pursuant to Fed. R. Crim. P. 29(a).  After hearing oral argument from the parties, the Court denied the motion for judgment of acquittal.

On March 2, 2017, the jury found the defendant guilty of Count 1, conspiracy to possess and possession with intent to distribute cocaine, cocaine base and

methamphetamine.  *See* ECF #1283.  Additionally, the jury found the defendant guilty of 19 counts[1] of using a communication device during the commission of a felony drug offense.  *Id.*  These convictions result in a maximum term of imprisonment of twenty years.  21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

The defendant now moves for his release from custody pending sentencing pursuant to 18 U.S.C. § 3143(a)(1).  The defendant seeks placement in a halfway house with an ankle monitor.

Because the defendant has failed to meet his burden of clearly demonstrating there are exceptional reasons to justify his release pending sentencing, his motion should be denied.

## LEGAL AUTHORITY AND ARGUMENT

A convicted defendant's release pending sentencing is governed by 18 U.S.C. § 3143(a) and 3145.  Pursuant to 18 U.S.C. § 3143(a)(2), the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained."  18 U.S.C. § 3143(a)(2).  The defendant has been convicted of an offense falling under 18 U.S.C. § 3142(f)(1)(C), thus there is a presumption of detention.  The mandatory detention provision applies "unless: (i) the United States recommends that no sentence of imprisonment not be imposed; **and** (ii) the Court finds by clear and convincing evidence that the defendant is neither a flight risk nor a danger to the community."  18 U.S.C. § 3143(a)(2)(A)(ii), (B) (emphasis added).  The government is recommending a sentence of imprisonment, so the

---

[1] The 19 phone counts were Counts 4, 5, 7, 8, 11, 13, 15, 16, 22-26, 30, 31, and 39-44.

defendant can only be released pending sentencing pursuant to § 3145(c) if the Court concludes that he has "clearly shown that there are exceptional reasons why [his] detention would not be appropriate."  18 U.S.C. § 3145(c).  The defendant has failed to provide exceptional reasons to support his release.

As noted by the Tenth Circuit, "exceptional" means "being out of the ordinary: uncommon, rare."  *United States v. Wages*, 271 Fed.Appx. 726, 727 (10th Cir. 2008) (citing *Webster's Third New Int'l Dictionary* (*Unabridged*) 791 (G. & C. Merriam Co. 1976).  Exceptional circumstances also means "a unique combination of circumstances giving rise to situations that are out of the ordinary".  *Id.*  A case-by-case evaluation is essential and the Court has broad discretion to consider all of the particular circumstances of the case.  *Id.*  Because of this, the Tenth Circuit has not limited what may constitute "exceptional reasons" but has articulated many circumstances which fail to meet the exception.  *See United States v. Westover*, 2003 WL 22953091, at *1 (D.Kan. Nov. 13, 2003).

The reasons provided by the defendant have been noted by the court as not being exceptional.  For example, appearing at all court proceedings is not exceptional. *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007).  This is particularly so when the defendant, as here, is in custody and the Marshals assure that he will appear at all court proceedings.  Though the government believes that the defendant poses a danger to the community, it should be noted that it is not exceptional that the defendant poses little future danger to the community.  *See United States v. Rodella*, 101 F.Supp.3d 1075, 1134-35 (D.N.M. 2015).  The effect of being incarcerated on a defendant's

employment is not exceptional.  *See United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004).

Further, the defendant argues he "is motivated to pursue a trade if released. He is intent upon obtaining employment in order to assist his mother and daughter and his cousin who is seriously ill." [ECF # 1409, ¶ 14].  However, the defendant's history clearly shows that such arguments are nothing more than skillful advocacy of his counsel and not the defendant's true motivation.   Although, as defense counsel argues, the defendant is a "highly intelligent and capable individual" [ECF # 1409, ¶ 13]  the defendant has failed to obtain employment since 2006 [ECF # 1367, ¶ 121].  In fact, after working approximately 6 months at two separate jobs, the defendant "gave up" and integrated into "street life." *Id.* The defendant chose "street life" over his mother's health even though the defendant knew as early as 2004 that his mother had been diagnosed with lupus.[2]  Since Ms. Garrison's unfortunate health complications have come to light in 2004, the defendant has been charged with crimes at least 16 times PRIOR to the case against the defendant now pending sentencing.  Further, the charges are from three separate states.  None of the charges are from Michigan where the defendant's mother resides.  Unfortunately for Ms. Garrison, the defendant has chosen to live a life of crime away from his mother since her diagnosis as opposed to providing assistance for his mother.

