IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cr-00231-WJM-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICKY GARRISON,

    Defendant.

## ORDER ON DEFENDANT GARRISON'S MOTION
## FOR RELEASE PENDING SENTENCING

Defendant requests release on conditions (halfway house, ankle monitor) in a motion filed on November 21, 2017 (ECF No. 1409). A jury found Defendant guilty of Count One, Conspiracy to Possess and Possession with Intent to Distribute Cocaine, Cocaine Base, and Methamphetamine, in addition to a guilty verdict on nineteen counts of using a communication device during the commission of a felony drug offense. Defendant represents that at sentencing, scheduled for February 8, 2018, he will seek a sentence of time served (having been in custody on this offense since May 28, 2014). The Government represents in its response (ECF No. 1413) that it will seek a sentence of 240 months, while the United States Probation Office has recommended a sentence of 151 months (*id.* at 6). The Defendant represents that he wishes to seek employment to support his mother, daughter, and cousin.

The Government's response relies on the statutory presumption of detention under 18 U.S.C. §§ 3143(a) and 3145. This Court can order the release of the Defendant only if there are exceptional circumstances why detention would not be appropriate. *Id.* § 3145(c). I do not find that the reasons

submitted by Defendant constitute exceptional circumstances. A likely sentence of time served might constitute such a circumstance, but only the sentencing judge could make that determination.

For the reasons cited above and the other facts and arguments raised in the Government's response, Defendant's motion is denied. However, in the event Defendant and his counsel believe that Judge Martinez is likely to seriously consider the sentence which Defendant is advocating, Defendant should take this matter up with Judge Martinez on an appeal of this order.

In his motion, Defendant first points out aspects of the Government's proffer of evidence at the detention hearing that makes such evidence less significant. Specifically, some of the charges that the Government pointed out in the record were ultimately dismissed. Other evidence the Government proffered was not contained in the Criminal Complaint or the Pretrial Services Report. Still other evidence (specifically, an alleged finding of probable cause to suspect the Defendant murdered a witness to a criminal case in Aurora, Colorado) is "misleading," because the state standard requires only a finding that there is probable cause a crime has been committed. Finally, Defendant complains that some of the evidence was proffered by the Assistant U.S. Attorney (there were no witnesses at the hearing) and, thus, was not subject to cross examination.

As noted by the Government, a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(f).

First, there is certainly precedent for the Government to proceed by proffer at a detention hearing. *See, e.g.*, *United States v. Pasciuti*, 958 F.2d 361 (Table), at \*5 (1st Cir. Mar. 19, 1992) ("Courts have concluded that district courts have much discretion in determining whether a bail

hearing shall be conducted by proffer or live testimony and have rejected the contention that either the constitution or § 3142(f) necessarily requires that live witnesses be produced at detention hearings.") (citing cases); *United States v. Coonan*, 826 F.2d 1180, 1186 (2nd Cir. 1987) ("[S]tatements of undercover police officers and associates of Coonan, even when presented through the proffer of the assistant United States attorney, provided sufficient basis to find that Coonan had in the past threatened witnesses and presents a serious risk of doing so again."); *United States v. Brunette*, 839 F. Supp. 2d 449, 453 (D. Mass. 2012) ("Although the statute, 18 U.S.C. § 3142(f), allows the defendant to 'present information by proffer or otherwise,' there is no provision permitting the Government to do the same but neither is there a prohibition against the Government going this route."); *In re Rojas*, 859 F. Supp. 2d 203, 204 (D. Mass. 2012) ("'[P]roffers' are explicitly allowed for defendants in detention hearings by statute, see 18 U.S.C. Section 3142(f), and for the government in such hearings by local practice . . . ."). It is the standard practice in this District to permit proffers of evidence by either side. Defendant's argument in this regard goes to the weight of the evidence, not the permissibility of its receipt by the Court.

Second, I have scoured precedent concerning detention hearings before U.S. Magistrate Judges, and it is replete with decisions relying on *both* arrests and convictions. I believe an extensive arrest record has some relevance when combined with a significant conviction history, as here.

Third, and most important, I do not believe Defendant has met the legal standard of § 3142(f) for reopening the detention hearing. The only new information I have is that Defendant has been charged with numerous additional serious crimes. Nothing the Defendant has presented constitutes "information . . .that was not known to the movant at the time of the hearing and that has a material

bearing on the issue" of detention.

Therefore, I am presented with no new material facts or law justifying reconsideration of Defendant's detention. Nothing has changed in Defendant's favor with regard to the facts supporting my original order of detention in this case. In light of the presumption of detention in this case, which is a creature of statutory law and not a court-created doctrine, the criminal record of the nature that Defendant has is too significant to overcome the presumption.

Therefore, Defendant Garrison's Motion for Release Pending Sentencing [filed November 21, 2017; ECF No. 1409] is **denied**. Defendant shall remain under presentence detention.

SO ORDERED.

DATED and ENTERED at Denver, Colorado this 1st day of December, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge