UNITED STATES DISTRICT COURT

OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**SEP 10 2018**

JEFFREY P. COLWELL
CLERK
Case no: 14-cr-231

UNITED STATES OF AMERICA

      Plantiff

   vs.

RICKY GARRISON

     Defendant

Judge William J. Martinez

---

## MOTION TO VACATE BOP ORDER
### AND MAKE CLEAR OR IMPOSE COURT RESTITUTION ORDER

Ricky Garrison,(defendant) moves in this order pro se.  And respectfully asks the court to make stay or make clear on restitution order.  Bureau of Prisons has enforced a monthly (FRP) to defendant when court had not ordered.

**ARGUMENT:**

On Febuary 2, 2018, this court sentenced defendant to 156 months incarceration.  Defendant is serving his sentence at the Federal Correctional Institution at Pekin, Illinois.  While in custody, the Bureau of Prisons is taking from the defendant $25.00 per month for IFRP towards restitution on Case # 14-cr-231. Bureau of Prisons order on defendant has created a **"hardship"** for the defendant being an indigent inmate.

Defendants current status is indigent while employed at BOP facility only earning $7-$14.00 monthly while $25.00 is accounted for by prison order or sanctions or disciplinary action could be imposed.  Here the sentencing court specifically ordered Garrison to pay restitution in the amount of $2,000.00. The sentencing court did not order to pay $25.00 a month while incarcerated. Therefore, Bureau of Prisons actions is not "in accordance with law." Probation Department had also came to a clarification of indigent status.

[1]

Defendant is merely suggestion to the courts to enforce the court order of payment set forth by the courts.  Bureau of Prisons should not be allowed to modify orders of the court freely.  Garrison is more than willing to make restitution once release from Bureau of Prisons,  however at the present time $25.00 per month has created an **"UNDUE HARDSHIP"** and the court did not order so.  Humbly asking the courts to enforce their order and vacate and give stay to BOP order or just make clear what it should be.

### CASE LAW IN SUPPORT:

Under the Mandatory Victims Restitution Act (MVRA),  "scheduling restitution payment is non-delegable and the District Court must determine the restitution payment schedule." See United States v. Merric, 166 F .3d 406, 409 (1st Cir. 1999);  United States v. Davis, 306 F .3d 398, 426 (6th Cir. 2002);  United States v. Overholt, 307 F .3d 1231, 1256 (10th Cir. 2002),  all cited with approval in Lemoine, 546 F .3d at 1048 n.4.  But see United States v. Sawyer, 521 F .3d 792, 796 (7th Cir. 2008)(concluding that court ordered payment schedules "need not,  and as a rule should not,  begin until after the defendants release from prison,"  and that "[p]ayments until release should be handled through the [IFRP] rather than the court's auspices");  United States v. Miller, 406 F .3d 323 (5th Cir. 2005) (holding no error to order immediate payment where selling defendant's assets would cover majority of restitution,  followed by monthly schedule after release from prison);  United States v. Dawkins, 202 F .3d 711, 716 (4th Cir. 2000)(upholding district court's decision to order restitution payment pursuant to IFRP while incarcer- ated.

WHEREFORE, RICKY GARRISON,("defendant")  pro se litigant respectfully moves for the court to vacate/make stay or make clear the court restitution order imposed on defendant to the Bureau of Prison while incarcerated for the remainder of his term.

x_Ricky Garrison_
September 4, 2018



⇒40459-013⇒
Ricky Garrison
40459-013
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555
United States

⇔40459-013⇔
Us District Court
#A105
901 19TH ST
Denver, CO 80294
United States

PEORIA IL 616

05 SEP 2018 PM 2 L