UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

-against-                                                          14CR231(WJM)

RICKY GARRISON,

Defendant.

---

MOTION TO MODIFY SPECIAL ASSESSMENT

---

Defendant **RICKY GARRISON**, by and through David N. Fisher, Esq. of Fisher & Byrialsen, P.L.L.C., moves this Court for an order for relief modifying his special assessment monthly payment schedule.

## INTRODUCTION

Mr. Garrison has been ordered to pay $2,000.00 in special assessments. The Bureau of Prisons deducts $25.00 from Mr. Garrison's commissary account each month to pay off his debt. With his meager wages and monthly expenses for hygiene products and phone privileges, Mr. Garrison does not have enough funds in his commissary account to cover his scheduled payment. Therefore, the burden has fallen on his family and friends to put extra money in his commissary account each month to cover his scheduled payment and basic necessities.

Mr. Garrison requests the Court modify his scheduled payments from a burdensome $25.00 per month, to a far more manageable amount of $5.00 per month. Though modification of a special assessment is a matter of first impression in the Tenth Circuit, the Court should adopt the established law related to modification of restitution orders which requires the Court to consider a defendant's financial resources in setting a payment schedule. Considering Mr. Garrison's meager wages and inability to pay his scheduled payment without placing a financial burden on others, a modification is warranted.

## STATEMENT OF FACTS

On February 2, 2018, Mr. Garrison was sentenced to 156 months incarceration and he was ordered to pay a $100 special assessment for each of the his 20 counts of conviction, totaling $2,000.00. (ECF Dkt No. 1418). Because the Court did not specify a payment plan for Mr. Garrison's special assessment at Sentencing, the Bureau of Prisons arbitrarily chose to deduct $25.00 per month from Mr. Garrison's commissary account through the Inmate Financial Responsibility Program ("IFRAP"). BOP did not consider Mr. Garrison's financial resources when it decided this burdensome payment schedule.

Mr. Garrison is incarcerated at Perkins Correctional Facility in Illinois. He is employed by the BOP facility, but he only averages between $7.00 and $14.00 per month. He does not have any control over his employment placement nor can he request additional shifts or an increase in pay. Mr. Garrison's monthly payment schedule is taxing on his living situation in the prison. To cover the outstanding funds needed each month to pay his $25.00 assessment, Mr. Garrison must plead with family to put money in his account. After his wages are depleted and

money donations from family and friends are withdrawn by BOP, Mr. Garrison is left with little, if any money, to purchase basic necessities such as hygiene products, clothing, stamps and envelopes, and phone privileges.

**PROCEDURAL HISTORY**

On September 10, 2018, the Court received Mr. Garrison's *pro se* Motion to Vacate BOP Order or Make Clear on Restitution Order. (ECF Dkt. No. 1435). On September 28, 2018, the Court struck Mr. Garrison's motion because the Court had ordered counsel be appointed. (ECF Dkt. No. 1436). Undersigned counsel entered his appearance on October 2, 2018. (ECF Dkt. No. 1445). Before undersigned counsel could set up an attorney call with Mr. Garrison at Perkins Federal Correctional Facility, the Court received Mr. Garrison's *pro se* Motion for Reconsideration on October 12, 2018, (ECF Dkt. No. 1446). On October 18, 2018, the Court struck Mr. Garrison's Motion for Reconsideration permitting undersigned counsel to file a motion on Mr. Garrison's behalf.

**ARGUMENT**

I. **The Court should apply established law related to modification of restitution orders and take Mr. Garrison's indigency into consideration in modifying his monthly special assessment payments.**

18 U.S.C. § 3013 provides that a district court shall impose a special assessment of $100 per felony conviction. 18 U.S.C. § 3013(a)(2)(A). The time and method of payment is governed by 18 U.S.C. § 3572(d), which provides that "[a]" person sentenced to pay a fine or other

3

monetary penalty, including restitution, shall make such payment immediately, unless . . . *the court provides for payment or installments.*" (emphasis added).  At Sentencing, the Court did not order a particular payment plan.  By default, BOP has imposed an arbitrary payment plan that is especially onerous considering Mr. Garrison's meager wages.  Mr. Garrison is asking the Court to reduce his monthly payments to $5 per month.  This way Mr. Garrison's wages can cover his monthly payment, allowing him to afford monthly necessities and phone calls and other correspondence with relatives without financially burdening his family.

