IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RICKY GARRISON,

    Defendant.

---

GOVERNMENT RESPONSE TO DEFENDANT GARRISON'S LETTER
REQUESTING DISCOVERY (DOC. 1460)

---

NOW COMES THE UNITED STATES OF AMERICA, Jason R. Dunn, United States Attorney, by Zachary H. Phillips, Assistant United States Attorney, and requests that this Court deny defendant's request for discovery as requested in letter written to Clerk of Court (Doc. No. 1460).

I.   <u>Defendant's requests</u>:

1.    In the defendant's letter (Doc. No. 1460) dated February 6, 2019, the defendant advises that he is presently preparing for Habeus [sic] Corpus 2255.  As part of the letter, the defendant requests a complete copy of the Affidavit in Support of Application of Target Telephone #1 (Francisco Ramirez).  Doc. No. 1460, p. 1.  Additionally, the defendant requests, "the informant file of Leslie Leyba (CHS-1) . . . . Doc. No. 1460, p. 2.

2.    For the reasons stated below, both of the defendant's requests should be denied.

    a.   <u>Affidavit in Support of Application of Target Telephone #1 (Francisco Ramirez)</u>

3.    The defendant has received and had access to the Affidavit in Support of Application of Target Telephone #1 (Francisco Ramirez).  This information was part of the discovery in this

case and has been produced to the defendant through his four different attorneys: James Castle, Mitchell Baker, Miller Leonard, and Sean McDermott. Significantly, the Affidavit in Support of Application of Target Telephone #1 (Francisco Ramirez) being requested by the defendant was a part of the Joint Motion to File Hard Copy Submissions with Level 2 Restrictions (Doc. No. 699) which was granted by the Court (Doc. No. 701). Additionally, the affidavit was subject to the defendant's Motion to Suppress Wiretap Evidence and for Specific Wiretap Discovery (Doc. No. 939). The defendant has previously been supplied this discovery and there is no additional need for the request, as the document is part of the Court record and can be referred to in any filings through ECF Doc. No 701, as well as through the original wiretap case number 13-wt-00006-WYD. The defendant's request is repetitive and has already been fulfilled. The defendant's request should be denied.

     b.  <u>Informant File of Leslie Leyba (CHS-1)</u>

4.    The defendant's request for the informant file of Leslie Leyba is overly broad and has no legal basis. Further, although the request for information was not as far-reaching as the defendant's pro se request, information regarding confidential informants in this case has been litigated by attorneys for the defendant.

5.    In October of 2015, a Motion for Discovery Concerning Confidential Sources (Doc. No. 615) was filed by the defendant. The Government responded (Doc. No. 676) on November 9, 2015. The defendant's motion was denied on December 3, 2015 (Doc. No. 706).

6.    Additionally, as part of defendant's Motion to Suppress Wiretap Evidence and for Specific Wiretap Discovery (Doc. No. 939) filed May 5, 2016, the defendant requested specific information regarding this specific informant to include "all information about CHS-1 from the

law enforcement and prosecution agencies involved in this investigation." (Doc. No. 939, pp. 28 – 30).   The Government responded on June 3, 2016, with the Government's Response to Defendant Garrison's Motion to Suppress Wiretap Evidence and for Specific Wiretap Discovery (Doc. No. 1004).

7.   As litigated prior in this case, the case law is clear that the defendant's request should be denied.   The Defendant's request should be denied.   The defendant is asking for production of not only the identity, address, and other information regarding one of the confidential informants used in this case, but is seeking "the informant file" of the confidential informant.   The defendant cites no case law to support his request.

8.   Defendants frequently express an interest in ferreting out persons who may be assisting law enforcement.   Ferreting out sources of information generally is contrary to the public policy interest served by encouraging persons to assist law enforcement, which was explicitly recognized and given weight in *Roviaro*.

