

U.S. DEPARTMENT OF JUSTICE

John F. Walsh
*United States Attorney*
*District of Colorado*

---

*1225 Seventeenth Street, Suite 700*   (303) 454-0100
*Seventeenth Street Plaza*   (FAX) (303) 454-0400
*Denver, Colorado  80202*

Zachary Phillips
Assistant United States Attorney

April 21, 2016

To: Miller Leonard, Esquire
On behalf of Ricky Garrison

VIA EMAIL:  miller@themillerleonardlawfirm.com

Re:   Plea Offer
Criminal Action No. 14-cr-00231-WJM

Dear Mr. Leonard:

  I am writing to inform you of the offer to Mr. Garrison as set forth below.

  I believe that if Mr. Garrison chooses to go to trial and is convicted of the conspiracy charge he will be subjected to a mandatory minimum 60 months prison.  Further, as we have discussed, it is the government's intention to add 924(c) charges that carry mandatory consecutive 60 months sentences.  Additionally, your client may be subject to sex offender registration requirements after trial. However, if Mr. Garrison wishes to resolve his case without trial, he may plead guilty to Count One of the Indictment charging a violation of conspiracy to distribute and possess with the intent to distribute, one or more of the following controlled substances: (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base; (3) less than 100 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance; (4) less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance.   All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii)(II), 841(b)(1)(B)(iii), 841(b)(1)(C), and 846. Both sides would stipulate to relevant conduct amounts of 504 grams of cocaine and 7 grams of methamphetamine.  He must also confess the forfeiture allegation and agree to forfeit all firearms seized and any other property in the government's possession.  In return, the government will move to dismiss the remaining Counts of the Indictment at the time of sentencing.

  Mr. Garrison's offense level, based on this offer, would be 24 before the three-level reduction for acceptance of responsibility.  Mr. Garrison would be subject to a 2 point enhancement for USSC §1d1.1(b)(1). Based on my calculations, I believe Mr. Garrison is a criminal history category IV (and possibly a V).  The sentencing range for level 23 and criminal history category IV is 70 - 87 months imprisonment.  The government and Mr. Garrison would agree to a Rule 11(c)(1)(C) sentence of 70

months regardless of the final calculations determined by the sentencing Judge. Neither party would argue for a greater or lesser sentence than 70 months.

Additionally, should Mr. Garrison accept the offer as set forth in this letter, the plea agreement will contain the appellate waiver language set forth below:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 23; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

I realize that any period of incarceration is significant and onerous, and I do not at all minimize Mr. Garrison's very difficult situation. However, given the history and length of time this case has been proceeding, it is necessary that this offer may only be accepted by filing a notice of disposition and providing the government with a signed plea agreement prior to Friday, May 6, 2016. This offer will be considered rejected by the filing of any motions by Mr. Garrison or by close of business May 6, 2016. I look forward to hearing from you.

    Respectfully,

    s/Zachary Phillips
    Zachary Phillips
    Office of the United States Attorney
    1225 17th Street, Suite 700
    Denver, Colorado 80202
    (303) 454-0118