FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 27 2020

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

RICKY GARRISON,
    Petitioner,

v

UNITED STATES OF AMERICA,
    Respondent.

Criminal Case No. 14-cr-231
WJM-1

Civil Action No. 19-cv-3125
WJM

Motion To Amend Pursuant To Federal Rules Civil Procedures 15(a), (c).

## MOTION TO AMEND PURSUANT TO FED. R. CIV. P. 15(a)(c).

Comes now Petitioner, Ricky Garrison, pro se seeking this court permission to amend his § 2255 motion. Petitioner asserts the reason to amend is because he inadvertantly left out allegations about CHS-5, being intentionally left out of counsel's meritorious **Franks Motion**. This resulted in the government only addressing CHS-1 in it's opposition. Petitioner further seeks to add an additional claim of ineffective assistance, due to the fact that the government pointed out that it was not included.

### STANDARD OF REVIEW

In a § 2255 proceeding, the Federal Rules of Civil Procedures apply to the extent that they are not inconsistent with the Rules Governing Section 2255 cases. See Mayle v. Felix, 545 U.S. 644, 655 (2005). The Court applies Fed. R. Civ. P. 15 to determine whether Petitioner may amend. United States v. Carr, 2019 U.S. Dist. Lexis 88906 *17.

Rule 15(a) allows a party to amend a pleading as a matter of course within 21 days of service or, "in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule charges the court to "freely give leave when justice so requires." Id; Fed. R. Civ. P. 15(a)(2). Or when the amendment relates back. United States v. Espinoza, 235 F.3d 501, 505, (10th Cir 2000).

In this instant case, Petitioner raised in his original § 2255 motion, several ineffective assistance appellate and trial counsel's claims, that's referenced and incorporated herein.

1

In "ISSUE I", it challenged that counsel was ineffective for failing to submit the meritorious "Franks Motion" timely. See Pet. Mot. at 3-4. Petitioner in describing the contents that made the motion meritorious, inadvertantly left out the information about law enforcement omitting the information about CHS-5. See Petitioner Response To the Governments Opposition to his §2255 at 2. For this its clarifying that Petitoner is alleging that the motion counsel submitted was meritorious, and that was the information contained in it that made it so.

And Petitoner added a claim of ineffective assistance to the extent, that if the court was not in error of going beyond the jury findings, that would preclude appellate counsel of being ineffective for not challenging the issue on direct appeal, then trial counsel was ineffective for engaging in a deceiving defense and not raising or presenting a drug chart once his deception did not give the results intended. See Pet. Resp. at 7.

Petitioner prays that this Court grant him his request.

Respectfully Submitted
Ricky Garrison, pro se

## CERTIFICATE OF SERVICE

I Ricky Garrison declare that this Motion to Amend his § 2255 motion was placed in prison officials hands to be mailed with first class postage pre-paid on this 16th day of January, 2020.

/s/ Ricky Garrison          1-16-2020
Ricky Garrison        Date

2