①

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 01 2020

JEFFREY P. COLWELL
CLERK

In the United States District Court
For the District of Colorado

Ricky Garrison
   petitioner,

v.

United States of America
   plantiff,

Crim Case no: 14-cr-0231-WJM
Civ Case no: 1:19-cv-03175-WJM

Judge William J. Martinez

---

Motion to Vacate, Alter, or Amend Judgement
Pursuant to Fed. R. Civ. P. 59(e)

---

Now Comes, Ricky Garrison, pro-se and herein files this motion to reconsider pursuant to Fed. R. Civ. P. 59(e) this Court's April 7, 2020, order denying petitioner § 2255 petition, opinion is in direct conflict with clear precedent of 10th Circuit, and United States Supreme Court, as fully explained herein.

## ISSUES PRESENTED

1. This Court's finding that petitioner's constitutionally ineffective claim for failing to file a timely motion to suppress goes without prejudice is incorrect under Strickland, 466 U.S. 668, submitted 2255 filing met all criteria of Kimmelman, 477 U.S. at 374; also see United States v. Owens, 882 F.2d 1493, 1498 (10th Cir 1989).

  A. The Court has referenced the untimely filed Frank's motions as an hypothetical, even thou motions were clear on the record for judicial review in the interests of justice. (see Doc#1051; motions filed by Leonard Miller)

  2. The Court has misplaced petitioner's argument in regards to plea negotiation stage entirely.

  3. Mandate of the United States Constitution
    A. Trial counsel and appealant counsel both were constitutionally ineffective under Strickland in handling of drug quantity.
    B. Court agrees with government that petitioner's argument is foreclosed, the Court was not bound by the jury verdict under Magallanez, 408 F.3d 672, 682, 685 (10th Cir 2015)
    C. Presentence Report

  4. This court's decision to not grant COA is contrary to the Supreme Court's decision in Miller-El v. Cockrell, 123 S. Ct. 1029 (2003)

  In the support of the above, petitioner presents the following arguments supported by both law of this Circuit, and existing Supreme Court precedent.

ISSUE #1

To prevail on a motion to suppress under Franks, defendant must establish by a preponderance of the evidence that the government intentionally or recklessly included false statements or omitted material information from the affidavit and, further, that when these failings are corrected the affidavit was insufficient to support the warrant or authorization. See Frank's, 438 U.S. at 155-56. The Supreme Court contemplated that an evidentiary hearing is necessary for the defendant to make this showing. See id; United States v. Yeje-Cabrera, 430 F.3d 1, 8 (1st Cir 2005) (observing with respect to a motion to suppress wiretap evidence that "[a] Franks hearing ..... is the proper route for addressing" the concern that "government omitted material information that would have prevented a finding of necessity"). But government affidavits are presumed to be valid, so to receive a Franks hearing and an opportunity to present these challenges a defendant must first make "a substantial preliminary showing" that he or she can meet this standard. Franks, 438 U.S. at 155-56; see id at 171-72. This preliminary showing must include an offer of proof, and provide supporting affidavits or explain their absence. id at 171; United States v. Herrera, 782 F.3d 571, 573 (10th Cir 2015).

Here, counsel untimely proffered Franks motions, contained the prerequisites to obtain a Franks hearing. See R. Vol III at 217-284; See also 2255 breif Ex "A, B".

Counsels reasoning for filing untimely. (See 2255 breif pg 2; also see Doc #1051).

 I. Previous counsel (James Castle) asserted on previous Oct 2015 discovery motion knew identity of informant.

 II. Counsel filed motion untimely

III. Suppression motion requested discovery of CHS-1, "to complete a Franks argument and affidavit."

IV. Counsel did not request a hearing even though the motion to supress was a Franks based argument, suggesting inability to bring Franks motion without confirmation. (United States v. Garrison, 2019 US App, supra at 8)

The law is clear, "substantial preliminary showing was necessary" to force the Court have government release informant files counsel seeked for a proper Franks challenge. See Franks, 438 U.S. at 170. Counsel should have known that and filed it timely with offer of proof. Failure to do so is ineffective assistance of counsel, Kimmelman v. Morrison, 477 U.S. 365, 385-87 (1986). An attorney's ignorance of a point of law that is fundamental to case combined with failure to perform basic research on that point is a quintessential example of unreasonable performance under Strickland, See Hinton, 571 U.S. 263, at 274.

This court even admonished counsel for his confusion quoting, "Garrison does not appear to be aware that it is his burden at this stage to satisfy the substantial preliminary showing standard, and does not otherwise satisfy that standard." See Garrison, 2015 U.S. Dist. LEXIS 165059, 147 F. Supp. 3d 1173, at 1187.

A. The hypothetical Franks motions are on record for judicial review, filed by Leonard Miller, with numerous document court filings introduced by government as discovery to defendant, filing date of July 19, 2016, Doc #1051, then resubmitted additionally on now referenced 2255 filing with the Court Ex "A, B". The court also noted, "defendant does not endeavor to explain why CHS-1's particular status as Ramirez's girlfriend moves the needle

so significantly so as to render WT1 unnecessary."

