①

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 18 2020

JEFFREY P. COLWELL
CLERK

In the United States District
Court for the District of Colorado

Ricky Garrison
   defendant,

v.

United States of America
        plantiff,

Crim Case no: 14-cr-0231-WJM

Judge William J. Martinez

## Motion for Reduction in Sentence Pursuant To the First Step Act of 2018

Now Comes, Ricky Garrison, pro-se, respectfully moves for a reduction in sentence pursuant to Section 404(a) of "The First Step Act of 2018".

## FACTS:

1. Defendant was found guilty March 2, 2017, after jury trial of federal statue 21 U.S.C. § 841(b)(1)(B)(ii), which has an element of 500 grams or more of cocaine and 28 grams - 280 grams of cocaine base.

2. At trial the jury received an interragatory (special verdict form) in which the jury rejected the 500 grams or more and

②

the 28-280 grams as not guilty to finding of fact, then found defendant guilty of the less than amounts, 0-500 grams cocaine and 0-28 grams cocaine base.

With the consent of both parties, the Court gave the jury a verdict form, which read as follows:

### COUNT ONE

We, the jury, upon our oaths, unanimously find the defendant, RICKY GARRISON, as to conspiracy to distribute and possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, cocaine base, or methamphetamine:

____ Not guilty
✓ Guilty

### SPECIAL VERDICT AS TO COUNT ONE

If you find the defendant not guilty of conspiracy to distribute and possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, cocaine base, or methamphetamine, please skip questions 1A through 3A and proceed to the next count. If you find the defendant guilty of conspiracy to distribute and possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, cocaine base, or methamphetamine, please answer the

Following questions:

Question No. 1A:

1A. We, the jury, upon our oaths, unanimously find the defendant, RICKY GARRISON, as to conspiracy to distribute and possess with intent to distribute at least 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine:

__✓__ Not Guilty

_____ Guilty

If your answer to Question No. 1A is "Guilty," please skip Question No. 1B and proceed to Question 2. If your answer to Question No. 1A is "Not Guilty," please answer the following question:

Question No. 1B:

1B. We the jury, upon our oaths, unanimously find the defendant, RICKY GARRISON, as to conspiracy to distribute and possess with the intent to distribute a quantity less than 500 grams of a mixture or substance containing a detectable amount of cocaine

_____ Not Guilty

__✓__ Guilty

Question No. 2A:

2A. We, the jury, upon our oaths, unanimously find the defendant, RICKY GARRISON, as to conspiracy to distribute and possess with intent to distribute more than 28 grams but less than 280 grams of a mixture or substance containing a detectable amount of cocaine base:

__✓__ Not Guilty

_____ Guilty

(4)

If your answer to Question No. 2A is "Guilty," please skip Question No. 2B and proceed to Question 3. If your answer to Question No. 2A is "Not Guilty," please answer the following questions:

Question No. 2B:

2B. We the jury, upon our oaths, unanimously find the defendant, RICKY GARRISON, as to conspiracy to distribute and possess with intent to distribute less than 28 grams of a mixture or substance containing a detectable amount of cocaine base:

_____ Not Guilty
\_\_✓\_\_ Guilty

Question No. 3A:

3A. We, the jury, upon our oaths unanimously find the defendant, RICKY GARRISON, as to conspiracy to distribute and possess with intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine:

_____ Not Guilty
\_\_✓\_\_ Guilty

3. At sentencing, the court found by a preponderance of evidence under guideline section 1B1.3(a)(1)(B) involved at least 1,602.8 grams of cocaine and 257.55 grams cocaine base, converted into 1,268.27 kilograms of marijuana.

4. Defendant's sentencing guideline was 188-235 months then departed to 156 months. Base offense level 30 criminal history 5, two

point enhancement for operating drug premises.

5. Based on the jury verdict affirmative finding, drug quantity that should have been attributed was "at least 400 but less than 500 grams of cocaine," on the high end Base offense level 22 + 2 point enhancement total 24, 92-115 months, or on the low end "0-50 grams of cocaine" base offense level 12+2 point enhancement total 14, 33-41 months, staying in the range of the juries verdict 0-500 grams of cocaine and 0-28 grams cocaine base.

