# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RICKY GARRISON,

    Defendant.

---

## GOVERNMENT RESPONSE TO MOTION FOR REDUCED SENTENCE (#1503)

---

    The United States of America, by United States Attorney Jason R. Dunn, through Assistant U.S. Attorney Guy Till (Government), respectfully files this Response pursuant to the Court's Order (#1506) that the Government file a response to the defendant's *pro se* Motion for Reduced Sentence (#1503).   The Government respectfully requests that the Court take judicial notice of the contents of its file in this case. The Government further respectfully states and represents as follows:

    1.    In his motion (#1503), defendant Ricky Garrison contends that he is entitled to a reduced sentence under Section 404 the First Step Act of 2018 (FSA-2018).  Section 404(b) allows the sentencing court to impose "a reduced sentence **as if** sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."(Emphasis added.)   The Fair Sentencing Act of 2010 changed penalties for distributing various quantities of crack cocaine, but did not

provide retroactive relief for previously sentenced crack cocaine defendants. Retroactive relief came years later with the passage of FSA – 2018.

2. The First Step Act of 2018 is intended to allow a sentencing court to reduce a pre-2010 crack cocaine sentence "as if" the Fair Sentencing Act was in effect on the day the crack cocaine sentence was imposed. The record in this case shows Garrison, *inter alia*, was indicted in 2014 (#10), had a jury trial resulting in a verdict in 2017 (#1283), received a Judgment and Sentence in 2018 (#1418), and a Final Judgment in 2020 (#1487), that denied Garrison's 28 U.S.C. § 2255 motion. The entire case has taken place after the Fair Sentencing Act of 2010 went into effect. There is no need for the remedy Congress provided for in Section 404 of the First Step Act of 2018. The Court certainly imposed Garrison's 2018 sentence "as if" the Fair Sentencing Act of 2010 was in effect because it was. The motion should be denied.

3. Garrison was charged and convicted for his role in a conspiracy to distribute cocaine, cocaine base, and methamphetamine. The jury found Garrison guilty of the conspiracy, as well as 19 counts of using a communications device to facilitate a drug offense. (#1283). It found him not guilty as to drug quantities that would have increased his statutory minimum mandatory -- namely, at least 500 grams of cocaine and 28 grams of cocaine base. *Id.* The Court sentenced Garrison to 156 months. (#1418).

4. Garrison's FSA motion (#1503) represents complaints about sentencing. Garrison's offense level was based on trial testimony and information provided by co-conspirators, which supported a total amount of at least 1,268 kilograms of marijuana

equivalency (#1311, Government Sentencing Statement, at 2-8).[1]  The Presentence Investigation Report (PSR) correctly calculated the marijuana equivalency total as 1,268.27 kilograms (#1367, at ¶ 63).  That drug quantity produced a base offense level of 30.  U.S.S.G. § 2D1.1(c)(5).  Garrison, at sentencing and in his current FSA motion, argues that he should not be held accountable for any quantities beyond what was found by the jury (#1317, at 7).

5.      Garrison raised the same issues in a 28 U.S.C. 2255 petition.  This Court has consistently rejected Garrison's argument (#1428, Tr. of Sentencing Hr'g, at 33-34).  At the time of sentencing, the Court credited the government's estimates and found that the evidence supported the quantity of drugs sufficient to trigger a base offense level of 30.  *Id.*  After a two-level enhancement, the Court found that the total offense level was 32.  *Id.* at 48.

6.      The Court also addressed Garrison's motion for a non-guideline sentence.  In ruling on that motion, the Court reiterated its finding that Garrison was involved in the purchase of at least 1.232 kilograms of cocaine, and that he redistributed that amount in the form of both powder cocaine and cocaine base (#1428, at 87:23-88:3).  The Court also found that Garrison had produced and redistributed at least 225 grams of cocaine -

---

[1] This amount is calculated by adding the minimum quantities purchased to the minimum quantities redistributed, as set forth in the government's sentencing statement.  The government's sentencing statement, despite calculating both amounts purchased and amounts redistributed, mistakenly includes only the purchased amount in its ultimate conclusion as to the minimum drug quantity.  The sentencing statement also contains a mistake, locating the decimal point incorrectly when expressing the calculation of the marijuana equivalency of the redistributed amounts of cocaine base, by a factor of 1000.  The total of "806,153.25 kilograms" should be 806.153 kilograms.  These corrections produce a total minimum equivalent quantity of 1,268.26 kilograms of marijuana -- which is consistent with the calculation contained in the PSR (# 1367 at ¶ 63 & n.1).

- which appears from context actually to be a reference to cocaine *base* (#1428, at 88:3-6; *see also* #1311 at 7 (stating that Garrison redistributed 225.75 grams of base)). The Court granted Garrison's motion for a variant sentence in part and imposed a total sentence including 156 months' imprisonment (#1428, at 88-89). *See* Statement of Reasons, finding Criminal History Category V, Offense Level 32, presumptive Guideline Range 188-235 months (#1419).

7. Garrison appealed his conviction. The Tenth Circuit affirmed. *United States v. Garrison*, 761 Fed. Appx. 808 (10th Cir. 2019) (unpublished).

8. Garrison's FSA motion (#1503) contends the Court should have been precluded at sentencing from finding a quantity of drugs higher than that found by the jury. This argument is foreclosed by Tenth Circuit precedent. *United States v. Magallenez*, 408 F.3d 672, 685 (10th Cir. 2005). In *Magallenez*, the defendant made the argument Garrison had raised in his FSA motion, and the Tenth Circuit rejected it. It held that, in calculating drug quantities for sentencing purposes under the guidelines, the sentencing court is *not* bound by the jury's determination of drug quantity. *Id.* at 685. That is because a jury must find facts beyond a reasonable doubt, while the sentencing court need only find facts by a preponderance of the evidence. *Id.* at 684; *see also United States v. Todd*, 515 F.3d 1128, 1137 (10th Cir. 2008) (reaffirming that acquitted conduct can be considered for sentencing purposes).

9. A request for sentence reduction under FSA - 2018 is addressed to the sound discretion of the Court. An evidentiary hearing is not required on the motion if the file and the record of the case satisfy the Court that the defendant is not entitled to relief. *See, e.g.* 28 U.S.C. § 2255(b). That is the case here. The original sentencing

4

very much took into account pertinent law, including the Fair Sentencing Act of 2010. The defendant's sentence is proper. No evidentiary hearing is necessary because there are no relevant disputed issues of fact that need to be resolved. *United States v. Gonzalez*, 596 F.3d 1228, 1244 (10th Cir. 2010).

    10.    Garrison's FSA motion (#1503) should be denied without a hearing.

Respectfully submitted,

JASON R. DUNN
United States Attorney

*s/Guy Till*
GUY TILL
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: guy.till@usdoj.gov
Attorneys for United States of America

5

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of June, 2020, I electronically filed the foregoing GOVERNMENT RESPONSE TO MOTION FOR REDUCED SENTENCE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

I also hereby certify that a true and correct copy of the foregoing was mailed via USPS mail to:

Ricky Garrison - #40459-013
FCI Pekin
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
PEKIN, IL  61555

*s/Stephanie Graham*
Stephanie Graham
Legal Assistant
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Phone: (303)-454-0100