**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 14-cr-231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **RICKY GARRISON,**

    Defendant.

## ORDER DENYING MOTION FOR RELIEF UNDER FIRST STEP ACT

In March 2017, a jury convicted Defendant Ricky Garrison of twenty drug-related felonies. (ECF No. 1347 at 5.) Defendant was later sentenced by the Court to 156 months' imprisonment. (ECF No. 1418 at 2.) The Tenth Circuit affirmed Garrison's conviction on direct appeal. *United States v. Garrison*, 761 F. App'x 808 (10th Cir. 2019). In April of this year, the Court denied Garrison's motion under 28 U.S.C. § 2255 to vacate his sentence. (ECF No. 1486.) Soon after, Garrison filed a motion to reconsider. (ECF No. 1496.) That motion remains pending. However, Garrison has since filed a Motion for Reduction in Sentence Pursuant to the First Step Act of 2018 ("First Step Motion"). (ECF No. 1503.) The First Step Motion is currently before the Court.

The thrust of Garrison's argument is that the Court incorrectly calculated the quantity of drugs at issue when calculating the sentencing range. However, Garrison invokes § 404 of First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, as the

authority for reducing his sentence. That section permits the Court to apply the Fair Sentencing Act of 2010 (which reduced sentences for crack cocaine offenses) retroactively, *i.e.*, to offenses "committed before August 3, 2010." The First Step Act therefore has no applicability here. All of the conduct in question took place well after 2010, and the Court sentenced Garrison under the regime created by the Fair Sentencing Act. Accordingly, § 404 of the First Step Act provides no basis to reduce Garrison's sentence.

For this reason, Garrison's Motion for Reduction in Sentence Pursuant to the First Step Act of 2018 (ECF No. 1503) is DENIED.

Dated this 7th day of July, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge

2