IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-231-WJM-1
Civil Action No. 19-cv-3125-WJM

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

1.    RICKY GARRISON,

    Defendant-Movant.

**UNITED STATES' MOTION FOR LEAVE TO FILE
RESPONSE TO MOTION TO VACATE, ALTER, OR AMEND JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(E) (ECF #1496)**

This Court denied Ricky Garrison's motion to vacate judgment under 28 U.S.C. § 2255 on April 7, 2020.  ECF #1486.  On May 1, 2020, Garrison filed a Rule 59(e) motion, asking the Court to reconsider that denial and grant him § 2255 relief.  ECF #1496.  The Court has not ordered the government to respond to that motion.

Under Rule 5(a) of the Rules Governing Section 2255 Proceedings, the government is not required to answer a § 2255 motion unless a judge so orders.  The judge who receives a § 2255 motion must either dismiss the motion or order the United States Attorney to file a response within a fixed time.  Rules Governing Section 2255 Proceedings, Rule 4(b); *see also* Rule 5 advisory committee's note ("Sec. 2255 does not specifically call for a return or answer by the United States Attorney or set any time limits as to when one must be submitted.").

1

Because a motion for reconsideration of a § 2255 denial necessarily seeks relief under § 2255, the government generally does not respond to such motions unless ordered to do so by the Court.  Based upon Rule 5(a) and the limited grounds available for reconsideration, *see Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), the government ordinarily presumes that if the Court does not order a response, that is because it does not believe that a response from the government is required.[1]

That is what happened with Garrison's Rule 59(e) motion.  Because it rehashed the same arguments Garrison made in his initial § 2255 motion, and because the Court did not order a response, the government did not believe a response was required. Nevertheless, given Garrison's recent filings, the government is wary of the Court construing its lack of response to Garrison's Rule 59(e) motion as something else.

Therefore, to the extent this Court would like the government to respond to Garrison's Rule 59(e) motion, the government requests leave to submit a response by December 23, 2020.

---

[1] As the Court is aware, most § 2255 movants are pro se, and many file numerous motions with different titles while their § 2255 motion is pending or after it is resolved, often repeating the same or similar arguments.  The government ordinarily does not respond to all such successive filings, absent a Court order to do so.

DATED December 14, 2020.

Respectfully submitted,

JASON R. DUNN
United States Attorney

*/s/ Karl L. Schock*
KARL L. SCHOCK
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: karl.schock@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## CERTIFICATE OF SERVICE (CM/Colorado)

I hereby certify that on December 14, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that a copy will be placed in the U.S. Mail, postage pre-paid and addressed to the following:

Ricky Garrison #40459-013
FCI Pekin
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
PEKIN, IL  61555

/s/ Erin Prall
Erin Prall
U.S. Attorney's Office