United States Court of Appeals
for the Tenth Circuit

Ricky Garrison,
  petitioner,

v.

United States of America,
  Respondent,

No. 20-1168

(D.C. No. 1:19-CV-03125-WJM)
(D. Colo.)

---

Motion For A Writ of Mandamus Because the Rule 59(e) has been pending for seven months, and the Court has not even ordered Government to respond.

---

Petitioner implores the Court of Appeals to issue a Writ of Mandamus for the Honorable Judge William J. Martinez to order response from Government on filed 59(e) (Document # 1496), so litigation can proceed and the Court can make a ruling or petitioner can proceed with Court of Appeals being Constitutional Rights have been violated.

## BACKGROUND

Petitioner filed § 2255 with District Court of Colorado which was denied on April 7, 2020, petitioner immediately filed Fed. R. Civ. P. 59(e) which was docketed with

(2)

the District Court of Colorado on May 5, 2020, (Document # 1496). To date the Court has not ordered a response by Government.

## APPLICABLE LAW

The Tenth Circuit has held that three conditions must be satisfied before a writ of mandamus may issue. The issuing party must: (1) have no other adequate means to attain the relief he desires, (2) show that his right to issuance is "clear and indisputable," and (3) satisfy the Court that the writ is appropriate under the circumstances. See Cheney v. United States Dist. Court, 542 U.S. 367, 380-81 (2004).

The writ is appropriately issued, however, when there is "usurpation of judicial power" or a clear abuse of discretion, Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, at 383.

## 59(e) ARGUMENTS THAT WERE SUBMITTED, WHICH ARE CLEAR AND INDISPUTABLE

A. Counsel was Ineffective for failing to timely submit motion pursuant to Franks v. Delaware, 438 US 154, 98 S. Ct. (1978)

1. Appealant counsel raised Ineffective Assistance of Counsel on direct appeal, claim denied by the Court of Appeals ruling, "ineffective assistance of counsel claims should be

brought in collateral proceedings not on direct appeal."

2. Petitioner raises the issue on 2255 proceedings to District Court ruling, "In the Court's view, a hypothetical Franks motion based on the Government's failure to disclose the identity of CHS-1 would have been without merit. Thus, because Defendant did not suffer prejudice as a result of this alleged error by counsel, his Sixth Amendment claim based on the same must fail."

The District Court's view is in error, the untimely filed motions by Leonard Miller are meritorious, filed on July 19, 2016, Document #1051, then re-submitted by petitioner as Exhibit "A, B" on § 2255 filing. District Court has not considered the merits of filed Franks motions in the interest of justice on record for judicial review. It is impossible for a documented court filing to be hypothetical, meaning "speculative or theoretical", motions on record and District Court has chosen to not determine their merit.

Counsel's mistaken beleif of reasoning to why he could not file timely Franks motion is documented fully, offer of proof submitted thou late, still submitted, and as Supreme Court and 10th Circuit precedent has held all that was required is "preliminary showing", that standard has been met. Ineffective Assistance has been shown on filed § 2255 by Petitioner, court's errors of ruling pointed out on 59(e) filing should be clear and undisputable, which in Petitioner's eyes amount to a clear abuse of discretion



for ruling the untimely filed motions as a hypothetical and never even considering the merits. When considered because it is Petitioner's Constitutional Right to be heard with a Fourth Amendment claim as well as Right to Counsel and fair trial a hearing should be held, should have been held, or wiretap evidence suppressed and remanded back to District Court for new trial, ineffectiveness has been shown and clearly avoided.

B. Plea negotiation stage was considered in light of illegal wiretap counsel made petitioner aware of, then counsel (James Castle) terminated services in the process of litigation without communicating with defendant. (See 2255 pg 6)

    The District Court has misplaced petitioner's argument stating, "the argument appears to be that defendant was prejudiced by receiving a plea offer for the same amount of prison time, but with an additional requirement of substantial assistance on his part." Government position is 70 months was reoffered.

    Petitioners position was clear," Petitioner contends that, the government allegedly presented the 70 month offer to second counsel, is immaterial. The government must concede that but for counsel's deficient performance, there would not have been a second appointed counsel, only the petitioner would have been sentenced to 70 months." (See 2255 response to Gov pg 4).

    Then goes on to explain on that same page, the next

Case No. 1:14-cr-00231-WJM   Document 1561-1   filed 12/15/20   USDC Colorado   pg 5 of 12
Appellate Case: 20-1434   Document: 010110451690   Date Filed: 12/14/2020   Page: 5

⑤

offer was not 70 months." The next offer that came, that didn't start off with a need for cooperation, that permitted the conversation to get to any numbers, came when the government recognized that, second appointed counsel, unreasonably did not know how to properly file a Franks motion, in which the government surmised it had no opportunity to be heard, offered Petitioner, 84-105 months. (See § 2255 response to Gov pg 4, Ex "A").

Petitioner submitted a sworn affidavit with § 2255 response to Gov, very clear that no 70 month offer was represented to defendant, also submitted the plea deal that was offered by counsel. (See § 2255 response to Gov Ex "A, B").

