## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-231-WJM-1
Civil Action No. 19-cv-3125-WJM

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.

1.    RICKY GARRISON,

      Defendant-Movant.

---

## UNITED STATES' RESPONSE TO MOTION TO VACATE, ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(E) [ECF #1496]

---

On April 7, 2020, this Court denied Defendant Ricky Garrison's motion under 28 U.S.C. § 2255, considering and rejecting each of Garrison's four claims of ineffective assistance of counsel.  ECF #1486.  In his Rule 59(e) motion, Garrison reasserts three of those claims and asks the Court to reconsider its ruling.  ECF #1496.  But he does not raise anything new, much less assert any of the narrow grounds for reconsideration. Instead, he just seeks to relitigate claims that have already been decided against him. Because that is not an appropriate use of Rule 59(e), the motion should be denied.

### BACKGROUND

Garrison was charged and convicted for his role in a conspiracy to distribute cocaine, cocaine base, and methamphetamine. The jury found Garrison guilty of the conspiracy, as well as 19 counts of using a communications device to facilitate a drug offense. ECF #1283. It found him not guilty as to drug quantities that would have

increased his statutory minimum—namely, at least 500 grams of cocaine and 28 grams of cocaine base. *Id.* The Court sentenced Garrison to 156 months. ECF #1418.

Garrison filed a § 2255 motion, in which he asserted four claims of ineffective assistance of counsel: (1) his trial counsel failed to file a timely motion to suppress under *Franks v. Delaware*, 438 U.S. 154 (1978); (2) his first trial counsel prevented him from accepting the government's plea offer; (3) his appellate counsel failed to argue that the Court was bound at sentencing by the jury verdict as to drug quantity; and (4) his appellate counsel failed to appeal Garrison's guideline base offense level.  ECF #1478.

The government responded to the motion, opposing each claim on both prongs of the ineffective assistance analysis.  ECF #1482.  In sum, the proposed motion to suppress and appellate arguments were all without merit, and whatever happened with the first plea offer was immaterial because that offer was renewed with Garrison's second counsel.  *Id.*  Garrison filed a reply, in which he elaborated on his claims and asserted that the renewed offer did not defeat prejudice because it allegedly came with a requirement of substantial assistance.  ECF #1485.  Garrison also moved to amend his § 2255 motion—three months after it was filed—to add a claim that his trial counsel was ineffective in failing to submit a competing drug quantity calculation.  ECF #1484.

The Court denied Garrison's § 2255 motion in a 14-page written order that thoroughly analyzed each of Garrison's claims and allegations.  ECF #1486.  First, it concluded that Garrison could not have been prejudiced by his counsel's failure to file a *Franks* motion because that motion would have been without merit.  *Id.* at 3-7.  Second, it found that Garrison could not have been prejudiced by his first counsel's failure to

accept the government's plea offer because the government later made that same offer to Garrison's second counsel.  *Id.* at 7-9.  The Court expressly rejected Garrison's claim that a requirement of substantial assistance, even if shown, would constitute prejudice. *Id.* at 9.  Third, the Court noted that Garrison's argument that the Court was bound by the jury verdict as to drug quantity was clearly without merit.  *Id.* at 10-11.  Fourth, it found that Garrison's appellate counsel's decision not to make the other arguments Garrison identified—neither of which would have led to reversal—was not objectively unreasonable.  *Id.* at 11-13.  The Court also denied Garrison's belated motion to amend because Garrison failed to provide any explanation for his delay in filing it.  *Id.* at 13-14.

Garrison then filed his Rule 59(e) motion, asking the Court to reconsider its denial of his § 2255 motion.  ECF #1496.  That motion does not identify any material issue that the Court in fact overlooked or misunderstood.  Instead, it effectively duplicates the first three claims in Garrison's § 2255 motion—often copying from the § 2255 motion and reply verbatim—and argues that the Court got it wrong the first time.

## ARGUMENT

This Court has limited discretion in ruling on a Rule 59(e) motion.  *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).  A Rule 59(e) motion may not be used "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Banister v. Davis*, 140 S.Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the

decision issued.").  Nor can a party invoke Rule 59(e) to "elaborate on arguments already decided" in prior proceedings.  *Nelson*, 921 F.3d at 929-30.

