**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 11 2021

JEFFREY P. COLWELL
CLERK

In the United States ~~District~~
Court for the District of Colorado

Ricky Garrison
    petitioner,

V.

United States of America
    respondent,

Crim Case no: 14-cr-0231-WJM
Civ Case no: 1:19-cv-03125-WJM

Judge William J. Martinez

Petitioner's Response to the Governments Opposition of Motion to Vacate, Alter or Amend Judgement Pursuant to Fed. R. CIV. P. 59(e), and Requesting Evidentiary Hearing

Now Comes, Ricky Garrison, motion is traverse to Governments response to filed 59(e) Doc #1496, Government motion Doc #1562, filed December 21, 2020

## ARGUMENT

District Court abused its discretion under 28 U.S.C. §2255(b) by failing to hold an evidentiary hearing to resolve petitioner's §2255 motion because the record does not "conclusively show" that petitioner is entitled to no relief.

Petitioner has invoked Rule 59(e) for the need to correct clear error and prevent manifest injustice, the error in the Courts ruling denying petitioner's §2255

are direct, obvious, and indisputable and a hearing should be held to rectify petitioner's violation of constitutional rights.

A. The proposed untimely filed Frank's motion and offer of proof is meritorious, when considered in the interest of justice, and hearing should be held as "substantial preliminary standard" has been met as required by Frank's, prejudice shown in petitioner's §2255, clear error only to be considered as a hypothetical motion.

The Government states how the Frank's motion would have been denied, that is the improper view under Franks, which is controlling law, under Franks the defendant must establish by a preponderance of the evidence that the government intentionally or recklessly included false statements or omitted material information from the affidavit and, further, that when these failings are corrected the affidavit was insufficient to support the warrant or authorization. See Franks, 438 U.S. at 155-56. And the Supreme Court has determined an evidentiary hearing is necessary to make this showing, after defendant makes "a substantial preliminary showing."

Counsel "Leonard Miller" made that showing, counsel was just ineffective as the record shows he beleived he could not properly bring Franks timely to Court without

disclosure of informants identity. The Court is in error for not allowing a hearing to be held, the record reflects counsel's defecient performance and petitioner has devoted an entire section of prejudice in §2255 filing.

It is obvious error on the Court to render motions meritless, the Government agrees with this ruling. The Court reaches it's conclusion based on Leslie Leyba not being able to fully infiltrate a false Gangster disciple organization that the government falsified purposely to obtain wiretap authorization, there never was necessity only fraud upon the Court by the Government. IF the Court was to consider the filed Franks motion it would show merit being the entire wiretap #1 for Francisco Ramirez telephone was developed solely by CHS-1 "Leslie Leyba" when omissions are included into affidavit for determination of merit it looks as such:

| | |
|---|---|
| WT 20 | Summary of Investigation: Wiretap #1 |
| | a. lives at 2120 Sable blvd / informant also lived at same residence. |
| WT 30 par 28, 29 | Leslie Leyba mentioned "Vato" supplier of Ramirez as late as January 2013 |
| WT 31 par 31 | Leslie Leyba told investigators Ramirez obtains heroin from "C" |

WT 32 par 32, 33 Leslie Leyba state 2 different sources of supply Jesus and Salvador, confirmed both suppliers, Leyba told investigators have not been in contact with Salvador and Ramirez toll records confirm otherwise.

WT 33 par 34, 35, 36 Leslie Leyba gave information where drug activity is, and information on a supplier in Mexico, Ramirez's father.

WT 34 par 38 Leslie Leyba bonded Ramirez out of jail.

WT 39 par 52, 53 Leslie Leyba confirmed suppliers volvo and communicated with law enforcement about couriers.

WT 41 par 59-66 Leslie Leyba introduced Ramirez to UCE, came to house met courier witnessed transaction confirmed all vehicles and Leslie Leyba confirmed all vehicles also all while it happened at Leslie Leyba "CHS-1" home, Leyba was there when the transaction she initiated took place at her home.

WT 45 par 69, 70 Ramirez wanted to change his cell # and Leslie Leyba contacted law enforcement and gave them Ramirez new #.

WT 49 par 78 Leslie Leyba gave investigators Javier # 720-385-4852 for investigators to confirm toll records.

