FILED
United States Court of Appeals
Tenth Circuit

February 10, 2022

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICKY GARRISON,

    Defendant - Appellant.

No. 20-1168
(D.C. Nos. 1:19-CV-03125-WJM &
1:14-CR-00231-WJM-1)
(D. Colo.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

_____

Before **HARTZ**, **BACHARACH**, and **CARSON**, Circuit Judges.

_____

Petitioner Ricky Garrison, a federal prisoner proceeding *pro se*,[1] seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B). Because reasonable jurists would not debate the correctness of the district court's rulings on the issues he presents, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), we deny the request for a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "Although we liberally construe *pro se* filings, we do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted).

## BACKGROUND

A grand jury indicted Garrison, along with fifteen others, for drug trafficking and other offenses related to a large-scale conspiracy to distribute cocaine, heroin, and methamphetamines. The evidence against Garrison included evidence from a wiretap that targeted a criminal organization known as the Gangster Disciples. The government's application for the wiretap did not disclose that one of the confidential informants used in its probable cause statement, "CHS," was the girlfriend of one of his codefendants, "Ramirez." Garrison, through counsel, filed a motion to suppress the wiretap evidence but did not file a timely request for a hearing under *Franks v. Delaware*, 43 U.S. 154 (1978), so the district court denied the motion.

At trial, a jury convicted Garrison of one count of conspiracy and nineteen counts of using a communication device to facilitate a drug offense. The district court sentenced him to 156 months' imprisonment on the conspiracy count with a concurrent 48-month sentence on the remaining nineteen counts, and we affirmed the conviction on direct appeal. *See United States v. Garrison*, 761 F. App'x 808, 809 (10th Cir. 2019). Garrison filed a motion to vacate his conviction under 28 U.S.C. § 2255. Nearly three months later, he filed a motion to amend his § 2255 motion to add additional claims of ineffective assistance of counsel. The district court denied both motions and, sua sponte, declined to issue a COA, so Garrison requests one from this court.

## DISCUSSION

To obtain a COA, Garrison must "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

2

different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Garrison seeks to raise five issues on appeal.[2] First, he argues the court erred in rejecting his argument that counsel was ineffective for not timely requesting a *Franks* hearing in connection with his motion to suppress the wiretap evidence. Second, he argues the court abused its discretion in declining to hold a hearing before resolving his claim of ineffective assistance of counsel at the plea negotiation stage. Third, he argues the court erroneously rejected his claim of ineffective assistance of appellate counsel for failure to challenge his sentence as exceeding the jury's findings as to drug quantity. Fourth, he argues the district court used an incorrect drug quantity in calculating his base offense level. Fifth, he argues the district court erred in denying his motion for leave to amend his § 2255 motion.

### 1. *Franks* Argument

In Garrison's § 2255 motion, he argued trial counsel was constitutionally ineffective for failing to timely request a *Franks* hearing in connection with his challenge to the application for the wiretap. To prevail on a claim of ineffective assistance of counsel, Garrison needed to demonstrate, inter alia, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

---

[2] In what Garrison labels as "Issue 6," he sets forth the standards applicable to a COA application. *See* Aplt. Opening Br. at 10. We do not discuss these arguments as a separate issue, but we incorporate this standard in our discussion of the specific five challenges he raises to the district court's order denying his § 2255 motion.

outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In the context of his challenge to counsel's performance on the wiretap suppression motion, that means Garrison "must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different, absent the excludable evidence, to demonstrate actual prejudice." *United States v. Owens*, 882 F.2d 1493, 1498 (10th Cir. 1989).

The district court concluded Garrison could not make this showing. Under 18 U.S.C. § 2518(1)(c), a wiretap application must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." However, this statute does not require law enforcement officials "to exhaust all other conceivable investigative procedures before resorting to wiretapping." *United States v. Edwards*, 69 F.3d 419, 429 (10th Cir. 1995) (internal quotation marks omitted). And a judge's determination whether a wiretap is necessary is a matter of discretion. *See United States v. Ramirez-Encarnacion*, 291 F.3d 1219, 1222 (10th Cir. 2002).

