FILED
United States Court of Appeals
Tenth Circuit

June 24, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICKY GARRISON,

    Defendant - Appellant.

No. 21-1250
(D.C. No. 1:14-CR-00231-WJM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]
_____

Ricky Garrison appeals the district court's denial of his motion for sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I.**

Garrison was convicted of twenty drug-related felonies in March 2017 and sentenced to 156 months in prison. In July 2020, Garrison filed a motion seeking a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

sentence reduction to time served due to high risk of COVID-19 infection. Garrison asserted that he suffered from high blood pressure, hypertension, pre-diabetes, and obesity, and was at heightened risk for COVID-19 because he took a prescription anabolic steroid for low testosterone. Garrison was incarcerated at the time of his motion at FCI Pekin, a Bureau of Prisons ("BOP") facility in Illinois, but was transferred to FCI Victorville, in California, in May 2021, shortly before the district court ruled on his motion, and is now incarcerated at USP Leavenworth in Kansas. Garrison had served approximately eighty-four months at the time the district court ruled on his motion, during which he worked at the prison library, finished over fifteen classes, and received his GED.

The district court denied Garrison's motion for lack of extraordinary and compelling reasons, and, in the alternative, its assessment of the 18 U.S.C. § 3553(a) factors. Considering Garrison's underlying health conditions and his concerns regarding COVID-19 safety at FCI Pekin, the district court found that "[a]lthough Garrison's medical conditions may be risk factors for severe COVID-19, the BOP website reflect[ed] that zero cases of inmates with the virus currently exist[ed] at FCI Pekin," and "extraordinary and compelling circumstances generally do not exist where there are no confirmed cases of the virus at the prisoner's facility." *Id.* at 369–70. The district court also determined that significant advances in COVID-19 vaccine availability weighed against Garrison's release. Alternatively, while acknowledging Garrison's educational accomplishments were "encouraging," the district court found that time served would not be consistent with the § 3553(a)

factors, as "allowing Garrison to serve little more than half of his original sentence would not reflect the gravity of [the] drug-related crimes that he committed." *Id.* at 371.

Garrison appeals. Because Garrison proceeds pro se, we construe his filings liberally but will not act as his advocate. *See Hooks v. Atoki*, 983 F.3d 1193, 1196 n.1 (10th Cir. 2020).

## II.

We review orders denying compassionate release under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). A district court abuses its discretion when it "makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment." *United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1309 (10th Cir. 2015)).

The compassionate release statute states, in part:

> (c) **Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment

> (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

A district court may grant a motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) only if it finds extraordinary and compelling reasons warrant such a reduction, the reduction is consistent with applicable policy statements issued by the Sentencing Commission, and it considers the § 3553(a) factors. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). A district court "may properly deny a compassionate-release motion when any one of these three requirements is lacking." *United States v. Pérez-Hernández*, No. 21-2104, 2022 WL 1639308, at *2 (10th Cir. May 24, 2022) (unpublished).[1] On appeal, Garrison argues that the district court abused its discretion in denying his motion for compassionate release by finding neither extraordinary and compelling circumstances nor the § 3553(a) factors supported a sentence reduction.

**a.**

---

[1] Unpublished cases are not binding precedent, but we consider them for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Garrison argued below that his health conditions increased his COVID-19 risk, which qualified as an extraordinary and compelling reason for compassionate release. However, at the time of review, FCI Pekin had "zero" infected inmates. R. Vol. I at 369–70. As a result, the district court found the circumstances did not warrant a sentence reduction. Considering district courts' "authority to determine for themselves what constitutes extraordinary and compelling reasons," we find the district court did not abuse its discretion in denying Garrison's motion because FCI Pekin had no COVID-19 infections. *United States v. Maumau,* 993 F.3d 821, 834 (10th Cir. 2021) (internal quotation marks omitted).

Garrison contends on appeal that his subsequent facility transfer and the rise of the COVID-19 Delta variant are extraordinary and compelling reasons for early release. But he brought neither argument in his initial motion nor his counseled brief in support. Because he did not supplement his motion with this new information, and because we do not "address arguments presented for the first time on appeal," the issue is solely whether the district court abused its discretion in denying Garrison's motion for compassionate release based upon the facts alleged in the motion. *See United States v. Nelson*, 868 F.3d 885, 891 (10th Cir. 2017) (quoting *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002)). It did not.

b.

Even if a district court finds extraordinary and compelling reasons to reduce a sentence, it may still deny a compassionate release motion because of how it views the § 3553(a) factors. *See United States v. Hald*, 8 F.4th 932, 949 (10th Cir. 2021),

5

*cert. denied*, No. 21-6594, 2022 WL 1611819 (U.S. May 23, 2022). Here, consideration of the § 3553(a) factors was an alternative basis for the district court's denial of Garrison's motion. On appeal, Garrison argues that the court below "abused its discretion by not properly reviewing [the] sentencing factors." Aplt. Br. at 4. We disagree.

First, Garrison emphasizes that he is a non-violent drug offender and argues that his "conduct based on institutional rehabilitation is all that should matter." *Id.* He suggests that he would be "better suited" to continue his education outside prison. *Id.* But the district court took his perspective into account when it analyzed the sentencing factors under § 3553(a) and explained its view that "allowing Garrison to serve little more than half of his original sentence would not reflect the gravity" of his convictions. R. Vol. I at 371. Citing several of the factors, the court determined that compassionate release would not (1) reflect the nature, circumstances, and seriousness of the offense; (2) be consistent with the kinds of sentences the sentencing range established; and (3) afford adequate deterrence. Even if we would have viewed the factors differently, Garrison does not explain how the district court's reasoned analysis was an abuse of discretion.

Next, Garrison's arguments about the propriety of his original sentence are misplaced. The district court considered these arguments but found them unpersuasive in its denial of Garrison's first motion for compassionate release, which he did not appeal. *See id.* at 307–08. Because Garrison did not raise these arguments in the second motion for compassionate release under review here, they are

6

improperly pressed on appeal. *See Nelson*, 868 F.3d at 891. Even if we considered them, however, the district court's § 3553(a) determination was based on more than just the sentencing factor related to the guidelines range. Moreover, Garrison's complaint that the district court failed to seek out mitigating information fails because, as the district court recognized, Garrison did not point the district court to the relevant docket entries containing this information.

Finally, Garrison argues that the district court erred by failing to consider a brief submitted by counsel shortly after his pro se motion. But that is incorrect. The district court construed Garrison's counseled brief in support of compassionate release as a reply brief and cited it several times in the order denying his motion. The district court therefore did not abuse its discretion in denying Garrison's motion on the alternative basis that the § 3553(a) factors did not support compassionate release.

### c.

Garrison has moved to proceed *in forma pauperis* on appeal. The motion is granted due to demonstrable financial need.

## III.

We AFFIRM the district court's denial of Garrison's motion for sentence reduction and compassionate release.

                                                    Entered for the Court

                                                    Allison H. Eid
                                                    Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| Christopher M. Wolpert | | Jane K. Castro |
|---|---|---|
| Clerk of Court | | Chief Deputy Clerk |

June 24, 2022

Ricky Garrison
USP - Leavenworth
P.O. Box 1000
Leavenworth, KS 66048
40459-013

**RE:**     **21-1250, United States v. Garrison**
Dist/Ag docket: 1:14-CR-00231-WJM-1

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:    Karl L. Schock

CMW/na