CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. VS. JAMES TILLMON                                       DKT. NO. 1:14CR00231-2

## SUPERSEDING PETITION DUE TO VIOLATIONS OF SUPERVISION

COMES NOW, Heather Becker, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant James Tillmon, who was placed on supervision by the Honorable William J. Martinez, sitting in the United States District Court in Denver, Colorado, on February 24, 2016.  The defendant was sentenced to 40 months imprisonment and four years' supervised release for an offense of Conspiracy to Distribute and Possession with the Intent to Distribute One or More of the Following Controlled Substances: (1) More Than 500 Grams but Less Than 5 Kilograms of a Mixture or Substance Containing Detectable Amount of Cocaine, a Schedule II Controlled Substance; (2) More Than 28 Grams but Less Than 280 Grams of a Mixture or Substance which Contains Cocaine Base, a Schedule II Controlled Substance; (3) Less Than 100 Grams of a Mixture or Substance Containing a Detectable Amount of Heroin, a Schedule I Controlled Substance; (4) Less Than 50 Grams of a Mixture of Substance Containing a Detectable Amount of Methamphetamine, its Salts, Isomers, and Salts of its Isomers, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(B)(ii)(II),(b)(1)(B)(iii),(b)(1)(C), and 846.  Supervision commenced on October 18, 2021, and is set to expire on October 17, 2025.  As noted in the judgment [Document 824], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

**1.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 1, 2022, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade B[1] violation of supervised release.

---

[1] The Probation Office believes that the defendant's possession and use of methamphetamine is a Grade B violation.  According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year.  In *U.S. v Rockwell*, 984 F.2d 1112 (10th Cir.) cert. denied, 113 S. Ct. 2945 (1993), the Court equated drug use with drug possession.  In *U.S. v Robles*, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.   In *U.S. v Rodriguez*, 945 F.3d 1245 (10th Cir. 2019), the Court re-affirmed that drug use equates to drug possession and for a defendant with prior qualifying drug convictions under 21 U.S.C. § 844(a), the potential penalty is more than one year imprisonment and is appropriately considered a Grade B violation.

Case No. 1:14-cr-00231-WJM   Document 1599   filed 08/09/22   USDC Colorado   pg 2 of 8

| James Tillmon | Superseding Petition Due to Violations of Supervision | August 9, 2022 |
|---|---|---|
| 1:14CR00231-2 | Page 2 | |

On March 1, 2022, the defendant submitted a drug screen which returned presumptive positive for amphetamines.  On March 2, 2022, during an office visit, the defendant was advised he would be submitting an additional drug screen in office.  The defendant denied all illicit drug use and indicated he had a prescription for Adderall.  He was directed to provide a copy of the prescription showing its validity by the end of the day on March 2, 2022; however, he failed to provide the required documentation.  The drug screen taken on March 2, 2022, also returned presumptive positive for amphetamines.  The defendant did not provide a copy of his prescription in full until March 28, 2022, by which time it had expired.  The defendant was thereafter directed to provide a copy of all of his prescriptions from November 2021 to present, so each drug test he had submitted could be validated.  The defendant's tests, given the invalidity of the provided prescription, were sent for confirmation to Abbott Toxicology.  Each of these tests confirmed positive for methamphetamine, which a prescription for Adderall would not account for.

Pursuant to the defendant's conditions of supervision, he had previously been referred for a dual diagnosis assessment and psychiatric medication services at Independence House, a contract testing and treatment provider of the Probation Office.  The defendant was scheduled to begin his treatment on March 2, 2022.

## 2.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about April 5, 2022, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.

On April 5, 2022, the defendant submitted a drug screen, which returned positive for marijuana.  He denied any drug use and these results were additionally confirmed by Abbott Toxicology.

As noted above, the defendant was referred for outpatient treatment services at the onset of supervised release.  The defendant was directed to address his ongoing use of illicit drugs in the therapeutic environment.

## 3.  FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER

On October 19, 2021, the defendant was instructed by the probation officer to report any phone number changes to the office.  On or about November 19, 2021, and March 28, 2022, the defendant changed his telephone number and failed to notify the probation office as directed, which constitutes a Grade C violation of supervised release.

