IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM-02

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**2.    JAMES TILLMON,**

        Defendant..

---

**DEFENDANT JAMES TILLMON'S STATEMENT
REGARDING ALLEGED SUPERVISED RELEASE VIOLATIONS
AND SUPERVISED RELEASE VIOLATIONS REPORT**

---

THE DEFENDANT, JAMES TILLMON, by and through his attorney, Clifford J. Barnard, hereby submits the following with regard to the alleged supervised release violations (ECF # 1599) and *Probation's Supervised Release Violations Report* (ECF # 1600):

    **I.**    *Superseding Petition Due to Violations of Supervision* **(ECF # 1599)**

With regard to the alleged supervised release violations set forth in the *Superseding Petition Due to Violations of Supervision* (ECF # 1599), Mr. Tillmon admits allegations #'s 3, 6, 8 and 9. However, he does not believe that these violations are sufficiently serious to revoke his supervised release and, as an alternative, requests that the Court either modify the conditions or extend the term of supervision. See U.S.S.G. § 7B1.3(a)(2). Mr. Tillmon denies the allegations in #'s 1, 2, 4, 5, 7, 10 and 11.

**A.**    **Mr. Tillmon Admits Violations #'s 3, 6, 8 and 9.**

### 3. Failure to Follow Instructions of the Probation Officer.

Mr. Tillmon admits this allegation that he failed to inform probation about telephone number changes in a timely fashion.

### 6. Failure to Notify Probation Officer of Change in Employment.

Mr. Tillmon admits this allegation that he failed to inform probation about of his change in employment but notes that he did inform Probation about this change, just not in a timely fashion.

### 8. Failure to Participate in Substance Abuse Testing as Directed by the Probation Officer.

Mr. Tillmon admits this allegation but states that he did try to give urine samples when required but at times could not make it to the testing facility in time due to work constraints. He also notes that he only missed giving samples 8 out of the numerous times that he was called on to give samples over a 10-month period and that he purportedly came back positive for drugs on only 2 of these many tests.

### 9. Failure to Participate in (Substance Abuse or Mental Health) Treatment as Directed by the Probation Officer.

Mr. Tillmon admits this allegation but notes that, after he "attended this [dual diagnosis] evaluation, ... no psychotropic medications were recommended." ECF # 1599 at 5. Furthermore, often Mr. Tillmon was forced to chose between going to work or attending classes or treatment sessions and losing his job.

**B.    Mr. Tillmon Denies Violations #'s 1, 2, 4, 5, 7, 10 and 11.**

### 1. Possession and Use of a Controlled Substance

Mr. Tillmon denies this allegation. He had been using Adderall at the time, as he told

his Probation Officer, and believes that this may have caused a positive result for methamphetamine.

### 2. Possession and Use of a Controlled Substance

Mr. Tillmon denies this allegation and states that he does not use marijuana. Mr. Tillmon also objects to Probation's conclusion that "[t]his constitutes a Grade B violation." ECF 1599 at 2. This is not a Grade B violation because simple possession of marihuana carries a maximum sentence of one year (21 U.S.C. § 844) and, to be a Grade B violation, it had to carry a potential sentence of more than one year. Thus, this would be a Grade C violation.

### 4. Failure to Follow Instructions of the Probation Officer

Mr. Tillmon denies this allegation that he failed to "provide a current copy of his prescription." ECF # 1599 at 3. Mr. Tillmon did provide Probation with a copy of his prescription.

### 5. Failure to Notify Probation Officer of Change in Employment

Mr. Tillmon denies this allegation that he "failed to notify the probation officer of this change within 10 days prior to change." ECF # 1599 at 3.

### 7. Failure to Provide Access to any Requested Financial Information

Mr. Tillmon denies this allegation that he "failed to provide requested financial information." ECF # 1599 at 4.

### 10. Failure to Notify Probation Officer of Change in Employment

Mr. Tillmon denies this allegation that he "failed to notify the probation officer of this change within 10 days prior to change." ECF # 1599 at 6.

**11.   Failure to Notify Probation Officer of Change Residence**

Mr. Tillmon denies this allegation that he "failed to notify the probation officer of this change [of residence] within 72 hours or 10 days prior to the move." ECF # 1599 at 7. Although Mr. Tillmon may have spent nights sleeping away from his residence at 7100 East Mississippi, #30-108, Denver, Colorado, he did not move out of or change his residence.

**II.   Superseding Release Violation Report (ECF # 1600)**

Alleged violations 2-11 are Grade C violations and thus, for Mr. Tillmon with a Criminal History VI, his sentencing guidelines for these violations is 8-14 months. If he is found to have committed a Grade B violation, Mr. Tillmon's sentencing guidelines would be 21-27 months.

Alleged violations #'s 3, 4, 5, 6, 7, 10 and 11 relate to failures to notify the probation officer about changes in telephone numbers, changes in employment and failure to provide adequate records in a timely manner. These are relatively minor, technical violations and do not rise to a level warranting a prison sentence.

