IN THE UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 19 2022

JEFFREY P. COLWELL
CLERK

Ricky Garrison,  )
       Petitioner,  )
  )
  )
v.  )      Case No.: 14-cr-231-WJM
  )
  )
United States of America,  )
       Respondants.  )

## MOTION TO GRANT RELIEF FROM
## JUDGMENT OR ORDER UNDER
## Fed. R. Civ. P. 60(b)

Comes Now, Ricky Garrison proceeding Pro-Se, pursuant to Fed. R. Civ. P. 60 (b) for relief from Judgment or order and humbly asks the Court to construe Petitioner's Motion liberally in the interest of justice.

### BACKGROUND

On March 2, 22017, Petitioner Ricky Garrison, after a jury trial was convicted of one Count of conspiracy to distribute and possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, cocaine base, or methamphetamine in violation of 21 USC § 841(a)(1) and (b)(1)(c), and 846. Petitioner was also convicted of 19 counts of using a communications device in furtherance of a drug trafficking felony, Counts 4-5, 7-8, 11, 13, 15-16, 22-26, 30-31, and 39-42 in violation of 21 USC § 843(b) and (d).

At sentencing on February 2, 2018, the District court found that the advisory sentencing range was Offense Level 32, Criminal History V, Result Range of Imprisonment 188 to 235 months. The Court granted defense's request for variance and sentenced Petitioner to 156 months imprisonment, sentences to run concurrently on all charges.

Petitioner appealed the above conviction to the United States Court of

Appeals for the Tenth Circuit, Appeal Docket No. 18-1053, the following
Grounds raised:

1) The District Court abused its discretion when it refused to allow defense
   to file a Motion to Suppress Evidence;

2) Insufficient evidence to prove conspiracy; and,

3) Ineffective Assistance of Counsel, for failing to ask for buyer/seller
   jury instrcutiòn.

The Court denied Petitioner's appeal on January 23, 2019, and there was no
petition for Writ of Certiorari filed to the United States Supreme Court.

Petitioner then filed a §2255 Motion, a Rule 59(e) Motion, and a Request
for a Certificate of Appealability to the Court of Appeals which was denied on
February 10, 2022, which accordingly, makes this Rule 60(b) Motion both current
and timely.

## LEGAL STANDARD

On Motion and just terms, the Court may relieve a party or it legal
representative from a Final Judgment, Order, or Proceeding for the following
reasons:

1) mistake, inadvertence, suprise, or excusable neglect;

2) newly discovered evidence that with reasonable dilligence, could not
   have been discovered in time to move for a new trial under Rule 59(b);

3) fraud (whether previously called intrinsic or extrinsic), misrepresen-
   tation or misconduct by an opposing party;

4) the judgment is void;

5) the judgment has been satisfied, released, or discharged; it is based
   on an earlier judgment that has been reversed or vacated; or applying
   it prospectively is no longer equitable; or

6) any other reason that justifies relief. Fed.R.Civ.P. 60(b).

Issue #1:

Petitioner's argument in his §2255 Motion was misunderstood by the Court,
and the Court made a ruling on that Motion under an inadvertent mistake of
Petitioner's argument.

Petitioner's argument in that §2255 Motion was that his initial counsel,
James Castle, offered him a 70 month plea deal and Petitioner needed time to
consider that plea deal based on his Motion to Suppress Evidence, where during

the time Petitioner await the trial Court's ruling on his Motion to Suppress, counsel terminated his services and Petitioner could not reach counsel to accept the proffered plea deal because counsel was no longer accepting his calls. [see §2255 @ pg. 6, Issue #2, Exhibit A].

New counsel, Mr. Leonard Miller, was appointed who made no mention of the plea deal offered by Petitioner's previous attorney, though the government in a letter sent to Mr. Miller on April 21, 2016, making that same plea deal, made no mention of that second offer, nor did he make Petitioner aware of the letter and the offer at any time during his representation of Petitioner.

