IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03125-WJM
Criminal Action No. 14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RICKY GARRISON

    Defendant.

## RESPONSE TO MOTION TO GRANT RELIEF FROM JUDGMENT OR ORDER UNDER FED. R. CIV. P. 60(b)

The United States hereby responds to Defendant Ricky Garrison's Motion to Grant Relief from Judgment or Order Under Fed. R. Civ. P. 60(b). ECF No. 1612; *see also* ECF No. 1613 (order requiring response from United States). Though couched as a Rule 60(b) motion, it is in fact a second or successive 28 U.S.C. § 2255 petition, and the court thus lacks jurisdiction to do anything other than transfer it to the court of appeals or dismiss it outright. The latter course is appropriate here, and the motion should be dismissed.[1]

### BACKGROUND

Garrison was a member of the Gangster Disciples drug distribution conspiracy. *See United States v. Garrison*, 761 F. App'x 808, 809 (10th Cir. 2019) (*Garrison I*). He was

---

[1] Undersigned has not filed an entry of appearance in this matter, but rather relies upon this signed and filed pleading as his appearance, per D.C.COLO.LAttyR 5(a)(1), and certifies that he is a member of the bar of this court in good standing.

1

convicted of one count of conspiracy to distribute cocaine, cocaine base, and meth, and nineteen counts of use of a communications device to facilitate a drug offense. *Id.* He was sentenced to 156 months. *Id.* The Tenth Circuit affirmed his conviction and sentence on direct appeal. *See id.* at 814.

Garrison filed a motion to vacate his conviction under 28 U.S.C. § 2255. ECF No. 1478. One argument he made in that motion was that his initial trial counsel provided ineffective assistance related to a plea offer from the government that would have resulted in a 70-month sentence. *Id.* at 6-8. Garrison claimed that he initially refused this offer, but by the time he changed his mind, his counsel had withdrawn from the case and refused to take Garrison's calls. This court denied the motion. ECF No. 1486. The court noted that there was no dispute that the same offer had been conveyed to Garrison's second trial counsel, and Garrison had provided no evidence to the contrary. *Id.* at 7-9.

Garrison sought leave to appeal, and the Tenth Circuit denied a certificate of appealability (COA). *See United States v. Garrison*, No. 20-1168, 2022 WL 402371 (10th Cir. Feb. 10, 2022) (*Garrison II*). On the plea issue, the Tenth Circuit affirmed this court's holding, and added that Garrison had failed to argue and thus waived the claim that his second trial counsel also provided ineffective assistance regarding the 70-month offer. *See id.* at *2 n.3 ("Garrison did not argue in his § 2255 motion that his second attorney was ineffective, so he has waived any such argument for purposes of appeal.").[2]

---

[2] While his request for a COA was pending, Garrison filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). ECF No. 1496. This court denied that motion, and noted that Garrison had not argued that his second trial counsel provided ineffective assistance in his initial § 2255 motion. *See* ECF No. 1577 at 3-4.

After the Tenth Circuit's decision in *Garrison II*, Garrison filed the instant motion, in which he seeks relief from the judgment under Rule 60(b). ECF No. 1612. His sole argument is that the court misapprehended his argument in his § 2255 motion and, in fact, his second trial counsel did provide ineffective assistance in failing to convey the 70-month offer. *See id.* at 2-4.

## ARGUMENT

Garrison has filed and lost—in this court and on appeal—a motion under § 2255. He may not file a "second or successive" such motion unless it is certified by the Tenth Circuit to contain newly-discovered evidence or to assert a newly-recognized constitutional right applicable on collateral review. 28 U.S.C. § 2255(h). If a defendant has already filed a § 2255 motion, a Rule 60(b) motion that seeks relief from his conviction or sentence should be construed as a second or successive § 2255. See *United States v. Nelson*, 465 F.3d 1145, 1147-49 (10th Cir. 2006). Because Garrison asks the court to vacate his sentence, his motion must be construed as a second or successive § 2255 motion. *See id.*; *see also* ECF No. 1612 at 5 (asking the court to vacate his sentence based on ineffective assistance of counsel and to allow him to accept the 70-month deal).

This court lacks jurisdiction to decide an unauthorized second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The court has only two options: it may transfer the motion to the Tenth Circuit under 28 U.S.C. § 1631 if doing so "is in the interest of justice," *id.*, or, if not, the court may dismiss the motion for lack of jurisdiction. *See Cline*, 531 F.3d at 1251-52. Here, the Tenth Circuit has already considered and rejected Garrison's arguments regarding the 70-month offer, and it has expressly noted (as has this court) that Garrison did not argue in the initial § 2255 that his second trial counsel provided ineffective

3

assistance.  *Garrison II*, 2022 WL 402371 at *2 n.3.  Nor does the motion make any reference to newly-discovered evidence or a new rule of constitutional law sufficient to satisfy the gatekeeping requirements of § 2255(h).  Where the arguments made plainly lack merit, it is not in the interests of justice to transfer the motion to the court of appeals for further fruitless litigation.  *See Cline*, 531 F.3d at 1251 (noting that the merits of the claims made is a significant factor in the interests-of-justice analysis).

The court should therefore dismiss the motion for lack of jurisdiction.

Dated:  January 26, 2023                             Respectfully Submitted,

                                                                            COLE FINEGAN
                                                                            United States Attorney

                                                                            *s/ Kyle Brenton*
                                                                            Kyle Brenton
                                                                            Assistant United States Attorney
                                                                            1801 California Street, Suite 1600
                                                                            Denver, Colorado  80202
                                                                            Telephone: (303) 454-0100
                                                                            Fax: (303) 454-0407
                                                                            kyle.brenton@usdoj.gov

                                                                            Attorney for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on <u>January 26, 2023</u>, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that a copy will be placed in the U.S. Mail, postage pre-paid and addressed to the following:

Ricky Garrison
Reg. No. 40459-013
USP Marion
P.O. Box 1000
Marion, IL 62959

<u>/s/ Kayla Keiter</u>
KAYLA KEITER
U.S. Attorney's Office
