IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03125-WJM
Criminal Action No. 14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RICKY GARRISON

    Defendant.

## RESPONSE TO ORDER TO SHOW CAUSE

The United States responds to the court's order to show cause regarding Ricky Garrison's release from custody and the effect of that release on his pending Motion to Grant Relief from Judgment or Order Under Fed. R. Civ. P. 60(b). ECF No. 1644 (order to show cause); ECF No. 1612 (Rule 60(b) motion). Under Tenth Circuit precedent, Garrison's continuing term of supervised release means that his motion is not moot. The motion should, however, be dismissed for the reasons argued in the government's earlier response to Garrison's motion.

## BACKGROUND

Garrison was convicted of one count of conspiracy to distribute cocaine, cocaine base, and meth, and nineteen counts of use of a communications device to facilitate a drug offense. *See United States v. Garrison*, 761 F. App'x 808, 809 (10th Cir. 2019) (*Garrison I*). He was sentenced to 156 months and three years of supervised release. ECF No. 1418. The Tenth Circuit affirmed his conviction and sentence on direct appeal. 761 F. App'x at 814.

1

Garrison filed a motion to vacate his conviction under 28 U.S.C. § 2255. ECF No. 1478. He argued that his initial trial counsel provided ineffective assistance regarding a plea offer from the government that would have resulted in a 70-month sentence. *Id.* at 6-8. This court denied the motion, noting that there was no dispute that the same offer had been conveyed to Garrison's second trial counsel. ECF No. 1486 at 7-9. Garrison sought leave to appeal, and the Tenth Circuit denied a certificate of appealability. *See United States v. Garrison*, No. 20-1168, 2022 WL 402371 (10th Cir. Feb. 10, 2022) (*Garrison II*). On the plea issue, the Tenth Circuit noted that "Garrison did not argue in his § 2255 motion that his second attorney was ineffective, so he has waived any such argument for purposes of appeal." *See id.* at *2 n.3.

After the Tenth Circuit's decision in *Garrison II*, Garrison filed his Rule 60(b) motion. ECF No. 1612. His sole argument in that motion was that the court misapprehended his § 2255 motion and, in fact, he did mean to argue that his second trial counsel provided ineffective assistance regarding the 70-month offer. *See id.* at 2-4. The United States responded, arguing that the 60(b) motion was in reality a second or successive § 2255 motion, and that while the court had discretion to dismiss it or transfer it to the Tenth Circuit, dismissal was the appropriate course. ECF No. 1615.

On November 8, 2023, Garrison filed a notice of change of address in which he informed the court that he had been "released from prison." ECF No. 1614. Though the letter does not say so, Garrison is now presumably serving his three-year term of supervised release. In its order to show cause, the court noted that Garrison's release raises the prospect that his motion is now moot, but questioned, in light of the government's arguments in its response, "whether the Court has jurisdiction to deny the Motion as moot, or to rule on it at all." ECF No. 1644.

2

## ARGUMENT

As the government established in its response, Garrison's Rule 60(b) motion is a second or successive § 2255 motion. *See United States v. Nelson*, 465 F.3d 1145, 1147-49 (10th Cir. 2006). The court lacks jurisdiction to decide such a motion and must either transfer it to the Tenth Circuit or dismiss it outright. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008). The latter course is correct here. *See generally* ECF No. 1615.

Garrison's release from prison does not change the analysis. While the court's order raises the possibility that the Rule 60(b) motion may have been mooted by Garrison's release, under Tenth Circuit precedent this is not the case. In *United States v. Babcock*, 40 F.4th 1172 (10th Cir. 2022), the Tenth Circuit held that a § 2255 motion was not mooted by a defendant's release from prison because he was still on supervised release. *Id.* at 1176 n.3. The court observed that the Supreme Court has recently narrowed the mootness doctrine to only those situations in which "it is impossible for a court to grant any effectual relief whatever" to the moving party. *See id.* (quoting *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S.Ct. 1652, 1660 (2019)). Because a grant of relief on the § 2255—however unlikely—would result in a resentencing in which the term of supervised release could theoretically be reduced or eliminated, the motion did not become moot upon Garrison's release. *See id.*; *see also United States v. Salazar*, 987 F.3d 1248, 1252 (10th Cir. 2021) ("the mere *possibility* of a reduced term of supervised release is enough to maintain a live controversy") (emphasis in original).

Because he is still serving his three-year term of supervised release, Garrison's release from prison does not moot his motion. His release does not, however, change the ultimate

outcome here—his Rule 60(b) motion should be construed as a second-or-successive § 2255 and dismissed on that basis.

Dated:  December 12, 2023                    Respectfully Submitted,

COLE FINEGAN
United States Attorney

*s/ Kyle Brenton*
Kyle Brenton
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado  80202
Telephone: (303) 454-0100
Fax: (303) 454-0407
kyle.brenton@usdoj.gov

Attorney for the United States

5

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that a copy will be placed in the U.S. Mail, postage pre-paid and addressed to the following:

Ricky Garrison
2765 Federal Blvd.
Denver, CO 80236

                                              */s/ Kayla Keiter*
                                              KAYLA KEITER
                                              U.S. Attorney's Office