CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. VS. LUIS RAMIREZ                             DKT. NO. 1:14CR00231-10
    *a/k/a Julian*

## SUPERSEDING PETITION DUE TO VIOLATIONS OF SUPERVISION

COMES NOW, Troy Ruplinger, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Luis Ramirez, who was placed on supervision by the Honorable William J. Martinez, sitting in the United States District Court in Denver, Colorado, on October 20, 2016. The defendant was sentenced to Time Served and 3 years supervised release for an offense of Knowingly and Intentionally Distribute and Possess With the Intent to Distribute Less Than 500 Grams of a Mixture or Substance Containing a Detectable Amount of Cocaine, a Schedule II Controlled Substance, and Did Knowingly and Intentionally Aid, Abet, Counsel, Command, Induce, or Procure the Same in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. Supervision commenced on October 20, 2016, and is set to expire on October 19, 2019. As noted in the judgment [Document 1126], the Court ordered mandatory, special and standard conditions of supervision. Additionally, on November 2, 2016, the defendant's conditions were modified [Document 1139]. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED**

On or about January 31, 2017, the defendant was directed to report to the probation officer at 10:00 am on February 2, 2017, and he failed to so report, which constitutes a Grade C violation of supervised release.

On January 31, 2017, I left a business card on the defendant's front door instructing him to report on the above listed date and time. The defendant failed to report and made no attempts to contact me. Before this, I attempted to contact the defendant several times on his personal phone as well as his work phone with no success.

2. **FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED**

On or about February 2, 2017, the defendant was directed to report to the probation officer at 2:00 pm on February 16, 2017, and he failed to so report, which constitutes a Grade C violation of supervised release.

On February 2, 2017, I mailed a letter to the defendant's given address instructing him to report on the above listed date and time.  The defendant failed to report and made no attempts to contact me.  I have communicated with the defendant's employer who stated that he hasn't heard from him since approximately February 7, 2017.  His current whereabouts are unknown.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about October 25, 2016, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release[1].

On October 25, 2016, I requested a urine sample from the defendant at his residence.  The defendant tested positive for cocaine on that day.  The defendant admitted to me that on October 25, 2016, he was at a bar with some coworkers where he touched a bag with cocaine in it and used cocaine on that same occasion.

4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about January 26, 2017, the defendant used or administered a controlled substance, cocaine and amphetamines, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.

On January 26, 2017, the defendant submitted a urine specimen at Independence House East which yielded positive results for cocaine and amphetamines.

5. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Independence House East, the testing and treatment program in which the probation officer directed him to participate, on December 4, 2016, January 13, January 29, January 30, February 2 and February 7, 2017.  This constitutes a Grade C violation of supervised release.

Written notification was received from Independence House East noting that the defendant had failed to provide random urine specimens for the purpose of substance abuse testing on December 4, 2016, January 13, January 29, January 30, February 2 and February 7, 2017, as directed.

---

[1] The Probation Office believes that the defendant's possession and use of cocaine is a Grade B violation.  According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year.  In *U.S. v Rockwell*, 984 F.2d 1112 (10th Cir.) cert. denied, 113 S. Ct. 2945 (1993), the Court equated drug use with drug possession.  In *U.S. v Robles*, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.  In *U.S. v Rodriguez*, Appellate Case No. 18-1449 (10th Cir. December 2019), the Court re-affirmed that drug use equates to drug possession and for a defendant with prior qualifying drug convictions under 21 U.S.C. § 844(a), the potential penalty is more than one-year imprisonment and is appropriately considered a Grade B violation.

6. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep counseling appointments at Independence House North, the testing and treatment program in which the probation officer directed him to participate, on January 31, February 7 and February 14, 2017. This constitutes a Grade C violation of supervised release.

Written notification was received from Independence House North noting that the defendant had failed to attend his cognitive behavioral treatment sessions on January 31, February 7, and February 14, 2017, as required.

### RESPECTFULLY REQUESTING

That this superseding petition replace the previously submitted petition [Document 1247] and that the Court consider revocation of supervision at the violation hearing based on the superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Troy Ruplinger*
  Troy Ruplinger
  Senior United States Probation Officer
  Place:   Denver
  Date:    January 2, 2024

*s/Shelley Seacotte*
  Shelley Seacotte
  Supervisory United States Probation Officer
  Place:   Denver
  Date:    January 2, 2024

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation. The defendant's criminal history is a Category V, thus the advisory guideline range for revocation is 18 to 24 months.