**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 14-cr-231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**1.    RICKY GARRISON,**

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO GRANT RELIEF FROM JUDGMENT OR ORDER UNDER FED. R. CIV. P. 60(b)**

---

On December 19, 2022, Defendant Ricky Garrison, proceeding *pro se*, filed his Motion to Grant Relief From Judgment or Order Under Fed. R. Civ. P. 60(b) ("Motion"). (ECF No. 1612.)  The Government filed a response (ECF No. 1615), but Defendant did not file a reply.  For the following reasons, the Motion is denied.

**I. BACKGROUND AND PROCEDURAL HISTORY[1]**

Defendant was a member of the Gangster Disciples drug distribution conspiracy. *See United States v. Garrison*, 761 F. App'x 808, 809 (10th Cir. 2019) ("*Garrison I*").  He was convicted of one count of conspiracy to distribute cocaine, cocaine base, and meth, and nineteen counts of use of a communications device to facilitate a drug offense. *Id*. He was sentenced to 156 months. *Id*.  The Tenth Circuit affirmed his conviction and sentence on direct appeal. *See id*. at 814.

---

[1] The Government included a succinct, comprehensive procedural background in its response.  (ECF No. 1615 at 2–3.)  For the sake of judicial efficiency, the Court copies this section into this Order nearly verbatim.

Defendant filed a motion to vacate his conviction under 28 U.S.C. § 2255. (ECF No. 1478.) One argument he made in that motion was that his initial trial counsel provided ineffective assistance related to a plea offer from the government that would have resulted in a 70-month sentence. (*Id*. at 6–8.) Defendant claimed that he initially refused this offer, but by the time he changed his mind, his counsel had withdrawn from the case and refused to take Defendant's calls. This Court denied the motion, reasoning that there was no dispute that the same offer had been conveyed to Defendant's second trial counsel, and Defendant had provided no evidence to the contrary. (ECF No. 1486 at 7–9.)

Defendant sought leave to appeal, and the Tenth Circuit denied a certificate of appealability ("COA"). *See United States v. Garrison*, 2022 WL 402371 (10th Cir. Feb. 10, 2022) ("*Garrison II*") . On the plea issue, the Tenth Circuit affirmed this Court's holding and added that Defendant had failed to argue and thus waived the claim that his second trial counsel also provided ineffective assistance regarding the 70-month offer. *See id.* at *2 n.3 ("Garrison did not argue in his § 2255 motion that his second attorney was ineffective, so he has waived any such argument for purposes of appeal.").[2]

After the Tenth Circuit's decision in *Garrison II*, Defendant filed the instant Motion, in which he seeks relief from the judgment under Rule 60(b). (ECF No. 1612.) His sole argument is that the Court misapprehended his argument in his § 2255 motion and, in fact, his second trial counsel did provide ineffective assistance in failing to convey the 70-month offer. (*See id*. at 2–4.)

---

[2] While his request for a COA was pending, Defendant filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). (ECF No. 1496.) This Court denied that motion, and noted that Defendant had not argued that his second trial counsel provided ineffective assistance in his initial § 2255 motion. (*See* ECF No. 1577 at 3–4.)

2

On November 8, 2023, Defendant filed a Notice informing the Court that he had recently been released from prison and his address had changed ("Notice").  (ECF No. 1641.)  In light of Defendant's release from prison, the Court issued an Order to Show Cause directing the parties to address whether the Motion was moot and whether Defendant wished to withdraw the Motion.  (ECF No. 1644.)  The Government filed a response to the Order to Show Cause, explaining that the Motion is not moot because Defendant remains on a three-year term of supervised release.  (ECF No. 1646 at 1 (citing *United States v. Babcock*, 40 F.4th 1172 (10th Cir. 2022) (explaining that § 2255 motion not mooted by a defendant's release from prison because he remained on supervised release)).)  Defendant did not file a response, in violation of the Order to Show Cause.

## II. LEGAL STANDARD

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [six] reasons[.]"  Fed. R. Civ. P. 60(b).  The first five reasons are scenarios that arise with enough frequency to be specifically called out (*e.g.*, excusable neglect, newly discovered evidence, satisfaction of judgment).  See Fed. R. Civ. P. 60(b)(1)–(5).  Then Rule 60(b)(6) permits a court to grant relief for "any other reason justifying relief."  While relief under the five enumerated clauses of Rule 60(b)(1)–(5) is "extraordinary and may only be granted in exceptional circumstances," "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief."  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231–32 (10th Cir. 1999).  Ultimately, all Rule 60(b) motions are addressed to the sound discretion of the trial court.  *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th

3

Cir. 1984).

### III.  ANALYSIS

As explained above in Part I, Defendant has already filed and lost—in this Court and in the Tenth Circuit—a § 2255 petition.  Defendant is prohibited from filing a "second or successive" such petition unless it is certified by the Tenth Circuit to contain newly discovered evidence or to assert a newly recognized constitutional right applicable on collateral review.  28 U.S.C. § 2255(h).  If a defendant has already filed a § 2255 petition, a Rule 60(b) motion that seeks relief from his conviction or sentence should be construed as a second or successive § 2255 petition.  *See United States v. Nelson*, 465 F.3d 1145, 1147–49 (10th Cir. 2006).  Because Defendant asks the court to vacate his sentence, the Court construes the Motion as a second or successive § 2255 petition.  *See id.*; (*see also* ECF No. 1612 at 5 (asking the Court to vacate his sentence based on ineffective assistance of counsel and to allow him to accept the 70-month deal).)

The Court agrees with the Government's position that it lacks jurisdiction to decide an unauthorized second or successive § 2255 petition.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).  Accordingly, the Court has only two options: (1) it may transfer the motion to the Tenth Circuit under 28 U.S.C. § 1631 if doing so "is in the interest of justice," *id*., or, if not, (2) the Court may deny the motion for lack of jurisdiction.  *See Cline*, 531 F.3d at 1251–52.

Here, the Tenth Circuit has already considered and rejected Defendant's arguments regarding the 70-month offer, and it has expressly noted (as has this Court) that Defendant did not argue in the initial § 2255 that his second trial counsel provided

4

ineffective assistance. *Garrison II*, 2022 WL 402371, at *2 n.3. Nor does the Motion identify newly discovered evidence or a new rule of constitutional law sufficient to satisfy the gatekeeping requirements of § 2255(h). Where, as here, the arguments made in the Motion plainly lack merit, it is not in the interests of justice to transfer the motion to the court of appeals for further fruitless litigation. *See Cline*, 531 F.3d at 1251 (noting that the merits of the claims made is a significant factor in the interests-of-justice analysis). Therefore, the Court denies the Motion for lack of jurisdiction.

## IV. CONCLUSION

For the reasons explained above, the Order to Show Cause (ECF No. 1644) is MADE ABSOLUTE. Defendant's Motion to Grant Relief From Judgment Or Order Under Fed. R. Civ. P. 60(b) (ECF No. 1612) is DENIED for lack of jurisdiction.

Dated this 3rd day of January, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

5