The defendant remains a danger to the safety of another person and the community if released.  The defendant has a lengthy criminal record dating back to 2001. [ECF # 1367, ¶ 72]  Since 2001 the defendant has been arrested or charged in 18

---

[2] See ECF # 1373 and attachment which clearly indicates Vanessa Garrison was diagnosed with lupus as early as November of 2004.

separate offenses.  [*Id.,* ¶¶ 72 – 89]  These charges have included weapon charges [*Id.*, ¶¶ 72, 81] as well as resisting/assaulting/obstruction of a police officer (felony) [*Id.*, ¶ 73].

Further, the court heard lengthy testimony as well as recordings of the defendant regarding his use of firearms in addition to the fact the defendant was found with 2 firearms when arrested.

Further, the defendant remains a suspect in an Adams County murder case.  The government has begun to suspect that the defendant has been using his pending sentencing as well as this motion as a way to obtain information regarding the murder investigation.  For obvious reasons, law enforcement is hesitant to share investigative leads with a defendant or defense counsel as an investigation progresses.  However, the government was able to convince the Aurora Police Department to share a brief summary of the investigation.[3]  As the court is well aware, the murder being investigated by the Aurora Police Department is the murder of a witness who was scheduled to testify against the defendant.  As a result of the murder, the charges against the defendant had to be dismissed.

The government suspects the defendant is using his multiple filings and motions as way to find those presenting evidence against the defendant as the murder investigation has progressed from suspect, through probable cause to arrest and nears evidence that will prove the defendant guilty beyond a reasonable doubt.  The government is aware of numerous witnesses that have provided information to law

---

[3] This summary was a 57 page "report" shared by the lead detective in the homicide.  There is much more information regarding the homicide known to law enforcement that clearly shows the defendants participation in the homicide.

enforcement that the defendant has admitted his involvement in the murder.  However, law enforcement and the government have not provided that information to the defendant as there is legitimate fear that the defendant will arrange to have those witnesses intimidated and/or killed prior to the defendant being charged and prior to trial for the on-going murder investigation.

The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at a detention hearing and thus a court may consider an offer of proof at the hearing. 18 U.S.C. § 3142(f)(2).  The government informs this court that there is presently one witness that has direct knowledge of the defendant's planning and preparation of the Adams County murder as well as a witness which corroborates this witnesses information.  Further, there are numerous witnesses that have provided information to law enforcement that the defendant has admitted his involvement in the murder.

The defendant is also a flight risk.  The defendant has been found guilty of a charge which carries a possible 20 year sentence.  Although the defendant has indicated his request for a time served sentence, the probation department has recommended a 151 month sentence.  [ECF 1367-1]  The government maintains the defendant is an offense level 42 and a criminal history IV (possibly V) and the recommended guideline sentence is 360 to life.  [ECF 1311].  The government will be requesting a 240 month sentence at the time of sentencing.  The defendant  is an obvious flight risk given the prospect of a 240 month sentence at the time of sentencing.

The defendant has failed to meet his burden for release.  Additionally, for the reason stated, the government respectfully requests this Court DENY the defendant's motion for release pending sentencing.


Dated this 30th day of November, 2017.

Respectfully submitted,


ROBERT C. TROYER
United States Attorney


BY:/s/ Zachary Phillips
Zachary Phillips
Celeste Rangel
Assistant United States Attorneys
United States Attorney's Office
District of Colorado
1801 California, Suite 1600
Denver, CO 80202
Telephone (303) 454-0100
Fax (303) 454-0409
Zachary.phillips@usdoj.gov
Attorneys for the government