It is clear the Court had authority, pursuant to 18 U.S.C. § 3572(d), to set a payment schedule during Mr. Garrison's sentencing. However, since the Court did not do so, the issue is whether the Court can modify a payment schedule arbitrarily set by BOP.  Modification of a defendant's monthly special assessment payments is a matter of first impression in the Tenth Circuit.  Because special assessments are virtually the same as restitution payments, the Court should apply established law related to modification of restitution orders and therefore take Mr. Garrison's financial resources into consideration in reducing his monthly payments.

There are numerous similarities between restitution and special assessment payments. Restitution payments and special assessment payments are both imposed by the Court (or IFRAP) to be paid on a monthly schedule.  Both payments are part of a defendant's overall sentence.  Both payments are required by statute. Similar to a special assessment payment, a restitution order may provide that the defendant pay the amount owed in one lump sum, in period payments or, if economic circumstances dictate, in nominal periodic payments until the restitution amount is paid in full. § 3664(f)(3)(A) and (B).  The only thing that is mechanically

different between the two payments is the legislative reasoning for imposing them. In essence, monthly restitution payments and special assessment payments are the same.

Case law in the various circuits regarding the setting and modification of restitution is far more established than special assessments. A district court must set the restitution payment schedule and is required before doing so to consider three factors: (A) financial resources, (B) income, and (C) financial obligations in setting the payment schedule. *United States v. Davis*, 306 F3d 398, 426 (6th Cir. 2002); 18 U.S.C. § 3664(f)(2)(A)-(C). Though the Court had authority to set a payment schedule at sentencing, there is no law in the Tenth Circuit addressing modification of special assessment scheduled payment, making it a matter of first impression. While there is no statutory provision mandating that a special assessment scheduled payment consider the defendant's economic circumstances, -- as there is for a restitution order-- there is absolutely nothing prohibiting the Court from considering it either. Since restitution and special assessments are inherently and mechanically similar, the Court should look to how restitution orders are set and modified for further guidance on this issue. In *United States v. Davis*, the Sixth Circuit held that the district court erred in failing to specify a restitution payment schedule that considered the defendant's financial resources, projected earnings, and financial obligations.

In sentencing Mr. Garrison, the Court did not order a payment plan considering Mr. Garrison's financial resources, obligations, and income while incarcerated. As a consequence, IFRAP has set an arbitrary monthly payment schedule that is particularly onerous and has caused Mr. Garrison a substantial financial burden. Mr. Garrison works hard, but he currently only earns between $7.00 and $14.00 per month -- which barely covers half of what IFRAP requires him to pay. Mr. Garrison is not trying to abandon his responsibilities or alter the amount that he

owes for his special assessments. He knows how important it is that he pay the special assessments he was issued, and he wants to pay them. His current economic status does not provide him with the ability to feasibly pay his monthly payments and also have access to his basic necessities through the commissary system. Reducing Mr. Garrison's monthly payment from $25.00 to $5.00 would allow him to meet his financial obligations with remaining funds to purchase the basic necessities such as toothbrushes, toothpaste, soap, and other hygiene essentials, which would help him maintain his overall health so that he can continue to work. Additionally, it would help relieve some of the undeserved financial burden on his family, as they would no longer need to send him money to cover his scheduled payments and basic necessities. Reducing his monthly payment would also ensure that his special assessment is continuously paid on time and in full for the remainder of his time in prison. Mr. Garrison does not want his current indigency to impede his ability to pay his monthly installments in full and asks for a reduction he can cover with his wages.

## CONCLUSION

For the above reasons, Mr. Garrison respectfully requests that this Court modify the payment schedule of his special assessment payments from $25 per month to $5.00 per month.

Respectfully submitted on this 18th day of January, 2019.

/S/ David N. Fisher, Esq.
David N. Fisher, Esq.
Fisher & Byrialsen, PLLC
4600 S. Syracuse St. 9th Floor
Denver, Colorado 80237
E: David@fblaw.org
T: (303) 256-6345

## CERTIFICATE OF SERVICE

On this 18th day of January 2019 I served a copy of Mr. Garrison's Motion to Modify Special Assessment on the Clerk of the Court and the United States Attorney's Office via CM/ECF filing to the following persons:

AUSA Susan Knox   susan.knox@usdoj.gov

/S/ David N. Fisher, Esq.
David N. Fisher, Esq.
Fisher & Byrialsen, PLLC
4600 S. Syracuse St. 9th Floor
Denver, Colorado 80237
E: David@fblaw.org
T: (303) 256-6345