9.   The law is settled; the Government has a privilege of refusing to disclose the identity of its informants at trial.   *McCray v. Illinois*, 386 U.S. 300 (1967); *Roviaro v. United States*, 353 U.S. 53 (1957).   The rationale underlying this privilege was expressed in *Roviaro, supra,* at 59:

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

10.   The privilege, however, is not an absolute one, and where the "disclosure of an informant's identity . . . is relevant and helpful to the defense of an accused, or is essential to a

fair determination of a cause, the privilege must give way." *Roviaro* at 60.   The *Roviaro* court, however, explicitly declined to establish any fixed rule requiring disclosure:

> The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense.   Whether a proper balance renders non-disclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the significance of the informant's testimony, and other relevant factors.

*Id.* at 62.

11. In *Roviaro*, the defendant and the confidential informant had been alone together in the passenger compartment of the vehicle where the alleged drug transaction took place.   The conversation between the defendant and the confidential informant was ambiguous, and the government was attempting to convict the defendant at trial on the basis of testimony from an agent who overheard, but could not see, the transaction.

12. The government understands its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).   *Giglio* material, of course, would not apply in a case where the Government does not call a confidential informant.   *United States v. Green*, 178 F.3d 1099, 1109 (10th Cir. 1999).   Here, the informant was not called at trial.

13. Under established case law, the United States need not disclose the identities of confidential informants prior to trial.   *United States v. Ruiz*, 536 U.S. 622, 629 (2002) ("There is no general constitutional right to discovery in a criminal case."); *Roviaro v. United States*, 353 U.S. 53 (1957).   The informant was not called at trial and there is no legal basis for the defendant's request now that trial is over.   Under the *Roviaro* criteria for disclosure, a defendant must describe how the informant was a direct participant in an incident described in the

Indictment and set forth the evidentiary significance of the testimony he ostensibly seeks to adduce from any confidential informant regarding any such specific incident.   However, the Government has a privilege to refuse to disclose the identity of its informants, even at trial. *McCray v. Illinois*, 386 U.S. 300 (1967), and the United States, at this time, is asserting such privilege.

14.     Once the *Roviaro* privilege is asserted, the burden of showing the necessity for making a disclosure is on the defendant.   The Tenth Circuit consistently has held disclosure is not required where the information sought would be merely cumulative, or where the informant did not participate in the illegal transaction.   *United States v. Brantley*, 986 F.2d 379, 383 (10th Cir. 1993).

15.     The defendant's request simply goes too far.   The request is overbroad, cumulative, and should be denied.

> Courts that reverse a denial of a motion to disclose without in camera proceedings often indicate that the informant was the "only" person able to support the defense theory or contradict prosecution witnesses.   *Roviaro*, 353 U.S. at 64, 77 S.Ct. 623; *United States v. Moralez*, 908 F.2d 565, 568 (10th Cir.1990); *Gaines v. Hess*, 662 F.2d 1364, 1368–69 (10th Cir.1981). By contrast, panels that uphold such denials generally find that the value of the informant to the defense is "speculative" or irrelevant.   *United States v. Vincent*, 611 F.3d at 1251; *United States v. Gordon*, 173 F.3d 761, 767–68 (10th Cir. 1999); *United States v. Mendoza–Salgado*, 964 F.2d 993, 1000–01 (10th Cir.1992).
>
> *United States v. Cruz*, 680 F.3d 1261, 1262-63 (10th Cir. 2012)

16.     Here, the defendant has not met his burden as required by *Roviaro*.   The informant was not called at trial and the defendant has cited no case law nor has he satisfied the *Roviaro* requirements.

WHEREFORE, the government respectfully requests that this Court deny the defendant's motion.

Respectfully submitted this 26th day of March, 2019.

        Respectfully submitted,

        JASON R. DUNN
        United States Attorney

By: *s/Zachary Phillips*
        ZACHARY PHILLIPS
        Assistant U.S. Attorney
        U.S. Attorney's Office
        1801 California Street, Suite 1600
        Denver, CO 80202
        Telephone: (303) 454-0100
        Fax: (303) 454–0401
        E-mail: Zachary.Phillips@usdoj.gov
        Attorney for the Government

CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of March, 2019, I electronically filed the foregoing GOVERNMENT RESPONSE TO DEFENDANT GARRISON'S LETTER REQUESTING DISCOVERY (DOC. 1460) using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

      *s/Maggie E. Grenvik*
      Maggie E. Grenvik
      Legal Assistant