Petitioner explained completely why CHS-1's particular status moved the needle. (see 2255 breif pg 3; Ex "A, B" submitted with 2255 breif; also see 2255 response to Gov pg 2; also see Doc #1051 untimely motions filed by Leonard Miller). Laying out with specificity how the government knowingly, intentionally or recklessly omitted material information that misled the judge who issued the wiretap warrant.

Evidence has been put forth to show on 2255 filing and once again here on this filing, counsels unprofessional errors has upset the adversarial balance of defendants trial rendering it unfair, when considered being the Court has not considered the submitted untimely motions for their merit, if now the Court can consider the Franks motions filed in the interest of justice, without the challenged evidence the outcome of trial would have been different as prejudiced demonstrated. (see 2255 breif pg's 4, 5 prejudice section)

Defendant has met all criteria of Kimmelman v. Morrison, 477 U.S. at 374, certifiably and undoubtedly because Kimmelman is viewed under the context of Strickland, 466 US. at 686.

Petitioner is not asking for a free ride just a proper hearing on this matter for circumstance to be impartial.

2. Defendants position was considering options in light of an illegal wiretap Counsel made defendant aware of, then counsel (James Castle) terminated services in the process of litigation without communicating with defendant. (see 2255 breif pg 6).


The court is misplaced with defendants argument, stating, "the argument appears to be that defendant was prejudiced by receiving a plea offer for the same amount of prison time, but with an additional requirement of substantial assistance on his part," Government position is 70 months was reoffered.

Defendant position was clear, "Petitioner contends that, the government allegedly presented the 70 month offer to second counsel, is immaterial. The government must concede that but for counsel's deficient performance, there would not have been a second appointed counsel, only that petitioner would have been sentenced to 70 months." (See 2255 response to Gov pg 4). Then goes on to explain on that same page, the next offer was not 70 months." The next offer that came, that didn't start off with a need for cooperation, that permitted the conversation to get to any numbers, came when the government recognized that, Second appointed counsel, unreasonably did not know how to properly file a Franks motion, in which the government surmised it had no opportunity to be heard, offered Petitioner, 84-105 months. (See Ex A)." (See 2255 response to Gov pg 4).

Petitioner submitted a sworn affidavit with 2255 response to Gov, very clear that no 70 month offer was ever presented to defendant, also submitted the plea deal that was offered by counsel. (See 2255 response to Gov Ex "A, B"). Requires hearing for fact determination.

The court goes on," had the initial 70-month offer expired, and had the government subsequently offered 71 months, or even 70 months and one day, Defendant's claim would be stronger," in this case the new 70 months had not been presented to defendant (2255 response to Gov Ex B), and the new offer

was 84-105 months which renders counsel ineffective at plea negotiation stage. See Lafler v. Cooper, 566 U.S. 156, 174 (2012).

Government did not include Exhibit to Petitioner of this alleged plea in motion petitioner received for review, counsel never presented the plea to defendant, prejudice was shown in 2255 filing which rendered counsel ineffective under Strickland and hearing should have been held to determine the facts.

3. The Sixth Amendment of the Constitution guarantees the right to trial by jury, "conduct proven at trial" Constitution is simple and direct: If the law identifies a fact that warrants deprivation of defendant's liberty or an increase In that deprivation, such fact must be proven to a jury beyond a reasonable doubt. see US Const,. Art III. Section 2, cl.3. The rule has three essential components: (1) every fact necessary to punishment; (2) proved to a jury; and (3) beyond a reasonable doubt.

"Special findings are dispositive of the questions put to the jury. All parties agreed to the jury questions submitted to the jurors, to ignore the answers is a clear violation of defendant's Sixth Amendment Right's."

Counsels entire strategy was limiting the liability of defendant under Watts, 519 U.S. 148, 157 (1997), being all testimonial evidence, in which the Supreme Court has determined that credibility of those confessions falls exclusively in the province of the jury. Crane v. Kentucky, 476 U.S. at 688; Sanders, 240 F.3d 1279, 1281

A. Counsel Leonard Miller did not submit a drug chart, counsel beleived the preponderence standard could not be used being the jury verdict of 0-500 grams. Counsel beleived the court could not go above

base offense level 22 rendering verdict of jury. (see 2255 breif pg 13, also see Sentencing hearing pg's 24, 25, 29, 30-32, 62-65. Therefore counsel was ineffective under Strickland, 466 U.S. 688, 684-85 (The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the "ample opportunity to meet the case of the prosecution" to which defendants are entitled.)

Appealant counsels errors rests on not fully digesting the record properly to notice inconsistencies in testimony and lack or failure there of trial counsel to submit comparable drug chart. With no other supporting evidence whatsoever if counsel brought to Appealant Courts attention it would have been reversed. See United States v. Dahda, 852 F.3d 1282, 1294-95 (10th Cir 2017)(reversing sentence where the governments reliance on additional evidence would not take the district court's findings outside the realm of speculation.)