## CONSTITUTIONAL RIGHTS RESTORED BY ALLEYNE AND THE FIRST STEP ACT

A fundamental promise of our Constitution is that it is not what one "really" does that can be punished, but only that conduct proven at trial. The mandate of the United States Constitution is simple and direct: If the law identifies a fact that warrants deprivation, such fact must be proven to a jury beyond a reasonable doubt. See, U.S. Const., Art III. Section 2, cl.3. The rule has three essential components: (1) every fact necessary to punishment; (2) proved to a jury; and (3) beyond a reasonable doubt.

The Alleyne court announced a new constitutional rule be redefining what a "crime" is in the content of the Sixth Amendment.

⑥

Acknowledging that the historic "relationship between crime and punishment" compels that any fact which by law increase the range of punishment to which a criminal defendant is exposed "[IS AN ELEMENT OF A NEW OFFENSE, A DISTINCT AND AGGRAVATED CRIME]". These elements are entitled the full panoply of constitutional protections under The Sixth Amendment "in conjunction with due process." Thus, use of the term "sentencing factor" to describe a fact which alters a legally prescribed range, is a legal misnomer. This is also supported by the fact under the McMillan sentencing regime, courts refer to Section 841(b)(1)(A) and (B) as "sentencing factors" today the Act's definition is a "Covered Offense", meaning "a violation of a Federal Criminal Statue".
See the Act, section 404(a)

## ARGUMENT:

Because the jury made a special finding that the quantity of drugs involved was less than 500 grams of cocaine and less than 28 grams cocaine base, the Court is allowed to re-visit and modify a defendant's sentence under "The First Step Act of 2018", where the drug quantity calculation was in excess of 500 grams beyond the juries findings.

Where the jury made an affirmative finding, under the highest standard of proof known to law "beyond a reasonable doubt" that the amount of cocaine attributable to defendant is less


than 500 grams, the court cannot attribute more than that amount to defendant without contradicting the jury on a fact it found as a result of its deliberations.

"Special findings are dispositive of the questions put to the jury. All parties agreed to the jury questions submitted to jurors, to ignore the answers is a clear violation of defendant's Sixth Amendment Rights."

The jury was asked to find the upper limit of quantity of illegal drugs involved in jury instructions. Jurors did just that "less than 500 grams," that finding should be binding.

Record is clear that the jury didn't merely acquit defendant of possessing 500 grams or more of cocaine; it made an affirmative finding "beyond a reasonable doubt" that the amount attributable to defendant is "less than 500 grams".

## RELIEF SOUGHT:

Under Section 404 of "The First Step Act of 2018" the court is allowed to modify a sentence in violation in accordance to the law. Defendant implores the court to revisit and modify the court's sentencing error of the juries verdict of, "less than 500 grams of cocaine and less than 28 grams cocaine base", in which the court sentenced defendant to more than those amounts, outside of the juries finding.

Defendants Constitutional Rights have been violated and under Section 404(a) of "The First Step Act" the court's can modify this error and resentence defendant based on the juries verdict in accordance with the law and his Constitutional rights.

Wherefore, Ricky Garrison, pro se litigant respectfully asks for counsel to be assigned to represent this matter, and moves for the Court for reduction in sentence pursuant to Section 404(a) of "The First Step Act of 2018."

Respectfully Submitted,

Ricky Garrison #40459-013
FCI Pekin
P.O. Box 5000
Pekin, IL 61555

x Ricky Garrison
May 11, 2020

Ricky Garrison #40459-013
FCI Pekin ~~Federal~~ Correctional Institution
P.O. Box 5000
Pekin, IL 61555

↑ IL is

legal mail:

United States District Court
of Colorado
901-19th St, Room A105
Denver, CO 80294

RECEIVED
MAY 12 2020
FCI PEKIN
MAIL ROOM



Mail Room
Federal Correctional Institution
P. O. Box 7000
Pekin, IL 61555-7000

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence, please return the enclosure to the above address.