The Government has not conferred with counsel to determine if 70 month plea deal was presented to petitioner, District Court has not held a hearing to determine the facts of counsel's ineffective allegations, so the court has based their ruling only on the government alleging that they offered plea deal to petitioner's counsel, not based on petitioner's counsel making it clear that he did present that plea deal to petitioner, petitioner has submitted factual evidence of his account and no hearing has been held at all to determine the ineffectiveness of counsel.

This is a clear abuse of discretion, a hearing should have been held to determine the facts, petitioner has submitted evidence as exhibits of his account of facts, while the court has ordered strictly based on governments version versus review of counsels actions in representing petitioner.

Case No. 1:14-cr-00231-WJM Document 1561-1 filed 12/15/20 USDC Colorado pg 6 of 12
Appellate Case: 20-1434 Document: 010110451690 Date Filed: 12/14/2020 Page: 6

⑥

C. Trial counsel and appealant counsel both were constitutionally ineffective under Strickland in handling of drug quantity calculation.

Counsel Leonard Miller did not submit a drug chart to contest the Government's drug calculation, counsel beleived the preponderance standard could not be used being the jury verdict was 0-500 grams lesser included offense special amended verdict. Counsel beleived the Court could not go above base offense level 22 rendering verdict of jury. (See § 2255 pg 13, also see sentencing hearing pg's 24, 25, 29, 30-32, 62-65). Therefore counsel was ineffective under Strickland.

Appealant counsels errors rests on not fully digesting the record properly to notice inconsistencies in testimony and lack or failure there of trial counsel to submit comparable drug chart.

District Court bases judgement on Magallanez but, that same precedent supports petitioner's argument as well, "when we review a verdict where the jury did not find a specific amount of drugs attributable to the defendant, but a range, we only know that the jury found unanimously the amount at the bottom of the range." See United States v. Magallanez, 408 F.3d 672, at 682-83.

By Tenth Circuit precedent under Magallanez the instant case bottom range is 0-50 grams base offense level 12 27-33 months, 2 point enhancement 33-41 months, instead of the 156 months petitioner has been sentenced to.

Also in support of petitioner by Magallanez, at 685, "it was

Case No. 1:14-cr-00231-WJM   Document 1561-1   filed 12/15/20   USDC Colorado   pg 7 of 12
Appellate Case: 20-1434   Document: 010110451690   Date Filed: 12/14/2020   Page: 7

(7)

error, however, for the District Court to increase Mr. Magallanez's sentence beyond the maximum authorized by the jury verdict through mandatory application of the Guidelines to judge-found facts." See Booker, 125 S.Ct. at 757."

The problem lies in comparing Magallanez to Garrison is because Garrison was argued in the District Court were Magallanez was not, so it was only reviewed under plain error. Counsel contested drug calculations in Document #1352, "Defendants Presentence Report Objections", par #4, #20, #21, #22 all go straight to the drug quantity objections. Appealant counsel should have better digested the record and District Court is in error because Magallanez does support petitioner's argument by way of specific jury findings.

This is an abuse of discretion and petitioner should be remanded for proper review.

## ARGUMENT AS TO WHY THE HIGHER COURT SHOULD STEP IN AND ISSUE WRIT COMPELLING ACTION TO DISTRICT COURT

At this point pending 59(e) motion has been sitting idle for seven months without the Court ordering a response by the Government, which at one year can be considered a denial of due process, which means pending 59(e) motion is not even up for review at all due to Government not being ordered to

Case No. 1:14-cr-00231-WJM   Document 1561-1   filed 12/15/20   USDC Colorado   pg 8 of 12
Appellate Case: 20-1434   Document: 010110451690   Date Filed: 12/14/2020   Page: 8

⑧

respond to petitioners allegations. Petitioner has no other way to attain relief while being abated in The tenth circuit court of appeals pending 59(e) ruling.

Petitioner has put forth best effort as pro se litigant to show errors of the District Court were a hearing should have been held to determine the merits of petitioners Fourth Amendment claim or evidence suppressed and remanded back to District for new trial, or hearing should have been held to determine the facts of petitioners claims in regards to plea negotiation stage, or petitioner should have been remanded back to District Court to be sentenced based on jury verdict or appointed new counsel based on previous counsel not properly submitting a drug chart to contest governments drug amounts.

During this national pandemic all these issues raised put petitioner base offense calculation at time served, petitioner has not had the chance to properly appeal issues being appealant counsel raised all ineffective assistance issues on direct appeal so this is the only way to rectify my constitutional violations.

Therefore, petitioner is asking Court of Appeals to order Writ being issues are clear and indisputable so relief can be granted or petitioner can proceed to Court of Appeals for proper review.

## CONCLUSION

Therefore, in light all herein, petitioner asks the Court of Appeals to order Writ so the District Court can proceed.

Respectfully Submitted,

X Ricky Garrison
Ricky Garrison # 46459-013
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555

December 8, 2020

Ricky Garrison
40459-013
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555
United States

legal mail

United States Court of Appeals
Byron White Circuit
US Marshal St.
Denver, CO 80257

RECEIVED
DEC 08 2020
FCI PEKIN
MAIL ROOM

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

Mail Room
Federal Correctional Institution
P. O. Box 7000
Pekin, IL 61555-7000

cc: Karl L. Schock

CMW/sds