Rather, there are only three proper grounds for such a motion:

1.  An intervening change in controlling law;

2.  New evidence that was previously unavailable; or

3.  The need to correct clear error or prevent manifest injustice.

*Servants of Paraclete*, 204 F.3d at 1012.  The Tenth Circuit has not defined "manifest injustice" in this context, but this Court has defined it as "a direct, obvious and observable error."  *Petrie v. GoSmith, Inc.*, 2019 WL 3215983, at *4 (D. Colo. July 17, 2019) (unpublished).  Thus, to show manifest injustice, the movant must show "that the injustice from the case is apparent to the point of being indisputable."  *Id.*

Garrison does not identify any intervening change in controlling law or new, previously unavailable evidence.  Nor does he identify any "indisputable" error or injustice.  Instead, he simply seeks to relitigate the same claims this Court has already rejected in denying the § 2255 motion.  Garrison's disagreement with this Court's decision is not a proper ground for reconsideration.  *Servants of Paraclete*, 204 F.3d at 1012.  And in any event, his arguments fail for the same reasons they failed before.

**I.      This Court has already held that Garrison's proposed *Franks* motion was meritless, and thus, he cannot show prejudice.**

Garrison's first argument—as it was in his § 2255 motion—is that his counsel was ineffective for failing to file a timely *Franks* motion.  But this Court has already held that Garrison's proposed *Franks* motion would have been without merit.  ECF #1486, at 5-7.  Thus, Garrison could not have been prejudiced by his counsel's failure to file it.  *Id.*

In his Rule 59(e) motion, Garrison rehashes all of the reasons he believes his counsel's failure to file the *Franks* motion was objectively unreasonable. But none of those reasons matter because, even assuming Garrison is correct, he was not prejudiced because the motion would have been denied, as this Court has already concluded. *See Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986) (movant must show motion had merit). That is why the Court did not address the unreasonableness prong in its order denying the § 2255 motion. It did not need to. Although Garrison apparently disagrees with the Court, he does not show that the Court "misapprehended the facts, [his] position, or the controlling law." *Servants of Paraclete*, 204 F.3d at 1012.

Garrison also takes issue with the Court calling the *Franks* motion "hypothetical" when the proposed motion was attached to an earlier motion for reconsideration. ECF #1051-1. But the *Franks* motion *was* hypothetical because it was not accepted for filing. ECF #1053. In any event, the Court's analysis of the proposed *Franks* motion makes clear that the Court was aware of that motion when it found the motion to be meritless.

**II.    This Court has already held that Garrison was not prejudiced by his first counsel's alleged failure to accept a plea offer when the government later extended the same offer to Garrison's new counsel.**

Garrison's next point of contention about the plea offer similarly does no more than restate the arguments he made in his § 2255 reply (ECF #1485)—again, arguments this Court has already rejected. In particular, he repeats his claim that, but for his first counsel's deficient performance, there would not have been a second offer because he would have accepted the first one. But even if that were true, it would not show prejudice when the second offer was the same as the first. And that is what this

Court has already found.  ECF #1486, at 9 ("Clearly, therefore, the record before the Court shows only that Defendant was offered the same plea proposal he had been offered through his previous lawyer.  By definition, then, he suffered no prejudice.").

Garrison also repeats two other allegations he made before: (1) that the government made a 84-105 month offer five months *after* renewing its 70-month offer; and (2) that his second counsel did not convey the 70-month offer to him.[1]  Both arguments seek "to revisit issues already addressed," and thus, are not grounds for reconsideration.  *Servants of Paraclete*, 204 F.3d at 1012.  They are also without merit.

The government renewed its 70-month offer with Garrison's second counsel in April 2016.  ECF #1482-1.[2]  The offer that Garrison cites is one that was made in September 2016—*after* the Court denied his motion to suppress.  ECF #1485-1.  By then, the circumstances had changed.  In addition to the denial of the motion to suppress, the government could no longer offer the third point for acceptance of responsibility, and it was aware from other defendants' sentencings that there would likely be an additional enhancement under U.S.S.G § 2D1.2.  That made Garrison's

---

[1] Garrison did not actually make this claim in his § 2255 motion or his reply.  But he did attach an affidavit with this assertion to his reply.  ECF #1485-2.  To the extent that affidavit was insufficient to raise the issue, Garrison's reprise of that allegation is an improper attempt to advance a new argument "that could have been raised in prior briefing."  *Servants of Paraclete*, 204 F.3d at 1012; *see also Banister*, 140 S.Ct. at 1703.

[2] Garrison indicated for the first time in his Rule 59(e) motion that he did not receive a copy of this exhibit to the government's § 2255 response.  That exhibit should have been included with the copy of the response that the government mailed to Garrison when it was filed, and the government has no reason to believe it was not.  But because the response was sent in hard copy, the government has no way to check Garrison's claim that the exhibit might have been inadvertently omitted.  Therefore, the government separately mailed Garrison a copy of that exhibit on December 21, 2020.

offense level 25, instead of 23, as the earlier offer assumed.  But that later offer cannot establish prejudice when Garrison had already had his second chance at the first one.