WT 52 par 84 September 13, 2013, Leslie Leyba gave investigator Salvador Maruffo # and told them he also calls from my phone as well, investigators confirmed information.

WT 53 par 85 August 21, 2013, Leyba gave 720-448-7463 as # for Javier and confirmed him in photograph.

WT 54 par 86 Leyba confirmed supplier #

WT 56 par 91 Leyba gave information on robbery and when people would meet.

WT 57 par 93 Ramirez was driving Leyba's vehicle, confirmed Garrison address and Leyba was in vehicle with Ramirez when caught with user amount.

WT 59 par 96 Leyba identified Salvador "Chava" August 12 and also gave them plate # on July 26, also gave address to "Chava"

WT 61 par 99 Leyba identified Jesus truck

WT 62 par 100, 101 Leyba confirmed where Jesus kids went to school, and communicated with investigators Garrison moved locations and my vehicles.

WT 63 par 103 Leslie Leyba communicated with investigators what vehicle Javier uses and how he uses the harbor shop to drop off drugs.

WT 66 par 109 Leslie Leyba was omitted from living at the same address as Francisco Ramirez.

WT 68 par 116 The GPS information on affidavit was made to look as it was a GPS for Francisco Ramirez's vehicle but it was actually CHS-1 Leslie Leyba's parents vehicle.

WT 80 par 142 "Use of confidential human sources" No disclosure of CHS-1 by name as embedded informant or CHS-5 Alvin Valdez, began cooperating purchasing narcotics from Mr. Molina Villarreal

    That is a partial description of Wiretap #1 and what it would look like with Leslie Leyba being introduced and the Court is in error in ruling none of this serves with merit. The entire affidavit is devoted to CHS-1 alone all of her law enforcement cooperation she gave them everything no wiretap was ever needed and if a hearing would have been held the wiretap would have been suppressed.
    Still goes to the fact that counsel was defecient

as shown in §2255 and prejudice also shown, the untimely Franks motion is meritorious and hearing should be held so new counsel can properly litigate the issue to ensure my fourth amendment rights are ensured, "preliminary standard" met as required by Franks so petitioner asks Court to overturn decision and allow hearing to litigate properly.

B. Petitioner has "Never" stated that second counsel offered a 70 month plea deal in April 2016.

The Court's denial of §2255 is clear error and manifest injustice to base decision on Government's alleged offer to petitioner's second counsel. Government has not submitted any evidence of second counsel's representation of 70 month offer to petitioner, Government has not deposed second counsel to determine if 70 month plea was ever presented to petitioner, so the record is clear that both the Government and the Court have assumed that second counsel offered the 70 month plea deal to petitioner because no hearing has been held to determine the facts.
The initial §2255 argument was in relation to first counsel terminating services at plea negotiation stage and two days after due date of suppression motions without any communication were. no hearing was held on conflict even after counsel had been representing petitioner for

21 months to just terminate without communication is terrible and renders counsel ineffective, that is what the record shows as facts of the case, now the Government is arguing they offered continuously a 70 month offer in April 2016, petitioner factual memory shows different and the record does not show that second counsel has confirmed he offered 70 month plea in April 2016.

• FACTS in relation to LEONARD MILLER

2/23/2016; Doc # 809, Notice of Attorney Leonard Miller
2/26/2016; Doc # 816, Motion to Withdraw "Leonard Miller"
2/29/2016; Doc # 823, Motion to Withdraw; Corrected by Miller
3/7/2016; Doc # 834, Hearing about Leonard Miller where I made the record very clear my litigation objective.
3/25/2016; Doc # 886, Motion for clarification
3/28/2016; Doc # 887, Judges order clarifying position in regard to suppression issues.
4/5/2016; Doc # 897, Motion for reconsideration of suppression deadline.
4/6/2016; Doc # 898, Granting extension for suppression motions

The record reflects as counsel at that time had only been representing petitioner for 3 weeks after the Nina Wang hearing that I had communicated to

attempt to file for wiretap suppression the deadline had passed but counsel fought to get date back through motion of reconsideration. Then there was an indictment in Atlanta, GA were the Government felt my assistance would help so they persued that through counsel, indictment was April 28, 2016, Government expressed their interest in my cooperation in Doc #1370 Filed 6/23/2017, the Government states, "The Government has communicated with defense counsel for the defendant in order to attempt to get the defendant to cooperate."