The district court concluded the reviewing court still would have granted the application for the wiretap even if it expressly specified CHS was Ramirez's girlfriend. This was so because the wiretap investigation targeted the activities of the Gangster Disciples organization broadly, and so it was unlikely traditional investigatory techniques directed at CHS would have achieved the investigation's goals. Further, although the application for the wiretap did not state CHS was Ramirez's girlfriend, it included sufficient details such that "it would have been very difficult for any reviewing judicial

4

officer not to already readily infer that Ramirez and [CHS] had a close social relationship." R. vol. I at 279. Accordingly, Garrison could not show prejudice to sustain his *Strickland* claim related to counsel's failure to timely request a *Franks* hearing.

Garrison does not address either of these reasons for the district court's denial of his motion in his COA application. We therefore conclude no reasonable jurist could debate the correctness of the district court's ruling on this issue and deny the motion for a COA.

### 2. Request for a Hearing

In Garrison's second challenge to the effectiveness of trial counsel, he alleged counsel failed to adequately represent his interests during plea negotiations with the government. Garrison's attorney presented him with the government's offer of a plea deal that would result in 70 months' imprisonment. Garrison initially declined this offer, but in his § 2255 motion he argued that, days later, he changed his mind and attempted to contact his attorney, but that his attorney had already filed a motion to withdraw and failed to communicate his willingness to accept the agreement to the government. Garrison alleged this failure was objectively unreasonable and prejudicial because he is now serving a 156-month sentence.

In response, the government stated it never withdrew the 70-month offer and, in fact, communicated that offer to Garrison's new attorney. The government produced a letter it sent to Garrison's new attorney in April 2016 that extended the 70-month offer. Garrison then argued in his reply brief that he still suffered prejudice because the offer

presented to his second attorney, unlike the offer presented to his first attorney, required him to provide substantial assistance to the government in the investigation of his codefendants.³  He attached a declaration to his reply brief stating:  "The only numbers that counsel mentioned *that didn't require [him] to give the government substantial assistance* [were] for 84–105 months."  R. vol. I at 270 (emphasis added).  The court rejected this argument for two reasons.  First, there was no mention of a substantial-assistance condition in the April 2016 letter, so the record before the district court "show[ed] only that [Garrison] was offered the same plea proposal he had been offered through his previous lawyer."  *Id.* at 281.  Alternatively, the court concluded the requirement of substantial assistance under the circumstances of Garrison's case could not constitute prejudice for an ineffective-assistance claim.

Garrison now seeks a COA to argue the district court should not have decided this claim without first holding an evidentiary hearing to determine whether his second attorney conveyed the 70-month offer to him.  But § 2255 "recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner."  *Machibroda v. United States*, 368 U.S. 487, 495 (1962).  Here, Garrison's declaration did not contradict the government's assertion that the 70-month offer was still available.  It merely added his understanding

---

³ Garrison did not argue in his § 2255 motion that his second attorney was ineffective, so he has waived any such argument for purposes of appeal. *See United States v. Lee Vang Lor*, 706 F.3d 1252, 1256 (10th Cir. 2013).

that the offer also required substantial assistance, so the district court did not need to hold an evidentiary hearing to resolve the ineffective-assistance claim.

Further, Garrison did not address the court's alternative conclusion that, assuming the offer had changed, the substantial assistance requirement was not prejudicial. "If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling." *Rivero v. Bd. of Regents*, 950 F.3d 754, 763 (10th Cir. 2020). Under these circumstances, no reasonable jurists could debate the correctness of the court's ruling, so we deny a COA on this issue.

### 3. Calculation of Sentence

Garrison seeks a COA to challenge his sentence based on a drug quantity calculation of at least 1232 grams of cocaine because the jury, in a special verdict, found him guilty of conspiracy to distribute less than 500 grams of cocaine and not guilty of conspiracy to distribute more than that amount. Specifically, Garrison argues his appellate counsel was ineffective for failure to raise this issue on direct appeal.