On October 19, 2021, the defendant completed his initial supervision intake with Senior United States Probation Officer Stephanie Hartz.  During the intake, the defendant was directed to contact the probation officer and provide any phone number changes if/when

Case No. 1:14-cr-00231-WJM   Document 1599   filed 08/09/22   USDC Colorado   pg 3 of 8

| James Tillmon | Superseding Petition Due to Violations of Supervision | August 9, 2022 |
|---|---|---|
| 1:14CR00231-2 | Page 3 | |

they occur.  Between November 17, 2021, and November 22, 2021, several attempts to contact the defendant on his phone of record were made, in conjunction with visits to his residence where business cards were left instructing him to call the office.  The defendant failed to respond to any of these contact attempts and ultimately a letter was mailed to the defendant on November 23, 2021, directing him to call as all contact attempts had failed.  On November 29, 2021, the defendant contacted the office and indicated he had a new telephone number.  The defendant was instructed on the importance of keeping the office updated with his contact information as required.

On March 2, 2022, the defendant attended an office appointment to review his judgment, in response to several other violations.  The defendant was given a reminder on this date that failing to follow the instructions of the probation office is a violation of his conditions of supervision and was given reminders of all current directives in place to include notifying the probation office of contact changes.

On March 28, 2022, during a home contact with United States Probation Officer Ashlie Diener, it was discovered the defendant had again changed his phone number and failed to notify the probation office as directed.  It is believed the defendant changed his number on or about March 22, 2022.  When addressed, the defendant stated he believed if we needed to reach him, we would just show up at his house.  The defendant was challenged on this premise, as often when he is not home and a card is left from the probation office, he fails to respond as directed.  The defendant proffered no additional reasoning as to his failure to notify the officer of contact changes as directed.

**4.  FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**

On or about March 2, 2022, the defendant was instructed by the probation officer to provide a current copy of his prescriptions, and he failed to follow this instruction, which constitutes a Grade C violation of supervised release.

On March 2, 2022, the defendant was directed to provide a copy of his prescription, showing its validity by the end of the day on March 2, 2022; however, he failed to provide the required documentation.  The defendant did not provide a copy of his prescription in full until March 28, 2022, by which time it had expired.  The defendant was thereafter directed to provide a copy of all of his prescriptions from November 2021 to present, so each drug test he had submitted could be validated.  The defendant failed to follow this instruction as directed.

**5.  FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN EMPLOYMENT**

On or about January 1, 2022, the defendant terminated employment at Colorado Coalition for the Homeless and failed to notify the probation officer of this change within 10 days prior to change, which constitutes a Grade C violation of supervised release.

On January 16, 2022, the defendant was contacted at his residence of record.  During the course of the visit, the defendant notified he was no longer employed with Colorado

Case No. 1:14-cr-00231-WJM   Document 1599   filed 08/09/22   USDC Colorado   pg 4 of 8

| James Tillmon | Superseding Petition Due to Violations of Supervision | August 9, 2022 |
|---|---|---|
| 1:14CR00231-2 | Page 4 | |

Coalition for the Homeless and that he had not been employed for a couple weeks. The defendant indicated he was job searching, but he had an adequate source of income. When questioned on this "adequate source of income," he failed to state what that income was. The defendant was given a reminder of his conditions, to include employment or actively job seeking. The defendant stated he had a job interview scheduled for the following week. The defendant was directed to notify me the status of that interview following it. The defendant failed to notify me the status of the interview, and several follow up attempts were made, that the defendant failed to respond to.

### 6. FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN EMPLOYMENT

On or about May 1, 2022, the defendant terminated employment Lowry Hills Care and Rehabilitation Center, and failed to notify the probation officer of this change within 10 days prior to change, which constitutes a Grade C violation of supervised release.

On June 7, 2022, the defendant was contacted at his residence of record. During the contact, when asked about his employment, the defendant advised that he had new employment with You Move Me Denver. The defendant approximated his start date about three to four weeks prior, but was unclear on an exact date. The defendant, when asked why he had not notified the office of his change in his employment pursuant to his conditions, offered no reason. The defendant did not have proof of employment and was directed to provide copies of recent pay stubs no later than June 10, 2022. As of this writing, the defendant has failed to provide any proof of employment.

### 7. FAILURE TO PROVIDE ACCESS TO ANY REQUESTED FINANCIAL INFORMATION

On or about April 12, 2022, the defendant failed to provide access to requested financial information as directed, constituting a Grade C violation of supervised release.