Alleged violations #'s 8 and 9 relating to failures to participate in substance abuse testing and treatment are of a more serious nature. However, a prison sentence will not assist Mr. Tillmon in getting any appropriate treatment he may need; rather, placing him back on supervised release with the conditions that he participate in this testing and treatment would be more appropriate.

Alleged violations #'s 1 and 2 relating to failed drug tests are anomalies in Mr. Tillmon's time on supervision. As noted above, these violations would constitute only 2 hot

urine tests out of numerous tests over a period of over 10 months of supervised release. Compared to many other individuals on supervised release, it is actually rather remarkable that Mr. Tillmon's number has been so small. A prison sentence, and in particular a prison sentence of 21 months, is neither appropriate nor needed for this or these alleged violations. Rather than sending Mr. Tillmon to prison, it would be better to have Mr. Tillmon participate in appropriate drug counseling and treatment.

A major issue in the matter appears to be a significant conflict and clash of personalities between Mr. Tillmon and his Probation Officer. An example of this conflict is the Probation Officer's complaint that Mr. Tillmon "was viewed on frequent occasions at bars, downtown during late evening to early morning hours, and on the whole, not working full time pursuant to his conditions of supervision." ECF # 1600 at 5. First, Mr. Tillmon has been working, including working two jobs at one time. Second, it is not a violation of his supervised release to "frequent bars, downtown during late evening to early morning." In his "Additional Conditions of Release" from June 28, 2022, it states: "[y]ou have no residential curfew, home detention, or home incarceration restrictions." ECF # 1596 at 3.

Another example of this conflict is the Probation Officer's complaint involved in Violation # 11 that, after Mr. Tillmon began participating in GPS location monitoring, he "failed to maintain his approved residence, spending much of his time away from home including the majority of his nights spent at an alternate residence" and that he failed to provide evidence of the residence where he spent these nights. ECF # 1600 at 5. In fact, Mr. Tillmon did maintain his approved residence and did provide the location and name of the person with whom he had been spending these nights. Furthermore, it was and is not a violation of his supervised release to spend nights at an alternate location as long as he

maintains his approved residence.

In the Probation Officer's "Justification" section of her *Supervised Release Violation Report*, she stated: "[i]t is also noted, when reviewing the defendant's criminal history, he has historically maintained a pattern of noncompliance on supervision, which has resulted in past revocations." ECF # 1600 at 6. This is another example of the Probation Officer's blowing a fact out of proportion. Although Mr. Tillmon has been previously revoked, it occurred in only two cases, one revocation in 2009 and three revocations in the same case in 2009 and 2010. *See* ECF # 715, *Presentence Investigation Report* at 10 and 11-12.

These differences are examples of how communication between Mr. Tillmon and the probation officer have broken down and how and why the Probation Officer has brought this complaint with primarily technical violations.

Mr. Tillmon objects to the Probation Officer's recommendation of 21 months of imprisonment. ECF # 1600 at 6. He believes that he can adhere to the conditions of his supervised release and can successfully complete it. He asks that he be given another chance to do so, hopefully with a different probation officer.

Mr. Tillmon also objects to the Probation Officer's recommendation of the additional special condition of supervised release that "special conditions of substance abuse treatment and testing, mental health treatment, Cognitive Behavioral Therapy (CBT), search, and Residential Reentry Center (RRC) be imposed." ECF # 1600 at 7 and 8-9. There has been no showing that all of these are needed in addition to Mr. Tillmon's present supervised release conditions.

Mr. Tillmon also objects to the Probation Officer's recommendation that a special

search condition be imposed. ECF # 1600 at 7 and 8. There have been no allegation of criminal conduct by Mr. Tillmon and there has been no showing that this is needed in addition to Mr. Tillmon's present supervised release conditions.

Understanding that Mr. Tillmon does not have any say in this matter and that this is an unusual request, undersigned counsel suggests that some of the problems between Mr. Tillmon and his Probation Officer could be alleviated if a new probation officer were to be assigned to his case, either immediately or after any imposed incarceration.

WHEREFORE, Mr. Tillmon requests that, based on any violations of his supervised release, this Court either modify the conditions of supervised release or extend the term of his supervision.

DATED this 2nd day of September, 2022.

Respectfully submitted,

*s/Clifford J. Barnard*

Clifford J. Barnard
Attorney at Law
4450 Arapahoe Avenue, Suite 100
Boulder, Colorado 80303
Telephone: (303) 546-7947
Facsimile: (303) 444-6349
Email: *cliffbarnard@earthlink.net*
Attorney for Defendant Tillmon

### CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2022, I electronically filed the foregoing *Defendant James Tillmon's Statement Regarding Alleged Supervised Release Violations and Supervised Release Violations Report* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

   A.U.S.A. Jena Neuscheler    *Jena.Neuschler@usdoj.gov*

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

   James Tillmon       *Via U.S. mail*

            *s/Clifford J. Barnard*

            Clifford J. Barnard
            Attorney for Defendant Tillmon