Petitioner's argument was direct, "The prejudice still exist even after the Mr. Miller was appointed, because, as the record reflects during sentencing hearing," the government now wanted substantial assistance," S.Hr. pgs. 24, 60, 61; a requirement that was never discussed or even mentioned by initial counsel during plea negotiations stages. [see §2255 'Response to Gov., pg. 4 section B, Exhibit B]

Petitioner at no time "EVER" stated second appointed counsel, Mr. Miller offered 70 month plea deal [see Exhibit B]; Petitioner simply stated Mr. Miller only communicated cooperation. Every meeting Petitioner had with Mr. Miller, he attempted to negate cooperation, never attempted to develope an defense strategy, was always combative with Petitioner as a means to manipulate and coerse Petitioner into cooperation and never spoke about a plea being offered by the government, where as a result in the delay in accepting the original ples of 70 months, the government changed its position and offered a second plea deal of 84 to 105 months. Petitioner presented the plea that was finally offered in his §2255 Response to Gov. as Exhibit A, and has attached a copy of that plea to this Motion for the Court's review. [see Exhibit C]

The court made a mistake and inadvertently misinterpreted Petitioner's Pro-Se §2255 Motion, and his Response to government pertaining to that Motion's statements and arguments. Petitioner never stated in his §2255 Response to Gov. "that the subsequent 70 month offer included a requirement that he provide 'substantial assistance' to law enforcement in the investigation of Petitioner's co-defendants." The argument appears to be that Petitioner was prejudiced by receiving a plea offer for the same amount of prison time, but with an additional requirement of substantial assistance on his part. [see Doc. #1486; 2 Ineffective Assistance at Plea Negotiations]

-3-

The Court has mistaken Petitioner's argument about the two separate plea deals presented by the government, where it was the second plea deal, the 84-105 months and not the 70 month plea offer that the government suggested it would give with substantial assistence from Petitioner. [see Exhibit B, C]

The Government has not presented any evidence suggesting Leonard Miller offered a plea deal to Petitioner, nor did the government depose Mr. Miller to confirm whether or not he presented its plea deal to Petitiner of 70 months.

There is no record that shows Mr. Miller did in fact offer Petitioner the 70 month plea proposal. There is only the mistake of the Court's misinterpre-tation that Petitioner was claiming the offer was proposed by counsel with the additional requirement of substantial assistance. [see Exhibit B, D]

Under the law, Fed.R.Civ.P 60(b)(1) and 60(b)(6), the Court is allowed to correct this mistake because it is clear and on the record that this error justifies relief. Petitioner should be allowed access to this 70 plea that Mr. Miller failed to offer, where that failure deprived Petitioner of a lesser sentence, which makes clear his claim of inefective assistance of counsel.

The government has conceded that the 70 months was offered him, and for counsel to fail to offer that plea to him shows that counsels performance was deficient. Wherefore, in the interest of justice, the Court should correct this mistake at plea negotiation stage, because the Court has misinterpreted Petitioner's argument is his §2255 ineffective assistance claim under the mis-taken belief Petitioner said he did receive the 70 month plea deal when in fact he did not as say cooperation was attached to the deal.

## PREJUDICE

The record reflects that counsel offered Petitioner a plea proposal of 84-105 months [see Exhibit C], Petitioner received 156 months after trial because counsel never prsented to him the 70 month plea the government offered, which shows prejudice. The Court had made an inadvertent mistake and counsel was ineffective, a hearing should have been held on counsel's errors, and Petitioner should be allowed the initial plea deal of 70 months as a result of the Court's mistake. Lafter v. Cooper, 566 U.S. 156, 147 (2012), Prejudice shown where counsel never communicates plea deal of 70 month then Petitioner recieves 156 months after trial. Lockhart v. Fretwell, 506 U.S. 364, 368-73 (1993)

-4-

## CONCLUSION

Asking the Court under Fed.R.Civ.P. 60(b)(1) and (b)(6), to correct this inadvertent mistake on the record and allow Petitioner to take the 70 month plea that Mr. Leonard Miller failed to offer Petitioner, and the Court has inadvertently mistaken Petitioner's argument under the belief that Petitioner said that he did receive 70 month pleas with cooperation status, when petitioner never stated that which is clear on the record. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996)

Respectfully Submitted,

Rick Garrison #40459-013

X _Ricky Garrison_

Dated: December 15 , 2022.