The testimonies of co-defendants were unreliable, similar to United States v. Richards, 27 F.3d 465, 469 (10th Cir 1994), were the Court concluded," that this calculation was based on "insufficient minimally reliable evidence" because the testimony had been vague, conflicting, and unsupported by other evidence." Therefore appealant counsel was ineffective based on Tenth Circuit precedent and petitioner has suffered prejudice.

B. Court bases judgement on being bound by Magallenez but, that same precedent supports petitioner's argument as well, "when we review a verdict where the jury did not find a specific amount of drugs attributable to the defendant, but a range, we only know that the jury found unanimously

the amount at the bottom of the range," in this case the bottom of the range is 0-50 grams base offense level 12 27-33 months, 2 point enhancement 33-41 months, instead of the 156 months defendant was sentenced. See United States v. Magallenez, 408 F.3d 672, at 682-83; also in support of, "it was error, however, for the district court to increase Mr. Magallanez's sentence beyond the maximum authorized by the jury verdict through mandatory application of the Guidelines to judge-found facts." See Booker, 125 S.Ct. at 757." Magallanez, at 685.

"The district court found by a preponderance of the evidence additional amounts of methamphetamine attributable to the defendant that the jury did not find beyond a reasonable doubt, and sentenced Mr. Magallanez above the top of the range authorized by the jury verdict, pursuant to the then-mandatory Sentencing Guidelines. That is constitutional error under Booker. See id at 764."; Magallanez, at 685. Also the court found one of the factors it consider in determining whether the defendant can show error, is whether the district court would simply reimpose the same sentence on remand, or whether instead the same sentence "would likely change significantly." id. Record showing the latter in this case 33-41 months speculation supported by Dahda, 852 F.3d 1282, 1294 (10th Cir 2017).

C. The court notes how it corresponds the drug amount based on presentence report and governments sentencing statement. What about the cross-examination of defense? How is it possible the jury rejected the prosecution's overcharged amounts returning the verdict as it did 0-500 grams," did not survive an adversarial process" then the court went exactly with the governments amounts completely. Probation department in PSI pg 15 footnote 1

makes it clear, "These calculations are based on the "at least" drug amounts as it is unclear in the Government's Sentencing Statement what amount of drugs were proven at trial."

The courts original sentence was Doc #1367 par 20, par 63 does not correlate whatsoever the drug quantities are all over the place. Probation noted amounts were unclear and the court still went with that amount.

All of this goes to counsels fraudulent defense and not attacking and submitting a comparable drug chart for the fraudulent drug quantities, counsel was ineffective for not completely his defense under Strickland and appealant counsel as well for not properly digesting the record.

4. Petitioner's final issue is that this court should have granted Certificate of Appealability on all issues. First issue because the court has not even considered the filed motions on record to even determine their merit as if their not there, the court should reverse this decision and hold a Franks hearing on the matter in the interests of justice or allow COA for the higher court to determine the meritorious nature of this Fourth amendment claim. The court misplaced argument in regards to plea negotiation, position is clear herein and on "2255 response to gov Ex A,B", no 70 month plea was ever reoffered whatsoever. Enough evidence has been put forth to show the drug quantity issue is highly debatable.

This Court should grant COA because it is certainly debatable as whether an attorney is ineffective, if, under the current state of law, he fails to properly file a suppression motion on time because of a incorrect beleif of law which he is rendered to understand as assigned counsel or

do the research to make sure he comprehends correct decision or, does not present a 70 month plea deal to client when received by government or, when counsel does not challenge drug quantities because of the belief the judge could not go over the jury verdict.

This argument rests with Supreme Court's ruling in Miller-EL v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029 (2003), "A prisoner satisfies the proper COA standard by demonstrating that juris of reason could (a) disagree with a district court's resolution of the petitioner's federal constitutional claims, or (b) concludes the issues presented are adequate to deserve encouragement to proceed further.

Therefore, petitioner is asking the court to reconsider it's denial of COA. Asking the Court for a fair shake.

## CONCLUSION

Therefore, in light of all above, petitioner asks this court to reconsider entire position of petition, reopen the case, here petitioner's claim as presented, or, in the alternative, grant COA on all issues.

Respectfully submitted,
April 28, 2020

Ricky Garrison #40459-013
FCI Pekin
P.O. Box 5000
Pekin, IL 61555

X _Ricky Garrison_

Ricky Garrison
40459-013
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555
United States

**RECEIVED**
APR 28 2020
FCI PEKIN
MAIL ROOM

Legal Mail:

40459-013
Us District Court
#A105
901 19TH ST
Denver, CO 80294
United States



Mail Room
Federal Correctional Institution
P. O. Box 7000
Pekin, IL 61555-7000

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has not been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.