So Garrison also claims that his second counsel did not convey the renewed offer to him.  But that is not the claim he asserted in his § 2255 motion.  That motion was based on the alleged ineffectiveness of his *first* counsel.  ECF #1478, at 6-8. Whether or not Garrison's second counsel informed him of the government's renewed offer has nothing to do with the claim he asserted.  A motion for reconsideration is not a vehicle for asserting a new claim.  *Servants of Paraclete v. Does*, 204 F.3d at 1012; *see also Banister*, 140 S. Ct. at 1708 ("[A] prisoner may invoke [Rule 59(e)] only to request reconsideration of matters properly encompassed in the challenged judgment.").

Moreover, in the affidavit attached to Garrison's § 2255 reply (which he cites in his Rule 59(e) motion), Garrison focused on the alleged condition of substantial assistance and claimed that the 84-105 month offer was the only one *without* that purported condition.  ECF #1485-2.  But as this Court has already held, a purported substantial assistance requirement would be immaterial.  ECF #1486, at 9.

III.    **This Court already rejected Garrison's arguments as to drug quantity.**

Garrison's final set of arguments was also rejected by the Court in denying Garrison's § 2255 motion.  Garrison again claims—contrary to Tenth Circuit law—that the Court was bound at sentencing by the jury verdict regarding drug quantity.  And he reasserts his argument that the evidence was insufficient to support the drug quantity. As in his § 2255 motion, Garrison contends his appellate counsel was ineffective for failing to appeal these issues.  He also tries again to assert a claim that was not

included in his § 2255 motion and which the Court denied him leave to amend—that his trial counsel was ineffective for failing to submit a competing drug quantity chart.

But this Court already considered and rejected all of these claims.  It correctly noted that Garrison's argument that the Court was bound by the jury verdict as to drug quantity was foreclosed by *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir. 2005).[3]  ECF #1486, at 10-11.  It found that its drug quantity calculation was adequately supported by the record.  *Id.* at 11-12.  And it found, therefore, that appellate counsel was not objectively unreasonable for choosing not to raise these issues on appeal.  *Id.*

As to Garrison's claim that his *trial counsel* was ineffective, that claim was not raised in Garrison's § 2255 motion, as the government pointed out in its response.  ECF #1482, at 13 n.3.  Garrison later moved for leave to amend to assert this claim.  ECF #1484 at 2.  But this Court denied the motion to amend because Garrison gave no explanation for his delay in asserting the claim.  ECF #1486 at 14.  Garrison cannot reintroduce that unasserted claim into the case through a motion for reconsideration. Nor has he given any basis for the Court to reconsider its denial of the motion to amend.

Garrison does not raise anything new that would suggest "clear error" or "manifest injustice."  *Servants of Paraclete*, 204 F.3d at 1012.  Nor does he point to anything that would indicate that the Court misunderstood his arguments the first time around.  He just wants to litigate those same arguments again.  That he cannot do.

---

[3] Garrison cites an excerpt from *Magallanez* concerning the *mandatory* application of the guidelines.  ECF #1496, at 9 (citing *Magallanez*, 408 F.3d at 685). That portion of the opinion is inapposite because the guidelines are advisory.

**IV.    There is no basis for the Court to reconsider its denial of a certificate of appealability.**

A § 2255 movant is not entitled to a certificate of appealability unless the movant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To meet that burden, Garrison "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In denying Garrison's § 2255 motion, this Court found that Garrison did not make this showing.  ECF #1486 at 14-15.

Like Garrison's other arguments, his request for reconsideration of this issue is simply based on his disagreement with the Court's ruling.  Contrary to Garrison's assertions, the Court did consider the merits of his proposed *Franks* motion.  It also found, on the record before it, that the plea offer was renewed and that the evidence of drug quantity was sufficient.  For the same reasons that the Court should not reconsider these prior rulings, it should not reconsider its denial of a certificate of appealability.

C<small>ONCLUSION</small>

Garrison's Rule 59(e) motion should be denied.

DATED December 21, 2020.

Respectfully submitted,

JASON R. DUNN
United States Attorney

*/s/ Karl L. Schock*
KARL L. SCHOCK
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: karl.schock@usdoj.gov

Attorneys for United States of America

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/Colorado)**

I hereby certify that on December 14, 2020, I electronically filed the

foregoing document with the Clerk of Court using the CM/ECF system. I also certify that

a copy will be placed in the U.S. Mail, postage pre-paid and addressed to the following:

Ricky Garrison #40459-013
FCI Pekin
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
PEKIN, IL  61555

/s/ *Erin Prall*
Erin Prall
U.S. Attorney's Office