These are the facts of the case, and this is how I 100% accurately know there was no 70 month plea re-offered because being I just met counsel his interest was majority weighing cooperation instead of any other options.

As shown §2255 reply (Doc #1485) Issue #2 pg 4, section "B", direct conflict with Courts ruling in clear error petitioner never stated at no time was offered 70 month plea, Court misplaced argument citing, "The argument appears to be that Defendant was prejudiced by receiving a plea offer for the same amount of prison time, but with an additional requirement of substantial assistance on his part," petitioner's position has been clear the entire time, sworn affidavit submitted by petitioner also makes clear petitioner's position and the Court has misplaced this argument in clear error.

Evidence supports first counsel's errors in §2255 filing by petitioner, evidence supports plea proposal offered by second counsel in September 2016 of 84-105 months, evidence supports government attempting to get petitioner to cooperate through second counsel as shown herein on Doc #1370 which is material because the government is alleging they offered second counsel same plea of 70 months, the record reflects the government attempt for cooperation of petitioner with this alleged 70 month offer around same time as the Atlanta, GA information they seeked through counsel solicited for petitioner, so that means terms had changed from no cooperation of first counsel to cooperation with second counsel. (As of to-date 12-31-20 while handwriting this page, I still have not seen this alleged plea of 70 months that was offered to second counsel, government says it was sent seperate, I received this filing by government on 12-29-20)

There is "NO" evidence that supports the government's claim that second counsel proposed 70 month plea to petitioner, there is also no evidence supporting the Courts ruling that the 70 month plea was re-submitted by second counsel to petitioner, petitioner has made position very clear throughout this litigation and a hearing is required to determine the facts the Court is in error for denying petitioner his constitutional rights.

Hearing is requested by petitioner.

C. The Court is in error for not sticking within the drug calculation as rendered by jury verdict.

The government argues that petitioner inserted new claim in regards to trial counsel was ineffective for failing to submit a competing drug chart, the entire issue in regards to drug quantity findings was dedicated to trial counsel's litigation on limiting liability petitioner would face.

As well as Doc #1485 §2255 reply, "Issue IV Ineffective Assistance of Trial Counsel" which reads, "And or at least counsel should have known that he had to assert some drug chart once he knew that the Court was not going to go with the jury findings. Thus, counsel performance was defecient". So it is evident by the record this position was not new.

Magallanez supports petitioner's position not forecloses, Magallanez was viewed under plain error standard never contested in District Court wereas Garrison was contested in District in Doc #1352, "Defendants Presentence Report Objections, par #4, #20, #21, #22" all go straight to drug quantity objections, also counsel attacked orally at sentencing as shown in §2255 pg 13 "Sentencing".

Error is clear, "it was error, however for the District Court to increase Mr. Magallanez's sentence beyond the maximum authorized by the jury verdict through mandatory application

of the Guidelines to judge-found facts." United States v. Magallanez, 408 F.3d 672, at 685; also see Booker, 125 S. Ct. at 757.

The Court has abused it's discretion and it is clear error to base decision on Magallanez and should reconsider position being counsel was ineffective at appealant stage for not properly digesting the record petitioner should be remanded back to Court for new counsel to properly litigate drug calculation based on verdict of jury.

Requesting hearing to properly litigate.

D. The Court should grant COA, petitioner has made showing of denial of constitutional rights and the Court is in error, petitioner should be remanded back to District Court for evidentiary hearing.

Therefore, petitioner is asking the Court to reconsider it's denial of COA and grant evidentiary hearing.

## CONCLUSION

All herein, petitioner asks the court to reconsider entire position of petition, reopen case, here claim's as presented, or, in the alternative, grant COA on all issues.

Respectfully Submitted,

X Ricky Garrison
Ricky Garrison #40459-013
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555

January 5, 2020

Ricky Garrison
40459-013
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555
United States

legal mail:

United States District Court
Alfred A. ARRAJ Courthouse
901-19th St, Room A105
Denver, CO 80294

RECEIVED
JAN 07 2021
FCI PEKIN
MAIL ROOM



Mail Room
Federal Correctional Institution
P. O. Box 7000
Pekin, IL 61555-7000

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.