"Ineffective assistance of appellate counsel claims are governed by the standards of *Strickland*." *Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir. 1999) (internal citation omitted). Consistent with the second prong of the *Strickland* test, "[i]f the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." *Id.* (internal quotation marks omitted). A habeas petitioner attempting to establish ineffective assistance of appellate counsel "bears a heavy burden" to overcome a "strong presumption" that appellate counsel rendered

7

adequate assistance. *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) (internal quotation marks omitted); *see also Smith v. Murray*, 477 U.S. 527, 536 (1986) ("Th[e] process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." (internal quotation marks omitted)).

The district court rejected Garrison's argument because its findings as to drug quantity needed only be supported by a preponderance of the evidence, whereas a jury must find the government proved facts giving rise to guilt beyond a reasonable doubt. *See United States v. Magallanez*, 408 F.3d 672, 684 (10th Cir. 2005) ("A jury verdict of acquittal on related conduct . . . does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." (internal quotation marks omitted)).  Garrison asserts *Magallanez* does not foreclose but instead supports his argument because "the jury didn't merely acquit defendant of possessing 500 grams or more, it made an affirmative finding 'beyond a reasonable doubt' that the amount attributable to petitioner was 'less than 500 grams.'"  Aplt. Opening Br. and App. for COA at 8.

But under 18 U.S.C. § 3661, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  Accordingly, the district court "maintained the power to consider the broad context of [Garrison's] conduct, even when [its] view of the conduct conflicted with the jury's verdict." *Magallanez*, 408 F.3d at 684.  Under these

circumstances, no reasonable jurist would conclude Garrison's appellate counsel was constitutionally ineffective for failure to raise the issue, *see Hooks*, 184 F.3d at 1221, so we deny a COA on this issue.

### 4. Drug Amount

Garrison seeks a COA to argue appellate counsel was ineffective for failing to argue the district court erred in calculating his sentence based on a drug amount of 1268.27 kg of marijuana on a converted basis, which corresponds with a base offense level of 30. The pre-sentence report adopted this calculation, and the district court overruled Garrison's objections to it, concluding "the argument and the calculations and analysis that the Government has done with respect to the testimony at trial . . . support[] a minimum finding of the amount of the drugs attributable to this defendant sufficient to trigger a base offense level of 30 . . . ." R. vol. III at 43–44. Later in the sentencing hearing, when discussing relevant conduct, the court stated the drug quantity attributable to Garrison was only 373.957 kg, which corresponds with a base offense level of 24.

The district court characterized this latter remark as an "inadvertent misstatement," R. vol. I at 284, and noted its other findings were consistent with the larger amount. Further, the court concluded that, because trial counsel did not object to this alleged miscalculation at sentencing, any appellate review would only have been for plain error. *See United States v. Chavez-Morales*, 894 F.3d 1206, 1213 & n.4 (10th Cir. 2018). Garrison does not meaningfully address the court's analysis regarding plain error in his COA application. He therefore fails both to show prejudice under *Strickland* and

that the issue was reasonably debatable in the context of his habeas petition, so he is not entitled to a COA.

### 5. Motion for Leave to Amend

Garrison also seeks a COA to challenge the district court's denial of his motion to amend his § 2255 motion. We would review such a ruling for abuse of discretion. *See Gillette v. Tansy*, 17 F.3d 308, 312 (10th Cir. 1994). He filed the § 2255 motion on October 31, 2019. After the government filed a response, he filed his motion to amend along with his reply brief on January 27, 2020. Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Here, the district court declined to grant leave because Garrison failed to explain his nearly three-month delay in bringing the amendment. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("[D]enial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." (internal quotation marks omitted)).

Garrison argues the court erred because his proposed amended § 2255 motion related back to his original ineffective assistance of counsel claims. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) ("An untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion if and only if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case."

(internal quotation marks, brackets, and alterations omitted)).  But the issue with Garrison's proposed amendment was not whether it related back to his original claims, but whether he provided an adequate explanation for the delay in bringing it.  Because he did not provide any such explanation, no reasonable jurist could conclude the district court abused its discretion in denying the motion for leave to amend.

## CONCLUSION

We deny Garrison's request for a COA and dismiss this matter.  We deny Garrison's motion to proceed in forma pauperis.

Entered for the Court

Joel M. Carson III
Circuit Judge