On March 2, 2022, due to concerns with employment and source of income, the defendant was provided financial cash flow documents and directed to fill them out and return them by March 14, 2022, with proper documentation to substantiate his source of income. The defendant indicated his family gives him money because they "love him." He was advised, given his employment being unverified, him job searching the past several months, and being unable to determine how he is sustaining his life, we were requesting he provide financial cash flow information. The defendant failed to provide documentation by March 14, 2022, and was thereafter instructed to provide the information by April 12, 2022.

On April 5, 2022, the defendant met with me in the office and finally produced the cash flow documents which had been requested to be completed in March. However, while he submitted the cash flow documents, he provided no supporting documentation. The defendant was advised to finish these documents, with required documentation, and return them to the office. On June 28, 2022, the defendant was given an additional two weeks to provide the financial documents as requested. He was advised to turn them in

Case No. 1:14-cr-00231-WJM   Document 1599   filed 08/09/22   USDC Colorado   pg 5 of 8

| James Tillmon | Superseding Petition Due to Violations of Supervision | August 9, 2022 |
| --- | --- | --- |
| 1:14CR00231-2 | Page 5 | |

no later than July 13, 2022.  On July 11, 2022, the defendant asked for additional copies of the required documents, the defendant was emailed a copy of them, and he was reminded they are required.  As of August 12, 2022, the defendant has failed to turn in requested financial information and documentation.

8.  **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Independence House, the testing and treatment program in which the probation officer directed him to participate, on October 23, 2021; October 30, 2021; November 14, 2021; March 14, 2022; May 23, 2022; June 7, 2022; June 17, 2022;  and June 24, 2022.  This constitutes a Grade C violation of supervised release.

On October 19, 2021, the defendant was enrolled in drug testing at Independence House, a contract testing and treatment provider of the Probation Office.  According to records for the urinalysis (UA) testing program, as of August 8, 2022, the defendant called the testing line a total of 186 out of a required 293 times.  In addition to failing to call the UA testing line daily as required, the defendant failed to submit to drug testing on October 23, 2021; October 30, 2021; November 14, 2021; March 14, 2022; May 23, 2022; June 7, 2022; June 17, 2022; and June 24, 2022.  In each instance, I received notification via email of the noncompliance and addressed each instance with the defendant.

9.  **FAILURE TO PARTICIPATE IN (SUBSTANCE ABUSE OR MENTAL HEALTH) TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep evaluation and counseling appointments at Independence House North, the testing and treatment program in which the probation officer directed him to participate, January 28, 2022; February 3, 2022; February 11, 2022; March 2, 2022; March 9, 2022; March 16, 2022; March 23, 2022; May 5, 2022; and May 6, 2022.  This constitutes a Grade C violation of supervised release.

On November 11, 2021, the defendant completed a dual diagnosis evaluation.  Based on the recommendation of the treatment provider he was advised he would be placed in weekly individual dual diagnosis treatment sessions, as well as submit to a medication evaluation.  The defendant subsequently failed to attend scheduled medication evaluations on January 28, 2022; February 3, 2022; and February 11, 2022.  These instances were discussed with him and he was fully aware of his obligations to attend.  He was advised if he failed to attend on February 14, 2022, he would be unsuccessfully discharged from the program.  He subsequently attended the evaluation, and no psychotropic medications were recommended.

According to information received from Independence House, while attempting to schedule the initial treatment session with the defendant, he was argumentative regarding his need for treatment services.  The defendant was eventually scheduled for

Case No. 1:14-cr-00231-WJM   Document 1599   filed 08/09/22   USDC Colorado   pg 6 of 8

| | | |
|---|---|---|
| James Tillmon<br>1:14CR00231-2 | Superseding Petition Due to Violations of Supervision<br>Page 6 | August 9, 2022 |

his first treatment session on March 2, 2022, at 12:00 p.m.  He thereafter failed to attend his individual dual diagnosis treatment sessions on March 2, 2022; March 9, 2022; March 16, 2022; and March 23, 2022.  After speaking with the treatment provider, they were going to unsuccessfully discharge him from treatment as he had failed to report to any of his sessions.

On April 5, 2022, the defendant was directed to report to the Probation Office for a meeting regarding his continued noncompliance.  The defendant presented a different course of events indicating he was confused regarding his treatment requirements.  He was advised on several occasions by me he was to set up treatment and begin attending.  The provider was contacted, and a three-way staffing occurred between the therapist, me, and the defendant.  The provider agreed to attempt to treat him again without an unsuccessful discharge.  The defendant attended his first treatment session on April 21, 2022, and after conferring with his therapist, the defendant was moved to bi-weekly treatment.