IN THE UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLORADO

Ricky Garrison,
            Petitioner,

v.                                          Case No.: 14-cr-231-WJM

United States of America,
            Respondants.


EXHIBITS IN SUPPORT OF
MOTION TO GRANT RELIEF FROM
JUDGMENT OR ORDER
FED.R.Civ.P. 60(b)


[1] Exhibit A.....§2255 page 6 Issue #2

[2] Exhibit B.....§2255 Response to Government page 4

[3] Exhibit C.....§2255 Response to Goverment Exhibit A Plea Submitted as
                offer of proof on Record

[4] Exhibit D.....Sworn Affidavit on §2255 Response to Government

Issue II.

## Petitioner Received Ineffective Assistance of Counsel During Plea Negotiations.

Facts: During pretrial stages, Counsel James Castle, informed the Petitioner that he believes that the government had committed an illegal wiretap. Counsel informed that the government had an informant amongst the conspirators, but failed to inform the Court of that fact before issuing the wiretap. See Att. Exb. "C" Counsel stated he was moving to suppress evidence obtained as a result of that illegal wiretap. Id.

Counsel also informed Petitioner a time later that the government was looking to accept a non-cooperation plea deal. Petitioner told counsel that if they offered a number that he could work with he would plead guilty. Eventually through negotiations Petitioner told counsel he would take 60 months. See Att. Exb. "D" . Counsel presenting this information to the government, the government countered with 70 months. Id. A time limit to accept the offer was eyed at filing additional charges of a 924(c) violation. Id.

[1] Petitioner told counsel he wanted some time to consider the offer, but, to weigh his options, Petitioner wanted to know the status of his motion to suppress the wiretaps. See Att. Exb C . Counsel appeared to become irritated, and told Petitioner he needs to give him an answer "now," because he has a trip to Africa coming up. Id. Petitioner told counsel he was not, not going weigh his options based on him wanting to see Africa. Notably, February 1st, was the deadline to have all motions filed with the Court. Within 72hrs of Counsel telling Petitioner of the governments offer, Petitioner attempted to call counsel to accept the plea offer. Id. Counsel did not take his calls. Instead, Counsel comes to see Petitioner approximately a day later, with an order from the Court removing counsel from the case. Id. Thus the Petitioner agreement to accept the 70 months was not presented to the government.

Petitioner proceeded to trial. After being found guilty of the Conspiracy Count and Phone Facilitation Count, the Court sentenced the Petitioner to 156 months. The Court in reaching that decision, in addressing the variant sentence motion, the Court identified that Petitioner's unwillingness to cooperate has little effect on the Courts evaluation. See Sentencing Hearing at 62. (S. Hr. hereinafter). The Court examined the closest similar situated codefendant to the Petitioner, James Tillmon, with a criminal history of VI. In contrast to the Petitioner's V, and there, Mr. Tillmon received 40 months for his sentence. S. Hr. 71,72. Francisco Aguilar also plead guilty in this case, who the government presented evidence that he was a supplier to the Petitioner, and he received 37 months. The Court further believed it could not accept a reduction based on acceptance of responsibility because there was no evidence he did in fact was accepting responsibility. S. Hr. 24-27 . Thus, counsel should

6

A

stated :

> " I have just received confirmation of the withdrawal of my attorney
> behalf. Motion states conflict of interest but, factually it's be-
> cause I didn't accept the plea agreement assigned counsel tried to
> coerce me into taking."

Petitioner contends that the above is consistant with his assertion of counsel's
lack of advice or incompetent advice. See § 2255 ¶ 6:

> "Petitioner told counsel he wanted some time to consider the offer,
> but to weigh his options, Petitioner wanted to know the status
> of his motion to suppress the wiretaps... Counsel appeared to be-
> come irritated, and told Petitioner he needs to give him an
> answer "now" because he has a trip to Africa coming up...Petitioner
> told counsel he was not, not going weigh his options based on him
> wanting to see Africa."

The government does not dispute the above facts as being unreasonable under
Strickland v. Washington, 466 U.S. 668 (1984).


B.          THE ALLEGED RENEWAL OF THE 70 MONTH OFFER DOES
            NOT CURE THE PREJUDICE SUFFERED FROM COUNSEL'S
            DEFECIENT PERFORMANCE.