Unfortunately, on May 5, 2022, the defendant again failed to attend his scheduled treatment session.  He called 10 minutes after his session was scheduled to begin and was subsequently rescheduled for May 6, 2022.  The defendant then failed to report for his re-scheduled treatment session on May 6, 2022.

On May 17, 2022, notification was received from Independence House that due to the defendant's lack of participation he was being unsuccessfully discharged from treatment.  Additionally, according to his therapist the defendant was not amenable to treatment.

### 10. FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN EMPLOYMENT

On or about July 2, 2022, the defendant terminated employment with You Move Me Denver, and failed to notify the probation officer of this change within 10 days prior to change, which constitutes a Grade C violation of supervised release.

On July 9, 2022, the defendant called the Probation Officer and left a voice message requesting an immediate call back.  Additionally, he sent a text message asking for the same contact.  On July 11, 2022, the defendant was contacted by phone, at which time he indicated the reason he was trying to contact the Probation Officer over the weekend (Saturday, July 9, 2022), was because he was starting new employment that day.  He was asked when he last worked for You Move Me Denver, and he indicated the last week, but he was not clear on a specific date.  He was instructed to submit a paystub as verification of employment as one had not yet been received.  He stated he still had his job, but had started a new one at the mall.  He was instructed to furnish a paystub with verification of employment when he received his first one.  As of July 2, 2022, based on the defendant's GPS mapping, he has not returned to You Move Me Denver to work, indicating he is no longer employed with them and that he failed to notify the Probation Officer as directed.  As of this date, he has not furnished any proof of employment for his new employment at the Aurora Mall.

Case No. 1:14-cr-00231-WJM   Document 1599   filed 08/09/22   USDC Colorado   pg 7 of 8

| James Tillmon | Superseding Petition Due to Violations of Supervision | August 9, 2022 |
|---|---|---|
| 1:14CR00231-2 | Page 7 | |

## 11. FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN RESIDENCE

On or about June 28, 2022, the defendant moved from his residence, 7100 East Mississippi Avenue, #30-108, Denver, Colorado, and failed to notify the probation officer of this change within 72 hours or 10 days prior to move, which constitutes a Grade C violation of supervised release

On June 28, 2022, the defendant appeared for an initial appearance on revocation before the Honorable Magistrate Judge N. Reid Neureiter.  On this same date, the defendant was placed on a personal recognizance bond, with conditions to include he must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number, and that he participates in GPS location monitoring.  On this same date, the defendant was again reminded the expectation he maintain nightly at his residence of record, and should he stay elsewhere, he was required to notify the Probation Office in accordance with his conditions.

On July 11, 2022, after daily review of the defendant's GPS mapping, it was observed the defendant had stayed at his approved residence of record one out of a required 13 evenings.  When addressed, the defendant continually repeated his address is his sister's residence, despite being provided direct evidence to the contrary.  The defendant was challenged on his cognitions and stated he has only visited his sisters residence one night, and he primarily spends his time elsewhere.

As of August 8, 2022, according to the defendant's GPS mapping, the defendant has stayed overnight at his residence of record 10 out of a required 42 nights.  Based on this information, it is apparent to the Probation Office he is living at unapproved locations.  The defendant has primarily stayed at an unapproved residence located off East Kansas Place and South Troy Street in Aurora, Colorado.  The defendant has refused to acknowledge he has changed residences despite being provided proof he is staying well over 70 percent of the time elsewhere.

## RESPECTFULLY REQUESTING

That this superseding petition replace the previously submitted petition [Document 1586] and that the Court consider revocation of supervision at the violation hearing based on the superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/ Heather Becker*
Heather Becker
United States Probation Officer
Place:   Denver
Date:    August 9, 2022

Case No. 1:14-cr-00231-WJM   Document 1599   filed 08/09/22   USDC Colorado   pg 8 of 8

| | | |
|---|---|---|
| James Tillmon<br>1:14CR00231-2 | Superseding Petition Due to Violations of Supervision<br>Page 8 | August 9, 2022 |

*s/ Garret Pfalmer*
Garret C. Pfalmer
Supervisory U.S. Probation Officer
Place:   Denver
Date:    August 9, 2022

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class B felony, thus the maximum sentence allowed upon revocation is three years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history is a Category VI, thus the advisory guideline range for revocation is 21 to 27 months imprisonment.