The government asserts that even taking the allegations as true, Petitioner
cannot show prejudice because the government sent Petitioner's second counsel a let-
ter renewing the 70 months.

Petitioner contends that, the government allegedly presented the 70 month
offer to second counsel, is immaterial. The government must concede that but for
counsel's defecient performance, there would not have been a second appointed counsel,
only that the petitioner would have been sentenced to 70 months. Further, the prejudice
still exist even after the second appointed counsel, because as the record reflect
during sentencing hearing, "the government now wanted substantial assistance," S.
Hr. ¶ 24, 60, 61, a requirement that was never discussed or even mentioned by initial
appointed counsel during plea negotiation stages. The record reflects that the Petitioner
refused to cooperate. S.Hr. ¶24, 60,61. The next offer that came, that didn't start
off with a need for cooperation, that permitted the conversation to get to any numbers,
came when the government recognized that, second appointed counsel, unreasonably
did not know how to properly file a Franks Motion, in which the government surmised
it had no opportunity to be heard, offered Petitioner, 84-105 months. See Att. Exh.
A subjecting Petitioner to 14 and as much as 35 more months, than the initial offer.
Under Strickland, the courts recognize "even the best criminal defense attorney would

4                                                          B

**Sean McDermott**

| | |
|---|---|
| **From:** | Miller Leonard <millermleonard@gmail.com> |
| **Sent:** | Saturday, September 03, 2016 7:30 PM |
| **To:** | Sean McDermott |
| **Subject:** | Re: Thoene |
| **Attachments:** | Ricky Garrison Crime of Violence Analysis.docx; ATT00001.htm; Ricky Garrison Guideline Calculations-final.docx; ATT00002.htm |

C

EXH A

## Sean McDermott

| | |
|---|---|
| **From:** | Phillips, Zachary (USACO) <Zachary.Phillips@usdoj.gov> |
| **Sent:** | Saturday, September 03, 2016 12:08 PM |
| **To:** | Sean McDermott; Miller Leonard |
| **Subject:** | RE: New Charges |

In order to get this case done – and I am afraid to say this as my experience is that no matter what I offer your client will want something more as he always seems to want to be in charge and "win" as the case may be. However, I will offer the following:

Garrison plead guilty to the conspiracy charge

Agree to forfeiture

Standard appellate waiver

At this point I cannot agree to the third point for acceptance. That would undermine all my previous pleas in this case as well as all my other cases since I have been with USA office (not to mention my colleagues). However, in order to "balance" it for your client, I would agree that he is a criminal history IV and not V (that may be an issue for him and if it is I will agree to the IV).

All other charges would be dismissed, and no new charges added. Also, I have been told that even without a conviction or plea the prostitution charge can trigger a sex evaluation. I will not ask for it if probation raises that issue.

As far as relevant conduct is concerned, I am happy to do that at sentencing, but to be honest I think it would hurt your client. As you know, I have many cooperators and if they are called to testify they increase his relevant conduct. I would suggest we stipulate to an offense level 24 so that I do not have to call cooperators and he knows exactly what he is looking at. With all that said, this is what I have him at:

Level 24

Plus 1 for school 2d1.2 (probation hit others with that even with conspiracy charge plea and I believe they will hit your client with it – I don't want any surprises so I included this)

Plus 2 for possession of dangerous weapons 1d1.1(b)(1)

(I will not argue for any leader or organizer points)

Makes it a level 27

Minus 2 for acceptance

Offense level 25 and criminal history IV makes his calculations 84 – 105 (as you can see, this is literally HALF of what he would be facing after trial – not to mention having to register as sex offender. I believe this is a very fair offer and also one that I and my agents and my office can live with at this point)

Thoughts?

**From:** Sean McDermott [mailto:smcdermott@mswdenver.com]
**Sent:** Saturday, September 03, 2016 11:26 AM
**To:** Phillips, Zachary (USACO) <ZPhillips@usa.doj.gov>; Miller Leonard <miller@themillerleonardlawfirm.com>
**Subject:** RE: New Charges

Zach,

I will see him over the weekend. I can't do it today. My wife is out of town and my son is here with me. What precisely are we talking about? Is it plead guilty to the conspiracy and dismissal of all other charges, with the 3 points in total for acceptance of responsibility; and relevant conduct to be determined at sentencing?

Sean

1

**From:** Phillips, Zachary (USACO) [mailto:Zachary.Phillips@usdoj.gov]
**Sent:** 3 September, 2016 10:20 AM
**To:** Miller Leonard <miller@themillerleonardlawfirm.com>; Sean McDermott <smcdermott@mswdenver.com>
**Subject:** RE: New Charges

I am charging them alleging both prongs ("used and carried" and "in furtherance of") for both firearms. They are two distinct crimes under the 10th circuit, but they can be charged in a single count (or two counts here – one for each firearm). Just to be clear, although there will be 4 separate counts he could be convicted on, he can only be sentenced on two of those four (one for each firearm).

FYI – I am going to have to get these to Zeke and Suneeta immediately (as in today or tomorrow – depending on when Zeke is available). Once they have them I am past the point of return as far as negotiations are concerned. So (which I doubt) if the ruling on the wiretap has had any effect on Ricky and his desire to settle this case it must be done ASAP.

**From:** Miller Leonard [mailto:miller@themillerleonardlawfirm.com]
**Sent:** Saturday, September 03, 2016 10:03 AM
**To:** Phillips, Zachary (USACO) <ZPhillips@usa.doj.gov>; Sean McDermott (smcdermott@mswdenver.com) <smcdermott@mswdenver.com>
**Subject:** Re: New Charges

Zach,

Do you know how you are styling the 924(c) charges? Are you going with carries or uses?

*Miller Leonard*
millermleonard@gmail.com
(gmail account)
Miller Leonard, PC
www.coloradocriminalandfamilylaw.com
(720) 613-8783 Phone - Office
(303) 907-9516 Phone
(720) 613-8782 Fax
14143 Denver West Parkway, Suite 100
Golden, CO 80401
miller@themillerleonardlawfirm.com
(firm account)
The information contained in this email is privileged and confidential and intended only for the recipient named above. If you are not the intended recipient, please notify us by telephone, and any copying, disclosure, or dissemination is strictly prohibited.

Notice: Email is not a secure method of communication.

**From:** "Phillips, Zachary (USACO)" <Zachary.Phillips@usdoj.gov>
**Date:** Saturday, September 3, 2016 at 9:35 AM
**To:** Miller Leonard <miller@themillerleonardlawfirm.com>, "Sean McDermott (smcdermott@mswdenver.com)" <smcdermott@mswdenver.com>
**Subject:** New Charges

Good morning Miller and Sean,

Yesterday when Miller and I spoke Miller wanted to know when I would be adding the two 924(c) charges. I have a partial answer. I will be adding them the week of September 12. I do not have an exact date yet as I have to be able to schedule a time with our GJ coordinator as well as make sure I can get my witnesses available and brought in at the same time. Once I get a time scheduled I will let you know so that we can get Mr. Garrison brought in for advisement as well as I will expedite the GJ Transcript. Since our jury instructions are due prior to the 12th, I will be preparing them in such a way as to include the 924© charges. Please let me know if you have any questions or concerns.

Thanks,

Zak

## SWORN AFFIDAVIT

    **I** Ricky Garrison, declare pursuant to § 1746 that the following is true and correct to the best of my knowledge.

1) My second appointed counsel, Mr. Miller Leonard, did not present to me that the government had reoffered the 70 month deal. Counsel only presented that it was in my interest to provide substantial assistance to the government. The only numbers that counsel mentioned that didn't require to give the government substantial assistance was for 84- 105 months.

                              /s/_____
                               Ricky Garrison     date

D

Exhibit B



Ricky Garrison #40459-013
USP Marion
P.O. Box 1000
Marion, IL 62959

legal mail:

United States District Court
#A 105
901 19th street
Denver, CO 80294

Warden
United States Penitentiary
Marion, IL 62959
Date: DEC 1 5 2022

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information on clarification. If the writer encloses correspondence for forwarding to another addressee, please return to enclosure to the above address.